# Supreme Court of Florida

_____

No. SC15-44

_____

**IN RE: AMENDMENTS TO THE FLORIDA SUPREME COURT
APPROVED FAMILY LAW FORMS.**

[March 26, 2015]

PER CURIAM.

Pursuant to the procedures approved by this Court in Amendments to the
Florida Family Law Rules of Procedure & Family Law Forms, 810 So. 2d 1, 14
(Fla. 2000), this Court has internally reviewed the Florida Supreme Court
Approved Family Law Forms and has determined that amendments to the existing
forms are needed in light of the implementation of e-service and e-filing
procedures.  Input on these issues was received from the Advisory Workgroup on
the Florida Supreme Court Approved Family Law Forms, which provided valuable
assistance. We have jurisdiction.  See art. V, § 2(a), Fla. Const.

In general, the amendments to the forms add language explaining e-service
and e-filing to the instruction sections of the forms, add e-mail as method of

service to the certificate of service for forms not requiring personal service, and add information about e-service and e-filing procedures to the General Instructions for Self-Represented Litigants. Amendments are also made to several forms in response to recent Court opinions or statutory changes. Other minor amendments are made to update the "nonlawyer clause" and the certificate of service in a number of forms.

The amended forms are hereby adopted as set forth in the appendix to this opinion, fully engrossed. The amendments to the forms shall become effective immediately and may be accessed and downloaded from the Florida State Court's website at www.flcourts.org/resources-and-services/court-improvement/problem-solving-courts/family-courts/family-law-forms.stml. By adoption of the amended forms, we express no opinion as to their correctness or applicability. We also direct that the amended forms be published for comment. Interested persons shall have sixty days from the date of this opinion to file comments with the Court.[1]

---

1. All comments must be filed with the Court on or before May 25, 2015, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Portal in accordance with In re: Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb 18, 2013). If filed by a non-lawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceedings – Florida Supreme Court Approved Family Law Forms

---

accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).  Electronically filed documents must be submitted in Microsoft Word 97 or higher.  Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.901(b)(1), PETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)  (03/15)

## When should this form be used?

This form should be used when a husband or wife is filing for a **dissolution of marriage** and you and your spouse have a dependent or minor child(ren) together or the wife is pregnant.  You and/or your **spouse** must have lived in Florida for at least 6 months before filing for a dissolution in Florida.  You must **file** this form if the following is true:

- You and your spouse have a dependent or minor child(ren) together or the wife is pregnant.

This form should be typed or printed in black ink.  After completing this form, you should sign the form before a **notary public or deputy clerk.**  You should file the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records.  Because you are filing the **petition** in this proceeding, you may also be referred to as the **petitioner** and your spouse as the **respondent.**

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

For your case to proceed, you must properly notify your spouse of the **petition**.  If you know where he or she lives, you should use **personal service**.  If you absolutely do not know where he or she lives, you may use **constructive service**.  You may also be able to use constructive service if your spouse resides in another state or country.  However, if constructive service is used, other than granting a divorce, the court may only grant limited relief, which cannot include either spousal support (alimony) or child support. For more information on constructive service, see **Notice of Action for Family Cases with Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.913(a)(2), and **Affidavit of Diligent Search and Inquiry**, Florida Family Law Rules of Procedure Form 12.913(b).  If your spouse is in the military service of the United States, additional steps for service may be required.  See, for example, **Memorandum for Certificate of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(a) and **Affidavit of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(b).  In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.

Instructions for Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage with Dependent or Minor Child(ren)  (03/15)

- 4 -

If personal service is used, your spouse has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:

**DEFAULT.** If after 20 days, your spouse has not filed an **answer**, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**UNCONTESTED.** If your spouse files an answer that agrees with everything in your petition or an answer and waiver, **and** you have complied with **mandatory disclosure** and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED...** If your spouse files an answer or an answer and **counterpetition**, which disagrees with or denies anything in your petition, **and** you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme

Instructions for Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage with Dependent or Minor Child(ren)  (03/15)

Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

# Special notes...

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

If you want to keep your address confidential because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h).

With this form, you must also file the following:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d).
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that child support be ordered in the final judgment. (If you do not know your spouse's income, you may file this worksheet after his or her financial affidavit has been served on you.)
- **Affidavit of Corroborating Witness**, Florida Supreme Court Approved Family Law Form 12.902(i) OR photocopy of current Florida driver's license, Florida identification card, or voter's registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
- **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1), if you and your spouse have reached an agreement on any or all of the issues.
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed with the petition if the petitioner seeks to establish child support. Otherwise, it must be filed within 45 days of service of the petition on the respondent.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.)
- **Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(a), (b), or (c). If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not reached an agreement, a proposed Parenting Plan may be filed.

**Parenting Plan and Time-Sharing... If** you and your spouse are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing based on the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).

Instructions for Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

The judge may request a **parenting plan recommendation** or appoint a **guardian ad litem** in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.

A **parenting course** must be completed prior to entry of the final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.

Listed below are some terms with which you should become familiar before completing your petition. **If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.**

- **Shared Parental Responsibility**
- **Sole Parental Responsibility**
- **Supervised Time-Sharing**
- **No contact**
- **Parenting Plan**
- **Parenting Plan Recommendation**
- **Time-Sharing Schedule**

**Child Support…** The court may order one parent to pay **child support** to assist the other parent in meeting the child(ren)'s material needs. **Both parents are required to provide financial support**, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of **both** parents and take into account the financial contributions of both parents. You must file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Alimony…** Alimony may be awarded to a spouse if the judge finds that he or she has an actual need for it and also finds that the other spouse has the ability to pay. **If you want alimony, you must request it in writing in the original petition or counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).** You may request **permanent alimony**, **bridge-the-gap alimony, durational alimony,** **lump sum alimony**, or **rehabilitative alimony**.

**Marital/Nonmarital Assets and Liabilities…** Florida law requires an **equitable distribution** of **marital assets** and **marital liabilities**. "Equitable" does not necessarily mean "equal." Many factors, including child support, time-sharing, and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. **Nonmarital assets** and **nonmarital liabilities** are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility

of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.

**Temporary Relief…** If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility and time-sharing with child(ren), temporary child support, or temporary alimony, you may file a **Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.

**Marital Settlement Agreement…** If you and your spouse are able to reach an agreement on any or all of the issues, you should file a **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both of you must sign this agreement before a **notary public** or **deputy clerk**. Any issues on which you are unable to agree will be considered **contested** and settled by the judge at the final hearing.

**Parenting Plan…** In all cases involving minor or dependent child(ren), a Parenting Plan shall be approved or established by the court. If you and your spouse have reached an agreement, you should file one of the following: **Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(a), **Safety-Focused Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(b), or **Relocation/Long-Distance Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(c), which addresses the time-sharing schedule for the child(ren). If you have not reached an agreement, a proposed Parenting Plan may be filed. If the parties are unable to agree, a **Parenting Plan will be established by the court.**

**Final Judgment Form…** These family law forms contain a **Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.990(c)(1), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a **Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested)**, Florida Supreme Court Approved Family Law Form 12.990(b)(1). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer…** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage with Dependent or Minor Child(ren)  (03/15)

- 8 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

In re: The Marriage of:

_____,

Husband,

and

_____,

 Wife.


# PETITION FOR DISSOLUTION OF MARRIAGE WITH
# DEPENDENT OR MINOR CHILD(REN)


I, *{full legal name}* _____, the
*{Choose only one}*
_____ Husband _____ Wife, being sworn, certify that the following statements are true:

1.  JURISDICTION/RESIDENCE
_____Husband _____ Wife _____ Both has (have) lived in Florida for at least 6 months before the filing of this Petition for Dissolution of Marriage.

2.  The husband _____ is or _____ is not a member of the military service.
The wife _____ is or _____ is not a member of the military service.

3.  MARRIAGE HISTORY
    Date of marriage: *{month, day, year}* _____
Date of separation: *{month, day, year}*_____ (____Please indicate if approximate)
    Place of marriage: *{county, state, country}* _____

4.  DEPENDENT OR MINOR CHILD(REN)
*{Choose all that apply}*
    a.  _____ The wife is pregnant.  Baby is due on: *{date}* _____
    b.  _____ The minor (under 18) child(ren) common to both parties are:

**Name**                                                              **Birth date**
_____
_____
_____

Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of
Marriage with Dependent or Minor Child(ren)  (03/15)

_____
_____
_____

c._____ The minor child(ren) born or conceived during the marriage who are **not** common to both parties are:

**Name**                                                                    **Birth date**

_____

_____

The birth father(s) of the above minor child(ren) is (are) *{name and address}* _____

_____

d._____The child(ren) common to both parties who are 18 or older but who are dependent upon the parties due to a mental or physical disability are:

**Name**                                                                    **Birth date**

_____

_____

5. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c) *{choose only **one**}* _____ is filed with this petition or _____ will be timely filed.

6. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition. (You **must** complete and attach this form in a dissolution of marriage with minor child(ren)).

7. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.

8. This petition for dissolution of marriage should be granted because:
*{Choose only **one**}*
   a. _____ The marriage is irretrievably broken.
   b. _____ One of the parties has been adjudged mentally incapacitated for a period of 3 years prior to the filing of this petition. A copy of the Judgment of Incapacity is attached.

**SECTION I. MARITAL ASSETS AND LIABILITIES**

1. _____ There are no marital assets or liabilities.

**OR**

2. _____ There are marital assets or liabilities. All marital and nonmarital assets and liabilities are (or will be) listed in the financial affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c), filed in this case.
   *{Indicate **all** that apply}*
a._____ All marital assets and liabilities have been divided by a written agreement between the parties, which is attached, to be incorporated into the final judgment of dissolution of marriage. (The parties

Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage with Dependent or Minor Child(ren)  (03/15)

may use Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1).

b.\_\_\_\_\_ The Court should determine how the assets and liabilities of this marriage are to be distributed, under section 61.075, Florida Statutes.

c.\_\_\_\_\_ Husband \_\_\_\_\_Wife should be awarded an interest in the other spouse's property   because:
_____
_____
_____
_____

**SECTION II.  SPOUSAL SUPPORT (ALIMONY)**

1. **\_\_\_\_\_ Husband \_\_\_\_\_Wife forever gives up his/her right to spousal support (alimony) from the other spouse**.

**OR**

2. \_\_\_\_\_ Husband \_\_\_\_\_Wife requests that the Court order the other spouse to pay the following spousal support (alimony) and claims that he or she has an actual need for the support that he or she is requesting **and that the other spouse has the ability to pay that support**.  Spousal support (alimony) is requested in the amount of $_____ every \_\_\_\_\_ week \_\_\_\_\_ other week \_\_\_\_\_ month, beginning *{date}* _____ and continuing until *{date or event}* _____.
*{Explain why the Court should order \_\_\_\_Husband \_\_\_\_Wife to pay, and any specific request(s) for type of alimony (temporary, permanent, bridge-the-gap, durational, rehabilitative, and/or lump sum}:*
_____
_____
_____
_____
_____
_____
_____.

3. \_\_\_\_\_Other provisions relating to alimony, including any tax treatment and consequences:
_____
_____
_____.

4. \_\_\_\_\_ Husband \_\_\_\_\_ Wife requests life insurance on the other spouse's life, provided by that spouse, to secure such support.

**SECTION III.  PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING**

1.  The minor child(ren) currently reside(s) with \_\_\_\_\_ Mother \_\_\_\_\_ Father \_\_\_\_\_ Other: *{explain}*
_____

2.  **Parental Responsibility.**  It is in the child(ren)'s best interests that parental responsibility be: *{Choose only **one**}*
    a.  \_\_\_\_ shared by both Father and Mother.

Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage with Dependent or Minor Child(ren)  (03/15)

b. _____ awarded solely to _____ Father _____ Mother.  Shared parental responsibility would be  detrimental to the child(ren) because:_____
_____
_____
_____.

3. **Parenting Plan and Time-Sharing.**
 It is in the best interests of the child(ren) that the family be ordered to comply with a Parenting Plan that _____ includes _____ does not include parental time-sharing with the child(ren).  The Petitioner states that it is in the best interests of the child(ren) that:
> *{Choose only **one**}*

a.____ The attached proposed Parenting Plan should be adopted by the court.  The parties
   *{Choose only one}* _____ have _____ have **not** agreed to the Parenting Plan.

b.____ The court should establish a Parenting Plan with the following provisions:
____ No time-sharing for the _____ Father____ Mother.
____ Limited time-sharing with the ____Father____Mother.
____ Supervised Time-Sharing for the _____ Father_____ Mother.
____ Supervised or third-party exchange of the child(ren).
____ Time-Sharing Schedule as follows:

_____
_____
_____

4.   Explain why this request is in the best interests of the child(ren):
_____
_____
_____
_____
_____.

**SECTION IV.  CHILD SUPPORT**
*{Choose **all** that apply}*

1. ____ Husband ____Wife requests that the Court award child support as determined by Florida's child support guidelines, section 61.30, Florida Statutes.  A completed Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), _____ is, or _____ will be filed.  Such support should be ordered retroactive to:
   a. ____ the date of separation *{date}* _____.
   b. ____ the date of the filing of this petition.
   c. ____ other *{date}*_____ *{explain}* _____.

2. ____ Husband ____Wife  requests that the Court award child support to be paid beyond the age of 18 years because:
a.____ the following child(ren) *{name(s)}* _____
is (are) dependent because of a mental or physical incapacity which began before the age of 18. *{explain}* _____
   _____.

Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage with Dependent or Minor Child(ren)  (03/15)

- 12 -

b.____ the following child(ren) *{name(s)}*_____is (are) dependent in fact, is (are) in high school, and are between the ages of 18 and 19; said child(ren) is (are) performing in good faith with reasonable expectation of graduation before the age of 19.

3. _____Husband _____ Wife requests that the Court award a child support amount that is more than or less than Florida's child support guidelines and understands that a Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943, **must** be filed before the Court will consider this request.

4. _____Husband _____Wife requests that medical/dental insurance for the minor child(ren) be provided by:
*{Choose only **one**}*
   a. ____ Husband.
   b. ____ Wife.

5. ____Husband ____ Wife requests that uninsured medical/dental expenses for the child(ren) be paid:
*{Choose only **one**}*
   a. ____by Husband.
   b. ____by Wife.
   c. ____by Husband and Wife equally [each pay one-half].
   d. ____according to the percentages in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).
   e. ____Other *{explain}*: _____

_____
_____

6. _____Husband ____Wife requests that life insurance to secure child support be provided by the other spouse.

**SECTION V. OTHER**
1. ____ Wife requests to be known by her former name, which was *{full legal name}*: _____.

2. Other relief *{specify}*:
_____
_____
_____
_____

**SECTION VI. REQUEST** (This section summarizes what you are asking the Court to include in the final judgment of dissolution of marriage.)

____Husband ___Wife requests that the Court enter an order dissolving the marriage **and**:
*{Indicate **all** that apply}*
1. ____distributing marital assets and liabilities as requested in Section I of this petition;

Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

2. ____awarding spousal support (alimony) as requested in Section II of this petition;
3. ____ adopting or establishing a Parenting Plan containing provisions for parental responsibility and time-sharing for the dependent or minor child(ren) common to both parties, as requested in Section III of this petition;
4. ____establishing child support for the dependent or minor child(ren) common to both parties, as requested in Section IV of this petition;
5. ____restoring Wife's former name as requested in Section V of this petition;
6. ____awarding other relief as requested in Section V of this petition; and any other terms the Court deems necessary.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated_____          _____
                                          Signature of _____ HUSBAND _____WIFE

Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
                                          Designated E-mail Address(es): _____
                                          _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

                                          _____
                                          NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or deputy clerk.}*
____     Personally known
____     Produced identification
         Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Husband (    ) Wife
This form was completed with the assistance of:
*{name of individual}*_____,
*{name of business}* _____,

Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage with Dependent or Minor Child(ren)  (03/15)

- 14 -

*{address}* _____,
*{city}*_____*{state}*_____, *{zip code}*_____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.901(b)(1), Petition for Dissolution of Marriage with Dependent or Minor Child(ren)  (03/15)

- 15 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.901(b)(2) PETITION FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN) (03/15)

## When should this form be used?

This form may be used when a husband or wife is filing for a **dissolution of marriage**, and the husband and wife have **marital assets** and/or **marital liabilities** but they do not have any dependent children nor is the wife pregnant. You and/or your **spouse** must have lived in Florida for at least 6 months before filing for a dissolution in Florida. If you and your spouse agree on all issues and both can attend the hearing, you may want to file a **Petition for Simplified Dissolution of Marriage,** Florida Family Law Rules of Procedure Form 12.901(a). However, you cannot file for a simplified dissolution of marriage if **any** of the following are true:

- You disagree about property, debts, or other matters and wish to have a judge settle them for you.
- Either you or your spouse is seeking support (**alimony**).
- You would like to ask questions and get documents concerning your spouse's income, expenses, assets, debts, or other matters before having a trial or settlement.
- You would like to reserve your rights to have any matters reconsidered or appeal the judge's decision.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records. Because you are filing the **petition** in this proceeding, you may also be referred to as the **petitioner** and your spouse as the **respondent.**

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

For your case to proceed, you must properly notify your spouse of the **petition**. If you know where he or she lives, you should use **personal service**. If you absolutely do not know where he or she lives, you may use **constructive service**. You may also be able to use constructive service if your spouse resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief which cannot include spousal support (alimony). For more

Instructions for Florida Supreme Court Approved Family Law Form 12.901(b)(2), Petition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

- 16 -

information on constructive service, see **Notice of Action for Dissolution of Marriage (No Child or Financial Support)**, Florida Supreme Court Approved Family Law Form 12.913(a)(1), and **Affidavit of Diligent Search and Inquiry**, Florida Family Law Rules of Procedure Form 12.913(b). If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, **Memorandum for Certificate of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(a) and **Affidavit of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(b). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.

If personal service is used, your spouse has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:

**DEFAULT...** If after 20 days, your spouse has not filed an **answer**, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.
**UNCONTESTED...** If your spouse files an answer that agrees with everything in your petition or an answer and waiver, **and** you have complied with **mandatory disclosure** and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED...** If your spouse files an answer or an answer and **counterpetition**, which disagrees with or denies anything in your petition, **and** you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing). If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain

circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

If you want to keep your address confidential because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h).

With this form, you must also file the following:

- **Affidavit of Corroborating Witness**, Florida Supreme Court Approved Family Law Form 12.902(i) **OR** photocopy of current Florida driver's license, Florida identification card, or voter's registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
- **Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(2), if you and your spouse have reached an agreement on any or all of the issues.
- **Notice of Social Security Number,** Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of **service** of the petition on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.)

Instructions for Florida Supreme Court Approved Family Law Form 12.901(b)(2), Petition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

**Alimony...** Alimony may be awarded to a spouse if the judge finds that he or she has an actual need for it and also finds that the other spouse has the ability to pay. **If you want alimony, you must request it in writing in the original petition or counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).** You may request **permanent alimony, bridge-the-gap alimony, durational alimony, lump sum alimony**, or **rehabilitative alimony**.

**Marital/Nonmarital Assets and Liabilities...** Florida law requires an **equitable distribution** of **marital assets** and **marital liabilities**. "Equitable" does not necessarily mean "equal." Many factors, including alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. **Nonmarital assets** and **nonmarital liabilities** are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.

**Temporary Relief...** If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, or temporary alimony, you may file a **Motion for Temporary Support with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for that form.

**Marital Settlement Agreement...** If you and your spouse are able to reach an agreement on any or all of the issues, you should file a **Marital Settlement Agreement for Dissolution of Marriage with Property But No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both husband and wife must sign this agreement before a **notary public** or **deputy clerk**. Any issues on which you are unable to agree will be considered **contested** and settled by the judge at the final hearing.

**Final Judgment Form...** These family law forms contain a **Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.990(c)(2), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a **Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (Uncontested)**, Florida Supreme Court Approved Family Law Form 12.990(b)(2). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer...** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.901(b)(2), Petition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

- 19 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

In re: the Marriage of:

_____,
Husband,
        and

_____,
Wife.


# PETITION FOR DISSOLUTION OF MARRIAGE WITH PROPERTY
# BUT NO DEPENDENT OR MINOR CHILD(REN)


I, *{full legal name}* _____, the
*[Choose **one** only]* (     ) Husband (     ) Wife, being sworn, certify that the following statements are true:

1.  JURISDICTION/RESIDENCE
_____ Husband _____ Wife _____ Both has (have) lived in Florida for at least 6 months before the filing of this Petition for Dissolution of Marriage.

2.  The husband _____ is or _____ is not a member of the military service.
The wife _____ is or _____ is not a member of the military service.

3.  MARRIAGE HISTORY
Date of marriage: *{month, day, year}* _____
Date of separation: *{month, day, year}* _____ *{Please indicate if approximate}*
Place of marriage: *{county, state, country}* _____

4.  THERE ARE NO MINOR (under 18) OR DEPENDENT CHILD(REN) COMMON TO BOTH PARTIES AND THE WIFE IS NOT PREGNANT.

5.  A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.

6.  THIS PETITION FOR DISSOLUTION OF MARRIAGE SHOULD BE GRANTED BECAUSE:

    a. _____ The marriage is irretrievably broken.
**OR**


Florida Supreme Court Approved Family Law Form 12.901(b)(2), Petition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

b. \_\_\_\_\_ One of the parties has been adjudged mentally incapacitated for a period of 3 years before the filing of this petition.  A copy of the Judgment of Incapacity is attached.

## SECTION I.  MARITAL ASSETS AND LIABILITIES

1. \_\_\_\_ There are no marital assets or liabilities.

    **OR**

*2.* \_\_\_\_ There are marital assets or liabilities.  All marital and nonmarital assets and liabilities are (or will be) listed in the financial affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c), to be filed in this case*.*
    *[Indicate **all** that apply]*
    a. \_\_\_\_ All marital assets and debts have been divided by a written agreement between the parties, which is attached to be incorporated into the final judgment of dissolution of marriage. (The parties may use Marital Settlement Agreement for Simplified Dissolution of Marriage, Florida Family Law Rules of Procedure Form 12.902(f)(3) or Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2)).

    b. \_\_\_\_ The Court should determine how the assets and liabilities of this marriage are to be distributed, under section 61.075, Florida Statutes.

    c. \_\_\_\_Husband \_\_\_\_\_Wife  should be awarded an interest in \_\_\_\_\_ the other spouse's property because:_____
    _____
    _____.

## SECTION II.  SPOUSAL SUPPORT (ALIMONY)

1. \_\_\_\_ **Husband \_\_\_\_ Wife forever gives up his/her right to spousal support (alimony) from the other spouse.**

    **OR**

2. \_\_\_\_ Husband \_\_\_\_Wife requests that the Court order the other spouse to pay the following spousal support (alimony) and claims that he or she has an actual need for the support that he or she is requesting **and that the other spouse has the ability to pay that support**. Spousal support (alimony) is requested in the amount of $ _____ every (   ) week (   ) other week (   ) month, beginning *{date}* _____and continuing until *{date or event}* _____.
*{Explain why the Court should order \_\_\_\_\_Husband \_\_\_\_\_Wife to pay and any specific request(s) for type of alimony (temporary, permanent, bridge-the-gap, durational, rehabilitative, and/or lump sum}*:
_____
_____
_____

_____
_____
_____.

3._____Other provisions relating to alimony including any tax treatment and consequences:
_____
_____
_____

4._____ Husband _____Wife requests life insurance on the other spouse's life, provided by that spouse, to secure such support.

**SECTION III.  OTHER**

1.   _____Wife requests to be known by her former name, which was *{full legal name}*
_____.

2.   Other relief *{specify}*: _____.
_____
_____

**SECTION IV.   REQUEST**
 (This section summarizes what you are asking the Court to include in the final judgment of dissolution of marriage.)
_____Husband _____Wife requests that the Court enter an order dissolving the marriage **and**:
*[Indicate **all** that apply]*
1.   ____ distributing marital assets and liabilities as requested in Section I of this petition;

2.   ____ awarding spousal support (alimony) as requested in Section II of this petition;

3.   ____ restoring Wife's former name as requested in Section III of this petition;

4.   ____ awarding other relief as requested in Section III of this petition; and any other terms the Court deems necessary.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____       _____
                                     Signature of _____ HUSBAND _____ WIFE
                                      Printed Name: _____
                                     Address: _____
                                     City, State, Zip: _____
                                     Telephone Number: _____
                                     Fax Number: _____
                                     Designated E-mail Address(es): _____


STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.


_____
NOTARY PUBLIC or DEPUTY CLERK


_____
*{Print, type, or stamp commissioned name of notary or deputy clerk.}*
_____    Personally known
_____    Produced identification
_____    Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Husband (    ) Wife
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____*{zip code}*_____, *{telephone number}* _____.


Florida Supreme Court Approved Family Law Form 12.901(b)(2), Petition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.901(b)(3)
## PETITION FOR DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN) OR PROPERTY
## (03/15)

## When should this form be used?

This form may be used when a husband or wife is filing for a **dissolution of marriage**, and the husband and wife have no **marital assets** and/or **marital liabilities** and they do not have any dependent children nor is the wife pregnant. You and/or your spouse must have lived in Florida for at least 6 months before filing for a dissolution in Florida. If you and your spouse agree on all issues and both can attend the hearing, you may want to file a **Petition for Simplified Dissolution of Marriage,** Florida Family Law Rules of Procedure Form 12.901(a). However, you may use this form if **all** of the following are true:

- You have no marital assets or marital debts.
- Neither you nor your spouse is seeking support (alimony).

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records. Because you are filing the **petition** in this proceeding, you may also be referred to as the **petitioner** and your spouse as the **respondent.**

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

For your case to proceed, you must properly notify your spouse of the **petition**. If you know where he or she lives, you should use **personal service**. If you absolutely do not know where he or she lives, you may use **constructive service**. You may also be able to use constructive service if your spouse resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief, which cannot include spousal support (alimony). For more information on constructive service, see **Notice of Action for Dissolution of Marriage (No Child or Financial Support)**, Florida Supreme Court Approved Family Law Form 12.913(a)(1), and **Affidavit of Diligent Search and Inquiry**, Florida Family Law Rules of Procedure Form 12.913(b). If your spouse is in

Instructions to Florida Supreme Court Approved Law Form 12.901(b)(3), Petition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (03/15)

- 24 -

the military service of the United States, additional steps for service may be required.  See, for example, **Memorandum for Certificate of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(a) and **Affidavit of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(b).  In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.

If personal service is used, your spouse has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:

**DEFAULT...**  If after 20 days, your spouse has not filed an **answer**, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court.  Then, if you have filed all of the required papers, you may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**.  You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**UNCONTESTED...**  If your spouse files an answer that agrees with everything in your petition or an answer and waiver, **and** you have complied with **mandatory disclosure** and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing.  You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED...**  If your spouse files an answer or an answer and **counterpetition**, which disagrees with or denies anything in your petition, **and** you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers.  Some circuits may require the completion of **mediation** before a final hearing may be set.  You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).  If the your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.**  The words that are in **"bold underline"** in these instructions are defined there.  For further information, see chapter 61, Florida Statutes.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

Instructions to Florida Supreme Court Approved Law Form 12.901(b)(3), Petition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (03/15)

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

If you want to keep your address confidential because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence, do not enter the address, telephone, and fax information at the bottom of this form. Instead, file a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h).

With this form, you must also file the following:

- **Affidavit of Corroborating Witness**, Florida Supreme Court Approved Family Law Form 12.902(i) **OR** photocopy of current Florida driver's license, Florida identification card, or voter's registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of **service** of the petition on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.)

**Final Judgment Form...** These family law forms contain a **Final Judgment of Dissolution of Marriage with No Property or Minor Child(ren) (Uncontested)**, Florida Supreme Court Approved Family Law Form 12.990(b)(3). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

Instructions to Florida Supreme Court Approved Law Form 12.901(b)(3), Petition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (03/15)

- 26 -

**Nonlawyer...** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions to Florida Supreme Court Approved Law Form 12.901(b)(3), Petition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (03/15)

- 27 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

In re: the Marriage of:

Case No: _____
Division: _____

_____,
Husband,
       and

_____,
Wife.


# PETITION FOR DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN) OR PROPERTY


I, *{full legal name}* _____, the
*[Choose only **one**]* _____ Husband _____ Wife, being sworn, certify that the following statements are true:

1. JURISDICTION/RESIDENCE
_____ Husband _____ Wife _____ Both has (have) lived in Florida for at least 6 months before the filing of this Petition for Dissolution of Marriage.

2. The husband _____ is or _____ is not a member of the military service.
The wife _____ is or _____ is not a member of the military service.

3. MARRIAGE HISTORY
Date of marriage: *{month, day, year}* _____
Place of marriage: *{county, state, country}*_____

4. THERE ARE NO MINOR (under 18) OR DEPENDENT CHILD(REN) COMMON TO BOTH PARTIES AND THE WIFE IS NOT PREGNANT.

5. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.

6. THIS PETITION FOR DISSOLUTION OF MARRIAGE SHOULD BE GRANTED BECAUSE:

    a. _____ The marriage is irretrievably broken.
   **OR**
    b. _____ One of the parties has been adjudged mentally incapacitated for a period of 3 years before the filing of this petition.  A copy of the Judgment of Incapacity is attached.

7. THERE ARE NO MARITAL ASSETS OR LIABILITIES.

Florida Supreme Court Approved Law Form 12.901(b)(3), Petition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (03/15)

8. \_\_\_\_\_**HUSBAND** \_\_\_\_\_ **WIFE FOREVER GIVES UP HIS/HER RIGHTS TO SPOUSAL SUPPORT (ALIMONY) FROM THE OTHER SPOUSE.**

9. \_\_\_\_\_Wife requests to be known by her former name, which was *{full legal name}*
   _____.

10. Other relief *{specify}*: _____
    _____
    _____
    _____
    _____.

 **REQUEST**
(This section summarizes what you are asking the Court to include in the final judgment of dissolution of marriage.)
\_\_\_\_\_Husband \_\_\_\_\_Wife requests that the Court enter an order dissolving the marriage **and**:
*[Indicate all that apply]*
1. \_\_\_\_ restoring Wife's former name as specified in paragraph 9 of this petition;

2. \_\_\_\_ awarding other relief as specified in paragraph 10 of this petition; and any other terms the Court deems necessary.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of _____ HUSBAND \_\_\_\_\_ WIFE
 Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

_____
NOTARY PUBLIC or DEPUTY CLERK

Florida Supreme Court Approved Law Form 12.901(b)(3), Petition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (03/15)

_____
*{Print, type, or stamp commissioned name of notary or deputy clerk.}*
_____ Personally known
_____ Produced identification
_____ Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (     ) Husband (    ) Wife
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____,*{zip code}*_____,*{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(d)
# UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT (UCCJEA) AFFIDAVIT (03/15)

## When should this form be used?

This form should be used in any case involving custody of, visitation with, or time-sharing with any minor child(ren). This **affidavit** is **required** even if the custody of, visitation, or time-sharing with the minor child(ren) are not in dispute.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should then **file** the original with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form must be mailed, e-mailed, or hand delivered to the other party in your case, if it is not served on him or her with your initial papers.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

Instructions for Florida Supreme Court Approved Family Law Form 12.902(d), Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit (03/15)

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see sections 61.501-61.542, Florida Statutes.

## Special notes...

Chapter 2008-61, Laws of Florida, effective October 1, 2008, eliminated such terms as custodial parent, noncustodial parent, primary residential parent, secondary residential parent, and visitation from Chapter 61, Florida Statutes. Instead, parents are to develop a Parenting Plan that includes, among other things, their time-sharing schedule with the minor child(ren). If the parents cannot agree, a parenting plan will be established by the Court. However, because the UCCJEA uses the terms custody and visitation, they are included in this form.

If you are the petitioner in an injunction for protection against domestic violence case and you have filed a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h), you should write confidential in any space on this form that would require you to write the address where you are currently living.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.902(d), Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____ ,
        Petitioner,

and

_____ ,
        Respondent.

# UNIFORM CHILD CUSTODY JURISDICTION AND ENFORCEMENT ACT (UCCJEA) AFFIDAVIT

I, {full legal name} _____ , being sworn, certify that the following statements are true:

1. The number of minor child(ren) subject to this proceeding is _____. The name, place of birth, birth date, and sex of each child; the present address, periods of residence, and places where each child has lived **within the past five (5) years**; and the name, present address, and relationship to the child of each person with whom the child has lived during that time are:

**THE FOLLOWING INFORMATION IS TRUE ABOUT CHILD #  1 :**

Child's Full Legal Name: _____
Place of Birth: _____ Date of Birth: _____ Sex: _____

**Child's Residence for the past 5 years:**

| Dates (From/To) | Address (including city and state) where child lived | Name and present address of person child lived with | Relationship to child |
|---|---|---|---|
| _____/present* | | | |
| ____/____ | | | |
| ____/____ | | | |
| ____/____ | | | |

Florida Supreme Court Approved Family Law Form 12.902(d), Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit (03/15)

- 33 -

| | | | |
|---|---|---|---|
| ___/___ | | | |
| ___/___ | | | |

**\* If you are the petitioner in an injunction for protection against domestic violence case and you have filed a Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h), you should write confidential in any space on this form that would require you to enter the address where you are currently living.**

**THE FOLLOWING INFORMATION IS TRUE ABOUT CHILD # ____:**

Child's Full Legal Name: _____

Place of Birth: _____ Date of Birth: _____ Sex: _____

**Child's Residence for the past 5 years:**

| Dates (From/To) | Address (including city and state) where child lived | Name and present address of person child lived with | Relationship to child |
|---|---|---|---|
| _____/present | | | |
| ___/___ | | | |
| ___/___ | | | |
| ___/___ | | | |
| ___/___ | | | |
| ___/___ | | | |

**THE FOLLOWING INFORMATION IS TRUE ABOUT CHILD # _____:**

Child's Full Legal Name: _____

Place of Birth: _____ Date of Birth: _____ Sex: _____

**Child's Residence for the past 5 years:**

| Dates (From/To) | Address (including city and state) where child lived | Name and present address of person child lived with | Relationship to child |
|---|---|---|---|

Florida Supreme Court Approved Family Law Form 12.902(d), Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit (03/15)

- 34 -

| /present | | | |
|---|---|---|---|
| ___/___ | | | |
| ___/___ | | | |
| ___/___ | | | |
| ___/___ | | | |
| ___/___ | | | |

2. **Participation in custody or time-sharing proceeding(s):**
    *[Choose only **one**]*
_____    I HAVE NOT participated as a party, witness, or in any capacity in any other litigation or custody proceeding in this or any other state, concerning custody of or time-sharing with a child subject to this proceeding.

_____    I HAVE participated as a party, witness, or in any capacity in any other litigation or custody proceeding in this or another state, concerning custody of or time-sharing with a child subject to this proceeding. *Explain:*
    a.  Name of each child: _____
    b.  Type of proceeding: _____
    c.  Court and state: _____
    d.  Date of court order or judgment (if any): _____

3. **Information about custody or time-sharing proceeding(s):**
    *[Choose only **one**]*
_____    I HAVE NO INFORMATION of any custody or time-sharing proceeding pending in a court of this or any other state concerning a child subject to this proceeding.

_____    I HAVE THE FOLLOWING INFORMATION concerning a custody or time-sharing proceeding pending in a court of this or another state concerning a child subject to this proceeding, other than set out in item 2. *Explain:*
    e.  Name of each child: _____
    f.  Type of proceeding: _____
    g.  Court and state: _____
    h.  Date of court order or judgment (if any): _____

4. **Persons not a party to this proceeding:**
    *[Choose only **one**]*

Florida Supreme Court Approved Family Law Form 12.902(d), Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit (03/15)

_____ I DO NOT KNOW OF ANY PERSON not a party to this proceeding who has physical custody or claims to have custody, visitation or time-sharing with respect to any child subject to this proceeding.

_____ I KNOW THAT THE FOLLOWING NAMED PERSON(S) not a party to this proceeding has (have) physical custody or claim(s) to have custody, visitation,  or time-sharing  with respect to any child subject to this proceeding:

a. Name and address of person: _____

_____
_____ has physical custody _____ claims custody rights _____ claims visitation or time-sharing
Name of each child: _____

b. Name and address of person: _____

_____
_____ has physical custody _____ claims custody rights _____ claims visitation or time-sharing
Name of each child: _____

c. Name and address of person: _____

_____
_____ has physical custody _____ claims custody rights _____claims visitation or time-sharing
Name of each child: _____

**5. Knowledge of prior child support proceedings:**
*[Choose only **one**]*
_____The child(ren) described in this affidavit are NOT subject to existing child support order(s) in this or any state or territory.

_____The child(ren) described in this affidavit are subject to the following existing child support order(s):

a.  Name of each child: _____
b.  Type of proceeding: _____
c.  Court and address: _____
d.  Date of court order/judgment (if any): _____
e.  Amount of child support paid and by whom: _____

**6.  I acknowledge that I have a continuing duty to advise this Court of any custody, visitation or time-sharing, child support, or guardianship proceeding (including dissolution of marriage, separate maintenance, child neglect, or dependency) concerning the child(ren) in this state or any other state about which information is obtained during this proceeding.**

I certify that a copy of this document was (    ) mailed (    ) faxed and mailed (    ) e-mailed (    ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

STATE OF FLORIDA
COUNTY OF _____

Florida Supreme Court Approved Family Law Form 12.902(d), Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit (03/15)

Sworn to or affirmed and signed before me on _____ by _____.


_____
NOTARY PUBLIC or DEPUTY CLERK


_____
*[Print, type, or stamp commissioned name of notary or clerk.]*
_____ Personally known
_____ Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Husband (    ) Wife
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____,*{zip code}*_____,*{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(f)(1)
# MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)(03/15)

## When should this form be used?

This form should be used when a **Petition for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.901(b)(1), has been **filed** and **the parties** have reached an agreement on some or all of the issues at hand.

This form should be typed or printed in black ink. **Both** parties must sign the agreement and have their signatures witnessed by a **notary public** or **deputy clerk**. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where the **petition** was filed and keep a copy for your records. You should then refer to the instructions for your petition, **answer**, or answer and **counterpetition** concerning the procedures for setting a hearing or **trial** (**final hearing**).

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial**

Instructions for Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

**Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.**  If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

With this form you must also file a **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), if not already filed.

**This form does not act to transfer title to the property.  Such transfer must be done by deed or supplemental final judgment.**

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer,** Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

In re: the Marriage of:

_____,
Husband,

and

_____,
Wife.


# MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)


We, {Husband's full legal name}_____, and
{Wife's full legal name,_____ being sworn,
certify that the following statements are true:

1. We were married to each other on {date} _____.

2. Because of irreconcilable differences in our marriage (no chance of staying together), we have made this agreement to settle once and for all what we owe to each other and what we can expect to receive from each other.  Each of us states that nothing has been held back, that we have honestly included everything we could think of in listing our assets (everything we own and that is owed to us) and our debts (everything we owe), and that we believe the other has been open and honest in writing this agreement.

3. We have both filed a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c).  Because we have voluntarily made full and fair disclosure to each other of all our assets and debts, we waive any further disclosure under rule 12.285, Florida Family Law Rules of Procedure.

4. Each of us agrees to execute and exchange any papers that might be needed to complete this agreement, including deeds, title certificates, etc.

**SECTION I.  MARITAL ASSETS AND LIABILITIES**

**A.  Division of Assets.**  We divide our assets (everything we own and that is owed to us) as follows: Any personal item(s) not listed below is (are) the property of the party currently in possession of the

Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)(03/15)

item(s).

1. Wife shall receive as her own and Husband shall have no further rights or responsibilities regarding these assets:

| ASSETS: DESCRIPTION OF ITEM(S) WIFE SHALL RECEIVE<br>Please describe each item as clearly as possible.<br>You do not need to list account numbers. Where applicable, include whether the name on any title/deed/account described below is wife's, husband's, or both. | Current Fair Market Value |
| --- | --- |
| Cash (on hand) | $ |
| Cash (in banks/credit unions) | |
| | |
| Stocks/Bonds | |
| | |
| Notes (money owed to you in writing) | |
| | |
| | |
| Money owed to you (not evidenced by a note) | |
| | |
| | |
| Real estate: (Home) | |
| (Other) | |
| | |
| Business interests | |
| | |
| Automobiles | |
| | |
| | |
| Boats | |
| Other vehicles | |
| | |
| Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.) | |
| | |
| | |
| Furniture & furnishings in home | |
| | |
| Furniture & furnishings elsewhere | |
| | |
| Collectibles | |

Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)(03/15)

| ASSETS:  DESCRIPTION OF ITEM(S) WIFE SHALL RECEIVE<br>Please describe each item as clearly as possible.<br>You do not need to list account numbers.  Where applicable, include whether the name on any title/deed/account described below is wife's, husband's, or both. | Current Fair Market Value |
|---|---|
| | |
| Jewelry | |
| | |
| Life insurance (cash surrender value) | |
| | |
| Sporting and entertainment (T.V., stereo, etc.) equipment | |
| | |
| | |
| | |
| Other assets | |
| | |
| | |
| | |
| | |
| | |
| | |
| **Total Assets to Wife** | **$ _____** |

2. Husband shall receive as his own and Wife shall have no further rights or responsibilities regarding these assets:

| ASSETS:  DESCRIPTION OF ITEM(S) HUSBAND SHALL RECEIVE<br>Please describe each item as clearly as possible.<br>You do not need to list account numbers.  Where applicable, include whether the name on any title/deed/account described below is wife's, husband's or both. | Current Fair Market Value |
|---|---|
| Cash (on hand) | $ |
| Cash (in banks/credit unions) | |
| | |
| Stocks/Bonds | |
| | |
| Notes (money owed to you in writing) | |
| | |
| | |
| Money owed to you (not evidenced by a note) | |

Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)(03/15)

- 43 -

| ASSETS: DESCRIPTION OF ITEM(S) HUSBAND SHALL RECEIVE<br>Please describe each item as clearly as possible.<br>You do not need to list account numbers. Where applicable, include whether the name on any title/deed/account described below is wife's, husband's or both. | Current Fair Market Value |
|---|---|
| | |
| | |
| Real estate: (Home) | |
| (Other) | |
| | |
| Business interests | |
| | |
| Automobiles | |
| | |
| | |
| Boats | |
| Other vehicles | |
| | |
| Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.) | |
| | |
| | |
| Furniture & furnishings in home | |
| | |
| Furniture & furnishings elsewhere | |
| | |
| Collectibles | |
| | |
| Jewelry | |
| | |
| Life insurance (cash surrender value) | |
| | |
| Sporting and entertainment (T.V., stereo, etc.) equipment | |
| | |
| | |
| | |
| Other assets | |
| | |

Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)(03/15)

- 44 -

| ASSETS: DESCRIPTION OF ITEM(S) HUSBAND SHALL RECEIVE<br>Please describe each item as clearly as possible.<br>You do not need to list account numbers. Where applicable, include whether the name on any title/deed/account described below is wife's, husband's or both. | Current Fair Market Value |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
| **Total Assets to Husband** | $ _____ |

Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)(03/15)

- 45 -

**B. Division of Liabilities/Debts.** We divide our liabilities (everything we owe) as follows:

1. Wife shall pay as her own the following and will not at any time ask Husband to pay these debts/bills:

| LIABILITIES: DESCRIPTION OF DEBT(S) TO BE PAID BY WIFE<br><br>**Please describe each item as clearly as possible. You do not need to list account numbers. Where applicable, include whether the name on any mortgage, note, or account described below is wife's, husband's, or both** | **Monthly Payment** | **Current Amount Owed** |
|---|---|---|
| Mortgages on real estate: (Home) | $ | $ |
| (Other) | | |
| | | |
| Charge/credit card accounts | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Auto loan | | |
| Auto loan | | |
| Bank/credit union loans | | |
| | | |
| | | |
| | | |
| Money you owe (not evidenced by a note) | | |
| | | |
| Judgments | | |
| | | |
| Other | | |
| | | |
| | | |
| | | |
| **Total Debts to Be Paid by Wife** | $ | $ |

Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)(03/15)

2. Husband shall pay as his own the following and will not at any time ask Wife to pay these debts/bills:

| LIABILITIES:  DESCRIPTION OF DEBT(S) TO BE PAID BY HUSBAND<br><br>**Please describe each item as clearly as possible. You do not need to list account numbers.  Where applicable, include whether the name on any mortgage, note or account described below is wife's, husband's, or both.** | **Monthly Payment** | **Current Amount Owed** |
|---|---|---|
| Mortgages on real estate: (Home) | $ | $ |
| (Other) | | |
| | | |
| Charge/credit card accounts | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Auto loan | | |
| Auto loan | | |
| Bank/credit union loans | | |
| | | |
| | | |
| | | |
| Money you owe (not evidenced by a note) | | |
| | | |
| Judgments | | |
| | | |
| Other | | |
| | | |
| | | |
| | | |
| | | |
| **Total Debts to Be Paid by Husband** | **$** | **$** |

**C.   Contingent Assets and Liabilities (listed in Section III of our Family Law Financial Affidavits) will be divided as follows:**

_____

_____

_____

_____

Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)(03/15)

- 47 -

_____ .

**D. Beneficiary Designation (Complete only if beneficiary designations continue after entry of Final Judgment of Dissolution of Marriage.)**

_____The Husband and Wife agree that the designation providing for the payment or transfer at death of an interest in the assets set forth below to or for the benefit of the deceased party's former spouse **SHALL  NOT BE VOID** as of the date of entry of the Final Judgment of Dissolution of Marriage.

The Final Judgment of Dissolution of Marriage shall provide that the designations set forth below remain in full force and effect:

_____1. The _____Husband _____Wife shall acquire or maintain the following assets for the benefit of the other spouse or child(ren) to be paid upon his/her death outright or in trust.  This provision only applies if other assets fulfilling such requirement for the benefit of the other spouse or child(ren) do not exist upon his/her death and unless precluded by statute. *{Describe the assets with specificity}:*

_____
_____
_____ .

_____2. The _____Husband _____Wife shall not unilaterally terminate or modify the ownership of the following assets, or their disposition upon his/her death. *{Describe the assets with specificity}:*_____

_____
_____
_____ .

**SECTION II.  SPOUSAL SUPPORT (ALIMONY)** (If you have not agreed on this matter, write n/a on the lines provided.)

1. **____Each of us forever gives up any right to spousal support (alimony) that we may have.**

    **OR**

2. _____ HUSBAND _____ WIFE (hereinafter "Obligor") agrees to pay spousal support (alimony) in the amount of $ _____every _____ week _____ other week _____month, beginning *{date}* _____and continuing until *{date or event}* _____
    _____ .
    *{Explain type of alimony (such as, permanent, bridge-the-gap, durational, rehabilitative, and/or lump sum) and any other specifics}:*_____
    _____
    _____

3. _____ Other provisions relating to alimony, including any tax treatment and consequences:
    _____
    _____

Florida Supreme Court Approved Family Law Form 12.902(f)(1), Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)(03/15)

- 48 -

4.  Life insurance in the amount of $_____ to secure the above support, will be provided by the Obligor.

## SECTION III.  PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING

1.  **The parties' minor child(ren) are:**

**Name**                                                    **Birth date**

_____

_____

_____

_____

_____

_____

2.  The parties shall have time-sharing and parental responsibility in accordance with the Parenting Plan attached as Exhibit _____.

## SECTION IV.  CHILD SUPPORT

1.  _____ Wife _____ Husband (hereinafter "Obligor") will pay child support, under Florida's child support guidelines, section 61.30, Florida Statutes, to the other parent.  The Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is completed and attached.

Child support established at the rate of $_____ per month for the _____children {*total number of parties' minor or dependent children*} shall be paid commencing _____ {*month, day, year*} and terminating _____ {*month, day, year*}. Child support shall be paid in the amount of $ _____ per _____ {*week, month, other*} which is consistent with the Obligor's current payroll cycle.

Upon the termination of the obligation of child support for one of the parties' children, child support  in the amount of $_____ for the remaining _____ children {*total number of remaining children*} shall be paid commencing_____ {*month, day, year*} and terminating _____ {*month, day, year*}. This child support shall be paid in the amount of $ _____ per _____ {*week, month, other*} consistent with Obligor's current payroll cycle.

***{Insert schedule for the child support obligation, including the amount, and commencement and termination dates, for the remaining minor or dependent children, which shall be payable as the obligation for each child ceases.  Please indicate whether the schedule _____appears below or _____is attached as part of this form}***

_____
_____
_____
_____
_____

The Obligor shall pay child support until all the minor or dependent child(ren): reach the age of 18; become emancipated, marry, join the armed services, die, or become self-supporting; or until further order of the court or agreement of the parties. The child support obligation shall continue beyond the age of 18 and until high school graduation for any child who is: dependent in fact; between the ages of 18 and 19; and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.

If the child support amount above deviates from the guidelines by 5% or more, explain the reason(s) here: _____

_____
_____
_____

2. **Child Support Arrearage.** There currently is a child support arrearage of $ _____
for retroactive child support and/or $_____ for previously ordered unpaid child support. The total of $ _____ in child support arrearage shall be repaid at the rate of $ _____ every _____ week _____ other week _____month, beginning *{date}* _____, until paid in full including statutory interest.

3. **Health Insurance.** _____ Wife _____ Husband will maintain health insurance for the parties' minor child(ren). The party providing coverage will provide insurance cards to the other party showing coverage. **OR** (   ) Health insurance is either not reasonable in cost or accessible to the child(ren) at this time. Any uninsured/ unreimbursed medical costs for the minor child(ren) shall be assessed as follows:
   a. _____Shared equally by husband and wife.
   b. _____Prorated according to the child support guideline percentages.
   c. _____Other *{explain}*: _____

As to these uninsured/unreimbursed medical expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.

4. **Dental Insurance.**
_____ Wife _____ Husband will maintain dental insurance for the parties' minor child(ren). The party providing coverage will provide insurance cards to the other party showing coverage

 **OR**
_____ Dental insurance is either not reasonable in cost or accessible to the child(ren) at this time. Any uninsured/ unreimbursed dental costs for the minor child(ren) shall be assessed as follows:
   a. _____Shared equally by husband and wife.
   b._____Prorated according to the child support guideline percentages.
   c. _____Other *{explain}*: _____

As to these uninsured/unreimbursed dental expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of

reimbursement set out in this paragraph.

5. **Life Insurance.** _____ Wife _____ Husband will maintain life insurance for the benefit of the parties' minor child(ren) in the amount of $ _____ until the youngest child turns 18, becomes emancipated, marries, joins the armed services, or dies.

6. **IRS Income Tax Exemption(s).** The assignment of any tax exemptions for the child(ren) shall be as follows: *{explain}*

_____

_____.

The other parent will convey any applicable IRS form regarding the income tax exemption.

7. _____Other provisions relating to child support (e.g., uninsured medical/dental expenses, health or dental insurance, life insurance to secure child support, orthodontic payments, college fund, etc.):

_____

_____

_____

_____

_____

_____

_____.

**SECTION V.  OTHER**

_____

_____

_____

_____

_____.

**SECTION VI.**  We have not agreed on the following issues:

_____

_____

_____

_____

_____

_____

_____.

**I certify that I have been open and honest in entering into this settlement agreement. I am satisfied with this agreement and intend to be bound by it.**


Dated: _____


_____
Signature of Husband
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____
_____


STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.


_____
NOTARY PUBLIC or DEPUTY CLERK


_____
*{Print, type, or stamp commissioned name of notary or deputy clerk.}*
_____ Personally known
_____ Produced identification
_____ Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (     ) Husband (     ) Wife
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____,*{zip code}*_____,*{telephone number}* _____.

**I certify that I have been open and honest in entering into this settlement agreement. I am satisfied with this agreement and intend to be bound by it.**


Dated: _____

_____
Signature of Wife
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____
_____
STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.


_____
NOTARY PUBLIC or DEPUTY CLERK


_____
*{Print, type, or stamp commissioned name of notary or deputy clerk.}*
____    Personally known
____    Produced identification
____    Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Husband (    ) Wife
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____,*{zip code}*_____,*{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(f)(2)
# MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN) (03/15)

## When should this form be used?

This form should be used when a **Petition for Dissolution of Marriage with Property but no Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.901(b)(2), has been **filed** and the **parties** have reached an agreement on some or all of the issues at hand.

This form should be typed or printed in black ink. **Both** parties must sign the agreement and have their signatures witnessed by a **notary public** or **deputy clerk**. After completing this form, you should file the original with the **clerk of the circuit court** in the county where the **petition** was filed and keep a copy for your records. You should then refer to the instructions for your petition, **answer**, or answer and **counterpetition** concerning the procedures for setting a hearing or **trial** (**final hearing**).

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

Instructions for Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes…

**This form does not act to transfer title to the property. Such transfer must be done by deed or supplemental final judgment.**

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

In re: the Marriage of:

_____,
Husband,

and

_____,
Wife.

# MARITAL SETTLEMENT AGREEMENT FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)

We, *{Husband's full legal name}*_____and *{Wife's full legal name}* _____, being sworn, certify that the following statements are true:

1. We were married to each other on *{date}* _____.

2. Because of irreconcilable differences in our marriage (no chance of staying together), we have made this agreement to settle once and for all what we owe to each other and what we can expect to receive from each other. Each of us states that nothing has been held back, that we have honestly included everything we could think of in listing our assets (everything we own and that is owed to us) and our debts (everything we owe), and that we believe the other has been open and honest in writing this agreement.

3. We have both filed a Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c). Because we have voluntarily made full and fair disclosure to each other of all our assets and debts, we waive any further disclosure under rule 12.285, Florida Family Law Rules of Procedure.

4. Each of us agrees to execute and exchange any papers that might be needed to complete this agreement, including deeds, title certificates, etc.

**SECTION I.  MARITAL ASSETS AND LIABILITIES**

**A.  Division of Assets.**  We divide our assets (everything we own and that is owed to us) as follows:  Any personal item(s) not listed below is the property of the party currently in possession of the item(s).

1. Wife shall receive as her own and Husband shall have no further rights or responsibilities regarding these assets:

| ASSETS:  DESCRIPTION OF ITEM(S) WIFE SHALL RECEIVE<br><br>**Please describe each item as clearly as possible.  You do not need to list account numbers. Where applicable, include whether the name on any title/deed/account described below is wife's, husband's, or both.** | Current Fair Market Value |
|---|---|
| Cash (on hand) | $ |
| Cash (in banks/credit unions) | |
| | |
| Stocks/Bonds | |
| | |
| Notes (money owed to you in writing) | |
| | |
| | |
| Money owed to you (not evidenced by a note) | |
| | |
| | |
| Real estate: (Home) | |
| (Other) | |
| | |
| Business interests | |
| | |
| Automobiles | |
| | |
| | |
| Boats | |
| Other vehicles | |
| | |

Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

| | |
|---|---|
| Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.) | |
| | |
| | |
| Furniture & furnishings in home | |
| | |
| Furniture & furnishings elsewhere | |
| | |
| Collectibles | |
| | |
| Jewelry | |
| | |
| Life insurance (cash surrender value) | |
| | |
| Sporting and entertainment (T.V., stereo, etc.) equipment | |
| | |
| | |
| | |
| Other assets | |
| | |
| | |
| | |
| | |
| | |
| | |
| **Total Assets to Wife** | $ _____ |

2. Husband shall receive as his own and Wife shall have no further rights or responsibilities regarding these assets:

| ASSETS: DESCRIPTION OF ITEM(S) HUSBAND SHALL RECEIVE<br>**Please describe each item as clearly as possible. You do not need to list account numbers. Where applicable, include whether the name on any title/deed/account described below is wife's, husband's or both.** | Current Fair Market Value |
|---|---|
| Cash (on hand) | $ |
| Cash (in banks/credit unions) | |

Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

| | |
|---|---|
| Stocks/Bonds | |
| | |
| Notes (money owed to you in writing) | |
| | |
| | |
| Money owed to you (not evidenced by a note) | |
| | |
| | |
| Real estate: (Home) | |
| (Other) | |
| | |
| Business interests | |
| | |
| Automobiles | |
| | |
| | |
| Boats | |
| Other vehicles | |
| | |
| Retirement plans (Profit Sharing, Pension, IRA, 401(k)s, etc.) | |
| | |
| | |
| Furniture & furnishings in home | |
| | |
| Furniture & furnishings elsewhere | |
| | |
| Collectibles | |
| | |
| Jewelry | |
| | |
| Life insurance (cash surrender value) | |
| | |
| Sporting and entertainment (T.V., stereo, etc.) equipment | |

Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

- 59 -

| | |
|---|---|
| | |
| | |
| | |
| Other assets | |
| | |
| | |
| | |
| | |
| **Total Assets to Husband** | **$ _____** |

**B. Division of Liabilities/Debts.** We divide our liabilities (everything we owe) as follows:

    1. Wife shall pay as her own the following and will not at any time ask Husband to pay these debts/bills:

| LIABILITIES: DESCRIPTION OF DEBT(S) TO BE PAID BY WIFE<br>Please describe each item as clearly as possible. You do not need to list account numbers. Where applicable, include whether the name on any mortgage, note, or account described below is wife's, husband's, or both. | Monthly Payment | Current Amount Owed |
|---|---|---|
| Mortgages on real estate: (Home) | $ | $ |
| (Other) | | |
| | | |
| Charge/credit card accounts | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Auto loan | | |
| Auto loan | | |
| Bank/credit union loans | | |
| | | |
| | | |
| | | |
| Money you owe (not evidenced by a note) | | |
| | | |
| Judgments | | |
| | | |

Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

| | | |
|---|---|---|
| Other | | |
| | | |
| | | |
| | | |
| | | |
| **Total Debts to Be Paid by Wife** | $ | $ |

2. Husband shall pay as his own the following and will not at any time ask Wife to pay these debts/bills:

| LIABILITIES:  DESCRIPTION OF DEBT(S) TO BE PAID BY HUSBAND<br><br>**Please describe each item as clearly as possible.  You do not need to list account numbers.  Where applicable, include whether the name on any mortgage, note or account described below is wife's, husband's, or both.** | **Monthly Payment** | **Current Amount Owed** |
|---|---|---|
| Mortgages on real estate: (Home) | $ | $ |
| (Other) | | |
| | | |
| Charge/credit card accounts | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Auto loan | | |
| Auto loan | | |
| Bank/credit union loans | | |
| | | |
| | | |
| | | |
| Money you owe (not evidenced by a note) | | |
| | | |
| Judgments | | |
| | | |
| Other | | |
| | | |
| | | |
| | | |
| | | |
| **Total Debts to Be Paid by Husband** | $ | $ |

Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

**C.** **Contingent Assets and Liabilities (listed in Section III of our Family Law Financial Affidavits) will be divided as follows:**

_____
_____
_____ .

**D. Beneficiary Designation (Complete only if beneficiary designations continue after entry of Final Judgment of Dissolution of Marriage.)**

_____The Husband and Wife agree that the designation providing for the payment or transfer at death of an interest in the assets set forth below to or for the benefit of the deceased party's former spouse **SHALL NOT BE VOID** as of the date of entry of the Final Judgment of Dissolution of Marriage.

The Final Judgment of Dissolution of Marriage shall provide that the designations set forth below remain in full force and effect:

_____1. The _____Husband _____Wife shall acquire or maintain the following assets for the benefit of the other spouse or child(ren) to be paid upon his/her death outright or in trust.  This provision only applies if other assets fulfilling such requirement for the benefit of the other spouse or child(ren) do not exist upon his/her death and unless precluded by statute. *{Describe the assets with specificity}:*

_____
_____
_____.

_____2. The _____Husband _____Wife shall not unilaterally terminate or modify the ownership of the following assets, or their disposition upon his/her death. *{Describe the assets with specificity}:*_____

_____
_____
_____.

**SECTION II.  SPOUSAL SUPPORT (ALIMONY)** (If you have not agreed on this matter, write n/a on the lines provided.)

1. _____ **Each of us forever gives up any right to spousal support (alimony) that we may have.**

   **OR**

2. _____ HUSBAND _____ WIFE (hereinafter "Obligor") agrees to pay spousal support (alimony) in the amount of $_____every _____week _____other week _____ month, beginning

*{date}* _____ and continuing until *{date or event}*_____
_____ .

Explain type of alimony (permanent, bridge-the-gap, durational, rehabilitative, and/or lump sum) and any other specifics: _____

_____
_____
_____ .

    3. _____Other provisions relating to alimony, including any tax treatment and consequences:
_____
_____
_____
_____

    4. _____ Husband _____ Wife will provide life insurance in the amount of $_____to secure the above support.

## SECTION III.  OTHER

_____
_____
_____
_____
_____
_____
_____
_____ .

**SECTION IV.**  We have not agreed on the following issues:

_____
_____
_____
_____
_____
_____ .

**I certify that I have been open and honest in entering into this settlement agreement.  I am satisfied with this agreement and intend to be bound by it.**

Dated: _____          _____
                                               Signature of Husband

Printed Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

Designated E-mail Address(es): _____

_____

STATE OF FLORIDA

COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

_____

NOTARY PUBLIC or DEPUTY CLERK

_____

*{Print, type, or stamp commissioned name of notary or deputy clerk.}*

_____ Personally known

_____ Produced identification

_____ Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Husband (    ) Wife

This form was completed with the assistance of:

*{name of individual}* _____,

*{name of business}* _____,

*{address}* _____,

*{city}* _____,*{state}* _____,*{zip code}*_____,*{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

**I certify that I have been open and honest in entering into this settlement agreement. I am satisfied with this agreement and intend to be bound by it.**


Dated: _____          _____
Signature of Wife
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____
_____
STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.


                                        _____
                                        NOTARY PUBLIC or DEPUTY CLERK


_____
*{Print, type, or stamp commissioned name of notary or deputy clerk.}*
_____    Personally known
_____    Produced identification
_____    Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Husband (    ) Wife
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____,*{zip code}*_____,*{telephone number}* _____.


Florida Supreme Court Approved Family Law Form 12.902(f)(2), Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(i), AFFIDAVIT OF CORROBORATING WITNESS (03/15)

## When should this form be used?

This form may be used to prove residency in a **dissolution of marriage** proceeding. To get a divorce in Florida, either the husband or the wife must have lived in Florida for at least 6 months before filing the petition. Residency may be proved by a valid Florida's driver's license, Florida identification card, or voter's registration card (issue date of document must be at least 6 months before the date the case is actually filed with the clerk of the circuit court), or the testimony or **affidavit** of someone other than you or your spouse. This form is used to prove residency by affidavit. The person signing this form must know that you have lived in the State of Florida for at least 6 months before the date you filed your **petition** for dissolution of marriage.

This form should be typed or printed in black ink, and signed in the presence of a **notary public** or **deputy clerk**. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for you records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form must be mailed, e-mailed, or hand delivered to the other party in your case, if it is not **served** on him or her with your initial papers.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.**  If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.**  The words that are in **"bold underline"** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

## Special notes...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.902(i), Affidavit of Corroborating Witness (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Husband,

and

_____,
Wife.

# AFFIDAVIT OF CORROBORATING WITNESS

I, *{full legal name}* _____, being sworn, certify that the following statements are true: I have known *{name}* _____ _____ since *{approximate date}*_____; to the best of my understanding the petition in this action was filed on *{date}*_____; and I know of my own personal knowledge that this person has resided in the State of Florida for at least 6 months immediately before *{date}* _____.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Corroborating Witness
Printed Name:_____
Address: _____
City, State, Zip: _____
Telephone Number: _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or clerk.]*

____ Personally known
____ Produced identification

Florida Supreme Court Approved Family Law Form 12.902(i), Affidavit of Corroborating Witness (03/15)

- 68 -

Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (     ) Husband (    ) Wife
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____,*{zip code}*_____,*{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.902(j),
## NOTICE OF SOCIAL SECURITY NUMBER (03/15)

## When should this form be used?

This form must be completed and filed by each party in all **paternity**, **child support**, and **dissolution of marriage** cases, regardless of whether the case involves a minor child(ren) and/or property.

This form should be typed or printed in black ink. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where your case was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form must be mailed, e-mailed, or hand delivered to the other party in your case, if it is not **served** on him or her with your initial papers.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

Instructions for Florida Supreme Court Approved Family Law Form 12.902(j), Notice of Social Security Number (03/15)

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

## Special notes...

**If this is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone, fax, or e-mail information at the bottom of this form.** Instead, file a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(i).

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.902(j), Notice of Social Security Number (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____ ,
Petitioner,

and

_____ ,
Respondent.

# NOTICE OF SOCIAL SECURITY NUMBER

I, *{full legal name}* _____, certify that
my social security number is _____, as required by the applicable section of
the Florida Statutes. My date of birth is _____.

*[Choose **one** only]*

_____ 1.   This notice is being filed in a dissolution of marriage case in which the parties have **no** minor
children in common.

_____ 2.   This notice is being filed in a paternity or child support case, or in a dissolution of marriage
in which the parties have minor children in common. The minor child(ren)'s name(s), date(s) of birth,
and social security number(s) is/are:

| Name | Birth date | Social Security Number |
|------|------------|------------------------|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

*{Attach additional pages if necessary.}*

Florida Supreme Court Approved Family Law Form 12.902(j), Notice of Social Security Number
(03/15)

**Disclosure of social security numbers shall be limited to the purpose of administration of the Title IV-D program for child support enforcement.**

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this notice and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**


Dated: _____

_____
Signature
Printed Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

Designated E-mail  Address(es):_____

_____


STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on by _____.


_____
NOTARY PUBLIC or DEPUTY CLERK


_____
*[Print, type, or stamp commissioned name of notary or clerk]*

___Personally known
___Produced identification
Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (  ) Petitioner (  ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____,*{zip code}*_____,*{telephone number}* _____.


Florida Supreme Court Approved Family Law Form 12.902(j), Notice of Social Security Number (03/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(a)
# ANSWER, WAIVER, AND REQUEST FOR COPY OF FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE (03/15)

## When should this form be used?

This form should be used when you have been served with a **petition** for **dissolution of marriage** and you do not wish to **contest** it or appear at a **hearing**.  If you file this form, you are admitting all of the allegations in the **petition**, saying that you do not need to be notified of or appear at the **final hearing**, and that you would like a copy of the **final judgment** mailed to you.

This form should be typed or printed in black ink, and your signature should be witnessed by a **notary public** or **deputy clerk**.  After completing this form, you should sign the form before a notary public.  You should **file** the original with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for your records.  The person filing the **petition** in a dissolution of marriage proceeding is also referred to as the **petitioner** and his or her **spouse** as the **respondent.**

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

You have 20 days to **answer** after being **served** with your spouse's petition.  A copy of this form, along with all of the other forms required with this **answer** and **waiver**, must be mailed, e-mailed, or hand delivered to your spouse.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the**

Instructions for Florida Supreme Court Approved Family Law Form 12.903(a), Answer, Waiver, and Request for Copy of Final Judgment of Dissolution of Marriage (03/15)

**Rules of Judicial Administration.**
**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

## Special notes…

With this form, you must also file the following:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves a dependent or minor child(ren).
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), if the case involves a dependent or minor child(ren). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you).
- **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1), or **Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(2), if you have reached an agreement on any or all of the issues.
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit,** Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of

Instructions for Florida Supreme Court Approved Family Law Form 12.903(a), Answer, Waiver, and Request for Copy of Final Judgment of Dissolution of Marriage (03/15)

Procedure Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)

**Parenting Plan and Time-Sharing…** By filing this answer and waiver, you are agreeing to any parenting plan and time-sharing requests in the petition. The judge may request a **parenting plan recommendation** or appoint a **guardian ad litem** in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.

 A **parenting course** must be completed prior to entry of a final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.

Listed below are some terms with which you should become familiar before completing your answer to the petition. **If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.**

- **Shared Parental Responsibility**
- **Sole Parental Responsibility**
- **Supervised Time-Sharing**
- **No contact**
- **Parenting Plan**
- **Parenting Plan Recommendation**
- **Time-Sharing Schedule**

**Child Support...** By filing this answer and waiver, you are agreeing to any child support requests in the petition. The court may order one parent to pay **child support** to assist the other parent in meeting the child(ren)'s material needs. **Both parents are required to provide financial support**, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of **both** parents and take into account the financial contributions of both parents. You must file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Alimony...** By filing this answer and waiver, you are agreeing to any alimony requests in the petition. Alimony may be awarded to one spouse if the judge finds that he or she has an actual need for it and also finds that the other spouse has the ability to pay. **If you want alimony, you must**

Instructions for Florida Supreme Court Approved Family Law Form 12.903(a), Answer, Waiver, and Request for Copy of Final Judgment of Dissolution of Marriage (03/15)

- 77 -

**request it in writing in a counterpetition and should not use this form. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).** You may request **permanent alimony**, **bridge-the-gap alimony, durational alimony, lump sum alimony**, or **rehabilitative alimony**.

**Marital/Nonmarital Assets and Liabilities...** Florida law requires an **equitable distribution** of **marital assets** and **marital liabilities**. "Equitable" does not necessarily mean "equal." Many factors, including child support, time-sharing and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. **Nonmarital assets** and **nonmarital liabilities** are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. By filing this answer and waiver, you are agreeing to any requests in the petition regarding division of assets and liabilities.

**Final Judgment...** You should receive a copy of the Final Judgment in the mail. If, for some reason you do not, you should call the clerk's office to request a copy. It is important for you to review a copy of the Final Judgment in your case to see what happened and to know what you must do and what you are entitled to receive.

**Nonlawyer...** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.903(a), Answer, Waiver, and Request for Copy of Final Judgment of Dissolution of Marriage (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

In re: the Marriage of:

_____,
Husband,
        and

_____,
Wife.

# ANSWER, WAIVER, AND REQUEST FOR COPY OF FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE

I, *{full legal name}* _____, being sworn, certify that the following information is true:

1. I answer the Petition for Dissolution of Marriage filed in this action and admit all the allegations. By admitting all of the allegations in the petition, I agree to all relief requested in the petition including any requests regarding parenting and time-sharing, child support, alimony, distribution of marital assets and liabilities, and temporary relief.

2. I hereby waive notice of hearing as well as all future notices in connection with the Petition for Dissolution of Marriage, as filed and also waive my appearance at the final hearing.

3. I request that a copy of the Final Judgment of Dissolution of Marriage entered in this case be provided to me at the address below.

4. If this case involves minor child(ren), a completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this answer.

5. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this answer.

6. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), _____ is filed with this answer or _____ will be timely filed.

Florida Supreme Court Approved Family Law Form 12.903(a), Answer, Waiver, and Request for Copy of Final Judgment of Dissolution of Marriage (03/15)

- 79 -

I certify that a copy of this document was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

Signature of ( ) HUSBAND ( ) WIFE
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____

Designated E-mail Address(es): _____
_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or deputy clerk.]*

____ Personally known
____ Produced identification
____ Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* ( ) Husband ( ) Wife
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____,*{zip code}*_____,*{telephone number}* _____.

Florida Supreme Court Approved Form 12.903(a), Answer, Waiver, and Request for Copy of Final Judgment of Dissolution of Marriage (03/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED
# FAMILY LAW FORM 12.903(b)
# ANSWER TO PETITION FOR DISSOLUTION OF MARRIAGE
# (03/15)

## When should this form be used?

This form should be used when you are responding to a **petition** for **dissolution of marriage** and you wish to admit or deny all of the allegations in the petition but you do not plan to file a **counterpetition** seeking relief. You can use this form to answer any petition for dissolution of marriage, whether or not there are minor child(ren).

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for your records. This must be done within 20 days of receiving the petition.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form, along with all of the other forms required with this **answer**, must be mailed, e-mailed, or hand delivered to the other party in your case. You have 20 days to answer after being served with the other party's petition. After you file your answer, the case will generally proceed in one of the following two ways:

**UNCONTESTED...** If you file an answer that agrees with everything in the other party's petition **and** you have complied with **mandatory disclosure** and filed all of the required papers, either party may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. If you request the final hearing, you must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing

Instructions for Florida Supreme Court Approved Family Law Form 12.903(b), Answer to Petition for Dissolution of Marriage (03/15)

form.

**CONTESTED...** If you file an answer which disagrees with or denies anything in the petition, **and** you are unable to settle the disputed issues, either party may file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. See chapter 61, Florida Statutes, for more information.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

With this form, you must also file the following:

Instructions for Florida Supreme Court Approved Family Law Form 12.903(b), Answer to Petition for Dissolution of Marriage (03/15)

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves a dependent or minor child(ren).
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), if the case involves a dependent or minor child(ren). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you).
- **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1), or **Marital Settlement Agreement for Dissolution of Marriage with Property but No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(2), if you have reached an agreement on any or all of the issues.
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of **service** of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)

**Parenting and Time-sharing...** If you and your **spouse** are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).

The judge may request a **parenting plan recommendation** or appoint a **guardian ad litem** in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.

A **parenting course** must be completed prior to the entry of a final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.

Listed below are some terms with which you should become familiar before completing your answer to the petition. **If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.**

Instructions for Florida Supreme Court Approved Family Law Form 12.903(b), Answer to Petition for Dissolution of Marriage (03/15)

- **Shared Parental Responsibility**
- **Sole Parental Responsibility**
- **Supervised Time-Sharing**
- **No contact**
- **Parenting Plan**
- **Parenting Plan Recommendation**
- **Time-Sharing Schedule**

**Child Support...**  The court may order one parent to pay **child support** to assist the other parent in meeting the child(ren)'s material needs.  **Both parents are required to provide financial support**, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent.  Florida has adopted guidelines for determining the amount of child support to be paid.  These guidelines are based on the combined income of **both** parents and take into account the financial contributions of both parents and the number of overnights the child(ren) spend with each parent.  You must file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same.  From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Alimony...**  Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it.  **If you want alimony, you must request it in writing in a counterpetition.** Florida Supreme Court Approved Family Law Form 12.903(c)(1) (with dependent or minor child(ren)), or Florida Supreme Court Approved Family Law Form 12.903(c)(2) (no dependent or minor child(ren)).  **If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).**

**Marital/Nonmarital Assets and Liabilities...**  Florida law requires an **equitable distribution** of **marital assets** and **marital liabilities**. "Equitable" does not necessarily mean "equal."  Many factors, including child support, any parenting plan and time-sharing schedule, and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. **Nonmarital assets** and **nonmarital liabilities** are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties.  If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.

**Temporary Relief...**  If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility and time-sharing with child(ren), temporary child support, or temporary alimony, you may file a **Motion for Temporary Support and Time-Sharing**

Instructions for Florida Supreme Court Approved Family Law Form 12.903(b), Answer to Petition for Dissolution of Marriage (03/15)

- 84 -

**with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(a), or, if there are no dependent or minor child(ren), **Motion for Temporary Support with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for these forms.

**Marital Settlement Agreement...** If you and your spouse are able to reach an agreement on any or all of the issues, you should file a **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1), or **Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both parties must sign this agreement before a **notary public** or **deputy clerk**. Any issues on which you are unable to agree will be considered **contested** and settled by the judge at the final hearing.

**Final Judgment Form...** These family law forms contain a **Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.990(c)(1), and **Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.990(c)(2), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use **Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested)**, Florida Supreme Court Approved Family Law Form 12.990(b)(1), **Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (Uncontested)**, Florida Supreme Court Approved Family Law Form 12.990(b)(2), or **Final Judgment of Dissolution of Marriage with No Property and No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.990(b)(3). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a **final judgment** with you to the **hearing**. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer...** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.903(b), Answer to Petition for Dissolution of Marriage (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

## ANSWER TO PETITION FOR DISSOLUTION OF MARRIAGE

I, *{full legal name}* _____, Respondent, being sworn, certify that the following information is true:

1.  I **agree** with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, **admit** those allegations: *{indicate section and paragraph number}*
    _____
    _____

2.  I **disagree** with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, **deny** those allegations: *{indicate section and paragraph number}*
    _____
    _____

3.  I currently am unable to admit or deny the allegations raised in the following paragraphs due to lack of information: *{indicate section and paragraph number}* _____
    _____

4.  If this case involves a dependent or minor child(ren), a completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this answer.

5.  If this case involves a dependent or minor child(ren), a completed Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is *[choose **one** only]* _____ filed with this answer or _____ will be filed after the other party serves his or her financial affidavit.

6.  If necessary a completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this answer.

7.  A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), *[Choose only **one**]* _____ is filed with this answer or _____ will be timely filed.

I certify that a copy of this document was (   ) mailed (   ) faxed and mailed (   ) e-mailed   (   ) hand delivered to the person(s) listed below on *{date}* _____.

**Petitioner or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Respondent
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or clerk.]*
____   Personally known
____   Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Respondent.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,

Florida Supreme Court Approved Family Law Form 12.903(b), Answer to Petition for Dissolution of Marriage (03/15)

*{address}* _____,
*{city}* _____, *{state}* _____,*{zip code}*_____,*{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(c)(1)
# ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) (03/15)

## When should this form be used?

This form should be used when you are responding to a **petition** for **dissolution of marriage** with dependent or minor child(ren) and you are asking the court for something not contained in the petition. The **answer** portion of this form is used to admit or deny the allegations contained in the petition, and the **counterpetition** portion of this form is used to ask for whatever you want the court to do for you.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for your records. The person filing the **petition** in a dissolution of marriage proceeding is also referred to as the **petitioner** and his or her **spouse** as the **respondent.** The person filing a **counterpetition** is also referred to as the **counterpetitioner** and his or her spouse as the **counterrespondent.**

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

You have 20 days to answer after being served with your spouse's petition. A copy of this form must be mailed, e-mailed, or hand delivered to your spouse. After you file an answer and counterpetition your case will then generally proceed as follows:

The other party is required to answer your counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

**UNCONTESTED...** Your dissolution is uncontested if you and your spouse agree on all issues raised in the petition and the counterpetition. If this is the case, **and** you and the other party have complied with **mandatory disclosure** and filed all of the required papers, either party may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. If you request the hearing, you must notify the

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED...**  Your dissolution is contested if you and your spouse disagree on any issue raised in the petition or counterpetition.  If you are unable to settle the disputed issues, either party may file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers.  Some circuits may require the completion of **mediation** before a final hearing may be set.  You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **trial** (final hearing).

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.**  The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.**  If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

With this form, you must also file the following:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

Court Approved Family Law Form 12.902(d)

- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e).  (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)
- **Affidavit of Corroborating Witness**, Florida Supreme Court Approved Family Law Form 12.902(i) **OR** photocopy of current Florida driver's license, Florida identification card, or voter's registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
- **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1), if you have reached an agreement on any or all of the issues.
- **Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.9.995(a), **Safety-Focused Parenting Plan**, Form 12.995(b), or **Relocation/Long-Distance Parenting Plan**, Form 12.995(c). If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached.  If the parents have not reached an agreement, a proposed Parenting Plan **may** be filed.
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of **service** of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)

**Parenting Plan and Time-Sharing...**   If you and your spouse are unable to agree on parenting arrangements and a time-sharing schedule, a **judge** will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)'s best interests.  Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).

The judge may request a **parenting plan recommendation** or appoint a **guardian ad litem** in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues.  The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served.  For more information, you may consult section 61.13, Florida Statutes.

A **parenting course** must be completed prior to entry of the final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live.

Listed below are some terms with which you should become familiar before completing your petition.  **If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.**

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

- **Shared Parental Responsibility**
- **Sole Parental Responsibility**
- **Supervised Time-Sharing**
- **No contact**
- **Parenting Plan**
- **Parenting Plan Recommendation**
- **Time-Sharing Schedule**

**Child Support...** The court may order one parent to pay **child support** to assist the other parent in meeting the child(ren)'s material needs. **Both parents are required to provide financial support**, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of **both** parents and take into account the financial contributions of both parents. You must file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Alimony...** Alimony may be awarded to a spouse if the judge finds that he or she has an actual need for it and that the other spouse has the ability to pay. **If you want alimony, you must request it in writing in your counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).** You may request **permanent alimony**, **bridge-the-gap alimony, durational alimony, lump sum alimony**, or **rehabilitative alimony**.

**Marital/Nonmarital Assets and Liabilities...** Florida law requires an **equitable distribution** of **marital assets** and **marital liabilities**. Equitable does not necessarily mean equal. Many factors, including child support, time-sharing and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. **Nonmarital assets** and **nonmarital liabilities** are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.

**Parenting Plan…** In all cases involving minor or dependent child(ren), a Parenting Plan shall be approved or established by the court. If you and your spouse have reached an agreement, you should file **Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(a), 12.995(b), or 12.995(c), which addresses the time-sharing schedule for the child(ren). If you have not reached an agreement, a proposed Parenting Plan **may** be filed. **If you and your spouse cannot agree, a Parenting Plan will be established by the court.**

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

- 92 -

**Temporary Relief...** If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility and time-sharing with child(ren), temporary child support, or temporary alimony, you may file a **Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.

**Marital Settlement Agreement...** If you and your spouse are able to reach an agreement on any or all of the issues, you should file a **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both of you must sign this agreement before a **notary public** or **deputy clerk**. Any issues on which you are unable to agree will be considered **contested** and settled by the judge at the final hearing.

**Final Judgment Form...** These family law forms contain a **Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.990(c)(1), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a **Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested)**, Florida Supreme Court Approved Family Law Form 12.990(b)(1). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer...** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer,** Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

In re: the Marriage of:

_____,
Husband,

and

_____,
Wife.

# ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)

I, {full legal name} _____, being sworn, certify that the following information is true:

**ANSWER TO PETITION**

1. I **agree** with the allegations raised in the following numbered paragraphs in the Petition and, therefore, **admit** those allegations: {indicate section and paragraph number} _____

_____.

2. I **disagree** with the allegations raised in the following numbered paragraphs in the Petition and, therefore, **deny** those allegations: {indicate section and paragraph number} _____

_____.

3. I currently am unable to admit or deny the following paragraphs due to lack of information: {indicate section and paragraph number} _____

_____.

**COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH MINOR CHILD(REN)**

1. JURISDICTION/RESIDENCE
_____ Husband _____ Wife _____Both has (have) lived in Florida for at least 6 months before the filing of this Petition for Dissolution of Marriage.

2. Husband _____ is or _____ is not a member of the military service.
Wife _____ is or _____ is not a member of the military service.

3. MARRIAGE HISTORY
Date of marriage: {month, day, year} _____
Date of separation: {month, day, year} _____ (_____Indicate if approximate)

Place of marriage: *{county, state, country}* _____ _____

    4.   DEPENDENT OR MINOR CHILD(REN)
        *[Indicate **all** that apply]*
        a.   \_\_\_\_\_The wife is pregnant.  Baby is due on: *{date}* _____

        b.   \_\_\_\_\_The minor (under 18) child(ren) common to both parties are:

**Name**                                              **Birth date**

_____
_____
_____
_____
_____
_____

        c.   \_\_\_\_\_The minor child(ren) born or conceived during the marriage who are **not** common to both parties are:

**Name**                                              **Birth date**

_____
_____

The birth father(s) of the above minor child(ren) is (are) *{name and address}* _____

_____

        d.   \_\_\_\_\_ The child(ren) common to both parties who are 18 or older but who are dependent upon the parties due to a mental or physical disability are:

**Name**                                              **Birth date**

_____
_____

    5.   A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this counterpetition.  (You **must** complete and attach this form in a dissolution of marriage with minor child(ren).

    6.   A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this counterpetition.

    7.   A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c) \_\_\_\_\_ is filed or \_\_\_\_\_ will be timely filed.

    8.   This counterpetition for dissolution of marriage should be granted because:

        a.   \_\_\_\_\_The marriage is irretrievably broken.

Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

**OR**

b. \_\_\_\_\_One of the parties has been adjudged mentally incapacitated for a period of 3 years prior to the filing of this counterpetition.  A copy of the Judgment of Incapacity is attached.

**SECTION I.  MARITAL ASSETS AND LIABILITIES**

1. \_\_\_\_There are no marital assets or liabilities.

**OR**

2. \_\_\_\_\_There are marital assets or liabilities.  All marital and nonmarital assets and liabilities are (or will be) listed in the financial affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c), to be filed in this case.

*[Indicate **all** that apply]*

a. \_\_\_\_\_All marital assets and liabilities have been divided by a written agreement between the parties, which is attached to be incorporated into the final judgment of dissolution of marriage.  (The parties may use Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1)).

b. \_\_\_\_\_The Court should determine how the assets and liabilities of this marriage are to be distributed, under section 61.075, Florida Statutes.

c. \_\_\_\_\_ Husband \_\_\_\_\_Wife should be awarded an interest in the other spouse's property because: _____

_____

_____.

**SECTION II.  SPOUSAL SUPPORT (ALIMONY)**

1. **\_\_\_\_\_Husband \_\_\_\_\_Wife forever gives up his/her right to spousal support (alimony) from the other spouse.**

   **OR**

2. \_\_\_\_\_Husband \_\_\_\_\_Wife requests that the Court order the other spouse to pay the following spousal support (alimony) and claims that he or she has an actual need for the support that he or she is requesting **and that the other spouse has the ability to pay that support**.  Spousal support (alimony) is requested in the amount of $_____ every \_\_\_\_\_ week \_\_\_\_\_ other week \_\_\_\_\_ month, beginning *{date}*_____ and continuing until *{date or event}* _____.

*{Explain why the Court should order \_\_\_\_\_Husband \_\_\_\_\_Wife to pay, and any specific request(s) for type of alimony (temporary, permanent, bridge-the-gap, durational, rehabilitative, and/or lump sum})*:

_____

_____

_____

Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

- 96 -

_____
_____
_____
_____
_____
_____

3. \_\_\_\_\_Other provisions relating to alimony including any tax treatment and consequences:
      _____
      _____.

4. \_\_\_\_Husband \_\_\_\_ Wife requests life insurance on the other spouse's life, provided by that spouse, to secure such support.

**SECTION III.  PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING**

1. The minor child(ren) currently reside(s) with \_\_\_\_\_ Mother \_\_\_\_\_ Father \_\_\_\_\_ Other: *{explain}*
   _____

2. **Parental Responsibility.**  It is in the child(ren)'s best interests that parental responsibility be: *[Choose only **one**]*
   a. \_\_\_\_\_shared by both Father and Mother.

   b. \_\_\_\_\_awarded solely to \_\_\_\_\_ Father \_\_\_\_\_ Mother.  Shared parental responsibility would be detrimental to the child(ren) because: _____
   _____
   _____
   _____.

3. **Parenting Plan and Time-Sharing.**  It is in the best interests of the child(ren) that the family be ordered to comply with a Parenting Plan that \_\_\_\_\_ includes \_\_\_\_\_does not include parental time-sharing with the child(ren).  The \_\_\_\_\_ Husband \_\_\_\_\_ Wife states that it is in the best interests of the child(ren) that:

*[Choose only **one**]*
   a. \_\_\_\_\_The attached proposed Parenting Plan should be adopted by the court.  The parties \_\_\_\_\_have \_\_\_\_\_ have **not** agreed to the Parenting Plan.

   b. \_\_\_\_\_The court should establish a Parenting Plan with the following provisions:
   \_\_\_\_\_ No time-sharing for the \_\_\_\_\_ Father \_\_\_\_\_ Mother.
   \_\_\_\_\_ Limited time-sharing with the \_\_\_\_\_ Father \_\_\_\_\_ Mother.
   \_\_\_\_\_ Supervised time-sharing for the \_\_\_\_\_ Father \_\_\_\_\_ Mother.
   \_\_\_\_\_ Supervised or third-party exchange of the child(ren).
   \_\_\_\_\_ Time-sharing as follows: _____
      _____
      _____
      _____

Explain why this request is in the best interests of the child(ren): _____

Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

- 97 -

_____

_____

_____

_____

_____

_____

**SECTION IV.  CHILD SUPPORT**
   *[Indicate **all** that apply]*

1. \_\_\_\_\_Husband \_\_\_\_\_Wife requests that the Court award child support as determined by Florida's child support guidelines, section 61.30, Florida Statutes.  A completed Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is, or will be filed. Such support should be ordered retroactive to:

   a.  \_\_\_\_\_ the date of separation *{date}*_____
   b.  \_\_\_\_\_the date of the filing of this petition.
   c.  \_\_\_\_\_other *{date}*_____*{explain}* _____
_____

2. \_\_\_\_\_Husband \_\_\_\_\_Wife requests that the Court award child support to be paid beyond the age of 18 years because:

   a.  \_\_\_\_\_the following child(ren) *{name(s)}* _____
_____
is (are) dependent because of a mental or physical incapacity which began before the age of 18. *{explain}* _____

   b.  \_\_\_\_\_the following child(ren) *{name(s)}* _____
       is (are) dependent in fact; is (are) in high school, and are between the ages of 18 and 19; said child(ren) is (are) performing in good faith with reasonable expectation of graduation before the age of 19.

3. \_\_\_\_\_Husband \_\_\_\_\_Wife requests that the Court award a child support amount that is more than or less than Florida's child support guidelines and understands that a Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form 12.943, **must** be filed before the Court will consider this request.

4. \_\_\_\_\_Husband \_\_\_\_\_Wife requests that medical/dental insurance  for the minor child(ren) be provided by:
 *[Choose only **one**]*
      a.  \_\_\_\_\_Husband.
      b.  \_\_\_\_\_Wife.

5.\_\_\_\_\_Husband \_\_\_\_\_Wife  requests that uninsured medical/dental expenses for the child(ren) be paid:
 *[Choose only **one**]*
      a.  \_\_\_\_\_ by Husband.

Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

b. _____ by Wife.

c. _____ by Husband and Wife each paying one-half.

d. _____ according to the percentages in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).

e. _____ Other {explain}:

_____

6. _____ Husband _____ Wife requests that life insurance to secure child support be provided by:

a. _____ Husband.

b. _____ Wife.

c. _____ Both.

## SECTION V. OTHER

1. Wife requests to be known by her former name, which was *{full legal name}* :

_____

2. Other relief *{specify}*: _____

_____
_____
_____
_____
_____

## SECTION VI. REQUEST

(This section summarizes what you are asking the Court to include in the final judgment of dissolution of marriage.)

I request that the Court enter an order dissolving the marriage **and**:
*[Indicate **all** that apply]*

1. _____ distributing marital assets and liabilities as requested in Section I of this petition;

2. _____ awarding spousal support (alimony) as requested in Section II of this petition;

3. _____ adopting or establishing a Parenting Plan containing provisions for parental responsibility and time-sharing for the dependent or minor child(ren) common to both parties, as requested in Section III of this petition;

4. _____ establishing child support for the dependent or minor child(ren) common to both parties, as requested in Section IV of this petition;

5. _____ restoring Wife's former name as requested in Section V of this petition;

6. _____ awarding other relief as requested in Section V of this petition; and any other terms the Court deems necessary.

I certify that a copy of this document was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand-delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____

Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

Florida Supreme Court Approved Family Law Form 12.903(c)(1), Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

- 100 -

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and counterpetition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**


_____
Signature of _____ Husband      _____ Wife
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____

_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK


_____
_{Print, type, or stamp commissioned name of notary or clerk.}_
_____ Personally known
_____ Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: _{choose only **one**}_ (    ) Husband (    ) Wife
This form was completed with the assistance of:
_{name of individual}_ _____,
_{name of business}_ _____,
_{address}_ _____,
_{city}_ _____, _{state}_ _____,_{zip code}_____,_{telephone number}_ _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(c)(2)
# ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN) (03/15)

## When should this form be used?

This form should be used when you are responding to a **petition** for **dissolution of marriage** with property but no dependent or minor child(ren) and you are asking the court for something not contained in the petition. The **answer** portion of this form is used to admit or deny the allegations contained in the petition, and the **counterpetition** portion of this form is used to ask for whatever you want the court to do for you.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for your records. The person filing the **petition** in a dissolution of marriage proceeding is also referred to as the **petitioner** and his or her **spouse** as the **respondent**. The person filing the **counterpetition** is referred to as the **counterpetitioner** and his or her spouse as the **counterrespondent.**

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

You have 20 days to answer after being served with your spouse's petition. A copy of this form must be mailed, e-mailed, or hand delivered to your spouse. After you file an answer and counterpetition your case will then generally proceed as follows:

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(2), Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

Your spouse is required to answer your counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

**UNCONTESTED...** Your dissolution is uncontested if you and your spouse agree on all issues raised in the petition and the counterpetition. If this is the case, **and** you and the other party have complied with **mandatory disclosure** and filed all of the required papers, either party may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. If you request the hearing, you must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED...** Your dissolution is contested if you and your spouse disagree on any issue raised in the petition or counterpetition. If you are unable to settle the disputed issues, either spouse may file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **trial** (final hearing).

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(2), Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

# Special notes...

With this form, you must also file the following:

- **Affidavit of Corroborating Witness**, Florida Supreme Court Approved Family Law Form 12.902(i) **OR** photocopy of current Florida driver's license, Florida identification card, or voter's registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
- **Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(2), if you have reached an agreement on any or all of the issues.
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of __service__ of the petition on you, if not filed at the time you file this answer.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of __service__ of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)

**Alimony...** __Alimony__ may be awarded to one spouse if the judge finds that he or she has an actual need for it and also finds that the other spouse has the ability to pay. **If you want alimony, you must request it in writing in your counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).** You may request __permanent alimony__, __bridge-the-gap alimony, durational alimony, lump sum alimony__, or __rehabilitative alimony__.

**Marital/Nonmarital Assets and Liabilities...** Florida law requires an **equitable distribution** of __marital assets__ and __marital liabilities__. Equitable does not necessarily mean equal. Many factors, including alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. __Nonmarital assets__ and __nonmarital liabilities__ are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.

**Temporary Relief...** If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, or temporary alimony, you may file a **Motion for Temporary Support with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for that form.

**Marital Settlement Agreement...** If you and your spouse are able to reach an agreement on any or all of the issues, you should file a **Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both of

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(2), Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

you must sign this agreement before a notary public. Any issues on which you are unable to agree will be considered **contested** and settled by the judge at the final hearing.

**Final Judgment Forms...** These family law forms contain a **Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.990(c)(2), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a **Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (Uncontested)**, Florida Supreme Court Approved Family Law Form 12.990(b)(2). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer...** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(2), Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No:_____
Division:_____

In re: the Marriage of

_____,
Husband,
              and

_____,
   Wife.

# ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)

I, *{full legal name}* _____, being sworn, certify that the following information is true:

## ANSWER TO PETITION

1. I **agree** with the allegations raised in the following numbered paragraphs in the Petition and, therefore, **admit** those allegations: *{indicate section and paragraph number}*
_____
_____.

2. I **disagree** with the allegations raised in the following numbered paragraphs in the Petition and, therefore, **deny** those allegations: *{indicate section and paragraph number}*
_____
_____.

3. I currently am unable to admit or deny the following paragraphs due to lack of information: *{indicate section and paragraph number}*
_____
_____.

## COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)

1. JURISDICTION/RESIDENCE
_____ Husband _____ Wife _____ Both has (have) lived in Florida for at least 6 months before the filing of this Petition for Dissolution of Marriage.

Florida Supreme Court Approved Family Law Form 12.903(c)(2), Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

2. Petitioner _____ is or _____ is not a member of the military service.
Respondent _____ is or _____ is not a member of the military service.

3. MARRIAGE HISTORY
Date of marriage: *{month, day, year}* _____
Date of separation: *{month, day, year}*_____(____Indicate if approximate)
Place of marriage: *{county, state, country}*_____

4. THERE ARE NO MINOR (UNDER 18) OR DEPENDENT CHILD(REN) COMMON TO BOTH PARTIES AND THE WIFE IS NOT PREGNANT.

5. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this counterpetition.

6. This counterpetition for dissolution of marriage should be granted because:

    a. _____ The marriage is irretrievably broken.

**OR**

    b. _____ One of the parties has been adjudged mentally incapacitated for a period of 3 years prior to the filing of this counterpetition. A copy of the Judgment of Incapacity is attached.

**SECTION I. MARITAL ASSETS AND LIABILITIES**
*[Choose only **one**]*
 1. _____ There are no marital assets or liabilities.

 2. _____ There are marital assets or liabilities. All marital and nonmarital assets and liabilities are (or will be) listed in the financial affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c), to be filed in this case.
*[Indicate **all** that apply]*
    a. _____ All marital assets and liabilities have been divided by a written agreement between the parties, which is attached to be incorporated into the final judgment of dissolution of marriage. (The parties may use Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(2).

    b. _____The Court should determine how the assets and liabilities of this marriage are to be distributed, under section 61.075, Florida Statutes.

    c. _____ Husband _____Wife should be awarded an interest in the other spouse's property because: _____
_____
_____
_____
_____.


Florida Supreme Court Approved Family Law Form 12.903(c)(2), Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

**SECTION II. SPOUSAL SUPPORT (ALIMONY)**

1. **_____ Husband _____Wife forever gives up his/her right to spousal support (alimony) from the other spouse.**

**OR**

2. _____ Husband _____Wife requests that the Court order the other spouse to pay the following spousal support (alimony) and claims that he or she has an actual need for the support that he or she is requesting **and that the other spouse has the ability to pay that support**. Spousal support (alimony) is requested in the amount of $_____ every _____ week _____ other week _____ month, beginning *{date}* _____ and continuing until *{date or event}* _____ _____.

Explain why the Court should order _____Husband _____Wife to pay, and any specific request(s) for type of alimony (temporary, permanent, bridge-the-gap, durational, rehabilitative, and/or lump sum):
_____
_____
_____
_____.

3. _____Other provisions relating to alimony including any tax treatment or consequences:
_____
_____
_____.

4. _____Husband _____ Wife requests life insurance on the other spouse's life, provided by that spouse, to secure such support


**SECTION III. OTHER**

1. Wife requests to be known by her former name, which was *{full legal name}*
_____.

2. Other relief *{specify}*:
_____
_____
_____
_____
_____
_____
_____


**SECTION IV. REQUEST** (This section summarizes what you are asking the Court to include in the final judgment of dissolution of marriage.)


Florida Supreme Court Approved Family Law Form 12.903(c)(2), Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

_____Husband _____Wife requests that the Court enter an order dissolving the marriage **and**:

1. _____ distributing marital assets and liabilities as requested in Section I of this petition;
2. _____ awarding spousal support (alimony) as requested in Section II of this petition;
3. _____ restoring Wife's former name as requested in Section III of this petition;
4. _____ awarding other relief as requested in Section III of this petition; and any other terms the Court deems necessary.

I certify that a copy of this document was _____ mailed _____ faxed and mailed
(   ) e-mailed (   ) hand delivered to the person(s) listed below on *{date}*_____.

**Other party or his/her attorney:**
Printed Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and counterpetition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____          _____
                                        Signature of (   ) Husband  (   )Wife
                                        Printed Name:  _____
                                        Address:_____
                                        City, State, Zip:_____
                                        Telephone Number:_____
                                        Fax Number: _____
                                        Designated E-mail Address(es): _____

                                        _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

                                        _____
                                        NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or deputy clerk.}*
_____     Personally known
_____     Produced identification
_____     Type of identification produced _____

Florida Supreme Court Approved Family Law Form 12.903(c)(2), Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (   ) Husband (   ) Wife
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____,*{zip code}*_____,*{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.903(c)(2), Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(c)(3)
# ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN) OR PROPERTY (03/15)

## When should this form be used?

This form should be used when you are responding to a **petition** for **dissolution of marriage** with no dependent or minor child(ren) or property and you are asking the court for something not contained in the petition. The **answer** portion of this form is used to admit or deny the allegations contained in the petition, and the **counterpetition** portion of this form is used to ask for whatever you want the court to do for you such as restoring your former name.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

You have 20 days to answer after being served with the other party's petition. A copy of this form must be mailed, e-mailed, or hand delivered to the other party. After you file an answer and counterpetition your case will then generally proceed as follows:

The other party is required to answer your counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

**UNCONTESTED...** Your dissolution is uncontested if you and your spouse agree on all issues raised in the petition and the counterpetition. If this is the case, **and** you and the other party have complied with **mandatory disclosure** and filed all of the required papers, either party may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. If you request the hearing, you must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(3), Answer to Petition and Counterpetition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (03/15)

Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED...** Your dissolution is contested if you and your spouse disagree on any issues raised in the petition or counterpetition. If you are unable to settle the disputed issues, either party may file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **trial** (final hearing).

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

With this form, you must also file the following:

- **Affidavit of Corroborating Witness**, Florida Supreme Court Approved Family Law Form 12.902(i) **OR** photocopy of current Florida driver's license, Florida identification card, or voter's

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(3), Answer to Petition and Counterpetition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (03/15)

registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).

- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on you, if not filed at the time you file this answer.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of __service__ of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)

**Alimony...** By using this form, you are forever giving up your rights to spousal support (alimony) from petitioner. Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. **If you want alimony, you must request it in writing** in an appropriate answer and counterpetition (see the other answer and counterpetition forms included in these forms for the appropriate form).

**Marital/Nonmarital Assets and Liabilities...** By using this form, you are stating that there are no __marital assets__ and/or __liabilities__.

**Final Judgment Form...** These family law forms contain a **Final Judgment of Dissolution of Marriage with No Property or Minor Child(ren) (Uncontested)**, Florida Supreme Court Approved Family Law Form 12.990(b)(3). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer...** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.903(c)(3), Answer to Petition and Counterpetition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,

Husband,

and

_____,

　　　　Wife.

# ANSWER TO PETITION AND COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN) OR PROPERTY

I, *{full legal name}*_____, Respondent, being sworn, certify that the following information is true:

## ANSWER TO PETITION

1.　I **agree** with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, **admit** those allegations: *{indicate section and paragraph number}* _____
_____.

2.　I **disagree** with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, **deny** those allegations: *{indicate section and paragraph number}* _____
_____.

3.　I currently am unable to admit or deny the following paragraphs due to lack of information: *{indicate section and paragraph number}* _____
_____.

## COUNTERPETITION FOR DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN) OR PROPERTY

1.　JURISDICTION/RESIDENCE
　　_____Husband _____ Wife _____ Both has (have) lived in Florida for at least 6 months before the filing of this Petition for Dissolution of Marriage.

2.　Petitioner _____ is or _____ is not a member of the military service.

Florida Supreme Court Approved Family Law Form 12.903(c)(3), Answer to Petition and Counterpetition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (03/15)

- 114 -

Respondent _____ is or _____ is not a member of the military service.

3.  MARRIAGE HISTORY
    Date of marriage: *{month, day, year}* _____
    Place of marriage: *{city, state, country}* _____
    Date of separation: *{month, day, year}* _____ (_____Indicate **if** approximate)

4.  THERE ARE NO MINOR (under 18) OR DEPENDENT CHILD(REN) COMMON TO BOTH PARTIES AND THE WIFE IS NOT PREGNANT.

5.  A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this counterpetition.

6.  THIS COUNTERPETITION FOR DISSOLUTION OF MARRIAGE SHOULD BE GRANTED BECAUSE:

    a. _____The marriage is irretrievably broken.

        **OR**

b. _____One of the parties has been adjudged mentally incapacitated for a period of 3 years before the filing of this counterpetition.  A copy of the Judgment of Incapacity is attached.

7.  THERE ARE NO MARITAL ASSETS OR LIABILITIES.

8.  **RESPONDENT FOREVER GIVES UP HIS/HER RIGHTS TO SPOUSAL SUPPORT (ALIMONY) FROM PETITIONER.**

9.  _____ *[If Respondent is also the Wife]*, Wife wants to be known by her former name, which was *{full legal name}* _____.

10. Other relief *{specify}*: _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____

**REQUEST**
 (This section summarizes what you are asking the Court to include in the final judgment of dissolution

Florida Supreme Court Approved Family Law Form 12.903(c)(3), Answer to Petition and Counterpetition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (03/15)

of marriage.)
Respondent requests that the Court enter an order dissolving the marriage **and**:

1. _____restoring Wife's former name as specified in paragraph 9 of this petition;

2. \_\_\_\_\_ awarding other relief as specified in paragraph 10 of this petition; and any other terms the Court deems necessary.

I certify that a copy of this document was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand delivered to the person(s) listed below on *{date}* _____.

**Petitioner or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and counterpetition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____        _____
Signature of Respondent
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

STATE OF FLORIDA
COUNTY OF

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

Florida Supreme Court Approved Family Law Form 12.903(c)(3), Answer to Petition and Counterpetition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (03/15)

_____
_[Print, type, or stamp commissioned name of notary or clerk.]_
_____ Personally known
_____ Produced identification
Type of identification produced

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the *{choose only one}* (    ) Husband (    ) Wife.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}*  _____,
*{address}* _____,
*{city}* _____, *{state}* _____,*{zip code}*_____,*{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.903(c)(3), Answer to Petition and Counterpetition for Dissolution of Marriage with No Dependent or Minor Child(ren) or Property (03/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(d)
# ANSWER TO COUNTERPETITION (03/15)

## When should this form be used?

This form should be used by a **petitioner** to respond to the **respondent's counterpetition**.  You should use this form to admit or deny the allegations contained in the counterpetition.

This form should be typed or printed in black ink.  After completing this form, you should sign the form before a **notary public** or **deputy clerk**.  You should **file** the original with the **clerk of the circuit court** in the county where the case is filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

You have 20 days to answer after being served with the other party's counterpetition.  A copy of this form must be mailed, e-mailed, or hand delivered to the other party.

To proceed with your case, you should refer to the instructions to your petition regarding setting a case for trial under **UNCONTESTED** and **CONTESTED**.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.**  The words that are in **bold underline** in these instructions are defined there.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

Instructions for Florida Supreme Court Approved Family Law Form 12.903(d), Answer to Counterpetition (03/15)

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes…

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.903(d), Answer to Counterpetition (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner/Counterrespondent,

and

_____,
Respondent/Counterpetitioner.

# ANSWER TO COUNTERPETITION

I, *{full legal name}* _____, being sworn, certify that the following information is true:

1. I **agree** with Respondent as to the allegations raised in the following numbered paragraphs in the Counterpetition and, therefore, **admit** those allegations: *{indicate section and paragraph number}*

   _____.

2. I **disagree** with Respondent as to the allegations raised in the following numbered paragraphs in the Counterpetition and, therefore, **deny** those allegations: *{indicate section and paragraph number}*

   _____.

3. I am currently unable to admit or deny the following paragraphs due to lack of information: *{indicate section and paragraph number}* _____

   _____.

I certify that a copy of this document was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand-delivered to the person(s) listed below on *{date}* _____.

**Respondent or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____

Florida Supreme Court Approved Family Law Form 12.903(d), Answer to Counterpetition (03/15)

- 120 -

Fax Number: _____

Designated E-mail Address(es):_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Petitioner

Printed Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

Designated E-mail Address(es): _____

_____

STATE OF FLORIDA

COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or clerk.]*

_____ Personally known

_____ Produced identification

Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the Petitioner.

This form was completed with the assistance of:

*{name of individual}* _____,

*{name of business}* _____,

*{address}* _____,

*{city}* _____,*{state}* _____,*{zip code}*_____, *{telephone number}*_____.

**Florida Supreme Court Approved Family Law Form 12.903(d), Answer to Counterpetition (03/15)**

- 121 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.903(e), ANSWER TO SUPPLEMENTAL PETITION (03/15)

## When should this form be used?

This form should be used when you are responding to a **supplemental petition** for modification of Parenting Plan, time-sharing schedule, child support, or alimony. This form is used to admit or deny all of the allegations in the supplemental petition if you do not plan to file a **counterpetition**. There is no form for a counterpetition to a supplemental petition in these Family Law Forms. If you want to file a counterpetition to a supplemental petition you will need to either seek legal assistance or create a form yourself. You may construct an answer and counterpetition using the pertinent sections contained in the **Answer to Petition and Counterpetition for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.903(c)(1), or **Answer to Petition and Counterpetition for Dissolution of Marriage with Property but No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.903(c)(2).

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where the case was filed and keep a copy for your records. This must be done within 20 days of receiving the supplemental petition.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form, along with all of the other forms required with this **answer**, must be mailed, e-mailed, or hand delivered to the other party in your case. Regardless of whether you file a counterpetition, you have 20 days to answer after being served with the other **party**'s supplemental petition. After you file your answer, the case will generally proceed in one of the following two ways:

Instructions for Florida Supreme Court Approved Family Law Form 12.903(e), Answer to Supplemental Petition (03/15)

<u>UNCONTESTED...</u>  If you file an answer that agrees with everything in the other party's supplemental petition **and** you have complied with **mandatory disclosure** and filed all of the required papers, either party may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**.  If you request the hearing, you must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

<u>CONTESTED...</u>  If you file an answer which disagrees with or denies anything in the supplemental petition, **and** you are unable to settle the disputed issues, either party may file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers.  Some circuits may require the completion of **mediation** before a final hearing may be set. If you request the hearing, you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.**  The words that are in **"bold underline"** in these instructions are defined there. See chapter 61, Florida Statutes, for more information.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.**  If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-**

Instructions for Florida Supreme Court Approved Family Law Form 12.903(e), Answer to Supplemental Petition (03/15)

**mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

# Special notes...

With this form, you must also file the following:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves child(ren).
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), if child support is an issue. (If you do not know the other party=s income, you may file this worksheet after his or her financial affidavit has been served on you.)
- **Settlement Agreement**, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1), or **Marital Settlement Agreement for Dissolution of Marriage with [Property but] No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(2).
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the supplemental petition on you, if not filed at the time you file your answer.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of **service** of the supplemental petition on you, if not filed at the time of you file your answer, unless you and the other party have agreed not to exchange these documents.)

**Parenting and Time-Sharing...** If you and the other party are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).

The judge may request a **parenting plan recommendation** or appoint a **guardian ad litem** in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes. A **parenting course** may be required prior to entry of a final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live.

Listed below are some terms with which you should become familiar before completing your supplemental petition. **If you do not fully understand any of the terms below or their implications,**

Instructions for Florida Supreme Court Approved Family Law Form 12.903(e), Answer to Supplemental Petition (03/15)

- 124 -

**you should speak with an attorney before going any further.**

**Shared Parental Responsibility**
**Sole Parental Responsibility**
**Supervised Time-Sharing**
**No contact**
**Parenting Plan**
**Parenting Plan Recommendation**
**Time-Sharing Schedule**

**Child Support...** If this case involves child support issues, the court may order one parent to pay **child support** to assist the other parent in meeting the child(ren)'s material needs. **Both parents are required to provide financial support**, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of **both** parents and take into account the financial contributions of both parents. You must file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Temporary Relief...** If you need temporary relief regarding parental responsibility and time-sharing with child(ren), child support or alimony, you may file a **Motion for Temporary Support with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(a) or, if you need temporary relief regarding alimony and there are no dependent or minor child(ren), you may file a **Motion for Temporary Support with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for these forms.

**Settlement Agreement...** If you and the other party are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1), or **Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(2). Both parties must sign this agreement before a **notary public** or **deputy clerk**. Any issues on which you are unable to agree will be considered **contested** and settled by the judge at the final hearing.

Instructions for Florida Supreme Court Approved Family Law Form 12.903(e), Answer to Supplemental Petition (03/15)

**Final Judgment Form...** These family law forms contain a **Supplemental Final Judgment Modifying Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule or Other Relief**, Florida Supreme Court Approved Family Law Form 12.993(a), a **Supplemental Final Judgment Modifying Child Support**, Florida Supreme Court Approved Family Law Form 12.993(b), and a **Supplemental Final Judgment Modifying Alimony**, Florida Supreme Court Approved Family Law Form 12.993(c), which the judge may use, as appropriate. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer...** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.903(e), Answer to Supplemental Petition (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# ANSWER TO SUPPLEMENTAL PETITION

I, *{full legal name}* _____, being sworn, certify that the following information is true:

1. I **agree** with Petitioner as to the allegations raised in the following numbered paragraphs in the Supplemental Petition and, therefore, **admit** those allegations: *{indicate section and paragraph number}* _____

2. I **disagree** with Petitioner as to the allegations raised in the following numbered paragraphs in the Supplemental Petition and, therefore, **deny** those allegations: *{indicate section and paragraph number}* _____

3. I currently am unable to admit or deny the following paragraphs due to lack of information: *{indicate section and paragraph number}* _____

4. If not previously filed in this case, a completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c) _____ is filed with this answer, or _____ will be timely filed.

5. If not previously filed in this case, a completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this answer.

6. _____*{If applicable}* This case involves minor child(ren), and a completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this answer.

7. _____*{If applicable}* This case involves child support, and a completed Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e),_____ is filed or _____ will be timely filed with the court.

I certify that a copy of this document was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand

Florida Supreme Court Approved Family Law Form 12.903(e), Answer to Supplemental Petition (03/15)

- 127 -

delivered to the person(s) listed below on *{date}* _____ .

**Petitioner or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Respondent
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____ .

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or clerk.]*
_____ Personally known
_____ Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Respondent.
This form was completed with the assistance of:
*{name of individual}* _____ ,
*{name of business}* _____ ,

Florida Supreme Court Approved Family Law Form 12.903(e), Answer to Supplemental Petition (03/15)

*{address}*_____ _____,
*{city}* _____,*{state}* _____, *{zip code}*_____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.904(a),
# PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)
# (03/15)

## When should this form be used?

This form may be used to ask the court to enter a support **order** if your spouse has the ability to contribute to you and your minor child(ren), but has failed to do so.  You can **only** use this form if a **dissolution of marriage** has not been filed **and** based upon the time-sharing schedule, you are entitled to support. If a petition for dissolution of marriage has been filed, you should file a **Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(a), instead of using this **petition**.  Also, if you are requesting that an order be entered for you to pay support to your spouse, you should not file this form.

This petition cannot address the issues of property, debts, or parental responsibility and time-sharing with child(ren).  It only deals with **alimony** and **child support**.

This form should be typed or printed in black ink.  After completing this form, you should sign the form before a **notary public** or **deputy clerk**.  You should **file** the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records.  Because you are filing this **petition,** you are also referred to as the **petitioner** and your spouse as the **respondent.**

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

For your case to proceed, you must properly notify   your spouse of the petition.   Because this petition concerns child support and alimony, you should use **personal service**.    If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, **Memorandum for Certificate of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(a) and **Affidavit of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(b).   Service on a spouse who is in the military can be complicated; therefore, you may wish to consult an attorney regarding this issue.

Your spouse has 20 days to **answer** after being served with your petition.  Your case will then generally proceed in one of the following three ways:

**DEFAULT.**  If after 20 days, no answer has been filed, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court.  Then, if you have filed all of the required papers, you may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**.  You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**UNCONTESTED.**   If your spouse files an answer that agrees with everything in your petition or an answer and waiver, **and** you have complied with **mandatory disclosure** and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing.  You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED.**  If your spouse files an answer or an answer and **counterpetition**, which disagrees with or denies anything in your petition, **and** you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **trial** (final hearing).  If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.**  The words that are in **bold underline** in these instructions are defined there. For further information, see section 61.09, Florida Statutes.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.**  If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form

Instructions for Florida Supreme Court Approved Family Law Form 12.904(a), Petition for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

With this form you must also file the following:

- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), if the case involves minor or dependent child(ren).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of **service** of the petition on the respondent, if not filed at the time of the petition, unless you and the other party have agreed not to exchange these documents.)
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that child support be ordered in the final judgment. (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)

**Alimony.** Alimony may be awarded to a spouse if the judge finds that he or she has an actual need for it and that the other spouse has the ability to pay. **If you want alimony, you must request it in writing in the original petition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).** You may request **permanent alimony, bridge-the-gap alimony, durational alimony, lump sum alimony,** or **rehabilitative alimony.**

**Child Support.** The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. **Both parents are required to provide financial support**, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of **both** parents and take into account the financial contributions of both parents and the number of overnights the child(ren) spend with each parent. You must file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

Instructions for Florida Supreme Court Approved Family Law Form 12.904(a), Petition for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

- 132 -

**Temporary Relief.** If you need temporary relief regarding child support or temporary alimony, you may file a **Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(a). For more information, see the instructions for that form.

**Final Judgment Forms.** These family law forms contain a **Final Judgment of Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.994(a), which the judge may use if your case is contested. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer.** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.904(a), Petition for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

- 133 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

In re: the Marriage of:                                    Case No: _____

                                                          Division: _____

_____,
   Husband,
and

_____,
     Wife.

# PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)

I, *{full legal name}*_____ , the
( ) Husband ( ) Wife, the Petitioner, being sworn, certify that the following statements are true:

1.  JURISDICTION
    _____ Husband _____ Wife _____ Both live in Florida at the filing of this Petition for Support Unconnected with Dissolution of Marriage, which is filed pursuant to section 61.09, Florida Statutes.

2.  Husband _____ is or _____ is not a member of the military service.
    Wife _____ is or _____ is not a member of the military service.

3.  MARRIAGE HISTORY
    Date of marriage: *{month, day, year}* _____
    Date of separation: *{month, day, year}* _____ (_____Indicate if approximate)

4.  MINOR CHILD(REN)
    *[Indicate **all** that apply]*
    a. _____The wife is pregnant.  The baby is due on: *{date}* _____.

    b. _____The minor (under 18) child(ren) common to both parties are:

**Name**                                    **Birth date**

_____ _____

_____ _____

_____ _____

_____ _____

_____ _____

_____ _____

    c.      The minor child(ren) born or conceived during the marriage who are **not** common to both parties are:

Florida Supreme Court Approved Family Law Form 12.904(a), Petition for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

**Name**                              **Birth date**

_____
_____ ____
_____
_____
_____

The birth father(s) of the above minor child(ren) is (are) *{name and address}* _____
_____

    d.        ____The child(ren) common to both parties who are 18 or older but who are dependent upon the parties due to a mental or physical incapacity are:

**Name**                              **Birth date**

_____
_____

5. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.

6. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c) _____ is filed with this petition or _____ will be timely filed.

7. A completed Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e) _____ is filed with this petition, or _____ will be timely filed.

8. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.

**SECTION I.  SPOUSAL SUPPORT (ALIMONY)**

1. **____Husband ____ Wife does not request spousal support (alimony) from the other spouse at this time.**

<b>OR</b>

2. ____ Husband ____Wife has the ability to contribute to the maintenance of the other spouse and has failed to do so.____ Husband ____Wife requests that the Court order the other spouse to pay the following spousal support (alimony) and claims that he or she has a need for the support that he or she is requesting.  Spousal support (alimony) is requested in the amount of $_____ every _____ week _____ other week _____ month, beginning *{date}* _____, and continuing until *{date or event}* _____ ____.

Explain why the Court should order ____ Husband ____ Wife to pay and any specific request(s) for type of alimony (temporary, permanent, rehabilitative, bridge-the-gap, durational, and/or lump sum):_____
_____
_____
_____
_____
_____

Florida Supreme Court Approved Family Law Form 12.904(a), Petition for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

_____
_____ .

   3.   _____Other provisions relating to alimony including any tax treatment and consequences:
_____ _____
_____ _____
_____ _____

   4.   _____Husband _____ Wife requests life insurance on the other spouse's life, provided by that spouse, to secure such support.

**SECTION II.  CHILD SUPPORT**

1. _____ Husband _____Wife has the ability to contribute to the maintenance of his or her     minor child(ren) and has  failed to do so.  Based upon the time-sharing schedule, the _____Husband _____Wife is entitled to child support.

*[Indicate **all** that apply]*

   2.   _____Husband _____Wife requests that the Court award child support as determined by Florida's child support guidelines, section 61.30, Florida Statutes.

   3.   _____ Husband _____ Wife requests that the Court award child support to be paid beyond the age of 18 years by _____Husband _____Wife because:

a._____the following child(ren), *{name(s)}*_____,
is (are) dependent because of a mental or physical incapacity which began prior to the age of 18 *{explain}:* _____
_____ _____
_____ _____

b._____the following child(ren), *{name(s)}* _____,
is (are) dependent in fact, is (are) in high school and is (are) between the ages of 18 and 19; said child(ren) is (are) performing in good faith with a reasonable expectation of graduation before the age of 19.

   4.   _____ Husband _____ Wife requests that medical/dental insurance for the minor child(ren) be provided by: *[**Choose only one**]*
      a.   _____ Husband.

      b.   _____ Wife.

   5.   _____ Husband _____ Wife requests that uninsured medical/dental expenses for the child(ren) be paid:  *[**Choose only one**]*

      a.   _____ by Husband.

      b.   _____ by Wife.

      c.   _____ by Husband and Wife each paying one-half.

      d.   _____according to the percentages in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).

Florida Supreme Court Approved Family Law Form 12.904(a), Petition for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

e. _____Other *{explain}*: _____.

6. _____Husband ____ Wife  requests that life insurance to secure child support be provided by:

a._____Husband

b._____Wife

c._____Both

**SECTION III.  OTHER RELIEF**

_____
_____
_____
_____
_____
_____

**SECTION IV.   REQUEST**

 (This section summarizes what you are asking the Court to include in the order for support.)

_____ Husband ____ Wife requests that the Court enter an order establishing support **and**:

*[Indicate **all** that apply]*
   a.   ____ awarding spousal support (alimony) as requested in Section I of this petition;

   b.   ____ establishing child support for the minor child(ren) common to both parties, as requested in
            Section II of this petition;

   c.   ____ awarding other relief as requested in Section III of this petition; and any other items the
             Court deems necessary.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____         _____

                                          Signature of (    ) Husband (    ) Wife
Printed Name: _____
Address: _____
City, State, Zip: _
Telephone Number: ____
Fax Number: _____
Designated E-mail Address(es): _____
_____

Florida Supreme Court Approved Family Law Form 12.904(a), Petition for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.


_____
NOTARY PUBLIC or DEPUTY CLERK


_____
_____
_____ *[Print, type, or stamp commissioned name of notary or deputy clerk.]*
Personally known
_____ Produced identification
Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (     ) Husband (     ) Wife
This form was completed with the assistance of:
*{name of individual}*_____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____ , *{state}* _____ , *{zip code}*_____ , *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.904(a), Petition for Support Unconnected
with Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.904(b),
# PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN)(03/15)

## When should this form be used?

This form may be used if a **dissolution of marriage** has not been filed, and you are requesting **alimony**. If a petition for dissolution has been filed, you should file a **Motion for Temporary Support with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(c), instead of using this **petition**. Also, if you are requesting that an order be entered for you to pay support to your spouse, you should not file this form.

This petition does not address the issues of property or debts. It only deals with alimony.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records. Because you are filing the **petition** in this proceeding, you are also referred to as the **petitioner** and your **spouse** as the **respondent.**

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

For your case to proceed, you must properly notify your spouse of the petition. Because this petition concerns alimony, you should use **personal service**. If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, **Memorandum for Certificate of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(a) and **Affidavit of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(b). Service on a spouse who is in the military can be complicated; therefore, you may wish to consult an attorney regarding this issue.

Your spouse has 20 days to **answer** after being served with your petition. Your case will then generally proceed in one of the following three ways:

Instructions for Florida Supreme Court Approved Family Law Form 12.904(b), Petition for Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren) (03/15)

- 139 -

**DEFAULT...** If after 20 days, no answer has been filed, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**UNCONTESTED...** If your spouse files an answer that agrees with everything in your petition or an answer and waiver, **and** you have complied with **mandatory disclosure** and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED...** If your spouse files an answer or an answer and **counterpetition**, which disagrees with or denies anything in your petition, **and** you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **trial** (final hearing). If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see section 61.09, Florida Statutes.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme

Instructions for Florida Supreme Court Approved Family Law Form 12.904(b), Petition for Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren) (03/15)

Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

# Special notes...

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

With this form you must also file the following:

- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition.)
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of **service** of the petition on the respondent, if not filed at the time of the petition, unless you and the other party have agreed not to exchange these documents.)

**Alimony...** Alimony may be awarded to a spouse if the judge finds that he or she has an actual need for it and that the other spouse has the ability to pay. **If you want alimony, you must request it in writing in the original petition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).** You may request **permanent alimony**, **bridge-the-gap alimony, durational alimony, lump sum alimony**, or **rehabilitative alimony**.

**Temporary Relief...** If you need temporary relief regarding alimony, you may file a **Motion for Temporary Support with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(c). For more information, see the instructions for that form.

**Final Judgment Forms...** These family law forms contain a **Final Judgment of Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.994(b), which the judge may use if your case is contested. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer...** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.904(b), Petition for Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren) (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

In re: the Marriage of:                                    Case No: _____
                                                           Division: _____

_____,
Husband,
and

_____,
Wife.

# PETITION FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH NO DEPENDENT OR MINOR CHILD(REN)

I, *{full legal name}* _____, the
*[Choose only one]* _____ Husband _____ Wife, being sworn, certify that the following statements are
true:

1.  JURISDICTION
_____ Husband _____ Wife _____ Both live in Florida at the filing of this Petition for Support
Unconnected with Dissolution of Marriage, which is filed pursuant to section 61.09, Florida Statutes.

2.  Husband _____ is or _____ is not a member of the military service.
Wife _____ is or _____ is not a member of the military service.

3.  MARRIAGE HISTORY
Date of marriage: *{month, day, year}* _____
Date of separation: *{month, day, year}* _____ (_____Indicate if approximate)

4.  A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or
    (c),_____ is filed with this petition  or _____ will be timely filed.

5.  A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form
    12.902(j), _____is filed with this petition or _____ will be timely filed.

**SECTION I.  SPOUSAL SUPPORT (ALIMONY)**

1.  _____ Husband _____Wife has the ability to contribute to the maintenance of the other spouse and
    has failed to do so. _____Husband _____Wife requests that the Court order the other spouse to pay
    the following spousal support (alimony) and claims that he or she has a need for the support that he
    or she is requesting and that the other spouse has the ability to pay.  Spousal support (alimony) is
    requested in the amount of $_____every _____ week _____ other week _____ month,
    beginning *{date}* _____, and continuing until *{date or event}*_____
    _____.

Florida Supreme Court Approved Family Law Form 12.904(b), Petition for Support Unconnected
with Dissolution of Marriage with No Dependent or Minor Child(ren) (03/15)
- 142 -

Explain why the Court should order _____ Husband _____Wife to pay and any specific request(s) for type of alimony (temporary, permanent, bridge-the-gap, durational, rehabilitative, and/or lump sum):

_____
_____
_____
_____
_____
_____.

2. _____ Other provisions relating to alimony including any tax treatment and consequences:

_____
_____
_____.

3. _____ Husband _____ Wife requests life insurance on the other spouse's life, provided by that spouse, to secure such support.

**SECTION II.  OTHER RELIEF**

_____
_____
_____
_____

**SECTION III.   REQUEST** (This section summarizes what you are asking the Court to include in the order for support.)

_____ Husband _____ Wife requests that the Court enter an order establishing support **and**:
*[Indicate **all** that apply]*
a. _____ awarding spousal support (alimony) pursuant to Section I of this petition;

b. _____ awarding other relief as specified in Section II of this petition; and any other terms the Court deems necessary.

Florida Supreme Court Approved Family Law Form 12.904(b), Petition for Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren) (03/15)

- 143 -

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of _____ Husband _____ Wife
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Addresses): _____

_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or deputy clerk.]*
_____ Personally known
_____ Produced identification
_____ Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (   ) Husband (   ) Wife
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____, *{zip code}*_____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.905(a),
# SUPPLEMENTAL PETITION TO MODIFY PARENTAL RESPONSIBILITY, VISITATION OR PARENTING PLAN/ TIME–SHARING SCHEDULE AND OTHER RELIEF (03/15)

## When should this form be used?

This form should be used when you are asking the court to change the current parental responsibility, visitation, and/or Parenting Plan/time-sharing schedule. A determination of parental responsibility, a Parenting Plan and a time-sharing schedule may not be modified without a showing of a substantial, material, and unanticipated change in circumstances and a determination that the modification is in the best interests of the child(ren).

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** this form in the county where the original order or judgment was entered. If the order or judgment was entered in another state, or if the child(ren) live(s) in another state, you should speak with an **attorney** about where to file this form. You should file the original with the **clerk of the circuit court** and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

For your case to proceed, you must properly notify the other party in your case of the **supplemental petition**. If you know where he or she lives, you should use **personal service**. If you absolutely do

Instructions for Florida Supreme Court Approved Family Law Form 12.905(a), Supplemental Petition to Modify Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief (03/15)

- 145 -

not know where he or she lives, you may use **constructive service**. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting a dissolution of marriage, the court may only grant limited relief. For more information on constructive service, see **Notice of Action for Family Cases with Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.913(a),(2) and **Affidavit of Diligent Search and Inquiry**, Florida Family Law Rules of Procedure Form 12.913(b). If the other party is in the military service of the United States, additional steps for service may be required. See, for example, **Memorandum for Certificate of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.

If personal service is used, the other party has 20 days to **answer** after being served with your supplemental petition. Your case will then generally proceed in one of the following three ways:

**DEFAULT...** If after 20 days, no answer has been filed, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. You must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**UNCONTESTED...** If the **respondent** files an answer that agrees with everything in your supplemental petition or an answer and waiver, **and** you have complied with **mandatory disclosure** and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED...** If the respondent files an answer or an answer and **counterpetition**, which disagrees with or denies anything in your supplemental petition, **and** you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **trial** (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

Instructions for Florida Supreme Court Approved Family Law Form 12.905(a), Supplemental Petition to Modify Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief (03/15)

# Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General)**, Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

With this form, you must also file the following:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d).
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e)

Instructions for Florida Supreme Court Approved Family Law Form 12.905(a), Supplemental Petition to Modify Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief (03/15)

if you are seeking to modify child support. (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)

- **Parenting Plan**, Florida Supreme Court Approved Family Law Form, 12.995(a) or 12.995(b). If the parties have reached an agreement, the Parenting Plan should be signed by both parties. If you have not reached an agreement, a proposed Parenting Plan may be filed. **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). **Certificate of Compliance with Mandatory Disclosure,** Florida Family Law Rules of Procedure Form 12.932 if you are seeking to modify child support. (This must be filed within 45 days of **service** of the supplemental petition on the respondent, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)

**Parenting Plan and Time-Sharing...** If you and the respondent are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).

The judge may request a **parenting plan recommendation** or appoint a **guardian ad litem** in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.

A **parenting course** may be required prior to entry of a final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live.

Listed below are some terms with which you should become familiar before completing your supplemental petition. **If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.**

- **Shared Parental Responsibility**
- **Sole Parental Responsibility**
- **Supervised Time-Sharing**
- **No contact**
- **Parenting Plan**
- **Parenting Plan Recommendation**
- **Time-Sharing Schedule**

Instructions for Florida Supreme Court Approved Family Law Form 12.905(a), Supplemental Petition to Modify Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief (03/15)

**Child Support…**  The court may order one parent to pay **child support** to assist the other parent in meeting the child(ren)'s material needs.  **Both parents are required to provide financial support**, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent.  Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of **both** parents and take into account the financial contributions of both parents and the number of overnights the child(ren) spend with each parent.  You must file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the other parent will be required to do the same.  From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Temporary Relief…**  If you need temporary relief regarding parental responsibility and time-sharing with child(ren), or temporary child support, you may file a **Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(a).  For more information, see the instructions for that form.

**Settlement Agreement…**  If you and the respondent are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement.  Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1).   Both parties must sign this agreement before a **notary public**. Any issues on which you are unable to agree will be considered **contested** and settled by the judge at the final hearing.

**Final Judgment Form…**  These family law forms contain a **Supplemental Final Judgment Modifying Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule And Other Relief**, Florida Supreme Court Approved Family Law Form 12.993(a), which the judge may use.  You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing.  If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer…**  Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.905(a), Supplemental Petition to Modify Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____ ,
   Petitioner,

and

_____ ,
Respondent.

# SUPPLEMENTAL PETITION TO MODIFY PARENTAL RESPONSIBILITY, VISITATION, OR PARENTING PLAN/TIME-SHARING SCHEDULE AND OTHER RELIEF

I, *{full legal name}* _____
_____ , being sworn, certify that the following information is true:

1. The parties to this action were granted a final judgment of _____ dissolution of marriage _____ paternity on *{date}* _____.  A copy of the final judgment and any modification(s) is attached.

2. Paragraph(s)_____of the _____ final judgment or _____ most recent modification thereof describes the present parental responsibility, visitation, or Parenting Plan/Time-Sharing schedule.

*3.* Since the final judgment or last modification thereof, there has been a substantial, material and unanticipated change in circumstances, requiring a modification of the parental responsibility, visitation, or Parenting Plan/Time-Sharing schedule. Those changes are as follows: *{explain}*

_____
_____
_____
_____
_____
_____
_____
_____
_____

4. I ask the Court to modify the parental responsibility, visitation, Parenting Plan or Time-Sharing schedule as follows: *{explain}*

_____

Florida Supreme Court Approved Family Law Form 12.905(a), Supplemental Petition to Modify Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief (03/15)

_____

_____

_____.This modification is in the best interests of the child(ren) because: *{explain}*

_____

_____

_____

_____

_____ .

5.  Petitioner _____ requests _____ does not request that child support be modified, consistent with the modification of the Parenting Plan/Time-Sharing schedule.

6.  If necessary, a Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), _____ is, or _____ will be filed.

7.  A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), is _____, or _____ will be, filed.

8.  A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.

9.  If not previously filed in this case, a completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.

10. Other: _____
_____

_____
_____
_____ .

Florida Supreme Court Approved Family Law Form 12.905(a), Supplemental Petition to Modify Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief (03/15)

- 151 -

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**


Dated: _____          _____
                                                Signature of Petitioner

                                                Printed Name: _____
                                                 Address: _____
                                                 City, State, Zip: _____
                                                 Telephone Number: _____
                                                 Fax Number: _____
                                                 Designated E-mail Address(es):_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____


_____
   NOTARY PUBLIC or DEPUTY CLERK


_____
*[Print, type, or stamp commissioned name of notary or deputy clerk.]*

_____ Personally known
_____ Produced identification
   Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Petitioner.
This form was completed with the assistance of:
*{name of individual}* _____,


Florida Supreme Court Approved Family Law Form 12.905(a), Supplemental Petition to Modify Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief (03/15)

*{name of business}* _____,
*{address}* _____,
*{city}*_____,*{state}* _____,*{zip code}*_____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.905(a), Supplemental Petition to Modify Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief (03/15)

- 153 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.905(b)
# SUPPLEMENTAL PETITION FOR MODIFICATION OF CHILD SUPPORT
# (03/15)

## When should this form be used?

This form should be used when you are asking the court to change a current court-ordered **child support** obligation.  The court can change a child support **order** or **judgment** if the judge finds that there has been a **substantial change in the circumstances** of the parties and the change is in the **child(ren)'s best interests**.

This form should be typed or printed in black ink.  After completing this form, you should sign the form before a **notary public** or **deputy clerk**.  You should **file** this form in the county where the original order was entered.  If the order was entered in another state, or if the child(ren) live(s) in another state, you should speak with an **attorney** about where to file this form.  You should file the original with the **clerk of the circuit court** and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

For your case to proceed, you must properly notify the other party in your case of the **supplemental petition**. If you know where he or she lives, you should use **personal service**.  If you absolutely do not know where he or she lives, you may use **constructive service**.  You may also be able to use constructive service if the other party resides in another state or country.  However, if constructive service is used, other than granting a divorce, the court may only grant limited relief.  For more information on constructive service, see **Notice of Action for Family Cases with Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.913(a)(2), and **Affidavit of Diligent Search and Inquiry**, Florida Family Law Rules of Procedure Form 12.913(b).  If the other party is in the military service of the United States, additional steps for service may be required.  See, for example, **Memorandum for Certificate of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(a).  In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.

If personal service is used, the other party has 20 days to **answer** after being served with your supplemental petition.  Your case will then generally proceed in one of the following three ways:

**DEFAULT...** If after 20 days, no answer has been filed, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. You must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**UNCONTESTED...** If the **respondent** files an answer that agrees with everything in your supplemental petition or an answer and waiver, **and** you have complied with **mandatory disclosure** and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED...** If the respondent files an answer or an answer and **counterpetition**, which disagrees with or denies anything in your supplemental petition, **and** you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **trial** (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

Instructions for Florida Supreme Court Approved Family Law Form 12.905(b), Supplemental Petition for Modification of Child Support (03/15)

# Special notes...

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

With this form, you must also file the following:

- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e).  (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)
- **Settlement Agreement**, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1).
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c).  **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932.  (This must be filed within 45 days of __service__ of the supplemental petition on the respondent, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)

**Child Support...**   The court may order one parent to pay __child support__ to assist the other parent in meeting the child(ren)'s material needs.  **Both parents are required to provide financial support**, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid.  These guidelines are based on the combined income of **both** parents and take into account the financial contributions of both parents.  You must file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the other parent will be required to do the same.  From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e).  Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Temporary Relief...**   If you need temporary relief regarding child support, you may file a **Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(a).  For more information, see the instructions for that form.

**Settlement Agreement...**   If you and the respondent are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement.  Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1).  Both parties must sign this agreement

Instructions for Florida Supreme Court Approved Family Law Form 12.905(b), Supplemental Petition for Modification of Child Support (03/15)

- 156 -

before a **notary public** or **deputy clerk.** Any issues on which you are unable to agree will be considered **contested** and settled by the judge at the final hearing.

**Final Judgment Form...** These family law forms contain a **Supplemental Final Judgment Modifying Child Support**, Florida Supreme Court Approved Family Law Form 12.993(b), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer...** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.905(b), Supplemental Petition for Modification of Child Support (03/15)

- 157 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____ ,
Petitioner,

and

_____ ,
Respondent.

## SUPPLEMENTAL PETITION FOR MODIFICATION OF CHILD SUPPORT

I, *{full legal name}* _____ , being sworn, certify that the
following information is true:

1.  The parties to this action were granted a final judgment _____ of dissolution of marriage
    _____ of paternity _____ for support unconnected with a dissolution of marriage _____ Other
    *[describe]* _____ on *{date}* _____ .
A copy of the final judgment and any modification(s) is attached.

2.  Paragraph(s) _____ of the _____ final judgment or _____ most recent modification
    thereof establishes the present child support at $_____ every _____ week _____ other
    week _____ month, beginning on *{date}* _____ .

3.  Since the final judgment or most recent modification thereof, there has been a substantial
    change in circumstances, requiring a modification in child support. This change in circumstance
    is as follows: *{explain}* _____

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____ .

4.  I ask the Court to modify child support as follows: *{explain}* _____

    _____
    _____
    _____
    _____
    _____
    _____

Florida Supreme Court Approved Family Law Form 12.905(b), Supplemental Petition for
Modification of Child Support (03/15)

- 158 -

_____ .

5. This change is in the best interests of the child(ren) because: *{explain}* _____
_____
_____
_____
_____
_____
_____
_____
_____ .

6. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), is _____, or _____will be, filed.

7. If not previously filed in this case, a completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed.

8. A Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), _____ is, or _____ will be, filed.

9. Other: _____
_____
_____ _____ .

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____          _____
                                        Signature of Petitioner
                                        Printed Name: _____
                                        Address: _____
                                        City, State, Zip: _____
                                        Telephone Number: _____
                                        Fax Number: _____
                                        Designated E-mail Address(es):_____
                                        _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____ .

                                        _____
                                        NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or deputy clerk.]*
_____ Personally known
_____ Produced identification
        Type of identification produced _____

Florida Supreme Court Approved Family Law Form 12.905(b), Supplemental Petition for Modification of Child Support (03/15)

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the Petitioner.

This form was completed with the assistance of:

*{name of individual}* _____ ,

*{name of business}* _____ ,

*{address}* _____ ,

*{city}* _____ ,*{state}* _____ ,*{zip code}* _____ , *{telephone number}* _____ .

Florida Supreme Court Approved Family Law Form 12.905(b), Supplemental Petition for Modification of Child Support (03/15)

- 160 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.905(c),
# SUPPLEMENTAL PETITION FOR MODIFICATION OF ALIMONY (03/15)

## When should this form be used?

This form should be used when you are asking the court to change a current court-ordered **alimony** obligation. The court can change an order for temporary, permanent periodic, durational, and rehabilitative alimony if the judge finds that there has been a **substantial change in the circumstances** of the parties. Lump sum and bridge-the-gap alimony cannot be modified.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**.  You should **file** this form in the county where the original order was entered.  If the order was entered in another state, or if the respondent lives in another state, you should speak with an **attorney** about where to file this form.  You should file the original with the **clerk of the circuit court** and keep a copy for your records. Because you are filing the **petition** in this proceeding, you are also referred to as the **petitioner** and your **spouse** as the **respondent.**

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

For your case to proceed, you must properly notify the other party in your case of the **supplemental petition**.  Because this petition concerns alimony, you should use **personal service**.   If the other party is in the military service of the United States, additional steps for service may be required.  See, for example, **Memorandum for Certificate of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(a) and **Affidavit of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(b).  In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding this issue.

If personal service is used, the other party has 20 days to **answer** after being served with your supplemental petition.  Your case will then generally proceed in one of the following three ways:

**DEFAULT...**  If after 20 days, no answer has been filed, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court.  Then, if you have filed all of the required papers, you may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**.  You must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

Instructions for Florida Supreme Court Approved Family Law Form 12.905(c), Supplemental Petition for Modification of Alimony (03/15)

- 161 -

**UNCONTESTED...** If the **respondent** files an answer that agrees with everything in your supplemental petition or an answer and waiver, **and** you have complied with **mandatory disclosure** and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED...** If the respondent files an answer or an answer and **counterpetition**, which disagrees with or denies anything in your supplemental petition, **and** you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **trial** (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

Instructions for Florida Supreme Court Approved Family Law Form 12.905(c), Supplemental Petition for Modification of Alimony (03/15)

# Special notes...

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

With this form you must also file the following and serve a copy on the other party:

- **Settlement Agreement**, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1), or Marital **Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(2).

- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c).

- **Certificate of Compliance with Mandatory Disclosure,** Florida Family Law Rules of Procedure Form 12.932.  (This must be filed within 45 days of service of the supplemental petition on the other party, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)

**Alimony...**  In order to modify an order for alimony, a **judge** must find that there has been a substantial change in circumstances.

**Temporary Relief...**  If you need temporary relief regarding modification of alimony, you may file a **Motion for Temporary Support with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(a), or **Motion for Temporary Support with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(d), whichever is appropriate.  For more information, see the instructions for those forms.

**Settlement Agreement...**  If you and the respondent are able to reach an agreement on any or all of the issues, you should file a Settlement Agreement.  Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1), or **Marital Settlement Agreement for Dissolution of Marriage with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(2).  Both parties must sign this agreement before a notary public. Any issues on which you are unable to agree will be considered contested and settled by the judge at the final hearing.

**Final Judgment Form...**  These family law forms contain a **Supplemental Final Judgment Modifying Alimony**, Florida Supreme Court Approved Family Law Form 12.993(c), which the judge may use.  You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing.  If so, you should type or print the heading, including the circuit, county, case

Instructions for Florida Supreme Court Approved Family Law Form 12.905(c), Supplemental Petition for Modification of Alimony (03/15)

number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer...** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.905(c), Supplemental Petition for Modification of Alimony (03/15)

- 164 -

IN THE CIRCUIT COURT OF THE_____JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,


_____,
Respondent.

# SUPPLEMENTAL PETITION FOR MODIFICATION OF ALIMONY

I, {full legal name} _____, being sworn, certify that the
following information is true:

1. The parties to this action were granted a final judgment (    ) of dissolution of marriage (    ) for
support unconnected with a dissolution of marriage on {date} _____.
A copy of the final judgment and any modification(s) is attached.

2. Paragraph(s) _____of the _____ final judgment or _____ most recent modification
thereof establishes the present alimony at $ _____ every _____ week _____other
week _____ month, beginning on {date} _____.

3. Since the final judgment or most recent modification thereof, there has been a substantial
change in circumstances, requiring a modification in alimony.  This change in circumstance is as
follows: {explain} _____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4. I ask the Court to modify alimony as follows: {explain} _____
_____
_____
_____

Florida Supreme Court Approved Family Law Form 12.905(c), Supplemental Petition for
Modification of Alimony (03/15)

_____
_____
_____
_____
_____.

  5.  A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), is _____ , or _____will be, filed.

  6.  Other:  _____
_____
_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**


Dated: _____          _____
                                          Signature of PETITIONER
                                           Printed Name:  _____
                                          Address:  _____
                                          City, State, Zip: _____
                                          Telephone Number: _____
                                          Fax Number: _____
                                          Designated E-mail Address(es): _____
                                          _____


STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.


                                          _____
                                          NOTARY PUBLIC or DEPUTY CLERK


_____
*[Print, type, or stamp commissioned name of notary or deputy clerk.]*
_____   Personally known
_____   Produced identification
        Type of identification produced _____



**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

Florida Supreme Court Approved Family Law Form 12.905(c), Supplemental Petition for Modification of Alimony (03/15)

[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}*_____,
*{address}* _____,
*{city}* _____,*{state}* _____, *{zip code}*_____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.905(d)
## SUPPLEMENTAL PETITION FOR TEMPORARY MODIFICATION OF PARENTING ISSUES FOR CHILD(REN) OF PARENT ACTIVATED, DEPLOYED, OR TEMPORARILY ASSIGNED TO MILITARY SERVICE (03/15)

## When should this form be used?

This form should be used when a parent seeks a temporary modification of an order establishing custody, visitation, a parenting plan, or time-sharing schedule because the parent is activated, deployed, or temporarily assigned to military service and the parent's ability to comply with the prior order (s) and time-sharing schedule is materially affected.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should file the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records. This form and these instructions do not apply to modification of temporary orders.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

For your case to proceed, you must properly notify the other party in your case of the **supplemental petition**. If you know where he or she lives, you should use **personal service**. If you absolutely do not know where he or she lives, you may use **constructive service**. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, other than granting dissolution of marriage, the court may only grant limited relief. For more information on constructive service, see **Notice of Action for Family Cases with Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.913(a)(2), and **Affidavit of Diligent Search and Inquiry**, Florida Family Law Rules of Procedure

Instructions for Florida Supreme Court Approved Family Law Form 12.905(d), Supplemental Petition for Temporary Modification of Parenting Issues for Child(ren) of Parent Activated, Deployed, or Temporarily Assigned to Military Service (03/15)

Form 12.913(b).  If the other party is in the military service of the United States, additional steps for service may be required.  See, for example, **Memorandum for Certificate of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(a).  In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.

If personal service is used, the other party has 20 days to **answer** after being served with your supplemental petition.  Your case will then generally proceed in one of the following three ways:

**DEFAULT...**  If after 20 days, no answer has been filed, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court.  Then, if you have filed all of the required papers, you may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**.  You must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**UNCONTESTED...**  If the **respondent** files an answer that agrees with everything in your supplemental petition or an answer and waiver, **and** you have complied with **mandatory disclosure** and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing.  You must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED...**  If the respondent files an answer or an answer and **counterpetition**, which disagrees with or denies anything in your supplemental petition, **and** you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **trial** (final hearing).  If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.**  The words that are in **"bold underline"** in these instructions are defined there. For further information, see section 61.13002, Florida Statutes.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

Instructions for Florida Supreme Court Approved Family Law Form 12.905(d), Supplemental Petition for Temporary Modification of Parenting Issues for Child(ren) of Parent Activated, Deployed, or Temporarily Assigned to Military Service (03/15)

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

With this form, you must also file the following:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d).
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), if you are seeking modification of the child support obligation. (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)
- **Settlement Agreement**, if you have reached an agreement on any or all of the issues. Although there is no form for this in these Florida Family Law Forms, you may construct a settlement agreement using the pertinent sections contained in **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1).
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), if you are seeking modification of the child support obligation.
- **Parenting Plan**, Florida Supreme Court Approved Family Law Form, 12.995(a), (b), or (c). If the parties have reached an agreement, a signed and notarized Parenting Plan should be attached. If you have not reached an agreement, a proposed Parenting Plan may be filed.

Instructions for Florida Supreme Court Approved Family Law Form 12.905(d), Supplemental Petition for Temporary Modification of Parenting Issues for Child(ren) of Parent Activated, Deployed, or Temporarily Assigned to Military Service (03/15)

- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932, if you are seeking modification of the child support obligation. (This must be filed within 45 days of service of the supplemental petition on the respondent, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)

**Temporary Judgment Form...** These family law forms contain a **Supplemental Temporary Judgment Modifying Parenting Issues for Children of a Parent Activated, Deployed or Temporarily Assigned to Military Service** Florida Supreme Court Approved Family Law Form 12.993(d)), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer...** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.905(d), Supplemental Petition for Temporary Modification of Parenting Issues for Child(ren) of Parent Activated, Deployed, or Temporarily Assigned to Military Service (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
Petitioner,
And

_____,
Respondent.

# SUPPLEMENTAL PETITION FOR TEMPORARY MODIFICATION OF PARENTING ISSUES FOR CHILD(REN) OF PARENT ACTIVATED, DEPLOYED, OR TEMPORARILY ASSIGNED TO MILITARY SERVICE

I, *{full legal name}* _____, being sworn, certify that the following information is true:

1. The parties to the action, *{names}* _____, were granted a final judgment of *[Choose **one** only]* _____ dissolution of marriage _____ paternity on *{date}* _____, _____ other *{describe}*_____.
A copy/copies of the final judgment or any modification(s) is/are attached.

2. Paragraph(s) _____ of the *[Choose **one** only]* _____ final judgment or _____ most recent modification of it grants custody, primary care, or time-sharing of the minor child(ren), *{name(s)}* _____, with *{name of parent}* _____.

3. The parent, *{name}* _____, is: *[Choose **all** that apply]*
_____ activated
_____ deployed
_____ temporarily assigned to military service.

4. The parent, *{name}* _____, is temporarily unable to continue the current parenting plan and time-sharing schedule with the minor child(ren) during the period of time that the parent is *[Choose **all** that apply]*
_____ activated
_____ deployed
_____ temporarily assigned to military service.

5. I ask the court to temporarily modify/amend the parental responsibility and time-sharing schedule of the minor child(ren) during the period of time that the parent, *{name}* _____, is

Florida Supreme Court Approved Family Law Form 12.905(d), Supplemental Petition for Temporary Modification of Parenting Issues for Child(ren) of Parent Activated, Deployed, or Temporarily Assigned to Military Service (03/15)

*[ Choose **all** that apply]*
_____ activated
_____ deployed
_____ temporarily assigned to military service as follows:
*{explain}*_____

_____

_____

_____.

6.  This temporary modification/amendment is in the best interests of the child(ren).

7.  I ask that the court adopt _____ the attached temporary Parenting Plan _____ time-sharing schedule set forth below during the time that the parent is *[Choose **all** that apply]*
    _____ activated
    _____ deployed
    _____ temporarily assigned to military service:

    _____

    _____

    _____.

8.  If the requested modification/amendment is granted, Petitioner requests that child support be temporarily modified/amended, consistent with the temporary modification/amendment of the Parenting Plan and time-sharing schedule. A Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e) is, or will be, filed if a modification of child support is requested.

9.  A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c) is filed with this Petition.

10. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.

11. Other: _____
    _____
    _____
    _____
    _____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**


Dated: _____          _____
                                        Signature of PETITIONER


Florida Supreme Court Approved Family Law Form 12.905(d), Supplemental Petition for Temporary Modification of Parenting Issues for Child(ren) of Parent Activated, Deployed, or Temporarily Assigned to Military Service (03/15)

Printed Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

Designated E-mail Address(es):_____

_____

STATE OF FLORIDA

COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

_____

NOTARY PUBLIC or DEPUTY CLERK

_____

*[Print, type, or stamp commissioned name of notary or deputy clerk.]*

____     Personally known

____     Produced identification

____     Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the Petitioner.

This form was completed with the assistance of:

*{name of individual}* _____,

*{name of business}*_____,

*{address}* _____,

*{city}* _____,*{state}* _____, *{zip code}*_____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.905(d), Supplemental Petition for Temporary Modification of Parenting Issues for Child(ren) of Parent Activated, Deployed, or Temporarily Assigned to Military Service (03/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.910(b), PROCESS SERVICE MEMORANDUM (03/15)

## When should this form be used?

You should use this form to give the sheriff's department (or private process server) instructions for serving the other **party** in your case with the **Summons: Personal Service on an Individual**, Florida Family Law Rules of Procedure Form 12.910(a), and other papers to be served.  On this form you can tell the sheriff's department the best times to find the person at work and/or at home. You can also include a map to the other person's home or work place to help the sheriff find the person and deliver the summons.  Do not forget to attach to the summons a copy of your initial petition and any other papers you want personally served on the other party.

This form should be typed or printed in black ink.  After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where your petition was filed and attach a copy to the **Summons: Personal Service on an Individual**, Florida Family Law Rules of Procedure Form 12.910(a). You should also keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.**  You should read the instructions for **Summons: Personal Service on an Individual**, Florida Family Law Rules of Procedure Form 12.910(a), for additional information.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or

Instructions for Florida Supreme Court Approved Family Law Form 12.910(b), Process Service Memorandum (03/15)

permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

If you fear that disclosing your address would put you in danger because you are the victim of sexual battery, aggravated child abuse, stalking, aggravated stalking, harassment, aggravated battery, or domestic violence, you should complete a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h), file it with the clerk, and write confidential in the space provided on the petition.

**Nonlawyer.** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.910(b), Process Service Memorandum (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,
and

_____,
Respondent.

# PROCESS SERVICE MEMORANDUM

**TO:** _____ Sheriff of _____ County, Florida; _____ Division
_____ Private process server: _____

Please serve the *{name of document(s)}* _____
_____
in the above-styled cause upon:
Party: *{full legal name}* _____
Address or location for service: _____
_____
Work Address: _____
_____

If the party to be served owns, has, and/or is known to have guns or other weapons, describe what type of weapon(s): _____

SPECIAL INSTRUCTIONS: _____
_____
_____
_____

Dated: _____          _____
Signature of Party
*Printed Name: _____
*Address: _____
*City, State, Zip: _____
*Telephone Number: _____
*Fax Number: _____
*Designated E-mail Address(es): _____

Florida Supreme Court Approved Family Law Form 12.910(b), Process Service Memorandum (03/15)

**\* Please see the Special Notes section in the instructions to this form regarding Florida Supreme Court Approved Family Law Form 12.980(h), Request for Confidential Filing of Address, which may be used if you need to keep your addresses or telephone numbers confidential for safety reasons.**

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent
This form was completed with the assistance of:
*{name of individual}*_____ ____,
*{name of business}* _____ __,
*{address}* _____ ,
*{city}* _____,*{state}* ___, *{zip code}* _____,*{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.910(b), Process Service Memorandum (03/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.912(a)
# MEMORANDUM FOR CERTIFICATE OF MILITARY SERVICE (03/15)

## When should this form be used?

This form should be used if you **KNOW OR DO NOT KNOW** whether the other party in your case is on active duty in a branch of the military service of the United States. "Active duty" includes reserve personnel of the Army, Navy, Air Force, Marine Corps, and Coast Guard, and members of the Florida National Guard who have been called to active duty for more than thirty (30) days. Even if you believe that the other party **has never** or **would never** join the military, you must show the court proof that he or she is not a member of the military. Therefore, you may need to use this form to provide the court with such proof. See the instructions for an **Affidavit of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(b), for additional information.

**Servicemembers Civil Relief Act (SCRA) Certificates:**
For information on obtaining certificates of service or non-service under the Servicemembers Civil Relief Act (SCRA)(formerly known as Soldiers' and Sailors' Civil Relief Act of 1940), please refer to the following websites: http://www.defense.gov or www.dfas.mil.

You may also fill out this form and **mail one copy to each** of the military branches listed below. You may be charged a service fee by each military service branch for their response. Please refer to the websites and/or phone numbers listed below for help in determining the amount of each military branch's fee and to verify its current mailing address.

**COAST GUARD:** USCG Commander, Personnel Service Center, Attn: PSD-MR, 4200 Wilson Blvd., Suite 1100, Arlington VA 22203 Phone 1-866-772-8724 NOTE: All requests must be in writing. www.uscg.mil/hq/cgpc/home/locator/html.

**AIR FORCE:** HQ AFPC/DPDXIDL, Attn: World Wide Locator, 550 C Street, West, Suite 50, Randolph AFB, TX 78150-4752, Phone: (210) 565-2660, NOTE: Requests will be taken by phone. www.af.mil

**NAVY:** Bureau of Naval Personnel, PERS-312E, 5720 Integrity Drive, Millington, TN 38055-3120, Phone: (901) 874-5111 www.npc.navy.mil NOTE: Requests will be taken by phone.

**MARINE CORPS:** CMC HQ (MMSB17), 2008 Elliot Road, Room 201, Quantico, VA 22134 Phone: (703)784-3941 NOTE: All requests must be in writing.

**PUBLIC HEALTH SERVICE:** Attn: Director, Division of Commissioned Corps Officer Support, http://dcp.psc.gov/ad_search.asp NOTE: Please direct all inquiries to the website.

**ARMY:** Army World Wide Locator Service, Enlisted Records and Evaluation Center, 8899 East 56th Street, Indianapolis, IN 46249-5301, Phone: (1-866) 771-6357, fax: (317) 510-3685 NOTE: All requests must be in writing.

Instructions for Florida Supreme Court Approved Family Law Form 12.912(a), Memorandum for Certificate of Military Service (03/15)

This form should be typed or printed in black ink.  You should complete this form for each branch of the United States' military listed above, and mail the form to each branch with a **check for the appropriate amount and a stamped, self-addressed envelope**.  You should keep a copy of the form for your records. After you have received a verification of military status from each branch, you will need to attach those verifications to an **Affidavit of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(b), for filing with the clerk.

## Special notes...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

 Instructions for Florida Supreme Court Approved Family Law Form 12.912(a), Memorandum for Certificate of Military Service (03/15)

- 180 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

## MEMORANDUM FOR CERTIFICATE OF MILITARY SERVICE

**TO:**   ( )   USCG Commander, Personnel Service Center, Attn: PSD-MR, 4200 Wilson Blvd, Suite 1100, Arlington, VA  22203

( )   HQ AFPC/DPDXIDL, Attn: World Wide Locator, 550 C. Street West, Suite 50, Randolph AFB, TX 78150-4752

( )   Bureau of Naval Personnel, PERS-312E, 5720 Integrity Drive, Millington, TN   38055-3120

( )   CMC, HQ, (MMSB17), 2008 Elliot Road, Room 201, Quantico, VA 22134

( )   Public Health Service:  Attn: Director, Division of Commissioned Corps Officer Support http://dcp.psc.gov/ad_search.asp

( )   Army World Wide Locator Service, Enlisted Records and Evaluation Center, 8899 East 56th Street, Indianapolis, IN 46249-5301


**RE:**   _____     _____
*{Name of Respondent}*                                              *{Respondent's Social Security Number}*


This case involves a family matter.  It is imperative that a determination be made whether the above-named individual, who has an interest in these proceedings, is presently in the military service of the United States, and the dates of induction and discharge, if any.  This information is requested under the Servicemembers Civil Relief Act (formerly known as Soldiers' and Sailors' Civil Relief Act of 1940). Please supply verification as soon as possible.  My check for $_____ for your search fee and a self-addressed, stamped envelope are enclosed.


Florida Supreme Court Approved Family Law Form 12.912(a), Memorandum for Certificate of Military Service (03/15)

- 181 -

Dated: _____     _____
                                 Signature of Petitioner

Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number:     _____
Designated E-mail Address(es):_____
_____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Petitioner.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}*_____,
*{address}*_____,
*{city}*_____, *{state}*_____,*{zip code}*_____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.912(a), Memorandum for Certificate of Military Service (03/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.912(b), AFFIDAVIT OF MILITARY SERVICE (03/15)

## When should this form be used?

An Affidavit of Military Service is required in every case where the Respondent has not filed an answer or appearance. The purpose is to protect the men and women serving in the U.S. military from having a court judgment entered against them without first receiving notice of the lawsuit and a chance to defend the case.

## You should use this form when ALL of the following statements are true:

- The other person in your case has been served, whether by **personal service** or **constructive service**.
- The other person in your case has not responded to your petition.
- You are requesting that the court enter a default judgment against the other person.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You must **file** the original of this form with the **clerk of the circuit court** when you file your **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a). You must also attach copies of all verifications of nonmilitary service that you received from each branch of the United States' military service. You should keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

Instructions for Florida Supreme Court Approved Family Law Form 12.912(b), Affidavit of Military Service (03/15)

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.912(b), Affidavit of Military Service (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# AFFIDAVIT OF MILITARY SERVICE

I, *{full legal name}* _____ , am the Petitioner in this case. To support my application for a default judgment and to comply with the Servicemembers Civil Relief Act (SCRA) (formerly known as Soldiers' and Sailors' Civil Relief Act of 1940), I swear or affirm that the following information is true:
*{Please choose only one}*

1. _____I know of my own personal knowledge that the Respondent **IS** on active duty in the military service of the United States.

2. _____ I know of my own personal knowledge that Respondent **IS NOT** now on active duty in the military service of the United States, nor has the Respondent been on active military service of the United States within a period of thirty (30) days immediately before this date. "Active Service" includes reserve members of the Army, Navy, Air Force, Coast Guard, and Marines who have been ordered to report for active duty and members of the Florida National Guard who have been ordered to report to active duty for a period of more than thirty (30) days.

3. _____ I have contacted the military services of the United States and the U.S. Public Health Service and have obtained certificates showing that the Respondent is not on active duty status. These certificates are attached.

4. _____ I have attempted to determine the military status of the Respondent, but do not have sufficient information. This is what I have done to determine whether or not Respondent is on active duty in the United States military:

_____
_____
_____

Florida Supreme Court Approved Family Law Form 12.912(b), Affidavit of Military Service (03/15)

_____
_____.
I have no reason to believe that s/he is on active duty at this time.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated:_____          _____
                                        Signature of Petitioner

Printed Name: _____
Address:_____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or clerk.]*
_____ Personally known

_____ Produced identification

_____ Type of identification produced _____.

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Petitioner.
This form was completed with the assistance of:
*{name of individual}*, _____,
*{name of business}*_____,
*{address}* _____,

Florida Supreme Court Approved Family Law Form 12.912(b), Affidavit of Military Service (03/15)

- 186 -

*{city}_____,{state} _____, {zip code}_____,{telephone number}_____.*

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.913(a)(1)
## NOTICE OF ACTION FOR DISSOLUTION OF MARRIAGE
## (NO CHILD OR FINANCIAL SUPPORT)
## (03/15)

### When should this form be used?

This form may be used to obtain **constructive service** (also called service by publication) in a **dissolution of marriage** case that does not involve a minor child or financial support if you do not know where your **spouse** lives or if your spouse lives outside Florida and you are unable to obtain **personal service**. Constructive notice will allow the court to dissolve the marriage, but personal service is required before a court can order payment of financial support, such as **spousal** support (**alimony)** or costs. If you are asking the court to decide how real or personal property located in Florida should be divided, the **Notice of Action** must include a specific description of the property. If you use constructive service, the court can grant only limited relief because its jurisdiction is limited.   This is a complicated area of the law and you should consult an attorney before using constructive service.

You should complete this form by typing or printing the appropriate information in black ink.  You should insert your spouse's name and last known address and then **file** this form with the **clerk of the circuit court** in the county where your petition for dissolution of marriage was filed.  You must also complete and file an **Affidavit of Diligent Search and Inquiry**, Florida Family Law Rules of Procedure Form 12.913(b).  You should keep a copy for your records.

After the **Affidavit of Diligent Search and Inquiry**, Florida Family Law Rules of Procedure Form 12.913(b), is filed, the clerk will sign this form.  The form must then be given to a qualified local newspaper in the county where the case is pending to be published once each week for four consecutive weeks.  When in doubt, ask the clerk which newspapers in your area are "qualified."  The newspaper will charge you for this service.  If you cannot afford to pay the cost of publication of this notice in a qualified newspaper, you may ask the clerk to post the notice at a place designated for such postings. You will need to file an **Application for Determination of Civil Indigent Status,** which you can obtain from the clerk. If the clerk determines that you cannot afford these costs, the clerk will post the notice of action.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

Instructions for Florida Supreme Court Approved Family Law Form 12.913(a)(1), Notice of Action for Dissolution of Marriage  (No Child or Financial Support) (03/15)

- 188 -

# Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** For further information, see rule 12.070, Florida Family Law Rules of Procedure, and chapter 49, Florida Statutes.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

If the other party fails to respond to your **petition** within the time limit stated in the notice of action that is published or posted, you are entitled to request a **default**. (See **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), and **Default**, Florida Supreme Court Approved Family Law Form 12.922(b).)

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.913(a)(1), Notice of Action for Dissolution of Marriage (No Child or Financial Support) (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No._____
Division: _____

_____ ,
Petitioner

and

_____ ,
Respondent.

# NOTICE OF ACTION FOR DISSOLUTION OF MARRIAGE
## (NO CHILD OR FINANCIAL SUPPORT)

TO: *{name of Respondent}* _____
*{Respondent's last known address}* _____

YOU ARE NOTIFIED that an action for dissolution of marriage has been filed against you and that you are required to serve a copy of your written defenses, if any, to it on *{name of Petitioner}*
_____,
whose address is _____
on or before *{date}* _____, and file the original with the clerk of this Court at *{clerk's address}*
_____,
before service on Petitioner or immediately thereafter. **If you fail to do so, a default may be entered against you for the relief demanded in the petition.**

The action is asking the court to decide how the following real or personal property should be divided:
*{insert "none" or, if applicable, the legal description of real property, a specific description of personal property, and the name of the county in Florida where the property is located}*

_____

**Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents upon request.**

**You must keep the Clerk of the Circuit Court's office notified of your current address. (You may file Designation of Current Mailing and E-Mail Address, Florida Supreme Court Approved Family Law Form 12.915.) Future papers in this lawsuit will be mailed or e-mailed to the address(es) on record at the clerk's office.**

**WARNING: Rule 12.285, Florida Family Law Rules of Procedure, requires certain automatic disclosure of documents and information. Failure to comply can result in sanctions, including dismissal or striking of pleadings.**

Florida Supreme Court Approved Family Law Form 12.913(a)(1), Notice of Action for Dissolution of Marriage (No Child or Financial Support) (03/15)

Dated: _____         CLERK OF THE CIRCUIT COURT


                                       By: _____
                                            Deputy Clerk




**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Petitioner.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____, *{zip code}*_____, *{telephone number}*_____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.913(a)(2)
# NOTICE OF ACTION FOR FAMILY CASES WITH MINOR CHILD(REN) (03/15)

## When should this form be used?

This form may be used to obtain **constructive service** (also called service by publication) in an action involving a parenting plan for a minor child under chapter 61, Florida Statutes; an action to determine temporary custody by extended family under chapter 751, Florida Statutes; and termination of a legal father's parental rights when another man is alleged to be the biological father. "Parenting plan" means a document created to govern the relationship between the parents relating to decisions that must be made regarding the minor child and must contain a time-sharing schedule for the parents and child. Section 61.046(14), Florida Statutes. You may use constructive service if you do not know where the other party lives or if the other party lives outside Florida and you are unable to obtain **personal service**. Constructive notice will allow the court to grant the relief requested, but personal service is required before a court can order payment or termination of **child support,** spousal support (**alimony**), or costs. If you are asking the court to decide how real or personal property located in Florida should be divided, the **Notice of Action** must include a specific description of the property. If you use constructive service, the court can grant only limited relief because its jurisdiction is limited. This is a complicated area of the law and you should consult an attorney before using constructive service.

You should complete this form by typing or printing the appropriate information in black ink. You must insert the other party's name and last known address and then **file** this form with the **clerk of the circuit court** in the county where your petition was filed. You must also complete and file an **Affidavit of Diligent Search and Inquiry**. Use Florida Family Law Rules of Procedure Form 12.913(b) unless you are serving the legal father in a paternity case where another man is alleged to be the biological father, in which case, you must use Form 12.913(c). You should keep a copy for your records.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

After the **Affidavit of Diligent Search and Inquiry**, Family Law Rules of Procedure Form 12.913(b) or 12.913(c), is filed, the clerk will sign this form. You will need to publish notice once each week for four consecutive weeks in a "qualified" newspaper in the county where the case

Instructions for Florida Supreme Court Approved Family Law Form 12.913(a)(2), Notice of Action For Family Cases With Minor Child(ren) (03/15)

is pending.  When in doubt, ask the clerk which newspapers are "qualified."  The newspaper will charge you for this service.  If you cannot afford to pay the cost of publishing this notice, you may ask the clerk to post the notice at a place designated for such postings. You will need to file an **Application for Determination of Civil Indigent Status,** which you can obtain from the clerk.  If the clerk determines that you cannot afford these costs, the clerk will post the notice of action.  If your case involves termination of a legal father's parental rights when another man is alleged to be the biological father, you need to publish the notice only in the county where the legal father was last known to have resided. You are responsible for locating a "qualified" newspaper in the county where the other party last resided and paying the cost of publication.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.**  For further information, see rule 12.070, Florida Family Law Rules of Procedure, rule 1.070, Florida Rules of Civil Procedure, sections 61.501–61.542, Florida Statutes and chapter 49, Florida Statutes.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.**  If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

If the other party fails to respond to your **petition** within the time limit stated in the notice of action that is published or posted, you are entitled to request a **default**.  (See **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), and **Default**, Florida Supreme Court Approved Family Law Form 12.922(b).)

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you.  A nonlawyer helping you fill

Instructions for Florida Supreme Court Approved Family Law Form 12.913(a)(2), Notice of Action For Family Cases With Minor Child(ren) (03/15)

out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.913(a)(2), Notice of Action For Family Cases With Minor Child(ren) (03/15)

- 194 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____ ,
Petitioner

and

_____ ,
Respondent.

# NOTICE OF ACTION FOR

*{Specify action}* _____

TO: *{name of Respondent}* _____
*{Respondent's last known address}* _____

YOU ARE NOTIFIED that an action for *{identify the type of case}* _____has been
filed against you and that you are required to serve a copy of your written defenses, if any, to it on
*{name of Petitioner}* _____,
whose address is _____
on or before *{date}*_____, and file the original with the clerk of this Court at *{clerk's address}*
_____
before service on Petitioner or immediately thereafter.  **If you fail to do so, a default may be entered
against you for the relief demanded in the petition.**

*{If applicable, insert the legal description of real property, a specific description of personal property, and
the name of the county in Florida where the property is located}* _____
_____.

**Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit
Court's office.  You may review these documents upon request.**

**You must keep the Clerk of the Circuit Court's office notified of your current address.  (You may file
Designation of Current Mailing and E-Mail Address, Florida Supreme Court Approved Family Law Form
12.915.)  Future papers in this lawsuit will be mailed or e-mailed to the addresses on record at the
clerk's office.**

**WARNING:  Rule 12.285, Florida Family Law Rules of Procedure, requires certain automatic disclosure
of documents and information.  Failure to comply can result in sanctions, including dismissal or
striking of pleadings.**

Florida Supreme Court Approved Family Law Form 12.913(a)(2), Notice of Action For Family Cases With Minor
Child(ren) (03/15)

Dated: _____.        CLERK OF THE CIRCUIT COURT

By: _____
Deputy Clerk


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Petitioner.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____, *{zip code}*_____, *{telephone number}*_____.

Florida Supreme Court Approved Family Law Form 12.913(a)(2), Notice of Action For Family Cases With Minor Child(ren) (03/15)

- 196 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.914
# CERTIFICATE OF SERVICE
# (03/15)

## When should this form be used?

After a petition or supplemental petition has been properly served (through either **personal service** or **constructive service**), both parties **must** serve copies of all additional documents or papers they **file** with the clerk on the other **party,** or his or her attorney, if he or she has one.  Each time you file a document, you must certify that you provided the other party with a copy.  Many of the Florida Family Law Forms already have a place above the signature line for this certification.  It looks like this:

I certify that a copy of this document was (    ) mailed (    ) faxed and mailed (    ) e-mailed   (    ) hand-delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____

_____

If a form you are filing has a certificate, you do not need to file a separate **Certificate of Service**, Florida Supreme Court Approved Family Law Form 12.914.  However, **each time** you file a document that does **not** have a certificate like the one above, you must file a **Certificate of Service**,  Florida Supreme Court Approved Family Law Form 12.914, and serve a copy of the document on the other party.

This form should be typed or printed in black ink.  After completing this form (giving the name of each form, document, or paper filed), you should sign the form before a **notary public** or **deputy clerk**.  You should file the original with the **clerk of the circuit court** in the county where your case was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

The copy you are providing to the other party must be either mailed, e-mailed, or hand-delivered to the opposing party or his or her attorney on the same day indicated on the certificate of service. If it is mailed, it must be postmarked on the date indicated in the certificate of service.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

### Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** For more information, see rule 1.080, Florida Rules of Civil Procedure and rule 12.080, Florida Family Law Rules of Procedure.

### Special notes

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms

also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# CERTIFICATE OF SERVICE

I certify that a copy of *{name of document(s)}* _____

_____
was (   ) mailed (   ) faxed and mailed (   ) e-mailed (   ) hand-delivered to the person listed below on
*{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____

_____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____

_____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (   ) Petitioner (   ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____,

Florida Supreme Court Approved Family Law Form 12.914, Certificate of Service (03/15)

*{name* *of business}*_____,
*{address}* _____,
*{city}* _____,*{state}* ____,*{zip* *code}*_____,*{telephone* *number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.915,
# DESIGNATION OF CURRENT MAILING AND E-MAIL ADDRESS (03/15)

## When should this form be used?

This form should be used to inform the clerk and the other **party** of your current mailing and e-mail address(es) or **any change of address**.  It is very important that the court and the other party in your case have your correct address.

A party not represented by an attorney may choose to designate e-mail address(es) for **service.**  A primary and up to two secondary e-mail addresses can be designated.  If you do so and the other party is represented by an attorney or has also designated e-mail address(es) for service, e-mail will be the **exclusive means of service.**

If there is any change in your mailing or e-mail address(es), you must complete a new form, file it with the clerk, and serve a copy on any other party or parties in your case.

## What should I do next?

This form should be typed or printed in black ink.  After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where your case is filed and keep a copy for your records.   A copy of this form must be served on any other party in your case.  **Service** must be in accordance with Florida Rule of Judicial Administration 2.516.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain

Instructions for Florida Supreme Court Approved Family Law Form 12.915, Designation of Current Mailing and E-mail Address (03/15)

- 202 -

circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there.

## Special notes...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.915, Designation of Current Mailing and E-mail Address (03/15)

- 203 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,

Petitioner,

and

_____,

Respondent.

## DESIGNATION OF CURRENT MAILING AND E-MAIL ADDRESS

I, *{full legal name}* _____, being sworn, certify that
my current mailing address is: *{Street}* _____
*{City}*_____, *{State}* _____ *{Zip}* _____
*{Telephone No.}* _____ *{Fax No.}* _____.

I designate as my current e-mail address(es):_____

_____

_____

**I understand that I must keep the clerk's office and the opposing party or parties notified of my current mailing and e-mail address(es) and that all future papers in this lawsuit will be served at the address(es) on record at the clerk's office.**

 I certify that a copy of this document was: (     ) e-mailed (     ) mailed (     ) faxed
(     ) hand-delivered to the person(s) listed below on *{date}*_____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es): _____
_____

Florida Supreme Court Approved Family Law Form 12.915, Designation of Current Mailing and E-mail Address (03/15)

Dated: _____          _____ _

STATE OF FLORIDA
COUNTY OF
Sworn to or affirmed and signed before me on _____ by _____ .

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or clerk.]*
_____ Personally known
_____ Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____ _____ ,
*{name of business}* _____ _____ ,
*{street}* _____ ,
*{city}* _____ ,*{state}* ____ , *{zip code}* _____ ,*{telephone number}* _____ .

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.921, NOTICE OF HEARING (CHILD SUPPORT ENFORCEMENT HEARING OFFICER)(03/15)

## When should this form be used?

A **child support enforcement hearing officer** is an attorney who has been appointed by administrative order of the court to take testimony and recommend decisions in cases involving the establishment, enforcement, and/or modification of **child support**. If your case only involves issues pertaining to child support, you cannot object to the referral of your case to a hearing officer.

Use this form anytime you have set a **hearing** before a child support enforcement hearing officer and have been instructed to send notice of the hearing to the other party. Before you fill out this form, you should coordinate a hearing time and date with the hearing officer and the other party. If the Department of Revenue is a party to the case, you may need to schedule your hearing time with the attorney for the Department of Revenue.

This form should be typed or printed in black ink. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where your case is filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form must be mailed, e-mailed, or hand-delivered to the other party in your case.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain

Instructions for Florida Supreme Court Approved Family Law Form 12.921, Notice of Hearing (Child Support Enforcement Hearing Officer) (03/15)

- 206 -

circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self Represented Litigants found at the beginning of these forms.** For further information, See Rule 12.941, Florida Family Law Rules of Procedure.

## Special notes...

An attorney who has been appointed by the court to serve as a child support enforcement hearing officer can also be appointed to serve as a general magistrate. If your case involves only child support issues, your case may properly be referred to a general magistrate acting as a child support enforcement hearing officer.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.921, Notice of Hearing (Child Support Enforcement Hearing Officer) (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

## NOTICE OF HEARING
## (CHILD SUPPORT ENFORCEMENT HEARING OFFICER)

TO: *{name of other party}*: _____
There will be a hearing before Child Support Enforcement Hearing Officer *{name}* _____,
on *{date}* _____, at *{time}* _____ m., in Room _____ of the _____
County Courthouse, on the following issues: _____
_____.
_____ hour(s)/_____ minutes have been reserved for this hearing.

If the matter before the Child Support Enforcement Hearing Officer is a Motion for Civil Contempt/Enforcement, **FAILURE TO APPEAR AT THE HEARING MAY RESULT IN THE COURT ISSUING A WRIT OF BODILY ATTACHMENT FOR YOUR ARREST. IF YOU ARE ARRESTED, YOU MAY BE HELD IN JAIL UP TO 48 HOURS BEFORE A HEARING IS HELD.**

This part to be filled out by the court or filled in with information you have obtained from the court:

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact:**

_____
*{identify applicable court personnel by name, address, and telephone number}* **at least 7 days before your scheduled court appearance, or immediately upon**

Florida Supreme Court Approved Family Law Form 12.921, Notice of Hearing (Child Support Enforcement Hearing Officer) (03/15)

**receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

If you are represented by an attorney or plan to retain an attorney for this matter, you should notify the attorney of this hearing.

If this matter is resolved, the moving party shall contact the hearing officer's office to cancel this hearing.

I certify that a copy of this document was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand-delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney**:
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number:_____
Fax Number:_____
Designated E-mail Address(es):_____

_____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* ( ) Petitioner ( ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* ____, *{zip code}*_____,*{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.921, Notice of Hearing (Child Support Enforcement Hearing Officer) (03/15)

- 209 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORMS 12.922(a), MOTION FOR DEFAULT, AND 12.922(b), DEFAULT (03/15)

## When should these forms be used?

If the other **party** has failed to **file** or **serve** any documents within 20 days after the date of service of your **petition**, you may ask the **clerk of the circuit court** to enter a **default** against him or her by filling out this form and filing it with the court. Generally, a default allows you to obtain an earlier **final hearing** to finish your case. Once the default is signed by the clerk, you can request a **trial** or final hearing in your case.

To obtain a default, you will need to complete **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a). You will then need to file your motion for default along with the **Default**, Florida Supreme Court Approved Family Law Form 12.922(b), so that the clerk can enter a default for you if your motion is proper.

This form should be typed or printed in black ink. After completing this form, you should file the original with the **clerk of the circuit court** in the county where you filed your petition and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

After the default has been entered, you must ask for a hearing, so that the **judge** can consider your petition. To do this, you must contact the clerk's office, **family law intake staff**, or **judicial assistant** to schedule a hearing and file a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, with the clerk. A copy of the notice of hearing must be mailed, e-mailed, or hand-delivered to each party in the case. **You must send a notice of final hearing to the defaulted party.**

Instructions for Florida Supreme Court Approved Family Law Forms 12.922(a), Motion for Default, and 12.922(b), Default (03/15)

- 210 -

# IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** For further information, see Florida Rules of Civil Procedure 1.500, concerning defaults and Rule 1.140, concerning the time within which a party can file an answer or other responsive pleading to a petition. See also Florida Family Law Rule of Procedure 12.080.

## Special notes...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Forms 12.922(a), Motion for Default, and 12.922(b), Default (03/15)

- 211 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# MOTION FOR DEFAULT

TO THE CLERK OF THE CIRCUIT COURT:

**PLEASE ENTER A DEFAULT AGAINST RESPONDENT WHO HAS FAILED TO RESPOND TO THE PETITION.**

I certify that a copy of this document was (    ) mailed (    ) faxed and mailed (    ) e-mailed (    ) hand-delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es): _____

_____
Signature of Petitioner
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____

Designated E-mail Address(es):_____

_____

Florida Supreme Court Approved Family Law Form 12.922(a), Motion for Default (03/15)

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (   ) Petitioner (   ) Respondent

This form was prepared with the assistance of:

*{name of individual}* _____,

*{name of business}*

_____,

*{address}* _____

_____,

*{city}* _____, *{state}*_____, *{zip code}*_____,*{telephone number}*_____.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# DEFAULT

A default is entered in this action against Respondent for failure to serve or file a response or any paper as is required by law.

Dated: _____
CLERK OF THE CIRCUIT COURT
(SEAL)
By: _____
    Deputy Clerk

I certify that a copy of this document was (    ) mailed (    ) faxed and mailed (   ) e-mailed (    ) hand-delivered to the person(s) listed below on *{date}*_____.

**Other party or his/her attorney:**

Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es): _____

_____
Signature of Petitioner
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____

Designated E-mail Address(es):_____

Florida Supreme Court Approved Family Law Form 12.922(b), Default (03/15)

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (   ) Petitioner (   ) Respondent
This form was completed with the assistance of:

*{name of individual}*,_____,

*{name of business}* _____,

*{address}* _____,

*{city}* _____,*{state}*_____,*{zip code}*_____,*{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.922(b), Default (03/15)

- 215 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.922(c), MOTION TO SET ASIDE DEFAULT OR DEFAULT JUDGMENT (03/15)

## When should this form be used?

If a **default** or default judgment has been entered against you, and you believe, because of a mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud, that it should not have been entered against you, you can use this form to request that the court set aside the default or default judgment.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where the default was entered and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

After you file this form with the clerk and serve a copy on the other party in the case, you must schedule a **hearing** so that the court can consider your motion. You should contact the clerk, **family law intake staff**, or **judicial assistant** to schedule a hearing. Once you have scheduled the hearing date and time, you will need to complete and send out a notice for that hearing. To do so, use **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

Instructions for Florida Supreme Court Approved Family Law Form 12.922(c), Motion to Set Aside Default or Default Judgment (03/15)

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** For further information, see Florida Family Law Rule of Procedure 12.540, and Florida Rules of Civil Procedure 1.500(d) and 1.540(d).

## Special notes...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.922(c), Motion to Set Aside Default or Default Judgment (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# MOTION TO SET ASIDE DEFAULT OR DEFAULT JUDGMENT

I, {full legal name} _____, request that the Court enter an order to set aside the _____ Default _____ Default Judgment entered against me and that I be given the opportunity to present my views.

The Court should do this because:

1.      I became aware of this Default/Default Judgment on {date} _____.

2.      I found out about this in the following manner {explain how you found out}: _____

_____

_____

_____

_____

_____

3.      I did not answer or appear at the hearing because: _____

_____

_____

_____

_____

_____

4.      If I am given an opportunity, these are the defenses and arguments that I would like to tell the

Supreme Court Approved Family Law Form 12.922(c), Motion to Set Aside Florida Default or Default Judgment (03/15)

court about: _____

_____

_____

_____

I certify that a copy of this document was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand-delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Respondent
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____

Designated E-mail Address(es):

_____

STATE OF FLORIDA
COUNTY OF

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_[Print, type, or stamp commissioned name of notary or clerk._

_____ Personally known

_____ Produced identification

Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the: _{choose only **one**}_ (   ) Petitioner (   ) Respondent

This form was completed with the assistance of:

_{name of individual}_ _____,

_{name of business}_ _____,

_{address}_ _____,

_{city}_ _____,_{state}_____, _{zip code}_____,_{telephone number}_____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.923, NOTICE OF HEARING (GENERAL) (03/15)

## When should this form be used?

Anytime you have set a hearing before a **judge**, you must send notice of the **hearing** to the other party.

**IMPORTANT**: If your hearing has been set before a general magistrate, you should use **Notice of Hearing Before General Magistrate**, Florida Family Law Rules of Procedure Form 12.920(c). If your hearing has been set before a child support enforcement hearing officer, you should use **Notice of Hearing (Child Support Hearing Officer)**, Florida Supreme Court Approved Family Law Form 12.921.

This form should be typed or printed in black ink. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where your case was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form must be mailed, e-mailed, or hand delivered to the other party in your case. If a **default** has been entered, you must still send this form to the other party to notify the other party of the **final hearing**.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial**

**Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** For further information on serving notices of hearing, see rule 1.090(d), Florida Civil Rules of Procedure.

## Special notes...

To set a hearing date and time, you will usually have to make a good-faith effort to coordinate a mutually convenient date and time for you, the other parties in the case, and the judge, except in certain emergency situations. Some circuits may have additional procedural requirements that you must follow when you notify the court and other parties of your scheduled hearing. Therefore, before you complete this form, you should contact the clerk's office, **family law intake staff**, or **judicial assistant** for information regarding the proper procedure to follow.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

## NOTICE OF HEARING (GENERAL)

[fill in **all** blanks]

TO: *{name of other party}*: _____

There will be a hearing before Judge *{name}* _____,

on *{date}* _____, at *{time}* _____m., in Room _____ of the _____

County Courthouse, on the following issues: _____

_____

_____.

_____ hour(s)/_____ minutes have been reserved for this hearing.

**This part is to be filled out by the court or to be filled in with information you obtained from the court:**

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact:**

_____

***{identify applicable court personnel by name, address, and telephone number}* at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Florida Supreme Court Approved Family Law Form 12.923, Notice of Hearing (General) (03/15)

If you are represented by an attorney or plan to retain an attorney for this matter, you should notify the attorney of this hearing.

If this matter is resolved, the moving party shall contact the judge's office to cancel this hearing.

I certify that a copy of this document was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand-delivered to the person(s) listed below on *{date}*_____.

**Other party or his/her attorney**:
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address:_____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* ( ) Petitioner ( ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, (*state*} ____, *{zip code}*_____,*{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED
## FAMILY LAW FORM 12.924
## NOTICE FOR TRIAL (03/15)

## When should this form be used?

Generally, the court will have **trials** (or **final hearings**) in contested cases.  This form is to be used to notify the court that your case is ready to be set for trial.  Before setting your case for trial, certain requirements such as completing **mandatory disclosure** and **filing** certain papers and having them **served** on the other **party** must be met. These requirements vary depending on the type of case and the procedures in your particular circuit. In some circuits you must complete **mediation** or a **parenting course** before you can set a final hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. Other circuits may require that you set the trial using an **Order Setting Trial**. Contact the **clerk of the circuit court**, **family law intake staff**, or **judicial assistant** to determine how the **judge** assigned to your case sets trials.  For further information, you should refer to the instructions for the type of form you are filing.

This form should be typed or printed in black ink.  After completing this form, you should **file** the original with the clerk of the circuit court in the county where your case is filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form must be mailed, e-mailed, or hand-delivered to the other party in your case.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.**  For further information, see rule 12.440, Florida Family Law Rules of Procedure.

# IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

# Special notes...

These family law forms contain **orders** and **final judgments**, which the judge may use. You should ask the clerk of court, family law intake staff, or judicial assistant if you need to bring one of these forms with you to the hearing or trial. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.924, Notice for Trial (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
        Petitioner,

and

_____,
        Respondent.

# NOTICE FOR TRIAL

Pursuant to Rule 12.440, Florida Family Law Rules of Procedure, the party signing below states that the case is ready to be set for trial. The estimated time needed for the parties to present their cases is: *{hours}* _____.

I certify that a copy of this document was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand-delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es): _____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____

Designated E-mail Address(es):_____

Florida Supreme Court Approved Family Law Form 12.924, Notice for Trial (03/15)

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent
This form was completed with the assistance of:

*{name of individual}* _____,

*{name of business}* _____,

*{address}* _____

_____,

*{city}* _____,*{state}* _____,*{zip code}*_____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.927, NOTICE OF VOLUNTARY DISMISSAL (03/15)

## When should this form be used?

If you are the **petitioner** in a case and you wish to discontinue (dismiss) the case, you may use this form to request that the court dismiss your **petition**. If you are the **respondent** in a case and you have filed a **counterpetition**, you may use this form to request that the court dismiss your counterpetition.

**WARNING:** If your case involves both a petition and a counterpetition, a notice of voluntary dismissal filed by one party will NOT dismiss the other party's petition or counterpetition. The other party also must file a notice of voluntary dismissal for the entire case to stop completely.

This form should be typed or printed in black ink. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where your case is filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form must be mailed, e-mailed or hand-delivered to each party in the case.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT**

**REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** For further information, see 12.420, Florida Family Law Rule of Procedure 12.420.

## Special notes...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# NOTICE OF VOLUNTARY DISMISSAL

I, *{full legal name}* _____, give notice that:
*[choose **one** only]*

a. _____ I am the Petitioner in this case and I voluntarily dismiss my petition.

b. _____ I am the Respondent in this case and I voluntarily dismiss my counterpetition.

I certify that a copy of this document was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail

Florida Supreme Court Approved Family Law Form 12.927, Notice of Voluntary Dismissal (03/15)

Address(es):_____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (   ) Petitioner (   ) Respondent.

This form was completed with the assistance of:

*{name of individual}* _____,

*{name of business}* _____,

*{address}* _____,

*{city}* _____, *{state}*_____ , *{zip code}*_____ ,*{telephone number}* _____.

# INSTRUCTIONS FOR SUPREME COURT APPROVED FAMILY LAW FORMS 12.931(a), NOTICE OF PRODUCTION FROM NONPARTY AND 12.931(b), SUBPOENA FOR PRODUCTION OF DOCUMENTS FROM NONPARTY (03/15)

## When should these forms be used?

These forms should be used if you need copies of documents (for a purpose relating to your case) from a **nonparty** in your case. Both forms should be typed or printed in black ink.

**Notice of Production from Nonparty**, Florida Supreme Court Approved Family Law Form 12.931(a), is used to notify the other **party** in your case that in 10 days you are going to subpoena documents from a nonparty. **Subpoena for Production of Documents from Nonparty**, Florida Supreme Court Approved Family Law Form 12.931(b), is the actual subpoena directing the nonparty to produce specific documents. You must **file** the originals of these forms with the **clerk of the circuit court**. A copy of these forms must be mailed, e-mailed, **or** hand delivered to any other party in your case.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form

Instructions for Florida Supreme Court Approved Family Law Forms 12.931(a) Notice of Production from Nonparty and 12.931(b) Subpoena for Production of Documents from Nonparty (03/15)

- 233 -

12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## What should I do next?

**Ten** days after you serve the **Notice of Production from Nonparty**, Florida Supreme Court Approved Family Law Form 12.931(a), on the other party in your case (15 days if service is by mail or e-mail), you should ask the clerk of the court to sign the subpoena.  You should contact the deputy sheriff or private process server and have the subpoena **personally served** on the person named in the subpoena.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** Because these papers must also comply with rule 12.280, Florida Family Law Rule of Procedure, and rules 1.280, 1.350, 1.351, and 1.410, Florida Rules of Civil Procedure, you also should read those rules.

## Special Notes

If the other party in your case objects in writing within **10 days** (allow an additional 5 days if served by mail or e-mail) of service of the **Notice of Production from Nonparty**, Florida Supreme Court Approved Family Law Form 12.931(a), you may not use this procedure to obtain documents from the nonparty unless and until the court orders otherwise.

The nonparty receiving the subpoena may charge you a reasonable fee for copies of the documents.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Forms 12.931(a) Notice of Production from Nonparty and 12.931(b) Subpoena for Production of Documents from Nonparty (03/15)

- 234 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,

Petitioner,

and

_____,

Respondent.

# NOTICE OF PRODUCTION FROM NONPARTY

TO: _____

*{all parties}*

YOU ARE NOTIFIED that, after **10 days** from the date of service of this notice, the undersigned will apply to the clerk of this Court for issuance of the attached subpoena directed to *{name of person, organization, or agency}* _____ , who is not a party, to produce the items listed at the time and place specified in the subpoena. Objections to the issuance of this subpoena must be filed with the clerk of the circuit court within **10 days**.

I certify that a copy of this document was (   ) mailed (   ) faxed and mailed
(   ) e-mailed (   ) hand-delivered to the person(s) listed below on
*{date}*_____.

Other party or his/her attorney (if represented)          Other

_____          _____
Printed Name                                              Printed Name

_____          _____
Address                                                   Address

_____          _____
City, State, Zip                                          City, State, Zip

_____          _____
Telephone (area code and number)                          Telephone (area code and number)

_____          _____
Fax (area code and number)                                Fax (area code and number)

_____
_____
Designated E-mail Address(es)                             Designated E-mail Address(es)

Florida Supreme Court Approved Family Law Form 12.931(a) Notice of Production from Nonparty (03/15)

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent
This form was completed with the assistance of:
*{name of individual}*,_____,
*{name of business}* _____,
*{address}* _____
,
*{city}* _____, *{state}*_____,*{zip code}*_____, *{telephone number}* _____
.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.:_____
Division: _____

_____,

Petitioner,

and

_____,

Respondent.

# SUBPOENA FOR PRODUCTION OF DOCUMENTS FROM NONPARTY

THE STATE OF FLORIDA
TO: _____

YOU **MUST** go to {place}_____, on {date} _____, at {time} _____, a.m./p.m. and bring with you at that time and place the following:_____

_____

_____

_____

_____

_____

_____

_____

_____

These items will be inspected and may be copied at that time. You will not have to leave the original items.

You may obey this subpoena by providing readable copies of the items to be produced to the party **or** his/her attorney whose name appears on this subpoena on or before the scheduled date of production. You may condition the preparation of the copies upon payment in advance of the reasonable cost of preparation. If you mail or deliver the copies to the attorney whose name appears on this subpoena before the date indicated above, you do not have to appear in person.

**You may be in contempt of court if you fail to: (1) appear as specified; (2) furnish the records instead**

Florida Supreme Court Approved Family Law Form 12.931(b), Subpoena for Production from a Nonparty (03/15)

**of appearing as provided above; or (3) object to this subpoena.**

You can only be excused by the person whose name appears on this subpoena and, unless excused by that person of the Court, you shall respond as directed.

**This part to be filled out by the court or filled in with information obtained from the court:**

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact:_____**
_____
*{identify applicable court personnel by name, address, and telephone number}* **at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Dated:_____

CLERK OF THE CIRCUIT COURT (SEAL)

By:_____
  Deputy Clerk


I CERTIFY that I gave notice to every other party to this action of my intent to serve a subpoena upon a person who is not a party to this action directing that person to produce documents or things without deposition. I also certify that no objection under Florida Rule of Civil Procedure 1.351 has been received by the undersigned within 10 days of service of this notice, if service was by hand-delivery or appropriate facsimile transmission, and within 15 days if service was by mail or e-mail.

Dated: _____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent

Florida Supreme Court Approved Family Law Form 12.931(b), Subpoena for Production from a Nonparty (03/15)

This form was completed with the assistance of:

*{name of individual }* _____,

*{name of business}*_____,

*{address}* _____,

*{city}*_____,*{state}*_____, *{zip code}*_____, *{telephone number}*_____.

Florida Supreme Court Approved Family Law Form 12.931(b), Subpoena for Production from a Nonparty (03/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.940(d),
# MOTION TO MODIFY OR DISSOLVE TEMPORARY INJUNCTION (03/15)

## When should this form be used?

If a temporary **injunction**, either **ex parte** or after a **hearing**, has been entered against you, you may use this form to ask the court to modify or dissolve that injunction. **This motion should not be used to dissolve a Temporary Injunction for Protection Against Domestic Violence.**

This form should be typed or printed in black ink. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where the injunction was entered and keep a copy for your records. You should ask the clerk to process your motion through their emergency procedures. A **hearing** will be held within 5 working days. You should ask for the date and time of your hearing and should file **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923 or other appropriate notice of hearing form, and send a copy to the other party.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form must be mailed, e-mailed, or hand delivered to the other party, along with a notice of hearing.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the**

Instructions for Florida Supreme Court Approved Family Law Form 12.940(d), Motion to Modify or Dissolve Temporary Injunction (03/15)

- 240 -

**Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

# Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** For further information, see chapter 61, Florida Statutes, and rule 1.610, Florida Rules of Civil Procedure.

# Special notes...

If parental responsibility or time-sharing of a minor child(ren) is at issue, you must also file the following, if you have not already done so:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d).

**Order...** These family law forms contain an **Order Dissolving Temporary Injunction**, Florida Supreme Court Approved Family Law Form 12.940(e), which the judge may use. You should check with the clerk, **family law intake staff**, or **judicial assistant** to see if you need to bring a blank order form with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.940(d), Motion to Modify or Dissolve Temporary Injunction (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____ ,
Petitioner,
and

_____ ,
Respondent.

# MOTION TO MODIFY OR DISSOLVE TEMPORARY INJUNCTION

_____ Petitioner _____ Respondent requests the Court to enter an order _____ dissolving the temporary injunction issued in the above styled case _____ modifying the temporary injunction issued in the above styled case in the following manner: _____

_____

_____ .

I am the party against whom this temporary injunction has been granted and under rule 1.610, Florida Rules of Civil Procedure, I request that a hearing be held within 5 days after the filing of this motion.

I certify that a copy of this document was ( ) mailed ( ) faxed and mailed ( ) e-mailed
( ) hand delivered to the person(s) listed below on *{date}* _____ .

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____

_____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____

_____

Florida Supreme Court Approved Family Law Form 12.940(d), Motion to Modify or Dissolve Temporary Injunction (03/15)

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____ ___,
*{name of business}*_____ ___,
*{address}* _____,
*{city}* _____,*{state}* ____, *{zip code}*_____,*{telephone number}* _____.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,
and

_____,
Respondent.

# ORDER DISSOLVING TEMPORARY INJUNCTION

Upon _____ Petitioner's _____ Respondent's motion and after hearing, the Court, being fully advised in the premises,

ORDERS that the temporary injunction entered on *{date}* _____ in the above-styled case is hereby dissolved.

DONE AND ORDERED in _____, Florida, on *{date}* _____.

_____
CIRCUIT JUDGE

I certify that a copy of *{name of document}* _____was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand-delivered to the parties and any other person(s) or entities listed below on *{date}* _____:

_____
By Clerk of Court, Designee, or Judicial Assistant

Petitioner (or his or her attorney)
Respondent (or his or her attorney)

U.S. Department of State
Office of Children's Issues
2201 "C" Street NW
CA/OCS/CI
Washington, D.C. 20520
Fax (202) 736-9133
preventabduction@state.gov

Florida Supreme Court Approved Family Law Form 12.940(e), Order Dissolving Temporary Injunction (03/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.941(a), VERIFIED MOTION FOR TEMPORARY INJUNCTION TO PREVENT REMOVAL OF MINOR CHILD(REN) AND/OR DENIAL OF PASSPORT SERVICES (03/15)

## When should this form be used?

You should use this form if you want the court to enter an **order** that your minor child(ren) is (are) not to be removed from the State of Florida while a case involving parenting or time-sharing is pending, that passport services for the minor child(ren) be prohibited, and/or that existing passports be turned over to you.

This form should be typed or printed in black ink. If you want the court to enter an **ex parte** order, without giving the other side advance notice of the hearing, you should explain your reasons in paragraph 5 of this form. After completing this form, you should sign the form before a **notary public**. You should **file** the original with the **clerk of the circuit court** in the county where your case is pending and keep a copy for your records. You should also ask the clerk to process your **motion** though their emergency procedures.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

If the court enters an order without advance notice to the other party, you should take a **certified copy** of the order to the sheriff's office for further assistance. You must have this form and the court's order, served by **personal service** on the other party. You should read the court's order carefully. Look for directions in the order that apply to you and note the time and place of the **hearing** scheduled in the order. You should go to the hearing with whatever evidence you have regarding your motion.

Instructions for Florida Supreme Court Approved Family Law Form 12.941(a), Verified Motion for Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (03/15)

If the court will not enter an order without advance notice to the other side, you should check with the clerk of court, **family law intake staff**, or **judicial assistant** for information on the local procedure for scheduling a hearing on your motion, unless the court sets a hearing in its order denying your request for an ex parte hearing. When you know the date and time of your hearing, you should file **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923 or other appropriate notice of hearing form, and use personal service to notify the other party of your motion, the court's order, if any, and the hearing.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** For further information, see chapter 61, Florida Statutes, and rule 1.610, Florida Rules of Civil Procedure.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

Instructions for Florida Supreme Court Approved Family Law Form 12.941(a), Verified Motion for Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (03/15)

- 246 -

If you have an attorney, your attorney must certify in writing the efforts that have been made to give the other party notice, if no notice is given. The court may require you to post a **bond** as a condition of the injunction.

With this form you must also file the following, if you have not already done so, and provide a copy to the other party:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d).

**Temporary Injunctions...** These family law forms contain a **Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (Ex Parte)**, Florida Supreme Court Approved Family Law Form 12.941(b), which the **judge** may use if he or she enters an order without a hearing, and a **Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (After Notice)**, Florida Supreme Court Approved Family Law Form 12.941(c), which the judge may use if he or she enters an order after a hearing. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a blank order form with you to the hearing.  If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.941(a), Verified Motion for Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (03/15)

- 247 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,

Petitioner,

and

_____,

Respondent.

# VERIFIED MOTION FOR TEMPORARY INJUNCTION TO PREVENT REMOVAL OF MINOR CHILD(REN) AND/OR DENIAL OF PASSPORT SERVICES

_____ Petitioner _____ Respondent requests the Court to enter a temporary injunction to prevent removal of the following listed minor child(ren) from the jurisdiction of this Court and deny passport services for the child(ren) and says:

1. The minor child(ren) subject to this request is (are):

**Name**                                                                 **Birth date**

_____

_____

_____

_____

2. The child(ren) has (have) been a resident(s) of _____ County, Florida since {date} _____.

3. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), _____is filed with this motion or _____ has already been filed.

4. It is in the best interests of the minor child(ren) that the Court order the following: {Indicate **all** that apply}
   a. _____The child(ren) not be removed from the jurisdiction of this Court while litigation is pending because:_____

Florida Supreme Court Approved Family Law Form 12.941(a), Verified Motion for Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (03/15)

_____

b. _____ Passport services for the minor child(ren) be prohibited because:_____

_____

c. ____ Existing passports for the minor child(ren) be immediately turned over to _____ Petitioner _____ Respondent because: _____

_____
_____
_____

5. This motion should be granted _____ with _____ without notice to the other party. *{If without notice, explain why there would be immediate and irreparable harm if the other party is given notice.}*

_____
_____
_____
_____
_____ .

WHEREFORE, _____ Petitioner _____ Respondent requests the following from the Court:
*{Indicate **all** that apply}*

a. ____ enter a temporary injunction to prevent removal of the child(ren) named above from the jurisdiction of this Court while this action is pending;

b. ____ enter an order denying passport services for the minor child(ren);

c. ____ enter an order requiring that any existing passports for the minor child(ren) be immediately delivered to _____ Petitioner _____ Respondent;

d. ____ enter a temporary injunction without notice to the other party.

I certify that a copy of this document was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand delivered to the person(s) listed below on *{date}* _____ or ( ) was **not** delivered to the person(s) listed below because _____

_____
_____
_____
_____ .

**Other party or his/her attorney:**
Name: _____
Address: _____

Florida Supreme Court Approved Family Law Form 12.941(a), Verified Motion for Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (03/15)

- 249 -

City, State, Zip: _____

Fax Number: _____

Designated E-mail Address(es): _____

_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this verified motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____            _____

Signature of Party

Printed Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

Designated E-mail Address(es): _____

_____

STATE OF FLORIDA

COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____

NOTARY PUBLIC or DEPUTY CLERK

_____

*[Print, type, or stamp commissioned name of notary or clerk.]*

_____ Personally known

_____ Produced identification

Type of identification produced _____

Florida Supreme Court Approved Family Law Form 12.941(a), Verified Motion for Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (03/15)

**If the party filing this motion is represented by an attorney, the attorney must complete the following:**

I, the undersigned attorney for the movant, hereby certify in that the following efforts have been made to give notice. *{if no efforts have been made, why}* _____

_____

_____

_____

_____

_____

_____

_____

Signature
Printed Name:_____
Florida Bar Number:_____
Address:_____
City, State, Zip:_____
Telephone Number:_____
Fax Number:_____
Designated E-mail Address(es):_____
_____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____ ___,
*{name of business}*_____
_____,
*{address}*_____,
*{city}* _____,*{state}* _____, *{zip code}*_____,*{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.941(a), Verified Motion for Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
Petitioner,
and

_____,
Respondent.


# TEMPORARY INJUNCTION TO PREVENT REMOVAL OF MINOR CHILD(REN) AND/OR DENIAL OF PASSPORT SERVICES (EX PARTE)

Upon verified motion of _____ Petitioner _____Respondent, the Court has jurisdiction of the parties and the subject matter and the Court being fully advised, it is ORDERED and ADJUDGED that:

**NOTICE OF HEARING**
This Temporary Injunction to Prevent Removal of Child(ren) has been issued without prior notice to Respondent. Pursuant to Rule 1.610, Florida Rules of Civil Procedure, the other party may file a motion to dissolve or modify this temporary injunction and a hearing will be scheduled within 5 days of that motion.


If no motion to dissolve is filed, Petitioner and Respondent are instructed that they are scheduled to appear and testify at a hearing regarding this matter on *{date}*_____, at _____ a.m./p.m., when the Court will consider whether the Court should continue, modify, or dissolve this Temporary Injunction to Prevent Removal of Child(ren) and/or Denial of Passport Services, which would remain in effect until modified or dissolved by the Court, and whether other things should be ordered, including who should pay the filing fees and costs. The hearing will be before The Honorable *{name}* _____, at *{room name/number, location, address, city}*
_____, Florida.

**IF PETITIONER AND/OR RESPONDENT DO (DOES) NOT APPEAR, THIS TEMPORARY INJUNCTION MAY BE CONTINUED IN FORCE, EXTENDED, OR DISMISSED, AND/OR OTHER ADDITIONAL ORDERS MAY BE ISSUED, INCLUDING THE IMPOSITION OF COURT COSTS.**

Florida Supreme Court Approved Family Law Form 12.941(b), Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (Ex Parte) (03/15)

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact:**

_____

*{identify applicable court personnel by name, address, and telephone number}* **at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**FINDINGS**

1.  It appears from specific facts shown by verified motion that immediate and irreparable injury, loss, or damage will result to the minor child(ren) if a temporary injunction is not issued without notice to the other party.

2.  _____ Petitioner's _____ Respondent's attorney has certified in writing any efforts made to give notice.

3.  The reasons why notice should **not** be given are: _____
    _____
    _____
    _____

**TEMPORARY INJUNCTION**

*{Indicate **all** that apply}*

1.  _____The following child(ren) shall not be removed from the jurisdiction of this Court during the pendency of this proceeding, or until further order of this Court:

**Name**                                                    **Birth date**
_____
_____
_____
_____
_____
_____

2.  _____ Petitioner _____Respondent shall not apply for any passports or passport services on behalf of the child(ren).

Florida Supreme Court Approved Family Law Form 12.941(b), Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (Ex Parte) (03/15)

- 253 -

3. \_\_\_\_\_ Petitioner \_\_\_\_\_ Respondent shall immediately deliver any existing passports for the child(ren) to *{name}* _____.

4. The Court may enforce compliance with the terms of this injunction through civil and/or indirect criminal contempt proceedings, which may include arrest, incarceration, and/or the imposition of a fine.

5. Violation of this injunction may constitute criminal contempt of court.

6. Bond.
   a. \_\_\_\_\_ Bond is waived because this injunction is issued solely to prevent physical injury or abuse of a natural person.

   b. \_\_\_\_\_ This order is conditioned upon \_\_\_\_\_ Petitioner \_\_\_\_\_ Respondent posting bond in the sum of $ _____ with the clerk of this Court.

**EXPIRATION.**
This injunction shall remain in effect until the minor child(ren) reach(es) the age of 18, until the hearing scheduled herein, if any, or *{date}*_____, whichever occurs first, unless modified by further order of this Court.

DONE AND ORDERED at _____, Florida on *{date}* _____ .

_____
CIRCUIT JUDGE

I certify that a copy of the *{name of document(s)}* _____ was
(   ) mailed (   ) faxed and mailed  (   ) e-mailed (    ) hand-delivered to the parties and any other person(s) or entities listed below on *{date}*_____.

_____
By: Clerk of Court, Designee, or Judicial Assistant

Petitioner (or his or her attorney)
Respondent (or his or her attorney)

U.S. Department of State
Office of Children's Issues
2201 "C" Street NW
CA/OCS/CI

Florida Supreme Court Approved Family Law Form 12.941(b), Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (Ex Parte) (03/15)

Washington, D.C. 20520
Fax (202) 736-9133
preventabduction@state.gov

Florida Supreme Court Approved Family Law Form 12.941(b), Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (Ex Parte) (03/15)

- 255 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# TEMPORARY INJUNCTION TO PREVENT REMOVAL OF MINOR CHILD(REN) AND/OR DENIAL OF PASSPORT SERVICES (AFTER NOTICE)

Upon verified motion of _____Petitioner _____ Respondent, the Court has jurisdiction of the parties and the subject matter and the Court being fully advised, it is ORDERED and ADJUDGED that:

*{Indicate **all** that apply}*
1.  The following minor child(ren) shall not be removed from the jurisdiction of this Court during the pendency of this proceeding, or until further order of this Court:

**Name**                                                            **Birth date**

_____
_____
_____
_____
_____
_____

2.  _____ Petitioner _____ Respondent shall not apply for any passports or passport services on behalf of the child(ren).

3.  _____ Petitioner _____ Respondent shall immediately deliver any existing passports for the child(ren) to *{name}* _____.

4.  The Court may enforce compliance with the terms of this injunction through civil and/or indirect criminal contempt proceedings, which may include arrest, incarceration, and/or the imposition of a fine.

5.  Violation of this injunction may constitute criminal contempt of court.

Florida Supreme Court Approved Family Law Form 12.941(c), Temporary Injunction to Prevent Removal of Minor Child(ren) and/or Denial of Passport Services (After Notice) (03/15)

6. **Bond.**
   a. _____Bond is waived because this injunction is issued solely to prevent physical injury or abuse of a natural person.
   b. _____This order is conditioned upon _____Petitioner _____Respondent posting bond in the sum of $ _____ with the clerk of this Court.

7. **Expiration.**
This temporary injunction shall remain in effect until the minor child(ren) reach(es) the age of 18, or until *{date}* _____, not to exceed one year from the date of this order, whichever occurs first, unless modified by further order of this Court.


DONE AND ORDERED at _____, Florida, on *{date}*_____.



_____
CIRCUIT JUDGE



I certify that a copy of the *{name of document(s)}* _____
was  (   ) mailed (   ) faxed and mailed (   ) e-mailed (   ) hand-delivered to the parties and any other person(s) or entities listed below on {date}_____.


                                                    _____
                                                    By: Clerk of Court, Designee, or Judicial Assistant

Petitioner (or his or her attorney)
Respondent (or his or her attorney)

U.S. Department of State
Office of Children's Issues
2201 "C" Street NW
CA/OCS/CI
Washington, D.C. 20520
Fax (202) 736-9133
preventabduction@state.gov

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.941(d)
# EMERGENCY VERIFIED MOTION FOR CHILD PICK-UP ORDER
# (03/15)

## When should this form be used?

You may use this form to request that the court enter an **order** directing the sheriff or other law enforcement officer to take a minor child(ren) from the person who currently has physical possession of the child(ren) and deliver the child(ren) to your physical custody or possession. **This form should only be used in an emergency by a person who has a pre-existing legal right to physical possession of a minor child.** This means that you already have a court order awarding you legal custody of or time-sharing with the child(ren) **OR** you are the birth mother of one or more children born out of wedlock and no court order has addressed any other person's parental rights. Before proceeding, you should read **General Information for Self-Represented Litigants** found at the beginning of these forms.

This form should be typed or printed in black ink. This form presumes that you want the court to enter an **ex parte** order without giving the other side advance notice of the **hearing**. You should explain your reasons for why such an ex parte order should be entered in paragraph 7 of this form. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original, along with all of the other forms required, with the **clerk of the circuit court** in the county where the child(ren) is (are) physically located and keep a copy for your records. You should also ask the clerk to process your motion though their emergency procedures.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

If the court enters an order without advance notice to the other party, you should take a certified copy of the order to the sheriff's office for further assistance. You must have this form and the court's order served by **personal service** on the other party. You should read the court's order carefully. The order may require the sheriff to place the child(ren) somewhere other than in your physical possession. Look for directions in the order that apply to you and note the time and place of the hearing scheduled in the order. You should go to the hearing with whatever evidence you have regarding your motion.

Instructions for Florida Supreme Court Approved Family Law Form 12.941(d), Emergency Verified Motion for Child Pick-Up Order (03/15)

- 258 -

If the court will not enter an order without advance notice to the other side, you should check with the clerk of court, **judicial assistant**, or **family law intake staff** for information on the local procedure for scheduling a hearing on your motion, unless the court sets a hearing in its order denying your request for an **ex parte** hearing. When you know the date and time of your hearing, you should file **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, and use personal service to notify the other party of your motion, the court's order, if any, and the hearing.

## Special notes...

With this form you must also file the following:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d).

- A **certified copy** of the court order showing that you have legal custody of or time-sharing with the child(ren), if any.

  **OR**

  - A **certified copy** of the child(ren)'s birth certificate(s), if you are the birth mother of a child born out of wedlock and no court order addressing paternity exists.
    **OR**
  - A **certified copy** of any judgment establishing paternity, time-sharing with or custody of the minor child(ren).

**Order...** These family law forms contain an **Order to Pick-Up Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.941(e), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a blank order form with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.941(d), Emergency Verified Motion for Child Pick-Up Order (03/15)

- 259 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____ ,

Petitioner,

and

_____ ,

Respondent.

# EMERGENCY VERIFIED MOTION FOR CHILD PICK-UP ORDER

I, *{full legal name}* _____ , being sworn,
certify that the following information is true:

1.  This is a motion to enforce existing custody or time -sharing rights (as an operation of law or
    court-ordered) regarding the following minor child(ren):

| Name | Sex | Birth Date | Race | Physical Description |
|------|-----|-----------|------|----------------------|
|      |     |           |      |                      |
|      |     |           |      |                      |
|      |     |           |      |                      |
|      |     |           |      |                      |
|      |     |           |      |                      |

2.  Currently, the child(ren) subject to this motion is (are) in the physical possession of
    *{full legal name}* _____
    whose address or present physical location is: _____

This individual's relationship to the minor child(ren) is: _____

3.  I _____ am _____ am not married to the person named in paragraph 2.

4.  **Status of minor child(ren).**  I have a superior right to custody of or time-sharing with the minor
    child(ren) over the person named in paragraph 2 because:
    *{Indicate **all** that apply}:*

Florida Supreme Court Approved Family Law Form 12.941(d), Emergency Verified Motion for Child Pick-Up Order
(03/15)

a. _____ **Custody or Time-Sharing has been established by a court.**
A final judgment or order awarding custody of or time-sharing with the minor child(ren) was made on *{date}*_____in *{name of court}* _____
*{case number}* _____.   This order awarded custody of or specific time-sharing with the minor child(ren) to me.   This final judgment or order applies to the following minor child(ren): *{list name(s) of the child(ren) or write all}*

_____
_____
A certified copy of said final judgment or order is attached, has not been modified, and is still in effect. *{Indicate if applicable}* _____ This order is an out-of-state court order which is entitled to full faith and credit enforcement under the Uniform Child Custody Jurisdiction and Enforcement Act and/or the federal Parental Kidnaping Prevention Act.

b. _____ **Custody or time-sharing is established as an operation of law.** I am the birth mother of the minor child(ren) who was (were) born out of wedlock and there is no final judgment or order awarding custody of or time-sharing with the following minor child(ren): *{list name(s) of the child(ren) or write all}* _____

_____
_____
1. _____ **Paternity has NOT been established.** A certified copy of the minor child(ren)'s birth certificate is attached and has not been amended.
2. _____ **Paternity has been established.**  A certified copy of the final judgment of paternity, which shows no award of custody or time-sharing was made, is attached. This order has not been changed and is still in effect.

c. _____ Other: _____
_____
_____

5. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this motion.

6. **Facts relating to the minor child(ren)'s current situation.**
*[Indicate **all** that apply]*
a. _____The person named in paragraph 2 wrongfully removed or wrongfully detained the minor child(ren) on *{date}* _____ as follows: _____
_____
_____
_____
_____
_____ Please indicate here if you are attaching additional pages to continue these facts.

b. _____ I believe that the minor child(ren) is (are) in immediate danger of harm or removal

from this court's jurisdiction while with the person named in paragraph 2 based on the following: _____

_____

_____.

    c.   _____ The current location of the minor child(ren) is: *{choose only **one**}* ( ) unknown ( ) believed to be at the following address(es) with the following people *{list both the address and the people you believe will be there}*: _____

        _____

        _____

7. Advance notice of this motion to the individual named in paragraph 2 should **not** be required because:

    _____

    _____

    _____

    _____

    _____

    _____

8. If needed, I can be contacted for notice of an emergency or expedited hearing at the following addresses/locations:

_____

Name of Contact Person:

_____

Address:

_____

Telephone number(s) where I (or my designee) can be reached: *{give name of individual to call}* _____

Name of Contact Person: _____

Address: _____

Telephone number(s) where I (or my designee) can be reached: *{give name of individual to call}* _____

   9. **Attorneys' Fees, Costs, and Suit Monies.**
*[Indicate if applicable]*

          _____I have filed this motion because of wrongful acts of the person listed in paragraph 2 above. I request that this Court award reasonable attorney's fees, costs, and suit monies as applicable or authorized under Florida law, the UCCJEA, and other legal authorities.

WHEREFORE, I request an Emergency Order to Pick-Up Minor Child(ren), without advance notice, directing all sheriffs of the State of Florida or other authorized law enforcement officers in this state or

any other state to pick up the previously named minor child(ren) and deliver them to my physical custody.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made above and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____


STATE OF FLORIDA
 COUNTY OF_____
Sworn to or affirmed and signed before me on _____ by _____

_____
NOTARY PUBLIC or DEPUTY CLERK


_____
*[Print, type, or stamp commissioned name of notary or clerk.]*
_____ Personally known
_____ Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent
This form was completed with the assistance of:
*{name of individual}*_____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* ___, *{zip code}*_____,*{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.941(d), Emergency Verified Motion for Child Pick-Up Order (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# ORDER TO PICK-UP MINOR CHILD(REN)

An Emergency Verified Motion for Child Pick-Up Order has been filed by ____ Petitioner
____ Respondent, alleging facts which under existing law are determined to be sufficient to authorize taking into custody the minor child(ren) named below. Based on this motion, this Court makes the following findings, notices, and conclusions:

**JURISDICTION**
This Court has jurisdiction over issues surrounding the minor child(ren) listed below based on the following:
   *{Choose **all** that apply}*
   a. ____ This Court exercised and continues to exercise original jurisdiction over the minor children listed below under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), specifically, section 61.514, Florida Statutes.
   b. ____ A certified out-of-state custody decree has been presented to this Court with a request for full faith and credit recognition and enforcement under the Parental Kidnapping Prevention Act, 28 U.S.C. Section 1738A. This Court has jurisdiction to enforce this decree under the UCCJEA, specifically sections 61.501-61.542, Florida Statutes.
   c. ____ By operation of Florida law governing the custody of or time-sharing with child(ren) born out of wedlock, this Court has jurisdiction over the child(ren) listed below because this (these) child(ren) was (were) born in the State of Florida and no prior court action involving the minor child(ren) has addressed a putative father's rights to time-sharing or other parental rights. See sections 742.031 and 744.301, Florida Statutes.
   d. ____ Pursuant to the UCCJEA, specifically section 61.516, Florida Statutes, this Court has jurisdiction to modify a custody decree of another state and has consulted with the Court which took initial jurisdiction over the minor child(ren) to determine this authority.
   e. ____ Other: _____
   _____

**NOTICE OF HEARING**

Because this Order to Pick-Up Minor Child(ren) has been issued without prior notice to the non-movant *{name}* _____, all parties involved in this matter are informed that they are scheduled to appear and testify at a hearing regarding this matter on *{date}* _____, at {time} _____, at which time the Court will consider whether the Court should issue a further order in this case, and whether other things should be ordered, including who should pay the filing fees and costs. The hearing will be before the Honorable *{name}* _____ at *{room name/number, location, address, city}* _____, Florida. If a party does not appear, this order may be continued in force, extended, or dismissed, and/or additional orders may be issued, including the imposition of court costs.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact:**

**_____**
*{identify applicable court personnel by name, address, and telephone number}* **at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**ORDER**

This Court **ORDERS AND DIRECTS** any and all sheriffs of the State of Florida (or any other authorized law enforcement officer in this state or in any other state) to immediately take into custody the minor child(ren) identified below from anyone who has possession and:

    1. ____ **Place the minor child(ren) in the physical custody of** *{name}* _____**who (  ) may (  ) may not remove the minor child(ren) from the jurisdiction of this Court.**

<strong>OR</strong>

____ **Accompany the minor child(ren) to the undersigned judge, if the minor child(ren) is (are) picked up during court hours, for immediate hearing on the issue of custody or time-sharing.** It is the intention of this Court that the nonmoving party, minor child(ren), and movant appear immediately upon service of this order before the undersigned judge, if available, or duty judge to conduct a hearing as to which party is entitled to lawful custody of the minor child(ren) at issue. It is not the intention of the court to turn over the child(ren) to the movant on an ex parte basis. Neither party should be permitted to remove the child(ren) from the jurisdiction of this Court pending a hearing. If unable to accomplish the above, the sheriff/officer shall take the child(ren) into custody and place them with the Department of Children and Family Services of the State of Florida pending an expedited hearing herein.

<strong>OR</strong>

Florida Supreme Court Approved Family Law Form 12.941(e), Order to Pick-Up Minor Child(ren) (03/15)

_____ **Place the minor child(ren) in the physical custody of** *{agency}* _____
**who shall contact the undersigned judge for an expedited hearing.** The sheriff/officer shall not delay the execution of this court order for any reason or permit the situation to arise where the nonmoving party is allowed to remove the child(ren) from the jurisdiction of this court.

2. **NEITHER PARTY OR ANYONE AT THEIR DIRECTION, EXCEPT PURSUANT TO THIS ORDER, MAY REMOVE THE CHILD(REN) FROM THE JURISDICTION OF THIS COURT PENDING FURTHER HEARING. SHOULD THE NONMOVING PARTY IN ANY WAY VIOLATE THE MANDATES OF THIS ORDER IN THE PRESENCE OF THE LAW ENFORCEMENT OFFICER, THIS OFFICER IS TO IMMEDIATELY ARREST AND INCARCERATE THE OFFENDING PARTY UNTIL SUCH TIME AS THE OFFENDING PARTY MAY BE BROUGHT BEFORE THIS COURT FOR FURTHER PROCEEDINGS.**

All sheriffs of the State for Florida are authorized and ORDERED to serve (and/or execute) and enforce this order in the daytime or in the nighttime and any day of the week, except as limited by this order above.

Except as limited by the above, if necessary, the sheriff/officer is authorized to take all reasonable, necessary, and appropriate measures to effectuate this order. The sheriff/officer shall not delay the execution of this order for any reason or permit the situation to arise where the child(ren) is (are) removed from the jurisdiction of this Court before execution of this order.

The minor child(ren) is (are) identified as follows:

| Name | Sex | Birth date | Race | Physical Description |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Current location/address of minor child(ren) or of party believed to have possession of the minor child(ren): _____

DONE AND ORDERED on at _____, Florida *{date}* _____.

CIRCUIT JUDGE

I certify that a copy of the *{name of document(s)}* _____
was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand-delivered to the parties listed below on
*{date}*_____.

                                                    _____
                                                    By: *{Clerk of the Court or designee}*
Petitioner (or his or her attorney)
Respondent (or his or her attorney)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.942(a)
## MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM (03/15)

### When should this form be used?

This form may be used by either **party** in a family law case involving parenting, time–sharing, or **paternity** of a minor child(ren) to request that the judge appoint a **guardian ad litem** to represent the best interests of the minor child(ren).  You should use this form if you feel that your child(ren) needs someone other than you to ensure that both the judicial system and the other **party**(ies) act(s) in the best interests of the child(ren). A guardian ad litem may be a volunteer who has been trained and certified by the State of Florida Guardian ad Litem Program **or** an **attorney** who is a member in good standing with The Florida Bar.

This form should be typed or printed in black ink.  After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where your case is filed and keep a copy for your records.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

### What should I do next?

A copy of this form must be mailed, e-mailed, or hand delivered to the other party in your case.

It is possible that there will be a **hearing** on your motion.  The **judge** may want to hear the reasons you feel an appointment of a guardian ad litem is necessary, or, the other party may object to your motion.  If a hearing is required, check with the clerk of court, **family law court staff**, or **judicial assistant** for information on the local procedure for scheduling a hearing.  When you know the date and time of your hearing, you should file **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form, and provide a copy to the other party.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

Instructions for Florida Supreme Court Approved Family Law Form 12.942(a), Motion for Appointment of Guardian ad Litem (03/15)

- 269 -

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.**  If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** You may also want to contact the Guardian ad Litem Program office in your area or see sections 61.401-405, Florida Statutes.

## Special notes...

**Order...**  These family law forms contain an **Order Appointing a Guardian ad Litem**, Florida Supreme Court Approved Family Law Form 12.942(b), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a blank order form with you to the hearing.  If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.942(a), Motion for Appointment of Guardian ad Litem (03/15)

- 270 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,

Petitioner,

and

_____,

Respondent.

# MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM

_____ Petitioner _____ Respondent requests that the Court enter an order appointing a guardian ad litem with all powers, privileges, and responsibilities authorized in section 61.403, Florida Statutes, and states:

1.  The following minor child(ren) is (are) subject to this proceeding:

| Name | Birth date | Age | Sex | Location/Address |
|------|-----------|-----|-----|------------------|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

2.  Verified allegations of child abuse or neglect as defined in sections 39.01(2) or (45), Florida Statutes, _____ HAVE _____ HAVE NOT been made in this case.

3.  The matters before the Court regarding the minor child(ren) are _____ establishment or _____ modification of:
    a.  sole/shared parental responsibility
    b.  Parenting Plan and time-sharing schedule
    c.  Other:_____

Florida Supreme Court Approved Family Law Form 12.942(a), Motion for Appointment of Guardian ad Litem (03/15)

4. It is in the best interests of the minor child(ren) that a guardian ad litem be appointed to advance the best interests of the minor child(ren) because:

_____

_____

_____

_____

_____.

I certify that a copy of this document was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand delivered to the person(s) listed below on {date} _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____


_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: {choose only **one**} ( ) Petitioner ( ) Respondent
This form was completed with the assistance of:
{name of individual} _____,
{name of business}_____,
{address} _____,
{city} _____,{state} _____, {zip code}_____,{telephone number}_____.
Florida Supreme Court Approved Family Law Form 12.942(a), Motion for Appointment of Guardian ad Litem (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,

Petitioner,

and

_____,

Respondent.

# ORDER APPOINTING GUARDIAN AD LITEM

Upon _____ Petitioner's _____ Respondent's motion or the _____ Court's own motion to appoint a guardian ad litem for the minor child(ren) herein and the Court finding that:

a. _____ verified allegations of child abuse or neglect as defined in sections 39.01(2) or (45), Florida Statutes, have been made and are determined to be well-founded,

**OR**

b. _____ it is otherwise in the best interests of the child(ren) that a guardian ad litem be appointed to advance the best interests of the minor child(ren) because: _____

_____
_____
_____
_____,

it is thereupon **ORDERED** as follows:

1. A guardian ad litem shall be appointed for the minor child(ren), *{name(s)}* _____
_____,
now residing at *{street address}* _____.

2. The State of Florida Guardian ad Litem Program for the _____ Judicial Circuit shall assign a certified guardian ad litem for the minor child(ren). Upon filing of the Notice of Acceptance, the guardian ad litem can be served c/o Guardian ad Litem Program, *{address}* _____
_____.
*Pursuant to the State of Florida Guardian ad Litem Standards of Operation adopted by the Supreme Court of Florida, if the Guardian ad Litem Program is appointed in the absence of a well-founded allegation of abuse or neglect, an automatic discharge by the Court will occur upon filing of a Motion to Discharge by the Program if the Program does not have sufficient volunteer and/or supervisory resources available to accommodate this appointment.*
**OR**

*{Name}* _____, an attorney in good standing with The Florida Bar, is appointed to serve as a private guardian ad litem for the above minor child(ren). The fees of the private guardian shall be paid by:

Florida Supreme Court Approved Family Law Form 12.942(b), Order Appointing Guardian ad Litem (03/15)

_____ Petitioner _____ Respondent _____ each party equally _____ other, *{specify}*
_____ .

3. The guardian ad litem is a party to any judicial proceeding from the date of this order until the date of discharge and shall have all of the powers, privileges, and responsibilities authorized in section 61.403, Florida Statutes, to the extent necessary to advance the best interests of the minor child(ren).

4. The guardian ad litem must be provided with copies of all pleadings, notices, stipulations, and other documents filed in this action and is entitled to reasonable notice before any action affecting the child(ren) is taken by either of the parties, their counsel, or the Court. The guardian ad litem is entitled, through counsel, to be present at any depositions, hearings, or other proceedings concerning the minor child(ren).

5. The guardian ad litem may investigate the allegations of the pleadings affecting the minor child(ren), and after proper notice may interview witnesses or any other person having information concerning the welfare of the minor child(ren).

6. The guardian ad litem shall maintain any information received from any source described in section 61.403(2), Florida Statutes, as confidential and shall not disclose such information except in reports to the Court served upon both parties to this cause and their counsel, or as directed by the Court.

7. The parties, or any other person entrusted by the parties with the care of the minor child(ren) shall allow the guardian ad litem access to the minor child(ren) at reasonable times and locations and no person shall obstruct the guardian ad litem from the minor child(ren).

8. The guardian ad litem shall submit his or her recommendations to the Court regarding any stipulation or agreement, whether incidental, temporary, or permanent, which affects the interest or welfare of the minor child(ren), within 10 days after the date the stipulation or agreement is served upon the guardian ad litem.

9. The guardian ad litem shall file a written report with the Court, which may include recommendations and a statement of the wishes of the minor child(ren). The report must be filed and served on all parties at least 20 days prior to the hearing at which it will be presented unless the Court waives such time period. The guardian ad litem's report shall address the following areas, subject to any conditions ordered by this Court:

a. ____ parental responsibility of child(ren);
b. ____ residence of child(ren);
c. ____ time-sharing including times and locations;
d. ____ appearance of child(ren) at depositions/hearings;
e. ____ relocation;
f. ____ best interests of child(ren) regarding scientific tests; and/or
g. ____ other _____ _____
_____
_____

This appointment is subject to the following conditions: _____
_____

_____
_____
_____
_____
_____

10. The guardian ad litem is automatically discharged without further order 30 days after the entry of a final order or judgment in this proceeding, unless otherwise ordered by the Court.

DONE AND ORDERED at _____, Florida, on _____.

_____
CIRCUIT JUDGE

I certify that a copy of the *{name of document(s)}* _____
was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand-delivered to the parties and any other person(s) or entities listed below on *{date}*_____.

_____
By: *{Clerk of Court, Designee, or Judicial Assistant}*

Petitioner (or his or her attorney)
Respondent (or his or her attorney)
_____ Guardian ad Litem Program
_____ Other: _____

Florida Supreme Court Approved Family Law Form 12.942(b), Order Appointing Guardian ad Litem (03/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.943, MOTION TO DEVIATE FROM CHILD SUPPORT GUIDELINES (03/15)

## When should this form be used?

Child support in Florida is determined by the child support guidelines found in section 61.30, Florida Statutes. The court, at its discretion, may raise or lower the child support guidelines amount by up to 5%. In addition, the court may raise or lower the guidelines support amount by more than 5%, if written reasons are given for the adjustment. The court may make these additional adjustments based on certain considerations, which are reflected in this form. You should review this form to determine if any of the reasons for adjusting the child support guidelines amount apply to your situation and you should complete this form **only** if you want the court to order **more child support or less child support** than the amount required by the child support guidelines.

This form should be typed or printed in black ink. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where your case is filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form must be mailed, e-mailed, or hand delivered to the other party in your case.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

Instructions for Florida Supreme Court Approved Family Law Form 12.943, Motion to Deviate from Child Support Guidelines (03/15)

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.


## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** For further information, see section 61.30, Florida Statutes.


## Special notes...

More information on the child support guidelines as well as a chart for converting income and expenses to monthly amounts if paid or incurred on other than a monthly basis is contained in the instructions to **Florida Family Law Financial Affidavit,** Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the **Child Support Guidelines Worksheet,** Florida Family Law Rules of Procedure Form 12.902(e).

With this form you must also file the following, if not already filed:

- **Florida Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c).

- **Child Support Guidelines Worksheet,** Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party's income, you should file this worksheet as soon as you receive a copy of his or her **financial affidavit**.)


Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.943, Motion to Deviate from Child Support Guidelines (03/15)

- 277 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____ ,
Petitioner,

and

_____ ,
Respondent.

# MOTION TO DEVIATE FROM CHILD SUPPORT GUIDELINES

_____ Petitioner _____ Respondent requests that the Court enter an order granting the following:

**SECTION I**
*[Choose **A or B**]*
**A.____ MORE** child support than the amount required by the child support guidelines. The Court should order **MORE** child support than the amount required by the child support guidelines because of*: [Choose **all** that apply to your situation]*
1. ____Extraordinary medical, psychological, educational, or dental expenses;
2. ____Seasonal variations in one or both parent's income or expenses
3. ____Age(s) of the child(ren), taking into account the greater needs of older child(ren);
4. ____Special needs, such as costs that may be associated with the disability of a child or child(ren), that have traditionally been met within the family budget even though the fulfilling of those needs will cause support to exceed the presumptive amount established by the guidelines;
5. ____Total available assets of obligee, obligor, and the child(ren);
6. ____Impact of the Internal Revenue Service Child & Dependent Care Tax Credit, Earned Income Tax Credit, and dependency exemption and waiver of that exemption;
7. ____The Parenting Plan, such as where the child or children spend a significant amount of time, but less than 20 percent of the overnights, with one parent, thereby reducing the financial expenditures incurred by the other parent, or the refusal of a parent to become involved in the activities of the child(ren) has increased the financial expenditure incurred by the obligee;
8. ____The obligee parent's low income and ability to maintain the basic necessities of the home for the child(ren);
9. ____The likelihood that either parent will actually exercise the time-sharing schedule set forth in the parenting plan and/or whether all the children are exercising the same time-sharing schedule;

Florida Supreme Court Approved Family Law Form 12.943, Motion to Deviate from Child Support Guidelines (03/15)

10. \_\_\_\_Any other adjustment that is needed to achieve an equitable result, which may include reasonable and necessary expenses or debts jointly incurred during the marriage.

Explain any items marked above: _____

_____
_____.

**B.\_\_\_\_ LESS** child support than the amount required by the child support guidelines. The Court should order **LESS** child support than the amount required by the child support guidelines because of: *[Choose all that apply to your situation]*

1. \_\_\_\_ Extraordinary medical, psychological, educational, or dental expenses;
2. \_\_\_\_Independent income of child(ren), excluding the child(ren)'s SSI (supplemental security income)
3. \_\_\_\_Payment of support for a parent which has been regularly paid and for which there is a demonstrated need;
4. \_\_\_\_Seasonal variations in one or both parent's income or expenses;
5. \_\_\_\_Age of the child(ren), taking into account the greater needs of older child(ren);
6. \_\_\_\_ Total available assets of obligee, obligor, and child(ren);
7. \_\_\_\_\_Impact of the Internal Revenue Service Child & Dependent Care Tax Credit, Earned Income Tax Credit, and dependency exemption and waiver of that exemption;
8. \_\_\_\_ Application of the child support guidelines which requires the obligor to pay more than 55% of gross income for a single support order;
9. \_\_\_\_ Residency of subsequently born or adopted child(ren) with the obligor, include consideration of the subsequent spouse's income;
10. \_\_\_\_ The Parenting Plan, where the child(ren) spend a significant amount of time, but less than 20 percent of the overnights, with one parent, thereby reducing the financial expenditures incurred by the other parent; or the refusal of a parent to become involved in the activities of the child(ren)has reduced the financial expenditure of that parent;
11. \_\_\_\_Any other adjustment that is needed to achieve an equitable result, which may include reasonable and necessary expenses or debts jointly incurred during the marriage.
    Explain any items marked above:_____

    _____
    _____.

**SECTION II. INCOME AND ASSETS OF CHILD(REN) COMMON TO BOTH PARTIES**

List the total of any independent income or assets of the child(ren) common to both parties (income from Social Security, gifts, stocks/bonds, employment, trust fund(s), investment(s), etc.). Attach an explanation.

**TOTAL VALUE OF ASSETS OF CHILD(REN)** $ _____

**TOTAL MONTHLY INCOME OF CHILD(REN)** $ _____

**SECTION III.  EXPENSES FOR CHILD(REN) COMMON TO BOTH PARTIES**

All amounts must be MONTHLY.  See the instructions with this form to figure out money amounts for anything that is NOT paid monthly. Attach more paper, if needed. Items included under "other" should be listed separately with separate dollar amounts.

1. $ _____ Monthly nursery, babysitting, or other child care
2. $ _____ Monthly after-school care
3. $ _____ Monthly school tuition
4. $ _____ Monthly school supplies, books, and fees
5. $ _____ Monthly after-school activities
6. $ _____ Monthly lunch money
7. $ _____ Monthly private lessons/tutoring
8. $ _____ Monthly allowance
9. $ _____ Monthly clothing
10. $ _____ Monthly uniforms
11. $ _____ Monthly entertainment (movies, birthday parties, etc.)
12. $ _____ Monthly health and dental insurance premiums
13. $ _____ Monthly medical, dental, prescription charges (unreimbursed)
14. $ _____ Monthly psychiatric/psychological/counselor (unreimbursed)
15. $ _____ Monthly orthodontic (unreimbursed)
16. $ _____ Monthly grooming
17. $ _____ Monthly non-prescription medications/cosmetics/toiletries/sundries
18. $ _____ Monthly gifts from children to others (other children, relatives, teachers, etc.)
19. $ _____ Monthly camp or other summer activities
20. $ _____ Monthly clubs (Boy/Girl Scouts, etc.) or recreational fees
21. $ _____ Monthly visitation expenses (for nonresidential parent)
    *{Explain}* _____
22. $ _____ Monthly insurance (life, etc.)
    *{explain}*: _____

Other *{explain}*:

23. _____
24. _____
25. _____
26. $_____**TOTAL EXPENSES FOR CHILD(REN) COMMON TO BOTH PARTIES**
        (add lines 1 through 25)

I have filed, will file, or am filing with this form the following additional documents:

1. Florida Family Law Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
2. Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).

I certify that a copy of this document was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney**:
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-Mail Address(es):_____
_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

_____
Signature of Party or his/her attorney

Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____
_____
STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or clerk.]*
_____ Personally known
_____ Produced identification

Florida Supreme Court Approved Family Law Form 12.943, Motion to Deviate from Child Support Guidelines (03/15)

- 281 -

Type of identification produced_____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}*___ , *{zip code}*_____*{telephone number}*_____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.944(a), MOTION FOR TESTIMONY AND ATTENDANCE OF MINOR CHILD(REN) (03/15)

## When should this form be used?

Rule 12.407, Florida Family Law Rules, provides that minor children may not be deposed (have their **deposition** taken), brought to court to appear as a **witness** or to attend a **hearing**, or **subpoenaed** to appear at a hearing without prior order of the court.  This rule applies in all cases except when there is an emergency or the case is an uncontested adoption. You should use this form to request that the court enter an order authorizing a minor child(ren) to appear at a court proceeding.

This form should be typed or printed in black ink. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where your case is filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form must be mailed, e-mailed, or hand delivered to any other party(ies) in your case, including the guardian ad litem, if one has been appointed.

It is possible that there will be a hearing on your motion. The **judge** may want to hear the reasons you feel this motion should be granted, or the other party may object to your motion.  If a hearing is required, check with the clerk of court, **judicial assistant**, or **family law intake staff** for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should file **Notice of Hearing (General)**,Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form, and provide a copy to any other party.

## Where can I look for more information?

Instructions for Florida Supreme Court Approved Family Law Form 12.944(a), Motion for Testimony and Attendance of Minor Child(ren) (03/15)

- 283 -

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** For further information, see rule 12.407, Florida Family Law Rules of Procedure.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.944(a), Motion for Testimony and Attendance of Minor Child(ren) (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# MOTION FOR TESTIMONY AND ATTENDANCE OF MINOR CHILD(REN)

_____ Petitioner _____Respondent requests that the Court enter an order authorizing one or more of the actions listed below related to the following minor child(ren):

| Name | Birth date | Age |
|------|-----------|-----|
|      |           |     |
|      |           |     |
|      |           |     |
|      |           |     |
|      |           |     |

*[Indicate **all** that apply]*

1._____ Minor child(ren), *{name(s)}* _____,
be subpoenaed to appear at hearing now scheduled for *{date}* _____.

2._____ Minor child(ren), *{name(s)}* _____,
attend deposition of *{name(s)}* now scheduled for*{date}* _____ at
*{location}* _____.

3. _____ Minor child(ren)'s, *{name(s)}* _____,
deposition be taken on *{date}* _____ at *{location}* _____.

4. _____ Minor child(ren), *{name(s)}*_____,
be brought to court to attend hearing now scheduled for *{date}* _____ at
*{location}* _____.

5. _____ Minor child(ren), *{name(s)}* _____,
be brought to court to testify in a hearing now scheduled for *{date}* _____ at
*{location}* _____.

Florida Supreme Court Approved Family Law Form 12.944(a), Motion for Testimony and Attendance of Minor Child(ren) (03/15)

The Court should do this because: _____

_____

_____

_____

_____

_____

_____ .

I certify that a copy of this document was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand delivered to the person(s) listed below on *{date}* _____ .

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es): _____

_____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____

_____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the *{choose only one}* ( ) Petitioner ( ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____ ,
*{name of business}* _____ ,
*{address}* _____ ,
*{city}* _____ ,*{state}* _____ ,*{zip code}* _____ , *{telephone number}* _____ .

Florida Supreme Court Approved Family Law Form 12.944(a), Motion for Testimony and Attendance of Minor Child(ren) (03/15)

- 286 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

## ORDER FOR TESTIMONY AND APPEARANCE OF MINOR CHILD(REN)

Upon motion of _____ Petitioner _____ Respondent for testimony or attendance of minor child(ren) in these proceedings, and the Court finding that a showing of good cause has been made in support of the motion, it is

**ORDERED** that

*{Indicate all that apply}*

1. _____ Minor child(ren),
   *{name(s)}*_____,
be subpoenaed to appear at hearing now scheduled for *{date}* _____.

2. _____ Minor child(ren), *{name(s)}*
   _____,
attend deposition of *{name(s)}* _____ now scheduled for *{date}*
_____at *{location}* _____.

3. _____ Minor child(ren)'s, *{name(s)}* _____,
deposition be taken on *{date}* _____at *{location}* _____
_____.

4. _____ Minor child(ren), *{name(s)}* _____
be brought to court to attend hearing now scheduled for *{date}* _____ at *{location}*
_____.

Florida Supreme Court Approved Family Law Form 12.944(b), Order for Testimony and Attendance of Minor Child(ren) (03/15)

5. \_\_\_\_\_Minor child(ren), *{name(s)}* _____, be brought to court to testify in a hearing now scheduled for *{date}* _____ at *{location}* _____.

**If the minor child or the person bringing the child is a person with a disability, who needs any accommodation in order to participate in this proceeding, either is entitled, at no cost to them, to the provision of certain assistance. Please contact:**

_____

*{identify applicable court personnel by name, address, and telephone number}* **at least 7 days before the scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Conditions or limitations concerning the minor child(ren), if any, include: _____
_____
_____
_____
_____
_____
_____
_____

DONE AND ORDERED at _____, Florida on _____.


_____
CIRCUIT JUDGE



I certify that a copy of the *{name of document}* _____ was
(   ) mailed (   ) faxed and mailed (   ) e-mailed (   ) hand-delivered to the parties and entities listed below on *{date}* _____.


_____
By: *{Clerk of court, designee, or judicial assistant}*


Florida Supreme Court Approved Family Law Form 12.944(b), Order for Testimony and Attendance of Minor Child(ren) (03/15)

Petitioner (or his or her attorney)
Respondent (or his or her attorney)

Florida Supreme Court Approved Family Law Form 12.944(b), Order for Testimony and Attendance of Minor Child(ren) (03/15)

- 289 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.947(a),
## MOTION FOR TEMPORARY SUPPORT, TIME-SHARING, AND OTHER RELIEF WITH DEPENDENT OR MINOR CHILD(REN) (03/15)

## When should this form be used?

This form may be used by:

(1) The **respondent** or the **petitioner** in a pending **dissolution of marriage** action. For you to use this form, a **petition** for dissolution of marriage must have already been filed. You should use this form to ask the court to award any of the following: temporary use of assets; temporary exclusive use of the marital home; temporary responsibility for liabilities/debts; temporary spousal support (**alimony**); temporary time-sharing schedule with minor child(ren); temporary **child support**; and other relief.

**OR**

(2) The petitioner in a pending action for support unconnected with dissolution. For you to use this form, a petition for support unconnected with dissolution of marriage must have already been filed. You should use this form to ask the court to award temporary spousal support (alimony) and/or temporary child support.

This form should be typed or printed in black ink. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where the petition for dissolution of marriage was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form, along with all of the other forms required with this motion, must be mailed, e-

Instructions for Florida Supreme Court Approved Family Law Form 12.947(a), Motion for Temporary Support, Time-Sharing, and Other Relief with Dependent or Minor Child(ren) (03/15)

- 290 -

mailed, or hand delivered to the other party in your case.  When you have filed all of the required forms, you are ready to set a **hearing** on your motion.  You should check with the clerk, **family law intake staff**, or **judicial assistant** for information on the local procedure for scheduling a hearing.  When you know the date and time of your hearing, you should notify the other party using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.**  If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears.  Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.**  Words in **bold underline** in these instructions are defined there.  For further information, see chapter 61, Florida Statutes, rule 12.285, Florida Family Law Rules of Procedure, and rule 1.610, Florida Rules of Civil Procedure.

## Special notes...

If you use paragraph 1.c. of this form to ask the court to enter a temporary injunction, the court may require you to post a **bond**.

With this form you must also file the following, if not already filed:

Instructions for Florida Supreme Court Approved Family Law Form 12.947(a), Motion for Temporary Support, Time-Sharing, and Other Relief with Dependent or Minor Child(ren) (03/15)

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), if this case involves a minor or dependent child(ren).
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that temporary child support be ordered. (If you do not know the other party's income, you may file this worksheet as soon as a copy of his or her financial affidavit has been served on you.)

The parties seeking relief shall serve a financial affidavit (Florida Family Law Rules of Procedure Form 12.902 (b) or (c)) and certificate of compliance (Florida Family Law Rules of Procedure Form 12.932) with the notice of hearing on the motion for temporary support and time-sharing.

**Parenting Plan…** If you have reached an agreement on either a temporary Parenting Plan or time-sharing schedule, either one of the following proposed temporary Parenting Plans or a time-sharing schedule, signed by both parties, should be filed. **Parenting Plan,** Florida Supreme Court Approved Family Law Form 12.995(a), **Safety-Focused Parenting Plan,** Florida Supreme Court Approved Family Law Form 12.995(b), or **Relocation/Long Distance,** Florida Supreme Court Approved Family Law Form 12.995(c). If you have **not** reached an agreement, a proposed Parenting Plan or temporary time-sharing schedule may be filed for consideration by the Court.

**Temporary Order…** These family law forms contain a **Temporary Order for Support, Time-Sharing, and Other Relief with Dependent or Minor Child(ren),** Florida Supreme Court Approved Family Law Form 12.947(b), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing.

**Nonlawyer…** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.947(a), Motion for Temporary Support, Time-Sharing, and Other Relief with Dependent or Minor Child(ren) (03/15)

- 292 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____ ,

Petitioner,

and

_____ ,

Respondent.

# MOTION FOR TEMPORARY SUPPORT, TIME-SHARING, AND OTHER RELIEF WITH DEPENDENT OR MINOR CHILD(REN)

The _____ Petitioner _____ Respondent requests that the Court enter an order granting the following temporary support:

*{Complete **all** that apply}*

1. **Assets and Liabilities.**
   a. _____**Award temporary exclusive use and possession of the marital home.** *{address}* _____

The Court should do this because: _____
_____

   b. _____ **Award temporary use and possession of marital assets.** *{Specify, without giving account numbers}*

_____
_____

The Court should do this because: _____
_____

   c. _____ **Enter a temporary injunction** prohibiting the parties from disposing of any marital assets, other than ordinary and usual expenses. *{Explain}* _____

_____
_____

The Court should do this because: _____
_____
_____

Florida Supreme Court Approved Family Law Form 12.947(a), Motion for Temporary Support, Time-Sharing, and Other Relief with Dependent or Minor Child(ren) (03/15)

- 293 -

d. \_\_\_\_\_ **Require temporary payment of specific marital debts.** *{Explain without using account numbers}*_____

The Court should do this because: _____

2. **Child(ren).**
   a. \_\_\_\_\_ Enter a temporary Parenting Plan with a time-sharing schedule for the parties' minor child(ren).
   b. \_\_\_\_\_ Enter a temporary injunction prohibiting the parties from permanently removing the child(ren) from the jurisdiction of the Court. The Court should do this because:

3. **Support.**
   a. \_\_\_\_\_ Award temporary child support of $ _____ per month.
   b. \_\_\_\_\_ Award temporary spousal support/alimony of $ _____ per month.

The Court should do this because: _____

4. **Attorney's fees and costs.**
   a. \_\_\_\_\_ Award temporary attorney's fees of $ _____.
   b. \_\_\_\_\_ Award temporary costs of $ _____.

The Court should do this because: _____

5. **Other Relief.** *{specify}*_____

6. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this motion or has already been filed with the Court.

Florida Supreme Court Approved Family Law Form 12.947(a), Motion for Temporary Support, Time-Sharing, and Other Relief with Dependent or Minor Child(ren) (03/15)

- 294 -

7. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this motion or has already been filed with the Court.

Florida Supreme Court Approved Family Law Form 12.947(a), Motion for Temporary Support, Time-Sharing, and Other Relief with Dependent or Minor Child(ren) (03/15)

- 295 -

8.  I request that the Court hold a hearing on this matter and grant the relief specifically requested and any other relief this Court may deem just and proper.

I certify that a copy of this document was (   ) mailed (   ) faxed and mailed (    ) e-mailed (   ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____

_____

_____
Signature of Party or his/her attorney
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____

_____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent
This form was completed with the assistance of:
*{name of individual}*_____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____, *{zip code}* _____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.947(a), Motion for Temporary Support, Time-Sharing, and Other Relief with Dependent or Minor Child(ren) (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# TEMPORARY ORDER OF SUPPORT, TIME-SHARING, AND OTHER RELIEF WITH DEPENDENT OR MINOR CHILD(REN)

This cause came before this Court for a hearing on a Motion for Temporary Support, Time-Sharing, and Other Relief with Dependent or Minor Child(ren). The Court, having reviewed the file and heard the testimony, makes these findings of fact and ORDERS as follows:

The Court has jurisdiction over the subject matter and the parties.

**SECTION I. MARITAL ASSETS AND LIABILITIES**

   **A. Injunction.**
      1. _____ Petitioner _____ Respondent is (are) prohibited and enjoined from disposing of any marital assets without the written permission of the other party or a court order. If indicated here _____, the person(s) prohibited and enjoined from disposing of any marital assets may continue to pay all ordinary and usual expenses.
      2. The Court may enforce compliance with the terms of this injunction through civil and/or indirect criminal contempt proceedings, which may include arrest, incarceration, and/or the imposition of a fine.
      3. Violation of this injunction may constitute criminal contempt of court.
      4. Bond. This order is conditioned upon _____ Petitioner _____ Respondent posting bond in the sum of $_____ with the clerk of this Court.

   **B. Temporary Use of Assets.**
      1. The assets listed below are temporarily determined to be marital assets. Each party shall temporarily have the use of, as his/her own, the assets awarded in this section, and the other party shall temporarily have no further use of said assets. **Any personal property not listed below shall be for the use of party currently in possession of that item(s), and he or she may not dispose of that item(s) without the written permission of the other party or a court order.**

Florida Supreme Court Approved Family Law Form 12.947(b), Temporary Order of Support, Time-Sharing, and Other Relief with Dependent or Minor Child(ren) (03/15)

| ASSETS: DESCRIPTION OF ITEM(S) (Please describe each item as clearly as possible. You do not have to list account numbers.) | Wife Shall Have Temporary Use | Husband Shall Have Temporary Use |
|---|---|---|
| Automobiles | | |
| | | |
| | | |
| | | |
| Furniture & furnishings in home | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Furniture & furnishings elsewhere | | |
| | | |
| | | |
| | | |
| Jewelry | | |
| Business interests | | |
| | | |
| Other Assets | | |

C. **Temporary Responsibility for Liabilities/Debts.**
   1. The liabilities listed below are temporarily determined to be marital. Each party shall pay as his or her own the marital liabilities indicated below and shall keep said payments current. The other party shall temporarily have no further responsibility for the payment of these debts.

| LIABILITIES: DESCRIPTION OF DEBT(S)(Please describe each item as clearly as possible. You do not have to list account numbers.) | Current Amount Owed | Wife Shall Pay | Husband Shall Pay |
|---|---|---|---|
| Mortgages on real estate: (home) | $ | $ | $ |
| | | | |

Florida Supreme Court Approved Family Law Form 12.947(b), Temporary Order of Support, Time-Sharing, and Other Relief with Dependent or Minor Child(ren) (03/15)

| LIABILITIES:  DESCRIPTION OF DEBT(S)(Please describe each item as clearly as possible.  You do not have to list account numbers.) | Current Amount Owed | Wife Shall Pay | Husband Shall Pay |
|---|---|---|---|
|  |  |  |  |
| Charge/credit card accounts |  |  |  |
|  |  |  |  |
| Auto loan |  |  |  |
| Auto loan |  |  |  |
| Bank/Credit Union loans |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| Money owed (not evidenced by a note) |  |  |  |
|  |  |  |  |
| Other |  |  |  |
|  |  |  |  |
|  |  |  |  |

## SECTION II.  TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME

*[Indicate **all** that apply]*

1. _____ Petitioner _____Respondent shall have temporary exclusive use and possession of the dwelling located at: *{address}* _____

   _____

   until: *{date or event}* _____

   _____.

2. _____ Petitioner _____Respondent may make a visit to the premises described in the paragraph above for the purpose of obtaining his or her clothing and items of personal health and hygiene and to obtain any items awarded in this order.  This visit shall occur after notice to the person granted temporary exclusive use and possession of the dwelling and at the earliest convenience of both parties.

3. _____Other: _____

   _____

   _____

## SECTION III.  TEMPORARY PARENTAL RESPONSIBILITY AND TIME-SHARING WITH DEPENDENT OR MINOR CHILD(REN)

Florida Supreme Court Approved Family Law Form 12.947(b), Temporary Order of Support, Time-Sharing, and Other Relief with Dependent or Minor Child(ren) (03/15)

- 299 -

1. **Jurisdiction.** The Court has jurisdiction to determine temporary parental responsibility and time-sharing for the parties᾿ minor child(ren) listed in paragraph 2 below.

2. **The parties' dependent or minor child(ren) is (are):**

   **Name**                                                              **Birth date**

   _____
   _____
   _____
   _____
   _____
   _____
   _____

3. **Temporary Parental Responsibility for the Minor Child(ren).**
   *{Choose only **one**}*
   a. _____ The parties shall have temporary **shared parental responsibility** for the parties᾿ minor child(ren).

   b. _____ Mother _____ Father shall have temporary **sole parental responsibility** for the parties' minor child(ren). Temporary shared parental responsibility would be detrimental to the child(ren) at this time because: _____
   _____
   _____
   _____ .

   c. _____ Mother _____ Father shall have ultimate decision making authority regarding the following:_____
   _____
   _____
   _____ .

   d. **Other provisions:** _____
   _____
   _____

4. **Temporary Time-sharing Schedule with Minor Child(ren).** The parent(s) shall have:
   *{Choose only **one**}*
   a. _____ **reasonable** time-sharing schedule with the parties' minor child(ren) as agreed to by the parties, subject to any limitations in paragraph 5 below. The Court reserves jurisdiction to set a specific schedule.
   b. _____ the following **specified time-sharing schedule** with the parties' minor child(ren), subject to any limitations set out in paragraph 5 below: *{specify days and times}*

Florida Supreme Court Approved Family Law Form 12.947(b), Temporary Order of Support, Time-Sharing, and Other Relief with Dependent or Minor Child(ren) (03/15)

_____

_____

**Mother's Temporary Time-Sharing Schedule**.

_____
_____
_____
_____.


**Father's Temporary Time-sharing Schedule**.

_____
_____
_____
_____.

      c.    \_\_\_\_\_ Time-sharing in accordance with the temporary **Parenting Plan** attached as Exhibit \_\_\_\_\_.

      d.    \_\_\_\_\_ Mother \_\_\_\_\_Father  shall have **no contact** with the parties' minor child(ren) until further order of the Court, due to the existing conditions that are detrimental to the welfare of the minor child(ren): *{explain}:* _____

_____

_____

5. **Limitations on Time-sharing.**  Neither parent shall take the child(ren) from the other parent, any child care provider, or other person entrusted by the other parent with the care of the child(ren) without the agreement of the other party during the other party's time-sharing. The above time-sharing shall be:
   *[Indicate **if** applicable]*
   a.    \_\_\_\_\_ **supervised by a responsible adult** who is mutually agreeable to the parties.  If the parties cannot agree, the supervising adult shall be: *{name}* _____.
   b.    \_\_\_\_\_ at a **supervised visitation** center located at: *{address}* _____
   _____,
   subject to the available times and rules of the supervised visitation center.  The cost of such visits shall be paid by \_\_\_\_\_ Mother \_\_\_\_\_ Father \_\_\_\_\_ Both.

6. **Communication Arrangements, Parental Responsibility and Time-sharing with Minor Child(ren).**
   *[Indicate **if** applicable]*
   _____ The parties' communications to arrange time-sharing and discuss issues relating to the child(ren) (if temporary shared parenting,  or time-sharing is provided in paragraph 3 above) are restricted as follows: \_\_\_\_\_ telephone, \_\_\_\_\_ fax, \_\_\_\_\_ e-mail, or \_\_\_\_\_ letter, \_\_\_\_\_ a responsible

Florida Supreme Court Approved Family Law Form 12.947(b), Temporary Order of Support, Time-Sharing, and Other Relief with Dependent or Minor Child(ren) (03/15)

person shall coordinate the time-sharing arrangements of the minor child(ren).  If the parties cannot agree, the responsible person shall be: *{name}* _____

 other conditions for arrangements or discussions: *{explain}* _____

_____

_____

_____ .

7. **Exchange of Minor Child(ren).**  The exchange of the minor child(ren) shall be on time as scheduled and as agreed to by the parties. The following conditions, if indicated below, shall also apply.

*{Indicate **all** that apply}*

a. _____ The parties shall temporarily exchange the child(ren) at the following location(s): ____

b. _____ Mother _____Father shall not get out of the vehicle, and the other parent shall not approach the vehicle, during the time the child(ren) are exchanged.

c. _____ A responsible person shall conduct all exchanges of the child(ren). ( ) Mother

( ) Father shall not be present during the exchange.  If the parties cannot agree, the responsible person shall be: *{name}* _____

d. _____ Other conditions for exchange of the child(ren) are as follows: _____

8. _____ **Injunction Prohibiting Removing the Child(ren).**  The Court hereby temporarily prohibits and enjoins the _____ Mother _____Father _____ Both from removing the minor child(ren) from the State of Florida without a court order or the written consent of the other party.

9. _____ **Other Temporary Provisions Relating to the Minor Child(ren).**

_____

_____

_____

_____

_____

_____

_____

_____

_____

Florida Supreme Court Approved Family Law Form 12.947(b), Temporary Order of Support, Time-Sharing, and Other Relief with Dependent or Minor Child(ren) (03/15)

- 302 -

**SECTION IV.  TEMPORARY ALIMONY**

1. _____ The Court denies the request(s) for temporary alimony.

**OR**

2. _____ The Court finds that there is a need for, and that _____ Petitioner _____ Respondent, hereinafter Obligor, has/had the present ability to pay temporary alimony as follows: *{Indicate **all** that apply}*

a. _____ **Temporary Periodic.** Obligor shall pay temporary periodic alimony to Obligee in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month _____ other *{explain}*

_____,
beginning *{date}* _____. This temporary periodic alimony shall continue until modified by court order, the death of either party, or until, _____, *{date or event}* whichever occurs first.

b. _____ **Retroactive.** Obligor shall pay retroactive alimony in the amount of $_____ for the period of *{date}* _____ through *{date}* _____, which shall be paid pursuant to paragraph 4 below.

3. **Reasons for Awarding/Denying Temporary Alimony Award.**
The reasons for awarding/denying temporary alimony are as follows:
a. _____ length of the marriage of the party receiving temporary alimony: years_____;
b. _____ age of party receiving temporary alimony: _____ years;
c. _____ health of party receiving temporary alimony: _____ excellent _____ good _____ poor _____ other_____;
d. _____ other factors _____
_____
_____
_____
_____ Please indicate here if additional pages are attached.

4. **Retroactive Alimony.** _____ Petitioner _____ Respondent shall pay to the other party the temporary retroactive alimony of $_____, as of *{date}* _____. This amount shall be paid in the amount of $_____ per month, payable in accordance with Obligor's employer's payroll cycle, and in any event at least once a month (   ) other *{explain}* _____
_____
beginning: *{date}* _____, until paid in full including statutory interest.

5. **Insurance.**
*{Indicate **all** that apply}*

Florida Supreme Court Approved Family Law Form 12.947(b), Temporary Order of Support, Time-Sharing, and Other Relief with Dependent or Minor Child(ren) (03/15)

a. _____ **Health Insurance.** _____ Petitioner _____ Respondent shall temporarily be required to pay health insurance premiums for the other party not to exceed $_____ per month. Further, _____ Petitioner _____ Respondent shall pay any reasonable and necessary uninsured medical costs for the other party not exceed $_____ per year.  As to these uninsured medical expenses, the party who is entitled to reimbursement of the uninsured medical expense shall submit request for reimbursement to the other party within 30 days, and the other party shall, within 30 days after receipt, submit the applicable reimbursement for that expense.

b. _____ **Life Insurance (to secure payment of support).**  To secure the temporary alimony obligations set forth in this order, the Obligor shall temporarily maintain life insurance  on his/her life, naming the Obligee as the sole irrevocable beneficiary, so long as reasonably available.  This temporary insurance shall be in the amount of at least $_____ and shall remain in effect until this temporary obligation for alimony terminates.

6. _____Other provisions relating to temporary alimony including any tax treatment and consequences: _____.

**SECTION V.  TEMPORARY CHILD SUPPORT**

1.  The Court finds that there is a need for temporary child support and that the _____ Mother _____ Father (hereinafter Obligor) has the present ability to pay child support.

The amounts in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), filed by the _____ Mother _____ Father are correct

**OR**

The Court makes the following findings:
The Mother's net monthly income is $_____.
The Father's net monthly income is $_____.
Monthly child care costs are $_____.
Monthly health/dental insurance costs are $_____.

2. **Amount.**

Child support established at the rate of $_____per month for the _____children *{total number of minor or dependent children}* shall be paid commencing _____ *{month, day, year}* and terminating _____ *{month, day, year}*. Child support shall be paid in the amount of $_____ per _____ *{week, month, other}* which is consistent with the Obligor's current payroll cycle.

Upon the termination of the obligation of child support for one of the parties' children, child support in the amount of $_____ for the remaining _____children *{number of remaining children}* shall be paid commencing _____ *{month, day, year}* and terminating _____ *{month, day, year}*. This child support shall be paid in the amount of $ _____ per _____ *{week,*

Florida Supreme Court Approved Family Law Form 12.947(b), Temporary Order of Support, Time-Sharing, and Other Relief with Dependent or Minor Child(ren) (03/15)

*month, other}* consistent with Obligor's current payroll cycle.

***{Insert schedule for the child support obligation, including the amount, and commencement and termination dates, for the remaining minor or dependent children, which shall be payable as the obligation for each child ceases. Please indicate whether the schedule ____appears below or____ is attached as part of this form}***

_____
_____
_____
_____
_____
_____.

The Obligor shall pay child support until all of the minor or dependent children: reach the age of 18; become emancipated, marry, join the armed services, die, or become self-supporting; or until further order of the court or agreement of the parties. The child support obligation shall continue beyond the age of 18 and until high school graduation for any child who is dependent in fact, between the ages of 18 and 19, and is still in high school performing in good faith with a reasonable expectation of graduation before age 19.

If the temporary child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are: _____
_____
_____.

3. **Retroactive Child Support.**
   *{Indicate **if** applicable}*
   _____Mother _____ Father shall pay to the other party the temporary retroactive child support of
   $_____, as of *{date}* _____. This amount shall be paid in the amount of
   $_____ per month, payable in accordance with Obligor's employer's payroll cycle, and in any event at least once a month (   ) other *{explain}* _____
   beginning *{date}* _____, until paid in full including statutory interest.

4. **Insurance.**
   *[Indicate **all** that apply]*
   _____**Health/Dental Insurance.** _____ Mother _____ Father shall be required to temporarily maintain_____health _____ dental insurance for the parties' minor child(ren), so long as reasonable in cost and accessible to the child(ren). The party providing insurance shall be required to convey cards showing coverage to the other party.

**OR**

_____ Health _____ dental insurance is not reasonable in cost or accessible to the child(ren) at this time.

Florida Supreme Court Approved Family Law Form 12.947(b), Temporary Order of Support, Time-Sharing, and Other Relief with Dependent or Minor Child(ren) (03/15)

_____Reasonable and necessary **uninsured medical/dental/prescription drug costs** for the minor child(ren) shall temporarily be assessed as follows:

_____ Shared equally by both parents.

_____ Prorated according to the child support guideline percentages.

_____ Other *{explain}*: _____

_____

As to these uninsured medical/dental/prescription drug expenses, the party who incurs the expense shall submit request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.

5. _____**Life Insurance (to secure payment of support).** To secure the temporary child support obligations in this order, _____ Petitioner _____ Respondent _____ Each party shall temporarily maintain life insurance, in an amount of at least $_____, on _____ his life _____ her life _____ his/her life naming the _____ minor child(ren) as the beneficiary (ies) **OR** naming the _____ Mother _____ Father_____ other *{name}*: _____ as trustee for the minor child(ren), so long as reasonably available. The obligation to maintain the life insurance coverage shall continue until the Court orders otherwise or until *{date/event}* _____

_____.

6. IRS Income Tax Exemption(s). The assignment of any tax exemption for the child(ren) shall be as follows: _____
_____.

7. _____Other provisions relating to temporary child support**:** _____
_____

**SECTION VI. METHOD OF PAYMENT**

Obligor shall pay any temporary court-ordered child support/alimony and arrears, if any, as follows:

1. **Place of Payment**

   a. _____ Obligor shall pay temporary court-ordered support directly to either the State Disbursement Unit or the central depository, as required by statute, along with any fee required by statute.

   b. _____ Both parties have requested and the court finds that it is in the best interests of the child(ren) that temporary support payments need not be directed through either the State Disbursement Unit or the central depository at this time; however, either party may subsequently apply, pursuant to section 61.13(1)(d)3, Florida Statutes, to require payments through either the State Disbursement Unit or the central depository.

Florida Supreme Court Approved Family Law Form 12.947(b), Temporary Order of Support, Time-Sharing, and Other Relief with Dependent or Minor Child(ren) (03/15)

2.  **Income Deduction.**

_____ **Immediate.** Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually responsible for paying this temporary support obligation until all of said support is deducted from Obligor's income. Until temporary support payments are deducted from Obligor's paycheck, Obligor is responsible for making timely payments directly to the State Disbursement Unit or the Obligee, as previously set forth in this order.

_____ **Deferred.** Income deduction is ordered this day, but it shall not be effective until a delinquency of $_____, or, if not specified, an amount equal to one month's obligation occurs. Income deduction is not being implemented immediately based on the following findings: Income deduction is **not** in the best interests of the child(ren) because: *{explain}*

_____
_____
_____

**AND**
there is proof of timely payment of a previously ordered obligation without an income deduction order in cases of modification,
**AND**
_____ there is an agreement by the Obligor to advise the Title IV-D agency, the clerk of court, and the Obligee of any change in Payor and/or health insurance
**OR**
_____ there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee and, at the option of the IV-D agency, by the IV-D agency in IV-D cases in which there is an assignment of support rights to the state, reviewed and entered in the record by the court.

3.  **Bonus/one-time payments.** _____ All _____% _____ No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to the Obligee pursuant to the payment method prescribed above.

4.  **Other provisions relating to method of payment.** _____

_____
_____

**SECTION VII. TEMPORARY ATTORNEY'S FEES, COSTS, AND SUIT MONEY**

1.  _____Petitioner's _____Respondent's request(s) for temporary attorney's fees, costs, and suit money is (are) denied because _____

_____

Florida Supreme Court Approved Family Law Form 12.947(b), Temporary Order of Support, Time-Sharing, and Other Relief with Dependent or Minor Child(ren) (03/15)

- 307 -

2. _____ The Court finds there is a need for and an ability to pay temporary attorney's fees, costs, and suit money. _____ Petitioner _____ Respondent is hereby ordered to pay to the other party $_____ in temporary attorney's fees, and $_____ in costs.  The Court further finds that the temporary attorney's fees awarded are based on the reasonable rate of $_____ per hour and _____ reasonable hours.  Other provisions relating to temporary attorney's fees, costs, and suit money are as follows: _____

_____

_____.

**SECTION VIII.  OTHER PROVISIONS**

**Other Provisions:** _____

_____

_____

_____.

DONE AND ORDERED in _____, Florida on *{date}* _____.

_____
CIRCUIT JUDGE

I certify that a copy of this *{name of document(s)}* _____ was
(    ) mailed (    ) faxed and mailed (    ) e-mailed (    ) hand-delivered to the parties or entities listed below on *{date}*_____.

_____
                                                                        By: *{Clerk of Court or designee}*

Petitioner (or his or her attorney)
Respondent (or his or her attorney)
_____State Disbursement Unit
_____Central depository

Florida Supreme Court Approved Family Law Form 12.947(b), Temporary Order of Support, Time-Sharing, and Other Relief with Dependent or Minor Child(ren) (03/15)

_____Other: _____

Florida Supreme Court Approved Family Law Form 12.947(b), Temporary Order of Support, Time-Sharing, and Other Relief with Dependent or Minor Child(ren) (03/15)

- 309 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.947(c)
## MOTION FOR TEMPORARY SUPPORT AND OTHER RELIEF WITH NO DEPENDENT OR MINOR CHILD(REN)(03/15)

## When should this form be used?

This form may be used by:

(1) the **respondent** or the **petitioner** in a pending **dissolution of marriage** action. For you to use this form, a **petition** for dissolution of marriage must have already been filed. You should use this form to ask the court to award any of the following: temporary use of assets; temporary exclusive use of the marital home; temporary responsibility for liabilities/debts; temporary spousal support (**alimony**); and other relief.

**OR**

(2) the petitioner in a pending action for support unconnected with a dissolution. For you to use this form, a petition for support unconnected with a dissolution of marriage must have already been filed. You should use this form to ask the court to award temporary spousal support (alimony).

This form should be typed or printed in black ink. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where the petition for dissolution of marriage was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form, along with all of the other forms required with this motion, must be mailed, e-mailed, or hand delivered to the other party in your case. When you have filed all of the required forms,

Instructions for Florida Supreme Court Approved Family Law Form 12.947(c), Motion for Temporary Support and Other Relief with No Dependent or Minor Child(ren) (03/15)

- 310 -

you are ready to set a hearing on your motion. You should check with the clerk, **family law intake staff**, or **judicial assistant** for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should notify the other party using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** Words in **bold underline** in these instructions are defined there. For further information, see chapter 61, Florida Statutes, rule 12.285, Florida Family Law Rules of Procedure, and rule 1.610, Florida Rules of Civil Procedure.

## Special notes...

If you use paragraph 1.c. of this form to ask the court to enter a temporary injunction, the court may require you to post a **bond**.

With this form you must also file the following, if not already filed:

- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c).

Instructions for Florida Supreme Court Approved Family Law Form 12.947(c), Motion for Temporary Support and Other Relief with No Dependent or Minor Child(ren) (03/15)

- 311 -

(This must be filed within 45 days if not filed at the time of the petition.)
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932.

**Temporary Order...** These family law forms contain an **Order for Temporary Support and Other Relief with No Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(d), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing.

**Nonlawyer…** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.947(c), Motion for Temporary Support and Other Relief with No Dependent or Minor Child(ren) (03/15)

- 312 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# MOTION FOR TEMPORARY SUPPORT AND OTHER RELIEF WITH NO DEPENDENT OR MINOR CHILD(REN)

_____ Petitioner _____ Respondent requests that the Court enter an order granting the following temporary support:

*{Complete **all** that apply}*
1. **Assets and Liabilities.**
   a. _____ **Award temporary exclusive use and possession of the marital home.** *{address}* _____
   _____
   The Court should do this because: _____
   _____
   _____

   b. _____ **Award temporary use and possession of marital assets.** *{Specify, without using account numbers}*_____
   _____
   _____
   _____
   The Court should do this because: _____
   _____
   _____.
   c. _____ **Enter a temporary injunction** prohibiting the parties from disposing of any marital assets, other than ordinary and usual expenses. *{Explain}* _____
   _____
   _____
   _____

Florida Supreme Court Approved Family Law Form 12.947(c), Motion for Temporary Support and Other Relief with No Dependent or Minor Child(ren) (03/15)

- 313 -

The Court should do this because: _____
_____
_____
_____

     d. _____ Require temporary payment of specific marital debts. *{Explain, without using account numbers}*

_____
_____
_____

The Court should do this because: _____
_____
_____

2. **Support.** Award temporary spousal support/alimony of $_____ per month. The Court should do this because: _____
_____
_____

3. Other provisions relating to alimony including any tax treatment and consequences:_____
_____

4. **Attorney's fees and costs.**
     a. _____ Award temporary attorney's fees of $_____.
     b. _____ Award temporary costs of $_____.

The Court should do this because: _____
_____
_____

5. **Other Relief.** *{specify}*_____
_____
_____
_____
_____

6. A completed Certificate of Compliance with Mandatory Disclosure, Florida Family Law Rules of Procedure Form 12.932, is filed with this motion or has already been filed with the Court.

7. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this motion or has already been filed with the Court.

Florida Supreme Court Approved Family Law Form 12.947(c), Motion for Temporary Support and Other Relief with No Dependent or Minor Child(ren) (03/15)

- 314 -

I request that the Court hold a hearing on this matter and grant the relief specifically requested and any other relief this Court may deem just and proper.

Florida Supreme Court Approved Family Law Form 12.947(c), Motion for Temporary Support and Other Relief with No Dependent or Minor Child(ren) (03/15)

- 315 -

I certify that a copy of this document was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____.


_____
Signature of Party or his/her attorney
Printed Name: _____
Address: _____

City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____
_____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only one}* ( ) Petitioner ( ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____
_____,
*{name of business}* _____
_____,
*{address}* _____
_____,
*{city}* _____,*{state}* ____,*{zip code}*_____*{telephone number}* _____
_____.

Florida Supreme Court Approved Family Law Form 12.947(c), Motion for Temporary Support and Other Relief with No Dependent or Minor Child(ren) (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# ORDER FOR TEMPORARY SUPPORT AND OTHER RELIEF
# WITH NO DEPENDENT OR MINOR CHILD(REN)

This cause came before this Court for a hearing on a Motion for Temporary Support and Other Relief with No Dependent or Minor Child(ren). The Court, having reviewed the file and heard the testimony, makes these findings of fact and ORDERS as follows:

The Court has jurisdiction over the subject matter and the parties.

**SECTION I.  MARITAL ASSETS AND LIABILITIES**

**A.  Injunction.**
   1. _____ Petitioner _____ Respondent is (are) prohibited and enjoined from disposing of any marital assets without the written permission of the other party or a court order.  If indicated here (   ), the person(s) prohibited and enjoined from disposing of any marital assets may continue to pay all ordinary and usual expenses.

   2. The Court may enforce compliance with the terms of this injunction through civil and/or indirect criminal contempt proceedings, which may include arrest, incarceration, and/or the imposition of a fine.

   3. Violation of this injunction may constitute criminal contempt of court.

   4. Bond.  This order is conditioned upon _____ Petitioner _____ Respondent posting bond in the sum of $_____ with the clerk of this Court.

**B.  Temporary Use of Assets.**
   1. The assets listed below are temporarily determined to be marital assets.  Each party shall temporarily have the use of, as his/her own, the assets awarded in this section, and the other party shall temporarily have no further use of said assets.  **Any personal property not listed**

Florida Supreme Court Approved Family Law Form 12.947(d), Order for Temporary Support and Other Relief With No Dependent or Minor Child(ren) (03/15)

**below shall be for the use of party currently in possession of that item(s), and he or she may not dispose of that item(s) without the written permission of the other party or a court order.**

| ASSETS: DESCRIPTION OF ITEM(S)<br>(Please describe each item as clearly as possible. You do not need to list account numbers.) | Wife Shall Have Temporary Use | Husband Shall Have Temporary Use |
|---|---|---|
| Automobiles | | |
| | | |
| | | |
| | | |
| Furniture & furnishings in home | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| Furniture & furnishings elsewhere | | |
| | | |
| | | |
| | | |
| Jewelry | | |
| Business interests | | |
| | | |
| Other Assets | | |

**C. Temporary Responsibility for Liabilities/Debts.**
1. The liabilities listed below are temporarily determined to be marital. Each party shall pay as his or her own the marital liabilities indicated below and shall keep said payments current. The other party shall temporarily have no further responsibility for the payment of these debts.

Florida Supreme Court Approved Family Law Form 12.947(d), Order for Temporary Support and Other Relief With No Dependent or Minor Child(ren) (03/15)

| LIABILITIES:  DESCRIPTION OF DEBT(S) (Please describe each item as clearly as possible. You do not need to list account numbers.) | Current Amount Owed | Wife Shall Pay | Husband Shall Pay |
|---|---|---|---|
| Mortgages on real estate: (home) | $ | $ | $ |
|  |  |  |  |
|  |  |  |  |
| Charge/credit card accounts |  |  |  |
|  |  |  |  |
| Auto loan |  |  |  |
| Auto loan |  |  |  |
| Bank/Credit Union loans |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| Money owed (not evidenced by a note) |  |  |  |
|  |  |  |  |
| Other |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**SECTION II.  TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME**

*{Indicate **all** that apply}*

1. _____Petitioner _____ Respondent shall have temporary exclusive use and possession of the dwelling located at: *{address}* _____

_____

until *{date or event}* _____

_____ .

2. _____ Petitioner _____Respondent may make a visit to the premises described in the paragraph above for the purpose of obtaining his or her clothing and items of personal health and hygiene and to obtain any items awarded in this order.  This visit shall occur after notice to the person granted temporary exclusive use and possession of the dwelling and at the earliest convenience of both parties.

Florida Supreme Court Approved Family Law Form 12.947(d), Order for Temporary Support and Other Relief With No Dependent or Minor Child(ren) (03/15)

3. _____ Other: _____

_____ .

**SECTION III.  TEMPORARY ALIMONY**

1. _____ The Court denies the request(s) for temporary alimony.

**OR**

2. _____The Court finds that there is a need for, and that _____ Petitioner _____ Respondent, hereinafter Obligor, has/had the present ability to pay, temporary alimony as follows:

*{Choose **all** that apply}*

    a. _____ **Temporary Periodic.**  Obligor shall pay temporary periodic alimony to Obligee in the amount of $_____ per month, payable (    ) in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month (    ) other *{explain}* _____

_____ ,

beginning *{date}* _____. This temporary periodic alimony shall continue until modified by court order, the death of either party, or until _____ ,

_____*{date or event}* whichever occurs

first.

    b. _____ **Retroactive.**  Obligor shall pay retroactive alimony in the amount of $_____ for the period of *{date}* _____ through *{date}* _____ , which shall be paid pursuant to paragraph 4 below.

3. **Reasons for Awarding/Denying Temporary Alimony Award.**  The reasons for awarding/denying temporary alimony are as follows:

a_____ length of the marriage of the party receiving temporary alimony: _____ years;

b._____ age of party receiving temporary alimony: _____;

c._____health of party receiving temporary alimony: _____ excellent _____ good _____ poor _____ other _____;

d._____ other factors _____

_____

_____

_____ Please indicate here if additional pages are attached.

4. **Retroactive Alimony.** _____ Petitioner _____ Respondent shall pay to the other party the temporary retroactive alimony of $_____, as of *{date}* _____. This amount shall be paid in the amount of $_____ per month, payable in accordance with Obligor's employer's payroll cycle, and in any event at least once a month (    ) other *{explain}:* _____

_____ ,

beginning *{date}* _____, until paid in full including statutory interest.

Florida Supreme Court Approved Family Law Form 12.947(d), Order for Temporary Support and Other Relief With No Dependent or Minor Child(ren) (03/15)

5. **Insurance.**

*[Indicate **all** that apply]*

    a. \_\_\_\_\_ **Health Insurance.** \_\_\_\_\_ Petitioner \_\_\_\_\_ Respondent shall temporarily be required to pay health insurance premiums for the other party not to exceed $_____ per month.  Further, \_\_\_\_\_ Petitioner \_\_\_\_\_ Respondent shall pay any reasonable and necessary uninsured medical costs for the other party not exceed $_____per year.  As to these uninsured medical expenses, the party who is entitled to reimbursement of the uninsured medical expense shall submit request for reimbursement to the other party within 30 days, and the other party shall, within 30 days after receipt, submit the applicable reimbursement for that expense.

    b. \_\_\_\_\_ **Life Insurance (to secure payment of support).**  To secure the temporary alimony obligations set forth in this order, the Obligor shall temporarily maintain any existing life insurance coverage on his/her life naming the Obligee as the sole irrevocable beneficiary, so long as reasonably available. This temporary insurance shall be in the amount of at least $_____ and shall remain in effect until this temporary obligation for alimony terminates.

6. \_\_\_\_\_ **Other provisions relating to temporary alimony including any tax treatment and consequences:** _____

_____.

## SECTION IV.  METHOD OF PAYMENT

Obligor shall pay any temporary court-ordered alimony and arrears, if any, as follows:

1. **Place of Payment.**

*[Indicate **if** applies]*

    a. \_\_\_\_\_ Obligor shall pay temporary court-ordered support directly to either the State Disbursement Unit or the central depository, as required by statute, along with any fee required by statute.

    b. \_\_\_\_\_ Both parties have requested and the court finds that it is in the best interests that temporary support payments need not be directed through either the State Disbursement Unit or the central depository at this time; however, either party may subsequently apply, pursuant to section 61.13(1)(d)3, Florida Statutes, to require payments through either the State Disbursement Unit or the central depository.

2. **Income Deduction.**

*[**If** applicable]*

    a. \_\_\_\_\_ **Immediate.** Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually responsible for paying this temporary support obligation until all of said support is deducted from Obligor's income. Until support payments are deducted from Obligor's paycheck, Obligor is responsible for making timely payments directly to the State Disbursement Unit or

Florida Supreme Court Approved Family Law Form 12.947(d), Order for Temporary Support and Other Relief With No Dependent or Minor Child(ren) (03/15)

- 321 -

the Obligee, as previously set forth in this order.

    b. \_\_\_\_\_ **Deferred.** Income deduction is ordered this day, but it shall not be effective until a delinquency of $_____, or, if not specified, an amount equal to one month's obligation occurs. Income deduction is not being implemented immediately based on the following findings: there are no minor child(ren) common to the parties,

**AND**

there is proof of timely payment of a previously ordered obligation without an income deduction order in cases of modification,

**AND**

\_\_\_\_\_ there is an agreement by the Obligor to advise the Title IV-D agency, the clerk of court, and the Obligee of any change in Payor and/or health insurance **OR** ( ) there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee and, at the option of the IV-D agency, by the IV-D agency in IV-D cases in which there is an assignment of support rights to the state, reviewed and entered in the record by the court.

3. **Bonus/one-time payments.** \_\_\_\_\_ All _____% \_\_\_\_\_ No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to the Obligee pursuant to the payment method prescribed above.

4. **Other provisions relating to method of temporary payment:** _____
_____
_____ .

## SECTION V. TEMPORARY ATTORNEY'S FEES, COSTS, AND SUIT MONEY

1. \_\_\_\_\_ Petitioner's \_\_\_\_\_ Respondent's request(s) for temporary attorney's fees, costs, and suit money is (are) denied because _____
_____ .

2. \_\_\_\_\_ The Court finds there is a need for and an ability to pay temporary attorney's fees, costs, and suit money. \_\_\_\_\_ Petitioner \_\_\_\_\_ Respondent is hereby ordered to pay to the other party $_____ in temporary attorney's fees, and $_____ in costs. The Court further finds that the temporary attorney's fees awarded are based on the reasonable rate of $_____ per hour and \_\_\_\_\_reasonable hours. Other provisions relating to temporary attorney fees, costs, and suit money are as follows: _____
_____
_____ .

## SECTION VI. OTHER PROVISIONS

**Other Provisions:** _____
_____

Florida Supreme Court Approved Family Law Form 12.947(d), Order for Temporary Support and Other Relief With No Dependent or Minor Child(ren) (03/15)

_____

_____ .

_____ .

DONE AND ORDERED in _____, Florida, on *{date}* _____.


_____

CIRCUIT JUDGE


I certify that a copy of this *{name of document}*_____
was (    ) mailed (    ) faxed and mailed (    ) e-mailed (    ) hand-delivered to the parties or entities listed
below on *{date}*_____.




                                                          by_____
                                                          *{Clerk of Court or designee}*




Petitioner (or his or her attorney)
Respondent (or his or her attorney)
State Disbursement Unit
Other: _____

Florida Supreme Court Approved Family Law Form 12.947(d), Order for Temporary Support and Other Relief With
No Dependent or Minor Child(ren) (03/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.950(a)
# AGREEMENT FOR RELOCATION WITH MINOR CHILD(REN)
# (03/15)

## When should this form be used?

This form should be used when the parents and every other person entitled to access to, visitation, or time-sharing with the minor child(ren) are in agreement and are asking the court to permit the relocation of the child(ren)'s principal residence. "Other Person" means an individual who is not the parent, but with whom the child resides pursuant to court order, or who has the right of access to, time-sharing with, or visitation with the child(ren). This form can be used at any time after either a petition or supplemental petition to relocate has been filed and the parties reach an agreement; OR can be used when the parties are in agreement and there is an existing cause of action, judgment, or decree of record pertaining to the child(ren)'s residence or time-sharing schedule. Either an agreement for relocation or a petition to relocate is required when:

1.      You plan to relocate the child(ren)'s residence more than 50 miles from the child(ren)'s principal residence at the time of the last order which established or modified either a Parenting Plan or time-sharing schedule or at the time of filing of the pending action.

2.      The court has not already entered an order granting permission to relocate.

3.      The relocation will be for a period of 60 consecutive days or more, not including any absence for purposes of vacation, education, or health care for the child(ren).

4.      Your order or final judgment defining custody, primary residence, the Parenting Plan, or time-sharing was entered before October 1, 2009 and the order does not expressly govern the relocation of the child(ren); or was entered on or after October 1, 2009, or your case was pending on October 1, 2009.

5.      If the visitation or time-sharing schedule will change due to the relocation, a Parenting Plan with a time-sharing schedule must be included with the Agreement. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).

This form should be typed or printed in black ink. **You must fill in all sections of the form.** If you are an "other person" entitled to access, visitation, or time-sharing with the child(ren), substitute your name for Mother or Father in the form and "parties" for "parents." After completing the form, you should sign the form before a **notary public** or **deputy clerk.**

Instructions for Florida Supreme Court Approved Family Law Form 12.950(a), Agreement for Relocation with Minor Child(ren)  (03/15)

- 324 -

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

For your case to proceed, you must properly notify the court by filing the original of the Agreement and a **Motion for Order Permitting Relocation by Agreement**, Florida Supreme Court Approved Family Law Form, 12.950 (b), with the clerk of the circuit court of one of the following: the circuit court which has jurisdiction in accordance with the Uniform Child Custody Jurisdiction and Enforcement Act; the circuit court in the county in which either parent and the child(ren) reside; or the circuit court in which the original action was adjudicated. If the order was entered in another state, or if the child(ren) live(s) in another state, you should speak with an **attorney** about where to file this form. You should file the original with the **clerk of the circuit court** and keep a copy for your records.

If the issue of the child(ren)'s physical residence is already before the court in an ongoing proceeding or through a judgment issued by the court, the court may enter an order adopting the Agreement without holding a hearing once both parties have signed it and neither has requested a hearing. When a hearing is not timely requested, the court shall presume that relocation is in the best interest of the child(ren) and may adopt the Agreement without holding a hearing.

If one or more of the parties to the Agreement timely requests a hearing in writing within 10 days after the date the Agreement is filed with the court, then you must notify the other party(ies) of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. The court will then enter an order after the hearing.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

Instructions for Florida Supreme Court Approved Family Law Form 12.950(a), Agreement for Relocation with Minor Child(ren) (03/15)

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

# Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

If your case involves a modification of any provision relating to child support, you should also check with the clerk of the circuit court in the county in which you are filing this Agreement for Relocation to determine if any other forms must be filed.

If the parties agree to a modification of child support, the following forms should be filed with this Agreement:

- A Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e),
- A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
- A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d).

# Special notes...

The Agreement for Relocation with Minor Children must contain a **Parenting Plan** with a **time-sharing schedule**. At a minimum, the Parenting Plan must describe in adequate detail:
- How the parties will share and be responsible for the daily tasks associated with the upbringing of the child(ren),
- The time-sharing schedule that specifies the time that the minor child(ren) will spend with each parent and every other person entitled to access or time-sharing,
- A designation of who will be responsible for any and all forms of health care, school-related matters, including the address to be used for school-boundary determination and registration, and any other activities,
- The methods and technologies that the parents will use to communicate with the child(ren), and
- Any transportation arrangements related to access or time-sharing.

Instructions for Florida Supreme Court Approved Family Law Form 12.950(a), Agreement for Relocation with Minor Child(ren) (03/15)

- 326 -

The best interests of the child(ren) is the primary consideration in the Parenting Plan. In creating the Parenting Plan, all circumstances between the parties, including the parties' historic relationship, domestic violence, and other factors must be taken into consideration. Determination of the best interests of the child(ren) shall be made by evaluating all of the factors affecting the welfare and interest of the particular minor child(ren) and the circumstances of the family as listed in s. 61.13(3), Florida Statutes.

This standard form does not include every possible issue that may be relevant to the facts of your case. The Parenting Plan should be as detailed as possible to address the time-sharing schedule. Additional provisions should be added to address all of the relevant factors. The parties should give special consideration to the age and needs of each child.

The Parenting Plan and time-sharing schedule may be set forth in the body of the Agreement for Relocation with Minor Children or may be attached as a separate document. You may attach a **Relocation/Long-Distance Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(c), or similar form.

In developing the Parenting Plan, you may wish to consult or review other materials which are available at your local library, law library or through national and state family organizations.

**Nonlawyer. . .** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.950(a), Agreement for Relocation with Minor Child(ren) (03/15)

- 327 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
Petitioner,

And

_____,
Respondent.

# AGREEMENT FOR RELOCATION WITH MINOR CHILD(REN) ____INCLUDING OR ____ NOT INCLUDING MODIFICATION OF CHILD SUPPORT

I, *{full legal name}* _____, (Petitioner) and I, *{full legal name}* _____, (Respondent) being sworn, certify that the following information is true:

1.      The parties to this action were granted a final judgment of ____ dissolution of marriage ____ paternity on *{date}* _____.   A copy of the final judgment and any modification(s) is/are attached.

2.      *{If Applicable}*.  The following other person is an individual who is not a parent, but with whom the child resides pursuant to a court order, or who has the right of access to, time-sharing with, of visitation with the child(ren)_____.

3.      Paragraph(s)_____of the ____ final judgment or ____ most recent modification thereof describes the present custody, visitation, or time-sharing schedule.

4.      The dependent or minor child(ren) referred to in this Agreement are:

**Name(s)**                                                                          **Birth Date(s)**

_____
_____
_____
_____
_____

**SECTION I. RELOCATION**

A.      Since the final judgment or last modification thereof, there has been a substantial

Florida Supreme Court Approved Family Law Form 12.950(a), Agreement for Relocation with Minor Child(ren) (03/15)

change in circumstances, requiring a modification of the present visitation, Parenting Plan, or time-sharing schedule. Both parties agree and stipulate to the following terms regarding modification to allow the _____to relocate with the minor child (ren) and modify the terms regarding visitation or time-sharing, with or without a hearing.

B.  The following relocation information is true and correct:
1.  The location of the intended new residence, including the state, city, and physical address, if known, is: _____
_____
_____.

2.  The mailing address of the new physical residence, if not the same as the physical address, is: _____.

3.  The home telephone number of the intended new residence, if known, is:_____.

4.  The date of the intended move or proposed relocation is: _____.


**SECTION II: PARENTAL RESPONSIBILITY AND TIME-SHARING SCHEDULE** *{Choose only **one**}*

1.____  Parental Responsibility and Time-Sharing shall remain the same as previously set out in the: ____ Final Judgment of Dissolution, ____ Final Judgment of Paternity or subsequent ____ Other *{title of supplemental order or judgment}*_____ dated _____ and will continue without modification;

**OR**

2.____  The parties shall comply with the Parenting Plan which is attached and incorporated herein as Exhibit ____.

**OR**

3.____  The parties shall comply with the following Parenting Plan and time-sharing schedule:

A.  **JURISDICTION**
The United States is the country of habitual residence of the child(ren).

The State of Florida is the child(ren)'s home state for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act.

This Parenting Plan is a child custody determination for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act, the International Child Abduction Remedies Act, 42 U.S.C. Sections 11601 et seq., the Parental Kidnapping Prevention Act, and the Convention on the Civil Aspects of International Child Abduction enacted at the Hague on October 25, 1980, and for all other state and federal laws.

Other: _____.

B. **PARENTAL RESPONSIBILITY AND DECISION MAKING**

1. **Parental Responsibility** *{Choose only one}*

    a._____Shared Parental Responsibility.

    It is in the best interests of the child(ren) that the parents confer and **jointly** make all major decisions affecting the welfare of the child(ren). Major decisions include, but are not limited to, decisions about the child(ren)'s education, healthcare, and other responsibilities unique to this family.

    **OR**

    b._____Shared Parental Responsibility with Decision Making Authority.

    It is in the best interests of the child(ren) that the parents confer and attempt to agree on the major decisions involving the child(ren).  If the parents are unable to agree, the authority for making major decisions regarding the child(ren) shall be as follows:

    | | | |
    |---|---|---|
    | Education/Academic decisions | ____ Mother | ____ Father |
    | Non-emergency health care | ____ Mother | ____ Father |
    | _____ | ____ Mother | ____ Father |
    | _____ | ____ Mother | ____ Father |
    | _____ | ____ Mother | ____ Father |

    **OR**

    c._____Sole Parental Responsibility:

    It is in the best interests of the child(ren) that the ____ Mother ____ Father shall have sole authority to make major decisions for the child(ren.) It is detrimental to the child(ren) for the parents to share decision making because: _____ _____.

2. **Day-to-Day Decisions**
    Unless otherwise specified in this Parenting Plan, each parent shall make decisions regarding day-to-day care and control of each child, including the performance of daily tasks, while the child is with that parent.  Regardless of the allocation of decision making in the Parenting Plan, either parent may make emergency decisions affecting the health or safety of the child(ren) when the child is residing with that parent.  A parent who makes an emergency decision shall share the decision with the other parent as soon as reasonably possible.

3. **Extracurricular Activities *{Choose all that apply}***

    a._____Either parent may register the child(ren) and allow them to participate in the activity of the child(ren)'s choice.

b.\_\_\_\_\_The parents must mutually agree to all extra-curricular activities.

c.\_\_\_\_\_The costs of the extra-curricular activities shall be paid by:
Mother _____% Father _____%

d.\_\_\_\_\_The uniforms and equipment required for the extra-curricular activities shall be paid by: Mother _____ % Father _____%

e.\_\_\_\_\_Other: _____ .

C.       **INFORMATION SHARING**.  **Unless Otherwise Indicated or Ordered by the Court**:

1.  Unless otherwise prohibited by law, both parents shall have access to medical and school records pertaining to the child(ren) and shall be permitted to independently consult with any and all professionals involved with the child(ren). The parents shall cooperate with each other in sharing information related to the health, education, and welfare of the child(ren) and they shall sign any necessary documentation ensuring that both parents have access to said records.

2.  Each parent shall be responsible for obtaining records and reports directly from the school and health care providers.

3.  Both parents have equal rights to inspect and receive governmental agency and law enforcement records concerning the child(ren).

4.  Both parents shall have equal and independent authority to confer with the child(ren)'s school, day care, health care providers, and other programs with regard to the child(ren)'s educational, emotional, and social progress.

5.  Both parents shall be listed as "emergency contacts" for the child(ren).

6.  Each parent has a continuing responsibility to provide a residential and mailing address, and contact telephone number(s) to the other parent.  Each parent shall notify the other parent in writing within 24 hours of any changes.  Each parent shall notify the court in writing within seven (7) days of any changes.

7.  Other: _____
_____.

D.       **SCHEDULING**

1.  **School Calendar**
If necessary, on or before _____ of each year, both parents should obtain a copy of the school calendars for the next school year. The parents shall discuss the calendars and the time-sharing schedule so that any differences or questions can be resolved.

Florida Supreme Court Approved Family Law Form 12.950(a), Agreement for Relocation with Minor Child(ren) (03/15)

The parents shall follow the school calendar of: *{Choose **all** that apply}*

_____  the oldest child

_____  the youngest child

_____  the school calendar for _____ County

_____  the school calendar for _____ School

2. **Academic Break Definition**

When defining academic break periods, the period shall begin at the end of the last scheduled day of classes before the holiday or break and shall end on the first day of regularly scheduled classes after the holiday or break.

3. **Schedule Changes** *{Choose **all** that apply}*

a._____A parent making a request for a schedule change will make the request as soon as possible, but in any event, except in cases of emergency, no less than _____ before the change is to occur.

b._____A parent requesting a change of schedule shall be responsible for any additional child care, or transportation costs caused by the change.

c._____Other _____.

E.     **TIME-SHARING SCHEDULE**

1. **Weekday and Weekend Schedule**

The following schedule shall apply beginning on _____ with the _____ Mother _____ Father and continue as follows:

The child(ren) shall spend time with the **Mother** on the following dates and times:

**WEEKENDS**: _____ Every _____ Every Other _____ Other (*specify*): _____

From_____ to _____

**WEEKDAYS**: Specify days _____

From _____ to _____

**OTHER**: (Specify) _____

_____

_____.

The child(ren) shall spend time with the **Father** on the following dates and times:

**WEEKENDS**: _____ Every _____ Every Other _____ Other *{specify}*: _____

From_____ to _____

**WEEKDAY**S: *{Specify days}* _____

From _____ to _____

**OTHER**: *{specify}* _____

_____

_____.

The child(ren) shall spend time with _____on the following dates and times:

**WEEKENDS:** _____ Every _____ Every Other _____ Other *{specify}*:_____
From _____to_____

**WEEKDAYS:** *{Specify days}*_____
From_____to_____

**OTHER:** *{specify}* _____
_____
_____

**Please indicate below if there is a different time-sharing schedule for any child. Complete a separate Attachment for each child for whom there is a different time-sharing schedule.**

_____ There is a different time-sharing schedule for the following child(ren) in Attachment _____.

_____, and _____.
(Name of Child)                              (Name of Child)

2. **Holiday Schedule** *{Choose only **one**}*

a._____ No holiday time sharing shall apply. The regular time-sharing schedule set forth above shall apply.

b._____ Holiday time-sharing shall be as the parties agree.

c._____ Holiday time-sharing shall be in accordance with the following schedule. The holiday schedule will take priority over the regular weekday, weekend, and summer schedules. Fill in the blanks with Mother or Father to indicate where the child(ren) will be for the holidays. Provide the beginning and ending times. If a holiday is not specified as even, odd, or every year with one parent, then the child(ren) will remain with the parent in accordance with the regular schedule

| Holidays | Even Years | Odd Years | Every Year | Begin/End Time |
|---|---|---|---|---|
| Mother's Day | _____ | _____ | _____ | _____ |
| Father's Day | _____ | _____ | _____ | _____ |
| President's Day | _____ | _____ | _____ | _____ |
| Martin Luther King Day | _____ | _____ | _____ | _____ |
| Easter | _____ | _____ | _____ | _____ |
| Passover | _____ | _____ | _____ | _____ |
| Memorial Day Weekend | _____ | _____ | _____ | _____ |
| 4th of July | _____ | _____ | _____ | _____ |
| Labor Day Weekend | _____ | _____ | _____ | _____ |

Columbus Day Weekend \_\_\_\_ _____ _____ _____
Halloween \_\_\_\_ _____ _____ _____
Thanksgiving \_\_\_\_ _____ _____ _____
Veteran's Day \_\_\_\_ _____ _____ _____
Hanukkah \_\_\_\_ _____ _____ _____
Yom Kippur \_\_\_\_ _____ _____ _____
Rosh Hashanah \_\_\_\_ _____ _____ _____
Child(ren)'s Birthdays \_\_\_\_ _____ _____ _____
_____ _____ _____

3. **Winter Break**
A. Winter Break {Choose only **one**}

1.\_\_\_\_\_The \_\_\_\_Mother \_\_\_\_ Father shall have the child(ren) from the day and time school is dismissed until December \_\_\_\_\_ at \_\_\_\_\_ a.m./p. m in \_\_\_\_odd-numbered years \_\_\_\_ even-numbered years \_\_\_\_ every year. The other parent will have the children for the second portion of the Winter Break. The parties shall alternate the arrangement each year.

2.\_\_\_\_\_The \_\_\_\_ Mother \_\_\_\_ Father shall have the child(ren) for the entire Winter Break during \_\_\_\_ odd-numbered years \_\_\_\_ even-numbered years \_\_\_\_ every year.

3.\_\_\_\_\_Other:
_____
_____
_____.

B. Specific Winter Holidays
If not addressed above, the specific Winter Holidays such as Christmas, New Year's Eve, Hanukkah, Kwanzaa, etc. shall be shared as follows:

_____
_____
_____
_____.

4. **Spring Break** {Choose only **one**}

a.\_\_\_\_\_The parents shall follow the regular schedule.

b.\_\_\_\_\_The parents shall alternate the entire Spring Break with the Mother having the child(ren) during the \_\_\_\_\_ odd-numbered \_\_\_\_\_ even-numbered years.

c.\_\_\_\_\_The \_\_\_\_\_ Father \_\_\_\_\_ Mother shall have the child(ren) for the entire Spring Break every year.

d._____The Spring Break will be evenly divided.  The first half of the Spring Break will go to the parent whose regularly scheduled weekend falls on the first half and the second half going to the parent whose weekend falls during the second half.

e._____Other: _____

5. **Summer Break** *{Choose only **one**}*

a._____The parents shall follow the regular schedule through the summer.

b._____The _____ Mother _____Father shall have the entire Summer Break from _____ after school is out until _____ before school starts.

c._____The parents shall equally divide the Summer Break.  During _____ odd-numbered years _____ even-numbered years, the _____Mother _____ Father shall have the child(ren) from _____after school is out until_____. The other parent shall have the child(ren) for the second half of the summer break. The parents shall alternate the first and second halves of Summer Break each year unless otherwise agreed.  During the extended periods of time-sharing, the other parent shall have the child(ren)_____.

d._____Other:_____.

6. **Number of Overnights:**
Based upon the time-sharing schedule, the Mother has a total of _____ overnights per year and the Father has a total of _____ overnights per year. **Note: The two numbers must equal 365.**

F.   **TRANSPORTATION AND EXCHANGE OF CHILD(REN)**

Both parents shall have the child(ren) ready on time with sufficient clothing packed and ready at the agreed upon time of exchange.  All necessary information and medicines will accompany the child(ren).

The parties shall exchange travel information and finalize travel plans at least _____ days in advance of the date of travel.  Except in cases of emergency, any parent requesting a change of travel plans after the date of finalization shall be solely responsible for any additional costs.

1. **Automobile Transportation and Exchange**
If a parent is more than _____ minutes late without contacting the other parent to make other arrangements, the parent with the child(ren) may proceed with other plans and

activities. *{Choose only **one**}*

a.\_\_\_\_\_The \_\_\_\_\_ Mother \_\_\_\_\_ Father shall provide all transportation.

b.\_\_\_\_\_The \_\_\_\_\_ Mother \_\_\_\_\_ Father shall pick up the child(ren) at the beginning of the visit and the other parent shall pick up the child(ren) at the end of the visit. The exchange shall take place:

c.\_\_\_\_\_At the parents' homes unless otherwise agreed

d.\_\_\_\_\_At the following location unless the parties agree in advance to a different place_____.

e.\_\_\_\_\_The parents shall meet at the following central location:

_____.

f.\_\_\_\_\_ Other: _____.

2. **Airplane and Other Public Transportation and Exchange**

Airline regulations govern the age at which a child may fly unescorted. An older child or children may fly under such regulations as each airline may establish.

Airline reservations should be made well in advance, and preferably non-stop.

All flight information shall be sent to the other party(ies) at least \_\_\_\_\_days in advance of the flight by the party purchasing the tickets.

If the child(ren) are flying accompanied by a party, the parent picking up the child(ren) shall exchange the child(ren) with the other parent at _____and the parent returning the child(ren) shall exchange the child(ren) at_____.

If the exchange is to be made at the airport, the party flying in to pick up or drop off the child(ren) from/to the airport must notify the other party of any flight delays.

Unless otherwise agreed in advance, if the child(ren) are flying unaccompanied, the parent taking the child(ren) to the airport must call the other parent immediately upon departure to notify the other parent that the child(ren) is/are arriving, and the parent who meets the child(ren) must immediately notify the other parent upon the child(ren)'s arrival. *{Indicate all that apply}*

a.\_\_\_\_\_Until a child reaches the age of \_\_\_\_\_, the parties agree that the child(ren) shall take a direct flight and/or fly accompanied by_____.

b.\_\_\_\_\_Once a child reaches the age of \_\_\_\_ the child shall be permitted to fly accompanied by an airline employee.

c.\_\_\_\_\_Once a child reached the age of \_\_\_\_ the child shall be permitted to fly unescorted.

d.\_\_\_\_\_Other: _____.

3. **Costs of Airline and Other Public Transportation**

The parents shall work together to purchase the most convenient and least expensive tickets.

Unless otherwise agreed or in the case of an unavoidable emergency, any costs incurred by a missed travel connection shall be the sole responsibility of the parent who failed to timely deliver the child(ren) to the missed connection.*{Indicate all that apply}*

a.\_\_\_\_\_Transportation costs are included in the Child Support Worksheets and/or the Order for Child Support and should not be included here.

b.\_\_\_\_\_The Mother shall pay _____% and the Father shall pay _____ % of the transportation costs.

c.\_\_\_\_\_The Mother shall pay _____% and the Father shall pay \_\_\_\_\_% of the transportation costs for an adult to accompany the child(ren) during travel.

d.\_\_\_\_\_If the parents are sharing travel costs, the non-purchasing parent shall reimburse the other parent within \_\_\_\_ days of receipt of documentation establishing the travel costs.

e.\_\_\_\_\_Other: _____.

4. **Foreign and Out-Of-State Travel** *{Indicate **all** that apply}*

a.\_\_\_\_\_Either parent may travel within the United States with the child(ren) during his/her time-sharing. The parent traveling with the child(ren) shall give the other parent at least \_\_\_\_\_ days written notice before traveling out of state unless there is an emergency, and shall provide the other parent with a detailed itinerary, including locations and telephone numbers where the child(ren) and parent can be reached at least \_\_\_\_\_ days prior to traveling.

b.\_\_\_\_\_Either parent may travel out of the country with the child(ren) during his/her time-sharing.  At least \_\_\_\_\_ days prior to traveling, the parent shall provide a detailed itinerary, including locations, and telephone numbers where the child(ren) and parent may be reached during the trip.  Each parent agrees to provide whatever documentation is necessary for the other parent to take the child(ren) out of the country.

c.\_\_\_\_\_If a parent wishes to travel out of the country with the child(ren), he/she shall

provide the following security for the return of the child(ren) _____
_____
_____.

    d._____Other _____.

  5. **Other travel and exchange arrangements**:
_____
_____
_____


G. **EDUCATION**

   1. **School designation.** For purposes of school boundary determination and registration, the _____ Mother's _____ Father's address shall be designated.

   2. *{If Applicable}* The following provisions are made regarding private or home schooling:
_____
_____
_____.

   3. **Other.** _____
_____
_____


H. **DESIGNATION FOR OTHER LEGAL PURPOSES**

The child(ren) named in this Relocation Agreement are scheduled to reside the majority of the time with the _____ Mother _____ Father. This majority designation is **SOLELY** for purposes of all other state and federal laws which require such a designation. **This designation does not affect either parent's rights or responsibilities under this Relocation Agreement.**


I. **COMMUNICATION**

  1. **Between Parents**
All communications regarding the child(ren) shall be between the parents.  The parents shall not use the child(ren) as messengers to convey information, ask questions, or set up schedule changes.

The parents shall communicate with each other by: *{Indicate **all** that apply}*
a._____in person
b._____by telephone
c._____by letter
d._____by e-mail

e._____Other:_____.

2. **Between Parent and Child(ren)**

Both parents shall keep contact information current.  Telephone or other electronic communication between the child(ren) and the other parent shall not be monitored by or interrupted by the other parent.  "Electronic communication" includes telephones, electronic mail or e-mail, webcams, video-conferencing equipment and software or other wired or wireless technologies or other means of communication to supplement face to face contact.

The child(ren) may have _____ telephone _____ e-mail _____ other electronic communication in the form of _____ with the other parent: (Choose only **one**)
a._____ Anytime
b._____ Every day during the hours of _____ to _____.
c._____ On the following days_____
during the hours of _____ to _____.
d._____ Other: _____.

3. **Costs of Electronic Communication** shall be addressed as follows:
_____
_____
_____

J.       **CHANGES OR MODIFICATIONS OF THE PARENTING PLAN**

Temporary changes may be made informally without a written document.  When the parents do not agree, the Parenting Plan remains in effect until further order of the court.

Any substantial changes to the Parenting Plan must be sought through the filing of a supplemental petition for modification.

K.       **DISPUTES OR CONFLICT RESOLUTION**

Parents shall attempt to cooperatively resolve any disputes which may arise over the terms of the Parenting Plan. The parents may wish to use mediation or other dispute resolution methods and assistance, such as Parenting Coordinators and Parenting Counselors, before filing a court action.

**SECTION III: CHILD SUPPORT AND INSURANCE**

A.       If the requested modification is granted, the parties:
1._____ agree that child support should be modified, consistent with the modification of the time-sharing schedule
2._____ agree that child support will NOT be modified.

B.	The ____ Mother ____ Father (hereinafter "Obligor") will pay child support, under Florida's child support guidelines, section 61.30, Florida Statutes, to the other parent.  The Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is completed and attached.

This parent shall be obligated to pay child support at the rate of $_____, per month for the _____children *{number of parties' minor or dependent children}* beginning *{month, day, year}* _____ and terminating _____*{month, day, year}*.  Child support shall be paid in the amount of $_____ per _____*{week, month, other}*, which is consistent with the Obligor's current payroll cycle.

Upon the termination of the obligation of child support for one of the parties' children, child support in the amount of $_____ for the remaining_____ children *{total number of remaining children}* shall be paid beginning _____ *{month, day, year}* and terminating _____ *{month, day, year}*. This child support shall be paid in the amount of $_____ per _____ *{week, month, other}* consistent with the Obligor's current payroll cycle.

***{Insert schedule for the child support obligation, including the amount, and commencement and termination dates, for the remaining minor or dependent children, which shall be payable as the obligation for each child ceases. Please indicate whether the schedule either _____ appears below or _____ is attached as part of this form.***

The Obligor shall pay child support until all the minor or dependent children: reach the age of 18, become emancipated, marry, die, joins the armed services; or become self-supporting; or until further order of the court or agreement of the parties. The child support obligation shall continue beyond the age of 18, and until high school graduation for any child who is: dependent in fact; between the ages of 18 and 19; and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.

If the child support amount above deviates from the guidelines by 5% or more, explain the reason(s) here:
_____
_____
_____.

C.	**Child Support Arrearage.**  There currently is a child support arrearage of $ _____
for retroactive child support and/or $_____ for previously ordered unpaid child support.   The total of $ _____ in child support arrearage shall be repaid at the rate of $ _____every ____ week ____ other week ____ month, beginning *{date}* _____, until paid in full including statutory interest.

D.	**Health Insurance.**
	1.____The ____ Mother ____ Father will maintain health insurance for the parties' minor

child(ren).  The party providing health insurance will provide insurance cards to the other party showing coverage.

**OR**

2._____ Health insurance is either not reasonable in cost or accessible to the child(ren) at this time.  Any uninsured/ unreimbursed medical costs for the minor child(ren) shall be assessed as follows:
a._____Shared equally by both parents.
b._____Prorated according to the child support guideline percentages.
c._____Other *{explain}*: _____

As to these uninsured/unreimbursed medical expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.

E.       **Dental Insurance.**
1._____The _____ Mother _____ Father will maintain dental insurance for the parties' minor child(ren).  The party providing dental insurance will provide insurance cards to the other party showing coverage.

**OR**

2._____ Dental insurance is either not reasonable in cost or available to the children at this time.   Any uninsured/unreimbursed dental costs for the minor child(ren) shall be assessed as follows:
      d._____Shared equally by both parents.
      e._____Prorated according to the child support guideline percentages.
      f. _____Other *{explain}*:
           _____

As to these uninsured/unreimbursed dental expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.

F.       **Life Insurance.**
The _____ Mother _____ Father shall be required to maintain life insurance coverage for the benefit of the parties' minor child(ren) in the amount of $ _____ until the youngest child turns 18, becomes emancipated, marries, joins the armed services, or dies.


**SECTION IV: OTHER**
_____
_____
_____

_____

_____

**I certify that I have been open and honest in entering into this relocation agreement.  I am satisfied with this agreement and intend to be bound by it.**


Dated: _____          _____
                                        Signature of Mother

                                        Printed Name: _____
                                        Address: _____
                                        City, State, Zip: _____
                                        Telephone Number: _____
                                        Fax Number: _____
                                        Designated E-mail Address(es):_____
                                        _____


STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.


                                        _____
                                        NOTARY PUBLIC or DEPUTY CLERK


                                        _____
                                        *{Print, type, or stamp commissioned name of notary or deputy clerk.}*
____    Personally known
____    Produced identification
____    Type of identification produced _____

**I certify that I have been open and honest in entering into this relocation agreement. I am satisfied with this agreement and intend to be bound by it.**

Dated: _____          _____
                                        Signature of Father

                                        Printed Name: _____
                                        Address: _____
                                        City, State, Zip: _____
                                        Telephone Number: _____
                                        Fax Number: _____
                                        Designated E-mail Address(es):_____
                                        _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.


                                        _____
                                        NOTARY PUBLIC or DEPUTY CLERK


                                        _____
                                        *[Print, type, or stamp commissioned name of notary or deputy clerk.]*

____    Personally known
____    Produced identification
____    Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:** [fill in **all** blanks]
This form was prepared for the: *{choose only one}* _____Mother _____Father.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}*___, *{zip code}* _____,*{telephone number}* _____.


Florida Supreme Court Approved Family Law Form 12.950(a), Agreement for Relocation with Minor Child(ren) (03/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.950(b)
## MOTION FOR ORDER PERMITTING RELOCATION BY AGREEMENT
## (03/15)

### When should this form be used?

This form should be used when the parents and every other person entitled to access to, visitation, or time-sharing with the minor child(ren) are in agreement and are asking the court to permit the relocation of the child(ren).  "Other Person" means an individual who is not the parent, but with whom the child resides pursuant to court order, or who has the right of access to, time-sharing with, or visitation with the child(ren).  You may file a Motion for Order Permitting Relocation with Agreement if the following are true:

- One of the parents or a person entitled to access to or time-sharing with the children wishes to relocate the child(ren) to a residence more than 50 miles from the child(ren)'s principal place of residence at the time of the last order establishing or modifying time-sharing or at time of filing of the pending action.

- There is an existing cause of action, judgment, or decree of record pertaining to the child(ren)'s residence or time sharing schedule.

- The parents and every other person entitled to access to or time-sharing with the children have signed a written agreement, **Agreement for Relocation with Minor Child(ren),** Florida Supreme Court Approved Family Law Form, 12.950(a), or similar form which:
  1. Reflects the consent to the relocation;
  2. Defines an access or time-sharing schedule for the non-relocating parent and any other persons who are entitled to access or time-sharing; and
  3. Describes, if necessary, any transportation arrangements related to access or time-sharing.

- Your order regarding custody, primary residence, the parenting plan, time-sharing, or access to or with the child(ren) was entered before October 1, 2009 and the order does not expressly govern the relocation of the child(ren); was entered on or after October 1, 2009; or your case was pending on October 1, 2009.

This form should be typed or printed in black ink.  **You must fill in all sections of the form**.  If you are an "other person" entitled to access, visitation, or time-sharing with the child(ren), substitute your name for Mother or Father in the form.  After completing the form, you should sign the form before a **notary public** or **deputy clerk.** You should **file** the form in the county where the original order or judgment was entered.  If the order or judgment was entered in another state, or if the child(ren) live(s) in another state, you should speak with an **attorney** about where to file this form.

Instructions for Motion for Order Permitting Relocation by Agreement, Florida Supreme Court Approved Family Law Form 12.950(b) (03/15)

- 346 -

# IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

# IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

# What should I do next?

After completing this form, you should file the original with the **clerk of the circuit court** where there is an existing cause of action, judgment, or decree of record pertaining to the child(ren)'s residence or time-sharing schedule and keep a copy for your records. The original Agreement for Relocation with Minor Child(ren) should be attached to Motion or filed with the clerk of the circuit court at the same time.

If both parties agree, the court may ratify the Agreement without the necessity of an evidentiary hearing. You should check with the clerk, family law intake staff, or judicial assistant for the proper way to submit the Motion and a proposed **Final Judgment/Supplemental Final Judgment Granting Relocation**, Florida Supreme Court Approved Family Law Form 12.950(i), to the judge. If one or more of the parties to the Agreement timely requests a hearing in writing within 10 days after the date the Agreement is filed with the court, then you must notify the other party(ies) of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. The court will then enter an order after hearing. If a hearing is not timely requested, the court shall presume that relocation is in the best interest of the child(ren) and may

Instructions for Motion for Order Permitting Relocation by Agreement, Florida Supreme Court Approved Family Law Form 12.950(b) (03/15)

- 347 -

ratify the Agreement without an evidentiary hearing.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

If your case involved a modification of any provision relating to child support, you should also check with the clerk of the circuit court in the county in which you are filing the Motion for Order Permitting Relocation with Minor Child(ren) and Agreement for Relocation with Minor Child(ren) to determine if any other forms must be filed.

**Nonlawyer...** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Former 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Motion for Order Permitting Relocation by Agreement, Florida Supreme Court Approved Family Law Form 12.950(b) (03/15)

- 348 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
Petitioner,

And

_____,
Respondent.

# MOTION FOR ORDER PERMITTING RELOCATION WITH AGREEMENT

We, _____ Father, *{full legal name}*
_____, Mother, *{full legal name}* and/or
_____ *{full legal name}* of Other Person entitled to Access or Time-Sharing with child(ren),  being sworn, certify that the following information is true: *{fill in **all** blanks}*

1.  We are asking the Court to permit relocation of the minor child(ren) to a residence at least 50 miles from the child(ren)'s principal place of residence at the time of entry of the last order establishing or modifying time-sharing, or at the time of filing of the pending action.

2.  There is an existing cause of action, judgment, decree of record pertaining the child(ren)'s residence or time-sharing schedule.

3.  **WE CONSENT TO THE RELOCATION OF THE MINOR CHILD(REN)** to the following address:
    _____.

4.  The dependent or minor child(ren) is (are):
    **Name(s)     Birth Date(s)**

    _____
    _____
    _____
    _____
    _____

5.  **Agreement.** A written **Agreement for Relocation with Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.950(a) or similar form,  is filed with this motion which reflects consent to the relocation; defines an access or time-sharing schedule for the nonrelocating parent and any other persons who are entitled to access or time-sharing; and describes, if necessary, any transportation arrangements related to access or time-sharing.

6.  The specific reasons for the proposed relocation of the child(ren) are:_____
    _____

Motion for Order Permitting Relocation by Agreement, Florida Supreme Court Approved Family Law Form 12.950(b) (03/15)

_____
_____
_____
_____
Attach additional sheets if necessary.

7. This modification is in the best interests of the child (ren) because: *{explain}* _____
_____
_____
_____
_____

8. **Hearing.** We seek ratification of the agreement by court order: *{choose only **one**}*
   a.____ With hearing
   b.____ Without hearing

9. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this Agreement.

10. If not previously filed in this case, a completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this Agreement.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____          _____
                                        Signature of PETITIONER

                                        Printed Name: _____
                                        Address: _____
                                        City, State, Zip:_____
                                        Telephone Number: _____
                                        Fax Number:_____
                                        Designated E-mail Address(es):_____

                                        _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

                                        _____
                                        NOTARY PUBLIC or DEPUTY CLERK

                                        _____
                                        *[Print, type, or stamp commissioned name of notary or deputy clerk.]*
____   Personally known
____   Produced identification
____   Type of identification produced _____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of RESPONDENT

Printed Name: _____
Address: _____
City, State, Zip:_____
Telephone Number: _____
Fax Number:_____
Designated E-mail Address(es)_____

_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or deputy clerk.]*

_____ Personally known
_____ Produced identification
_____ Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks]  This form was prepared for the: *{choose only **one**}* ____Petitioner ____Respondent
This form was completed with the assistance of:
*{name of individual*_____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}*____, *{zip code}* _____,*{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.950(c), PETITION FOR DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN) AND RELOCATION (03/15)

## When should this form be used?

This form should be used when a husband or wife is filing for **dissolution of marriage,** there are dependent or minor children and pursuant to Section 61.13001, Florida Statutes:

1.  You plan to relocate your residence more than 50 miles from the principal place of residence you have at the time of filing this petition; and

2.  The change of location is for at least 60 consecutive days, not including a temporary absence from your principal place of residence for purposes of vacation, education or the provision of health care for the minor child(ren).

You and/or your **spouse** must have lived in Florida for at least 6 months before filing for dissolution of marriage in Florida.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public or deputy clerk.** You should file the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the

Instructions for Florida Supreme Court Approved Family Law Form 12.950(c) Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (03/15)

- 353 -

procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

# What should I do next?

For your case to proceed, you must properly notify your spouse and every other person entitled to access or time-sharing with the child(ren) of the petition. "Other Person" means an individual who is not the parent but with whom the child resides pursuant to court order, or who has the right of access to, time-sharing with, or visitation with the child(ren). If you know where he or she lives, you should use **personal service**. If you absolutely do not know where he or she lives, you may use **constructive service**. You may also be able to use constructive service if your spouse or the other person resides in another state or country. However, if constructive service is used, other than granting a divorce, the court may only grant limited relief. For more information on constructive service, see **Notice of Action for Dissolution of Marriage**, Florida Supreme Court Approved Family Law Form 12.913(a), and **Affidavit of Diligent Search and Inquiry**, Florida Family Law Rules of Procedure Form 12.913(b). If your spouse is in the military service of the United States, additional steps for service may be required. See, for example, **Memorandum for Certificate of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(a). In sum, the law regarding constructive service and service on an individual in the military service is very complex and you may wish to consult an attorney regarding these issues.

If personal service is used, the **respondent** has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:

**DEFAULT.** If after 20 days, your spouse has not filed an **answer**, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**UNCONTESTED.** If your spouse files an answer that agrees with everything in your petition or an answer and waiver, **and** you have complied with **mandatory disclosure** and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify your spouse of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED.** If your spouse files an answer or an answer and **counterpetition**, which disagrees with or denies anything in your petition, **and** you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with

Instructions for Florida Supreme Court Approved Family Law Form 12.950(c) Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (03/15)

- 354 -

mandatory disclosure and filed all of the required papers.  Some circuits may require the completion of **mediation** before a final hearing may be set.  You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for trial (final hearing).  If your spouse files an answer and counterpetition, you should answer the counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

# Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.**  The words that are in **"bold underline"** in these instructions are defined there.  For further information, see chapter 61, Florida Statutes.

# Special notes...

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

If you want to keep your address confidential because you are the victim of sexual battery, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence, do not enter the address, telephone, and fax information at the bottom of this form.   Instead, file a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h).

With this form, you must also file the following:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d).
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking that child support be ordered in the final judgment. (If you do not know your spouse's income, you may file this worksheet after his or her financial affidavit has been served on you.)
- **Affidavit of Corroborating Witness**, Florida Supreme Court Approved Family Law Form 12.902(i) OR photocopy of current Florida driver's license, Florida identification card, or voter's registration card (issue date of copied document must be at least six months before date case is actually filed with the clerk of the circuit court).
- **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1), if you and your spouse have reached an agreement on any or all of the issues.
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed with the petition if the petitioner seeks to establish child support.  Otherwise, it must be filed within 45 days of service of the petition on the respondent.)

Instructions for Florida Supreme Court Approved Family Law Form 12.950(c) Petition for Dissolution of Marriage with Dependent  or Minor Child(ren) and Relocation (03/15)

- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on the respondent, if not filed at the time of the petition, unless you and your spouse have agreed not to exchange these documents.)
- **Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(a), Safety-Focused Parenting Plan, Form 12.995(b), or Relocation/Long-Distance Parenting Plan, Form 12.995(c). If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not reached an agreement, a proposed Parenting Plan may be filed.

**Updating Information.** A parent or other person seeking to relocate has a continuing duty to provide current and updated information required by the relocation statute when that information becomes known.

**Parenting Plan and Time-Sharing. If** you and your spouse are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing based on the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).

The judge may request a **parenting plan recommendation** or appoint a **guardian ad litem** in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.

A **parenting course** must be completed prior to entry of the final judgment. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses where you live.

Listed below are some terms with which you should become familiar before completing your petition. **If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.**

- **Shared Parental Responsibility**
- **Sole Parental Responsibility**
- **Supervised Time-Sharing**
- **No contact**
- **Parenting Plan**
- **Parenting Plan Recommendation**
- **Time-Sharing Schedule**

**Child Support.** The court may order one parent to pay **child support** to assist the other parent in meeting the child(ren)'s material needs. **Both parents are required to provide financial support**, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of **both** parents and take into account the financial contributions of

Instructions for Florida Supreme Court Approved Family Law Form 12.950(c) Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (03/15)

- 356 -

both parents. You must file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and your spouse will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Alimony.** Alimony may be awarded to a spouse if the judge finds that he or she needs it and that the other spouse has the ability to pay it. **If you want alimony, you must request it in writing in the original petition or counterpetition. If you do not request alimony in writing before the final hearing, it is waived (you may not request it later).** You may request either **permanent alimony**, **bridge-the-gap alimony, durational alimony, lump sum alimony,** or **rehabilitative alimony**.

**Marital/Nonmarital Assets and Liabilities.** Florida law requires an **equitable distribution** of **marital assets** and **marital liabilities**. "Equitable" does not necessarily mean "equal." Many factors, including child support, time-sharing, and alimony awards, may lead the court to make an unequal (but still equitable) distribution of assets and liabilities. **Nonmarital assets** and **nonmarital liabilities** are those assets and liabilities which the parties agree or the court determines belong to, or are the responsibility of, only one of the parties. If the parties agree or the court finds an asset or liability to be nonmarital, the judge will not consider it when distributing marital assets and liabilities.

**Temporary Relief.** If you need temporary relief regarding temporary use of assets, temporary responsibility for liabilities, parental responsibility, relocation and time-sharing with child(ren), temporary child support, or temporary alimony, you may file a **Motion for Temporary Support and Time-Sharing with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.947(a) and a **Motion for Temporary Relocation**, Florida Supreme Court Approved Family Law From 12.950(e). For more information, see the instructions for those forms.

**Marital Settlement Agreement.** If you and your spouse are able to reach an agreement on any or all of the issues, you should file a **Marital Settlement Agreement for Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.902(f)(1). Both of you must sign this agreement before a **notary public** or **deputy clerk**. Any issues on which you are unable to agree will be considered **contested** and settled by the judge at the final hearing.

**Parenting Plan.** In all cases involving minor or dependent child(ren), a Parenting Plan shall be approved or established by the court. As you are seeking to relocate, the Parenting Plan must include a post-relocation schedule for access and time-sharing together with the necessary transportation arrangements. If you and your spouse have reached an agreement, you should file a **Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(a), a **Safety-Focused Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(b), or a **Relocation/Long-Distance Parenting Plan,** Florida Supreme Court Approved Family Law Form 12.995(c), which addresses the time-sharing schedule for the child(ren). If you have not reached an agreement, a proposed Parenting Plan may be filed. If the parties are unable to agree, a **Parenting Plan will be established by the court.**

Instructions for Florida Supreme Court Approved Family Law Form 12.950(c) Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (03/15)

- 357 -

**Final Judgment Form.** These family law forms contain a **Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.990(c)(1), which the judge may use if your case is contested. If you and your spouse reach an agreement on all of the issues, the judge may use a **Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (Uncontested)**, Florida Supreme Court Approved Family Law Form 12.990(b)(1). You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer.** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.950(c) Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (03/15)

- 358 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
Husband,

And

_____,
Wife.

# PETITION FOR DISSOLUTION OF MARRIAGE

# WITH DEPENDENT OR MINOR CHILD(REN) AND RELOCATION

I, *{full legal name}* ____, the
*{Choose only **one**}* _____ Husband _____ Wife, being sworn, certify that the following statements are true:

5.      JURISDICTION/RESIDENCE
_____ Husband _____ Wife _____ Both Spouses has/have lived in Florida for at least six (6) months before the filing of this Petition for Dissolution of Marriage.

6.      The husband *{Choose only **one**}* _____ is _____ is not a member of the military service.
The wife *{Choose only **one**}*        _____ is _____ is not a member of the military service.

7.      MARRIAGE HISTORY
Date of marriage: *{month, day, year}*_____.
Place of marriage: *{city, county, state}*_____.
Date of separation: *{month, day, year}*_____ *(Please indicate if approximate).*

8.      DEPENDENT OR MINOR CHILD(REN)
*{Indicate **all** that apply}*
c. _____ The wife is pregnant.  Baby is due on: *{date}*
_____

d. _____ The minor (under 18) child(ren) common to both parties are:

**Name(s)     Birth Date(s)**

_____
_____
_____
_____
_____

Florida Supreme Court Approved Family Law Form 12.950(c), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (03/15)

e. \_\_\_\_\_The minor child(ren) born or conceived during the marriage who are **not** common to both parties are:

**Name(s)      Birth Date(s)**

_____
_____

The birth father(s) of the above minor child(ren) is/are *{name(s) and address(es)}* _____

_____
_____

f. \_\_\_\_\_ The child(ren) common to both parties who are 18 or older but who are dependent upon the parties due to a mental or physical disability are:

**Name(s)      Birth Date(s)**

_____
_____

9.      A completed **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c) *{Choose only **one**}*\_\_\_\_ has been filed or \_\_\_\_ will be filed.

10.      A completed **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition. (You **must** complete and attach this form in a dissolution of marriage with minor child(ren)).

11.      A completed **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.

12.      This petition for dissolution of marriage should be granted because:
*{Choose only **one**}*
c. \_\_\_\_\_ The marriage is irretrievably broken.
d.\_\_\_\_\_ One of the parties has been adjudged mentally incapacitated for a period of 3 years prior to the filing of this petition. A copy of the Judgment of Incapacity is attached to this Petition.

**SECTION I.  MARITAL ASSETS AND LIABILITIES**
*{Choose only **one**}*
3.      \_\_\_\_\_ There are no marital assets or liabilities.

4.      \_\_\_\_\_ There are marital assets or liabilities. All marital and nonmarital assets and liabilities are (or will be) listed in the financial affidavits, Florida Family Law Rules of Procedure Form 12.902(b) or (c), to be filed in this case.
*{Choose **all** that apply}*
a. \_\_\_\_\_ All marital assets and liabilities have been divided by a written agreement between the parties, which is attached, to be incorporated into the final judgment of dissolution of marriage. (The parties may use Marital Settlement Agreement for Dissolution of Marriage with Dependent

Florida Supreme Court Approved Family Law Form 12.950(c), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (03/15)

- 360 -

or Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.902(f)(1)).

   b. \_\_\_\_\_ The Court should determine how the assets and liabilities of this marriage are to be distributed, under section 61.075, Florida Statutes.

   c. \_\_\_\_\_Husband _____Wife  should be awarded an interest in the other spouse's  property because: _____
_____
_____
_____.

## SECTION II.  SPOUSAL SUPPORT (ALIMONY)

*{Choose only **one**}*

**1.**      **\_\_\_\_\_ Husband \_\_\_\_\_Wife forever gives up his/her right to spousal support (alimony) from the other spouse.**

2.      \_\_\_\_\_ Husband \_\_\_\_\_Wife requests that the Court order the other spouse to pay the following spousal support (alimony) and claims that he or she has a need for the support that he or she is requesting **and that the other spouse has the ability to pay that support**.  Spousal support (alimony) is requested in the amount of $_____ every \_\_\_\_\_ week \_\_\_\_\_ other week \_\_\_\_\_month, beginning *{date}*_____ and continuing until *{date or event}* _____.

      Explain why the Court should order \_\_\_\_\_Husband \_\_\_\_\_Wife to pay and any specific request(s) for type of alimony (temporary, permanent, bridge-the-gap, durational, rehabilitative, and/or lump sum): _____
_____
_____
_____
_____
_____.

      *{Indicate if applicable}* \_\_\_\_\_ Husband \_\_\_\_\_Wife requests life insurance on the other spouse's life, provided by that spouse, to secure such support.

## SECTION III.  RELOCATION

1.      The \_\_\_\_ Mother \_\_\_\_ Father seeks to relocate his/her residence to a place more than 50 miles from his/her place of residence at the time of filing of the Petition.  The change of location is for a period of at least consecutive 60 days not including a temporary absence from the principal residence for purposes of vacation, education, or the provision of health care for the child(ren).

2.      *{ If applicable}*  The following other person is an individual who is not a parent but with whom the child resides pursuant to a court order, or who has the right of access to, time-sharing with, or visitation with the child(ren)_____.

3.      Pursuant to Section 61.13001(3), Florida Statutes, the following information is provided:

a.      The location of the intended new residence, including the state, city, and physical address, if

Florida Supreme Court Approved Family Law Form 12.950(c), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (03/15)

- 361 -

known, is: _____
_____
_____

b.  The mailing address of the new physical residence, if not the same as the physical address, is:
_____
_____
_____

c.  The home telephone number of the intended new residence, if known, is: _____.

d.  The date of the intended move or proposed relocation is: _____.

e.  The specific reasons for the proposed relocation are:
_____
_____
_____
_____.
Attach additional sheets, if necessary.

f.  One of the reasons for the proposed relocation is a job
_____ Yes _____ No.  A copy of the written job offer is attached to this Petition.

4.  The relocation and time-sharing have been agreed to by the parties. *{Choose only **one**}* _____
Yes
_____ No.  If yes, attach a copy of the Agreement for Relocation to the Petition.

**Failure to obtain an Order prior to the relocation renders the petition to relocate legally insufficient.**

**SECTION IV.  PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING**

1.  The minor child(ren) currently reside(s) with _____ Mother _____ Father _____ Other Person:
*{explain}* _____.

2.  **Parental Responsibility.**
It is in the child(ren)'s best interests that parental responsibility be: *{Choose only **one**}*
c.  ____ shared by both Father and Mother.

d.  ____ awarded solely to _____ Father _____ Mother.  Shared parental responsibility would be
detrimental to the child(ren) because:_____
_____
_____
_____.

3.  **Parenting Plan and Time-Sharing.**
It is in the best interests of the child(ren) that the family be ordered to comply with a Parenting Plan
that _____ includes _____ does not include parental time-sharing with the child(ren).  It is in the
best interests of the child (ren) that:
*{Choose only **one**}*
a.  _____ The attached proposed Parenting Plan should be adopted by the court.  The parties:

Florida Supreme Court Approved Family Law Form 12.950(c), Petition for Dissolution of Marriage with Dependent
or Minor Child(ren) and Relocation (03/15)
- 362 -

_____ have _____ have **not** agreed to the Parenting Plan.

b. _____ The court should establish a Parenting Plan with the following provisions:
_____ No time-sharing for the _____ Father _____ Mother.
_____ Limited time-sharing with the _____ Father _____Mother.
_____ Supervised Time-Sharing for the _____ Father _____Mother.
_____ Supervised or third-party exchange of the child(ren).
_____ Time-Sharing Schedule as follows:
_____
_____
_____.

4.    The proposed post-relocation transportation arrangements are as follows:
_____
_____
_____
_____
_____.

5.    Explain why the relocation time-sharing schedule is in the best interests of the child(ren):
_____
_____
_____
_____
_____.

**SECTION V.  CHILD SUPPORT**
*{Indicate **all** that apply}*

7.    _____Husband _____Wife requests that the Court award child support as determined by Florida's child support guidelines, section 61.30, Florida Statutes.  A completed Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is, or will be filed.  Such support should be ordered retroactive to:
d.    _____ the date of separation *{date}* _____
e.    _____the date of the filing of this petition.
f.    _____ other *{date}*_____ *{explain}* _____

8.    _____ Husband _____Wife requests that the Court award child support to be paid beyond the age of 18 years because:
a.    _____ the following child(ren): *{name(s)}* _____
       is (are) dependent because of a mental or physical incapacity which began before the age of 18. *{explain}*_____
       _____
b.    _____ the following child(ren): *{name(s)}* _____
       is (are) dependent in fact;  is (are) in high school; between the ages of 18 and 19; and is (are) performing in good faith with reasonable expectation of graduation before the age of 19.

9.    _____Husband _____Wife requests that the Court award a child support amount that is more than or less than Florida's child support guidelines. _____Husband _____Wife understands that Motion to Deviate from Child Support Guidelines, Florida Supreme Court Approved Family Law Form

Florida Supreme Court Approved Family Law Form 12.950(c), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (03/15)

- 363 -

12.943, **must** be filed before the court will consider this request.

10. \_\_\_\_Husband \_\_\_\_\_Wife requests that medical/dental insurance for the minor child(ren) be provided by:
*{Choose only **one**}*

         c. \_\_\_\_ Father.

         d.\_\_\_\_ Mother.

11. \_\_\_\_\_Husband \_\_\_\_\_Wife requests that uninsured medical/dental expenses for the child(ren) be paid: *{Choose only **one**}*

f. \_\_\_\_by Father.

g. \_\_\_\_by Mother.

h. \_\_\_\_by Father and Mother [each pay one-half].

i. \_\_\_\_according to the percentages in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e).

j. \_\_\_\_Other *{explain}*: _____
_____
_____

12. \_\_\_\_\_Husband \_\_\_\_\_Wife requests that life insurance to secure child support be provided by:

a. \_\_\_\_Husband

b. \_\_\_\_Wife

c. \_\_\_\_Both.

## SECTION VI.  OTHER

3. *{If applicable}* \_\_\_\_\_Wife requests to be known by her former name, which was *{full legal name}*_____.

4. Other relief *{specify}*:

_____
_____
_____
_____
_____

**SECTION VII.  REQUEST** (This section summarizes what you are asking the Court to include in the final judgment of dissolution of marriage.)

\_\_\_\_\_Husband \_\_\_\_\_Wife requests that the Court enter an order dissolving the marriage **and**:
*{Indicate **all** that apply}*

7. \_\_\_\_\_distribute marital assets and liabilities as requested in Section I of this petition;

8. \_\_\_\_\_award spousal support (alimony) as requested in Section II of this petition;

9. \_\_\_\_\_adopt or establish a Parenting Plan containing provisions for parental responsibility and time-sharing for the dependent or minor child(ren) common to both parties, as requested in Section IV of this petition;

10. \_\_\_\_\_permit relocation in accordance with Section III of this petition;

11. \_\_\_\_\_establish child support for the dependent or minor child(ren) common to both parties, as requested in Section V of this petition;

12. \_\_\_\_\_restore Wife's former name as requested in Section VI of this petition;

Florida Supreme Court Approved Family Law Form 12.950(c), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (03/15)

- 364 -

13. \_\_\_\_\_award other relief as requested in Section VI of this petition; and any other terms the Court deems necessary.

**A RESPONSE TO THE PETITION OBJECTING TO THE RELOCATION MUST BE MADE IN WRITING, FILED WITH THE COURT, AND SERVED ON THE SPOUSE SEEKING TO RELOCATE WITHIN 20 DAYS AFTER SERVICE OF THIS PETITION TO RELOCATE. IF YOU FAIL TO TIMELY OBJECT TO THE RELOCATION, THE RELOCATION WILL BE ALLOWED, UNLESS IT IS NOT IN THE BEST INTERESTS OF THE CHILD, WITHOUT FURTHER NOTICE AND WITHOUT A HEARING.**

The Response is in the form of an Answer and it must be sworn to under oath and must include the specific factual basis supporting the reasons for objecting to the relocation, including a statement of the amount of participation or involvement you currently have or have had in the life of the child(ren).

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____ _____
Signature of \_\_\_\_\_ HUSBAND \_\_\_\_\_WIFE

Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or deputy clerk.]*

\_\_\_\_ Personally known
\_\_\_\_ Produced identification
\_\_\_\_ Type of identification produced _____

Florida Supreme Court Approved Family Law Form 12.950(c), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (03/15)

- 365 -

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

 [fill in **all** blanks] This form was prepared for the _____Husband _____Wife
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}*_____,
*{address}* _____,
*{city}* _____,*{state}* ____, *{zip code}*_____,*{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.950(c), Petition for Dissolution of Marriage with Dependent or Minor Child(ren) and Relocation (03/15)

- 366 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.950(d) SUPPLEMENTAL PETITION TO PERMIT RELOCATION WITH MINOR CHILD(REN) (03/15)

## When should this form be used?

This form should be used when you are asking the court to permit the relocation of the principal residence of the petitioner if:

1.      You plan to relocate your residence more than 50 miles from your principal residence at the time of entry of the last order which established or modified primary residence, custody, visitation, or time-sharing;

2.      The court has not entered an order granting permission to relocate.

3.      The relocation will be for a period of 60 consecutive days or more, not including any absence for purposes of vacation, education, or health care for the child(ren).

4.      Your order regarding custody, primary residence, visitation, time-sharing or parenting plan was entered before October 1, 2009 and the order does not expressly govern the relocation of the child(ren); was entered on or after October 1, 2006; or your case was pending on October 1, 2009.

This form should be typed or printed in black ink. **You must fill in all sections of the form.** After completing the form, you should sign the form before a **notary public** or **deputy clerk.** You should **file** this form in the county where the original order was entered.  If the order was entered in another state, or if the child(ren) live(s) in another state, you should speak with an **attorney** about where to file this form.  You should file the original with the **clerk of the circuit court** and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

Instructions for Florida Supreme Court Approved Family Law Form 12.950(d), Supplemental Petition to Permit Relocation with Child(ren) (03/15)

- 367 -

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## What should I do next?

For your case to proceed, you must properly notify the other parent and every other person entitled to, access, time-sharing, or visitation with the child(ren) in your case of the **supplemental petition**. "Other Person" means an individual who is not the parent but with whom the child resides pursuant to court order, or who has the right of access to, time-sharing with, or visitation with the child(ren). If you know where he or she lives, you should use **personal service**. If you absolutely do not know where he or she lives, you may use **constructive service**. You may also be able to use constructive service if the other party resides in another state or country. However, if constructive service is used, the court may only grant limited relief. For more information on constructive service, see **Notice of Action For**, Florida Supreme Court Approved Family Law Form 12.913(a)(2), and **Affidavit of Diligent Search and Inquiry**, Florida Family Law Rules of Procedure Form 12.913(b). If the other party is in the military service of the United States, additional steps for service may be required. See, for example, **Memorandum for Certificate of Military Service**, Florida Supreme Court Approved Family Law Form 12.912(a). The law regarding constructive service and service on an individual in the military service is very complex. If you have any questions about service, you may wish to consult an attorney regarding these issues.

If personal service is used, the other party has 20 days to **answer** after being served with your supplemental petition. Your case will then generally proceed in one of the following three ways:

**DEFAULT...** If after 20 days, no answer has been filed, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have

Instructions for Florida Supreme Court Approved Family Law Form 12.950(d), Supplemental Petition to Permit Relocation with Child(ren) (03/15)

- 368 -

filed all of the required papers, you may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**.  You must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**UNCONTESTED...**  If the **respondent** files either an answer that agrees with everything in your supplemental petition or an answer and waiver, **and** you have complied with **mandatory disclosure** and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing.  You must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED...**  If the respondent files either an answer or an answer and **counterpetition**, which disagrees with or denies anything in your supplemental petition, **and** you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **trial** (final hearing).  If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.903(d).

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.**  The words that are in **"bold underline"** in these instructions are defined there.  For further information, see chapter 61, Florida Statutes.

## Special notes...

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status from the clerk, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

If there is a domestic violence case and you want to keep your address confidential for safety reasons, do not enter the address, telephone number, and fax information at the bottom of this form.  Instead, file a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h).

With this form, you must also file the following:

• 	**Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d).

Instructions for Florida Supreme Court Approved Family Law Form 12.950(d), Supplemental Petition to Permit Relocation with Child(ren) (03/15)

- 369 -

- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been served on you.)
- **Agreement for Relocation,** if you have reached an agreement on any or all of the issues attach the proposed Agreement For Relocation with Minor Child(ren). Florida Supreme Court Approved Family Law 12.950(a). Both parties must sign this agreement before a **notary public**. Any issues on which you are unable to agree will be considered **contested** and settled by the judge at the final hearing.
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j), if not previously filed.
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of **service** of the supplemental petition on the respondent, if not filed at the time of the supplemental petition, unless you and the other party have agreed not to exchange these documents.)

**Updating Information.** A parent or other person seeking to relocate has a continuing duty to provide current and updated information required by the relocation statute when that information becomes known.

**Parenting and Time-Sharing...** If you and the other parent and every other person entitled to access to or time-sharing with the child(ren) are unable to agree on the parenting arrangements and a time-sharing schedule, a judge will decide for you as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and a time-sharing schedule based upon the child(ren)'s best interests. Regardless of whether there is an agreement, the court reserves jurisdiction to modify issues relating to the minor child(ren).

**Failure to obtain an Order prior to relocation renders the supplemental petition to relocate legally insufficient.**

The judge may request a **parenting plan recommendation** or appoint a **guardian ad litem** in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues. The purpose of such intervention is to be sure that the best interests of the child(ren) is (are) being served. For more information, you may consult section 61.13, Florida Statutes.

If one has not already been completed, the court may require the completion of a **parenting course** before a final hearing is set. You should contact the clerk, family law intake staff, or judicial assistant about requirements for parenting courses or mediation where you live.

**Child Support...** The court may order one parent to pay **child support** to assist the other parent in meeting the child(ren)'s material needs. **Both parents are required to provide financial support**, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of **both** parents and

Instructions for Florida Supreme Court Approved Family Law Form 12.950(d), Supplemental Petition to Permit Relocation with Child(ren) (03/15)

- 370 -

take into account the financial contributions of both parents. You must file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid using the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e). Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Temporary Relief...** If you need temporary relief regarding relocation of the minor child(ren), complete paragraph eleven contained in the Supplemental Petition To Permit Relocation of Minor Child(ren).

**Final Judgment Form...** These family law forms contain a **Final Judgment/Supplemental Final Judgment Permitting Relocation,** Florida Supreme Court Approved Family Law Form 12.950(i), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

**Nonlawyer...** Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.950(d), Supplemental Petition to Permit Relocation with Child(ren) (03/15)

- 371 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
Petitioner,

And

_____,
Respondent.

# SUPPLEMENTAL PETITION TO PERMIT RELOCATION
# WITH MINOR CHILD(REN)

I, {full legal name} _____, being sworn, certify that the following information is true:

1. The parties to this action were granted a final judgment of _____ dissolution of marriage _____ paternity on {date} _____. A copy of the final judgment and any modification(s) is/are attached to this supplemental petition.

2. {If applicable}  The following other person is an individual who is not a parent but with whom the child resides pursuant to court order, or who has the right of access to, time-sharing with, or visitation with the child(ren) _____.

3. Paragraph(s) _____ of the _____ final judgment or _____ most recent modification thereof describes the present custody, visitation, and/or time-sharing ordered.

4. The parties _____ have _____ have not reached an agreement on relocation. If yes, a copy of the agreement is attached to this supplemental petition.

5. The parties' dependent or minor child(ren) is (are):
   **Name**                                                  **Birth Date**
   _____
   _____
   _____
   _____
   _____

6. Since the final judgment or last modification thereof, there has been a substantial change in circumstances, requiring a modification of the present visitation or time-sharing schedule because I seek to relocate my principal residence at least 50 miles from my principal residence.  Pursuant to Section 61.13001(3), Florida Statutes, the following information is provided:

Florida Supreme Court Approved Family Law Form 12.950(d), Supplemental Petition to Permit Relocation with Child(ren) (03/15)

a. The location of the intended new residence, including the state, city, and physical address, (if known), is:_____

_____

b. The mailing address of the new physical residence, if not the same as the physical address, is: _____

_____
_____

c. The home telephone number of the intended new residence, (if known), is: _____

d. The date of the intended move or proposed relocation is: _____

7. The specific reasons for the proposed relocation are: _____
_____
_____
_____
_____
_____
_____
_____
_____
_____.
Attach additional sheets if necessary.

8. One of the reasons for the proposed relocation is a job offer. *{Choose only **one**}* ____ Yes _____ No.  The job offer is in writing. *{Choose only **one**}* _____ Yes _____ No. A copy of the written job offer is attached to this supplemental petition.

9. I ask the Court to modify access and time-sharing as follows:

_____
_____
_____
_____
_____.

10. This modification is in the best interests of the child(ren) because: *{explain}*
_____
_____
_____
_____
_____.

11. If the requested modification is granted, Petitioner requests that child support be modified, consistent with the modification of visitation or time-sharing.   A Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), is, or will be

Florida Supreme Court Approved Family Law Form 12.950(d), Supplemental Petition to Permit Relocation with Child(ren) (03/15)

- 373 -

filed.  *{Choose only **one**}* _____ Yes  _____ No.

12.	I am requesting a temporary relief hearing to permit relocation prior to the final hearing.  *{Choose only **one**}* _____ Yes  _____ No.  If yes, explain why you cannot wait for a final hearing date.

_____
_____
_____
_____.

**Failure to obtain an Order prior to relocation renders the supplemental petition to relocate legally insufficient.**

13.	A completed **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), _____is, or _____will be, filed.

14.	A completed **Uniform Child Custody Jurisdiction and Enforcement Act** (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.

15.	If not previously filed in this case, a completed **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.

16.	Other: _____
_____.

**A RESPONSE TO THE SUPPLEMENTAL PETITION OBJECTING TO RELOCATION MUST BE MADE IN WRITING, FILED WITH THE COURT, AND SERVED ON THE PARENT OR OTHER PERSON SEEKING TO RELOCATE WITHIN 20 DAYS AFTER SERVICE OF THIS SUPPLEMENTAL PETITION TO RELOCATE.  IF YOU FAIL TO TIMELY OBJECT TO THE RELOCATION, THE RELOCATION WILL BE ALLOWED, UNLESS IT IS NOT IN THE BEST INTERESTS OF THE CHILD, WITHOUT FURTHER NOTICE AND WITHOUT A HEARING.**

A response is in the form of an Answer and it must be sworn to under oath and must include the specific factual basis supporting the reasons for objecting to the relocation, including a statement of the amount of participation or involvement you currently have or have had in the life of the child(ren).

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____  	_____
	Signature of PETITIONER
	Printed Name: _____

Florida Supreme Court Approved Family Law Form 12.950(d), Supplemental Petition to Permit Relocation with Child(ren) (03/15)

- 374 -

Address:_____

City, State, Zip:_____

Telephone Number:_____

Fax Number: _____

Designated E-mail Address(es):_____

STATE OF FLORIDA

COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

_____

NOTARY PUBLIC or DEPUTY CLERK

_____

*[Print, type, or stamp commissioned name of notary or deputy clerk.]*

_____ Personally known

_____ Produced identification

_____ Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:** [fill in **all** blanks] This form was prepared for the Petitioner.

This form was completed with the assistance of:

*{name of individual}* _____,

*{name of business}*_____,

*{address}* _____,

*{city}* _____,*{state}* _____, *{zip code}*_____*{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.950(d), Supplemental Petition to Permit Relocation with Child(ren) (03/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.950(e)
# MOTION FOR TEMPORARY ORDER GRANTING RELOCATION
# (03/15)

## When should this form be used?

This form should be used when you have filed a Petition or Supplemental Petition to permit relocation of a child or children, or you are seeking relocation in a pending action. You should use this form to ask the court to permit a temporary relocation of the child(ren)'s principal residence, temporary modification of visitation or time-sharing, temporary modification of child support, and other relief before the court has had an opportunity to make a permanent decision on the question of relocation.

This form should be typed or printed in black ink. **You must fill in all sections of the form.** After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where the Petition or Supplemental Petition for Modification to Permit Relocation with Minor Child(ren) was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form, along with all of the other forms required with this motion, must be mailed, e-mailed, or hand-delivered to the other party in your case. When you have filed all of the required forms, you are ready to set a **hearing** on your motion. You should check with the clerk, **family law intake staff**, or **judicial assistant** for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should notify the other party using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

Instructions for Florida Supreme Court Approved Family Law Form 12.950 (e), Motion for Temporary Order Granting Relocation (03/15)

- 376 -

# IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** Words in **"bold underline"** in these instructions are defined there. For further information, see chapter 61, Florida Statutes.

## Special notes...

If the temporary relocation of the child(ren) is approved, the court may require you to provide reasonable security, financial or otherwise, and guarantee that the court-ordered contact with the child(ren) will not be interrupted or interfered with by you.

If the relocation is not permitted and the child(ren) is/are relocated nevertheless, there could be serious consequences affecting the person violating the court order, including his or her parental responsibility and time-sharing or access with the child(ren)

With this form you must also file the following, **if not already filed**:

Instructions for Florida Supreme Court Approved Family Law Form 12.950 (e), Motion for Temporary Order Granting Relocation (03/15)

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d).
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c). (This must be filed within 45 days if not filed at the time of the petition.)
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), if you are asking for a temporary modification of child support. (If you do not know the other party's income, you may file this worksheet as soon as a copy of his or her financial affidavit has been served on you.)

**Temporary Order...**  These family law forms contain a **Temporary Order Granting/Denying Relocation**, Florida Supreme Court Approved Family Law Form 12.950(f) which the judge may use.  You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing.  If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing.

**Nonlawyer.**  Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.950 (e), Motion for Temporary Order Granting Relocation (03/15)

- 378 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____

Division: _____

_____,
                    Petitioner,
And

_____,
                    Respondent.

## MOTION FOR TEMPORARY ORDER GRANTING RELOCATION

The _____ Petitioner _____ Respondent requests that the Court enter a temporary order permitting relocation of the minor child(ren).

1. I have filed a Petition or a Supplemental Petition to Permit Relocation to the following:

   a. The location of the intended new residence, including the state, city, and physical address, if known, is _____

   _____

   _____

   b. The new principal residence is more than 50 miles from my principal place of residence at the time of the entry of the last order establishing or modifying time-sharing, or at the time of filing the pending action to establish or modify time-sharing. The change of location is at least 50 miles from that residence and is for at least 60 consecutive days.

   c. The mailing address of the new physical residence, if not the same as the physical address, is:

   _____

   _____.

   d. The home telephone number of the intended new residence, if known, is _____.

   e. The date of the intended move or proposed relocation is:_____.

2. The dependent or minor child(ren) is (are):
   **Name**                                          **Birth Date**

   _____

   _____

_____
_____

3. A petition or supplemental petition to relocate has been filed with the court and was served on the _____ Petitioner _____ Respondent _____ Other Person *{name}* _____ entitled to access or time-sharing with the child(ren) on _____ __.

_____ A response objecting to the Relocation was filed
   OR
_____ The time for filing a response has not passed as of the filing of this Motion.

4. The specific reasons for the proposed temporary relocation of the child(ren) are: _____
_____
_____
_____.
*{Attach additional sheets if necessary.}*

5. One of the reasons for the proposed temporary relocation is a job offer.
*{Choose **one** only}*_____Yes _____ No.
The job offer is in writing. *{Choose one only}* _____ Yes _____ No.
If yes, a copy of the written job offer is attached to this Motion.

6. I am requesting a temporary relief hearing to permit relocation and cannot wait for the final hearing because _____
_____
_____
_____.

7. The temporary relocation is in the best interests of the child(ren) because: {*explain*} _____
_____
_____
_____.

8. I ask the Court to temporarily establish or modify visitation or the time-sharing schedule as follows: {*explain*} _____
_____
_____
_____.
_____

9. *{Choose only **one**}* ____ Yes _____ No. I ask the Court to temporarily modify child support, consistent with the modification of visitation or the time-sharing schedule. A Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e),_____ is, or_____ will be filed.

10. **Other Relief.** *{specify}*_____
_____
_____
_____

11. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this motion or has already been filed with the Court.

12. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), is filed with this motion or has already been filed with the Court.

13. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this motion or has already been filed with the Court.

14. I request that the Court hold a hearing on this matter and grant the relief specifically requested and any other relief this Court may deem just and proper.

I certify that a copy of this document was (   ) mailed (   ) faxed and mailed (   ) e-mailed (   ) hand-delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

_____
Signature of Party or his/her attorney
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the *{choose only one}* (     ) Petitioner (     ) Respondent

Florida Supreme Court Approved Family Law Form 12.950(e), Motion for Temporary Order Granting Relocation (03/15)

This form was completed with the assistance of:

*{name of individual}* _____ ,

*{name of business}* _____ ,

*{address}* _____ ,

*{city}* _____ , *{state}* _____ , *{zip code}* _____ *{telephone number}* _____ .

Florida Supreme Court Approved Family Law Form 12.950(e), Motion for Temporary Order Granting Relocation (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No:_____
Division:_____

_____
                    Petitioner,
        and
_____
                    Respondent.

# TEMPORARY ORDER GRANTING/ DENYING RELOCATION

The cause came before this Court for a hearing on a Motion for Temporary Order Permitting Relocation. The Court, having reviewed the file and heard the testimony, makes these findings of fact and ORDERS as follows:

**SECTION I: FINDINGS**

1.      The Court has jurisdiction over the subject matter and the parties.

2.      The last order establishing or modifying parental responsibility, visitation, or time-sharing was entered on *{date}*_____.

3.      The parties' dependent or minor child(ren) is/are:
**Name**                                                        **Birth Date**
_____
_____
_____
_____
_____

4.      The _____ Petitioner _____ Respondent has filed a Motion for Temporary Order Permitting Relocation to *{address of intended new residence}*
_____
_____.

5.      The new location is more than 50 miles from the principal place of residence at the time of the entry of the last order establishing or modifying the parenting plan or time-sharing schedule, or at the time of filing of the pending action, and the relocation is for a period of at least 60 consecutive days.

6.      The other parent or person who is entitled to access, visitation, or time-sharing:

_____ has filed an Answer agreeing with the relocation;
_____ has filed an Answer objecting to the relocation;
_____ has failed to file a timely Answer.

**SECTION II: GRANTING OF TEMPORARY ORDER PERMITTING RELOCATION**
*[Please indicate **all** that apply]*
1.       _____The Motion for Temporary Order Permitting Relocation is **GRANTED** as the Court finds:
The petition to relocate was properly filed and is otherwise in compliance with the requirements of Section 61.13001(3), Florida Statutes;

**AND**

From an examination of the evidence presented at the preliminary hearing, there is a likelihood that at a final hearing the court will approve the relocation of the child, based upon the factors set forth in Section 61.13001(7), Florida Statutes.
Facts in support of finding:_____
_____
_____
_____

2.       _____ **Security:** The Temporary Order Permitting Relocation _____ **IS** _____ **IS NOT** conditioned upon     the _____ Petitioner _____ Respondent providing reasonable security by:
[If security is required, please indicate all that apply]
         a.   _____ Posting bond in the amount of $_____ with the clerk of this Court;
         b.   _____Providing:
              _____
              _____
              _____
         c.   _____Guaranteeing that the court-ordered contact with the child(ren) will not be interrupted or interfered with by the relocating party by
              _____
              _____

3.   _____ **Time-Sharing.** To ensure that the child(ren) has/have frequent, continuing, and meaningful contact, access, and time-sharing, the nonrelocating parent or person entitled to access shall have:
*{Please choose only **one**}*

         a.   _____ **reasonable time-sharing** with the parties' minor child(ren) after reasonable notice and as agreed to by the parties.  The Court reserves jurisdiction to set a specific schedule;

         b.   _____ the following **specified time-sharing** with the parties' minor child(ren):
              _____
              _____

_____
_____;

     c. \_\_\_\_\_ **time-sharing** in accordance with the temporary **Parenting Plan** attached as Exhibit \_\_\_\_\_ and incorporated herein.

4. \_\_\_\_\_ **No Contact**. The \_\_\_\_\_ Petitioner \_\_\_\_\_ Respondent and/or \_\_\_\_\_ Other Person entitled to access or time-sharing shall have **no contact** with the parties' minor child(ren) until further court order, as such contact is detrimental to the welfare of the minor child(ren). *{Explain}:*
_____
_____
_____

5. \_\_\_\_\_ **Communication** via telephone, Internet, web-cam, etc. with the parties' minor child(ren) subject to the following limitations *{if any}*_____
_____.

6. \_\_\_\_\_ **Exchange of Minor Child(ren)**. The exchange of the minor child(ren) shall be on time as scheduled by the parties. The following conditions, if checked below, shall also apply.
     a. \_\_\_\_\_ The parties shall temporarily exchange the child(ren) at the following location(s):
_____
_____

     b. \_\_\_\_\_ Other conditions for exchange of the child(ren) are as follows:
_____
_____

7. \_\_\_\_\_ **Costs of Transportation**

     a. \_\_\_\_\_ The Petitioner shall pay \_\_\_\_% and the Respondent shall pay \_\_\_\_% of the post-relocation transportation costs.

     b. \_\_\_\_\_ Other
_____

8. \_\_\_\_\_ **Child Support.** The Court finds that based upon the Temporary Order Granting Relocation, the \_\_\_\_ Petitioner's\_\_\_\_ Respondent's child support obligation should be temporarily modified in consideration of the costs of transportation and the respective net incomes of the parents. *[Please choose only **one**]*

    a. \_\_\_\_\_ The amounts in the attached Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), filed by the \_\_\_\_\_ Petitioner \_\_\_\_\_ Respondent are correct.

**OR**

b. \_\_\_\_\_ The Court makes the following findings:

The Petitioner's net monthly income is $_____.

The Respondent's net monthly income is $_____.

Monthly child care costs are $_____.

Monthly health/dental insurance costs are $_____.

Transportation costs are $_____.

9. \_\_\_\_\_ **Amount**. The Obligor's child support obligation shall be temporarily modified to $_____ per month payable \_\_\_\_\_ in accordance with Obligor's payroll cycle, and in any event, at least once a month \_\_\_\_\_ *{explain}* _____, commencing *{date}* _____ and continuing until further court order.

## SECTION III: DENIAL OF TEMPORARY ORDER PERMITTING RELOCATION

*[Please indicate **all** that apply]*

1. \_\_\_\_\_The Motion for Temporary Order Permitting Relocation is **DENIED** because:

   a. \_\_\_\_\_ The petition to relocate does not comply with subsection (3) of Section 61.13001, Florida Statutes;

   b. \_\_\_\_\_ The child(ren) has/have already been relocated without a written agreement of the parties or without court approval;

   c. \_\_\_\_\_ From an examination of the evidence presented at the preliminary hearing, there is a likelihood that upon final hearing, relocation of the child(ren) would not be approved.

   Facts in support of finding: _____
   _____
   _____.

2. \_\_\_\_\_ **Temporary Injunction Prohibiting Relocation of Child(ren)**

   The Court hereby temporarily prohibits and enjoins the \_\_\_\_\_ Petitioner \_\_\_\_\_ Respondent from relocating and removing the child(ren) from the jurisdiction of this Court during the pendency of this proceeding, or until further order of this Court. **The Court may enforce compliance with this restraining order through civil and/or indirect criminal contempt proceedings, which may include arrest, incarceration, and/or the imposition of a fine.**

3. \_\_\_\_\_ **Immediate Return of Child(ren)**

   The \_\_\_\_\_ Petitioner\_\_\_\_\_ Respondent has failed to comply with the relocation procedures set forth in Section 61.13001, Florida Statutes, and has relocated the child(ren) in violation of that section. The \_\_\_\_\_ Petitioner \_\_\_\_\_ Respondent **shall immediately return the child(ren)**

to the jurisdiction of this Court.

**Failure to immediately return the child(ren) shall subject the non-complying party to contempt and other proceedings to compel return of the child(ren) and may be taken into account in any initial or post judgment action seeking a determination or modification of the parenting plan or time-sharing schedule.**

**SECTION IV: OTHER**

1.      Other Provisions:

_____
_____

2.      The Court reserves jurisdiction to modify and enforce this Temporary Order regarding relocation.

3.      Unless specifically modified by this Temporary Order, the provisions of all final judgments or orders remain in effect.

4.      No weight shall be given to the decision to grant or deny the temporary relocation as a factor in reaching a final decision.

**DONE AND ORDERED** at _____, Florida, on _____.

_____
CIRCUIT JUDGE

I certify that a copy of this Temporary Order Granting/Denying Relocation was (     ) mailed (     ) faxed and mailed (     ) e-mailed (     ) hand-delivered to the parties and any entities listed below on *{date}* _____.

_____
By: *{Clerk of court, designee, or Judicial Assistant}*

Petitioner (or his/her attorney)
Respondent (or his/her attorney)
Central Governmental Depository
Other:_____

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.950(g)
## MOTION FOR CIVIL CONTEMPT AND/OR RETURN OF CHILD(REN)
## (03/15)

## When should this form be used?

You may use this form to ask the court to enforce a prior court **order**, **final judgment** or to request the return of a child(ren) who has been relocated in violation of Section 61.13001, Florida Statutes .

## What should I do next?

To initiate a civil contempt/enforcement proceeding against a **party** who has relocated with a child contrary to the requirements of a prior court order, or is otherwise not complying with a prior court order concerning relocation, or in the event there has been a relocation in violation of Section 61.13001, Florida Statutes, you must file a **motion** with the court explaining what the party has failed to do. This form should be typed or printed in black ink. After completing this form, you should sign it before a **notary public** or **deputy clerk**. You should then **file** the original with the **clerk of the circuit court** in the county where your case was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the

Instructions for Florida Supreme Court Approved Family Law Form 12.950(g), Motion for Civil Contempt And/Or Return of Child(ren) (03/15)

- 389-

procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

A copy of this form must be **personally served** by a sheriff or private process server or mailed*, e-mailed* **or** hand delivered to any other party(ies) in your case. **\*Please note that if notice is mailed or e-mailed, the court in certain circumstances may not consider mailing or e-mailing to be adequate notice. If you want to be sure, you should have the motion personally served.  This is a technical area of the law; if you have any questions about it, you should consult a lawyer.  For more information on personal service, see the instructions for **Summons: Personal Service on an Individual,** Florida Family Law Rules of Procedure Form 12.910(a).

The court will then set a **hearing**. You should check with the clerk of court, **judicial assistant**, or **family law intake staff** for information on the local procedure for scheduling a hearing.  Once you know the time and date of the hearing, you will need to complete **Notice of Hearing on Motion for Contempt/Enforcement**, Florida Supreme Court Approved Family Law Form 12.961, Florida Supreme Court Approved Family Law Form 12.921, or **Order of Referral to General Magistrate,** Florida Family Law Rules of Procedure Form 12.920(b), which will specify a time and place for a hearing on the issue.  A copy of the form you used to schedule the hearing must be mailed, e-mailed, or hand-delivered to the other party.  Again, if notice is mailed or e-mailed, the court in certain circumstances may not consider that to be adequate notice.  If you want to be sure, you should have the notice personally served.  This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for **Summons: Personal Service on an Individual,** Florida Family Law Rules of Procedure Form 12.910(a).

At the hearing, as in other civil proceedings, you, as the party seeking contempt or return of children, will have the burden of proof.  The other party will have an opportunity to put on defenses, if any apply.  If the judge finds the other party to be in willful contempt or in violation of Section 61.13001, Florida Statutes, the judge may order appropriate sanctions to compel compliance or return of the child(ren) by the other party, including jail, payment of attorneys' fees, suit money, court costs, coercive or compensatory fines, and may order any other relief permitted by law.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** See also section 61.14, Florida Statutes and rule 12.615, Florida Family Law Rules of Procedure.

Instructions for Florida Supreme Court Approved Family Law Form 12.950(g), Motion for Civil Contempt And/Or Return of Child(ren) (03/15)

- 390-

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer,** Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.950(g), Motion for Civil Contempt And/Or Return of Child(ren) (03/15)

- 391-

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
                    Petitioner,
And

_____,
                    Respondent.

# MOTION FOR CIVIL CONTEMPT AND/OR RETURN OF CHILD(REN)

_____ Petitioner _____ Respondent requests that the Court enter an order of civil contempt and/or an order for return of child(ren) against _____ Petitioner _____ Respondent because he/she has relocated with the parties' minor child(ren) or has taken other action with respect to relocation.

I.        **NONCOMPLIANCE OR VIOLATION**
          A.  The other party in this case has willfully failed to comply with the: *{Choose only one}*
          1.____ **Court order or judgment** entered on *{date}*_____, by *{court, city, and state}*_____.
          ____ Please indicate here if the judgment or order is not from this Court and attach a copy of the judgment or order to this motion.

          2.____ **Written Agreement** of the parties.

          3.____ **Relocation procedures** of Section 61.13001, Florida Statutes.

          B.  This order, judgment, agreement, or statute, required the other party in this case to do or not do the following: *{Explain what the other party was ordered to do or not do}*
          _____
          _____
          _____
          _____.
          ____ Please indicate here if additional pages are attached.

          C.  The other party in this case has willfully failed to comply with this order  or judgment of the court , a written agreement, or the requirements of Section 61.13001,Florida Statutes: *{Explain what the other party has or has not done}.*_____
          _____
          _____

Florida Supreme Court Approved Family Law Form 12.950(g), Motion for Civil Contempt And/Or Return of Child(ren) (03/15)

_____.
_____ Please indicate here if additional pages are attached.

**II.**      **REQUEST FOR RELIEF OR SANCTION**

A.    \_\_\_\_\_ There **IS** a prior court order or judgment and I respectfully request that the court issue an order holding the above-named person in civil contempt, if appropriate, and/or providing the following relief:      *{Indicate **all** that apply}*

1.  \_\_\_\_\_ordering the immediate return of the minor child(ren);
2.  \_\_\_\_\_ granting a temporary order restraining the relocation of minor child(ren);
3.  \_\_\_\_\_ enforcing or compelling compliance with the prior order or judgment;
4.  \_\_\_\_\_ requiring the other party to pay costs and fees in connection with this motion;
5.  \_\_\_\_\_ if the other party is found to be in civil contempt, ordering a compensatory fine;
6.  \_\_\_\_\_ if the other party is found to be in civil contempt, ordering a coercive fine;
7.  \_\_\_\_\_ if the other party is found to be in civil contempt, ordering incarceration of the other party after setting an appropriate purge;
8.  \_\_\_\_\_ issuing a writ of bodily attachment as appropriate;
9.  \_\_\_\_ awarding make-up time-sharing with minor child(ren) as follows *{explain}*

_____
_____
_____

10.  \_\_\_\_\_ awarding attorney's fees*;* and/or
11.  \_\_\_\_\_ awarding other relief, including  sanctions , *{explain}*:_____

_____
_____

      **OR**

B.  \_\_\_ There **is NO** prior court order; however, the above-named person has violated the requirements of Section 61.13001, Florida Statutes, and I respectfully request that the court issue an order providing the following relief:

1.  \_\_\_\_\_ ordering the immediate return of the minor child(ren);
2.  \_\_\_\_\_ granting a temporary order restraining the relocation of the minor child(ren);
3.  \_\_\_\_\_ enforcing or compelling compliance with Section 61.13001, Florida Statutes;
4.  \_\_\_\_\_ requiring the other party to pay costs and fees in connection with this motion;
5.  \_\_\_\_\_ awarding make-up time-sharing with minor child(ren) as follows *{explain}*: \_\_\_\_\_

_____
_____

6.  \_\_\_\_\_ awarding attorneys' fees; and/or
7.  \_\_\_\_\_ awarding other relief, including sanctions, *{explain}*: _____

_____
_____

I certify that a copy of this document was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand-delivered to the person(s) listed below on *{date}*_____.

**Other party or his/her attorney:**
Name:_____
Address:_____
City, State, Zip:_____
Fax Number: _____
Designated E-mail Address(es):_____
_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____          _____
                                                             Signature of Party

                                                             Printed Name: _____
                                                             Address: _____
                                                             City, State, Zip: _____
                                                             Telephone Number: _____
                                                             Fax Number: _____
                                                             Designated E-mail Address(es):_____
                                                             _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____

Florida Supreme Court Approved Family Law Form 12.950(g), Motion for Civil Contempt And/Or Return of Child(ren) (03/15)

*[Print, type, or stamp commissioned name of notary or deputy clerk.]*

_____ Personally known
_____ Produced identification
_____ Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (   ) Petitioner (   ) Respondent.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}*_____,
*{address}* _____,
*{city}* _____,*{state}* ____, *{zip code}*_____,*{telephone number}* _____.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
Petitioner,
And

_____,
Respondent.

# ORDER ON MOTION FOR CIVIL CONTEMPT FOR RELOCATION AND/OR RETURN OF CHILD(REN)

A Motion was filed by _____ Petitioner _____ Respondent for Civil Contempt for Improper Relocation and/or Return of the Minor Child(ren), and the Court finding as follows:

1. _____ Petitioner _____ Respondent has relocated with the parties' minor child(ren) more than 50 miles from the child(ren)'s principal place of residence at the time of the entry of the last order establishing or modifying the parenting plan or time-sharing schedule and the relocation places the child(ren) more than 50 miles away from either parent or other person entitled to access, time-sharing or visitation;

   a. _____ Contrary to a court order or judgment entered on *{date}* _____, by this Court;

   b. _____ Contrary to a court order or judgment entered on *{date}*_____, by *{court, city, and state}*_____.

   The order of the Court required the other party in this case to do or not do the following:
   _____
   _____
   _____
   _____.

   c. _____ Contrary to the relocation procedures set forth in Section 61.13001, Florida Statutes.

2. _____ Petitioner _____Respondent has willfully failed to comply either with the order of the Court or with the requirements of Section 61.13001, Florida Statutes as follows:
   _____
   _____
   _____.

   Based upon the above findings it is ORDERED AND ADJUDGED as follows:

Florida Supreme Court Approved Family Law Form 12.950 (h), Order on Motion for Civil Contempt for Relocation And/Or Return of Child(ren) (03/15)

3. \_\_\_\_\_ The Motion for Civil Contempt for Relocation/Return of Child is hereby **GRANTED.**

    a. \_\_\_\_ Petitioner \_\_\_\_\_ Respondent is hereby ordered to immediately return the minor child(ren) to the jurisdiction of this Court.

    b. \_\_\_\_ Petitioner \_\_\_\_\_ Respondent is hereby temporarily restrained from relocating with the minor child(ren), pending further order of this Court.

    c. \_\_\_\_ This Court shall issue a Writ of Bodily Attachment against the \_\_\_\_\_Petitioner \_\_\_\_\_Respondent at the hearing on the Motion for Contempt.

    d. \_\_\_\_ Petitioner \_\_\_\_\_ Respondent may purge himself/herself of the Contempt by immediately returning the minor child(ren) to the jurisdiction of this Court.

    e. \_\_\_\_ Petitioner \_\_\_\_\_Respondent shall be awarded makeup time-sharing with the minor child(ren) as follows:

    _____
    _____
    _____.

    f. \_\_\_\_ The following additional relief, including sanctions, is granted:

    _____
    _____.

    **OR**

4. \_\_\_\_ The Motion For Civil Contempt For Relocation And/Or Return Of Child(ren) is hereby **DENIED.**

5. \_\_\_\_ **Attorney's Fees, Costs and Suit Money**

    a. \_\_\_\_\_ Petitioner's \_\_\_\_\_ Respondent's request(s) for attorney's fees, costs, and suit money is/are denied because_____

    _____.

    **OR**

    b. \_\_\_\_\_ The Court finds there is a need for and an ability to pay attorney's fees, costs, and suit money. \_\_\_\_\_Petitioner \_\_\_\_\_ Respondent is hereby ordered to pay to the other party $_____ in attorney's fees, and $_____ in costs. The Court further finds that the attorney's fees awarded are based on the reasonable rate of $_____ per hour and _____reasonable hours. Other provisions relating to attorney fees, costs, and suit money are as follows: _____

    _____

DONE AND ORDERED at _____, Florida, on _____.

Florida Supreme Court Approved Family Law Form 12.950 (h), Order on Motion for Civil Contempt for Relocation And/Or Return of Child(ren) (03/15)

_____
CIRCUIT JUDGE


I certify that a copy of the Order on Motion for Civil Contempt for Relocation and/or Return of Child(ren) was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand-delivered to the parties and any entities listed below on *{date}* _____.


_____
*{Clerk of court, designee, or Judicial Assistant}*


Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Other Person (or his or her attorney)
_____

Florida Supreme Court Approved Family Law Form 12.950 (h), Order on Motion for Civil Contempt for Relocation And/Or Return of Child(ren) (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
Petitioner,

And

_____,
Respondent.

# FINAL JUDGMENT/SUPPLEMENTAL FINAL JUDGMENT
# GRANTING RELOCATION

This cause came before this Court on a Petition/Supplemental Petition to relocate filed by (*name*) _____ the _____ of the child(ren). The Court makes these findings of fact and ORDERS as follows:

**SECTION I. FINDINGS**
1.      The Court has jurisdiction over the subject matter and the parties.

**2.**      The last judgment or order establishing or modifying parental responsibility, custody, visitation, or time-sharing (if any) was entered on (*date*)_____.

**3.**      _____ *{If Applicable}* A prior order or judgment in this cause expressly governs the issue of relocation of the child(ren).

4.      The parties' dependent or minor child(ren) is (are):
**Name(s)      Birth Date(s)**
_____
_____
_____
_____
_____

5.      The _____ Petitioner _____ Respondent _____Other Person entitled to access or time-sharing *{name}* _____ has filed a petition to relocate to *{location/or address}*_____,
a location more than 50 miles from his/her principal place of residence at the time of entry of the last order establishing or modifying time-sharing, or at the time of filing of the pending action to establish or modify time-sharing. The relocation is for a period of at least 60 consecutive days.

Florida Supreme Court Approved Family Law Form 12.950(i), Final Judgment/Supplemental Final Judgment Granting Relocation (03/15)

6.	This judgment/supplemental judgment was entered:  *{Choose only **one**}*
	_____**After** a Hearing;

	_____**Without** an evidentiary hearing due to the _____ written agreement of the parties or the
	_____ other party's failure to respond.

**SECTION II. GRANTING REQUEST TO RELOCATE**
The Court finds that the relocation IS **GRANTED** based upon:

*{Choose only **one**}*
1.	_____**No response.**  The other parent or person entitled to access to or time-sharing with the
	child(ren) failed to timely file a response objecting to the petition to relocate.  The Court finds that
	the relocation is in the best interests of the child(ren) based upon the undisputed pleadings.  The
	access or time-sharing schedule and post-relocation transportation arrangements contained within
	the petition are adopted by the Court.

2.	_____**Agreement.**  The parents or other person entitled to time-sharing with the child(ren)
	agree to the relocation and have signed a written agreement which consents to the relocation;
	defines the access or time-sharing schedule for the parents or any other persons entitled to access
	and time-sharing, and describes, if necessary, any post-relocation transportation arrangements
	relating to access or time-sharing.  The Court finds that the relocation is in the best interests of the
	child(ren) based upon the pleadings and the Agreement.

	**A copy of this Agreement is attached as Exhibit _____.**

3.	**_____Evidentiary Hearing.**   The Court finds that the relocation is in the best interests of the
	child(ren) based upon the evidence presented at the evidentiary hearing.  The Court has evaluated
	each of the factors enumerated in Section 61.13001(7), Florida Statutes, and **FINDS:**
	_____
	_____
	_____
	_____
	_____.

**SECTION III.PARENTAL RESPONSIBILITY AND TIME-SHARING**
*{Choose only **one**}*

1.	____ **Time-Sharing.** The _____ Petitioner _____ Respondent _____ Other Person entitled to
	access or time-sharing shall have frequent, continuing, and meaningful contact, access, and time-
	sharing in accordance with:
	*{Choose only **one**}*
	a.	_____the **Agreement for Relocation** attached as Exhibit _____and incorporated herein.
	b.	_____the **Parenting Plan** attached as Exhibit _____and incorporated herein.
	c.	_____the following **specified time-sharing schedule:**
		_____
		_____
		_____

_____
_____

2.	\_\_\_\_\_ **No Contact**. The \_\_\_\_\_ Petitioner \_\_\_\_\_ Respondent \_\_\_\_\_ Other Person entitled to access, visitation, or time-sharing shall have no contact with party's minor child(ren) until further order of the Court, as such contact is detrimental to the welfare of the minor child(ren). *{Explain}* _____
_____
_____.

**SECTION IV:	MODIFICATION OF CHILD SUPPORT**
*{Indicate all that apply}*

1.	\_\_\_\_\_ The Court finds that based upon the relocation, the \_\_\_\_\_ Petitioner's \_\_\_\_\_ Respondent's child support obligation should be modified in consideration of the costs of transportation and the respective net incomes of the parents.
	*{Choose only one}*

	a.	\_\_\_\_\_ The amounts in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), filed by the \_\_\_\_\_ Petitioner \_\_\_\_\_ Respondent are correct and are adopted by the Court.

		**OR**

	b.	\_\_\_\_\_ The Court makes the following findings:
		The Petitioner's net monthly income is $_____.
		The Respondent's net monthly income is $_____.
		Monthly child care costs are $_____.
		Monthly health/dental insurance costs are $_____.
		Transportation costs are $_____.

2.	\_\_\_\_\_ **Amount**. The Obligor's child support obligation shall be modified to $_____ per month for the _____ children *{total amount of parties' minor or dependent children}* commencing: *{month, day, year}* and terminating _____*{month, day, year}.* Child support shall be paid in the amount of $_____ per _____ *{week, month, other}* consistent with Obligor's current payroll cycle.

	Upon the termination of the obligation of child support for one of the parties' children, child support in the amount of $_____for the remaining _____children *{total number of remaining children}* shall be paid commencing _____ *{month, day, year}* and terminating_____ *{month, day, year}.* This child support shall be paid in the amount of $_____per _____ *{week, month, other}* consistent with the Obligor's current payroll cycle.

	***{Insert schedule for the child support obligation, including the amount, and commencement and termination dates, for the remaining minor or dependent children, which shall be payable as the obligation for each child ceases. Please indicate whether the schedule ____appears below or ____ is attached as part of this form.}***
	_____
	_____

Florida Supreme Court Approved Family Law Form 12.950(i), Final Judgment/Supplemental Final Judgment Granting Relocation (03/15)

- 401 -

_____
_____
_____
_____
The Obligor shall pay child support until all of the minor or dependent children: reach the age of 18; become emancipated, marry, join the armed services, die, or become self-supporting; or until further order of the court or agreement of the parties.  The child support obligation shall continue beyond the age of 18 and until high school graduation for any child who is dependent in fact, between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.

If the child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are: _____
_____
_____

**SECTION V.  METHOD OF PAYMENT**
Obligor shall pay modified child support as follows:

1.       **Place of Payment.**

   a.   ____Obligor shall pay court-ordered support directly to either the State Disbursement Unit or the central depository, as required by statute, along with any fee required by statute.

   b.   ____Both parties have requested and the court finds that it is in the best interests of the child(ren) that support payments need not be directed through either the State Disbursement Unit or the central depository at this time; however, either party may subsequently apply, pursuant to section 61.13(1)(d)3, Florida Statutes, to require payment through either the State Disbursement Unit or the central depository.

2.       **Income Deduction.**

   a.   ___**Immediate.**  Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually responsible for paying this support obligation until all of said support is deducted from Obligor's income. Until support payments are deducted from Obligor's paycheck, Obligor is responsible for making timely payments directly to the State Disbursement Unit or the Obligee, as previously set forth in this order.

   b.   ___**Deferred.**  Income deduction is ordered this day, but it shall not be effective until a delinquency of $_____, or, if not specified, an amount equal to one month's obligation occurs. Income deduction is not being implemented immediately based on the following findings: Income deduction is **not** in the best interests of the child(ren) because: *{explain}*
   _____
   _____
   _____,
                  **AND**

Florida Supreme Court Approved Family Law Form 12.950(i), Final Judgment/Supplemental Final Judgment Granting Relocation (03/15)

There is proof of timely payment of a previously ordered obligation without an Income Deduction Order in cases of modification,

**AND**

(     ) There is an agreement by the Obligor to advise the Title IV-D agency, the clerk of court, and the Obligee of any change in Payor and/or health insurance

**OR**

(     ) there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee and, at the option of the IV-D agency, by the IV-D agency in IV-D cases in which there is an assignment of support rights to the state, reviewed and entered in the record by the court.

**SECTION VI.     OTHER**

1.        _____**Other Provisions**

_____
_____
_____
_____.

2.        _____The Court reserves jurisdiction to address all issues of time-sharing and parental responsibility, as well as to enforce or modify the provisions of this Judgment.

3.        _____ Unless specifically modified herein, the provisions of all prior judgments or orders remain in effect.

**DONE AND ORDERED** at _____, Florida, on_____.

_____
CIRCUIT JUDGE

I certify that a copy of this Final Judgment/Supplemental Final Judgment Granting Relocation was (     ) mailed (     ) faxed and mailed (     ) e-mailed (     ) hand-delivered to the parties and any other persons or entities listed below on *{date}* _____.

_____
*{Clerk of court, designee, or Judicial Assistant}*

Petitioner (or his/her attorney)
Respondent (or his/her attorney)
Other Person (or his/her attorney)

Florida Supreme Court Approved Family Law Form 12.950(i), Final Judgment/Supplemental Final Judgment Granting Relocation (03/15)

- 403 -

State Disbursement Unit
Other:_____

Florida Supreme Court Approved Family Law Form 12.950(i), Final Judgment/Supplemental Final Judgment Granting Relocation (03/15)

- 404 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT
IN AND FOR _____ COUNTY, FLORIDA

Case No:_____
Division: _____

_____,
Petitioner,

And

_____,
Respondent.

# FINAL JUDGMENT/SUPPLEMENTAL FINAL JUDGMENT
# DENYING RELOCATION

This cause came before this Court on a Petition/Supplemental Petition to relocate filed by *{name}* _____ the _____ of the child(ren). The Court makes these findings of fact and ORDERS as follows:

**SECTION I.  FINDINGS**

1.      The Court has jurisdiction over the subject matter and the parties.

2.      The last judgment or order establishing or modifying parental responsibility, custody, visitation, or time-sharing (if any) was entered on *{date}*_____.

3.      _____ *{If Applicable}* A prior order or judgment in this cause expressly governs the issue of relocation of the child(ren).

4.      The parties' dependent or minor child(ren) is (are):
**Name**                                                                    **Birth Date**
_____
_____
_____
_____
_____

5.      The _____Petitioner _____Respondent _____Other Person entitled to access or time-sharing: *{name}*_____ has filed a petition to relocate to: *{location and/oraddress}*_____,a location more than 50 miles from his/her principal place of residence at the time of entry of the last order establishing or modifying time-sharing, or at the time of filing of the pending action to establish or modify time-sharing.  The relocation is for a period of more than 60 consecutive days.

Florida Supreme Court Approved Family Law Form 12.950(j), Final Judgment/Supplemental Final Judgment Denying Relocation (03/15)

The Court has evaluated each of the factors enumerated in Section 61.13001(7), Florida Statutes, and on the evidence presented, it is adjudged:

**SECTION II.       DENIAL OF REQUEST TO RELOCATE**
The request to relocate is **DENIED** because:
1.        _____ The Petition is legally insufficient as it fails to include a proposed revised post-relocation schedule for access and time-sharing that includes the necessary arrangements to effectuate time-sharing with the child(ren).

   **OR**
2.        _____ The requested relocation is not in the best interests of the child(ren).
   Facts in support of finding:
   _____
   _____
   _____.

3.        _____**Order Requiring Return of Child(ren) if Parent and Child(ren) have Temporarily Relocated.**
   The _____ Petitioner _____ Respondent _____ Other Person entitled to access to or time-sharing with the child(ren) shall **immediately return** the child(ren) to the jurisdiction of this Court.  Failure to immediately return the child(ren) shall subject the non-complying party to contempt or other proceedings deemed necessary to compel return of the child(ren).

**SECTION III. OTHER**
1.        _____Other Provisions:
   _____
   _____
   _____.

2.        _____This Court reserves jurisdiction to address all issues of time-sharing and parental responsibility, as well as to enforce or modify the provisions of this Judgment.

3.        _____Unless specifically modified herein, the provisions of all prior judgments or orders remain in effect.

**DONE AND ORDERED** at _____, Florida on _____ .

_____
CIRCUIT JUDGE

Florida Supreme Court Approved Family Law Form 12.950(j), Final Judgment/Supplemental Final Judgment Denying Relocation (03/15)

- 406 -

I certify that a copy of this Final Judgment/Supplemental Final Judgment Denying Relocation was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand-delivered to the parties and any other persons or entities listed below on *{date}* _____.


_____
*{Clerk of court, designee, or Judicial Assistant}*


Petitioner (or his/her attorney)
Respondent (or his/her attorney)
Other Person (or his/her attorney)
State Disbursement Unit

Florida Supreme Court Approved Family Law Form 12.950(j), Final Judgment/Supplemental Final Judgment Denying Relocation (03/15)

# INSTRUCTIONS FOR FLORIDA FAMILY LAW RULES OF PROCEDURE FORM 12.951(a)
# PETITION TO DISESTABLISH PATERNITY AND/OR TERMINATE CHILD SUPPORT OBLIGATION (03/15)

## When should this form be used?

This form should be used by a man who wishes to disestablish paternity or terminate a child support obligation because he is not the biological father of the child(ren). The petition must be **filed**

- in the circuit court having jurisdiction over the child support obligation; or

- if the child support was determined administratively and has not been ratified by a court, in the circuit court in which the mother or legal guardian or custodian of the child(ren) resides; or

- if the mother or legal guardian or custodian no longer resides in the state, in the circuit court in the county in which the petitioner resides.

This form should be typed or printed in black ink. After completing the form, you should sign the form before a **notary public** or **deputy clerk.**

A copy of any judgment or order regarding paternity or child support and a copy of any scientific test results showing that you cannot be the father of the child(ren) must be attached to the petition and filed with the court.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

The petition must be served on the mother or legal guardian or custodian of the child(ren). If the child support obligation was determined administratively and has not been ratified by a court, the petition must also be served on the Department of Revenue.

Instructions for Florida Supreme Court Approved Family Law Form 12.951(a), Petition to Disestablish Paternity and/or Terminate Child Support Obligation (03/15)

- 408 -

# IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

# Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** For further information, see Section 742.18, Florida Statutes.

# Special notes . . .

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer,** Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.951(a), Petition to Disestablish Paternity and/or Terminate Child Support Obligation (03/15)

- 409 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# PETITION TO DISESTABLISH PATERNITY AND/OR TERMINATE CHILD SUPPORT OBLIGATION

I, *{full legal name}* _____, certify that the following information is true.

1.      **Paternity.** My paternity of the child(ren), *{name(s) and birth date(s)}* _____

_____ was established by

*{Choose only **one**}*

a. _____ operation of law because I was married to the child(ren)'s mother.

b. _____ adjudication of paternity, entered by *{court}*_____ on *{date}* _____ .

c. _____ acknowledgment of paternity executed on *{date}* _____.

d. _____ other: *{specify}* _____

A copy of any judgment is attached.

2.      **Child support.** My child support obligation for the child(ren), *{name(s) and birth date(s)}*, _____

_____ was established by

*{Choose only **one**}*

a. _____ a final judgment of dissolution of marriage, entered by *{court}* _____ on *{date}* _____ .

b. _____ an administrative proceeding to establish child support in *{location}* _____ on *{date}* _____ .

c. _____ a paternity proceeding in *{court}* _____ on *{date}* _____ .

d. _____ other *{specify}* _____

A copy of any judgment is attached.

Florida Supreme Court Approved Family Law Form 12.951(a), Petition to Disestablish Paternity and/or Terminate Child Support Obligation (03/15)

- 410 -

3. **Newly discovered evidence.** Newly discovered evidence concerning the paternity of this/these child(ren) has come to my knowledge since the initial paternity determination or establishment of the child support obligation. *{Explain}*

_____
_____
_____
_____.

4. **Scientific tests.**

   a. _____The results of scientific tests that are generally acceptable within the scientific community to show a probability of paternity, administered within 90 days prior to the filing of this petition, indicate that I cannot be the father of the child(ren) for whom support is required. A copy of the test results is attached.

   b. _____ I did not have access to the child(ren) to have scientific testing performed before the filing of this petition and I request that the court order the child(ren) to be tested.

5. **Fulfillment of child support obligation.**
   *{Choose only **one**}*
   a. _____ I am current on all child support payments for the child(ren) for whom relief is sought.

   b. _____I have substantially complied with my child support obligation for the child(ren) and any delinquency in my child support obligation for the child(ren) arose from my inability for just cause to pay the delinquent child support when the delinquent child support became due.

I ask the court to enter an order to:

*{Indicate **all** that apply}*

a. _____disestablish my paternity to *{name(s) of child(ren)}* _____
_____

b. _____terminate my obligation to pay child support for *{name(s) of child(ren)}* _____
_____

c. _____other: _____
_____
_____.

Florida Supreme Court Approved Family Law Form 12.951(a), Petition to Disestablish Paternity and/or Terminate Child Support Obligation (03/15)

- 411 -

I certify that a copy of this document was (    ) mailed (    ) faxed and mailed
(  ) e-mailed (  ) hand delivered to the person(s) listed below on *{date}* _____.

**Respondent or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____

_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Petitioner
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____

_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or deputy clerk.}*

_____ Personally known
_____ Produced identification
_____ Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:** [fill in **all** blanks] This form was prepared for the Petitioner.
This form was completed with the assistance of:
*{name of individual}*_____,
*{name of business}*_____,
*{address}* _____,
*{city}* _____*{state}* _____, *{zip code}*_____,*{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.951(a), Petition to Disestablish Paternity and/or Terminate Child Support Obligation (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____ ,
Petitioner,
and

_____ ,
Respondent.

# ORDER DISESTABLISHING PATERNITY AND/OR TERMINATING CHILD SUPPORT OBLIGATION

This cause came before the court on *{date}* _____ on
*{full legal name}* _____'s petition to
*{Indicate **all** that apply}*

_____ Disestablish paternity to *{child(ren)'s names and birth date(s)}* _____

_____

_____

_____ Terminate a child support obligation for *{child(ren)'s names and birth date(s)}* _____

_____

_____

The court having been fully advised in the premises FINDS all of the following:

1. Newly discovered evidence relating to the paternity of the child(ren) has come to the petitioner's knowledge since the initial _____ paternity determination _____ establishment of a child support obligation.

2. Scientific tests that are generally acceptable within the scientific community to show a probability of paternity showing that the petitioner cannot be the father of the children were properly conducted.

3. The petitioner
*{Choose only **one**}*
_____ is current on all child support payments for the child(ren).
_____ has substantially complied with his child support obligation for the applicable child(ren) and any delinquency in his child support obligation arose from his inability for just cause to pay the delinquent child support when it became due.

4. The petitioner has not adopted the child.

Florida Supreme Court Approved Family Law Form 12.951(b), Order Disestablishing Paternity and/or Terminating Child Support Obligation (03/15)

- 413 -

5.	The child(ren) was/were not conceived by artificial insemination while the petitioner and the child(ren)'s mother were married.

6.	The petitioner did not act to prevent the biological father of the child(ren) from asserting his paternal rights with respect to the child(ren).

7.	The child(ren) was/were younger than 18 years of age when the petition was filed.

8.	Since learning that he is not the biological father of the child(ren), the petitioner has not

a.	married the mother of the child(ren) while known as the reputed father in accordance with section 742.091, Florida Statutes, and voluntarily assumed the parental obligation and duty to pay child support;
b.	acknowledged paternity in a sworn statement;
c.	consented to be named as the child(ren)'s biological father on the child(ren)'s birth certificate(s);
d.	voluntarily promised in writing to support the child(ren) and was required to support the child(ren) based on that promise;
e.	received written notice from any state agency or any court directing him to submit to scientific testing which he disregarded; or
f.	signed a voluntary acknowledgment of paternity as provided by section 742.10(4), Florida Statutes.

It is therefore ORDERED AND ADJUDGED:

*{Indicate **all** that apply}*

_____	Petitioner's, *{name}* _____ paternity of *{name(s) of child(ren)}* _____ ____is disestablished.

_____	Petitioner's, *{name}* _____ child support obligation to *{name(s) of child(ren)}* _____ is terminated.

**DONE AND** ORDERED ON _____ in_____, Florida

_____
CIRCUIT JUDGE

Florida Supreme Court Approved Family Law Form 12.951(b), Order Disestablishing Paternity and/or Terminating Child Support Obligation (03/15)

I certify that a copy of the Order Disestablishing Paternity and/or Terminating Child Support Obligation was (      ) mailed (      ) faxed and mailed (      ) e-mailed (      ) hand-delivered to the parties and any entities listed below on *{date}* _____.


_____
*{Clerk of court, designee, or Judicial Assistant}*



Petitioner
Respondent
Department of Revenue
Department of Health, Office of Vital Statistics
Court depositor/State Disbursement Unit
Other _____

Florida Supreme Court Approved Family Law Form 12.951(b), Order Disestablishing Paternity and/or Terminating Child Support Obligation (03/15)

- 415 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.960, MOTION FOR CIVIL CONTEMPT/ENFORCEMENT (03/15)

## When should this form be used?

You may use this form to ask the court to enforce a prior court **order** or **final judgment**.

## What should I do next?

To initiate a civil contempt/enforcement proceeding against a **party** who is not complying with a prior court order, you must file a **motion** with the court explaining what the party has failed to do. This form should be typed or printed in black ink. After completing this form, you should sign it before a **notary public** or **deputy clerk**. You should then **file** the original with the **clerk of the circuit court** in the county where your case was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law

Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

A copy of this form must be **personally served** by a sheriff or private process server or mailed,* e-mailed*, **or** hand delivered to any other party(ies) in your case. *Please note that if notice is mailed or e-mailed, the court in certain circumstances may not consider mailing or e-mailing, to be adequate notice.  If you want to be sure, you should have the motion personally served.  This is a technical area of the law; if you have any questions about it, you should consult a lawyer.  For more information on personal service, see the instructions for **Summons: Personal Service on an Individual,** Florida Family Law Rules of Procedure Form 12.910(a).

The court will then set a **hearing**. You should check with the clerk of court, **judicial assistant**, or **family law intake staff** for information on the local procedure for scheduling a hearing.  Once you know the time and date of the hearing, you will need to complete **Notice of Hearing on Motion for Contempt/Enforcement**, Florida Supreme Court Approved Family Law Form 12.961, or, if applicable, **Notice of Hearing (Child Support Enforcement Hearing Officer),** Florida Supreme Court Approved Family Law Form 12.921, or [**Notice of Hearing Before**] **General Magistrate,** Florida Family Law Rules of Procedure Form 12.920[(c)], which will specify a time and place for a hearing on the issue. A copy of this form must be mailed, e-mailed, or hand delivered to the other party.  Again, if notice is mailed, the court in certain circumstances may not consider mailing or e-mailing to be adequate notice.  If you want to be sure, you should have the notice personally served.  This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for **Summons: Personal Service on an Individual,** Florida Family Law Rules of Procedure Form 12.910(a).

At the hearing, as in any other civil proceeding, you, as the moving party, will have the burden of proving the other party has not obeyed a prior court order.  Once noncompliance is established, the other party will have an opportunity to show an inability to comply with the prior court order.  If he or she is unable to do so, the judge may find the other party to be in contempt.  If so, the judge may order appropriate sanctions to compel compliance by the other party, including jail, payment of attorneys' fees, suit money, or costs, and coercive or compensatory fines, and may order any other relief permitted by law.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** See also section 61.14, Florida Statutes and rule 12.615, Florida Family Law Rules of Procedure.

Instructions for Florida Supreme Court Approved Family Law Form 12.960, Motion for Civil Contempt/Enforcement (03/15)

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer,** Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____ ,
Petitioner,

and

_____ ,
Respondent.

# MOTION FOR CIVIL CONTEMPT/ENFORCEMENT

_____ Petitioner _____ Respondent requests that the Court enter an order of civil contempt/enforcement against _____ Petitioner _____ Respondent in this case because:

1. A final judgment or order *{title of final judgment or order}*_____
   in this case was entered on *{date}*_____, by *{court, city, and state}*_____
   _____.
   _____Please indicate here if the judgment or order is not from this Court and attach a copy.

2. This order of the Court required the other party in this case to do or not do the following:
   *{Explain what the other party was ordered to do or not do.}* _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____Please indicate here if additional pages are attached.

3. The other party in this case has willfully failed to comply with this order of the Court: *{Explain what the other party has or has not done.}* _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____ Please indicate here if additional pages are attached.

4. I respectfully request that the Court issue an order holding the above-named person in civil contempt, if appropriate, and/or providing the following relief:

Florida Supreme Court Approved Family Law Form 12.960, Motion for Civil Contempt/Enforcement (03/15)

a. _____enforcing or compelling compliance with the prior order or judgment;

b. _____awarding a monetary judgment;

c. _____if a monetary judgment was included in the prior order, issuing a writ of execution or garnishment or other appropriate process;

d. _____awarding prejudgment interest;

e. _____requiring the other party to pay costs and fees in connection with this motion;

f. _____if the other party is found to be in civil contempt, ordering a compensatory fine;

g. _____if the other party is found to be in civil contempt, ordering a coercive fine;

h. _____if the other party is found to be in civil contempt, ordering incarceration of the other party with a purge;

i. _____issuing a writ of possession for real property, writ for possession of personal property, or other appropriate writ;

j. _____issuing a writ of bodily attachment if the other party fails to appear at the hearing set on this motion;

k. _____requiring the other party to make payments through the central governmental depository;

l. _____requiring the support payments to be automatically deducted from the other party's income or funds;

m. _____requiring the other party to seek employment;

n. _____awarding make-up time-sharing with minor child(ren) as follows *{explain}*: ___
_____
_____
_____
_____
_____; and

o. _____awarding other relief *{explain}*: _____
_____
_____
_____
_____
_____.


I certify that a copy of this document was:   (   ) mailed (   ) faxed and mailed (   ) e-mailed (   ) hand-delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney**:
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or clerk.]*

_____ Personally known
_____ Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only one}* (   ) Petitioner (   ) Respondent.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}*_____,
*{city}* _____,*{state}* _____, *{zip code}* _____,*{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.961
## NOTICE OF HEARING ON MOTION FOR CONTEMPT/ENFORCEMENT (03/15)

### When should this form be used?

Use this form anytime you have set a **hearing** on a **Motion for Contempt/Enforcement**, Florida Supreme Court Approved Family Law Form 12.960, for a support matter under rule 12.615, Florida Family Law Rules of Procedure. Before you fill out this form, you should coordinate a hearing time and date with the **judge** or **hearing officer** and the other party. If the Department of Revenue is a party to the case, you may need to schedule your hearing time with the attorney for the Department of Revenue.

If your case is to be heard by a child support enforcement hearing officer, the following information applies: A child support enforcement **hearing officer** is an attorney who has been appointed by administrative order of the court to take testimony and recommend decisions in cases involving the establishment, enforcement, and/or modification of **child support**, and the enforcement of alimony in conjunction with an ongoing child support arrearage order. If your case only involves issues pertaining to child support, you cannot object to the referral of your case to a hearing officer. If your case is going to be heard by a **general magistrate**, you should use **Notice of Hearing Before General Magistrate**, Florida Family Law Rules of Procedure Form 12.920(c).

This form should be typed or printed in black ink. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where your case was filed and keep a copy for your records.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

### What should I do next?

A copy of this form must be **personally served** by a sheriff or private process server, mailed*, e-mailed*, **or** hand-delivered to any other party(ies) in your case. Please note that if notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. This is a technical area of the

Instructions for Florida Supreme Court Approved Family Law Form 12.961, Notice of Hearing on Motion for Contempt /Enforcement (03/15)

- 422 -

law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for **Summons: Personal Service on an Individual,** Florida Family Law Rules of Procedure Form 12.910(a).

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** For further information, see rules 12.615 and 12.941, Florida Family Law Rules of Procedure.

## Special notes

An attorney who has been appointed by the court to serve as a child support enforcement hearing officer can also be appointed to serve as a general magistrate. If your case involves only child support issues, your case properly may be referred to a general magistrate acting as a child support enforcement hearing officer.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.961, Notice of Hearing on Motion for Contempt /Enforcement (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# NOTICE OF HEARING ON MOTION FOR
# CONTEMPT/ENFORCEMENT IN SUPPORT MATTERS
# (RULE 12.615)

TO: *{name of other party}* _____

There will be a hearing before _____ *{name of judge or hearing officer}*,
on *{date}*_____, at *{time}*_____ m., in room _____ of the

_____

Courthouse, on the _____ Petitioner's _____ Respondent's Motion for Contempt in Support Matters.
_____hour(s)/_____ minutes have been reserved for this hearing.

**FAILURE TO APPEAR AT THE HEARING MAY RESULT IN THE COURT ISSUING A WRIT OF BODILY ATTACHMENT FOR YOUR ARREST. IF YOU ARE ARRESTED, YOU MAY BE HELD IN JAIL UP TO 48 HOURS BEFORE A HEARING IS HELD.**

This part is to be filled out by the court or to be filled in with information obtained from the court:

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact:**

_____

Florida Supreme Court Approved Family Law Form 12.961, Notice of Hearing on Motion for Contempt/ Enforcement (03/15)

***{identify applicable court personnel by name, address, and telephone number }*** **at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days;  if you are hearing or voice impaired, call 711.**

If you are represented by an attorney or plan to retain an attorney for this matter, you should notify the attorney of this hearing.

If this matter is resolved, the moving party shall contact the judge or hearing officer's office to cancel this hearing.

I certify that a copy of this document was (   ) mailed (   ) faxed and mailed (    ) e-mailed  (   ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney**:
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____

Dated: _____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only one}* (     ) Petitioner (     ) Respondent. This form was completed with the assistance of:
*{name of individual}*  _____,
*{name of business}* _____,
*{address}*_____,
*{city}* _____, *{state}* _____, *{zip code}*_____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.961, Notice of Hearing on Motion for Contempt/ Enforcement (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____COUNTY, FLORIDA

Case No:_____
Division: _____

_____,
         Petitioner,
   and

_____,
         Respondent.

## WRIT OF BODILY ATTACHMENT
### (Child Support)

TO ALL AND SINGULAR SHERIFFS AND OTHER AUTHORIZED LAW ENFORCEMENT PERSONNEL OF THE STATE OF FLORIDA

YOU ARE ORDERED to take into custody _____
{see attached Description Sheet} and confine him/her in the county jail.  The individual failed to appear before the court as ordered, failed to appear at a properly noticed hearing, and/or failed to comply with the previous order of the court which is attached and incorporated herein.

**Service of this writ may be made on any day of the week and any time of the night or day, including Sunday and holidays.**

YOU ARE FURTHER DIRECTED to bring this person before the court within 48 hours of execution of the writ for a hearing to determine the individual's present ability to pay support and, if so, whether the failure to pay such support is willful, pursuant to Rule 12.615(c)(2)(B), Florida Family Law Rules of Procedure.

NOTICE OF EXECUTION OF THIS WRIT SHALL IMMEDIATELY BE GIVEN TO THE FOLLOWING:
    *{Indicate all that apply}*
    _____ The Office of the Judge/General Magistrate/Child Support Hearing Officer:
        _____
        _____
    _____ Counsel for the Department of Revenue:
        _____
    _____ Department of Revenue:
        _____
    _____ Other:

Florida Supreme Court Approved Family Law Form 12.962, Writ of Bodily Attachment (Child Support) (03/15)

_____

IT IS FURTHER ORDERED that the individual may purge this contempt and be immediately released from custody at any time by the payment of the sum of $_____, which includes (if applicable):

$ _____, to be applied to unpaid support,

$ _____, Sheriff's fee,

$_____, Department of Revenue costs.

$ _____, other

The court previously found in this proceeding that the individual had the ability to pay said sum. The Sheriff, or other authorized law enforcement personnel, executing this writ or having custody of the individual is authorized to assess and collect the actual costs associated with service of this writ and transportation of the individual pursuant to Section 61.11(2)(a), Florida Statutes.

PAYMENT SHALL BE MADE to the Sheriff of _____ County, Florida and shall be in the form of cash, cashier's check, certified funds, or money order.  The purge payment, clearly marked with the individual's name and case number, and denoted as a purge payment shall be remitted to:

{Indicate which are applicable}:

_____ The Office of the Clerk of Circuit Court for _____, County,

_____

_____ Other _____.

The Sheriff's office, or other authorized law enforcement personnel's office, receiving payment shall provide the individual with a written receipt acknowledging payment. The receipt must be carried by the individual for a period of at least 30 days as proof of payment.

If the individual pays the purge and secures his/her release, the Sheriff shall immediately notify:
_____.

**THIS ORDER SUPERSEDES ALL PRIOR CONFLICTING ORDERS**.

**DONE AND ORDERED** in _____ County, Florida this _____day of _____, 20_____.


_____
CIRCUIT JUDGE

Florida Supreme Court Approved Family Law Form 12.962, Writ of Bodily Attachment (Child Support) (03/15)

I certify that a copy of this *{name of document}*_____
was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand-delivered to the parties or entities listed below on *{date}*_____.

by_____
*{Clerk of court or designee}*

Petitioner (or his/her attorney)
Respondent (or his/her attorney)
Department of Revenue
Sheriff of _____County
Other:_____

# DESCRIPTION SHEET

NAME: _____ DATE OF BIRTH: _____

OTHER NAMES THE INDIVIDUAL GOES BY (ALIASES OR NICKNAMES): _____

_____

ADDRESS: _____

ALTERNATE ADDRESS: _____

TELEPHONE: _____ ALTERNATE PHONE: _____

SOCIAL SECURITY NUMBER: _____ GENDER: _____ RACE: _____

HEIGHT: _____ WEIGHT: _____ EYE COLOR: _____

HAIR COLOR, LENGTH, STYLE: _____

DISTINGUISHING MARKS, SCARS, TATTOOS: _____

OTHER CHARACTERISTICS: _____

EMPLOYER: _____ EMPLOYER PHONE: _____

EMPLOYER ADDRESS: _____

VEHICLE (MAKE/MODEL): _____

FLORIDA DRIVER'S LICENSE NUMBER: _____

**Please use the space below for any additional information you would like to provide.**

_____

_____

_____

_____

_____

_____

_____

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.970(a)
# PETITION FOR TEMPORARY CUSTODY BY EXTENDED FAMILY (03/15)

## When should this form be used?

This form should be used by an **extended family member** to obtain temporary custody of a child or children pursuant to Chapter 751, Florida Statutes.  This form **should not** be used if you are a parent seeking to establish parental responsibility or time-sharing with a child or children.

An **Extended Family Member** is:
A relative of a minor child within the third degree by blood or marriage to the parent;
OR
The stepparent of a minor child if the stepparent is currently married to the parent of the child and is not a party in a pending dissolution, separate maintenance, domestic violence, or other civil or criminal proceeding in any court of competent jurisdiction involving one or both of the child(ren)'s parents as an adverse party.

You may file a Petition for Temporary Custody if:
You have the signed, notarized consents of the child(ren)'s legal parents;
OR
You are an extended family member who is caring full time for the child(ren) in the role of a substitute parent and with whom the child(ren) is (are) presently living.

If one of the minor child(ren)'s parents objects to the Petition, the court shall grant the Petition only upon a finding, by clear and convincing evidence, that the child(ren)'s parent or parents are unfit to provide for the care and control of the child(ren).  In determining that a parent is unfit, the court must find that the parent has abused, abandoned, or neglected the child(ren), as defined in Chapter 39, Florida Statutes.  If you do not have the parents' consents **you should consult a family law attorney before you file your papers.**

If you do not meet the qualifications above, you should talk to an attorney about other options.  You may also report any suspected abuse, abandonment, or neglect to the appropriate authorities.

This form should be typed or printed in black ink.  After completing this form, you should sign the form before a **notary public** or **deputy clerk**.  You should **file** the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file.

Instructions for Florida Supreme Court Approved Family Law Form 12.970(a), Petition for Temporary Custody By Extended Family (03/15)

**The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## What should I do next?

IF YOU HAVE SIGNED AND NOTARIZED WAIVERS OF SERVICE OF PROCESS AND CONSENTS from the child(ren)'s mother and father, and the case is uncontested, you may call the clerk, **family law intake staff**, or **judicial assistant**, to set a **final hearing.** You must notify the child(ren)'s parents of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

If one of the parents is deceased, you must file a certified copy of the proof of death.

IF YOU DO NOT HAVE SIGNED AND NOTARIZED WAIVERS OF SERVICE OF PROCESS AND CONSENTS from the child(ren)'s parents, you must properly notify the parents of the **petition**. If you know where he or she lives, you should use **personal service.** If you absolutely do not know where he or she lives after conducting a diligent search, you may use **constructive service.** You must complete all of the searches listed in the **Affidavit of Diligent Search and Inquiry**, Florida Family Law Rules of Procedure Form 12.913(b), and file the form with the clerk. You should seek legal advice on constructive service as this is a complicated area of the law. If the identity of one parent is unknown, you will need to seek legal advice to determine the proper way to serve an unknown parent. For more information, see Chapter 49, Florida Statutes.

If personal service is used, the **parents** have 20 days to answer after being served with your petition. Your case will generally proceed in one of the following ways:

**DEFAULT...** If after 20 days, no **answer** has been filed, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. You must file a **Notice for**

Instructions for Florida Supreme Court Approved Family Law Form 12.970(a), Petition for Temporary Custody By Extended Family (03/15)

**Trial**, Florida Supreme Court Approved Family Law Form 12.924. Then, if you have filed all of the required papers, you may call the clerk, **family law intake staff**, or **judicial assistant**, to set a **final hearing.** You must notify the child(ren)'s parents of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED...** If either parent files an answer which disagrees with or denies anything in your petition, and you are unable to settle the disputed issues, you must file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, to request a final hearing. Some circuits may require the completion of **mediation** before a final hearing may be set. You should contact the clerk, **family law intake staff**, or **judicial assistant** for instructions on how to set your case for **trial** (final hearing).

At any time, either or both of the child(ren)'s parents may petition the court to modify or terminate the order granting temporary custody. The court shall terminate the order upon a finding that the parent is a fit parent, or by the consent of the parties. The court may modify an order granting temporary custody if the parties consent or if the modification is in the best interest of the child(ren).

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see Chapter 751 and Chapter 39, Florida Statutes.

## Special Notes. . .

If you do not have the money to pay the filing fee, you may obtain an application for Determination of Civil Indigent Status, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

With this petition, you must file the following and provide a copy to the other party:
- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit,** Florida Supreme Court Approved Family Law Form 12.902(d).
- **Notice of Related Cases**, Florida Family Law Rules of Procedure Form 12.900(h).
- **Family Court Cover Sheet**, Florida Family Law Rules of Procedure Form 12.928.
- **Non-Military Affidavit**, Florida Supreme Court Approved Family Law Form 12.912(b). (Required only for obtaining a default on petitions that have been personally or constructively served. Not required if both parents have signed a waiver and consent)

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms **must** also put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.970(a), Petition for Temporary Custody By Extended Family (03/15)

- 432 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
                    Petitioner,
and

_____,
                    Respondent/Mother,

_____,
                    Respondent/Father.


# PETITION FOR TEMPORARY CUSTODY BY EXTENDED FAMILY


Petitioner, *{full legal name}* _____, being sworn, certifies that the
following information is true:

1.  This is an action for temporary custody pursuant to Chapter 751, Florida Statutes.

2.  Petitioner requests temporary custody of the following minor child(ren):
    Name                    Date of Birth              Current Address

    _____
    _____
    _____
    _____

3.  Petitioner completed a **Uniform Child Custody Jurisdiction and Enforcement Act Affidavit**,
    Florida Supreme Court Approved Family Law Form 12.902(d), which was filed with this Petition.
    The affidavit includes the names and current addresses of the persons with whom the child(ren)
    has(have) lived during the past 5 years, the places where the child(ren) has(have) lived during
    the past 5 years, and information concerning any custody proceeding in this or any other state
    with respect to the child(ren). **If the Affidavit is not completely filled out, signed under oath,
    and filed with the Petition**, **the case may be dismissed without hearing.**

4.  Petitioner is an extended family member who is: *{Choose **one** only}*
    _____   Related to the minor child(ren) within the third degree by blood or marriage to a parent;
    **OR**
    _____   The stepparent of the minor child(ren), is married to the ____ Mother ____ Father and
    is not a party in a pending dissolution, separate maintenance, domestic violence, or other civil or
    criminal proceeding in any court of competent jurisdiction involving one or both of the
    child(ren)'s parents as an adverse party.

5. Petitioner's relationship to the minor child(ren) is: _____.

6. The residence and post office address of the Petitioner is: _____
_____.

7. Petitioner is a proper person to be awarded temporary custody because: *{Choose **one** only}*
____ Petitioner has the signed, notarized consent from **both** of the child(ren)'s legal parents;
OR

____ Petitioner is caring full time for the child(ren) in the role of a substitute parent and the child(ren) currently live with the Petitioner.

**If Petitioner does not have the signed consents from both parents or is not caring for the child(ren) full time as a substitute parent, Petitioner cannot obtain temporary custody under Chapter 751, Florida Statutes. Petitioner should consult an attorney about other options.**

8. The legal mother of the child(ren) is _____, whose current address is: _____.

9. The legal father of the child(ren) is _____, whose current address is: _____.

10. The Consents of _____Father **and/or** _____ Mother is/are attached to the Petition.
OR
*{If Applicable}* The Consent of the _____ is not attached because that parent is deceased. A certified copy of the proof of death is attached.
OR
Consent has NOT been obtained from the parents. The specific acts or omissions of the parents which demonstrate that the parents have abused, abandoned, or neglected the child(ren) as defined in Chapter 39, Florida Statutes are: (attach additional sheets if necessary) _____
_____
_____
_____
_____.

11. Petitioner requests temporary custody be granted for the following period of time:_____
_____.
The reasons that support this request are: _____
_____
_____
_____.

12. It is in the best interests of the child(ren) that the Petitioner have temporary custody of the child(ren) for the following reasons: _____
_____
_____

_____.

13. **ORDER OF PROTECTION**

_____ Petitioner **IS NOT** aware of any temporary or permanent order for protection entered on behalf of or against either parent, the Petitioner, or the child(ren) in Florida or any other jurisdiction.

OR

_____ Petitioner **IS** aware of the following temporary or permanent orders for protection entered on behalf of or against either parent, the Petitioner, or the child(ren) in Florida or any other jurisdiction. The court entering the order and the case number is: _____

_____
_____
_____.

14. **TEMPORARY OR PERMANENT CHILD SUPPORT ORDERS**

_____ Petitioner **IS NOT** aware of any temporary or permanent orders for child support for the minor child(ren).

OR

_____ Petitioner **IS** aware of the following temporary or permanent order for child support for the minor child(ren). The court entering the order and the case number is:_____

_____
_____
_____.

15. **CHILD SUPPORT** *(Choose **one** only}*
(You must have proof or waiver of service of process upon the parent(s) or a Waiver of Service of Process and Consent for the court to consider an award for child support)

_____ Petitioner requests the court to order the parents to pay child support.
_____ Petitioner requests the court to redirect all or part of Mother's and/or Father's existing child support obligation to the Petitioner.
_____ Petitioner requests the court to redirect all or part of Mother's and/or Father's existing child support obligation to the Petitioner, and to award the Petitioner child support arrearages.

16. Petitioner _____ requests _____ does not request that the court establish reasonable visitation or a time-sharing schedule with the parents.

17. Other

_____
_____
_____
_____.

WHEREFORE, Petitioner requests that this Court grant the Petitioner temporary custody of the child(ren) subject to this proceeding; award the Petitioner other relief as requested; and award any other relief

that the Court deems necessary.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated:_____          _____
                                                 Signature of Petitioner

                                                 Printed Name: _____
                                                 Address: _____
                                                 City, State, Zip Code: _____
                                                 Telephone Number: _____
                                                 Number: _____
                                                 E-Mail Address(es):_____
                                                 _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

                                                 _____
                                                 NOTARY PUBLIC OR DEPUTY CLERK


                                                 _____
                                                 *{Print, type, or stamp commissioned name of notary or deputy clerk.}*

____ Personally known
____ Produced identification
        Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Petitioner.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____,*{zip code}* _____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.970(b)
# PETITION FOR CONCURRENT CUSTODY BY EXPENDED FAMILY (03/15)

## When should this form be used?

This form should be used by an **extended family member** to obtain concurrent custody of a child or children pursuant to Chapter 751, Florida Statutes. This form **should not** be used if you are a parent seeking to establish parental responsibility or time-sharing with a child or children. "Concurrent custody" means that an eligible extended family member is awarded custodial rights to care for a child or children concurrently with the child(ren)'s parent or parents.

An **Extended Family Member** is:
A relative of a minor child within the third degree by blood or marriage to the parent;
OR
The stepparent of a minor child if the stepparent is currently married to the parent of the child and is not a party in a pending dissolution, separate maintenance, domestic violence, or other civil or criminal proceeding in any court of competent jurisdiction involving one or both of the child(ren)'s parents as an adverse party.

You may file a Petition for Concurrent Custody if:
You have the signed, notarized consents of the child(ren)'s legal parents;
OR
You are an extended family member who is caring full time for the child(ren) in the role of a substitute parent and with whom the child(ren) is (are) presently living.

In addition, you must currently have physical custody of the child(ren) and have had physical custody of the child(ren) for at least 10 days in any 30-day period within the last 12 months; and not have signed, written documentation from a parent which is sufficient to enable you to do all the things necessary to care for the child(ren).

If you do not meet the qualifications above, you should talk to an attorney about other options. You may also report any suspected abuse, abandonment, or neglect to the appropriate authorities.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

Instructions for Florida Supreme Court Approved Family Law Form 12.970(b), Petition for Concurrent Custody By Extended Family (03/15)

# IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## What should I do next?

IF YOU HAVE SIGNED AND NOTARIZED WAIVERS OF SERVICE OF PROCESS AND CONSENTS from the child(ren)'s mother and father, you may call the clerk, **family law intake staff**, or **judicial assistant**, to set a **final hearing.** You must notify the child(ren)'s parents of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

If one of the parents is deceased, you must file a certified copy of the proof of death.

If one of the minor child(ren)'s parents objects to the Petition for Concurrent Custody in writing, the court may not grant the petition even if the other parent consents, in writing, to the entry of the order. If a parent objects, you have the option of converting the Petition to a **Petition for Temporary Custody by Extended Family,** Florida Supreme Court Approved Family Law Form 12.970(a)**.** If the Petition is not converted into a **Petition for Temporary Custody by Extended Family**, it shall be dismissed without prejudice.

At any time, the Petitioner or either or both of the child(ren)'s parents may move the court to terminate the order granting concurrent custody. The court shall terminate the order upon a finding that either or both of the child(ren)'s parents objects to the order. The fact that the order for concurrent custody has been terminated does not preclude any person who is otherwise eligible to petition for temporary custody from filing such petition.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the**

Instructions for Florida Supreme Court Approved Family Law Form 12.970(b), Petition for Concurrent Custody By Extended Family (03/15)

**beginning of these forms.**  The words that are in **bold underline** in these instructions are defined there. For further information, see Chapter 751 and Chapter 39, Florida Statutes.

## Special Notes. . .

If you do not have the money to pay the filing fee, you may obtain an application for Determination of Civil Indigent Status, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

With this petition, you must file the following and provide a copy to the other party:
- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit,** Florida Supreme Court Approved Family Law Form 12.902(d).
- **Notice of Related Cases**, Florida Family Law Rules of Procedure Form 12.900(h).
- **Family Court Cover Sheet**, Florida Family Law Rules of Procedure Form 12.928.
- **Non-Military Affidavit**, Florida Supreme Court Approved Family Law Form 12.912(b). (Required only for obtaining a default on petitions that have been personally or constructively served.  Not required if both parents have signed a waiver and consent.)

Remember, a person who is NOT an attorney is called a nonlawyer.  If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you.  A nonlawyer helping you fill out these forms must also put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.970(b), Petition for Concurrent Custody By Extended Family (03/15)

- 441 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
                    Petitioner,
and

_____,
              Respondent/Mother,

_____,
              Respondent/Father.

## PETITION FOR CONCURRENT CUSTODY BY EXTENDED FAMILY

Petitioner, *{full legal name}* _____, being sworn, certifies that the following information is true:

1.  This is an action for concurrent custody pursuant to Chapter 751, Florida Statutes.

2.  Petitioner requests concurrent custody of the following minor child(ren):
    Name                    Date of Birth              Current Address

    _____
    _____
    _____
    _____

3.  Petitioner completed a **Uniform Child Custody Jurisdiction and Enforcement Act Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), which was filed with this Petition. The affidavit includes the names and current addresses of the persons with whom the child(ren) has (have) lived during the past 5 years, the places where the child(ren) has(have) lived during the past 5 years, and information concerning any custody proceeding in this or any other state with respect to the child(ren). **If the Affidavit is not completely filled out, signed under oath, and filed with the Petition**, **the case may be dismissed without a hearing.**

4.  Petitioner is an extended family member who is: *{Choose **one** only}*
    _____ Related to the minor child(ren) within the third degree by blood or marriage to a parent; OR
    _____ The stepparent of the minor child(ren), is married to the (  )Mother (  )Father and is not a party in a pending dissolution, separate maintenance, domestic violence, or other civil or criminal proceeding in any court of competent jurisdiction involving one or both of the child(ren)'s parents as an adverse party.

5.  Petitioner's relationship to the minor child(ren) is: _____.
6.  The residence and post office address of the Petitioner is: _____
    _____.

7.  The legal mother of the child(ren) is _____, whose
    current address is:_____.

8.  The legal father of the child(ren) is _____, whose
    current address is: _____.

9.  Petitioner currently has physical custody of the child(ren) and has had physical custody of the
    child(ren) for at least 10 days in any 30-day period within the last 12 months. Detail the time
    periods during the past 12 months when the child(ren) have resided with the Petitioner:
    _____
    _____
    _____.

10. Petitioner does not have signed, written documentation from a parent which is sufficient to
    enable the Petitioner to do all of the things necessary to care for the child(ren).

11. *{If applicable}* Describe the type of documents, if any, provided by the parent or parents which
    enables the Petitioner to act on behalf of the child(ren): _____
    _____.
    These documents are attached to this Petition as Exhibit _____.

12. Petitioner is unable to obtain or undertake the following services or actions without an order of
    custody:
    _____
    _____
    _____
    _____.

13. The Consents of _____Father **and/or** _____ Mother is/are attached to the Petition.
    OR
    *{If applicable}* The Consent of the _____ is not attached because that parent is
    deceased. A certified copy of the proof of death is attached.

14. Petitioner requests concurrent custody be granted for the following period of
    time:_____.
    The reasons that support this request are: _____
    _____
    _____
    _____.

15. It is in the best interests of the child(ren) that the Petitioner have concurrent custody of the
    child(ren) for the following reasons: _____

_____
_____
_____.

16. **ORDER OF PROTECTION**

_____ Petitioner **IS NOT** aware of any temporary or permanent order for protection entered on behalf of or against either parent, the Petitioner, or the child(ren) in Florida or any other jurisdiction.

**OR**

_____ Petitioner **IS** aware of the following temporary or permanent orders for protection entered on behalf of or against either parent, the Petitioner, or the child(ren) in Florida or any other jurisdiction. The court entering the order and the case number is: _____

_____
_____
_____.

17. **TEMPORARY OR PERMANENT CHILD SUPPORT ORDERS**

_____ Petitioner **IS NOT** aware of any temporary or permanent orders for child support for the minor child(ren).

**OR**

_____ Petitioner **IS** aware of the following temporary or permanent order for child support for the minor child(ren). The court entering the order and the case number is:_____

_____
_____
_____.

18. **CHILD SUPPORT (If Petitioner is seeking child support)** *{Choose **one** only}*
(You must have proof of service upon or waiver of process by the parent(s) or a Waiver of Service of Process and Consent for the court to consider an award for child support)

_____ Petitioner requests the court to order the parents to pay child support.

_____ Petitioner requests the court to redirect all or part of Mother's and/or Father's existing child support obligation to the Petitioner.

_____ Petitioner requests the court to redirect all or part of Mother's and/or Father's existing child support obligation to the Petitioner, **and** to award the Petitioner child support arrearages.

19. Petitioner _____ requests _____ does not request that the court establish reasonable visitation or a time-sharing schedule with the parents.

20. Other _____
_____
_____
_____

WHEREFORE, Petitioner requests that this Court grant the Petitioner concurrent custody of the child(ren) subject to this proceeding; award the Petitioner other relief as requested; and award any

other relief that the Court deems necessary.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____     _____
                                            Signature of Petitioner

                                            Printed Name: _____
                                            Address: _____
                                            City, State, Zip Code: _____
                                            Telephone Number: _____
                                            Fax Number: _____
                                            Designated E-mail Address(es):_____
                                            _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

                                            _____
                                            NOTARY PUBLIC OR DEPUTY CLERK

                                            _____
                                            *Print, type, or stamp commissioned name of notary or deputy clerk.*

_____ Personally known
_____ Produced identification
        Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Petitioner.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____, *{zip code}*_____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.970(b), Petition for Concurrent Custody By Extended Family (03/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.970(c), WAIVER OF SERVICE OF PROCESS AND CONSENT FOR TEMPORARY CUSTODY BY EXTENDED FAMILY (03/15)

This form is to be completed and signed by a parent who agrees to grant temporary custody of a minor child or child(ren) to an **extended family member** and agrees to waive **service** of process. Service of process occurs when a summons and a copy of the petition (or other pleading) that has been filed with the court are delivered by a deputy or private process server.

An **Extended Family Member** is:
A relative of a minor child within the third degree by blood or marriage to the parent;
OR
The stepparent of a minor child if the stepparent is currently married to the parent of the child and is not a party in a pending dissolution, separate maintenance, domestic violence, or other civil or criminal proceeding in any court of competent jurisdiction involving one or both of the child(ren)'s parents as an adverse party.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where the **Petition for Temporary Custody by Extended Family,** Florida Supreme Court Approved Family Law Form 12.970(a) is filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## Special notes. . .

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms **must** also put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.970(c), Waiver of Service of Process and Consent for Temporary Custody By Extended Family (03/15)

- 447 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
       Petitioner,
and

_____,
       Respondent/Mother,

_____,
       Respondent/Father.

# WAIVER OF SERVICE OF PROCESS AND CONSENT FOR TEMPORARY CUSTODY BY EXTENDED FAMILY

I, _____, the legal _____ Mother _____ Father of
*{child(ren)'s name)s)}* _____, having received a copy of
the Petition for Temporary Custody by Extended Family filed herein and waived service of process, freely
and voluntarily consent to the Petition filed by: *{Petitioner's Name}* _____.

I realize that by signing this document, I am consenting to the Petitioner having temporary legal custody
of the minor child(ren) and that such temporary custody is in the best interest of the child(ren).  Upon
entry of an Order, the Petitioner shall be able to:

1. Consent to all necessary and reasonable medical and dental care for the child(ren), including
   nonemergency surgery and psychiatric care;

2. Secure copies of the child(ren)'s records, held by third parties, that are necessary for the
   care of the child(ren), including, but not limited to:
   a. Medical, dental, and psychiatric records;
   b. Birth Certificates and other records, and
   c. Educational records.

3. Enroll the child(ren) in school and grant or withhold consent for the child(ren) to be tested
   or placed in special school programs, including exceptional education; and

4. Do all other things necessary for the care of the child(ren).

Florida Supreme Court Approved Family Law Form 12.970(c), Waiver of Service of Process and Consent for
Temporary Custody By Extended Family (03/15)

- 448 -

I realize that the custody of my child(ren) by the Petitioner is temporary and that I may, at any time, petition the court to return legal custody to me.

Dated: _____

_____
Signature of Parent
Printed Name: _____
Address: _____
City, State, Zip Code: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC OR DEPUTY CLERK

_____
*Print, type, or stamp commissioned name of notary or deputy clerk.*

____ Personally known
____ Produced identification
      Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the *{choose only **one**}* (    ) Petitioner (    ) Respondent.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____, *{zip code}*_____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.970(d),
# WAIVER OF SERVICE OF PROCESS AND CONSENT FOR CONCURRENT CUSTODY BY EXTENDED FAMILY (03/15)

This form is to be completed and signed by a parent who agrees to grant **concurrent custody** of a minor child or child(ren) to an **extended family member** and who agrees to waive **service** of process. Service of process occurs when a summons and a copy of the petition (or other pleading) that has been filed with the court are delivered by a deputy or private process server. "Concurrent custody" means that an eligible extended family member is awarded custodial rights to care for a child or children concurrently with the child(ren)'s parent or parents.

An **Extended Family Member** is:
A relative of a minor child within the third degree by blood or marriage to the parent;
OR
The stepparent of a minor child if the stepparent is currently married to the parent of the child and is not a party in a pending dissolution, separate maintenance, domestic violence, or other civil or criminal proceeding in any court of competent jurisdiction involving one or both of the child(ren)'s parents as an adverse party.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where the **Petition for Concurrent Custody by Extended Family,** Florida Supreme Court Approved Family Law Form 12.970(b) is filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## Special notes. . .

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms **must** also put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.970(d), Waiver of Service of Process and Consent for Concurrent Custody By Extended Family (03/15)

- 450 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
                Petitioner,
and

_____,
                Respondent/Mother,

_____,
                Respondent/Father.

# WAIVER OF SERVICE OF PROCESS AND CONSENT FOR CONCURRENT CUSTODY BY EXTENDED FAMILY

I, _____, the legal _____ Mother _____ Father of {child(ren)'s name(s)} _____, having received a copy of the Petition for Concurrent Custody by Extended Family filed herein and waived service of process, freely and voluntarily consent to the Petition filed by {Petitioner's Name} _____
.

I realize that by signing this document, I am consenting to the Petitioner having temporary concurrent custody of the minor child(ren) and that such concurrent custody is in the best interest of the child(ren). Upon entry of an Order, the Petitioner shall be able to:

1. Consent to all necessary and reasonable medical and dental care for the child(ren), including nonemergency surgery and psychiatric care;

2. Secure copies of the child(ren)'s records, held by third parties, that are necessary for the care of the child(ren), including, but not limited to:
   a. Medical, dental, and psychiatric records;
   b. Birth Certificates and other records, and
   c. Educational records.

3. Enroll the child(ren) in school and grant or withhold consent for the child(ren) to be tested or placed in special school programs, including exceptional education; and

4. Do all other things necessary for the care of the child(ren).

Florida Supreme Court Approved Family Law Form 12.970(d), Waiver of Service of Process and Consent for Concurrent Custody By Extended Family (03/15)

- 451 -

I realize that the concurrent custody of my child(ren) by the Petitioner is temporary and that I may, at any time, petition the court to return legal custody to me.

Dated: _____          _____
                                                Signature of Parent

                                                Printed Name: _____
                                                Address: _____
                                                City, State, Zip Code: _____
                                                Telephone Number: _____
                                                Fax Number: _____
                                                Designated E-mail Address(es):_____
                                                _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.


                                                _____
                                                NOTARY PUBLIC OR DEPUTY CLERK

                                                _____
                                                *Print, type, or stamp commissioned name of notary or deputy clerk.*

_____ Personally known
_____ Produced identification
        Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the *{choose only **one**}* (    ) Petitioner (    ) Respondent.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}*_____,
*{address}* _____,
*{city}* _____, *{state}* _____,*{zip code}*_____, *{telephone number}* _____.


Florida Supreme Court Approved Family Law Form 12.970(d), Waiver of Service of Process and Consent for Concurrent Custody By Extended Family (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
                    Petitioner,
and

_____,
              Respondent/Mother

_____,
              Respondent/Father.

## ORDER GRANTING PETITION FOR
## TEMPORARY CUSTODY BY EXTENDED FAMILY

This case came before this Court for a hearing on a Petition for Temporary Custody by Extended Family.  The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:

**SECTION I. FINDINGS:**

1.  The Court has jurisdiction over the subject matter and the parties.

2.  The minor child(ren) at issue in this matter are:
    Name                                              Date of Birth

    _____
    _____
    _____
    _____

3.  The Petitioner, *{full legal name}* _____ is the
    *{extended family relationship}*_____ of
    the child(ren).

4.  The Mother *{full legal name}* _____ of the child(ren):
    *{Choose **one** only}*
    _____   Filed a Waiver and Consent
    _____   Was served with the petition and failed to file an Answer

Florida Supreme Court Approved Family Law Form 12.970(e), Order Granting Petition for Temporary Custody by Extended Family (03/15)

_____ Is deceased as evidenced by: _____

_____ Objected to the petition. Based upon clear and convincing evidence, the Court finds that the Mother is unfit to provide for the care and control of the child(ren). Specifically, the Mother has abused, abandoned, or neglected the child(ren) as defined in Chapter 39, Florida Statutes. It is in the best interest of the child(ren) that the Petitioner have temporary custody because: *{facts in support of finding}* _____

_____
_____
_____
_____.

5. The Father *{full legal name}* _____ of the child(ren): *{Choose **one** only}*

_____ Filed a Waiver and Consent

_____ Was served with the petition and failed to file an Answer

_____ Is deceased as evidenced by: _____

_____ Objected to the petition. Based upon clear and convincing evidence, the Court finds that the Father is unfit to provide for the care and control of the child(ren). Specifically, the Father has abused, abandoned, or neglected the child(ren) as defined in Chapter 39, Florida Statutes. It is in the best interest of the child(ren) that the Petitioner have temporary custody because: *{facts in support of finding}*

_____
_____
_____
_____
_____.

6. It is in the best interest of the child(ren) for the Petitioner to have temporary custody.

**SECTION II: TEMPORARY CUSTODY**

1. The Petitioner, _____, is granted temporary custody of the minor child(ren).

2. The Petitioner shall have all the rights and responsibilities of a legal parent.

3. The Petitioner is authorized to make all reasonable and necessary decisions for the minor child(ren), including but not limited to:
   a) Consent to all necessary and reasonable medical and dental care for the child(ren), including nonemergency surgery and psychiatric care;

Florida Supreme Court Approved Family Law Form 12.970(e), Order Granting Petition for Temporary Custody by Extended Family (03/15)

- 454 -

b) Secure copies of the child(ren)'s records, held by third parties, that are necessary for the care of the child(ren), including, but not limited to: medical, dental, and psychiatric records; birth certificates and other records; and educational records;

c) Enroll the child(ren) in school and grant or withhold consent for the child(ren) to be tested  or placed in special school programs, including exceptional education; and

d) Do all other things necessary for the care of the child(ren).

**SECTION III. TEMPORARY TIME-SHARING WITH MINOR CHILD(REN)**

The parent(s) shall have: *{Choose **one** only}*

1. _____ **reasonable** time-sharing with the minor child(ren) as agreed to by the parties, subject to the following limitations: _____
_____.

2. _____ the following **specified time-sharing schedule**: *{specify days and times}* _____
_____.
**Mother's Temporary Time-Sharing Schedule**.
_____
_____
_____.
**Father's Temporary Time-Sharing Schedule.**
_____
_____
_____.

3. _____ Time-Sharing in accordance with the temporary **Parenting Plan** attached as Exhibit _____.

4. The_____ Mother _____ Father shall have **No Contact** with the minor child(ren) until further order of the Court, due to existing conditions that are detrimental to the welfare of the minor child(ren): *{explain}* _____
_____
_____.

**SECTION IV.  CHILD SUPPORT**

1. The Petitioner _____ did _____ did not request the establishment of child support.

2. _____ **If child support is requested,** the parents have received personal or substituted

Florida Supreme Court Approved Family Law Form 12.970(e), Order Granting Petition for Temporary Custody by Extended Family (03/15)

- 455 -

service of process, the petition requests an order for support of the child(ren), and there is evidence of the parents' ability to pay the support ordered. The _____ Mother _____Father has the present ability to pay child support.

*{Choose **one** only}*

a. _____ The amounts in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e) filed by the _____Mother _____ Father are correct;

**OR**

b. _____ The Court makes the following findings:

The Mother's net monthly income is $_____, (Child Support Guidelines _____%).

The Father's net monthly income is $_____, (Child Support Guidelines _____%)

Monthly child care costs are $_____.

Monthly health/dental insurance costs are $_____.

**OR**

c**.** The _____ Mother _____ Father is currently ordered to pay child support to the other parent in the amount of $_____ per _____ as established in the case of *{style of case and number}* _____

_____.

_____ All of the child support or _____ a portion of the child support in the amount of $_____ shall be **redirected** to the Petitioner.

3. **Amount**

a) **Father's Obligation**

The Father shall be obligated to pay child support at the rate of $_____ per month for the _____ children *{total number of parties' minor or dependent children}* commencing _____ *{month, day, year}* and terminating _____ *{month, day, year}.*

Child support shall be paid in the amount of $_____ per _____ *{week, month, other}* which is consistent with the Father's current payroll cycle.

Upon the termination of the obligation of child support for one of the parties' children, child support in the amount of $_____ for the remaining_____ children *{total number of remaining children}* shall be paid commencing _____ *{month, day, year}* and terminating _____ *{month, day, year}.* This child support shall be paid in the amount of $_____ per _____ *{week, month, other}* consistent with the Father's current payroll cycle.

***{Insert paragraph for the child support obligation, including the amount, and commencement and termination dates, for the remaining minor or dependent children, which shall be payable as the obligation for each child ceases.}***

The Father shall pay child support until all minor or dependent children: reach the age of 18; become emancipated, marry, join the armed services, die, or become self-

Florida Supreme Court Approved Family Law Form 12.970(e), Order Granting Petition for Temporary Custody by Extended Family (03/15)

- 456 -

supporting; or until further order of the court or agreement of the parties. The child support obligation shall continue beyond the age of 18 and until high school graduation for any child who is dependent in fact, between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.

If the child support ordered deviates from the guidelines more than 5%, the factual findings which support that deviation are: _____ _____ _____ .

b) **Mother's Obligation**
The Mother shall be obligated to pay child support at the rate of $_____ per month for the _____ children *{total number of parties' minor or dependent children}* commencing _____ *{month, day, year}* and terminating _____ *{month, day, year}*. Child support shall be paid in the amount of $_____ per _____ *{week, month, other}* consistent with the Mother's current payroll cycle.

Upon the termination of the obligation of child support for one of the parties' children, child support in the amount of $_____ for the remaining _____ children *{total number of remaining children}* shall be paid commencing _____ *{month, day, year}* and terminating _____ *{month, day, year}*. This child support shall be paid in the amount of $_____ per _____*{week, month, other}* consistent with the Mother's current payroll cycle.

*{Insert paragraph for the child support obligation, including the amount, and commencement and termination dates, for the remaining minor or dependent children which shall be payable as the obligation for each child ceases.}*

The Mother shall pay child support until all of the minor or dependent children: reach the age of 18; become emancipated, marry, join the armed services, die, or become self-supporting; or until further order of the court or agreement of the parties. The child support obligation shall continue beyond the age of 18 and until high school graduation for any child who is dependent in fact, between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.

If the child support ordered deviates from the guidelines more than 5%, the factual findings which support that deviation are: _____ _____ .

Florida Supreme Court Approved Family Law Form 12.970(e), Order Granting Petition for Temporary Custody by Extended Family (03/15)

- 457 -

4. **Arrearages/Retroactive Child Support**
   a) The _____ Mother _____ Father owes child support arrearages in the amount of $_____ as of *{date}* _____ to the other parent. The child support arrearages shall be repaid in the amount of $_____ per month, payable _____ in accordance with the employer's payroll cycle, and in any event at least once per month _____other *{explain}* _____ commencing *{date}* _____, until paid in full including statutory interest.

   b) The _____ Mother _____ Father owes retroactive child support in the amount of $_____ as of *{date}* _____ to the Petitioner. The retroactive child support shall be repaid in the amount of $_____ per month, payable _____ in accordance with the employer's payroll cycle, and in any event at least once per month _____other *{explain}* _____ _____ commencing *{date}* _____, until paid in full including statutory interest.

5. **Insurance**
   *{Choose **all** that apply}*
   a) The _____ Mother _____ Father shall be required to maintain _____ health and/or _____ dental insurance for the parties' minor child(ren), so long as reasonable in cost and accessible to the child(ren). The party providing insurance shall be required to convey insurance cards demonstrating said coverage to the Petitioner and other parent.
   **OR**
   _____ Health and/or _____ dental insurance is either not reasonable in cost or accessible to the child(ren) at this time.

   b) _____ Reasonable and necessary uninsured medical/dental/prescription drug costs for the minor child(ren) shall be assessed as follows:
   _____ Shared equally by both parents.
   _____ Prorated according to the child support guidelines percentages.
   _____ Other *{explain}* _____

   As to these uninsured medical/dental/prescription drug expenses, the party who incurs the expense shall submit a request for reimbursement to the parent or parents within 30 days, and the parent or parents, within 30 days of receipt, shall submit the applicable reimbursement for that expense.

Florida Supreme Court Approved Family Law Form 12.970(e), Order Granting Petition for Temporary Custody by Extended Family (03/15)

- 458 -

**SECTION V. METHOD OF PAYMENT**

The parent(s) shall pay court-ordered child support and arrearages, if any, as follows:
1. **Place of Payment**

    a) _____Parent(s) shall pay court-ordered support directly to either the State Disbursement Unit or the central depository, as required by statute, along with any fee required by statute.

    **OR**

    b) _____ The Petitioner and the Parent(s) have requested and the Court finds that it is in the best interest of the child(ren) that support payments need not be directed through either the State Disbursement Unit or the central depository at this time; however, any party may subsequently apply, pursuant to section 61.13(1)(d)(3), Florida Statutes, to require payment through either the State Disbursement Unit or the central depository.

2. **Income Deduction**
   *(If applicable)*
    a) _____ **Immediate.** _____ Mother _____ Father, hereinafter, Obligor(s), shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately.  Obligor is individually responsible for paying this support obligation until all of said support is deducted from his/her income.  Until support payments are deducted, the Obligor is responsible for making timely payments directly to the State Disbursement Unit or the Petitioner as previously set forth in this Order.
    b) _____ **Deferred.** Income deduction is ordered this day, but it shall not be effective until a delinquency of $_____, or, if not specified, an amount equal to one month's obligation occurs. Income deduction is not being implemented immediately based on the following findings:  Income deduction is **not** in the best interests of the child(ren) because: *{explain}* _____
    _____
    _____.
    **AND**
    There is proof of timely payment of a previously ordered obligation without an Income Deduction Order,
    **AND**
    _____ there is an agreement by the Obligor(s) to advise the Title IV-D agency, the clerk of court, and the Petitioner of any change in Payor and/or health insurance OR _____ there is a signed, written agreement providing an alternative arrangement between the Petitioner and the Obligor(s) and, at the option of the IV-D agency, by

Florida Supreme Court Approved Family Law Form 12.970(e), Order Granting Petition for Temporary Custody by Extended Family (03/15)

the IV-D agency in IV-D cases in which there is an assignment of support rights to the state, reviewed and entered into the record by the court.

3. **Bonus/one-time payments.**
*{Choose **one** only}*

_____ All
_____ _____%
_____ No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to the Petitioner pursuant to the payment method prescribed above.

4. **Other provisions relating to method of payment**: _____
_____.

## SECTION VI.  ATTORNEY'S FEES, COSTS, AND SUIT MONEY
*{Choose **one** only}*

1. The _____ Petitioner's _____ Respondents' request(s) for attorney's fees, costs, and suit money is (are) denied because _____
_____.

2. _____ The Court finds there is a need for and ability to pay attorney's fees, costs, and suit money. _____ Petitioner _____ Respondent(s) is (are) ordered to pay the other party $_____ in attorney's fees, and $ _____ in costs.  The Court further finds that the attorney's fees are awarded based on the reasonable rate of $_____ per hour and _____ reasonable hours.  Other provisions relating to attorney's fees, costs, and suit money are as follows: _____
_____.

## SECTION VII. OTHER PROVISIONS

1. **Other Provisions** _____
_____
_____
_____.

2. The Court reserves jurisdiction to modify and enforce this Order for Temporary Custody.

Florida Supreme Court Approved Family Law Form 12.970(e), Order Granting Petition for Temporary Custody by Extended Family (03/15)

- 460 -

**DONE AND ORDERED** in _____, Florida on *{date}* _____

_____
CIRCUIT JUDGE

I certify that a copy of this Order for Temporary Custody was:
(   ) mailed (   ) faxed and mailed (   ) e-mailed (   ) hand-delivered to the parties and any entities listed below on *{date}* _____.

by _____
*{Clerk of court or designee}.*

Petitioner (or his or her attorney)
Respondents (or his or her attorney)
_____State Disbursement Unit
_____Central Depository
_____Other _____

Florida Supreme Court Approved Family Law Form 12.970(e), Order Granting Petition for Temporary Custody by Extended Family (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
Petitioner,
and

_____,
Respondent/Father

_____,
Respondent/Mother.

## ORDER GRANTING PETITION FOR
## CONCURRENT CUSTODY BY EXTENDED FAMILY

This case came before this Court for a hearing on a Petition for Concurrent Custody by Extended Family. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:

**SECTION I. FINDINGS:**

1. The Court has jurisdiction over the subject matter and the parties.

2. The minor child(ren) at issue in this matter are:
   Name                                    Date of Birth

   _____
   _____
   _____
   _____

3. The Petitioner, *{full legal name}* _____ is the
   *{extended family relationship}* _____ of the child(ren).

4. The Petitioner currently has physical custody of the child(ren) and has had physical custody of the child(ren) for at least 10 days in any 30-day period within the last 12 months.

Florida Supreme Court Approved Family Law Form 12.970(f), Order Granting Petition for Concurrent Custody by Extended Family (03/15)

- 462 -

5. The Petitioner does not have signed, written documentation from the parent(s) which is sufficient to enable the custodian to do all the things necessary to care for the child(ren) which are available to custodians who have an order for temporary custody by extended family.

6. The Mother *{full legal name}* _____ of the child(ren): *{choose one only}*
   _____ Filed a Waiver and Consent
   _____ Was served with the petition and failed to file an Answer
   _____ Is deceased as evidenced by: _____

7. The Father *{full legal name}* _____ of the child(ren): *{choose one only}*
   _____ Filed a Waiver and Consent
   _____ Was served with the petition and failed to file an Answer
   _____ Is deceased as evidenced by: _____

8. It is in the best interest of the child(ren) for the Petitioner to have concurrent custody.

## SECTION II: CONCURRENT CUSTODY

1. The Petitioner,_____, is granted concurrent custody of the minor child(ren).

2. The Petitioner shall have all the concurrent rights and responsibilities of a legal parent.

3. The Petitioner is authorized to make all reasonable and necessary decisions for the minor child(ren), including but not limited to:
   a) Consent to all necessary and reasonable medical and dental care for the child(ren), including nonemergency surgery and psychiatric care;

   b) Secure copies of the child(ren)'s records, held by third parties, that are necessary for the care of the child(ren), including, but not limited to: medical, dental, and psychiatric records; birth certificates and other records; and educational records,

   c) Enroll the child(ren) in school and grant or withhold consent for the child(ren) to be tested or placed in special school programs, including exceptional education; and

   d) Do all other things necessary for the care of the child(ren).

Florida Supreme Court Approved Family Law Form 12.970(f), Order Granting Petition for Concurrent Custody by Extended Family (03/15)

- 463 -

Florida Supreme Court Approved Family Law Form 12.970(f), Order Granting Petition for Concurrent Custody by Extended Family (03/15)

- 464 -

**SECTION III. CHILD SUPPORT**

1. The Petitioner _____ did _____ did not request the establishment of child support.

2. _____ **If child support is requested,** the parents have received personal or substituted service of process, the petition requests an order for support of the child(ren), and there is evidence of the parents' ability to pay the support ordered. The _____ Mother _____ Father has the present ability to pay child support.
   *{Choose **one** only}*
   a._____ The amounts in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e) filed by the (  ) Mother (  ) Father are correct;
   **OR**
   b._____ The Court makes the following findings:
   The Mother's net monthly income is $_____, (Child Support Guidelines ____%).
   The Father's net monthly income is $_____, (Child Support Guidelines ____%)
   Monthly child care costs are $_____.
   Monthly health/dental insurance costs are $_____.
   **OR**
   **c._____** The (  ) Mother (  ) Father is currently ordered to pay child support to the other parent in the amount of $_____ per _____ as established in the case of *(style of case and number}* _____

   _____.
   _____ All of the child support or _____ a portion of the child support in the amount of $_____ shall be **redirected** to the Petitioner.

3. **Amount**
   a) **Father's Obligation**
   The Father shall be obligated to pay child support at the rate of $_____ per month for the _____children *{total number of parties' minor or dependent children}* commencing _____ *{month, day, year}* and terminating _____ *{month, day, year}.* Child support shall be paid in the amount of $_____ per _____ *{week, month, other}* which is consistent with the Father's current payroll cycle.

   Upon the termination of child support for one of the parties' children, child support in the amount of $_____ for the remaining _____ children *{total number of remaining children}* shall be paid commencing _____ *{month, day, year}* and terminating _____ *{month, day, year}.* This child support shall be paid in the amount of $_____ per _____*{week, month, other}* consistent with the Father's current payroll cycle.

Florida Supreme Court Approved Family Law Form 12.970(f), Order Granting Petition for Concurrent Custody by Extended Family (03/15)

- 465 -

*{Insert paragraph for the child support obligation, including the amount, and commencement and termination dates, for the remaining minor or dependent children, which shall be payable as the obligation for each child ceases.}*

The Father shall pay child support until all of the minor or dependent children:  reach the age of 18, become emancipated, marry, join the armed services, die, or become self-supporting; or until further order of the court or agreement of the parties.  The child support obligation shall continue beyond the age of 18 and until high school graduation for any child who is dependent in fact, between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.

If the child support ordered deviates from the guidelines more than 5%, the factual findings which support that deviation are: _____
_____
_____.

**b) Mother's Obligation**
The Mother shall be obligated to pay child support at the rate of $_____ per month for the _____children *{total number of parties' minor or dependent children}* commencing_____ *{month, day, year}* and terminating _____ *{month, day, year}.* Child support shall be paid in the amount of $_____per _____ *{week, month, other}* consistent with the Mother's current payroll cycle.

Upon the termination of the obligation of child support for one of the parties' children, child support in the amount of $_____ for the remaining _____ children *{total number of remaining children}* shall be paid commencing _____ *{month, day, year}* and terminating _____ *month, day, year}.* This child support shall be paid in the amount of $_____ per _____ *{week, month, other}* consistent with the Mother's current payroll cycle.

*{Insert paragraph for the child support obligation, including the amount, and commencement and termination dates, for the remaining minor or dependent children, which shall be payable as the obligation for each child ceases.}*

The Mother shall pay child support until all of the minor or dependent children: reach the age of 18; become emancipated, marry, join the armed services, die, or become self-supporting; or until further order of the court or agreement of the parties.  The child support obligation shall continue beyond the age of 18 and until high school graduation for any child who is dependent in fact, between the ages of 18 and 19, and is still in high

Florida Supreme Court Approved Family Law Form 12.970(f), Order Granting Petition for Concurrent Custody by Extended Family (03/15)

- 466 -

school, performing in good faith with a reasonable expectation of graduation before the age of 19.

If the child support ordered deviates from the guidelines more than 5%, the factual findings which support that deviation are:_____
_____
_____.

4. **Arrearages/Retroactive Child Support**

    c) The _____ Mother _____ Father owes child support arrearages in the amount of $_____ as of {date} _____ to the other parent. The child support arrearages shall be repaid in the amount of $_____ per month, payable _____ in accordance with the employer's payroll cycle, and in any event at least once per month _____other {explain} _____

    _____

    _____
    commencing {date} _____, until paid in full including statutory interest.

    d) The _____ Mother _____ Father owes retroactive child support in the amount of $_____ as of {date} _____ to the Petitioner. The retroactive child support shall be repaid in the amount of $_____ per month, payable _____in accordance with the employer's payroll cycle, and in any event at least once per month _____ other {explain} _____

    _____
    commencing {date} _____, until paid in full including statutory interest.

5. **Insurance**
    {Choose **all** that apply}

    c) The _____ Mother _____ Father shall be required to maintain _____ health and/or _____ dental insurance for the parties' minor child(ren), so long as reasonable in cost and accessible to the child(ren). The party providing insurance shall be required to convey insurance cards demonstrating said coverage to the Petitioner and other parent.
    **OR**
    _____ Health and/or _____ dental insurance is either not reasonable in cost or accessible to the child(ren) at this time.

    d) _____ Reasonable and necessary uninsured medical/dental/prescription drug costs for the minor child(ren) shall be assessed as follows:
    _____ Shared equally by both parents.

Florida Supreme Court Approved Family Law Form 12.970(f), Order Granting Petition for Concurrent Custody by Extended Family (03/15)

- 467 -

_____ Prorated according to the child support guidelines percentages.

_____ Other *{explain}* _____

As to these uninsured medical/dental/prescription drug expenses, the party who incurs the expense shall submit a request for reimbursement to the parent or parents within 30 days, and the parent or parents, within 30 days of receipt, shall submit the applicable reimbursement for that expense.

## SECTION IV. METHOD OF PAYMENT

The parent(s) shall pay court-ordered child support and arrearages, if any, as follows:

1. **Place of Payment**

   a) _____ Parents shall pay court-ordered support directly to either the State Disbursement Unit or the central depository, as required by statute, along with any applicable fee required by statute.

   **OR**

   b) _____ The Petitioner and the Parents have requested and the court finds that it is in the best interest of the child(ren) that support payments need not be directed through either the State Disbursement Unit or the central depository at time; however, any party may subsequently apply, pursuant to 61.13(1)(d)(3), Florida Statutes, to require payment through either the State Disbursement Unit or the central depository.

2. **Income Deduction**
   *(If applicable)*
   a) _____ **Immediate.** _____ Mother _____ Father, hereinafter, Obligor(s), shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually responsible for paying this support obligation until all of said support is deducted from his/her income. Until support payments are deducted, the Obligor is responsible for making timely payments directly to the State Disbursement Unit or the Petitioner as previously set forth in this Order.
   b) _____ **Deferred.** Income deduction is ordered this day, but it shall not be effective until a delinquency of $_____, or, if not specified, an amount equal to one month's obligation occurs. Income deduction is not being implemented immediately based on the following findings: Income deduction is **not** in the best interests of the child(ren) because: *{explain}*
   _____ _____

Florida Supreme Court Approved Family Law Form 12.970(f), Order Granting Petition for Concurrent Custody by Extended Family (03/15)

- 468 -

_____.

**AND**

There is proof of timely payment of a previously ordered obligation without an Income Deduction Order,

**AND**

_____ there is an agreement by the Obligor(s) to advise the Title IV-D agency, the clerk of court, and the Petitioner of any change in Payor and/or health insurance **OR**

_____ there is a signed, written agreement providing an alternative arrangement between the Petitioner and Obligor(s) and, at the option of the IV-D agency, by the IV-D agency in IV-D cases in which there is an assignment of support rights to the state, reviewed and entered into the record by the court.

3. **Bonus/one-time payments.**
   *{Choose **one** only}*
   _____  All
   _____  _____%
   _____  No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to the Petitioner pursuant to the payment method prescribed above.

4. **Other provisions relating to method of payment**: _____
   _____

## SECTION V.   ATTORNEY'S FEES, COSTS, AND SUIT MONEY
*{Choose **one** only}*

1. The _____ Petitioner's _____ Respondents' request(s) for attorney's fees, costs, and suit money is (are) denied because _____
   _____.

2. _____ The Court finds there is a need for and ability to pay attorney's fees, costs, and suit money. _____ Petitioner _____ Respondent(s) is (are) ordered to pay the other party $_____ in attorney's fees, and $ _____ in costs.  The Court further finds that the attorney's fees are awarded based on the reasonable rate of $_____ per hour and _____ reasonable hours.  Other provisions relating to attorney's fees, costs, and suit money are as follows: _____
   _____.

## SECTION VI.  OTHER PROVISIONS

Florida Supreme Court Approved Family Law Form 12.970(f), Order Granting Petition for Concurrent Custody by Extended Family (03/15)

- 469 -

1. **Other Provisions** _____
_____
_____
_____

2. The Court reserves jurisdiction to modify and enforce this Order for Concurrent Custody.

3. The granting of concurrent custody does not affect the ability of the child(ren)'s parent or parents to obtain physical custody of the child(ren) at any time.

**DONE AND ORDERED** in _____, Florida on *{date}* _____

_____
CIRCUIT JUDGE

I certify that a copy of this Order for Concurrent Custody was: ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand-delivered to the parties and any entities listed below on *{date}*_____.

by_____

*{Clerk of court or designee}*

Petitioner (or his or her attorney)
Respondents (or his or her attorney)
_____State Disbursement Unit
_____Central Depository
_____Other _____

Florida Supreme Court Approved Family Law Form 12.970(f), Order Granting Petition for Concurrent Custody by Extended Family (03/15)

- 470 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(a)
# PETITION FOR INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE (03/15)

## When should this form be used?

If you are a victim of any act of domestic violence or have reasonable cause to believe that you are in imminent danger of becoming a victim of domestic violence, you can use this form to ask the court for a protective order prohibiting domestic violence. Because you are making a request to the court, you are called the **petitioner**. The person whom you are asking the court to protect you from is called the **respondent**. **Domestic violence includes**: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any other criminal offense resulting in physical injury or death to petitioner by any of petitioner's family or household members.  In determining whether you have reasonable cause to believe you are in imminent danger of becoming a victim of domestic violence, the court must consider all relevant factors alleged in the petition, including, but not limited to the following:

1.  The history between the petitioner and the respondent, including threats, harassment, stalking, and physical abuse.
2.  Whether the respondent has attempted to harm the petitioner or family members or individuals closely associated with the petitioner.
3.  Whether the respondent has threatened to conceal, kidnap, or harm the petitioner's child or children.
4.  Whether the respondent has intentionally injured or killed a family pet.
5.  Whether the respondent has used, or has threatened to use, against the petitioner any weapons such as guns or knives.
6.  Whether the respondent has physically restrained the petitioner from leaving the home or calling law enforcement.
7.  Whether the respondent has a criminal history involving violence or the threat of violence.
8.  The existence of a verifiable order of protection issued previously or from another jurisdiction.
9.  Whether the respondent has destroyed personal property, including, but not limited to, telephones or other communications equipment, clothing, or other items belonging to the petitioner.
10. Whether the respondent engaged in any other behavior or conduct that leads the petitioner to have reasonable cause to believe that he or she is in imminent danger of becoming a victim of domestic violence.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (03/15)

- 471 -

The domestic violence laws only apply to your situation if the respondent is your **spouse**, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your child(ren) whether or not you have ever been married or ever lived together. With the exception of persons who have a child in common, the family or household members must be currently residing together or have in the past resided together in the same single dwelling unit. If the respondent is not one of the above, you should look at **Petition for Injunction for Protection Against Repeat Violence**, Florida Supreme Court Approved Family Law Form 12.980(f), to determine if your situation will qualify for an injunction for protection against repeat violence, or **Petition for Injunction for Protection Against Dating Violence**, Florida Supreme Court Approved Family Law Form 12.980(n), to determine if your situation will qualify for an injunction for protection against dating violence, or **Petition for Injunction for Protection Against Sexual Violence,** Florida Supreme Court Approved Family Law Form 12.980(q), to determine if your situation will qualify for an injunction for protection against sexual violence.

If you are under the age of eighteen and you have never been married or had the disabilities of nonage removed by a court, then one of your parents, custodians, or your legal guardian must sign this petition with you.

This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it in front of a **notary public** or the **clerk of the circuit court** in the county where you live. The clerk will take your completed **petition** to a **judge**. You should keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or **family law intake staff** will help you.

## What should I do if the judge grants my petition?

If the facts contained in your petition convince the judge that you are a victim of domestic violence or that an **imminent danger of domestic violence** exists, the judge will sign either an immediate **Temporary Injunction for Protection Against Domestic Violence with Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.980(c)(1) or an immediate **Temporary Injunction for Protection Against Domestic Violence without Minor Child(ren)**, Florida Supreme Court Approved Family Law Form 12.980(c)(2). A temporary injunction is issued without notice to the respondent. The clerk will give your petition, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for **personal service** on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full **hearing** can be held or for a period of 15 days, whichever comes first. The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain **service** on the respondent.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (03/15)

- 472 -

The temporary injunction is issued **ex parte**.  This means that the judge has considered only the information presented by one side-- YOU.  The temporary injunction gives a date that you must appear in court for a hearing. At that hearing, you will be expected to testify about the facts in your petition.  The respondent will be given the opportunity to testify at this hearing, also.  At the hearing, the judge will decide whether to issue either a **Final Judgment of Injunction for Protection Against Domestic Violence with Minor Child(ren)(After Notice)**, Florida Supreme Court Approved Family Law Form 12.980(d)(1), or a **Final Judgment of Injunction for Protection Against Domestic Violence without Minor Child(ren)(After Notice),** Florida Supreme Court Approved Family Law Form 12.980(d)(2).  Either of these final judgments will remain in effect for a specific time period or until modified or dissolved by the court. **If either you or the respondent do not appear at the final hearing, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs.  You and respondent will be bound by the terms of any injunction issued at the final hearing.**

**IF EITHER YOU OR RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, YOU WILL BOTH BE BOUND BY THE TERMS OF ANY INJUNCTION ISSUED IN THIS MATTER.**

If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies.  **Make sure that you keep one certified copy of the injunction with you at all times!**

## What can I do if the judge denies my petition?

If your petition is denied solely on the grounds that it appears to the court that no imminent danger of domestic violence exists, the court will set a full hearing, at the earliest possible time, on your petition, unless you request that no hearing be set.  The respondent will be notified by **personal service** of your petition and the hearing.   If your petition is denied, you may: amend your petition by filing a **Supplemental Affidavit in Support of Petition for Injunction for Protection Against Domestic Violence, Repeat or Dating Violence**, Florida Family Law Form 12.980 (g); attend the hearing and present facts that support your petition; and/or dismiss your petition.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.**  The words that are in **bold underline** are defined in that section.  The clerk of the circuit court or family law intake staff will help you complete any necessary domestic violence forms and can give you information about local domestic violence victim assistance programs, shelters, and other related services. You may also call the Domestic Violence Hotline at 1-800-500-1119.  For further information, see Chapter 741, Florida Statutes, and Rule 12.610, Florida Family Law Rules of Procedure.

## IMPORTANT INFORMATION REGARDING E-FILING

Instructions for Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (03/15)

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

With this form you may also need to file the following:
- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), must be completed and filed if you are asking the court to determine issues with regard to your **parenting plan** or **time-sharing** for a minor child(ren).
- **Parenting plan** means a document created to govern the relationship between the parents relating to the decisions that must be made regarding the minor child(ren) and must contain a time-sharing schedule for the parents and child(ren). The issues concerning the minor child(ren) may include, but are not limited to, the child(ren)'s education, health care, and physical, social, and emotional well-being. In creating the plan, all circumstances between the parents, including their historic relationship, domestic violence, and other

Instructions for Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (03/15)

- 474 -

factors must be taken into consideration. The Parenting Plan shall be developed and agreed to by the parents and approved by a court, or, established by the court, with or without the use of a court-ordered parenting plan recommendation.  If the parents cannot agree, or if the parents agreed to a plan that is not approved by the court, a Parenting Plan shall established by the court.  "**Time-sharing schedule**" means a timetable that must be included in the Parenting Plan that specifies the time, including overnights and holidays, that a minor child will spend with each parent. If developed and agreed to by the parents of a minor child, it must be approved by the court. If the parents cannot agree, of if their agreed-upon schedule is not approved by the court, the schedule shall be established by the court.

- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j), must be completed and filed if you are asking the court to determine issues of temporary child support.

- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), must be completed and filed if you are seeking temporary alimony or temporary child support.

- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), MUST be filed with the court at or prior to a hearing to establish or modify child support.

Additionally, if you fear that disclosing your address to the respondent would put you in danger, you should complete a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h), and file it with the clerk of the circuit court and write confidential in the space provided on the petition.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (03/15)

- 475 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,
Petitioner,
and

_____,
Respondent.

# PETITION FOR INJUNCTION FOR PROTECTION
# AGAINST DOMESTIC VIOLENCE

I, *{full legal name}* _____, being sworn, certify that the following statements are true:

**SECTION I.  PETITIONER**
(This section is about you.  It must be completed.  However, **if you fear that disclosing your address to the respondent would put you in danger**, you should complete and file a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h), and write confidential in the space provided on this form for your address and telephone number.)

1.  Petitioner's current address is: *{street address}* _____
*{city, state and zip code}* _____
Telephone Number: *{area code and number}* _____
Physical description of Petitioner:
Race: _____  Sex: Male _____  Female _____  Date of Birth: _____

2.  Petitioner's attorney's name, address, and telephone number is: _____
_____.
(If you do not have an attorney, write none.)

**SECTION II.  RESPONDENT**
(This section is about the person you want to be protected from.  It must be completed.)

1.  Respondent's current address is: *{street address, city, state, and zip code}* _____
_____.
Respondent's Driver's License number is: *{if known}* _____.

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (03/15)

- 476 -

2.  Respondent is: *{Indicate all that apply}*

a. _____ the spouse of Petitioner.  Date of Marriage: _____
b. _____ the former spouse of Petitioner.
    Date of Marriage: _____
    Date of Dissolution of Marriage: _____
c. _____ related by blood or marriage to Petitioner.
    Specify relationship: _____
        d. _____ a person who is or was living in one home with Petitioner, as if a family.
e._____ a person with whom Petitioner has a child in common, even if Petitioner and     Respondent never were married or living together.

3.  Petitioner has known Respondent since *{date}* _____.

4.  Respondent's last known place of employment: _____
Employment address: _____
Working hours: _____

5.  Physical description of Respondent:
Race: _____ Sex: Male _____ Female _____ Date of Birth: _____
Height: _____ Weight: _____ Eye Color: _____ Hair Color: _____
Distinguishing marks or scars: _____
Vehicle: (make/model) _____ Color: _____ Tag Number: _____

6.  Other names Respondent goes by (aliases or nicknames): _____

7.  Respondent's attorney's name, address, and telephone number is: _____
_____
(If you do not know whether Respondent has an attorney, write unknown.  If Respondent does not have an attorney, write none.)

**SECTION III.  CASE HISTORY AND REASON FOR SEEKING PETITION** (This section must be completed.)

1.  Has Petitioner ever received or tried to get an injunction for protection against domestic violence against Respondent in this or any other court?
_____ Yes _____ No     If yes, what happened in that case? *{Include case number, if known}*
_____
_____

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (03/15)

2. Has Respondent ever received or tried to get an injunction for protection against domestic violence against Petitioner in this or any other court?

_____ Yes _____ No   If yes, what happened in that case? *{Include case number, if known}*

_____

_____ .

3. Describe **any other** court case that is either going on now or that happened in the past, including a dissolution of marriage, paternity action, or child support enforcement action, **between Petitioner and Respondent** *{Include city, state, and case number, if known}*: _____

_____ .

4. Petitioner is either a victim of domestic violence or has reasonable cause to believe he or she is in imminent danger of becoming a victim of domestic violence because respondent has: *{mark all sections that apply and describe in the spaces below the incidents of violence or threats of violence, specifying when and where they occurred, including, but not limited to, locations such as a home, school, place of employment, or time-sharing exchange}*

   a. _____committed or threatened to commit domestic violence defined in section 741.28, Florida Statutes, as any assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any criminal offense resulting in physical injury or death of one family or household member by another. With the exception of persons who are parents of a child in common, the family or household members must be currently residing or have in the past resided together in the same single dwelling unit.
   b. _____previously threatened, harassed, stalked, or physically abused the petitioner.
   c. _____attempted to harm the petitioner or family members or individuals closely associated with the petitioner.
   d. _____threatened to conceal, kidnap, or harm the petitioner's child or children.
   e. _____intentionally injured or killed a family pet.
   f. _____used, or has threatened to use, against the petitioner any weapons such as guns or knives.
   g. _____physically restrained the petitioner from leaving the home or calling law enforcement.
   h. _____a criminal history involving violence or the threat of violence (if known).
   i. _____another order of protection issued against him or her previously or from another jurisdiction (if known).
   j. _____destroyed personal property, including, but not limited to, telephones or other communication equipment, clothing, or other items belonging to the petitioner.
   k. _____engaged in any other behavior or conduct that leads the petitioner to have reasonable cause to believe he or she is in imminent danger of becoming a victim of domestic violence.

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (03/15)

Below is a brief description of the latest act of violence or threat of violence that causes Petitioner to honestly fear imminent domestic violence by Respondent.
(Use additional sheets if necessary.)

On *{date}* _____, at *{location}* _____,
 Respondent:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.
_____ Please indicate here if you are attaching additional pages to continue these facts.

5. **Additional Information**
        *{Indicate **all** that apply}*
a.____Other acts or threats of domestic violence as described on attached sheet.
b.____This or other acts of domestic violence have been previously reported to *{person or agency}*:_____
c.____ Respondent owns, has, and/or is known to have guns or other weapons.
    Describe weapon(s): _____
        d. ____ Respondent has a drug problem.
    e.____ Respondent has an alcohol problem.
    f. ____ Respondent has a history of mental health problems.  If checked, answer the following,
            if known:
        Has Respondent ever been the subject of a Baker Act proceeding? _____ Yes _____ No
         Is Respondent supposed to take medication for mental health problems?

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (03/15)

_____Yes _____ No

If yes, is Respondent currently taking his/her medication? _____ Yes _____ No

**SECTION IV. TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME** (Complete this section **only** if you want the Court to grant you temporary exclusive use and possession of the home that you share with the Respondent.)

1.  Petitioner claims the following about the home that Petitioner and Respondent share or that Petitioner left because of domestic violence:
    *{Indicate **all** that apply}*

a.____ Petitioner needs the exclusive use and possession of the home that the parties share at *{street address}* _____ , *{city, state, zip code}* _____ .

b.____ Petitioner cannot get another safe place to live because: _____
_____
_____
_____
_____ .

c. ____ If kept out of the home, Respondent has the money to get other housing or may live without money at *{street address}* _____ , *{city, state, zip code}* _____ .

2.  The home is:
*{Choose **one** only}*

a.____ owned or rented by Petitioner and Respondent jointly.

b.____ solely owned or rented by Petitioner.

c.____ solely owned or rented by Respondent.

**SECTION V. TEMPORARY PARENTING PLAN WITH TEMPORARY TIME-SHARING SCHEDULE FOR MINOR CHILD(REN)** (Complete this section **only** if you are asking the court to provide a temporary parenting plan, including a temporary time-sharing schedule with regard to, the minor child or children of the parties which might involve prohibiting or limiting time-sharing or requiring that it be supervised by a third party. You must be the natural parent, adoptive parent, or guardian by court order of the minor child(ren). If you are asking the court to provide a temporary parenting plan, including a temporary time-sharing schedule with regard to, the minor child or children of the parties which might involve prohibiting or limiting time-sharing or requiring that it be supervised by a third party, you must also

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (03/15)

complete and file a **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d).)

**Note:  If the paternity of the minor child(ren) listed below has not been established through either marriage or court order, the Court may deny a request to provide a temporary parenting plan, including a temporary time-sharing schedule with regard to, the minor child or children, and/or a request for child support.**

1.  Petitioner is the natural parent, adoptive parent, or guardian by court order of the minor child(ren) whose name(s) and age(s) is (are) listed below.

**Name**                                          **Birth date**

_____

_____

_____

_____

_____

_____

2.  The minor child(ren) for whom Petitioner is asking the court to provide a temporary parenting plan, including a temporary time-sharing schedule with regard to:

*{Choose **one** only}*

a.____saw the domestic violence described in this petition happen.

b.____were at the place where the domestic violence happened but did not see it.

c.____were not there when the domestic violence happened this time but have seen previous acts of domestic violence by Respondent.

d.____have not witnessed domestic violence by Respondent.

3.  Name **any other** minor child(ren) who were there when the domestic violence happened. Include child(ren)'s name, age, and parents' names. _____

_____

_____

_____

4.  **Temporary Parenting Plan and Temporary Time-Sharing Schedule**

*{Indicate **all** that apply}*

a.____ Petitioner requests that the Court provide a temporary parenting plan, including a temporary time-sharing schedule with regard to, the minor child or children of the parties, as follows: _____

_____

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (03/15)

- 481 -

_____
_____.

b.____ Petitioner requests that the Court order supervised exchange of the minor child(ren) or exchange through a responsible person designated by the Court. The following person is suggested as a responsible person for purposes of such exchange. *{Explain}:* _____
_____.

c.____ Petitioner requests that the Court limit time-sharing by Respondent with the minor child(ren). *{Explain}:* _____
_____
_____.

d.____ Petitioner requests that the Court prohibit time-sharing by Respondent with the minor child(ren) because Petitioner genuinely fears that Respondent imminently will abuse, remove, or hide the minor child(ren) from Petitioner. *{Explain}:* _____
_____
_____.

e.____Petitioner requests that the Court allow only supervised time-sharing by Respondent with     the minor child(ren). *Explain:* _____
_____
_____.

Supervision should be provided by a Family Visitation Center, or other
*(specify)*:_____

**SECTION VI.  TEMPORARY SUPPORT** (Complete this section **only** if you are seeking financial support from the Respondent.  You must also complete and file a **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), and **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j), if you are seeking child support. A **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), must be filed with the court at or prior to a hearing to establish or modify child support.) *{Indicate **all** that apply}*

      1.    ____Petitioner claims a need for the money he or she is asking the Court to make Respondent pay, and that Respondent has the ability to pay that money.

      2.    ____Petitioner requests that the Court order Respondent to pay the following temporary alimony to Petitioner.  (Petitioner must be married to Respondent to ask for temporary alimony.) Temporary Alimony Requested $_____every: _____ week _____ other week _____ month.

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (03/15)

- 482 -

3. \_\_\_\_\_Petitioner requests that the Court order Respondent to pay the following temporary child support to Petitioner.  (The Respondent must be the natural parent, adoptive parent, or guardian by court order of the minor child(ren) for the court to order the Respondent to pay child support.)  Temporary child support is requested in the amount of $_____        every: \_\_\_\_\_ week \_\_\_\_\_ other week \_\_\_\_\_ month.

**SECTION VII.  INJUNCTION** (This section summarizes what you are asking the Court to include in the injunction.  This section must be completed.)

1. Petitioner asks the Court to enter a TEMPORARY INJUNCTION for protection against domestic violence that will be in place from now until the scheduled hearing in this matter.

2. Petitioner asks the Court to enter, after a hearing has been held on this petition, a final judgment on injunction prohibiting Respondent from committing any acts of domestic violence against Petitioner **and**:

a.  prohibiting Respondent from going to or within 500 feet of any place the Petitioner lives;

b. prohibiting Respondent from going to or within 500 feet of the Petitioner's place(s) of employment or school; the address of Petitioner's place(s) of employment or school is: _____ _____.

c. prohibiting Respondent from contacting Petitioner by mail, by telephone, through another person, or in any other manner;

d. prohibiting Respondent from knowingly and intentionally going to or within 100 feet of Petitioner's motor vehicle.

e. prohibiting Respondent from defacing or destroying Petitioner's personal property.

    *{Indicate **all** that apply}*
f. \_\_\_\_\_prohibiting Respondent from going to or within 500 feet of the following place(s) Petitioner or Petitioner's minor child(ren) must go often *{include address}*: _____

_____

_____.

g.\_\_\_\_ granting Petitioner temporary exclusive use and possession of the home Petitioner and

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (03/15)

- 483 -

Respondent share;

h.____ granting Petitioner on a temporary basis 100% of the time sharing with the parties' minor child(ren);

i.____establishing a temporary parenting plan including a temporary time-sharing schedule for the parties' minor child(ren);

j.____granting temporary alimony for Petitioner;

k.____granting temporary child support for the minor child(ren);

l.____ordering Respondent to participate in treatment, intervention, and/or counseling services;

m.____referring Petitioner to a certified domestic violence center; and any other terms the Court deems necessary for the protection of Petitioner and/or Petitioner's child(ren), including injunctions or directives to law enforcement agencies, as provided in Section 741.30, Florida Statutes.

**I UNDERSTAND THAT BY FILING THIS PETITION, I AM ASKING THE COURT TO HOLD A HEARING ON THIS PETITION, THAT BOTH RESPONDENT AND I WILL BE NOTIFIED OF THE HEARING, AND THAT I MUST APPEAR AT THE HEARING. I UNDERSTAND THAT IF EITHER RESPONDENT OR I FAIL TO APPEAR AT THE HEARING, WE WILL BE BOUND BY THE TERMS OF ANY INJUNCTION ISSUED AT THAT HEARING.**

**I HAVE READ EVERY STATEMENT MADE IN THIS PETITION, AND EACH STATEMENT IS TRUE AND CORRECT. I UNDERSTAND THAT THE STATEMENTS MADE IN THIS PETITION ARE BEING MADE UNDER PENALTY OF PERJURY, PUNISHABLE AS PROVIDED IN SECTION 837.02, FLORIDA STATUTES.**

_____(initials)

Dated: _____

_____

Signature of Petitioner
STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____

NOTARY PUBLIC or DEPUTY CLERK

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (03/15)

_____

_{Print, type, or stamp commissioned name of notary or clerk.}_

_____   Personally known

_____   Produced identification

Type of identification produced _____

Florida Supreme Court Approved Family Law Form 12.980(a), Petition for Injunction for Protection Against Domestic Violence (03/15)

- 485 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,
and

_____,
Respondent.

# ORDER SETTING HEARING ON PETITION FOR INJUNCTION FOR PROTECTION AGAINST
( ) DOMESTIC VIOLENCE (    ) REPEAT VIOLENCE
(    ) DATING VIOLENCE   (    ) SEXUAL VIOLENCE (   ) STALKING
WITHOUT ISSUANCE OF AN INTERIM TEMPORARY INJUNCTION

A Petition for Injunction for Protection Against: Domestic Violence filed under section 741.30, Florida Statutes; Repeat, Dating, or Sexual Violence filed under section 784.046, Florida Statutes; or Stalking filed under section 784.0485, Florida Statutes, has been reviewed. This Court has jurisdiction of the parties and of the subject matter. Upon review of the Petition, this Court concludes that a **Temporary** Injunction for Protection Against Domestic Violence; Repeat, Dating, or Sexual Violence; or Stalking, pending the hearing scheduled below, **NOT** be entered at this time but that an injunction may be entered after the hearing, depending on the findings made by the Court at that time.

**FINDINGS**

The Court finds that based upon the facts, as stated in the Petition alone and without a hearing on the matter, there is no appearance of an immediate and present danger of domestic violence; repeat, dating, or sexual violence; or stalking, or that stalking exists. Therefore, there is not a sufficient factual basis upon which the court can enter a Temporary Injunction for Protection Against Domestic, Repeat, Dating, or Sexual Violence, or Stalking, prior to a hearing. A hearing is scheduled on the Petition for Injunction for Protection Against Domestic, Repeat, Dating, or Sexual Violence, or Stalking, in Section II of this Order. Petitioner may amend or supplement the Petition at any time to state further reasons why a Temporary Injunction should be ordered which would be in effect until the hearing scheduled below.

Florida Supreme Court Approved Family Law Form 12.980(b)(1), Order Setting Hearing on Petition for Injunction for Protection Against Domestic Violence, Repeat Violence, Dating Violence, Sexual Violence, or Stalking, without Issuance of an Interim Temporary Injunction (03/15)

**NOTICE OF HEARING**

Petitioner and Respondent are ordered to appear and testify at a hearing on the Petition for Injunction for Protection Against Domestic, Repeat, Dating, or Sexual Violence, or Stalking on: *{date}* _____, at ____ a.m./p.m. at *{location}*_____ at which time the Court will consider whether a Final Judgment of Injunction for Protection Against Domestic, Repeat, Dating, or Sexual Violence, or Stalking should be entered. If entered, the injunction will remain in effect until a fixed date set by the Court or until modified or dissolved by the Court. At the hearing, the Court will determine whether other things should be ordered, including, for example, such matters as time-sharing and support.

If Petitioner and/or Respondent do not appear, orders may be entered, including entry of a permanent injunction and the imposition of court costs. Petitioner and Respondent will be bound by the terms of any injunction or order issued at the final hearing.

**IF EITHER PETITIONER OR RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, HE OR SHE WILL BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED IN THIS MATTER.**

All witnesses and evidence, if any, must be presented at this time. In cases where temporary support issues have been alleged in the pleadings, each party is ordered to bring his or her financial affidavit (Florida Family Law Rules of Procedure Form 12.902(b) or (c)), tax return, pay stubs, and other evidence of financial income to the hearing.

NOTICE: Because this is a civil case, there is no requirement that these proceedings be transcribed at public expense.

YOU ARE ADVISED THAT IN THIS COURT:

    a. _____ a court reporter is provided by the court.

    b. _____ electronic recording only is provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written    transcript of the proceedings at that party's expense.

    c. _____ in repeat, dating, and sexual violence cases, no electronic recording or court reporting services are provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party's expense.

A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT AN APPEAL. THE PARTY SEEKING THE APPEAL IS RESPONSIBLE FOR HAVING THE TRANSCRIPT PREPARED BY A COURT REPORTER. THE TRANSCRIPT MUST BE FILED WITH THE REVIEWING COURT OR THE APPEAL MAY BE DENIED

Florida Supreme Court Approved Family Law Form 12.980(b)(1), Order Setting Hearing on Petition for Injunction for Protection Against Domestic Violence, Repeat Violence, Dating Violence,  Sexual Violence, or Stalking, without Issuance of an Interim Temporary Injunction (03/15)

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provisions of certain assistance. Please contact:** _____

_____

*{identify applicable court personnel by name, address, and telephone number}* **at least 7 days before your scheduled court appearance , or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Nothing in this order limits Petitioner's rights to dismiss the petition.

DONE AND ORDERED in _____, Florida, on _____.


_____
CIRCUIT JUDGE



COPIES TO:
Petitioner:        _____ by hand delivery in open Court
_____ U.S. mail

Respondent:        _____ forwarded to sheriff for service

Other: _____

I CERTIFY the foregoing is a true copy of the original **Order Setting Hearing on Petition for Injunction** as it appears on file in the office of the Clerk of the Circuit Court of _____ County, Florida, and that I have furnished copies of this order as indicated above.

CLERK OF THE CIRCUIT COURT

(SEAL)
By: _____

Florida Supreme Court Approved Family Law Form 12.980(b)(1), Order Setting Hearing on Petition for Injunction for Protection Against Domestic Violence, Repeat Violence, Dating Violence,  Sexual Violence, or Stalking, without Issuance of an Interim Temporary Injunction (03/15)

_Deputy Clerk or Judicial Assistant_

Florida Supreme Court Approved Family Law Form 12.980(b)(1), Order Setting Hearing on Petition for Injunction for Protection Against Domestic Violence, Repeat Violence, Dating Violence,  Sexual Violence, or Stalking, without Issuance of an Interim Temporary Injunction (03/15)

- 489 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,

Petitioner,

and

_____,

Respondent.

# ORDER DENYING PETITION FOR INJUNCTION FOR PROTECTION AGAINST
## (   ) DOMESTIC VIOLENCE (    ) REPEAT VIOLENCE
## (    ) DATING VIOLENCE   (    ) SEXUAL VIOLENCE (   ) STALKING

The Court has reviewed the Petition for Injunction for Protection Against Domestic, Repeat, Dating, or Sexual Violence, or Stalking filed in this cause, and finds that Petitioner has failed to comply with one or more statutory requirements applicable to that petition, including the following:

1. _____ Petitioner has failed to allege in a petition for domestic violence that Respondent is a  family or household member as that term is defined by Chapter 741, Florida Statutes.

2. _____ Petitioner has used a petition form other than that which is approved by the Court and the form used lacks the statutorily required components.

3. _____ Petitioner has failed to complete a mandatory portion of the petition.

4. _____ Petitioner has failed to sign the petition.

5. _____ Petitioner has failed to allege facts sufficient to support the entry of an injunction for protection against domestic, repeat, dating, or sexual violence; or stalking because:

_____

_____

_____

_____.

6. _____Other: _____

_____

_____

_____.

It is therefore, ORDERED AND ADJUDGED that the petition is denied without prejudice to amend or supplement the petition to cure the above stated defects.

Florida Supreme Court Approved Family Law Form 12.980(b)(2), Order Denying Petition for Injunction for Protection Against Domestic Violence, Repeat Violence, Dating Violence, or Sexual Violence, or Stalking  (03/15)

DONE AND ORDERED in_____, Florida, on _____.

_____
CIRCUIT JUDGE

COPIES TO:
Petitioner:
_____ by hand delivery in open Court
_____ by U.S.mail
_____by e-mail to designated e-mail address(es)

I CERTIFY the foregoing is a true copy of the original **Order Denying Hearing on Petition for Injunction** as it appears on file in the office of the Clerk of the Circuit Court of _____ County, Florida, and that I have furnished copies of this order as indicated above.

CLERK OF THE CIRCUIT COURT

(SEAL)
By: _____
   *{Deputy Clerk or Judicial Assistant}*

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,

Petitioner,

and

_____,

Respondent.

# TEMPORARY INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE WITH MINOR CHILD(REN)

The Petition for Injunction for Protection Against Domestic Violence under section 741.30, Florida Statutes, and other papers filed in this Court have been reviewed. Under the laws of Florida, the Court has jurisdiction of the Petitioner and the subject matter and has jurisdiction of the Respondent upon service of the temporary injunction.

**It is intended that this protection order meet the requirements of 18 U.S.C. Section 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.**

**SECTION I. NOTICE OF HEARING**

Because this Temporary Injunction for Protection Against Domestic Violence has been issued without prior notice to Respondent, the Petitioner and Respondent are instructed that they are scheduled to appear and testify at a hearing regarding this matter on *{date}* _____, at ____ a.m./p.m., when the Court will consider whether to issue a Final Judgment of Injunction for Protection Against Domestic Violence, which would remain in effect until modified or dissolved by the Court, and whether other things should be ordered, including, for example, such matters as time-sharing and support. The hearing will be before The Honorable *{name}*_____, at *{room name/number, location, address, city}* _____
_____, Florida.

If Petitioner and/or Respondent do not appear, this temporary injunction may be continued in force, extended, dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs. Petitioner and Respondent will be bound by the terms of any injunction or order issued at the final hearing.

**IF EITHER PETITIONER OR RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, HE OR SHE WILL BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED IN THIS MATTER.**

Florida Supreme Court Approved Family Law Form 12.980(c)(1), Temporary Injunction for Protection Against Domestic Violence with Minor Child(ren) (03/15)

- 492 -

All witnesses and evidence, if any, must be presented at this time. In cases where temporary support issues have been alleged in the pleadings, each party is ordered to bring his or her financial affidavit Florida Family Law Rules of Procedure Form 12.902(b) or (c)), tax return, pay stubs, and other evidence of financial income to the hearing.

NOTICE: Because this is a civil case, there is no requirement that these proceedings be transcribed at public expense.

YOU ARE ADVISED THAT IN THIS COURT:

    a. ____a court reporter is provided by the court.

    b. ____an electronic recording only is provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party's expense.

A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT AN APPEAL. THE PARTY SEEKING THE APPEAL IS RESPONSIBLE FOR HAVING THE TRANSCRIPT PREPARED BY A COURT REPORTER. THE TRANSCRIPT MUST BE FILED WITH THE REVIEWING COURT OR THE APPEAL MAY BE DENIED.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact** _____

_____

*{identify applicable court personnel by name, address, and phone number}* **at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing impaired, call 711.**

**SECTION II. FINDINGS**

The statements made under oath by Petitioner make it appear that section 741.30, Florida Statutes, applies to the parties. It also appears that Petitioner is a victim of domestic violence by Respondent, and/or Petitioner has reasonable cause to believe he/she is in imminent danger of becoming a victim of domestic violence by Respondent, and that there is an immediate and present danger of domestic violence to Petitioner or persons lawfully with Petitioner.

**SECTION III. TEMPORARY INJUNCTION AND TERMS**

**This injunction shall be effective until the hearing set above and in no event for longer than 15 days, unless extended by court order. If a final order of injunction is issued, the terms of this temporary injunction will be extended until service of the final injunction is effected upon Respondent. This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the**

Florida Supreme Court Approved Family Law Form 12.980(c)(1), Temporary Injunction for Protection Against Domestic Violence with Minor Child(ren) (03/15)

- 493 -

**terms of this injunction. Either party may ask the Court to change or end this injunction.**

**Any violation of this injunction, whether or not at the invitation of Petitioner or anyone else, may subject Respondent to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment. Certain willful violations of the terms of this injunction, such as: refusing to vacate the dwelling that the parties share; going to or being within 500 feet of Petitioner's residence, going to Petitioner's place of employment, school, or other place prohibited in this injunction; telephoning, contacting or communicating with Petitioner if prohibited by this injunction; knowingly or intentionally coming within 100 feet of Petitioner's motor vehicle, whether or not it is occupied; defacing or destroying Petitioner's personal property; refusing to surrender firearms or ammunition if ordered to do so by the court; or committing an act of domestic violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes. In addition, it is a federal criminal felony offense, punishable by up to life imprisonment, depending on the nature of the violation, to cross state lines or enter Indian country for the purpose of engaging in conduct that is prohibited in this injunction. 18 U.S.C. Section 2262.**

**ORDERED and ADJUDGED:**

1. **Violence Prohibited.** Respondent shall not commit, or cause any other person to commit, any acts of domestic violence against Petitioner. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any other criminal offense resulting in physical injury or death to Petitioner or any of Petitioner's family or household members. Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.

2. **No Contact. Respondent shall have no contact with Petitioner unless otherwise provided in this Section, or unless paragraph 14 below provides for contact connected with the temporary parenting plan and temporary time-sharing with respect to the minor child(ren).**

a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner. Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner's employment or school to inquire about Petitioner or to send any messages to Petitioner. Unless otherwise provided herein, **Respondent shall not go to, in, or within 500 feet of:** Petitioner's current residence *{list address}* _____

_____
or any residence to which Petitioner may move; Petitioner's current or any subsequent place of employment *{list address of current employment}* _____
_____or place where Petitioner attends school *{list address of school}*
_____ ;
or the following other places (if requested by Petitioner) where Petitioner or Petitioner's minor child(ren) go often:_____ .

Respondent may not knowingly come within 100 feet of Petitioner's automobile at any time.

Florida Supreme Court Approved Family Law Form 12.980(c)(1), Temporary Injunction for Protection Against Domestic Violence with Minor Child(ren) (03/15)

b. _____ Other provisions regarding contact: _____

_____

_____

    3. **Firearms.**
       *{Initial **all** that apply; write N/A **if does not** apply}*

       a.   _____ Respondent shall not use or possess a firearm or ammunition.

       b.   _____ Respondent shall surrender any firearms and ammunition in the Respondent's possession to the _____ County Sheriff's Department until further order of the court.

       c.   _____ Other directives relating to firearms and ammunition:

       _____

_____

_____ _____ .

**NOTE:  RESPONDENT IS ADVISED THAT, IF A PERMANENT INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE IS ISSUED FOLLOWING A HEARING REGARDING THIS MATTER, IN MOST CASES IT WILL BE A VIOLATION OF SECTION 790.233, FLORIDA STATUTES, AND A FIRST DEGREE MISDEMEANOR, FOR RESPONDENT TO HAVE IN HIS OR HER CARE, CUSTODY, POSSESSION OR CONTROL ANY FIREARM OR AMMUNITION.  ADDITIONALLY, IT WILL BE A FEDERAL CRIMINAL FELONY OFFENSE TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE WHILE SUBJECT TO SUCH AN INJUNCTION.  18 U.S.C. SECTION 922(g)(8).**

    4. **Mailing Address or Designated E-Mail Address(es).**  Respondent shall notify the Clerk of the Court of any change in either his or her mailing address, or designated e-mail address(es), within 10 days of the change.  All further papers (excluding the final injunction, if entered without Respondent being present at the hearing, and pleadings requiring personal service) shall be served either by mail to Respondent's last known mailing address or by e-mail to Respondent's designated e-mail address(es).  Service shall be complete upon mailing or e-mailing.

    5. **Additional order(s) necessary to protect Petitioner from domestic violence:**

_____

_____

_____

_____

_____

_____ .

Florida Supreme Court Approved Family Law Form 12.980(c)(1), Temporary Injunction for Protection Against Domestic Violence with Minor Child(ren)  (03/15)

- 495 -

**TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME**

*{Initial **all** that apply; write N/A **if does not** apply}*

6. **____Possession of the Home.** ____ Petitioner ____ Respondent shall have temporary exclusive use and possession of the dwelling located at: _____

_____.

7. ____**Transfer of Possession of the Home.** A law enforcement officer with jurisdiction over the home shall accompany ____ Petitioner ____ Respondent to the home, and shall place ____ Petitioner ____ Respondent in possession of the home.

8. **____Personal Items.** ____ Petitioner ____ Respondent, **in the presence of a law enforcement officer**, may return to the premises described above ____ on *{date}*_____, at _____a.m./p.m., or ____ at a time arranged with the law enforcement department with jurisdiction over the home, for the purpose of obtaining his or her clothing and items of personal health and hygiene and tools of the trade. A law enforcement officer with jurisdiction over the home from which these items are to be retrieved shall accompany ____ Petitioner ____ Respondent to the home and stand by to insure that he/she vacates the premises with only his/her personal clothing, toiletries, tools of the trade, and any items listed in paragraph 10 below. The law enforcement agency shall not be responsible for storing or transporting any property. **IF THE RESPONDENT IS NOT AWARDED POSSESSION OF THE HOME AND GOES TO THE HOME WITHOUT A LAW ENFORCEMENT OFFICER, IT IS A VIOLATION OF THIS INJUNCTION.**

9. ____ Petitioner ____ Respondent shall not damage or remove any furnishings or fixtures from the parties' former shared premises.

10. ____Other:_____

_____

_____

_____

_____

_____

**TEMPORARY SUPPORT**

**Temporary support, if requested by Petitioner in the Petition for Injunction for Protection Against Domestic Violence, will be addressed by the Court after notice to Respondent and hearing on the matter.**

**TEMPORARY PARENTING PLAN WITH TIME-SHARING WITH MINOR CHILD(REN)**

Florida Supreme Court Approved Family Law Form 12.980(c)(1), Temporary Injunction for Protection Against Domestic Violence with Minor Child(ren) (03/15)

- 496 -

11. **Jurisdiction.** *{Initial **one** only}*

_____ Jurisdiction to determine issues relating to parenting plan and time-sharing with respect to any minor child(ren) listed in paragraph 12 below is proper under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA).

_____ Jurisdiction is exclusive to the dependency court, and accordingly no order is made herein. (Case Number _____.)

12. **Temporary Order for 100% Time-Sharing With Respect to Minor Child(ren).** ____ Petitioner ____ Respondent shall, on a temporary basis, have 100% time sharing with respect to the parties' minor child(ren) listed below:

| Name | Birth date |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

When requested by the parent to whom 100% time-sharing is awarded on a temporary basis herein, law enforcement officers shall use any and all reasonable and necessary force to physically deliver the minor child(ren) listed above to the parent to whom 100% time-sharing is awarded on a temporary basis herein. The other parent shall not take the child(ren) from the parent to whom 100% time-sharing is awarded on a temporary basis herein or any child care provider or other person entrusted by the parent to whom 100% time-sharing is awarded on a temporary basis herein with the care of the child(ren).

*{Initial **if** applies; write N/A **if does not** apply}*

_____ Neither party shall remove the minor child(ren) from the State of Florida, which is the jurisdiction of this Court, prior to the hearing on this temporary injunction. Violation of this custody order may constitute a felony of the third degree under sections 787.03 and 787.04, Florida Statutes.

13. **Contact with Minor Child(ren)**. Unless otherwise provided in paragraph 14 below, the ____ Petitioner ____ Respondent (i.e., the parent to whom 100% time-sharing is **not** awarded on a temporary basis herein) shall have **no contact** with the parties' minor child(ren) until further order of the Court.

14. **Other Additional Provisions Relating to the Minor Child(ren).**

_____
_____
_____
_____
_____
_____
_____
_____
_____.

Florida Supreme Court Approved Family Law Form 12.980(c)(1), Temporary Injunction for Protection Against Domestic Violence with Minor Child(ren) (03/15)

- 497 -

**SECTION IV.   OTHER SPECIAL PROVISIONS**

*{This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.}*

_____
_____
_____

**SECTION V.   DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION**
*{Unless ordered otherwise by the judge, all provisions in this injunction are considered mandatory provisions and should be interpreted as part of this injunction.}*

1. The Sheriff of _____ County, or any other authorized law enforcement officer, is ordered to serve this temporary injunction upon Respondent as soon as possible after its issuance.

2. **This injunction is valid in all counties of the State of Florida.**  Violation of this injunction should be reported to the appropriate law enforcement agency.  Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without warrant pursuant to section 901.15, Florida Statutes, for any violation of its provisions which constitutes a criminal act under section 741.31, Florida Statutes.

3. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES.  The arresting agent shall notify the State Attorney's Office immediately after arrest.

4. **THIS IS A "CUSTODY ORDER" FOR PURPOSES OF THE UCCJEA AND ALL STATUTES MAKING IT A CRIME TO INTERFERE WITH CUSTODY UNDER CHAPTER 787 OF FLORIDA STATUTES AND OTHER SIMILAR STATUTES**.

5. **Reporting alleged violations.**  If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation, or Petitioner may contact the State Attorney's office for assistance in filing an action for indirect civil contempt or indirect criminal contempt.  Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.

DONE AND ORDERED at _____, Florida on _____.

_____
CIRCUIT JUDGE

Florida Supreme Court Approved Family Law Form 12.980(c)(1), Temporary Injunction for Protection Against Domestic Violence with Minor Child(ren)  (03/15)

- 498 -

COPIES TO:

Sheriff of _____ County

Petitioner: (or his or her attorney)
_____ by U.S. Mail
_____ by hand-delivery in open court
_____by e-mail to designated e-mail address(es)

Respondent:
_____ forwarded to the Sheriff for service

_____ State's Attorney's Office
_____ Other:_____

I CERTIFY the foregoing is a true copy of the original Temporary Injunction for Protection Against Domestic Violence with Minor Child(ren) as it appears on file in the office of the Clerk of the Circuit Court of _____ County, Florida, and that I have furnished copies of this order as indicated above.

CLERK OF THE CIRCUIT COURT

(SEAL)
By: _____
*{Deputy Clerk or Judicial Assistant}*

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,
and

_____,
Respondent.

# TEMPORARY INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE WITHOUT MINOR CHILD(REN)

The Petition for Injunction for Protection Against Domestic Violence under section 741.30, Florida Statutes, and other papers filed in this Court have been reviewed. Under the laws of Florida, the Court has jurisdiction of the Petitioner and the subject matter and has jurisdiction of the Respondent upon service of the temporary injunction.

**It is intended that this protection order meet the requirements of 18 U.S.C. Section 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.**

**SECTION I.  NOTICE OF HEARING**

Because this Temporary Injunction for Protection Against Domestic Violence has been issued without prior notice to Respondent, the Petitioner and Respondent are instructed that they are scheduled to appear and testify at a hearing regarding this matter on *{date}* _____,
at _____ a.m./p.m., when the Court will consider whether to issue a Final Judgment of Injunction for Protection Against Domestic Violence, which would remain in effect until modified or dissolved by the Court, and whether other things should be ordered, including, for example, such matters as support. The hearing will be before The Honorable *{name}* _____,
at *{room name/number, location, address, city}* _____
_____, Florida.
If Petitioner and/or Respondent do not appear, this temporary injunction may be continued in force, extended, dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs. Petitioner and Respondent will be bound by the terms of any injunction or order issued at the final hearing.

**IF EITHER PETITIONER OR RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, HE OR SHE WILL BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED IN THIS MATTER.**

Florida Supreme Court Approved Family Law Form 12.980(c)(2), Temporary Injunction for Protection Against Domestic Violence without Minor Child(ren)  (03/15)

All witnesses and evidence, if any, must be presented at this time. In cases where temporary support issues have been alleged in the pleadings, each party is ordered to bring his or her financial affidavit (Florida Family Law Rules of Procedure Form 12.902(b) or (c)), tax return, pay stubs, and other evidence of financial income to the hearing.

NOTICE:  Because this is a civil case, there is no requirement that these proceedings be transcribed at public expense.

YOU ARE ADVISED THAT IN THIS COURT:

   a. _____ a court reporter is provided by the court.

b. _____ an electronic recording only is provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party's expense.

A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT AN APPEAL.  THE PARTY SEEKING THE APPEAL IS RESPONSIBLE FOR HAVING THE TRANSCRIPT PREPARED BY A COURT REPORTER. THE TRANSCRIPT MUST BE FILED WITH THE REVIEWING COURT OR THE APPEAL MAY BE DENIED.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact**_____

_____

*{identify applicable court personnel by name, address and telephone number}* **at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing impaired, call 711.**

**SECTION II.  FINDINGS**

The statements made under oath by Petitioner make it appear that section 741.30, Florida Statutes, applies to the parties.  It also appears that Petitioner is a victim of domestic violence by Respondent, and/or Petitioner has reasonable cause to believe he/she is in imminent danger of becoming a victim of domestic violence by Respondent, and that there is an immediate and present danger of domestic violence to Petitioner or persons lawfully with Petitioner.

**SECTION III.   TEMPORARY INJUNCTION AND TERMS**

Florida Supreme Court Approved Family Law Form 12.980(c)(2), Temporary Injunction for Protection Against Domestic Violence without Minor Child(ren)  (03/15)

This injunction shall be effective until the hearing set above and in no event for longer than 15 days, unless extended by court order. If a final order of injunction is issued, the terms of this temporary injunction will be extended until service of the final injunction is effected upon Respondent. This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction.

Any violation of this injunction, whether or not at the invitation of Petitioner or anyone else, may subject Respondent to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment. Certain willful violations of the terms of this injunction, such as: refusing to vacate the dwelling that the parties share; going to or being within 500 feet of Petitioner's residence, going to Petitioner's place of employment, school, or other place prohibited in this injunction; telephoning, contacting or communicating with Petitioner if prohibited by this injunction; knowingly or intentionally coming within 100 feet of Petitioner's motor vehicle, whether or not it is occupied; defacing or destroying Petitioner's personal property; refusing to surrender firearms or ammunition if ordered to do so by the court; or committing an act of domestic violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes. In addition, it is a federal criminal felony offense, punishable by up to life imprisonment, depending on the nature of the violation, to cross state lines or enter Indian country for the purpose of engaging in conduct that is prohibited in this injunction. 18 U.S.C. Section 2262.

ORDERED and ADJUDGED:

1. **Violence Prohibited.** Respondent shall not commit, or cause any other person to commit, any acts of domestic violence against Petitioner. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any other criminal offense resulting in physical injury or death to Petitioner or any of Petitioner's family or household members. Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.

2. **No Contact. Respondent shall have no contact with Petitioner unless otherwise provided in this section.**
a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner. Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner's employment or school to inquire about Petitioner or to send any messages to Petitioner. Unless otherwise provided herein, **Respondent shall not go to, in, or within 500 feet of:** Petitioner's current residence *{list address}* _____

_____ or any residence to which Petitioner may move; Petitioner's current or any subsequent place of employment *{list address of current employment}* _____
or place where Petitioner attends school *{list address of school}* _____ ;

Florida Supreme Court Approved Family Law Form 12.980(c)(2), Temporary Injunction for Protection Against Domestic Violence without Minor Child(ren) (03/15)

or the following other places (if requested by Petitioner) where Petitioner or Petitioner's minor child(ren) go often: _____

_____

_____.

Respondent may not knowingly come within 100 feet of Petitioner's automobile at any time.
b. Other provisions regarding contact:

_____

_____

_____.

3.      **Firearms.**
        {Initial **all** that apply; write N/A **if does not** apply}
        a. _____Respondent shall not use or possess a firearm or ammunition.

b. _____Respondent shall surrender any firearms and ammunition in the Respondent's possession to the_____ County Sheriff's Department until further order of the court.

c. _____Other directives relating to firearms and ammunition:_____

_____

_____.

**NOTE:  RESPONDENT IS ADVISED THAT, IF A PERMANENT INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE IS ISSUED FOLLOWING A HEARING REGARDING THIS MATTER, IN MOST CASES IT WILL BE  A VIOLATION OF SECTION 790.233, FLORIDA STATUTES, AND A FIRST DEGREE MISDEMEANOR, FOR RESPONDENT TO HAVE IN HIS OR HER CARE, CUSTODY, POSSESSION OR CONTROL ANY FIREARM OR AMMUNITION.  ADDITIONALLY, IT WILL BE A FEDERAL CRIMINAL FELONY OFFENSE TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE WHILE SUBJECT TO SUCH AN INJUNCTION.  18 U.S.C. SECTION 922(g)(8).**

4.      **Mailing Address or Designated E-Mail Address(es).**  Respondent shall notify the Clerk of the Court of any change in either his or her mailing address, or designated e-mail address(es), within 10 days of the change.  All further papers (excluding the final injunction, if entered without Respondent being present at the hearing, and pleadings requiring personal service) shall be served either by mail to Respondent's last known mailing address or by e-mail to Respondent's designated e-mail address(es). Service shall be complete upon mailing or e-mailing.

5.      **Additional order(s) necessary to protect Petitioner from domestic violence:**

_____

_____

_____

_____

Florida Supreme Court Approved Family Law Form 12.980(c)(2), Temporary Injunction for Protection Against Domestic Violence without Minor Child(ren)  (03/15)

- 503 -

_____.

**TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME**

*{Initial **all** that apply; write N/A **if does not** apply}*

6. ____**Possession of the Home.** ____ Petitioner ____ Respondent shall have temporary exclusive use and possession of _____.

7. ____ **Transfer of Possession of the Home.** A law enforcement officer with jurisdiction over the home shall accompany ____ Petitioner____ Respondent to the home, and shall place ____Petitioner ____ Respondent in possession of the home.

8. ____**Personal Items.** ____ Petitioner ____ Respondent, **in the presence of a law enforcement officer**, may return to the premises described above ____ on _____, at _____,a.m./p.m., or ____ at a time arranged with the law enforcement department with jurisdiction over the home, for the purpose of obtaining his or her clothing and items of personal health and hygiene and tools of the trade. A law enforcement officer with jurisdiction over the home from which these items are to be retrieved shall accompany ____ Petitioner
____ Respondent to the home and stand by to insure that he/she vacates the premises with only his/her personal clothing, toiletries, tools of the trade, and any items listed in paragraph 10 below. The law enforcement agency shall not be responsible for storing or transporting any property. **IF THE RESPONDENT IS NOT AWARDED POSSESSION OF THE HOME AND GOES TO THE HOME WITHOUT A LAW ENFORCEMENT OFFICER, IT IS A VIOLATION OF THIS INJUNCTION.**

9. ____ Petitioner ____ Respondent shall not damage or remove any furnishings or fixtures from the parties' former shared premises.

10.____ Other: _____
_____
_____
_____.

**TEMPORARY SUPPORT**

**Temporary support, if requested by Petitioner in the Petition for Injunction for Protection Against Domestic Violence, will be addressed by the Court after notice to Respondent and hearing on the matter.**

**SECTION IV.  OTHER SPECIAL PROVISIONS**
*{This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.}*

_____
_____

Florida Supreme Court Approved Family Law Form 12.980(c)(2), Temporary Injunction for Protection Against Domestic Violence without Minor Child(ren)  (03/15)

- 504 -

_____ .

**SECTION V.  DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION**
***{Unless ordered otherwise by the judge, all provisions in this injunction are considered mandatory provisions and should be interpreted as part of this injunction.}***

1.       The Sheriff of _____ County, or any other authorized law enforcement officer, is ordered to serve this temporary injunction upon Respondent as soon as possible after its issuance.

2.       **This injunction is valid in all counties of the State of Florida.**  Violation of this injunction should be reported to the appropriate law enforcement agency.  Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without warrant pursuant to section 901.15, Florida Statutes, for any violation of its provisions which constitutes a criminal act under section 741.31, Florida Statutes.

3.       THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES.  The arresting agent shall notify the State Attorney's Office immediately after arrest.

4.       **Reporting alleged violations.**  If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation, or Petitioner may contact the State Attorney's office for assistance in filing an action for indirect civil contempt or indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.

DONE AND ORDERED in_____, Florida on _____.

_____
CIRCUIT JUDGE

Florida Supreme Court Approved Family Law Form 12.980(c)(2), Temporary Injunction for Protection Against Domestic Violence without Minor Child(ren)  (03/15)

COPIES TO:

Sheriff of _____ County

Petitioner: (or his or her attorney)
_____by U.S. Mail
_____ by hand-delivery in open court
_____by e-mail to designated e-mail address(es)


Respondent:
_____ forwarded to the sheriff for service

_____ State's Attorney's Office

_____ other:_____

I CERTIFY the foregoing is a true copy of the original Temporary Injunction for Protection Against Domestic Violence without Minor Child(ren) as it appears on file in the office of the Clerk of the Circuit Court of _____ County, Florida, and that I have furnished copies of this order as indicated above.

CLERK OF THE CIRCUIT COURT

(SEAL)
By: _____
    *{Deputy Clerk or Judicial Assistant}*

Florida Supreme Court Approved Family Law Form 12.980(c)(2), Temporary Injunction for Protection Against Domestic Violence without Minor Child(ren)  (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____ ,
Petitioner,
and

_____ ,
Respondent.

# FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE WITH MINOR CHILD(REN) (AFTER NOTICE)

The Petition for Injunction for Protection Against Domestic Violence under section 741.30, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter.

**It is intended that this protection order meet the requirements of 18 U.S.C. Section 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.**

**SECTION I.  HEARING**

This cause came before the Court for a hearing to determine whether an Injunction for Protection Against Domestic Violence in this case should be:
_____ issued  _____ modified  _____ extended.

The hearing was attended by:
_____ Petitioner
_____ Respondent
_____ Petitioner's Counsel
_____ Respondent's Counsel

**SECTION II.  FINDINGS**

On *{date}* _____ , a notice of this hearing was served on Respondent together with a copy of Petitioner's petition to this Court and the temporary injunction, if issued. Service was within the time required by Florida law, and Respondent was afforded an opportunity to be heard.

After hearing the testimony of each party present and of any witnesses, or upon consent of Respondent, the Court finds, based on the specific facts of this case, that Petitioner is a victim of domestic violence or has reasonable cause to believe that he/she is in imminent danger of becoming a

Florida Supreme Court Approved Family Law Form 12.980(d)(1), Final Judgment of Injunction for Protection Against Domestic Violence with Minor Child(ren) (After Notice) (03/15)

victim of domestic violence by Respondent.

**SECTION III.    INJUNCTION AND TERMS**

**This injunction shall be in full force and effect until either _____ further order of the Court or _____ {date} _____. This injunction is valid and enforceable in all counties of the State of Florida.  The terms of this injunction may not be changed by either party alone or by both parties together.  Only the Court may modify the terms of this injunction.  Either party may ask the Court to change or end this injunction at any time.**

**Any violation of this injunction, whether or not at the invitation of Petitioner or anyone else, may subject Respondent to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment.  Certain willful violations of the terms of this injunction, such as:  refusing to vacate the dwelling that the parties share; going to or being within 500 feet of Petitioner's residence, going to Petitioner's place of employment, school, or other place prohibited in this injunction; telephoning, contacting or communicating with Petitioner if prohibited by this injunction; knowingly or intentionally coming within 100 feet of Petitioner's motor vehicle, whether or not it is occupied; defacing or destroying Petitioner's personal property; refusing to surrender firearms or ammunition if ordered to do so by the court; or committing an act of domestic violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes.  In addition, it is a federal criminal felony offense, punishable by up to life imprisonment, depending on the nature of the violation, to cross state lines or enter Indian country for the purpose of engaging in conduct that is prohibited in this injunction.  18 U.S.C. SECTION 2262.**

**ORDERED and ADJUDGED:**

1.    **Violence Prohibited.**  Respondent shall not commit, or cause any other person to commit, any acts of domestic violence against Petitioner.  Domestic violence includes:  assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any other criminal offense resulting in physical injury or death to Petitioner or any of Petitioner's family or household members.  Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.

2.    **No Contact.  Respondent shall have no contact with the Petitioner unless otherwise provided in this section, or unless paragraphs 13 through 19 below provide for contact connected with the temporary parenting plan and temporary time-sharing with respect to the minor child(ren).**

a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner.  Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner.  Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner's employment or school to inquire about Petitioner or to send any messages to Petitioner.  Unless otherwise provided herein, **Respondent shall not go to, in, or within 500 feet of:** Petitioner's current residence *{list address}* _____

Florida Supreme Court Approved Family Law Form 12.980(d)(1), Final Judgment of Injunction for Protection Against Domestic Violence with Minor Child(ren) (After Notice) (03/15)

- 508 -

or any residence to which Petitioner may move; Petitioner's current or any subsequent place of employment *{list address of current employment}* _____

_____ or place where Petitioner attends school *{list address of school}* _____ ;
or the following other places (if requested by Petitioner) where Petitioner or Petitioner's minor child(ren) go often:_____ __

_____

_____

Respondent may not knowingly come within 100 feet of Petitioner's automobile at any time.

b._____Other provisions regarding contact:  _____

_____

_____ .

3. **Firearms. Unless paragraph a. is initialed below, Respondent shall not have in his or her care, custody, possession or control any firearm or ammunition. It is a violation of section 790.233, Florida Statutes, and a first degree misdemeanor, for the respondent to have in his or her care, custody, possession or control any firearm or ammunition.**

*[Initial if applies; write N/A if not applicable]*
a.____Respondent is a state or local officer as defined in section 943.10(14), Florida Statutes, who holds an active certification, who receives or possesses a firearm or ammunition for use in performing official duties on behalf of the officer's employing agency and is not prohibited by the court from having in his or her care, custody, possession or control a firearm or ammunition. The officer's employing agency may prohibit the officer from having in his or her care, custody, possession or control a firearm or ammunition.

b.____Respondent shall surrender any firearms and ammunition in the Respondent's possession to the _____ County Sheriff's Department.

c.____Other directives relating to firearms and ammunition:

_____

_____

_____ .

**NOTE:  RESPONDENT IS ADVISED THAT IT IS A FEDERAL CRIMINAL FELONY OFFENSE TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE WHILE SUBJECT TO SUCH AN INJUNCTION.  18 U.S.C. SECTION 922(g)(8).**

4. **Evaluation/Counseling.**
*[Initial all that apply; write N/A if does not apply]*
a. The Court finds that Respondent has:

Florida Supreme Court Approved Family Law Form 12.980(d)(1), Final Judgment of Injunction for Protection Against Domestic Violence with Minor Child(ren) (After Notice) (03/15)

i.        ____willfully violated the ex parte injunction;

ii.       ____been convicted of, had adjudication withheld on, or pled nolo contendere to a crime involving violence or a threat of violence; and/or

iii.      ____in this state or any other state, had at any time a prior injunction for protection against the Respondent after a hearing with notice.

*Note:  If Respondent meets any of the above enumerated criteria, the Court must order the Respondent to attend a batterers' intervention program unless it makes written factual findings stating why such a program would not be appropriate.  See Section 741.30(6)(e), Florida Statutes.*

   a.  Within ____10 days _____ days, (but no more than 10 days) of the date of this injunction, Respondent shall enroll in and thereafter without delay complete the following, and Respondent shall provide proof of such enrollment to the Clerk of Circuit Court within ____ 30 days or ____ days, (but no more than 30 days) of the date of this injunction:

      i.   ___A certified batterers' intervention program from a list of programs to be provided by the Court or any entity designated by the Court.  Respondent shall also successfully complete any substance abuse or mental health evaluation that the assessing program counselor deems necessary as a predicate to completion of the batterers' intervention program.

      ii.  ____A substance abuse evaluation at:_____ or a similarly qualified facility and any substance abuse treatment recommended by that evaluation.

      iii. ____A mental health evaluation by a licensed mental health professional at: _____or any other similarly qualified facility and any mental health treatment recommended by that evaluation.

      iv.  ____Other:_____ _____.

   b.  ____Although Respondent meets the statutory mandate of attendance at a batterers' intervention program, the Court makes the following written findings as to why the condition of batterers' intervention program would be inappropriate: _____

   _____
   _____
   _____.

   c.  ____Petitioner is referred to a certified domestic violence center and is provided with a list of certified domestic violence centers in this circuit, which Petitioner may contact.

Florida Supreme Court Approved Family Law Form 12.980(d)(1), Final Judgment of Injunction for Protection Against Domestic Violence with Minor Child(ren) (After Notice) (03/15)

- 510 -

5.      **Mailing Address or Designated E-Mail Address(es).**  Respondent shall notify the Clerk of the Court of any change in either his or her mailing address, or designated e-mail address(es), within 10 days of the change.  All further papers (excluding pleadings requiring personal service) shall be served either by mail to Respondent's last known mailing address or by e-mail to Respondent's designated e-mail address(es).  Service shall be complete upon mailing or e-mailing.

6.      **Other provisions necessary to protect Petitioner from domestic violence:** _____
_____
_____
_____
_____.

**TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME**
*[Initial **if** applies; write N/A **if not** applicable]*
7.      ____**Possession of the Home.** ____ Petitioner ____ Respondent shall have temporary exclusive use and possession of the dwelling located at: _____

8.      ____**Transfer of Possession of the Home.**  A law enforcement officer with jurisdiction over the home shall accompany ____ Petitioner ____ Respondent to the home, and shall place ____ Petitioner ____ Respondent in possession of the home.

9.      ____**Personal Items.** ____ Petitioner ____ Respondent, **in the presence of a law enforcement officer**, may return to the premises described above on *{date}* _____, at _____a.m./p.m., or ____ at a time arranged with the law enforcement department with jurisdiction over the home, accompanied by a law enforcement officer only,  for the purpose of obtaining his or her clothing and items of personal health and hygiene and tools of the trade.  A law enforcement officer with jurisdiction over the premises shall go with ____ Petitioner ____ Respondent to the home and stand by to insure that he/she vacates the premises with only his/her personal clothing, toiletries, tools of the trade, and any items listed in paragraph 10 below.  The law enforcement agency shall not be responsible for storing or transporting any property.  IF THE RESPONDENT IS NOT AWARDED POSSESSION OF THE HOME AND GOES TO THE HOME WITHOUT A LAW ENFORCEMENT OFFICER, IT IS A VIOLATION OF THIS INJUNCTION.

10.     ____The following other personal possessions may also be removed from the premises at this time: _____
_____.

11.     ____Other: _____
_____
_____
_____.

**TEMPORARY PARENTING PLAN AND TIME-SHARING WITH MINOR CHILD(REN)**

12.      **Jurisdiction.**
*[Initial **one** only]*
_____Jurisdiction to determine issues relating to parenting plan and time-sharing with respect to any minor child(ren) listed in paragraph 13 below is proper under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA).

_____ Jurisdiction is exclusive to the dependency court, and accordingly no order is made herein. *{Case Number _____.}*

13.      **Temporary Parenting Plan for Minor Child(ren).**  Except for that time-sharing (if any) specified for the other parent in paragraph 14, below, _____ Petitioner _____ Respondent shall on a temporary basis have 100% of the time-sharing with the parties' minor child(ren) listed below and shall have sole decision-making responsibility until further court order:

**Name**                                                                                                    **Birth date**

_____

_____

_____

_____

_____

When requested by the parent to whom the majority of overnight time-sharing with the child(ren) is awarded on a temporary basis herein, in this case the _____ Petitioner _____ Respondent, law enforcement officers shall use any and all reasonable and necessary force to physically deliver the minor child(ren) listed above to the parent to whom the majority of overnight time-sharing with the child(ren) is awarded on a temporary basis herein.  The other parent shall not take the child(ren) from the parent to whom the majority of overnight time-sharing with the child(ren) is awarded on a temporary basis herein or any child care provider or other person entrusted by the parent to whom the majority of overnight time-sharing with the child(ren) is awarded on a temporary basis herein with the care of the child(ren).

14.      **Temporary Parenting Plan with Time-Sharing for Minor Child(ren)**.   The Petitioner and Respondent shall have time-sharing with the minor child(ren) on the following schedule:
*{Initial **one** only}*
a.        ____ Petitioner ____ Respondent shall have 100% of time-sharing and ____ Petitioner ____ Respondent shall have 0% of time sharing with the child(ren) until further order of the        Court. Until further order of the Court, all parenting decisions shall be made by the parent with 100% of the time-sharing.

Florida Supreme Court Approved Family Law Form 12.980(d)(1), Final Judgment of Injunction for Protection Against Domestic Violence with Minor Child(ren) (After Notice) (03/15)

b. _____ Petitioner _____ Respondent shall have time-sharing from _____ a.m./p.m. to _____a.m./p.m. on the following day(s)_____. The other parent will have the remaining time-sharing. _____

_____

_____.

c. _____Other:_____

_____

_____.

15. **Limitations on Time-Sharing.** The time-sharing specified in paragraph 14, above, for _____ Petitioner _____ Respondent with the child(ren) shall be:
   *[Initial **all** that apply; write N/A **if does not** apply]*
   a._____ unsupervised

b._____ supervised by the following specified responsible adult:_____

c._____ at a supervised visitation center located at:

_____

_____,

and shall be subject to the available times and rules of the supervised visitation center. The cost associated with the services of the supervised visitation center shall be paid by the: *{choose **one**}* _____ parent to whom the majority of overnight time-sharing with the child(ren) is awarded on a temporary basis herein; _____ other parent; or _____ both parents:

_____

_____.

If specified, the level of supervision shall be:_____.

16. **Arrangements for Time-Sharing with Minor Child(ren).**
*{Initial **all** that apply; write N/A **if does not** apply}*
a. _____A responsible person shall coordinate the time-sharing arrangements with respect to the minor child(ren). If specified, the responsible person shall be: *{name}* _____

_____

b. _____Other conditions for time-sharing arrangements as follows: _____

_____

_____.

17. **Exchange of Minor Child(ren).**
   *{Initial **all** that apply; write N/A **if does not** apply}*
a. _____The parties shall exchange the child(ren) at _____ school or daycare, or _____ at the following location(s): _____

_____

_____.

b.        _____A responsible person shall conduct all exchanges of the child(ren).  The _____ Petitioner _____ Respondent shall not be present during the exchange.  If specified, the responsible person shall be: *{name}*_____

_____ .

c.        _____Other conditions for exchange as follows: _____

_____

_____ .

18.    **Other Additional Provisions Relating to the Minor Child(ren).**

_____

_____

_____

_____

_____

_____

_____

_____ .

**TEMPORARY SUPPORT**

19.    **Temporary Alimony.**
       *[Initial **all** that apply; write N/A **if does not** apply]*
a.        _____The court finds that there is a need for temporary alimony and that _____ Petitioner _____ Respondent (hereinafter Obligor) has the present ability to pay alimony and shall pay temporary alimony to _____ Petitioner _____ Respondent (hereinafter Obligee) in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month _____ other *{explain}* _____
       beginning *{date}* _____.  This alimony shall continue until modified by court order, until a final judgment of dissolution of marriage is entered, until Obligee dies, until this injunction expires, or until *{date}* _____, whichever occurs first.

b.        _____ Petitioner _____ Respondent shall be required to maintain health insurance coverage for the other party.  Any uncovered medical costs for the party awarded alimony shall be assessed as follows: ____

       _____ .

c.        _____Other provisions relating to alimony: _____

_____

_____ .

20.    **Temporary Child Support.**
       *{Initial **all** that apply; write N/A **if does not** apply}*
       a.   _____The Court finds that there is a need for temporary child support and that
_____ Petitioner _____ Respondent (hereinafter Obligor) has the present ability to pay child support.

The amounts in the Child Support Guidelines Worksheet, Florida Family Law Form 12.902(e), filed by _____ Petitioner _____ Respondent are correct **OR** the Court makes the following findings:
The Petitioner's net monthly income is $ _____, (Child Support Guidelines %).
The Respondent's net monthly income is $_____, (Child Support Guidelines _____%). Monthly child care costs are $ _____.
Monthly health/dental insurance costs are $_____.

      b. _____**Amount.** Obligor shall pay temporary child support in the amount of $ _____, per month payable _____ in accordance with Obligor's employer's payroll cycle, and in any event at least once a month _____other *{explain}:*_____

_____,
beginning *{date}* _____, and continuing until further order of the court, or until *{date/event}* _____,
*{explain}* _____.
If the child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are: _____

_____.

      c. _____ Petitioner _____ Respondent shall be required to maintain ____ health ____ dental insurance coverage for the parties' minor child(ren) so long as it is reasonable in cost and accessible to the child(ren) **OR** ____ Health ____ dental insurance is either not reasonable in cost or accessible to the child(ren) at this time.

      d. _____Any reasonable and necessary **uninsured medical/dental/prescription drug costs** for the minor child(ren) shall be assessed as follows: _____

_____.

      e. _____Florida Supreme Court Approved Family Law Form 12.902(j), **Notice of Social Security Number**, is incorporated herein by reference.

      f. _____Other provisions relating to child support: _____

_____

_____.

21.    **Method of Payment.**
  *[Initial **one** only]*
a. _____ Obligor shall pay any temporary court-ordered child support/alimony through income deduction, and such support shall be paid to either the State Disbursement Unit or the central depository. Obligor is individually responsible for paying this support obligation in the event that all or any portion of said support is not deducted from Obligor's income. Obligor shall also pay any service charge required by statute. Until child support/alimony payments are deducted from Obligor's paycheck pursuant to the Income Deduction Order, Obligor is responsible for making timely payments directly to either the State Disbursement Unit or the central depository.

b. _____ Temporary child support/alimony shall be paid through either the State Disbursement Unit or the central depository. Obligor shall also pay any service charge required by statute. Income deduction is **not** in the best interests of the child(ren) because: *{explain}*_____

_____ .

c. _____ Other provisions relating to method of payment: _____

_____

_____

_____

_____

## SECTION IV.   OTHER SPECIAL PROVISIONS

*(This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.)*

_____

_____

_____

## SECTION V.   DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION

*{Unless ordered otherwise by the judge, all provisions in this injunction are considered mandatory provisions and should be interpreted as part of this injunction.)*

1.  **This injunction is valid in all counties of the State of Florida.** Violation of this injunction should be reported to the appropriate law enforcement agency. Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without warrant pursuant to section 901.15, Florida Statutes, for any violation of its provisions, except those regarding child support and/or alimony, which constitutes a criminal act under section 741.31, Florida Statutes. **When inconsistent with this order, any subsequent court order issued under Chapter 61 or Chapter 39**, **Florida Statutes, shall take precedence over this order on all matters relating to property division, alimony, parental responsibility, parenting plan, time-sharing, child custody, or child support.**

2.  THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA, AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES. The arresting agent shall notify the State Attorney's Office immediately after arrest.

3.  **Reporting alleged violations.** If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation, or Petitioner may contact the State Attorney's office for assistance in filing an action for indirect civil contempt or indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.

4.  **Respondent, upon service of this injunction, shall be deemed to have knowledge of and to be**

Florida Supreme Court Approved Family Law Form 12.980(d)(1), Final Judgment of Injunction for Protection Against Domestic Violence with Minor Child(ren) (After Notice) (03/15)

- 516 -

**bound by all matters occurring at the hearing and on the face of this injunction.**

5.      **The temporary injunction, if any, entered in this case is extended until such time as service of this injunction is effected upon Respondent.**

6.      **THIS IS A "CUSTODY ORDER" FOR PURPOSES OF THE UCCJEA AND ALL STATUTES MAKING IT A CRIME TO INTERFERE WITH CUSTODY UNDER CHAPTER 787, FLORIDA STATUTES AND OTHER SIMILAR STATUTES.**

DONE AND ORDERED at _____, Florida, on _____.

_____
CIRCUIT JUDGE

Sheriff of _____County

Petitioner (or his or her attorney):
_____ by U. S. Mail
_____ by hand delivery in open court (Petitioner must acknowledge receipt in writing on the face of the original order--see below.)
_____by e-mail to designated e-mail address(es)

Respondent (or his or her attorney):
_____forwarded to sheriff for service
_____ by hand delivery in open court (Respondent must acknowledge receipt in writing on the face of the original order--see below.)
_____ by certified mail (may only be used when Respondent is present at the hearing and Respondent fails or refuses to acknowledge the receipt of a certified copy of this injunction.)

_____ State Attorney's Office
_____ Batterer's intervention program (if ordered)
_____State Disbursement Unit (if ordered)
_____Central Depository (if ordered)
_____ Department of Revenue
_____ Other_____

I CERTIFY the foregoing is a true copy of the original Final Judgment of Injunction for Protection Against Domestic Violence with Minor Child(ren) as it appears on file in the office of the Clerk of the Circuit Court of _____ County, Florida, and that I have furnished copies of this order as indicated above.
CLERK OF THE CIRCUIT COURT

Florida Supreme Court Approved Family Law Form 12.980(d)(1), Final Judgment of Injunction for Protection Against Domestic Violence with Minor Child(ren) (After Notice) (03/15)

(SEAL)

By: _____

    *{Deputy Clerk or Judicial Assistant}*

## ACKNOWLEDGMENT

I, *{Name of Petitioner}*_____, acknowledge receipt of a certified copy of this Injunction for Protection.

Petitioner_____

## ACKNOWLEDGMENT

I, *{Name of Respondent}*_____, acknowledge receipt of a certified copy of this Injunction for Protection.

Respondent_____

Florida Supreme Court Approved Family Law Form 12.980(d)(1), Final Judgment of Injunction for Protection Against Domestic Violence with Minor Child(ren) (After Notice) (03/15)

- 518 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,

Petitioner,

and

_____,

Respondent.

# FINAL JUDGMENT OF INJUNCTION
# FOR PROTECTION AGAINST DOMESTIC VIOLENCE
# WITHOUT MINOR CHILD(REN) (AFTER NOTICE)

The Petition for Injunction for Protection Against Domestic Violence under Section 741.30, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter.

**It is intended that this protection order meet the requirements of 18 U.S.C. Section 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.**

**SECTION I.  HEARING**

This cause came before the Court for a hearing to determine whether an Injunction for Protection Against Domestic Violence in this case should be:

_____ issued_____ modified _____ extended.

The hearing was attended by:
_____ Petitioner
_____ Petitioner's Counsel
_____ Respondent
_____ Respondent's Counsel

**SECTION II.  FINDINGS**

On *{date}* _____, a notice of this hearing was served on Respondent together with a copy of Petitioner's petition to this Court and the temporary injunction, if issued. Service was within the time required by Florida law, and Respondent was afforded an opportunity to be heard.

Florida Supreme Court Approved Family Law Form 12.980(d)(2), Final Judgment of Injunction for Protection Against Domestic Violence without Minor Child(ren) (After Notice) (03/15)

- 519 -

After hearing the testimony of each party present and of any witnesses, or upon consent of Respondent, the Court finds, based on the specific facts of this case, that Petitioner is a victim of domestic violence or has reasonable cause to believe that he/she is in imminent danger of becoming a victim of domestic violence by Respondent.

## SECTION III.  INJUNCTION AND TERMS

**This injunction shall be in full force and effect until \_\_\_\_ further order of the Court or \_\_\_\_ {date}_____. This injunction is valid and enforceable in all counties of the State of Florida.  The terms of this injunction may not be changed by either party alone or by both parties together.  Only the Court may modify the terms of this injunction.  Either party may ask the Court to change or end this injunction at any time.**

**Any violation of this injunction, whether or not at the invitation of Petitioner or anyone else, may subject Respondent to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment.  Certain willful violations of the terms of this injunction, such as:  refusing to vacate the dwelling that the parties share; going to or being within 500 feet of Petitioner's residence, going to Petitioner's place of employment, school, or other place prohibited in this injunction; telephoning, contacting or communicating with Petitioner if prohibited by this injunction; knowingly or intentionally coming within 100 feet of Petitioner's motor vehicle, whether or not it is occupied; defacing or destroying Petitioner's personal property; refusing to surrender firearms or ammunition if ordered to do so by the court; or committing an act of domestic violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes.  In addition, it is a federal criminal felony offense, punishable by up to life imprisonment, depending on the nature of the violation, to cross state lines or enter Indian country for the purpose of engaging in conduct that is prohibited in this injunction.  18 U.S.C. Section 2262.**

**ORDERED and ADJUDGED:**

1.       **Violence Prohibited.**  Respondent shall not commit, or cause any other person to commit, any acts of domestic violence against Petitioner.  Domestic violence includes:  assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, false imprisonment, or any other criminal offense resulting in physical injury or death to Petitioner or any of Petitioner's family or household members.  Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.

2.       **No Contact.  Respondent shall have no contact with the Petitioner unless otherwise provided in this section.**
a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner.  Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner.  Further, Respondent shall not contact or have any third party

Florida Supreme Court Approved Family Law Form 12.980(d)(2), Final Judgment of Injunction for Protection Against Domestic Violence without Minor Child(ren) (After Notice) (03/15)

contact anyone connected with Petitioner's employment or school to inquire about Petitioner or to send any messages to Petitioner. Unless otherwise provided herein, **Respondent shall not go to, in, or within 500 feet of:** Petitioner's current residence *{list address}*

or any residence to which Petitioner may move; Petitioner's current or any subsequent place of employment *{list address of current employment}*

or place where Petitioner attends school *{list address of school}* ;

or the following other places (if requested by Petitioner) where Petitioner or Petitioner's minor child(ren) go often:

.

Respondent may not knowingly come within 100 feet of Petitioner's automobile at any time.

      b. Other provisions regarding contact: 

3.      **Firearms. Unless paragraph a. is initialed below, Respondent shall not have in his or her care, custody, possession or control any firearm or ammunition. It is a violation of Section 790.233, Florida Statutes, and a first degree misdemeanor, for the Respondent to have in his or her care, custody, possession or control any firearm or ammunition.**

      *{Initial **if** applies; write N/A **if not** applicable}*

      a.    Respondent is a state or local officer as defined in section 943.10(14), Florida Statutes, who holds an active certification, who receives or possesses a firearm or ammunition for use in performing official duties on behalf of the officer's employing agency and is not prohibited by the court from having in his or her care, custody, possession or control a firearm or ammunition. The officer's employing agency may prohibit the officer from having in his or her care, custody, possession or control a firearm or ammunition.

      b.    Respondent shall surrender any firearms and ammunition in the Respondent's possession to the            County Sheriff's Department.

      c.    Other directives relating to firearms and ammunition:

**NOTE: RESPONDENT IS ADVISED THAT IT IS A FEDERAL CRIMINAL FELONY OFFENSE TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE WHILE SUBJECT TO SUCH AN INJUNCTION. 18 U.S.C. SECTION 922(g)(8).**

Florida Supreme Court Approved Family Law Form 12.980(d)(2), Final Judgment of Injunction for Protection Against Domestic Violence without Minor Child(ren) (After Notice) (03/15)

- 521 -

4. **Evaluation/Counseling.**
   *{Initial **all** that apply; write N/A **if does not** apply}*

a.  The Court finds that Respondent has:

i.  \_\_\_\_willfully violated the ex parte injunction;

ii.  \_\_\_\_been convicted of, had adjudication withheld on, or pled nolo contendere to a crime involving violence or a threat of violence; and/or

iii.  \_\_\_\_in this state or any other state, had at any time a prior injunction for protection entered against the respondent after a hearing with notice.

*Note:  If Respondent meets any of the above enumerated criteria, the Court must order the Respondent to attend a batterers' intervention program unless it makes written factual findings stating why such a program would not be appropriate.  See Section 741.30(6)(e), Florida Statutes.*

b.  Within \_\_\_\_10 days \_\_\_\_ days, (but no more than 10 days) of the date of this injunction, Respondent shall enroll in and thereafter without delay complete the following, and Respondent shall provide proof of such enrollment to the Clerk of Circuit Court within      \_\_\_\_ 30 days \_\_\_\_\_ days, (but no more than 30 days) of the date of this injunction:

   i.  \_\_\_\_A certified batterers' intervention program from a list of programs to be provided by the Court or any entity designated by the Court.  Respondent shall also successfully complete any substance abuse or mental health evaluation that the assessing program counselor deems necessary as a predicate to completion of the batterers' intervention program.

ii.  \_\_\_\_A substance abuse evaluation at: _____
      or a similarly qualified facility and any substance abuse treatment recommended by that evaluation.

iii.  \_\_\_\_A mental health evaluation by a licensed mental health professional at: _____
      _____or any other similarly qualified facility and any mental health treatment recommended by that evaluation.

iv.  \_\_\_\_Other: _____
      _____

c.  \_\_\_\_Although Respondent meets the statutory mandate of attendance at a batterers' intervention program, the Court makes the following written findings as to why the condition of batterers' intervention program would be inappropriate: _____
_____
_____
_____

Florida Supreme Court Approved Family Law Form 12.980(d)(2), Final Judgment of Injunction for Protection Against Domestic Violence without Minor Child(ren) (After Notice) (03/15)

- 522 -

d.	_____Petitioner is referred to a certified domestic violence center and is provided with a list of certified domestic violence centers in this circuit, which Petitioner may contact.

5.	**Mailing Address or Designated E-Mail Address(es).**  Respondent shall notify the Clerk of the Court of any change in either his or her mailing address, or designated e-mail address(es), within 10 days of the change.  All further papers (excluding pleadings requiring personal service) shall be served either by mail to Respondent's last known mailing address or by e-mail to Respondent's designated e-mail address(es).  Service shall be complete upon mailing or emailing.

6.	**Other provisions necessary to protect Petitioner from domestic violence:**_____

_____
_____
_____
_____
_____
_____
_____

**TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME**
*[Initial **if** applies; write N/A **if not** applicable]*
7.	_____**Possession of the Home.** _____ Petitioner _____ Respondent shall have temporary exclusive use and possession of the dwelling located at: _____
_____.

8.	_____**Transfer of Possession of the Home.**  A law enforcement officer with jurisdiction over the home shall accompany _____ Petitioner _____ Respondent to the home, and shall place
_____ Petitioner _____Respondent in possession of the home.

9.	_____**Personal Items.** _____ Petitioner _____ Respondent, **in the presence of a law enforcement officer**, may return to the premises described above
_____ on _____, at _____a.m./p.m., or
_____ at a time arranged with the law enforcement department with jurisdiction over the home, accompanied by a law enforcement officer only, for the purpose of obtaining his or her clothing and items of personal health and hygiene and tools of the trade.  A law enforcement officer with jurisdiction over the premises shall go with _____ Petitioner _____Respondent to the home and stand by to insure that he/she vacates the premises with only his/her personal clothing, toiletries, tools of the trade, and any items listed in paragraph 10 below.  The law enforcement agency shall not be responsible for storing or transporting any property.  **IF THE RESPONDENT IS NOT AWARDED POSSESSION OF THE HOME AND GOES TO THE HOME WITHOUT A LAW ENFORCEMENT OFFICER, IT IS A VIOLATION OF THIS INJUNCTION.**

10.	_____The following other personal possessions may also be removed from the premises at this time: __

Florida Supreme Court Approved Family Law Form 12.980(d)(2), Final Judgment of Injunction for Protection Against Domestic Violence without Minor Child(ren) (After Notice) (03/15)

_____
_____.

11. _____Other:_____
_____
_____
_____.

**TEMPORARY SUPPORT**

12. **Temporary Alimony.**
    *{Initial **all** that apply; write N/A **if does not** apply}*
    a.  _____The court finds that there is a need for temporary alimony and that _____ Petitioner _____Respondent (hereinafter Obligor) has the present ability to pay alimony and shall pay temporary alimony to _____ Petitioner _____ Respondent (hereinafter Obligee) in the amount of per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month _____ other *{explain}* _____
_____
                       beginning *{date}* _____.  This alimony shall continue until modified by court order, until a final judgment of dissolution of marriage is entered, until Obligee dies, until this injunction expires, or until *{date}* _____, whichever occurs first.

    b.  _____The _____ Petitioner _____ Respondent shall be required to maintain health insurance coverage for the other party.  Any uncovered medical costs for the party awarded alimony shall be assessed as follows: _____.
    c.  _____Other provisions relating to alimony: _____
_____

13. **Method of Payment.**
    *[Initial **one** only]*
a.        _____Obligor shall pay any temporary court-ordered alimony through income deduction, and such support shall be paid to either the State Disbursement Unit or the central depository.  Obligor is individually responsible for paying this support obligation in the event that all or any portion of said support is not deducted from Obligor's income. Obligor shall also pay any service charge required by statute. Until alimony payments are deducted from Obligor's paycheck pursuant to the Income Deduction Order, Obligor is responsible for making timely payments directly to either the State Disbursement Unit or the central depository.

b.        _____Temporary alimony shall be paid through either the State Disbursement Unit or the central depository. Obligor shall also pay any applicable service charge required by statute.

    c.  _____Other provisions relating to method of payment: _____
_____

Florida Supreme Court Approved Family Law Form 12.980(d)(2), Final Judgment of Injunction for Protection Against Domestic Violence without Minor Child(ren) (After Notice) (03/15)

_____
_____
_____ .

**SECTION IV.  OTHER SPECIAL PROVISIONS**
*{This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.}*

_____
_____

_____
_____

_____
_____.

**SECTION V.   DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION**
***{Unless ordered otherwise by the judge, all provisions in this injunction are considered mandatory provisions and should be interpreted as part of this injunction.}***


1.      **This injunction is valid in all counties of the State of Florida.**  Violation of this injunction should be reported to the appropriate law enforcement agency.  Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without warrant pursuant to section 901.15, Florida Statutes, for any violation of its provisions, except those regarding child support and/or alimony, which constitutes a criminal act under section 741.31, Florida Statutes.  **When inconsistent with this order, any subsequent court order issued under Chapter 61, Florida Statutes, shall take precedence over this order on all matters relating to property division, alimony, child custody, or child support.**

2.      THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA, AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES.  The arresting agent shall notify the State Attorney's Office immediately after arrest.

3.      **Reporting alleged violations.**  If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation, or Petitioner may contact the State Attorney's office for assistance in filing an action for indirect civil contempt or indirect criminal contempt.  Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt

Florida Supreme Court Approved Family Law Form 12.980(d)(2), Final Judgment of Injunction for Protection Against Domestic Violence without Minor Child(ren) (After Notice) (03/15)

proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.

4.        Respondent, upon service of this injunction, shall be deemed to have knowledge of and to be bound by all matters occurring at the hearing and on the face of this injunction.

5.        The temporary injunction, if any, entered in this case is extended until such time as service of this injunction is effected upon Respondent.


DONE AND ORDERED in _____, Florida on _____.



_____
CIRCUIT        JUDGE


Sheriff of _____ County

Petitioner (or his or her attorney):
_____ by U. S. Mail
_____ by hand delivery in open court (Petitioner must acknowledge receipt in writing on the face of the
        original order--see below.)
_____by e-mail to designated e-mail address(es)

Respondent (or his or her attorney):
_____forwarded to sheriff for service
_____ by hand delivery in open court (Respondent must acknowledge receipt in writing on the face of the
        original order--see below.)
_____ by certified mail (may only be used when Respondent is present at the hearing and Respondent
        fails or refuses to acknowledge the receipt of a certified copy of this injunction.)

_____ State Attorney's Office
_____ Batterer's intervention program (if ordered)
_____State Disbursement Unit (if ordered)
_____Central Depository (if ordered)
_____ Department of Revenue
_____ Other_____



Florida Supreme Court Approved Family Law Form 12.980(d)(2), Final Judgment of Injunction for Protection Against Domestic Violence without Minor Child(ren) (After Notice) (03/15)

I CERTIFY that a copy of the original Final Judgment of Injunction for Protection Against Domestic Violence without Minor Child(ren) was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand-delivered to the parties and any entities listed below on *{date}*_____.

CLERK OF THE CIRCUIT COURT

(SEAL)

By: _____
   *Deputy Clerk or Judicial Assistant*

Sheriff of _____ County

Petitioner (or his or her attorney):
_____ by U. S. Mail
_____ by hand delivery in open court (Petitioner must acknowledge receipt in writing on the face of the original order--see below.)

Respondent (or his or her attorney):
_____ forwarded to sheriff for service
_____ by hand delivery in open court (Respondent must acknowledge receipt in writing on the face of the original order--see below.)
_____ by certified mail (may only be used when Respondent is present at the hearing and Respondent fails or refuses to acknowledge the receipt of a certified copy of this injunction.)

_____ State Attorney's Office
_____ Batterer's intervention program (if ordered)
_____ State Disbursement Unit (if ordered)
_____ Central Depository (if ordered)
_____ Department of Revenue
_____ Other_____

**ACKNOWLEDGMENT**

Florida Supreme Court Approved Family Law Form 12.980(d)(2), Final Judgment of Injunction for Protection Against Domestic Violence without Minor Child(ren) (After Notice) (03/15)

I, *{Name of Petitioner}*_____, acknowledge receipt of a certified copy of this Injunction for Protection.


_____

Petitioner


## ACKNOWLEDGMENT

I, *{Name of Respondent}*_____, acknowledge receipt of a certified copy of this Injunction for Protection.


_____

Respondent

Florida Supreme Court Approved Family Law Form 12.980(d)(2), Final Judgment of Injunction for Protection Against Domestic Violence without Minor Child(ren) (After Notice) (03/15)

- 528 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,
Petitioner,
and

_____,
Respondent.

# ORDER OF DISMISSAL OF TEMPORARY INJUNCTION FOR PROTECTION AGAINST (   ) DOMESTIC VIOLENCE (   ) REPEAT VIOLENCE (   ) DATING VIOLENCE (   ) SEXUAL VIOLENCE (   ) STALKING

THIS CAUSE came before the Court on *{date}* _____, upon Petitioner's action for an injunction for protection against: domestic violence; repeat, dating, or sexual violence; or stalking. Based upon the following circumstances, the Court dismisses the Petition:

*{Indicate **all** that apply}*

a. _____ Petitioner failed to appear at the hearing scheduled in this cause.

b. _____ Petitioner appeared at the hearing but desires to voluntarily dismiss this action.

c. _____ The evidence presented is insufficient under Florida law (sections 741.30, 784.046, or 784.0485, Florida Statutes) to allow the Court to issue an injunction for protection against domestic, repeat, dating, or sexual violence; or stalking.

Accordingly, the case is dismissed without prejudice.

DONE AND ORDERED in_____, Florida on _____.

_____
CIRCUIT JUDGE

Florida Supreme Court Approved Family Law Form 12.980(e), Order of Dismissal of Temporary Injunction for Protection Against Domestic Violence, Repeat Violence, Dating Violence, Sexual Violence, or Stalking (03/15)

COPIES TO:

Sheriff of _____ County

Petitioner:
_____by U.S. Mail
_____ by hand delivery in open court
_____ by e-mail to designated e-mail address(es)

Respondent:
_____by U.S. Mail
_____by hand delivery in open court
_____ by e-mail to designated e-mail address(es)

_____State's Attorney's Office

_____Other: _____

I CERTIFY the foregoing is a true copy of the original **Order of Dismissal of Temporary Injunction** as it appears on file in the office of the Clerk of the Circuit Court of _____ County, Florida, and that I have furnished copies of this order as indicated above.

CLERK OF THE CIRCUIT COURT

(SEAL)

By: _____
      *{Deputy Clerk or Judicial Assistant}*

Florida Supreme Court Approved Family Law Form 12.980(e), Order of Dismissal of Temporary Injunction for Protection Against Domestic Violence, Repeat Violence, Dating Violence, Sexual Violence, or Stalking (03/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(f)
# PETITION FOR INJUNCTION FOR
# PROTECTION AGAINST REPEAT VIOLENCE (03/15)

## When should this form be used?

If you or a member of your immediate family are a victim of **repeat violence**, you can use this form to ask the court for a protective order prohibiting repeat violence. Repeat violence means that **two** incidents of violence have been committed against you or a member of your immediate family by another person, **one of which must have been within 6 months of filing this petition.** Repeat violence includes assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death. Because you are making a request to the court, you are called the **petitioner**. The person whom you are asking the court to protect you from is called the **respondent**. If you are under the age of eighteen and have never been married or had the disabilities of nonage removed by a court, one of your parents or your legal guardian must sign this petition on your behalf.

The parent or legal guardian of any minor child *who is living at home* may seek an injunction for protection against repeat violence on behalf of the minor child. With respect to a minor child who is living at home, the parent or legal guardian must have been an eye-witness to, or have direct physical evidence or **affidavits** from eye-witnesses of, the specific facts and circumstances that form the basis of the petition.

If the respondent is your **spouse**, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your child(ren), whether or not you have ever been married or ever lived together, you should use **Petition for Injunction for Protection Against Domestic Violence**, Florida Supreme Court Approved Family Law Form 12.980(a), rather than this form.

This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it the presence of a notary or in front of the **clerk of the circuit court** in the county where you live. The clerk will take your completed petition to a **judge**. You should keep a copy for your records. If have any questions or need assistance completing this form, the clerk or **family law intake staff** will help you.

## What should I do if the judge grants my petition?

If the facts contained in your petition convince the judge that you or a member of your immediate family are a victim of repeat violence and that an **immediate and present danger of repeat violence** to you or that family exists, the judge will sign a **Temporary Injunction for Protection Against Repeat**

Instructions for Florida Supreme Court Approved Family Law Form 12.980(f), Petition for Injunction for Protection Against Repeat Violence (03/15)

- 531 -

**Violence**, Florida Supreme Court Approved Family Law Form 12.980(k).  A temporary injunction is issued without notice to the respondent.  The clerk will give your **petition**, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for **personal service** on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it.  It lasts until a full **hearing** can be held or for a period of 15 days, whichever comes first.  The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain **service** on the respondent.

The temporary injunction is issued **ex parte**.  This means that the judge has considered only the information presented by one side--YOU.  Section I of the temporary injunction gives a date that you should appear in court for a hearing. You will be expected to testify about the facts in your petition.  The respondent will be given the opportunity to testify at this hearing, also.  At the hearing, the judge will decide whether to issue a **Final Judgment of Injunction for Protection Against Repeat Violence (After Notice)**, Florida Supreme Court Approved Family Law Form 12.980(l), which will remain in effect for a specific time period or until modified or dissolved by the court.  **If you and/or the respondent do not appear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs. You and respondent will be bound by the terms of any injunction or order issued at the final hearing.**

**IF EITHER YOU OR RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, YOU WILL BOTH BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED IN THIS MATTER.**

If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies.  **Make sure that you keep one certified copy of the injunction with you at all times**!

## What can I do if the judge denies my petition?

If your petition is denied on the grounds that it appears to the court that no immediate and present danger of repeat violence exists, the court will set a full hearing on your petition.  The respondent will be notified by **personal service** of your petition and the hearing.  If your petition is denied, you may: amend your petition by filing a **Supplemental Affidavit in Support of Petition for Injunction for Protection**, Florida Supreme Court Approved Family Law Form 12.980(g); attend the hearing and present facts that support your petition; and/or dismiss your petition.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.**   The words that are in **bold underline** are defined in that section.  The clerk of the circuit court or **family law intake staff** will help you complete any necessary forms.  For further information, see Section 784.046, Florida Statutes, and Rule 12.610, Florida Family Law Rules of Procedure.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(f), Petition for Injunction for Protection Against Repeat Violence (03/15)

- 532 -

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**


## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(f), Petition for Injunction for Protection Against Repeat Violence (03/15)

- 533 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# PETITION FOR INJUNCTION FOR PROTECTION
# AGAINST REPEAT VIOLENCE

I, *{full legal name}*_____, being sworn, certify that the following statements are true:

## SECTION I.  PETITIONER
(This section is about you. It must be completed.)

1.      Petitioner currently lives at the following address: *{address, city, state, zip code}* _____
_____.

*[Indicate **if** applicable]*
_____**Petitioner seeks an injunction for protection on behalf of a minor child.**  Petitioner is the parent or legal guardian of *{full legal name}*_____, a minor child who is living at home.

2.      Petitioner's attorney's name, address, and telephone number is: _____
_____.
(If you do not have an attorney, write "none.")

## SECTION II. RESPONDENT
(This section is about the person you want to be protected from. It must be completed.)

1.      Respondent currently lives at the following address: *{address, city, state, and zip code}* _____
_____.
Respondent's Driver's License number is: *{if known}* _____.

2.      Petitioner has known Respondent since: *{date}* _____.

Florida Supreme Court Approved Family Law Form 12.980(f), Petition for Injunction for Protection Against Repeat Violence (03/15)

3.      Respondent's last known place of employment: _____
Employment address: _____
Working hours: _____

4.      Physical description of Respondent:
Race: _____ Sex: Male _____ Female _____ Date of Birth: _____
Height: _ Weight: _____ Eye Color: _____ Hair Color: ___
Distinguishing marks and/or scars: _____
Vehicle: (make/model) _____ Color: _____ Tag Number: _____

5.      Other names Respondent goes by (aliases or nicknames): _____

6.      Respondent's attorney's name, address, and telephone number is: _____
_____.
(If you do not know whether Respondent has an attorney, write "unknown."  If Respondent does not have an attorney, write "none.")

**SECTION III.  CASE HISTORY AND REASON FOR SEEKING PETITION** (This section must be completed.)

1.      Has Petitioner ever received or tried to get an injunction for protection against domestic violence, repeat violence, dating violence, or sexual violence against Respondent in this or any other court?
_____ Yes  _____ No   If yes, what happened in that case? *{include case number, if known}*
_____
_____

2.      Has Respondent ever received or tried to get an injunction for protection against domestic violence, repeat violence, dating violence, or sexual violence against Petitioner in this or any other court?
_____ Yes  _____ No If yes, what happened in that case? *{include case number, if known}*
_____
_____

3.      Describe **any other** court case that is either going on now or that happened in the past **between Petitioner and Respondent** *{include case number, if known}*:
_____
_____

4.      Respondent has directed at least two incidents of violence, meaning assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death against Petitioner or a member of Petitioner's immediate family.  One of these two incidents of violence has occurred within 6 months of the date of filing of this petition.  The most recent incident (including date and location) is

Florida Supreme Court Approved Family Law Form 12.980(f), Petition for Injunction for Protection Against Repeat Violence (03/15)

- 535 -

described below.

On *{date}* _____, at *{location}* _____,
Respondent _____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

_____Please indicate here if you are attaching additional pages to continue these facts.

5.      Other prior incidents (including dates and location) are described below:

On *{date}* _____, at *{location}* _____,
Respondent _____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

_____Please indicate here if you are attaching additional pages to continue these facts.

6.      Petitioner genuinely fears repeat violence by Respondent.  Explain:_____
_____
_____
_____
_____
_____
_____
_____.

7.      **Additional Information**

Florida Supreme Court Approved Family Law Form 12.980(f), Petition for Injunction for Protection Against Repeat Violence (03/15)

*[Choose **all** that apply]*

a. \_\_\_\_Respondent owns, has, and/or is known to have guns or other weapons. Describe weapon(s): 

_____ .

b. \_\_\_\_This or prior acts of repeat violence have been previously reported to: *{person or agency}* 

_____ .

**SECTION IV. INJUNCTION**   (This section must be completed.)

1. \_\_\_\_Petitioner asks the Court to enter a TEMPORARY INJUNCTION for protection against repeat violence that will be in place from now until the scheduled hearing in this matter.

2. \_\_\_\_Petitioner asks the Court to enter, after a hearing has been held on this petition, a final judgment of injunction prohibiting Respondent from committing any acts of violence against Petitioner **and**:

a. prohibiting Respondent from going to or within 500 feet of any place Petitioner lives;

b. prohibiting Respondent from going to or within 500 feet of Petitioner's place(s) of employment or the school that Petitioner attends; the address of Petitioner's place(s) of employment and/or school is:_____

_____ ;

c. prohibiting Respondent from contacting Petitioner by telephone, mail, by e-mail, in writing, through another person, or in any other manner;

d. ordering Respondent not to use or possess any guns or firearms;

*[Indicate **all** that apply]*

e. \_\_\_\_ prohibiting Respondent from going to or within 500 feet of the following place(s) Petitioner or Petitioner's immediate family must go to often: _____

_____ .

f. \_\_\_\_ prohibiting Respondent from knowingly and intentionally going to or within 100 feet of Petitioner's motor vehicle; and any other terms the Court deems necessary for the safety of Petitioner and Petitioner's immediate family.

 **I UNDERSTAND THAT BY FILING THIS PETITION, I AM ASKING THE COURT TO HOLD A HEARING ON THIS PETITION, THAT BOTH THE RESPONDENT AND I WILL BE NOTIFIED OF THE HEARING, AND THAT I MUST APPEAR AT THE HEARING.  I UNDERSTAND THAT IF EITHER RESPONDENT OR I FAIL TO APPEAR AT THE FINAL HEARING, WE WILL BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED**

Florida Supreme Court Approved Family Law Form 12.980(f), Petition for Injunction for Protection Against Repeat Violence (03/15)

**AT THAT HEARING.**

**I UNDERSTAND THAT I AM SWEARING OR AFFIRMING UNDER OATH TO THE TRUTHFULNESS OF THE CLAIMS MADE IN THIS PETITION AND THAT THE PUNISHMENT FOR KNOWINGLY MAKING A FALSE STATEMENT INCLUDES FINES AND/OR IMPRISONMENT.**

Dated: _____          _____
Signature of Petitioner

Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____

Designated E-Mail Address(es): _____

STATE OF FLORIDA
COUNTY OF _____.

Sworn to or affirmed and signed before me on _____ by _____.



_____
NOTARY PUBLIC or DEPUTY CLERK


_____
*{Print, type, or stamp commissioned name of notary or clerk}*
_____ Personally known
_____ Produced identification
Type of identification produced _____

Florida Supreme Court Approved Family Law Form 12.980(f), Petition for Injunction for Protection Against Repeat Violence (03/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(g)
# SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF PETITION FOR INJUNCTION FOR PROTECTION AGAINST DOMESTIC, REPEAT, DATING, OR SEXUAL VIOLENCE, OR STALKING (03/15)

## When should this form be used?

You may use this form if your **Petition for Injunction for Protection Against Domestic Violence**, Florida Supreme Court Approved Family Law Form 12.980(a), your **Petition for Injunction for Protection Against Repeat Violence**, Florida Supreme Court Approved Family Law Form 12.980(f), your **Petition for Injunction for Protection Against Dating Violence**, Florida Supreme Court Approved Family Law Form 12.980(n), your **Petition for Injunction for Protection Against Sexual Violence,** Florida Supreme Court Approved Family Law Form 12.890(q), or your **Petition for Injunction for Protection Against Stalking,** Florida Supreme Court Approved Family Law Form 12.980(t),was denied by the **judge**.

You should use this supplemental **affidavit** to add facts or clarify the facts you wrote in your original **petition**.

For a domestic violence case, you should include facts that establish that you have been a victim of violence or are in **imminent** danger of becoming a victim of violence from the **respondent**.

For a repeat violence case, you should include facts that establish that you or a member of your immediate family have or has been a victim of at least two prior incidents of violence, that one of those incidents occurred within the last six months and that there is an immediate and present risk of danger to you or a member of your immediate family.

For a dating violence case, you should include fact that establish that you have been a victim of violence or are in imminent danger of becoming a victim of violence from the **respondent** who is an individual with whom you have or have had a continuing and significant relationship of a romantic or intimate nature, to be determined by consideration of such facts as: whether the dating relationship existed within the past six months; whether the nature of the relationship included an expectation of affection or sexual involvement; and whether the frequency and type of interaction between you and the individual included involvement over time and on a continued basis. Dating violence does not include violence in a casual acquaintanceship or violence between individuals who have only engaged in ordinary fraternization in a business or social context.

For a sexual violence case, you should include facts that establish that you are a victim of sexual violence or the parent of a minor child living at home who is a victim of sexual violence, and that you have reported the sexual violence to law enforcement and are cooperating in the criminal proceeding if there is one. If the respondent was in state prison for sexual violence against you or the minor child and the

Instructions for Florida Supreme Court Approved Family Law Form 12.980(g), Supplemental Affidavit in Support of Petition for Injunction for Protection Against Domestic, Repeat, Dating, or Sexual Violence, or Stalking (03/15)

- 539 -

respondent is out of prison or is getting out within 90 days of the petition, include that information in your supplemental affidavit, along with a copy of the notice of inmate release.

For a stalking case, you should include facts that establish that you are either a victim of stalking or cyberstalking, or that you are the parent or legal guardian of a minor child living at home who is a victim of stalking or cyberstalking. The facts must establish that stalking exists in order for the judge to order a temporary injunction for protection against stalking. Please be specific as to where the incidents of stalking took place. These locations may include, but need not be limited to, a home, school, or place of employment. For cyberstalking, please include a description of all evidence of contacts and/or threats made by the respondent in voice messages, texts, emails, or other electronic communication.

This form should be typed or printed in black ink.  After completing this form, you should sign the form before a **notary public** or the **clerk of the circuit court**.  You should then **file** the original with the clerk in the county where the petition was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

After you complete this supplemental affidavit, the clerk will attach it to your original petition and all the documents will be submitted to the judge as your Amended Petition.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.**  If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(g), Supplemental Affidavit in Support of Petition for Injunction for Protection Against Domestic, Repeat, Dating, or Sexual Violence, or Stalking (03/15)

- 540 -

Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(g), Supplemental Affidavit in Support of Petition for Injunction for Protection Against Domestic, Repeat, Dating, or Sexual Violence, or Stalking (03/15)

- 541 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,

Petitioner,

and

_____,

Respondent.

# SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF PETITION FOR INJUNCTION FOR PROTECTION AGAINST
## (   ) DOMESTIC VIOLENCE (   ) REPEAT VIOLENCE
## (   ) DATING VIOLENCE   (   ) SEXUAL VIOLENCE (   ) STALKING

I, {full legal name} _____, being sworn, certify that the following statements are true:

*{Please complete all paragraphs that relate to your case}*

1.     On {date} _____, at {place and address} _____
_____,
Respondent said or did the following things that hurt me or a member of my immediate family and made me afraid for my or my family member's safety:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

_____Please indicate here if you are attaching additional pages to continue these facts.

Florida Supreme Court Approved Family Law Form 12.980(g), Supplemental Affidavit in Support of Petition for Injunction for Protection Against Domestic, Repeat, Dating, or Sexual Violence, or Stalking  (03/15)

2.	On *{date}* _____ , at *{place and address}* _____
_____ ,
the following event(s) took place: _____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .
_____ Please indicate here if you are attaching additional pages to continue these facts.

3.	On *{date}* _____ the following incidents of stalking occurred at the following locations: *{the locations may include, but need not be limited to, a home, school, or place of employment}* _____
_____
_____
_____
_____ .
For cyberstalking, the following is a description of all evidence of contacts and/or threats made by Respondent in voice messages, texts, emails, or other electronic communication: _____
_____
_____
_____
_____ .
_____ Please indicate here if you are attaching additional pages to continue these facts.

4.	_____ Please indicate here if you are attaching copies of medical records for treatment you may have received for injuries referred to in your petition or in this supplemental affidavit, copies of any police or sheriff reports concerning incidents of violence involving you and Respondent, or any notice of inmate release.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this supplemental affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**


Dated: _____

_____
Signature of Petitioner


STATE OF FLORIDA
COUNTY OF

Sworn to or affirmed and signed before me on _____ by _____.


_____
NOTARY PUBLIC or DEPUTY CLERK


_____
*{Print, type, or stamp commissioned name of notary or clerk}*

_____ Personally known
_____ Produced identification
 Type of identification produced


Florida Supreme Court Approved Family Law Form 12.980(g), Supplemental Affidavit in Support of Petition for Injunction for Protection Against Domestic, Repeat, Dating, or Sexual Violence, or Stalking  (03/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(h)
# REQUEST FOR CONFIDENTIAL FILING OF ADDRESS (03/15)

## When should this form be used?

If you fear that disclosing your address would put you in danger because you are the victim of sexual battery, aggravated child abuse, stalking, aggravated stalking, harassment, aggravated battery, or domestic violence, you should complete this form and **file** it with the **clerk of the circuit court**.

This form should be typed or printed in black ink. After completing this form, you should **file** the original with the clerk of the circuit court in the county where your petition was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

Instructions for Florida Supreme Court Approved Family Law Form 12.980(h), Request for Confidential Filing of Address (03/15)

- 545 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,
and

_____,
Respondent.

# REQUEST FOR CONFIDENTIAL FILING OF ADDRESS

I, *{full legal name}* _____, request that the Court maintain and hold as confidential, the following address:

Address _____

_____

City _____ State _____ Zip _____
Telephone (area code and number) _____

This request is being made for the purpose of keeping the location of my residence unknown for safety reasons pursuant to section 119.071(2)(j)1, section 784.0485(3)(b)1, Florida Statutes, or other statutory provision providing for the separate confidential filing for safety reasons.

Dated: _____ _____
Signature

### CLERK'S CERTIFICATE AS TO REQUEST FOR
### CONFIDENTIAL FILING OF ADDRESS

I, _____, as Clerk of the Circuit Court, do hereby certify that I received and filed the above and will keep the above address confidential, subsequent to further order of the Court relative to such confidentiality.

CLERK OF THE CIRCUIT COURT

(SEAL)

By: _____
     *{Deputy Clerk}*

Florida Supreme Court Approved Family Law Form 12.980(h), Request for Confidential Filing of Address (03/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(i)
# MOTION FOR EXTENSION OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC, REPEAT, DATING, OR SEXUAL VIOLENCE, OR STALKING (03/15)

## When should this form be used?

If you are the **petitioner** on a previously entered injunction for protection against domestic violence, repeat violence, dating violence, sexual violence, or stalking, and that injunction will soon expire, you may use this form to request that the court **extend the injunction. You must file a motion for extension BEFORE the previously entered order expires.**

This form should be typed or printed in black ink. After completing this form, you should sign it before a notary public or the **clerk of the circuit court**. You should then **file** the original with the clerk in the county where the petition was filed and keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or **family law intake staff** will help you.

## What should I do next?

For your case to proceed, you will need to set a **hearing** on your motion. You must properly notify the other party of the motion and hearing. You should check with the clerk of court for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should file **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. You will need to serve a copy of your motion and Notice of Hearing on the other party by U.S. mail, e-mail, or hand delivery. Service of your motion must be in in a manner that is reasonably calculated to apprise the other party of your motion and the hearing. Please note that if notice is mailed or e-mailed, the court in certain circumstances may not consider mailing or e-mailing to be adequate notice. If you want to be sure, you should consider using certified mail, return receipt requested, or having the motion personally served. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for **Summons: Personal Service on an Individual,** Florida Family Law Rules of Procedure Form 12.910(a).

You will need to appear at the hearing on your motion. After the hearing, if the judge grants your motion, he or she will prepare an **Order Extending Injunction for Protection Against Domestic Violence, Repeat Violence, Dating Violence, or Sexual Violence**, **or Stalking,** Florida Supreme Court Approved Family Law Form 12.980(m). After the judge signs the order, the clerk will provide you with the necessary copies. **Make sure that you keep a certified copy of the previously entered injunction AND a certified copy of the order extending that injunction with you at all times.**

Instructions for Florida Supreme Court Approved Family Law Form 12.980(i), Motion for Extension of Injunction for Protection Against Domestic, Repeat , Dating  or Sexual Violence; or Stalking (03/15)

- 547 -

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary domestic, repeat, dating, or sexual violence, or stalking forms and will answer any question that you may have.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

With this form you may also file a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h), if you fear that disclosing your address would put you in danger because you are the victim of sexual battery, aggravated child abuse, stalking, aggravated stalking, harassment, aggravated battery, or domestic violence, and you wish to keep your address confidential.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(i), Motion for Extension of Injunction for Protection Against Domestic, Repeat , Dating  or Sexual Violence; or Stalking (03/15)

When completing this form, you should make sure that your reasons for requesting that the injunction be extended are stated clearly and that you include all relevant facts.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(i), Motion for Extension of Injunction for Protection Against Domestic, Repeat , Dating  or Sexual Violence; or Stalking (03/15)

- 549 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA


Case No.: _____

Division: _____

_____,
                Petitioner,
and

_____,
                Respondent.


# MOTION FOR EXTENSION OF INJUNCTION FOR PROTECTION AGAINST
## (  ) DOMESTIC VIOLENCE (  ) REPEAT VIOLENCE
## (  ) DATING VIOLENCE   (   ) SEXUAL VIOLENCE   (   ) STALKING

I, *{full legal name}* _____, being sworn, certify that the following statements are true:

**SECTION I. PETITIONER**
(This section is about you. It must be completed; however, **if you fear that disclosing your address would put you in danger because you are the victim of sexual battery, aggravated child abuse, stalking, aggravated stalking, harassment, aggravated battery, or domestic violence**, you should complete and file **a Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h), and write "confidential" in the space provided on this form for your address and telephone number.)

1.      Petitioner currently lives at the following address: *{street address}* _____
*{city, state, and zip code}* _____
Telephone Number: *{area code and number}* _____

2.      Petitioner's attorney's name, address and telephone number is: _____
_____.
(If you do not have an attorney, write "none.")

**SECTION II.  RESPONDENT**
(This section is about the person you want to be protected from. It must be completed.)

**New** information about Respondent, since the current injunction was issued: (If known, write Respondent's new address, place of employment, physical description, vehicle, aliases or nicknames, or

Florida Supreme Court Approved Family Law Form 12.980(i), Motion for Extension of Injunction for Protection Against Domestic, Repeat, Dating or Sexual Violence; or Stalking (03/15)

attorney's name.) _____

_____

_____ .

_____ .

**SECTION III.  CASE HISTORY AND REASON FOR SEEKING EXTENSION OF INJUNCTION**

1.      Describe any attempts since the date of the current injunction by either Petitioner or Respondent to get an injunction for protection in this or any other court (other than the injunction you are asking to extend in this motion). _____

_____

_____ .

2.      Describe any other court cases (including city, state, and case numbers, if known) since the date of the current injunction between Petitioner and Respondent, including any cases involving the parties' minor child(ren), divorce, juvenile dependency, guardianship, or other civil or criminal cases. _____

_____

_____ .

3.      Petitioner requests that the previously entered injunction for protection against domestic violence, repeat violence, dating violence,  sexual violence, or stalking, be extended for the following **specific** reasons: *{State **in detail** why you wish the injunction to remain in effect.}* _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____ .

_____Please indicate here if you are attaching additional pages to continue these facts.

4.      Petitioner genuinely fears the continued threat of violence or stalking by Respondent.

**SECTION IV.  REQUESTED RELIEF**

1.      Petitioner understands that the Court will hold a hearing on this motion and that he or she must appear at the hearing.

Florida Supreme Court Approved Family Law Form 12.980(i), Motion for Extension of Injunction for Protection Against Domestic, Repeat, Dating or Sexual Violence; or Stalking (03/15)

2.      Petitioner asks the Court to enter an order in this case that extends the previously entered injunction for a period of (   ) _____ or (   ) until modified or dissolved by the court.

I certify that a copy of this document was (    ) mailed (    ) faxed and mailed (    ) e-mailed (    ) mailed by certified mail, return receipt requested, (    ) furnished to a law enforcement officer for personal service to the person(s) listed below on *{date}*_____.

**Other party or his/her attorney**:
Name:_____
Address:_____
City, State, Zip:_____
Fax Number:_____
Designated E-Mail Address(es):_____
_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Petitioner

STATE OF FLORIDA
COUNTY OF

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or clerk}*
_____ Personally known
_____ Produced identification
Type of identification produced

Florida Supreme Court Approved Family Law Form 12.980(i), Motion for Extension of Injunction for Protection Against Domestic, Repeat, Dating or Sexual Violence; or Stalking (03/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(j)
# MOTION FOR MODIFICATION OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC, REPEAT, DATING, OR SEXUAL VIOLENCE, OR STALKING (03/15)

## When should this form be used?

This form may be used if you are a **party** to a previously entered injunction for protection against domestic, repeat, dating, or sexual violence, or stalking, and you want the court to **modify the terms** of the injunction.  If you use this form, you are called the moving party.

This form should be typed or printed in black ink.  After completing this form, you should sign the form before a **notary public** or the **clerk of the circuit court**.  You should then file the original with the clerk in the county where the original petition was filed and keep a copy for your records.  **You must file a motion for modification before the previously entered order expires.**  If you have any questions or need assistance completing this form, the clerk or **family law intake staff** will help you.

## What should I do next?

For your case to proceed, you will need to set a **hearing** on your motion.  You must properly notify the other party of the motion and hearing. You should check with the clerk of court for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should file **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. You will need to serve a copy of your motion and Notice of Hearing on the other party.  Service of your motion must be in in a manner that is reasonably calculated to apprise the other party of your motion and the hearing. Please note that if notice is mailed or e-mailed, the court in certain circumstances may not consider mailing or e-mailing to be adequate notice. If you want to be sure, you should consider using certified mail, return receipt requested, or having the motion personally served.  **If you are not represented by an attorney in this action, you must file proof that the other party personally received notice of your motion.**  This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for **Summons: Personal Service on an Individual,** Florida Family Law Rules of Procedure Form 12.910(a).

You will need to appear at a hearing on your motion for modification of injunction. After the hearing, if the judge grants your motion, he or she will prepare a new injunction for protection that contains the modifications.  After the judge signs the new injunction, the clerk will provide you with the necessary copies. **Make sure that you keep a certified copy of the new injunction with you at all times!**

Instructions for Florida Supreme Court Approved Family Law Form 12.980(j), Motion for Modification of Injunction for Protection Against Domestic, Repeat, Dating or Sexual Violence, or Stalking (03/15)

- 553 -

# Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary domestic, repeat, dating, or sexual violence; or stalking forms and will answer any question that you may have.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

If the injunction you are seeking to modify is for domestic violence and you want the court to modify

Instructions for Florida Supreme Court Approved Family Law Form 12.980(j), Motion for Modification of Injunction for Protection Against Domestic, Repeat, Dating or Sexual Violence, or Stalking (03/15)

- 554 -

**alimony**, **child support**, or **time-sharing** of minor child(ren), you must establish that there has been a change in circumstance(s), as required by chapter 61, Florida Statutes, or chapter 741, Florida Statutes, as applicable, that requires this (these) modification(s). Be sure that you make these change(s) clear in your motion.

With this form you may also file the following:

- **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h), if you fear that disclosing your address would put you in danger because you are the victim of sexual battery, aggravated child abuse, stalking, aggravated stalking, harassment, aggravated battery, or domestic violence, and you wish to keep your address confidential.

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), must be completed and attached if the modification(s) you are seeking involves temporary custody of any minor child(ren).

- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), must be completed and attached if the modification(s) you are seeking involves temporary alimony or temporary child support.

When completing this form, you should make sure that your reasons for requesting that the injunction be modified are stated clearly and that you include all relevant facts.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(j), Motion for Modification of Injunction for Protection Against Domestic, Repeat, Dating or Sexual Violence, or Stalking (03/15)

- 555 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA


Case No.: _____

Division: _____

_____,
                Petitioner,
and

_____,
                Respondent.

# MOTION FOR MODIFICATION OF INJUNCTION FOR PROTECTION AGAINST ( ) DOMESTIC VIOLENCE ( ) REPEAT VIOLENCE ( ) DATING VIOLENCE ( ) SEXUAL VIOLENCE ( ) STALKING

I, {full legal name} _____, being sworn, certify that the following statements are true:

**SECTION I.  MOVING PARTY**

(This section is about you. It must be completed. However, **if you fear that disclosing your address would put you in danger because you are the victim of sexual battery, stalking, aggravated child abuse, aggravated stalking, harassment, aggravated battery, or domestic violence,** you should complete and file **a Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h), and write "confidential" in the space provided on this form for your address and telephone number.)

1.      Moving Party is the _____ Petitioner _____ Respondent in this case.

2.      Moving Party currently lives at the following address: {street address} _____
{city, state, and zip code} _____
Telephone Number: {area code and number} _____

3.      Moving Party's attorney's name, address and telephone number is: _____
_____.
(If you do not have an attorney, write "none.")

**SECTION II.  NEW INFORMATION**


Florida Supreme Court Approved Family Law Form 12.980(j), Motion for Modification of Injunction for Protection Against Domestic, Repeat, Dating or Sexual Violence, or Stalking (03/15)

**New** information since the previous injunction was issued: (If known, write the other party's new address, place of employment, physical description, vehicle, aliases or nicknames, or attorney's name.)

_____
_____
_____
_____
_____
_____ .

**SECTION III.  CASE HISTORY AND REASON FOR SEEKING MODIFICATION OF INJUNCTION**

1.      Describe any attempts since the date of the current injunction by either Petitioner or Respondent to get an injunction for protection in this or any other court (other than the injunction you are asking to modify in this motion). _____

_____
_____ .

2.      Describe any other court cases (including case numbers, if known) since the date of the current injunction between Petitioner and Respondent, including any cases involving the parties' minor child(ren), divorce, juvenile dependency, guardianship, or other civil or criminal cases. _____

_____
_____ .

3.      Moving Party requests that the previously entered injunction for protection against domestic violence, repeat violence, dating violence, sexual violence, or stalking, be modified for the following **specific** reasons: _{State why you wish the injunction to be changed.}_ _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .
_____Please indicate here if you are attaching additional pages to continue these facts.

Florida Supreme Court Approved Family Law Form 12.980(j), Motion for Modification of Injunction for Protection Against Domestic, Repeat, Dating or Sexual Violence, or Stalking (03/15)

**SECTION IV.  REQUESTED RELIEF**

1.       Moving Party understands that the Court will hold a hearing on this motion and that he or she must appear at the hearing.

2.       Moving Party asks the Court to enter an order in this case that modifies the previously entered injunction in the following ways: *{State how you wish the injunction to be changed.}* _____

_____
_____
_____
_____
_____
_____
_____
_____ .

I certify that a copy of this document was (     ) mailed (     ) faxed and mailed (    ) e-mailed (     ) mailed by certified mail, return receipt requested, (    ) furnished to a law enforcement officer for personal service to the person(s) listed below on *{date}*_____ .

**Other party or his/her attorney**:
Name:_____
Address:_____
City, State, Zip:_____
Fax Number:_____
Designated E-Mail Address(es): _____
_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____          _____
                                                            Signature of Party

STATE OF FLORIDA
COUNTY OF

Sworn to or affirmed and signed before me on _____ by _____ .

_____
NOTARY PUBLIC or DEPUTY CLERK

Florida Supreme Court Approved Family Law Form 12.980(j), Motion for Modification of Injunction for Protection Against Domestic, Repeat, Dating or Sexual Violence, or Stalking (03/15)

_____
*{Print, type, or stamp commissioned name of notary or clerk}*
_____ Personally known
_____ Produced identification
Type of identification produced _____

Florida Supreme Court Approved Family Law Form 12.980(j), Motion for Modification of Injunction for Protection Against Domestic, Repeat, Dating or Sexual Violence, or Stalking (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,
and

_____,
Respondent.

# TEMPORARY INJUNCTION FOR PROTECTION AGAINST REPEAT VIOLENCE

The Petition for Injunction for Protection Against Repeat Violence under section 784.046, Florida Statutes, and other papers filed in this Court have been reviewed.  Under the laws of Florida, the Court has jurisdiction of the petitioner and the subject matter and has jurisdiction of the respondent upon service of the temporary injunction.  The term Petitioner as used in this injunction includes the person on whose behalf this injunction is entered.

**It is intended that this protection order meet the requirements of 18 U.S.C. Section 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.**

**SECTION I.  NOTICE OF HEARING**

Because this Temporary Injunction for Protection Against Repeat Violence has been issued without notice to Respondent, the Petitioner and Respondent are instructed that they are scheduled to appear and testify at a hearing regarding this matter on *{date}*_____, at _____ a.m./p.m., when the Court will consider whether to issue a Final Judgment of Injunction for Protection Against Repeat Violence, which shall remain in effect until modified or dissolved by the Court, and whether other things should be ordered. The hearing will be before The Honorable *{name}* _____, at *{room name/number, location, address, city}* _____ _____, Florida. If Petitioner and/or Respondent do not appear, this temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs.  All witnesses and evidence, if any, must be presented at this time.  **Petitioner and Respondent will be bound by the terms of any injunction or order issued at the final hearing.**

**IF EITHER PETITIONER OR RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, HE OR SHE WILL BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED IN THIS MATTER.**

Florida Supreme Court Approved Family Law Form 12.980(k), Temporary Injunction for Protection Against Repeat Violence (03/15)

NOTICE: Because this is a civil case, there is no requirement that these proceedings be transcribed at public expense.

YOU ARE ADVISED THAT IN THIS COURT:

a. _____ a court reporter is provided by the court.

b. _____ electronic recording only is provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party's expense.

c. _____ neither electronic recording nor court reporting services are provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party's expense.

A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT AN APPEAL. THE PARTY SEEKING THE APPEAL IS RESPONSIBLE FOR HAVING THE TRANSCRIPT PREPARED BY A COURT REPORTER. THE TRANSCRIPT MUST BE FILED WITH THE REVIEWING COURT OR THE APPEAL MAY BE DENIED.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact** _____

_____
*{identify applicable court personnel by name, address, and telephone number}* **at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**SECTION II. FINDINGS**

The statements made under oath by Petitioner make it appear that Section 784.046, Florida Statutes, applies to the parties, that Petitioner is a victim of repeat violence and that an immediate and present danger of repeat violence exists to Petitioner or to a member of Petitioner's immediate family.

**SECTION III. TEMPORARY INJUNCTION AND TERMS**

**This injunction shall be effective until the hearing set above and in no event for longer than 15 days, unless extended by court order. If a final order of injunction is issued, the terms of this temporary injunction will be extended until service of the final injunction is effected upon Respondent. This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction**

Florida Supreme Court Approved Family Law Form 12.980(k), Temporary Injunction for Protection Against Repeat Violence (03/15)

**may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction.**

**Willful violation of the terms of this injunction, such as refusing to vacate the dwelling which the parties share, going to Petitioner's residence, place of employment, school, or other place prohibited in this injunction, telephoning, contacting or communicating with Petitioner, if prohibited by this injunction, or committing an act of repeat violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by Sections 775.082 and 775.083, Florida Statutes.**

**Any party violating this injunction may be subject to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment, and also may be charged with a crime punishable by a fine, jail, or both, as provided by Florida Statutes.**

**ORDERED and ADJUDGED:**

1.      **Violence Prohibited.**  Respondent shall not commit, or cause any other person to commit, any acts of violence against Petitioner, including assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment or any criminal offense resulting in physical injury or death.  Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word, or act to do violence to the Petitioner.

2.      **No Contact.  Respondent shall have no contact with Petitioner unless otherwise provided in this section.**
a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner.  Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner.  Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner's employment or school to inquire about Petitioner or to send any messages to Petitioner.  Unless otherwise provided herein, **Respondent shall not go to, in, or within 500 feet of:** Petitioner's current residence *{list address}* _____

_____
or any residence to which Petitioner may move; Petitioner's current or any subsequent place of employment *{list address of current employment}*_____
         or place where Petitioner attends school *{list address of school}*_____

_____
_____
_____ .

         *[Initial **if** applies; write N/A **if not** applicable]*
         b. ____Respondent may not knowingly come within 100 feet of Petitioner's automobile at any time.
         c. ____Other provisions regarding contact:  _____
_____ .

3.      **Firearms.**

Florida Supreme Court Approved Family Law Form 12.980(k), Temporary Injunction for Protection Against Repeat Violence (03/15)

*[Initial **all** that apply; write N/A **if does not** apply]*

Florida Supreme Court Approved Family Law Form 12.980(k), Temporary Injunction for Protection Against Repeat Violence (03/15)

- 563 -

a. ____Respondent shall not use or possess a firearm or ammunition.

b. ____Respondent shall surrender any firearms and ammunition in Respondent's possession to the_____ County Sheriff's Department.

c. ____Other directives relating to firearms and ammunition:_____
_____
_____.

4.      **Mailing Address or Designated E-Mail Address(es).**  Respondent shall notify the Clerk of the Court of any change in either his or her mailing address, or designated e-mail address(es), within 10 days of the change.  All further papers (excluding pleadings requiring personal service) shall be served either by mail to Respondent's last known mailing address or by e-mail to Respondent's designated e-mail address(es).  Service by mail or e-mail shall be complete upon mailing.

5.      **Additional order(s) necessary to protect Petitioner from repeat violence:**
_____
_____
_____
_____
_____
_____
_____
_____.

**SECTION IV.  OTHER SPECIAL PROVISIONS**
*{This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.}*
_____
_____
_____.

**SECTION V.  DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION**
***{Unless ordered otherwise by the judge, all provisions in this injunction are considered mandatory provisions and should be interpreted as part of this injunction.}***

1.      The Sheriff of _____ County, or any other authorized law enforcement officer, is ordered to serve this temporary injunction upon Respondent as soon as possible after its issuance.

2.      **This injunction is valid and enforceable in all counties of the State of Florida.**  Violation of this injunction should be reported to the appropriate law enforcement agency.  Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without a warrant pursuant to Section 901.15, Florida Statutes, for any violation of its provisions, which constitutes a criminal act under Section 784.047, Florida

Florida Supreme Court Approved Family Law Form 12.980(k), Temporary Injunction for Protection Against Repeat Violence (03/15)

- 564 -

Statutes.

3.      Should any Florida law enforcement officer having jurisdiction have probable cause to believe that Respondent has knowingly violated this injunction, the officer may arrest Respondent, confine him/her in the county jail without bail, and shall bring him/her before the Initial Appearance Judge on the next regular court day so that Respondent can be dealt with according to law. The arresting agent shall notify the State Attorney's Office immediately after arrest. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES.

4.      **Reporting alleged violations.**  If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation or Petitioner may contact the State Attorney's office for assistance in filing an action for indirect civil contempt or indirect criminal contempt.  Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.

DONE AND ORDERED in _____, Florida on _____.


                                                _____
                                                CIRCUIT JUDGE


COPIES TO:

Sheriff of _____ County

Petitioner:
_____ by U.S. Mail
_____by hand delivery in open court
_____by e-mail to designated e-mail address(es)


Respondent:
_____ forwarded to the sheriff for service

_____State's Attorney's Office

_____Other:_____


Florida Supreme Court Approved Family Law Form 12.980(k), Temporary Injunction for Protection Against Repeat Violence (03/15)

I CERTIFY the foregoing is a true copy of the original Temporary Injunction for Protection Against Repeat Violence as it appears on file in the office of the Clerk of the Circuit Court of _____ County, Florida, and that I have furnished copies of this order as indicated above.

CLERK OF THE CIRCUIT COURT

(SEAL)

By: _____

*{Deputy Clerk or Judicial Assistant}*

Florida Supreme Court Approved Family Law Form 12.980(k), Temporary Injunction for Protection Against Repeat Violence (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,
and

_____,
Respondent.

# FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST REPEAT VIOLENCE (AFTER NOTICE)

The Petition for Injunction for Protection Against Repeat Violence under Section 784.046, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter. The term Petitioner as used in this injunction includes the person on whose behalf this injunction is entered.

**It is intended that this protection order meet the requirements of 18 U.S.C. Section 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.**

**SECTION I.   HEARING**

This cause came before the Court for a hearing to determine whether an Injunction for Protection Against Repeat Violence in this case should be:

_____ issued _____ modified _____ extended.

The hearing was attended by:
_____ Petitioner
_____ Petitioner's Counsel
_____ Respondent
_____ Respondent's Counsel

**SECTION II.   FINDINGS**

On *{date}* _____, a notice of this hearing was served on Respondent together with a copy of Petitioner's petition to this Court and the temporary injunction, if issued. Service was within the time required by Florida law, and Respondent was afforded an opportunity to be heard.

Florida Supreme Court Approved Family Law Form 12.980(l*)*, Final Judgment of Injunction for Protection Against Repeat Violence (After Notice) (03/15)

After hearing the testimony of each party present and of any witnesses, or upon consent of Respondent, the Court finds, based on the specific facts of this case, that Petitioner is a victim of repeat violence.

## SECTION III.    INJUNCTION AND TERMS

**This injunction shall be in full force and effect until either _____ further order of the Court or _____ {date} _____.  This injunction is valid and enforceable throughout all counties in the State of Florida.  The terms of this injunction may not be changed by either party alone or by both parties together.  Only the Court may modify the terms of this injunction.  Either party may ask the Court to change or end this injunction.**

**Willful violation of the terms of this injunction, such as refusing to vacate the dwelling which the parties share, going to Petitioner's residence, place of employment, school, or other place prohibited in this injunction, telephoning, contacting or communicating with Petitioner, if prohibited by this injunction, or committing an act of repeat violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by Sections 775.082 and 775.083, Florida Statutes.**

**Any party violating this injunction shall be subject to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment, and also may be charged with a crime punishable by a fine, jail, or both, as provided by Florida Statutes.**

**ORDERED and ADJUDGED:**

1.      **Violence Prohibited.**  Respondent shall not commit, or cause any other person to commit, any acts of violence against Petitioner, including assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death.  Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.

2.      **No Contact.  Respondent shall have no contact with Petitioner unless otherwise provided in this section.**

a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner.  Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner.   Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner's employment or school to inquire about Petitioner or to send any messages to Petitioner.  Unless otherwise provided herein, **Respondent shall not go to, in, or within 500      feet     of:**                Petitioner's        current        residence        *{list address}*_____ or any residence to which Petitioner may move; Petitioner's current or any subsequent place of

Florida Supreme Court Approved Family Law Form 12.980(l*)*, Final Judgment of Injunction for Protection Against Repeat Violence (After Notice) (03/15)

employment *{list address of current employment}*_____

or place where Petitioner attends school *{list address of school}*_____;

or the following other places (if requested by Petitioner) where Petitioner or Petitioner's minor child(ren) go often:_____

_____

_____.

*{Initial **if** applies; write N/A **if not** applicable}*

     b. _____Respondent may not knowingly come within 100 feet of Petitioner's automobile at any time.

     c. _____Other provisions regarding contact: _____

     _____

     _____.

3. **Firearms.**

     *{Initial **all** that apply; write N/A **if not** applicable}*

     a._____ Respondent shall not use or possess a firearm or ammunition.

     b. _____Respondent shall surrender any firearms and ammunition in the Respondent's possession to the _____County Sheriff's Department.

     c. _____Other directives relating to firearms and ammunition:_____

_____

_____.

4. **Mailing Address or Designated E-Mail Address(es).** Respondent shall notify the Clerk of the Court of any change in either his or her mailing address, or designated e-mail address(es), within 10 days of the change. All further papers (excluding pleadings requiring personal service) shall be served by either mail or e-mail to Respondent's last known mailing address or by e-mail to Respondent's designated e-mail address(es). Service by mail or e-mail shall be complete upon mailing.

5. **Additional order(s) necessary to protect Petitioner from repeat violence:**_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

Florida Supreme Court Approved Family Law Form 12.980(l*)*, Final Judgment of Injunction for Protection Against Repeat Violence (After Notice) (03/15)

- 569 -

**SECTION IV.   OTHER SPECIAL PROVISIONS**
*{This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.}*

_____
_____
_____
_____.


**SECTION V.   DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION**
***{Unless ordered otherwise by the judge, all provisions in this injunction are considered mandatory provisions and should be interpreted as part of this injunction.}***

1.       **This injunction is valid and enforceable in all counties of the State of Florida.**  Violation of this injunction should be reported to the appropriate law enforcement agency.  Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without a warrant pursuant to Section 901.15, Florida Statutes, for any violation of its provision, which constitutes a criminal act under Section 784.047, Florida Statutes.

2.       Should any Florida law enforcement officer having jurisdiction have probable cause to believe that Respondent has knowingly violated this injunction, the officer may arrest Respondent, confine him/her in the county jail without bail, and shall bring him/her before the Initial Appearance Judge on the next regular court day so that Respondent can be dealt with according to law. The arresting agent shall notify the State Attorney's Office immediately after arrest. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES.

3.       **Reporting alleged violations.**  If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation or Petitioner may contact the State Attorney's office for assistance in filing an action for indirect civil contempt or indirect criminal contempt.  Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.

4.       Respondent, upon service of this injunction, shall be deemed to have knowledge of and to be bound by all matters occurring at the hearing and on the face of this injunction.

5.       The temporary injunction, if any, entered in this case is extended until such time as service of this injunction is effected upon Respondent.


DONE AND ORDERED in _____, Florida on _____.


Florida Supreme Court Approved Family Law Form 12.980(l*)*, Final Judgment of Injunction for Protection Against Repeat Violence (After Notice) (03/15)

_____
CIRCUIT JUDGE

COPIES TO:

Sheriff of _____County

Petitioner (or his or her attorney):

____ by U. S. Mail

____ by hand delivery in open court (Petitioner must acknowledge receipt in writing on the face of the original order--see below.)

_____by e-mail to designated e-mail address(es)

Respondent (or his or her attorney):

____forwarded to sheriff for service

____ by hand delivery in open court (Respondent must acknowledge receipt in writing on the face of the original order--see below.)

____ by certified mail (may only be used when Respondent is present at the hearing and Respondent fails or refuses to acknowledge the receipt of a certified copy of this injunction.)

____ State Attorney's Office

____ Batterer's intervention program (if ordered)

____State Disbursement Unit (if ordered)

____Central Depository (if ordered)

____ Department of Revenue

____ Other_____

I CERTIFY the foregoing is a true copy of the original Final Judgment of Injunction for Protection Against Repeat Violence as it appears on file in the office of the Clerk of the Circuit Court of _____ County, Florida, and that I have furnished copies of this order as indicated above.

CLERK OF THE CIRCUIT COURT

(SEAL)

By: _____

    _{Deputy Clerk or Judicial Assistant}_

Florida Supreme Court Approved Family Law Form 12.980(l_), Final Judgment of Injunction for Protection Against Repeat Violence (After Notice) (03/15)

**ACKNOWLEDGMENT**

I, *{Name of Petitioner}*_____, acknowledge receipt of a certified copy of this Injunction for Protection.

_____
Petitioner

**ACKNOWLEDGMENT**

I, *{Name of Respondent}*_____, acknowledge receipt of a certified copy of this Injunction for Protection.

_____
Respondent

Florida Supreme Court Approved Family Law Form 12.980(l*)*, Final Judgment of Injunction for Protection Against Repeat Violence (After Notice) (03/15)

- 572 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner
and

_____,
Respondent.

# ORDER EXTENDING INJUNCTION FOR PROTECTION AGAINST
## (   ) DOMESTIC VIOLENCE (   ) REPEAT VIOLENCE
## (   ) DATING VIOLENCE   (   ) SEXUAL VIOLENCE (   ) STALKING

THIS CAUSE came before the Court on *{date}* _____, upon Petitioner's motion for an extension of injunction for protection and it appearing to the Court as follows:

**1._____Ex parte.**
The claims in the motion for extension of injunction for protection make it appear to the Court that there is an immediate and present danger of domestic, repeat, dating, or sexual violence as required under section 741.30 or section 784.046, Florida Statutes, or that stalking exists, pursuant to section 784.0485, Florida Statutes. The previously entered injunction is extended until *{date}* _____.
A full hearing on the petition is scheduled for *{date}* at _____ a.m./p.m. in _____
_____.

NOTICE:  Because this is a civil case, there is no requirement that these proceedings be transcribed at public expense.

YOU ARE ADVISED THAT IN THIS COURT:

a. _____a court reporter is provided by the court.

b._____ electronic recording only is provided by the court.  A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party's expense.

c. _____If this is a repeat violence, dating violence, or sexual violence action, no electronic recording or court reporting services are provided by the court.  A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party's expense.

Florida Supreme Court Approved Family Law Form 12.980(m), Order Extending Injunction for Protection Against Domestic, Repeat, Dating or Sexual Violence, or Stalking (03/15)

A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT AN APPEAL. THE PARTY SEEKING THE APPEAL IS RESPONSIBLE FOR HAVING THE TRANSCRIPT PREPARED BY A COURT REPORTER.

THE TRANSCRIPT MUST BE FILED WITH THE REVIEWING COURT OR THE APPEAL MAY BE DENIED.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact _____**

**_____**
*{identify applicable court personnel by name, address, and telephone number}* **at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**2.\_\_\_\_\_After notice and hearing.**
Respondent was served with a copy of the temporary injunction, if applicable, and a notice of this hearing within the time required by Florida law and was afforded an opportunity to be heard. The notice and opportunity to be heard were sufficient to protect Respondent's right to due process. The following persons attended the hearing: \_\_\_\_ Petitioner \_\_\_\_ Respondent.

After hearing the testimony of each party present and of any witnesses, or upon consent of Respondent, the Court finds that Petitioner is a victim of domestic, repeat , dating , or sexual violence, or stalking, or reasonably fears that he/she will become a victim of domestic or dating violence from Respondent. The previously entered injunction is extended until *{date}*_____, or until further order of the Court.

DONE AND ORDERED in _____, Florida, on _____.


_____
CIRCUIT JUDGE

Florida Supreme Court Approved Family Law Form 12.980(m), Order Extending Injunction for Protection Against Domestic, Repeat, Dating or Sexual Violence, or Stalking (03/15)

COPIES TO:
Sheriff of _____ County

Petitioner (or his or her attorney):
_____ by U.S. Mail
_____ by hand delivery in open court
(Petitioner must acknowledge receipt in writing on the face of the original order—see below)
_____ by e-mail to designated address

Respondent (or his or her attorney):
_____ forwarded to sheriff for service
_____ by hand delivery in open court
(Respondent must acknowledge receipt in writing on the face of the original order—see below)
_____ by certified mail (may only be used when Respondent is present at the hearing and Respondent fails or refuses to acknowledge the receipt of certified copy of this injunction)

_____ State Attorney's Office

_____ Other:

I CERTIFY the foregoing is a true copy of the original **Order Extending the Injunction for Protection** as it appears on file in the office of the Clerk of the Circuit Court of _____ County, Florida, and that I have furnished copies of this order as indicated above.

CLERK OF THE CIRCUIT COURT

(SEAL)

By: _____
*Deputy Clerk or Judicial Assistant*

Florida Supreme Court Approved Family Law Form 12.980(m), Order Extending Injunction for Protection Against Domestic, Repeat, Dating or Sexual Violence, or Stalking (03/15)

**ACKNOWLEDGMENT**

I, *{Name of Petitioner}* _____, acknowledge receipt of a certified copy of this Order Extending the Injunction for Protection.


_____
Petitioner


**ACKNOWLEDGMENT**

I, *{Name of Respondent}* _____, acknowledge receipt of a certified copy of this Order Extending the Injunction for Protection.


_____
Respondent

Florida Supreme Court Approved Family Law Form 12.980(m), Order Extending Injunction for Protection Against Domestic, Repeat, Dating or Sexual Violence, or Stalking (03/15)

- 576 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(n) PETITION FOR INJUNCTION FOR PROTECTION AGAINST DATING VIOLENCE (03/15)

## When should this form be used?

If you or a member of your immediate family are a victim of **dating violence**, you can use this form to ask the court for a protective order prohibiting dating violence. Dating violence means violence between individuals who have or have had a continuing and significant relationship of a romantic or intimate nature. **The dating relationship must have existed within the past six months, the nature of the relationship must have been characterized by the expectation of affection or sexual involvement between the parties, and the frequency and type of interaction must have included that the persons have been involved over time and on a continuous basis during the course of the relationship. Dating violence does not include violence in a casual acquaintanceship or violence between individuals who only have engaged in ordinary fraternization in a business or social context.**

Dating violence includes assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death. Because you are making a request to the court, you are called the **petitioner**. The person whom you are asking the court to protect you from is called the **respondent**. If you are under the age of eighteen and have never been married or had the disabilities of nonage removed by a court, one of your parents or your legal guardian must sign this petition on your behalf.

The parent or legal guardian of any minor child *who is living at home* may seek an injunction for protection against dating violence on behalf of the minor child. With respect to a minor child who is living at home, the parent or legal guardian must have been an eye-witness to, or have direct physical evidence or **affidavits** from eye-witnesses of, the specific facts and circumstances that form the basis of the petition.

If the respondent is your **spouse**, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your child(ren), whether or not you have ever been married or ever lived together, you should use **Petition for Injunction for Protection Against Domestic Violence**, Florida Supreme Court Approved Family Law Form 12.980(a), rather than this form.

This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it the presence of a notary or in front of the **clerk of the circuit court** in the county where you live. The clerk will take your completed petition to a **judge**. You should keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or **family law intake staff** will help you.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (03/15)

- 577 -

# What should I do if the judge grants my petition?

If the facts contained in your petition convince the judge that you or a member of your immediate family are a victim of dating violence and that an **immediate and present danger of dating violence** to you or that family exists, the judge will sign a **Temporary Injunction for Protection Against Dating Violence**, Florida Supreme Court Approved Family Law Form 12.980(o). A temporary injunction is issued without notice to the respondent. The clerk will give your **petition**, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for **personal service** on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full **hearing** can be held or for a period of 15 days, whichever comes first. The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain **service** on the respondent.

The temporary injunction is issued **ex parte**. This means that the judge has considered only the information presented by one side--YOU. Section I of the temporary injunction gives a date that you should appear in court for a hearing. You will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue a **Final Judgment of Injunction for Protection Against Dating Violence (After Notice)**, Florida Supreme Court Approved Family Law Form 12.980(p), which will remain in effect for a specific time period or until modified or dissolved by the court. **If you and/or the respondent do not appear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs. You and respondent will be bound by the terms of any injunction or order issued at the final hearing.**

**IF EITHER YOU OR RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, YOU WILL BOTH BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED IN THIS MATTER.**

If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. **Make sure that you keep one certified copy of the injunction with you at all times**!

# What can I do if the judge denies my petition?

If your petition is denied on the grounds that it appears to the court that no immediate and present danger of dating violence exists, the court will set a full hearing on your petition. The respondent will be notified by **personal service** of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a **Supplemental Affidavit in Support of Petition for Injunction for Protection**, Florida Supreme Court Approved Family Law Form 12.980(g); attend the hearing and present facts that support your petition; and/or dismiss your petition.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (03/15)

- 578 -

# Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** are defined in that section. The clerk of the circuit court or **family law intake staff** will help you complete any necessary forms. For further information, see Section 784.046, Florida Statutes, and Rule 12.610, Florida Family Law Rules of Procedure.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (03/15)

- 579 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,
Petitioner,
and

_____,
Respondent.

# PETITION FOR INJUNCTION FOR PROTECTION AGAINST DATING VIOLENCE

I, *{full legal name}* _____, being sworn, certify that the following statements are true:

## SECTION I. PETITIONER
(This section is about you. It must be completed.)

1.      Petitioner currently lives at the following address: *{address, city, state, zip code}*_____

_____

Date of Birth of Petitioner: _____.

*[Indicate **if** applicable]*
_____ **Petitioner seeks an injunction for protection on behalf of a minor child.** Petitioner is the parent or legal guardian of *{full legal name}*_____,
a minor child who is living at home.

2.      Petitioner's attorney's name, address, and telephone number is: _____
.
(If you do not have an attorney, write "none.")

## SECTION II. RESPONDENT
 (This section is about the person you want to be protected from. It must be completed.)

1.      Respondent currently lives at the following address: *{address, city, state, and zip code}*_____

_____

Respondent's Driver's License number is: *{if known}* _____

2.      Petitioner has known Respondent since *{date}*_____

Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (03/15)

3.      Respondent's last known place of employment:_____

Employment address:_____

Working hours: _____

4.      Physical description of Respondent:

Race: _____   Sex: Male _____   Female _____      Date of Birth:_____

Height: _____   Weight: _____   Eye Color: _____      Hair Color:_____

Distinguishing marks and/or scars:

Vehicle: (make/model) _____ Color: _____ Tag Number: _____

5.      Other names Respondent goes by (aliases or nicknames):_____

6.      Respondent's attorney's name, address, and telephone number is:      _____

_____

(If you do not know whether Respondent has an attorney, write "unknown."  If Respondent does not have an attorney, write "none.")

7.      If Respondent is a minor, the address of Respondent's parent or legal guardian is:_____

_____

**SECTION III.   CASE HISTORY AND REASON FOR SEEKING PETITION** (This section must be completed.)

1.      Describe the nature of the relationship between the Petitioner and Respondent (include the length of time of the relationship, the romantic or intimate nature of the relationship, the frequency or type of interaction, and any other facts that characterize the relationship)

_____
_____
_____
_____
_____.

_____Please indicate here if you are attaching additional pages to continue these facts.

2.      Have the Petitioner and Respondent been involved in a dating relationship within the past six months? _____ Yes _____ No

3.      Has Petitioner ever received or tried to get an injunction for protection against domestic violence, dating violence, repeat violence, or sexual violence against Respondent in this or any other court?

_____ Yes    _____ No        If yes, what happened in that case? *{Include case number, if known}*

_____

_____.

Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (03/15)

4.      Has Respondent ever received or tried to get an injunction for protection against domestic violence, dating violence, repeat violence, or sexual violence against Petitioner in this or any other court?
_____ Yes  _____No       If yes, what happened in that case?  *{Include case number, if known}*

_____

_____ .

5.      Describe **any other** court case that is either going on now or that happened in the past **between Petitioner and Respondent** *{include case number, if known}*:_____

_____

_____

_____ .

6.      Respondent has directed an incident of  violence, meaning assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death against Petitioner or a member of Petitioner's immediate family.  The incident (including date and location) is described below.
On *{date}* _____ , at *{location}* _____ ,
Respondent _____

_____

_____

_____

_____

_____ .
_____Please indicate here if you are attaching additional pages to continue these facts.

7.      Other prior incidents (including dates and location) are described below:
On *{date}* _____ , at *{location}* _____ ,
Respondent_____

_____

_____

_____

_____

_____ .
_____Please indicate here if you are attaching additional pages to continue these facts.

8.      Petitioner genuinely fears dating violence by Respondent.  *{Explain}*:_____

_____

_____

_____

_____

Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (03/15)

_____.

9.      **Additional Information**
        *{Indicate **all** that apply}*
        a.____ Respondent owns, has, and/or is known to have guns or other weapons.
Describe weapon(s):_____
_____.

        b.____ This or prior acts of dating violence have been previously reported to: *{person or agency}*
_____
_____.

**SECTION IV.  INJUNCTION**
(This section must be completed.)

1.  Petitioner asks the Court to enter a TEMPORARY INJUNCTION for protection against dating violence that will be in place from now until the scheduled hearing in this matter.

2.  Petitioner asks the Court to enter an injunction prohibiting Respondent from committing any acts of violence against Petitioner and:

a. prohibiting Respondent from going to or within 500 feet of any place Petitioner lives;

b. prohibiting Respondent from going to or within 500 feet of Petitioner's place(s) of employment or the school that Petitioner attends;  the address of Petitioner's place(s) of employment and/or school is:_____
_____;

c. prohibiting Respondent from contacting Petitioner by telephone, mail, by e-mail, in writing, through another person, or in any other manner;

d. ordering Respondent not to use or possess any guns or firearms;

        *{Choose **all** that apply}*
 e. ____prohibiting Respondent from going to or within 500 feet of the following place(s) Petitioner or Petitioner's imme
_____
_____;

        f. ____ prohibiting Respondent from knowingly and intentionally going to or within 100 feet of Petitioner's motor vehicle;
and any other terms the Court deems necessary for the safety of Petitioner and Petitioner's immediate family.

**I UNDERSTAND THAT BY FILING THIS PETITION, I AM ASKING THE COURT TO HOLD A HEARING ON THIS PETITION, THAT BOTH THE RESPONDENT AND I WILL BE NOTIFIED OF THE HEARING, AND THAT I MUST APPEAR AT THE HEARING. I UNDERSTAND THAT IF EITHER RESPONDENT OR I FAIL TO APPEAR AT THE FINAL HEARING, WE WILL BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED AT THAT HEARING.**

**I UNDERSTAND THAT I AM SWEARING OR AFFIRMING UNDER OATH TO THE TRUTHFULNESS OF THE CLAIMS MADE IN THIS PETITION AND THAT THE PUNISHMENT FOR KNOWINGLY MAKING A FALSE STATEMENT INCLUDES FINES AND/OR IMPRISONMENT.**

Dated: _____       _____
                                             Signature of Petitioner

Printed Name: _____
Address:_____
City, State, Zip: _____
Telephone Number:_____
Fax Number: _____
                                             Designated E-Mail Address(es):_____
STATE OF FLORIDA                             _____
COUNTY OF

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or clerk.}*
_____ Personally known
_____ Produced identification
Type of identification produced

Florida Supreme Court Approved Family Law Form 12.980(n), Petition for Injunction for Protection Against Dating Violence (03/15)

- 584 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,
and

_____,
Respondent.


# TEMPORARY INJUNCTION FOR PROTECTION AGAINST DATING VIOLENCE

The Petition for Injunction for Protection Against Dating Violence under Section 784.046, Florida Statutes, and other papers filed in this Court have been reviewed.  Under the laws of Florida, the Court has jurisdiction of the petitioner and the subject matter and has jurisdiction of the respondent upon service of the temporary injunction.  The term Petitioner as used in this injunction includes the person on whose behalf this injunction is entered.

**It is intended that this protection order meet the requirements of 18 U.S.C. Section 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.**


**SECTION I.   NOTICE OF HEARING**

Because this Temporary Injunction for Protection Against Dating Violence has been issued without notice to Respondent, the Petitioner and Respondent are instructed that they are scheduled to appear and testify at a hearing regarding this matter on *{date}* _____, at _____ a.m./p.m., when the Court will consider whether to issue a Final Judgment of Injunction for Protection Against Dating Violence, which shall remain in effect until modified or dissolved by the Court, and whether other things should be ordered. The hearing will be before The Honorable *{name}* _____, at *{room name/number, location, address, city}* _____ _____ _____, Florida.
If Petitioner and/or Respondent do not appear, this temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs.  All witnesses and evidence, if any, must be presented at this time. **Petitioner and Respondent will be bound by the terms of any injunction or order issued at the final hearing.**

**IF EITHER PETITIONER OR RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, HE OR SHE WILL BE**

Florida Supreme Court Approved Family Law Form 12.980(o), Temporary Injunction for Protection Against Dating Violence (03/15)

**BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED IN THIS MATTER.**

NOTICE:  Because this is a civil case, there is no requirement that these proceedings be transcribed at public expense.

YOU ARE ADVISED THAT IN THIS COURT:

a.\_\_\_\_\_a court reporter is provided by the court.

b.\_\_\_\_\_electronic recording only is provided by the court.  A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party's expense.

c.\_\_\_\_\_neither electronic recording nor court reporting services are provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party's expense.

A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT AN APPEAL.  THE PARTY SEEKING THE APPEAL IS RESPONSIBLE FOR HAVING THE TRANSCRIPT PREPARED BY A COURT REPORTER. THE TRANSCRIPT MUST BE FILED WITH THE REVIEWING COURT OR THE APPEAL MAY BE DENIED.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact** _____

_____

*{identify applicable court personnel by name, address, and telephone number}* **at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**SECTION II.  FINDINGS**

The statements made under oath by Petitioner make it appear that Section 784.046, Florida Statutes, applies to the parties, that Petitioner is a victim of dating violence and/or Petitioner has reasonable cause to believe he or she is in imminent danger of becoming a victim of an act of dating violence by Respondent, and that an immediate and present danger of dating violence exists to Petitioner or to a member of Petitioner's immediate family.

**SECTION III.  TEMPORARY INJUNCTION AND TERMS**

**This injunction shall be effective until the hearing set above and in no event for longer than 15 days,**

Florida Supreme Court Approved Family Law Form 12.980(o), Temporary Injunction for Protection Against Dating Violence (03/15)

**unless extended by court order. If a final order of injunction is issued, the terms of this temporary injunction will be extended until service of the final injunction is effected upon Respondent. This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction.**

**Willful violation of the terms of this injunction, such as refusing to vacate the dwelling which the parties share, going to Petitioner's residence, place of employment, school, or other place prohibited in this injunction, telephoning, contacting or communicating with Petitioner, if prohibited by this injunction, or committing an act of dating violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by Sections 775.082 and 775.083, Florida Statutes.**

**Any party violating this injunction may be subject to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment, and also may be charged with a crime punishable by a fine, jail, or both, as provided by Florida Statutes.**

**ORDERED and ADJUDGED:**

1.      **Violence Prohibited.**  Respondent shall not commit, or cause any other person to commit, any acts of violence against Petitioner, including assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death.  Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word, or act to do violence to the Petitioner.

2.      **No Contact.  Respondent shall have no contact with the Petitioner unless otherwise provided in this section.**
a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner.  Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner.  Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner's employment or school to inquire about Petitioner or to send any messages to Petitioner.  Unless otherwise provided herein, **Respondent shall not go to, in, or within 500 feet of:** Petitioner's current residence *{list address}*_____

_____
or any residence to which Petitioner may move; Petitioner's current or any subsequent place of employment *{list address of current employment}* _____
_____ or place where Petitioner attends school *{list address of school}* ;
or the following other places (if requested by Petitioner) where Petitioner or Petitioner's minor child(ren) go often:_____

_____
_____
_____
_____
_____

Florida Supreme Court Approved Family Law Form 12.980(o), Temporary Injunction for Protection Against Dating Violence (03/15)

- 587 -

*{Initial **if** applies; write N/A **if not** applicable}*

b. \_\_\_\_Respondent may not knowingly come within 100 feet of Petitioner's automobile at any time.

c. \_\_\_\_Other provisions regarding contact:_____

_____

_____

3.  **Firearms.**
    [Initial **all** that apply; write N/A **if does not** apply]
    a. \_\_\_\_Respondent shall not use or possess a firearm or ammunition.
    b. \_\_\_\_Respondent shall surrender any firearms and ammunition in Respondent's possession to the County Sheriff's Department.
    c. \_\_\_\_Other directives relating to firearms and ammunition:_____

_____

_____

4.  **Mailing Address or Designated E-Mail Address(es).**  Respondent shall notify the Clerk of the Court of any change in either his or her mailing address, or designated e-mail address(es), within 10 days of the change.  All further papers (excluding pleadings requiring personal service) shall be served either by mail to Respondent's last known mailing address or by e-mail to Respondent's designated e-mail address(es).  Service shall be complete upon mailing or e-mailing.

5.  **Additional order(s) necessary to protect Petitioner from dating violence:**

_____

_____

_____

_____

_____.

**SECTION IV.  OTHER SPECIAL PROVISIONS**
*{This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.}*

_____

_____

_____

**SECTION V.  DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION**
*{Unless ordered otherwise by the judge, all provisions in this injunction are considered mandatory provisions and should be interpreted as part of this injunction.}*

1.  The Sheriff of _____ County, or any other authorized law enforcement officer, is ordered to serve this temporary injunction upon Respondent as soon as possible after its issuance.

Florida Supreme Court Approved Family Law Form 12.980(o), Temporary Injunction for Protection Against Dating Violence (03/15)

2.      **This injunction is valid and enforceable in all counties of the State of Florida.**  Violation of this injunction should be reported to the appropriate law enforcement agency.  Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without a warrant pursuant to Section 901.15, Florida Statutes, for any violation of its provisions, which constitutes a criminal act under Section 784.047, Florida Statutes.

3.      Should any Florida law enforcement officer having jurisdiction have probable cause to believe that Respondent has knowingly violated this injunction, the officer may arrest Respondent, confine him/her in the county jail without bail, and shall bring him/her before the Initial Appearance Judge on the next regular court day so that Respondent can be dealt with according to law. The arresting agent shall notify the State Attorney's Office immediately after arrest. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES.

4.      **Reporting alleged violations.**  If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation or Petitioner may contact the State Attorney's office for assistance in filing an action for indirect civil contempt or indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.

DONE AND ORDERED in _____, Florida on _____.


_____
CIRCUIT JUDGE




COPIES TO:
        Sheriff of _____ County

        Petitioner:

Florida Supreme Court Approved Family Law Form 12.980(o), Temporary Injunction for Protection Against Dating Violence (03/15)

- 589 -

_____ by U. S. Mail
_____ by hand delivery in open court
_____ by e-mail to designated e-mail address(es)


Respondent:
_____ forwarded to sheriff for service

_____ State Attorney's Office
_____ Other: _____

I CERTIFY the foregoing is a true copy of the original Temporary Injunction for Protection Against Dating Violence as it appears on file in the office of the Clerk of the Circuit Court of _____County, Florida, and that I have furnished copies of this order as indicated above.



CLERK OF THE CIRCUIT COURT

(SEAL)

By:_____
   {Deputy Clerk or Judicial Assistant}

Florida Supreme Court Approved Family Law Form 12.980(o), Temporary Injunction for Protection Against Dating Violence (03/15)

- 590 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,
and

_____,
Respondent.

# FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST DATING VIOLENCE (AFTER NOTICE)

The Petition for Injunction for Protection Against Dating Violence under Section 784.046, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter. The term Petitioner as used in this injunction includes the person on whose behalf this injunction is entered.

**It is intended that this protection order meet the requirements of 18 U.S.C. Section 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.**

**SECTION I. HEARING**

This cause came before the Court for a hearing to determine whether an Injunction for Protection Against Dating Violence in this case should be:

_____ issued _____ modified _____ extended.

The hearing was attended by:
_____ Petitioner
_____ Petitioner's Counsel
_____ Respondent
_____ Respondent's Counsel

**SECTION II. FINDINGS**

On *{date}* _____, a notice of this hearing was served on Respondent together with a copy of Petitioner's petition to this Court and the temporary injunction, if issued. Service was within the time required by Florida law, and Respondent was afforded an opportunity to be heard.

Florida Supreme Court Approved Family Law Form 12.980(p), Final Judgment of Injunction for Protection Against Dating Violence (After Notice) (03/15)

After hearing the testimony of each party present and of any witnesses, or upon consent of Respondent, the Court finds, based on the specific facts of this case, that Petitioner is a victim of dating violence and/or Petitioner has reasonable cause to believe he or she is in imminent danger of becoming a victim of an act of dating violence by Respondent, and that an immediate and present danger of dating violence exists to Petitioner or to a member of Petitioner's immediate family.

**SECTION III.  INJUNCTION AND TERMS**

**This injunction shall be in full force and effect until _____ further order of the Court or _____ *{date}* _____. This injunction is valid and enforceable throughout all counties in the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction.**

**Willful violation of the terms of this injunction, such as refusing to vacate the dwelling which the parties share, going to Petitioner's residence, place of employment, school, or other place prohibited in this injunction, telephoning, contacting or communicating with Petitioner, if prohibited by this injunction, or committing an act of dating violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by Sections 775.082 and 775.083, Florida Statutes.**

**Any party violating this injunction shall be subject to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment, and also may be charged with a crime punishable by a fine, jail, or both, as provided by Florida Statutes.**

**ORDERED and ADJUDGED:**

1.       **Violence Prohibited.**  Respondent shall not commit, or cause any other person to commit, any acts of violence against Petitioner, including assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death.  Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.

2.       **No Contact.  Respondent shall have no contact with Petitioner unless otherwise provided in this section.**
a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner.  Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner. Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner's employment or school to inquire about Petitioner or to send any messages to Petitioner.  Unless otherwise provided herein, **Respondent shall not go to, in, or within 500 feet of:**                Petitioner's       current       residence       *{list       address}*

Florida Supreme Court Approved Family Law Form 12.980(p), Final Judgment of Injunction for Protection Against Dating Violence (After Notice) (03/15)

_____

_____or any residence to which Petitioner may move; Petitioner's current or any subsequent place of employment *{list address of current employment}*_____

or place where Petitioner attends school *{list address of school}* _____

_____; or the following other places (if requested by Petitioner) where Petitioner or Petitioner's minor child(ren) go often: _____

_____

_____

_____

_____.

*{Initial **if** applies; write N/A **if not** applicable}*
b.____ Respondent may not knowingly come within 100 feet of Petitioner's automobile at any time.

  c. ____Other provisions regarding contact: _____

_____

_____

_____.

3.    **Firearms.**

  *{Initial **all** that apply; write N/A **if does not** apply}*
a.____Respondent shall not use or possess a firearm or ammunition.

b.____Respondent shall surrender any firearms and ammunition in the Respondent's possession to the_____ County Sheriff's Department.

  c. ____Other directives relating to firearms and ammunition:_____

_____.

4.    **Mailing Address or Designated E-Mail Address(es).**  Respondent shall notify the Clerk of the Court of any change in either his or her mailing address, or designated e-mail address(es), within 10 days of the change.  All further papers (excluding pleadings requiring personal service) shall be served either by mail to Respondent's last known mailing address or by e-mail to Respondent's designated e-mail address(es).  Service shall be complete upon mailing or e-mailing.

5.    **Additional order(s) necessary to protect Petitioner from dating violence:**  _____

_____

_____

_____

_____

_____.

Florida Supreme Court Approved Family Law Form 12.980(p), Final Judgment of Injunction for Protection Against Dating Violence (After Notice) (03/15)

**SECTION IV.   OTHER SPECIAL PROVISIONS**
*{This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.}*

_____

_____

_____.

**SECTION V.   DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION**
*{Unless ordered otherwise by the judge, all provisions in this injunction are considered mandatory provisions and should be interpreted as part of this injunction.}*

1.      **This injunction is valid and enforceable in all counties of the State of Florida.**  Violation of this injunction should be reported to the appropriate law enforcement agency.  Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without a warrant pursuant to Section 901.15, Florida Statutes, for any violation of its provision, which constitutes a criminal act under Section 784.047, Florida Statutes.

2.      Should any Florida law enforcement officer having jurisdiction have probable cause to believe that Respondent has knowingly violated this injunction, the officer may arrest Respondent, confine him/her in the county jail without bail, and shall bring him/her before the Initial Appearance Judge on the next regular court day so that Respondent can be dealt with according to law. The arresting agent shall notify the State Attorney's Office immediately after arrest. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES.

3.      **Reporting alleged violations.**  If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation or Petitioner may contact the State Attorney's office for assistance in filing an action for indirect civil contempt or indirect criminal contempt.  Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.

4.      Respondent, upon service of this injunction, shall be deemed to have knowledge of and to be bound by all matters occurring at the hearing and on the face of this injunction.

5.      The temporary injunction, if any, entered in this case is extended until such time as service of this injunction is effected upon Respondent.

DONE AND ORDERED in_____, Florida on _____.


_____
CIRCUIT JUDGE

Florida Supreme Court Approved Family Law Form 12.980(p), Final Judgment of Injunction for Protection Against Dating Violence (After Notice) (03/15)

COPIES TO:
Sheriff of _____ County

Petitioner (or his or her attorney):
_____ by U. S. Mail
_____ by hand delivery in open court (Petitioner must acknowledge receipt in writing on the face of the original order--see below)
_____ by e-mail to designated e-mail address

Respondent (or his or her attorney):
_____forwarded to sheriff for service
_____ by hand delivery in open court (Respondent must acknowledge receipt in writing on the face of the original order--see below.)
_____ by certified mail (may only be used when Respondent is present at the hearing and Respondent fails or refuses to acknowledge the receipt of a certified copy of this injunction.)

_____ State Attorney's Office
_____ Other_____

I CERTIFY the foregoing is a true copy of the original Final Judgment of Injunction for Protection Against Dating Violence as it appears on file in the office of the Clerk of the Circuit Court of _____ County, Florida, and that I have furnished copies of this order as indicated above.

    CLERK OF THE CIRCUIT COURT

(SEAL)

                                    By:_____
    *Deputy Clerk or Judicial Assistant*


**ACKNOWLEDGMENT**


I, *{Name of Petitioner}* _____, acknowledge receipt of a certified copy of this Injunction for Protection.

Florida Supreme Court Approved Family Law Form 12.980(p), Final Judgment of Injunction for Protection Against Dating Violence (After Notice) (03/15)

_____
Petitioner


**ACKNOWLEDGMENT**


I, *{Name of Respondent}* _____, acknowledge receipt of a certified copy of this Injunction for Protection.


_____
Respondent

Florida Supreme Court Approved Family Law Form 12.980(p), Final Judgment of Injunction for Protection Against Dating Violence (After Notice) (03/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(q)
# PETITION FOR INJUNCTION FOR
# PROTECTION AGAINST SEXUAL VIOLENCE (03/15)

## When should this form be used?

If you are a victim of **sexual violence** or the parent or legal guardian of a minor child who is living at home and is a victim of sexual violence, you can use this form to ask the court for a protective order prohibiting sexual violence.  Sexual violence means any one incident of:
- sexual battery, as defined in Chapter 794, Florida Statutes;
- a lewd or lascivious act, as defined in Chapter 800, Florida Statutes, committed upon or in the presence of a person younger than 16 years of age;
- luring or enticing a child, as described in Chapter 787, Florida Statutes;
- sexual performance by a child, as described in Chapter 827, Florida Statutes; or
- any other forcible felony wherein a sexual act is committed or attempted

In order to get an injunction you must have reported the sexual violence to a law enforcement agency and be cooperating in the criminal proceeding if there is one. It does not matter whether criminal charges based on the sexual violence have been filed, reduced, or dismissed by the state attorney's office. You may also seek an injunction for protection against sexual violence if the respondent was sent to prison for committing one of the sexual violence crimes listed above against you or your minor child living at home and respondent is out of prison or is getting out of prison within 90 days of your petition. Attach the notice of inmate release to your petition.

Because you are making a request to the court, you are called the **petitioner**. The person whom you are asking the court to protect you from is called the **respondent**. If you are seeking an injunction for protection against sexual violence on behalf of a minor child who is living at home, the parent or legal guardian must have been an eyewitness to, or have direct physical evidence or **affidavits** from eyewitnesses of, the specific facts and circumstances that form the basis of the petition. If you are under the age of eighteen and have never been married or had the disabilities of nonage removed by a court, one of your parents or your legal guardian must sign this petition on your behalf.

If the respondent is your **spouse**, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or is the other parent of your child(ren) whether or not you have ever been married or ever lived together, you should use **Petition for Injunction for Protection Against Domestic Violence**, Florida Supreme Court Approved Family Law Form 12.980(a), rather than this form.

This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it the presence of a notary or in front of the **clerk of the circuit court** in the county

Instructions for Florida Supreme Court Approved Family Law Form 12.980(q), Petition for Injunction for Protection Against Sexual Violence (03/15)

- 597 -

where you live. The clerk will take your completed petition to a **judge**. You should keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or **family law intake staff** will help you.

## What should I do if the judge grants my petition?

If the facts contained in your petition convince the judge that an immediate and present danger of violence exists, the judge will sign a **Temporary Injunction for Protection Against Sexual Violence**, Florida Supreme Court Approved Family Law Form 12.980(r). A temporary injunction is issued without notice to the respondent. The clerk will give your **petition**, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for **personal service** on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full **hearing** can be held or for a period of 15 days, whichever comes first, unless the **respondent** is incarcerated, and in such instance the temporary injunction is effective for 15 days following the date the **respondent** is released from incarceration. The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain **service** on the respondent.

The temporary injunction is issued **ex parte**. This means that the judge has considered only the information presented by one side--YOU. Section I of the temporary injunction gives a date that you should appear in court for a hearing. You will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue a **Final Judgment of Injunction for Protection Against Sexual Violence (After Notice)**, Florida Supreme Court Approved Family Law Form 12.980(s), which will remain in effect for a specific time period or until modified or dissolved by the court. **If you and/or the respondent do not appear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs. You and respondent will be bound by the terms of any injunction or order issued at the final hearing.**

**IF EITHER YOU OR RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, YOU WILL BOTH BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED IN THIS MATTER.**

If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. **Make sure that you keep one certified copy of the injunction with you at all times**!

## What can I do if the judge denies my petition?

If your petition is denied on the grounds that it appears to the court that no immediate and present danger of sexual violence exists, the court will set a full hearing on your petition. The respondent will be notified by **personal service** of your petition and the hearing. If your petition is denied, you may: amend

Instructions for Florida Supreme Court Approved Family Law Form 12.980(q), Petition for Injunction for Protection Against Sexual Violence (03/15)

- 598 -

your petition by filing a **Supplemental Affidavit in Support of Petition for Injunction for Protection**, Florida Supreme Court Approved Family Law Form 12.980 (g); attend the hearing and present facts that support your petition; and/or dismiss your petition.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** are defined in that section. The clerk of the circuit court or **family law intake staff** will provide you with necessary forms. For further information, see section 784.046, Florida Statutes.

### IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special Notes . . .

Instructions for Florida Supreme Court Approved Family Law Form 12.980(q), Petition for Injunction for Protection Against Sexual Violence (03/15)

- 599 -

If you fear that disclosing your address would put you in danger, you should complete a **Request for Confidential Filing of Address,** Florida Supreme Court Approved Family Law Form 12.980(h), and file it with the clerk of the circuit court and write confidential in the space provided for your address on the petition.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(q), Petition for Injunction for Protection Against Sexual Violence (03/15)

- 600 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.:_____
Division: _____

_____,
Petitioner,
and

_____,
Respondent.


# PETITION FOR INJUNCTION FOR PROTECTION AGAINST SEXUAL VIOLENCE

I, *{full legal name}* _____ being sworn, certify that the following statements are true:

**SECTION I. PETITIONER**
(This section is about you. It must be completed; however, **if you fear that disclosing your address to the respondent would put you in danger,** you should complete and file a Request for Confidential Filing of Address, Florida Supreme Court Approved Family Law Form 12.980(h), and write confidential in the space provided on this form for your address.)

1.      Petitioner currently lives at the following address: *{address, city, state, zip code}* _____

_____
Date of Birth of Petitioner:_____

*{Indicate **if** applicable}*
_____      **Petitioner seeks an injunction for protection on behalf of a minor child.**
Petitioner is the parent or legal guardian of *{full legal name}*_____,
a minor child who is living at home.

2.      Petitioner's attorney's name, address, and telephone number is:_____

_____
(If you do not have an attorney, write "none.")

**SECTION II. RESPONDENT**
(This section is about the person you want to be protected from. It must be completed.)

1.      Respondent currently lives at the following address: *{address, city, state, and zip code}* _____

Family Supreme Court Approved Law Form 12.980(q), Petition for Injunction for Protection Against Sexual Violence (03/15)

_____

_____

Respondent's Driver's License number is: *{if known}* _____

2.        Respondent's last known place of employment:_____
Employment address:_____
Working hours: _____

3.        Physical description of Respondent:
Race: _____    Sex: Male _____   Female _____      Date of Birth:_____
Height: _____     Weight: _____     Eye Color: _____     Hair Color: _____
Distinguishing marks and/or scars: _____
Vehicle: (make/model) _____    Color: _____    Tag Number:_____

4.        Other names Respondent goes by (aliases or nicknames):_____
_____

5.        Respondent's attorney's name, address, and telephone number is: _____
_____
(If you do not know whether Respondent has an attorney, write "unknown." If Respondent does not have an attorney, write "none.")

6.        If Respondent is a minor, the address of Respondent's parent or legal guardian is: _____
_____

**SECTION III.   CASE HISTORY AND REASON FOR SEEKING PETITION**
(This section must be completed.)

1.        Petitioner has suffered sexual violence as shown by the fact that the Respondent has: *{describe the acts of violence}* _____

_____

_____

_____

_____.

_____ Please indicate here if you are attaching additional pages to continue these facts.

     *{Indicate **all** that apply}*
         a.    ____ Petitioner reported the sexual violence to law enforcement and is cooperating in any criminal proceeding. The incident report number by law enforcement is: _____.

         b.    *{If there is a criminal case, include case number, if known}* _____.

Family Supreme Court Approved Law Form 12.980(q), Petition for Injunction for Protection Against Sexual Violence (03/15)

c. \_\_\_\_\_Respondent was sent to prison for committing sexual violence against Petitioner or Petitioner's minor child living at home and Respondent is out of prison or is getting out of prison within 90 days.  The notice of inmate release is attached.

2. Has Petitioner ever received or tried to get an injunction for protection against domestic violence, dating violence, repeat violence, or sexual violence against Respondent in this or any other court?
\_\_\_\_\_ Yes  \_\_\_\_\_No If yes, what happened in that case? *{Include case number, if known}*
_____
_____
_____.

3. Has Respondent ever received or tried to get an injunction for protection against domestic violence, dating violence, repeat violence, or sexual violence against Petitioner in this or any other court?
\_\_\_\_\_ Yes  \_\_\_\_\_ No If yes, what happened in that case? *{Include case number, if known}*
_____
_____
_____.

4. Describe **any other** court case that is either going on now or that happened in the past **between Petitioner and Respondent** *{Include case number, if known}*:_____
_____
_____
_____.

5. **Additional Information**
   *{Indicate **all** that apply}*
   a. \_\_\_\_Respondent owns, has, and/or is known to have guns or other weapons.
Describe weapon(s): _____

   b. \_\_\_\_This or prior acts of violence have been previously reported to: *{person or agency}* _____
_____

**SECTION IV.  INJUNCTION**
(This section must be completed.)

1. Petitioner asks the Court to enter a TEMPORARY INJUNCTION for protection against sexual violence that will be in place from now until the scheduled hearing in this matter.

2. Petitioner asks the Court to enter an injunction prohibiting Respondent from committing any

Florida Supreme Court Approved Family Law Form 12.980(q), Petition for Injunction for Protection Against Sexual Violence (03/15)

acts of violence against Petitioner and:

    a. prohibiting Respondent from going to or within 500 feet of any place Petitioner lives;

    b. prohibiting Respondent from going to or within 500 feet of Petitioner's place(s) of employment or the school that Petitioner attends; the address of Petitioner's place(s) of employment and/or school is: _____
_____;

    c. prohibiting Respondent from contacting Petitioner by telephone, mail, by e-mail, in writing, through another person, or in any other manner;

    d. ordering Respondent not to use or possess any guns or firearms;

    *{Indicate **all** that apply}*

    e. _____ prohibiting Respondent from going to or within 500 feet of the following place(s) Petitioner or Petitioner's immediate family must go to often: _____
_____
_____ ;

    f. _____ prohibiting Respondent from knowingly and intentionally going to or within 100 feet of Petitioner's motor vehicle;

    AND any other terms the Court deems necessary for the safety of Petitioner and Petitioner's immediate family.

**I UNDERSTAND THAT BY FILING THIS PETITION, I AM ASKING THE COURT TO HOLD A HEARING ON THIS PETITION, THAT BOTH THE RESPONDENT AND I WILL BE NOTIFIED OF THE HEARING, AND THAT I MUST APPEAR AT THE HEARING. I UNDERSTAND THAT IF EITHER RESPONDENT OF I FAIL TO APPEAR AT THE FINAL HEARING, WE WILL BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED AT THAT HEARING.**

**I UNDERSTAND THAT I AM SWEARING OR AFFIRMING UNDER OATH TO THE TRUTHFULNESS OF THE CLAIMS MADE IN THIS PETITION AND THAT THE PUNISHMENT FOR KNOWINGLY MAKING A FALSE STATEMENT INCLUDES FINES AND/OR IMPRISONMENT.**

Dated: _____

_____
Signature of Petitioner

Printed Name: _____
Address: _____

Florida Supreme Court Approved Family Law Form 12.980(q), Petition for Injunction for Protection Against Sexual Violence (03/15)

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

Designated E-Mail Address(es): _____

STATE OF FLORIDA

COUNTY OF _____

Sworn to or affirmed and signed before me on_____ by_____.

_____

NOTARY PUBLIC or DEPUTY CLERK

_____

*{Print, type, or stamp commissioned name of notary or clerk.}*

_____ Personally known

_____Produced identification

Type of identification produced_____

Florida Supreme Court Approved Family Law Form 12.980(q), Petition for Injunction for Protection Against Sexual Violence (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,

Petitioner,
and

_____,

Respondent.

# TEMPORARY INJUNCTION FOR PROTECTION AGAINST SEXUAL VIOLENCE

The Petition for Injunction for Protection Against Sexual Violence under Section 784.046, Florida Statutes, and other papers filed in this Court have been reviewed. Under the laws of Florida, the Court has jurisdiction of the petitioner and the subject matter and has jurisdiction of the respondent upon service of the temporary injunction. The term Petitioner as used in this injunction includes the person on whose behalf this injunction is entered.

**It is intended that this protection order meet the requirements of 18 U.S.C. Section 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.**

**SECTION I.  NOTICE OF HEARING**

Because this Temporary Injunction for Protection Against Sexual Violence has been issued without notice to Respondent, the Petitioner and Respondent are instructed that they are scheduled to appear and testify at a hearing regarding this matter on *{date}* _____, at _____ a.m./p.m., when the Court will consider whether to issue a Final Judgment of Injunction for Protection Against Sexual Violence, which shall remain in effect until modified or dissolved by the Court, and whether other things should be ordered.  The hearing will be before The Honorable *{name}*_____, at *{room name/number, location, address, city}* _____ _____, Florida.  If Petitioner and/or Respondent do not appear, this temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs. Petitioner and Respondent will be bound by the terms of any injunction or order issued at the final hearing.  All witnesses and evidence, if any, must be presented at this time.

**IF EITHER PETITIONER OR RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, HE OR SHE WILL BE**

Florida Supreme Court Approved Family Law Form 12.980(r), Temporary Injunction for Protection Against Sexual Violence (03/15)

**BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED IN THIS MATTER.**

NOTICE: Because this is a civil case, there is no requirement that these proceedings be transcribed at public expense.

YOU ARE ADVISED THAT IN THIS COURT:

a.____a court reporter is provided by the court.

b.____electronic recording only is provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party's expense.

c.____ neither electronic recording nor court reporting services are provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party's expense.

A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT AN APPEAL. THE PARTY SEEKING THE APPEAL IS RESPONSIBLE FOR HAVING THE TRANSCRIPT PREPARED BY A COURT REPORTER. THE TRANSCRIPT MUST BE FILED WITH THE REVIEWING COURT OR THE APPEAL MAY BE DENIED.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact** _____

_____

*{identify applicable court personnel by name, address, and telephone number}* **at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**SECTION II. FINDINGS**

The statements made under oath by Petitioner make it appear that Section 784.046, Florida Statutes, applies to the parties, that Petitioner is a victim of sexual violence by Respondent and meets the requirements for an injunction established by law.

**SECTION III. TEMPORARY INJUNCTION AND TERMS**

**This injunction shall be effective until the hearing set above and in no event for longer than 15 days, unless extended by court order or unless the Respondent is incarcerated, and if incarcerated, shall be effective for 15 days following the date Respondent is released from incarceration. If a final order of**

Florida Supreme Court Approved Family Law Form 12.980(r), Temporary Injunction for Protection Against Sexual Violence (03/15)

**injunction is issued, the terms of this temporary injunction will be extended until service of the final injunction is effected upon Respondent. This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction.**

**Willful violation of the terms of this injunction, such as refusing to vacate the dwelling which the parties share, going to Petitioner's residence, place of employment, school, or other place prohibited in this injunction, telephoning, contacting or communicating with Petitioner, if prohibited by this injunction, or committing an act of sexual violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by Sections 775.082 and 775.083, Florida Statutes.**

**Any party violating this injunction may be subject to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment and also may be charged with a crime punishable by a fine, jail, or both, as provided by Florida Statutes.**

**ORDERED and ADJUDGED:**

1.      **Violence Prohibited.**  Respondent shall not commit, or cause any other person to commit, any acts of violence against Petitioner, including assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death.  Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word, or act to do violence to Petitioner.

2.      **No Contact.  Respondent shall have no contact with the Petitioner unless otherwise provided in this section.**
a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner.  Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner.  Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner's employment or school to inquire about Petitioner or to send any messages to Petitioner.  Unless otherwise provided herein, **Respondent shall not go to, in, or within 500 feet of:** Petitioner's current residence *{list address}*_____

_____
or any residence to which Petitioner may move; Petitioner's current or any subsequent place of employment *{list address of current employment}* _____
_____
or place where Petitioner attends school *{list address of school}* _____
_____ ;
or the following other places (if requested by Petitioner) where Petitioner or Petitioner's minor child(ren) go often:

_____

_____

_____

Florida Supreme Court Approved Family Law Form 12.980(r), Temporary Injunction for Protection Against Sexual Violence (03/15)

_____

_____

        *{Initial **if** applies; write N/A **if not** applicable}*

        b. _____Respondent may not knowingly come within 100 feet of Petitioner's automobile at any time.

        c. _____ Other provisions regarding contact:_____

_____

_____.

3.     **Firearms.**

        *{Initial **all** that apply; write N/A **if does not** apply}*

a. _____Respondent shall not use or possess a firearm or ammunition.

b. _____Respondent shall surrender any firearms and ammunition in Respondent's possession to the _____County Sheriff's Department.

        c. _____Other directives relating to firearms and ammunition: _____

_____

_____.

4.     **Mailing Address or Designated E-Mail Address(es).** Respondent shall notify the Clerk of the Court of any change in either his or her mailing address, or designated e-mail address(es), within 10 days of the change. All further papers (excluding pleadings requiring personal service) shall be served either by mail to Respondent's last known mailing address or by e-mail to Respondent's designated e-mail address(es). Service by mail shall be complete upon mailing or e-mailing.

5.     **Additional order(s) necessary to protect Petitioner from sexual violence:**_____

_____

_____

_____

_____

_____.

## SECTION IV.    OTHER SPECIAL PROVISIONS

*{This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.}*

_____

_____

_____

## SECTION V.    DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION

Florida Supreme Court Approved Family Law Form 12.980(r), Temporary Injunction for Protection Against Sexual Violence (03/15)

- 609 -

*{Unless ordered otherwise by the judge, all provisions in this injunction are considered mandatory provisions and should be interpreted as part of this injunction.}*

1.	The Sheriff of _____ County, or any other authorized officer, is ordered to serve this temporary injunction upon Respondent as soon as possible after its issuance.

2.	**This injunction is valid and enforceable in all counties of the State of Florida.**  Violation of this injunction should be reported to the appropriate law enforcement agency.  Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without a warrant pursuant to section 901.15, Florida Statutes, for any violation of its provisions, which constitutes a criminal act under Section 784.047, Florida Statutes.

3.	Should any Florida law enforcement officer having jurisdiction have probable cause to believe that Respondent has knowingly violated this injunction, the officer may arrest Respondent, confine him/her in the county jail without bail, and shall bring him/her before the Initial Appearance Judge on the next regular court day so that Respondent can be dealt with according to law.  The arresting agent shall notify the State Attorney's Office immediately after arrest.  THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES.

4.	**Reporting alleged violations.**  If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation or Petitioner may contact the State Attorney's office for assistance in filing an action for indirect civil contempt or indirect criminal contempt.  Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.

DONE AND ORDERED in _____, Florida on _____.

_____
CIRCUIT JUDGE

COPIES TO:
	Sheriff of _____ County

	Petitioner:  (or his or her attorney)
	_____ by U. S. Mail
	_____ by hand delivery in open court

Florida Supreme Court Approved Family Law Form 12.980(r), Temporary Injunction for Protection Against Sexual Violence (03/15)

_____ by e-mail to designated e-mail address(es)

Respondent:
_____ forwarded to sheriff for service
_____ State Attorney's Office
_____ Other: _____

I CERTIFY the foregoing is a true copy of the original Temporary Injunction for Protection Against Sexual Violence as it appears on file in the office of the Clerk of the Circuit Court of _____County, Florida, and that I have furnished copies of this order as indicated above.

CLERK OF THE CIRCUIT COURT

(SEAL)

By: _____
*Deputy Clerk or Judicial Assistant*

Florida Supreme Court Approved Family Law Form 12.980(r), Temporary Injunction for Protection Against Sexual Violence (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
    Petitioner,
and

_____,
Respondent.

# FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST SEXUAL VIOLENCE (AFTER NOTICE)

The Petition for Injunction for Protection Against Sexual Violence under Section 784.046, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter. The term Petitioner as used in this injunction includes the person on whose behalf this injunction is entered.

**It is intended that this protection order meet the requirements of 18 U.S.C. Section 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.**

**SECTION I.  HEARING**

This cause came before the Court for a hearing to determine whether an Injunction for Protection Against Sexual Violence in this case should be:

_____ issued _____ modified _____ extended.

The hearing was attended by:
_____Petitioner
_____Petitioner's Counsel
_____Respondent
_____Respondent's Counsel

**SECTION II.  FINDINGS**

On *{date}* _____, a notice of this hearing was served on Respondent together with a copy of Petitioner's petition to this Court and the temporary injunction, if issued.  Service was within the time required by Florida law, and Respondent was afforded an opportunity to be heard.

Florida Supreme Court Approved Family Law Form 12.980(s), Final Judgment of Injunction for Protection Against Sexual Violence (After Notice) (03/15)

- 612 -

After hearing the testimony of each party present and of any witnesses, or upon consent of Respondent, the Court finds, based on the specific facts of this case, that Petitioner is a victim of sexual violence by Respondent and meets the requirements for an injunction established by law.

**SECTION III.     INJUNCTION AND TERMS**

**This injunction shall be in full force and effect until _____ further order of the Court or _____ *{date}* _____.  This injunction is valid and enforceable throughout all counties in the State of Florida.  The terms of this injunction may not be changed by either party alone or by both parties together.  Only the Court may modify the terms of this injunction.  Either party may ask the Court to change or end this injunction.**

**Willful violation of the terms of this injunction, such as refusing to vacate the dwelling which the parties share, going to Petitioner's residence, place of employment, school, or other place prohibited in this injunction, telephoning, contacting or communicating with Petitioner, if prohibited by this injunction, or committing an act of sexual violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by Sections 775.082 and 775.083, Florida Statutes.**

**Any party violating this injunction shall be subject to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment, and also may be charged with a crime punishable by a fine, jail, or both, as provided by Florida Statutes.**

**ORDERED and ADJUDGED:**

1.      **Violence Prohibited.**  Respondent shall not commit, or cause any other person to commit, any acts of violence against Petitioner, including assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnapping, or false imprisonment, or any criminal offense resulting in physical injury or death.  Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.

2.      **No Contact.  Respondent shall have no contact with Petitioner unless otherwise provided in this section.**
a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner.  Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner.  Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner's employment or school to inquire about Petitioner or to send any messages to Petitioner.  Unless otherwise provided herein, **Respondent shall not go to, in, or within 500 feet of:** Petitioner's current residence *{list address}*_____

_____

_____or any residence to which Petitioner may move; Petitioner's current or any subsequent place of employment *{list address of current employment}*_____

Florida Supreme Court Approved Family Law Form 12.980(s), Final Judgment of Injunction for Protection Against Sexual Violence (After Notice) (03/15)

or place where Petitioner attends school *{list address of school}*_____
_____ _____ ;
or the following other places (if requested by Petitioner) where Petitioner or Petitioner's minor child(ren) go often:_____

_____
_____
_____ .

> *{Initial **if** applies; write N/A **if not** applicable}*
> b.____ Respondent may not knowingly come within 100 feet of Petitioner's automobile at any

time.

> c. ____Other provisions regarding contact:_____
_____
_____ .

3. **Firearms.**
   *{Initial **all** that apply; write N/A **if does not** apply}*
a. ____Respondent shall not use or possess a firearm or ammunition.

b. ____Respondent shall surrender any firearms and ammunition in the Respondent's possession to the _____ County Sheriff's Department.

> c. ____Other directives relating to firearms and ammunition: _____
_____ .

4. **Mailing Address or Designated E-Mail Address(es).** Respondent shall notify the Clerk of the Court of any change in either his or her mailing address, or designated e-mail address(es), within 10 days of the change. All further papers (excluding pleadings requiring personal service) shall be served either by mail to Respondent's last known mailing address or by e-mail to Respondent's designated e-mail address(es). Service shall be complete upon mailing or e-mailing.

5. **Additional order(s) necessary to protect Petitioner from sexual violence:** _____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

Florida Supreme Court Approved Family Law Form 12.980(s), Final Judgment of Injunction for Protection Against Sexual Violence (After Notice) (03/15)

**SECTION IV.  OTHER SPECIAL PROVISIONS**

*{This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.}*

_____

_____ .

**SECTION V.  DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION**

*{Unless ordered otherwise by the judge, all provisions in this injunction are considered mandatory provisions and should be interpreted as part of this injunction.}*

1.      **This injunction is valid and enforceable in all counties of the State of Florida.**  Violation of this injunction should be reported to the appropriate law enforcement agency.  Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without a warrant pursuant to Section 901.15, Florida Statutes, for any violation of its provision, which constitutes a criminal act under Section 784.047, Florida Statutes.

2.      Should any Florida law enforcement officer having jurisdiction have probable cause to believe that Respondent has knowingly violated this injunction, the officer may arrest Respondent, confine him/her in the county jail without bail, and shall bring him/her before the Initial Appearance Judge on the next regular court day so that Respondent can be dealt with according to law.  The arresting agent shall notify the State Attorney's Office immediately after arrest.  THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES.

3.      **Reporting alleged violations.**  If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation or Petitioner may contact the State Attorney's Office for assistance in filing an action for indirect civil contempt or indirect criminal contempt.  Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.

4.      Respondent, upon service of this injunction, shall be deemed to have knowledge of and to be bound by all matters occurring at the hearing and on the face of this injunction.

5.      The temporary injunction, if any, entered in this case is extended until such time as service of this injunction is effected upon Respondent.

DONE AND ORDERED in _____, Florida on _____.


_____
CIRCUIT JUDGE


Florida Supreme Court Approved Family Law Form 12.980(s), Final Judgment of Injunction for Protection Against Sexual Violence (After Notice) (03/15)

COPIES TO:
Sheriff of _____ County

Petitioner (or his or her attorney):
____ by U. S. Mail
____ by hand delivery in open court (Petitioner must acknowledge receipt in writing on the face of the original order--see below.)
____ by e-mail to designated e-mail address

Respondent (or his or her attorney):
____ forwarded to sheriff for service
____ by hand delivery in open court (Respondent must acknowledge receipt in writing on the face of the original order--see below.)
____ by certified mail (may only be used when Respondent is present at the hearing and Respondent fails or refuses to acknowledge the receipt of a certified copy of this injunction.)

____ State Attorney's Office
____ Other_____

I CERTIFY the foregoing is a true copy of the original Final Judgment of Injunction for Protection Against Sexual Violence as it appears on file in the office of the Clerk of the Circuit Court of _____ County, Florida, and that I have furnished copies of this order as indicated above.

CLERK OF THE CIRCUIT COURT

(SEAL)
By: _____
    *Deputy Clerk or Judicial Assistant*

**ACKNOWLEDGMENT**

I, *{Name of Petitioner}* _____, acknowledge receipt of a certified copy of this

Florida Supreme Court Approved Family Law Form 12.980(s), Final Judgment of Injunction for Protection Against Sexual Violence (After Notice) (03/15)

Injunction for Protection.

_____
Petitioner

## ACKNOWLEDGMENT

I, *{Name of Respondent}* _____, acknowledge receipt of a certified copy of this Injunction for Protection.

_____
Respondent

Florida Supreme Court Approved Family Law Form 12.980(s), Final Judgment of Injunction for Protection Against Sexual Violence (After Notice) (03/15)

- 617 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(t)
# PETITION FOR INJUNCTION FOR PROTECTION AGAINST STALKING
# (03/15)

## When should this form be used?

If you are a victim of stalking, you can use this form to ask the court for a protective order prohibiting stalking. Stalking means the repeated following, harassment, or cyberstalking of one person by another. Cyberstalk means to engage in a course of conduct to communicate, or to cause to be communicated, words, images, or language by or through the use of electronic mail or electronic communication, directed at a specific person, causing substantial emotional distress to that person and serving no legitimate purpose.

Because you are making a request to the court, you are called the **petitioner**.  The person whom you are asking the court to protect you from is called the **respondent**.  If you are under the age of eighteen and have never been married or had the disabilities of nonage removed by a court, and are living at home, one of your parents or your legal guardian must sign this petition on your behalf.

The parent or legal guardian of any minor child *who is living at home* may seek an injunction for protection against stalking on behalf of the minor child.

If the respondent is your **spouse**, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your child(ren), whether or not you have ever been married or ever lived together, you may, instead, choose to use the **Petition for Injunction for Protection Against Domestic Violence**, Florida Supreme Court Approved Family Law Form 12.980(a), rather than this form.

This form should be typed or printed in black ink.  You should complete this form (giving as much detail as possible) and sign it the presence of a notary or in front of the **clerk of the circuit court** in one of the following: the circuit where you currently or temporarily reside; the circuit where the respondent resides; or the circuit where the stalking occurred. The clerk will take your completed petition to a **judge**.  You should keep a copy for your records. If have any questions or need assistance completing this form, the clerk or **family law intake staff** will help you. There is no filing fee for a petition for protection against stalking.

## What should I do if the judge grants my petition?

If the facts contained in your petition convince the judge that stalking or cyberstalking exists, the judge will sign a **Temporary Injunction for Protection Against Stalking**, Florida Supreme Court Approved Family Law Form 12.980(u). A temporary injunction is issued without notice to the respondent. The clerk

Instructions for Florida Supreme Court Approved Family Law Form 12.980(t), Petition for Injunction for Protection Against Stalking (03/15)

- 618 -

will give your **petition**, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for **personal service** on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a **hearing** can be held or for a period of 15 days, whichever comes first.

The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain **service** on the respondent.

The temporary injunction is issued **ex parte**. This means that the judge has considered only the information presented by one side--YOU. Section I of the temporary injunction gives a date that you should appear in court for a hearing. You will be expected to testify about the facts in your petition.  The respondent will be given the opportunity to testify at this hearing also. At the hearing, the judge will decide whether to issue a **Final Judgment of Injunction for Protection Against Stalking (After Notice)**, Florida Supreme Court Approved Family Law Form 12.980(v), which will remain in effect for a specific time period or until modified or dissolved by the court. **If either you or the respondent do not appear at the hearing, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs. You and the respondent will be bound by the terms of any injunction or order issued at the final hearing.**

**IF EITHER YOU OR THE RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, YOU WILL BOTH BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED IN THIS MATTER.**

If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. **Make sure that you keep one certified copy of the injunction with you at all times**!

### What can I do if the judge denies my petition or does not issue a Temporary Injunction?

If your petition is denied, you may amend your petition by filing a **Supplemental Affidavit in Support of Petition for Injunction for Protection**, Florida Supreme Court Approved Family Law Form 12.980(g). If the only ground for not granting an ex parte temporary injunction is no appearance of immediate and present danger of stalking, the court shall set a full hearing on your petition for injunction at the earliest possible time. The respondent will be notified by **personal service** of your petition and the hearing.  You must attend the hearing, present facts, and bring evidence that supports your petition; failure to attend the hearing may result in dismissal of your petition.

### Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** are defined in that section. The clerk of

Instructions for Florida Supreme Court Approved Family Law Form 12.980(t), Petition for Injunction for Protection Against Stalking (03/15)

the circuit court or **family law intake staff** will help you complete any necessary forms. For further information, see Section 784.0485, Florida Statutes, and Rule 12.610, Florida Family Law Rules of Procedure.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special Notes

If you require that your address be confidential for safety reasons, you should complete a **Request for Confidential Filing of Address**, Florida Supreme Court Approved Family Law Form 12.980(h), and file it with the clerk of the circuit. You should then write confidential in the space provided on the petition.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(t), Petition for Injunction for Protection Against Stalking (03/15)

- 620 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,

Petitioner,
and

_____,

Respondent.

# PETITION FOR INJUNCTION FOR PROTECTION AGAINST STALKING

I, *{full legal name}*_____, being sworn, certify that the following statements are true:

## SECTION I. PETITIONER

(This section is about you. It must be completed; **however, if you require that your address be confidential for safety reasons,** you should complete and file a **Request for Confidential Filing of Address,** Florida Supreme Court Approved Family Law Form 12.980(h), and write confidential in the space provided on this form for your address and telephone number.)

1.      Petitioner resides at the following address: *{address, city, state, zip code}* _____
_____ .

*{Indicate **if** applicable}*
_____**Petitioner seeks an injunction for protection on behalf of a minor child.** Petitioner is the parent or legal guardian of *{full legal name}*_____,
a minor child who is living at home.

2.      Petitioner's attorney's name, address, and telephone number is: _____
_____ .
(If you do not have an attorney, write "none.")

## SECTION II. RESPONDENT

(This section is about the person you want to be protected from. It must be completed.)

1.      Respondent resides at the following address: *{provide last known street address, city, state, and zip code}* _____
_____ .

Florida Supreme Court Approved Family Law Form 12.980(t), Petition for Injunction for Protection Against Stalking (03/15)

- 621 -

2.	Respondent's last known place of employment: _____

Employment address: _____

Working hours of Respondent: _____

3.	Physical description of Respondent:

Race: _____  Sex:  Male _____  Female _____  Date of Birth: _____

Height: _ Weight: _____  Eye Color: _____  Hair Color: ___

Distinguishing marks and/or scars: _____

	Vehicle: (make/model)_____  Color:_____  Tag Number *(if known)*_____

4.	Other names Respondent goes by (*aliases or nicknames*): _____

_____

5.	Respondent's attorney's name, address, and telephone number is: _____

_____

(If you do not know whether Respondent has an attorney, write "unknown."  If Respondent does not have an attorney, write "none.")

**SECTION III.  CASE HISTORY AND REASON FOR SEEKING PETITION** (This section must be completed.)

1.	Has Petitioner ever received or tried to get an injunction for protection against stalking against Respondent in this or any other court?

_____ Yes  _____ No	If yes, what happened in that case? *{include case number, if known}*

_____

_____.

2.	Has Respondent ever received or tried to get an injunction for protection against stalking against Petitioner in this or any other court?

_____ Yes  _____ No	If yes, what happened in that case? *{include case number, if known}*_____

_____

_____.

3.	Describe any other court case that is either going on now or that happened in the past **between Petitioner and Respondent** *{include case number, if known}*: _____

_____

_____.

4.	Petitioner is a victim of stalking because Respondent has: *{please mark all sections that apply}*

a.	_____Committed stalking;

b.	_____Previously threatened, harassed, stalked, cyberstalked, or physically abused the Petitioner;

c.	_____Threatened to harm Petitioner or family members or individuals closely associated with Petitioner;

Florida Supreme Court Approved Family Law Form 12.980(t), Petition for Injunction for Protection Against Stalking (03/15)

- 622 -

d.        ____Intentionally injured or killed a family pet;

e.        ____Used, or threatened to use, against Petitioner any weapons such as guns or knives;

f.        ____A criminal history involving violence or the threat or violence, if known;

g.        ____Another order of protection issued against him or her previously from another jurisdiction, if known;

h.        ____ Destroyed personal property, including, but not limited to, telephones or other communication equipment, clothing, or other items belonging to Petitioner.

5.        Below is a description of the specific incidents of stalking or cyberstalking: *{for cyberstalking, please include a description of all evidence of contacts and/or threats made by Respondent in voice messages, texts, emails, or other electronic communication}*
On *{dates}* _____ the following incidents of stalking occurred at the following locations:
*{the locations may include, but need not be limited to, a home, school, or place of employment}*

_____
_____
_____
_____ .

_____Please indicate here if you are attaching additional pages to continue these facts.

6.        **Additional Information**
        ____Respondent owns, has, and/or is known to have guns or other weapons.
Describe weapon(s) and where they may be located, if known: _____
_____ .

**SECTION IV.  INJUNCTION**   *{This section must be completed}*

1.        Petitioner asks the Court to enter a **TEMPORARY INJUNCTION** for protection against stalking that will be in place from now until the scheduled hearing in this matter, which will immediately restrain Respondent from committing any acts of stalking, and which will provide any terms the Court deems necessary for the protection of a victim of stalking, including any injunctions or directives to law enforcement agencies.

2.        Petitioner asks the Court to enter, after a hearing has been held on this petition, a **FINAL JUDGMENT** for protection against stalking prohibiting Respondent from committing any acts of stalking against Petitioner **and**:

a.        prohibiting Respondent from going to or within 500 feet of any place Petitioner lives, or to any specified place regularly frequented by Petitioner and any named family members or individuals closely associated with Petitioner; _____
_____ .

b. prohibiting Respondent from going to or within 500 feet of Petitioner's place(s) of employment or the school that Petitioner attends;  the address of Petitioner's place(s) of employment and/or school is:____
_____ ;

Florida Supreme Court Approved Family Law Form 12.980(t), Petition for Injunction for Protection Against Stalking (03/15)

- 623 -

c.	prohibiting Respondent from contacting Petitioner by telephone, mail, by e-mail, in writing, through another person, or in any other manner;

d.	ordering Respondent that he or she shall not have in his or her care, custody, possession, or control any firearm or ammunition;

e.	prohibiting Respondent from knowingly and intentionally going to or within 100 feet of Petitioner's motor vehicle, whether or not that vehicle is occupied;

3.	Petitioner asks the Court to enter any other terms it deems necessary to protect Petitioner from stalking by Respondent.

 **I UNDERSTAND THAT BY FILING THIS PETITION, I AM ASKING THE COURT TO HOLD A HEARING ON THIS PETITION, THAT BOTH THE RESPONDENT AND I WILL BE NOTIFIED OF THE HEARING, AND THAT I MUST APPEAR AT THE HEARING. I UNDERSTAND THAT IF EITHER THE RESPONDENT OR I FAIL TO APPEAR AT THE FINAL HEARING, WE WILL BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED AT THAT HEARING.**

**I HAVE READ EVERY STATEMENT MADE IN THIS PETITION AND EACH STATEMENT IS TRUE AND CORRECT. I UNDERSTAND THAT THE STATEMENTS MADE IN THIS PETITION ARE BEING MADE UNDER PENALTY OF PERJURY, PUNISHABLE AS PROVIDED IN SECTION 837.02, FLORIDA STATUTES.**

Dated: _____

_____
Signature of Petitioner
Printed Name:_____
Address: _____
City, State, Zip: _____
Telephone Number: _____

Designated E-Mail Address(es): _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or clerk.]*
_____	Personally known
_____	Produced identification
	Type of identification produced _____

Florida Supreme Court Approved Family Law Form 12.980(t), Petition for Injunction for Protection Against Stalking (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,

Petitioner,
and

_____,

Respondent.

# TEMPORARY INJUNCTION FOR PROTECTION AGAINST STALKING

The Petition for Injunction for Protection Against Stalking under Section 784.0485, Florida Statutes, and other papers filed in this Court have been reviewed. Under the laws of Florida, the Court has jurisdiction of the Petitioner and the subject matter, and has jurisdiction of the Respondent upon service of the temporary injunction. The term Petitioner as used in this injunction includes the person on whose behalf this injunction is entered.

**It is intended that this protection order meet the requirements of 18 U.S.C. Section 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.**

**SECTION I. NOTICE OF HEARING**

Because this Temporary Injunction for Protection Against Stalking has been issued without notice to Respondent, Petitioner and Respondent are instructed that they are scheduled to appear and testify at a hearing regarding this matter on *{date}* _____, at _____ a.m./p.m., when the Court will consider whether it should issue a Final Judgment of Injunction for Protection Against Stalking, which shall remain in effect until modified or dissolved by the Court, and whether other things should be ordered. The hearing will be before The Honorable *{name}* _____, at the following address: _____
_____, Florida. If Petitioner and/or Respondent do not appear, this temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including entry of a permanent injunction and the imposition of court costs. All witnesses and evidence, if any, must be presented at this time. **Petitioner and Respondent will be bound by the terms of any injunction or order issued at the final hearing.**

**IF EITHER PETITIONER OR RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, HE OR SHE WILL BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED IN THIS MATTER.**

NOTICE: Because this is a civil case, there is no requirement that these proceedings be transcribed at

Florida Supreme Court Approved Family Law Form 12.980(u), Temporary Injunction for Protection Against Stalking (03/15)

public expense.
YOU ARE ADVISED THAT IN THIS COURT:

a.____   a court reporter is provided by the court.

b.____   electronic recording only is provided by the court.  A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party's expense.

A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT AN APPEAL.  THE PARTY SEEKING THE APPEAL IS RESPONSIBLE FOR HAVING THE TRANSCRIPT PREPARED BY A COURT REPORTER. THE TRANSCRIPT MUST BE FILED WITH THE REVIEWING COURT OR THE APPEAL MAY BE DENIED.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance.  Please contact**_____
_____
*{identify applicable court personnel by name, address, and telephone number}* **at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

**SECTION II.  FINDINGS**

The statements made under oath by Petitioner make it appear that Section 784.0485, Florida Statutes, applies to the parties, and that stalking exists.

**SECTION III.  TEMPORARY INJUNCTION AND TERMS**

**This injunction shall be in effect until the hearing set above and in no event for longer than 15 days, unless extended by court order.  If a final order of injunction is issued, the terms of this temporary injunction will be extended until service of the final injunction is effected upon Respondent.  This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction.**

**Willful violation of the terms of this injunction, such as: committing an act of stalking against Petitioner; going to or being within 500 feet of Petitioner's residence, place of employment, school, or other place prohibited in this injunction; knowingly and intentionally coming within 100 feet of Petitioner's motor vehicle, whether or not that vehicle is occupied; committing any other violation of this injunction through an intentional unlawful threat, word or act to do violence to Petitioner; telephoning, contacting or communicating with Petitioner, unless indirect contact through a third**

**party is specifically allowed by this injunction; defacing or destroying Petitioner's personal property, including Petitioner's motor vehicle; or refusing to surrender firearms or ammunition if ordered to so by the Court, constitutes a misdemeanor of the first degree punishable as provided by Sections 775.082 and 775.083, Florida Statutes.**

**Any party violating this injunction may be subject to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment, and also may be charged with a crime punishable by a fine, jail, or both, as provided by Florida Statutes.**

**ORDERED and ADJUDGED:**

1.  **Prohibited Actions.**  Respondent shall not commit, or cause any other person to commit, any acts of stalking against Petitioner, including stalking, cyberstalking, aggravated stalking, or any criminal offense resulting in physical injury or death.  Respondent shall not commit any other violation of this injunction through an intentional unlawful threat, word, or act to do violence to Petitioner.

2.  **No Contact.  Respondent shall have no contact with the Petitioner unless otherwise provided in this section.**
a. Unless otherwise provided herein, Respondent shall have **no** contact with Petitioner.  Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner, including any electronic means or use of social media.  Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner's employment or school to inquire about Petitioner or to send any messages to Petitioner.  Unless otherwise provided herein, **Respondent shall not go to, in, or within 500 feet of:**

b. Petitioner's current residence *{list address}*_____

_____
or any residence to which Petitioner may move;

c. Petitioner's current or any subsequent place of employment *{list address of current employment}* _____

_____

d. where Petitioner attends school *{list address of school}*_____

_____; or

e. the following other places (if requested by Petitioner) where Petitioner, specific members of Petitioner's family, or individuals closely associated with Petitioner, regularly frequent:_____

_____
_____
_____.

f. Respondent **shall not** knowingly and intentionally come within 100 feet of Petitioner's motor vehicle at any time, whether or not that vehicle is occupied;

Florida Supreme Court Approved Family Law Form 12.980(u), Temporary Injunction for Protection Against Stalking (03/15)

g. Other provisions regarding contact: _____

_____

_____.

3.  **Firearms.**
    *{Initial **all** that apply; write N/A if not applicable}*

a.          ____Respondent is a state or local officer, as defined in section 943.10(14), Florida Statutes, who holds an active certification, who receives or possesses a firearm or ammunition for use in performing official duties on behalf of the officer's employing agency, and is not prohibited by the court from having in his or her care, possession, or control any firearm or ammunition.

b.          ____Respondent shall not use or possess a firearm or ammunition.

c.          ____Respondent shall surrender any firearms and ammunition in the Respondent's possession to the_____ County Sheriff's Department.

d. _____Other directives relating to firearms and ammunition: _____

_____

_____

_____

4.  **Mailing Address.**  Respondent shall notify the Clerk of the Court of any change in his or her mailing address within 10 days of the change.  All further papers (excluding pleadings requiring personal service) shall be served by mail to Respondent's last known address of record.  Such service by mail shall be complete upon mailing. Rule 12.080, Florida Family Law Rules of Procedure; Section 784.0485, Florida Statutes.

5.  **Additional order(s) necessary to protect Petitioner from stalking:**
_____
_____
_____
_____

6.  **Referral to Appropriate Services for Petitioner:**
    Petitioner may contact the following services as needed:

_____

_____.

**SECTION IV.  OTHER SPECIAL PROVISIONS**
*(This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.)*

_____

Florida Supreme Court Approved Family Law Form 12.980(u), Temporary Injunction for Protection Against Stalking (03/15)

_____
_____.

**SECTION V.  DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION**
*(Unless ordered otherwise by the judge, all provisions in this injunction are considered mandatory provisions and should be interpreted as part of this injunction.)*

 1.      The Sheriff of _____County, or any other authorized law enforcement officer, is ordered to serve this temporary injunction upon Respondent as soon as possible after its issuance.

2.      **This injunction is valid and enforceable in all counties of the State of Florida.**  Violation of this injunction should be reported to the appropriate law enforcement agency.  Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without a warrant pursuant to Section 901.15, Florida Statutes, for any violation of its provisions, which constitutes a criminal act under Section 784.0487, Florida Statutes.

3.      **THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES.** The arresting agent shall notify the State Attorney's Office immediately after arrest.

4.      **Reporting alleged violations.**  If Respondent violates the terms of this injunction and has not been arrested, Petitioner may contact the clerk of the circuit court of the county in which the violation is alleged to have occurred. The clerk shall assist Petitioner in preparing an affidavit in support of reporting the violation or direct Petitioner to the office operated by the court that has been designated by the chief judge of that circuit as the central intake point for violations of injunctions for protection where Petitioner can receive assistance in the preparation of the affidavit in support of the violation. The affidavit shall be immediately forwarded by the office assisting Petitioner to the state attorney of that circuit and to the judge designated by the chief judge as the recipient of affidavits of violations of an injunction. Procedures relating to reporting alleged violations are governed by section 784.0487, Florida Statutes.

DONE AND ORDERED in _____, Florida, on _____.

_____
CIRCUIT JUDGE

COPIES TO:
Sheriff of _____ County

Florida Supreme Court Approved Family Law Form 12.980(u), Temporary Injunction for Protection Against Stalking (03/15)

Petitioner:
_____ by U. S. Mail
_____ by hand delivery in open court
Respondent:
_____ forwarded to sheriff for service
_____ State Attorney's Office
_____ Other:

I CERTIFY the foregoing is a true copy of the original **Temporary Injunction for Protection Against Stalking** as it appears on file in the office of the Clerk of the Circuit Court of _____ County, Florida, and that I have furnished copies of this order as indicated above.

CLERK OF THE CIRCUIT COURT

(SEAL)

By:_____
   Deputy Clerk

Florida Supreme Court Approved Family Law Form 12.980(u), Temporary Injunction for Protection Against Stalking (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,
and


_____,
Respondent.


# FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST STALKING (AFTER NOTICE)

The Petition for Injunction for Protection Against Stalking under Section 784.0485, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter. The term Petitioner as used in this injunction includes the person on whose behalf this injunction is entered.

**It is intended that this protection order meet the requirements of 18 U.S.C. Section 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.**

**SECTION I. HEARING**


This cause came before the Court for a hearing to determine whether an Injunction for Protection Against Stalking in this case should be:

_____ issued _____ modified_____ extended.

The hearing was attended by:
____Petitioner
____Petitioner's Counsel
____Respondent
____Respondent's Counsel

**SECTION II. FINDINGS**


On *{date}* _____, a notice of this hearing was served on Respondent together with a copy of Petitioner's petition to this Court and the temporary injunction, if issued. Service was within the

Florida Supreme Court Approved Family Law Form 12.980(v), Final Judgment of Injunction for Protection Against Stalking (After Notice) (03/15)

time required by Florida law, and Respondent was afforded an opportunity to be heard.

After hearing the testimony of each party present and of any witnesses, or upon consent of Respondent, the Court finds, based on the specific facts of this case, that Petitioner is a victim of stalking.

**SECTION III.  INJUNCTION AND TERMS**

**This injunction shall be in full force and effect until either _____ further order of the Court or _____ until {date} _____. This injunction is valid and enforceable throughout all counties in the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction.**

**Willful violation of the terms of this injunction, such as: committing an act of stalking against Petitioner; going to or being within 500 feet of Petitioner's residence, place of employment, school, or other place prohibited in this injunction; knowingly and intentionally coming within 100 feet of Petitioner's motor vehicle, whether or not that vehicle is occupied; committing any other violation of this injunction through an intentional unlawful threat, word or act to do violence to Petitioner; telephoning, contacting or communicating with Petitioner, unless indirect contact through a third party is specifically allowed by this injunction; defacing or destroying Petitioner's personal property, including Petitioner's motor vehicle; having care, custody, use or possession of a firearm or ammunition unless authorized by section 790.233(3), Florida Statutes, constitutes a misdemeanor of the first degree punishable as provided by Sections 775.082 and 775.083, Florida Statutes.**

**Any party violating this injunction shall be subject to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment, and also may be charged with a crime punishable by a fine, jail, or both, as provided by Florida Statutes.**

**ORDERED and ADJUDGED:**

1.      **Prohibited Actions.**  Respondent shall not commit, or cause any other person to commit, any acts of stalking  against Petitioner, including  stalking, cyberstalking, aggravated stalking, or any criminal offense resulting in physical injury or death.  Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to Petitioner.

2.      **No Contact.  Respondent shall have no contact with Petitioner unless otherwise provided   in this section.**

a.            Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner, including any electronic means or use of social media. Further, Respondent shall not contact or have any third party contact anyone connected with

Florida Supreme Court Approved Family Law Form 12.980(v), Final Judgment of Injunction for Protection Against Stalking (After Notice) (03/15)

Petitioner's employment or school to inquire about Petitioner or to send any messages to Petitioner.
Unless otherwise provided herein, **Respondent shall not go to, in, or within 500 feet of:**

b. Petitioner's current residence {list address} _____

_____

or any residence to which Petitioner may move;

c. Petitioner's current or any subsequent place of employment *{list address of current employment}* _____ ;

d. Petitioner's school *{list address of school}* _____
_____ ; or

e. the following other place(s) regularly frequented by Petitioner and any named family members or individuals closely associated with Petitioner: _____

_____

_____

_____ .

f. Respondent shall not knowingly or intentionally come within 100 feet of Petitioner's motor vehicle, whether or not that vehicle is occupied;

g. Respondent shall not deface or destroy Petitioner's personal property, including Petitioner's motor vehicle

h. Other provisions regarding contact: _____

_____

_____

_____ .

3. **Firearms.**

**Unless paragraph a. is initialed below, Respondent shall not have in his or her care, custody, possession, or control any firearm or ammunition. It is a violation of section 790.233, Florida Statutes, and a first degree misdemeanor, for Respondent to have in his or her care, custody, possession or control any firearm or ammunition.**

*{Initial **all** that apply; write N/A if not applicable}*

a. _____ Respondent is a state or local officer, as defined in section 943.10(14), Florida Statutes, who holds an active certification, who receives or possesses a firearm or ammunition for use in performing official duties on behalf of the officer's employing agency, and is not prohibited by the court from having in his or her care, custody, possession or control any firearm or ammunition.

b. _____Respondent shall not use or possess a firearm or ammunition.

Florida Supreme Court Approved Family Law Form 12.980(v), Final Judgment of Injunction for Protection Against Stalking (After Notice) (03/15)

c.	_____Respondent shall surrender any firearms and ammunition in the Respondent's possession to the_____ County Sheriff's Department. Failure to surrender either firearms or ammunition if ordered to do so by the court constitutes a misdemeanor of the first degree, punishable as provided in section 775.082 or 775.083, Florida Statutes.

d.	_____Other directives relating to firearms and ammunition: _____
_____
_____.

4.	**Treatment, Intervention, or Counseling.**
	*{Initial **if** applicable; write N/A if **not** applicable}*
a.	_____Respondent shall participate in the treatment, intervention, or counseling specified below.  Respondent shall pay for all services rendered: _____
_____
_____
_____.

b.	Within _____ days of the date of this Injunction, Respondent shall enroll in, and thereafter complete without delay, the treatment, intervention, or counseling required in paragraph a. above. Respondent shall provide proof of such enrollment to the Clerk of the Court.

5.	**Mailing Address or Designated E-Mail Address(es).**  Respondent shall notify the Clerk of the Court of any change in either his or her mailing address, or designated e-mail address(es), within 10 days of the change.  All further papers (excluding pleadings requiring personal service) shall be served either by mail to Respondent's last known mailing address or by e-mail to Respondent's designated e-mail address(es).  Service shall be complete upon mailing or e-mailing.

6.	**Additional provisions(s) necessary to protect Petitioner from stalking:**
_____
_____
_____
_____
_____.

7.	**Referral to Appropriate Services for Petitioner.**  Petitioner may contact the following services as needed: _____
_____
_____.

**SECTION IV.  OTHER SPECIAL PROVISIONS**
*{This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.}*
_____

Florida Supreme Court Approved Family Law Form 12.980(v), Final Judgment of Injunction for Protection Against Stalking (After Notice) (03/15)

_____.

**SECTION V.  DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION**
*{Unless ordered otherwise by the judge, all provisions in this injunction are considered mandatory provisions and should be interpreted as part of this injunction.}*

1.      **This injunction is valid and enforceable in all counties of the State of Florida.**  Violation of this injunction should be reported to the appropriate law enforcement agency.  Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without a warrant pursuant to Section 901.15, Florida Statutes, for any violation of its provisions, which constitutes a criminal act under Section 784.0485, Florida Statutes.

2.      **THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES.** The arresting agent shall notify the State Attorney's Office immediately after arrest.

3.      **Reporting alleged violations.**  If Respondent violates the terms of this injunction and has not been arrested, Petitioner may contact the clerk of the circuit court of the county in which the violation is alleged to have occurred. The clerk shall assist Petitioner in preparing an affidavit in support of reporting the violation or direct Petitioner to the office operated by the court that has been designated by the chief judge of that circuit as the central intake point for violations of injunctions for protection where Petitioner can receive assistance in the preparation of the affidavit in support of the violation. The affidavit shall be immediately forwarded by the office assisting Petitioner to the state attorney of that circuit and to the judge designated by the chief judge as the recipient of affidavits of violations of an injunction. Procedures relating to reporting alleged violations are governed by section 784.0487, Florida Statutes.

4.      Respondent, upon service of this injunction, shall be deemed to have knowledge of and to be bound by all matters occurring at the hearing and on the face of this injunction.

5.      The temporary injunction, if any, entered in this case is extended until such time as service of this injunction is effected upon Respondent.


DONE AND ORDERED in_____, Florida, on _____.



_____
CIRCUIT JUDGE




Florida Supreme Court Approved Family Law Form 12.980(v), Final Judgment of Injunction for Protection Against Stalking (After Notice) (03/15)

COPIES TO:
Sheriff of _____ County

Petitioner (or his or her attorney):
_____ by U. S. Mail
_____ by hand delivery in open court (Petitioner must acknowledge receipt in writing on the face of the
       original order--see below.)
_____ by e-mail to designated e-mail address(es)

Respondent (or his or her attorney):
_____forwarded to sheriff for service
_____ by hand delivery in open court (Respondent must acknowledge receipt in writing on the face of
the original order--see below.)
_____ by certified mail (may only be used when Respondent is present at the hearing and Respondent
fails or refuses to acknowledge the receipt of a certified copy of this injunction.)

_____ State Attorney's Office
_____ Other_____

I CERTIFY the foregoing is a true copy of the original **Final Judgment of Injunction for Protection Against Stalking** as it appears on file in the office of the Clerk of the Circuit Court of _____ County, Florida, and that I have furnished copies of this order as indicated above.

CLERK OF THE CIRCUIT COURT

(SEAL)

By:_____
*Deputy Clerk or Judicial Assistant*

**ACKNOWLEDGMENT**

I, *{Name of Petitioner}* _____, acknowledge receipt of a certified copy of this Final Judgment of Injunction for Protection Against Stalking.

Florida Supreme Court Approved Family Law Form 12.980(v), Final Judgment of Injunction for Protection Against Stalking (After Notice) (03/15)

_____
Petitioner

**ACKNOWLEDGMENT**

I, *{Name of Respondent}* _____, acknowledge receipt of a certified copy of this Final Judgment of Injunction for Protection Against Stalking.

_____
Respondent

Florida Supreme Court Approved Family Law Form 12.980(v), Final Judgment of Injunction for Protection Against Stalking (After Notice) (03/15)

- 637 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(w)
# PETITION BY AFFIDAVIT FOR ORDER TO SHOW CAUSE FOR A VIOLATION OF FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC, REPEAT, DATING, OR SEXUAL VIOLENCE, OR STALKING (03/15)

## When should this form be used?

You may use this form if you have a valid **Final Judgment of Injunction for Protection Against Domestic, Repeat, Dating, or Sexual Violence, or Stalking,** in force which has been violated. You should use this **affidavit** to state the essential facts which establish a violation of the Final Judgment of Injunction.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or the **clerk of the circuit court**. You should then **file** the original with such clerk or judge as determined by the chief judge of your circuit to be the recipient of affidavits of violation, provide a copy to the state attorney of that circuit and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(w), Petition by Affidavit for Order to Show Cause for a Violation of Final Judgment of Injunction for Protection Against Domestic, Repeat, Dating, or Sexual Violence, or Stalking (03/15)

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

Instructions for Florida Supreme Court Approved Family Law Form 12.980(w), Petition by Affidavit for Order to Show Cause for a Violation of Final Judgment of Injunction for Protection Against Domestic, Repeat, Dating,  or Sexual Violence, or Stalking (03/15)

- 639 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,
                Petitioner,
and

_____,
                Respondent.

# PETITION BY AFFIDAVIT FOR ORDER TO SHOW CAUSE FOR A VIOLATION OF FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST
# ( ) DOMESTIC VIOLENCE ( ) REPEAT VIOLENCE
# ( ) DATING VIOLENCE ( ) SEXUAL VIOLENCE ( ) STALKING

I, {full legal name} _____, being sworn, certify that I have actual knowledge of the following facts as set forth and the following statements are true:

1.      The Court previously issued a {Choose **one** only}
a. ____ Final Judgment of Injunction for Protection Against Domestic Violence
b. ____ Final Judgment of Injunction for Protection Against Repeat Violence
c. ____ Final Judgment of Injunction for Protection Against Dating Violence
d. ____ Final Judgment of Injunction for Protection Against Sexual Violence
e. ____ Final Judgment of Injunction for Protection Against Stalking
in this case on {date} _____.

The Final Judgment of Injunction for Protection was served on Respondent on {date} _____.

2.      On {dates} _____, at {place and address} _____
_____,
the following event(s) took place: _____
_____
_____

Florida Supreme Court Approved Family Law Form 12.980(w), Petition By Affidavit for Order to Show Cause for a Violation of Final Judgment of Injunction for Protection Against Domestic, Repeat, Dating, or Sexual Violence, or Stalking (03/15)

_____
_____.

*{For cyberstalking, please include a description of all evidence of contacts and/or threats made    by Respondent in voice messages, texts, emails, or other electronic communication}*

_____
_____
_____
_____.

_____Please indicate here if you are attaching additional pages to continue these facts.


3.      Respondent has willfully violated the Injunction by: *{explain what Respondent did that violated the Order of Protection}*

_____

_____

_____

_____
_____.

_____Please indicate here if you are attaching additional pages to continue these facts.


5.      ____ Please indicate here if you are attaching copies of medical records for treatment you may have received for injuries referred to in your affidavit, or copies of any police or sheriff reports concerning incidents of violence involving you and Respondent.


6.      Respondent acted to impair, interfere with, delay, hinder, lessen the authority of, dignity of, and embarrass the cause of justice in a manner contemptuous of this court.


WHEREFORE, I respectfully request that the Court issue an Order to Show Cause, requiring Respondent to appear before the Court to show cause why Respondent should not be held in contempt of court for failure to abide by the terms and conditions of the Final Judgment of Injunction for Protection.


**I understand that by filing this affidavit, I am asking the court to hold a hearing, that both Respondent and I will be notified of the hearing, and that I must appear at the hearing.  In addition to my own testimony, I understand that I can bring other proof of the violation such as, for example, people who saw Respondent violate the order, pictures, medical records, police reports, or anything might help show the judge how Respondent violated the Final Judgment of Injunction for Protection.**


**I have read every statement made in this affidavit and each statement is true and correct. I understand that the statements made in this affidavit are being made under penalty of perjury, punishable as provided in Section 837.02, Florida Statutes and that the punishment for knowingly**

Florida Supreme Court Approved Family Law Form 12.980(w), Petition By Affidavit for Order to Show Cause for a Violation of Final Judgment of Injunction for Protection Against Domestic, Repeat, Dating,  or Sexual Violence, or Stalking (03/15)

**making a false statement includes fines and/or imprisonment.**


Dated: _____


_____
Signature of Petitioner

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.



_____
NOTARY PUBLIC or DEPUTY CLERK


_____
*{Print, type, or stamp commissioned name of notary or clerk.}*


_____Personally known
_____Produced identification
　　　Type of identification produced _____

I certify that a copy of this document was (    ) mailed (    ) faxed and mailed (      ) e-mailed (      ) hand delivered to the person(s) listed below on *{date}* _____.

**Other party or his/her attorney**:
Name:_____
Address:_____
City, State, Zip:_____
Fax Number:_____
Designated E-mail Address(es):_____
_____




Florida Supreme Court Approved Family Law Form 12.980(w), Petition By Affidavit for Order to Show Cause for a Violation of Final Judgment of Injunction for Protection Against Domestic, Repeat, Dating,  or Sexual Violence, or Stalking (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
                    Petitioner,
and

_____,
                    Respondent.

Description of Respondent:
Sex: _____     Eye color: _____     Height: _____     DOB: _____
Race: _____     Hair color: _____     Weight: _____
Last known address: _____

# ORDER TO SHOW CAUSE

This cause comes before the court for review based upon the alleged conduct of Respondent for the issuance of an Order to Show Cause directed to *{name}*_____ for violation of the Final Judgment of Injunction for Protection as is more specifically set forth in the **Petition By Affidavit For Order To Show Cause For a Violation Of Final Judgment Of Injunction For Protection,** a copy of which is attached hereto and made a part hereof.

NOW, THEREFORE, you, *{name}* _____, are hereby ORDERED to appear before this court before Judge *{name}* _____, on *{date}* _____, at *{time}* ___.m., in Room _____ of the _____Courthouse, located at _____, to be arraigned.
A subsequent hearing will be scheduled requiring Respondent to show cause why he/she should not be held in contempt of this court for violation of the Final Judgment of Injunction for Protection as is stated in the attached **Petition By Affidavit For Order To Show Cause For a Violation of Final Judgment of Injunction For Protection**.  Punishment, if imposed, may include a fine and incarceration. Should the court determine, based on the evidence presented at the hearing, that Respondent's conduct warrants sanctions for civil contempt in addition to or instead of indirect criminal contempt, the court reserves the right to find Respondent guilty of civil contempt and impose appropriate civil sanctions.

_____The court hereby appoints the State Attorney's Office to prosecute the case.

_____Respondent is advised that he/she is entitled to be represented by counsel.

**If you are a person with a disability who needs any accommodation to participate in this proceeding, you are entitled, at no cost to you, to the**

Florida Supreme Court Approved Family Law Form 12.980(w), Petition By Affidavit for Order to Show Cause for a Violation of Final Judgment of Injunction for Protection Against Domestic, Repeat, Dating,  or Sexual Violence, or Stalking (03/15)

- 643 -

**provision of certain assistance. Please contact:** _____

_____
*{identify applicable court personnel by name, address, and telephone number}* **at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

IT IS FURTHER ORDERED that the Sheriff of this county serve this **Order to Show Cause** by delivering copies to Respondent, with proof of Sheriff's service.

DONE AND ORDERED in _____ County, Florida, on *{date}* _____.


_____
 Circuit Judge

Copies to:
Sheriff of _____ County

Petitioner or Counsel for Petitioner:
_____by U.S. Mail
_____by e-mail to designated e-mail address(es)

Respondent or Counsel for Respondent:
_____forwarded to the sheriff for service

_____State Attorney's Office


I CERTIFY the foregoing is a true copy of the original Order to Show Cause as it appears on file in the office of the Clerk of the Circuit Court of _____, County, Florida, and that I have furnished copies of this order as indicated above.

CLERK OF THE CIRCUIT COURT


_____<br>*By: Deputy Clerk or Judicial Assistant*

Florida Supreme Court Approved Family Law Form 12.980(w), Petition By Affidavit for Order to Show Cause for a Violation of Final Judgment of Injunction for Protection Against Domestic, Repeat, Dating,  or Sexual Violence, or Stalking (03/15)

- 644 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.981(a)(1)
# STEPPARENT ADOPTION: CONSENT AND WAIVER BY PARENT (03/15)

## When should this form be used?

This form is to be completed and signed by the parent who is giving up all rights to, custody of, and time- sharing with the minor child to be adopted. This consent shall not be executed before the birth of the minor child. For more information about consenting to adoption, you should refer to Chapter 63, Florida Statutes, and sections 63.062 - 63.082, Florida Statutes, in particular.

This form should be typed or printed in black ink. It must be signed in the presence of a **notary public** or **deputy clerk** and two witnesses other than the notary or clerk. You should **file** this form with the **Joint Petition for Adoption by Stepparent**, Florida Supreme Court Approved Family Law Form 12.981(b)(1).

After completing this form, you should hand deliver a copy or duplicate original to the parent giving consent and have them sign the original saying they received a copy. Then you should file the original with the **clerk of the circuit court** in the county where the **Joint Petition for Adoption by Stepparent**, Florida Supreme Court Approved Family Law Form 12.981(b)(1) is filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form

Instructions for Florida Supreme Court Approved Family Law Form 12.981(a)(1), Stepparent Adoption: Consent and Waiver by Parent (03/15)

- 645 -

12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.981(a)(1), Stepparent Adoption: Consent and Waiver by Parent (03/15)

- 646 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

IN THE MATTER OF THE ADOPTION OF

_____
*{use name to be given to minor child(ren)}* Adoptee(s).

# CONSENT AND WAIVER BY PARENT

1. I, *{full legal name}* _____, am the *{Choose only one}*
   _____ father **or** _____ mother of the minor child(ren) subject to this consent who is/are:

   | | Child's Current Name | Gender | Birth date | Birthplace *{city, county, state}* |
   |---|---|---|---|---|
   | a. | | | | |
   | b. | | | | |
   | c. | | | | |
   | d. | | | | |
   | e. | | | | |
   | f. | | | | |

2. I relinquish all rights to, custody of, and time sharing with  this (these) minor child(ren),
   *{name(s)}* _____,
   with full knowledge of the legal effect of the stepparent adoption and consent to the adoption
   by the child(ren)'s stepparent whose name is: *{Choose only one}*
   _____ *{name}* _____
   _____ not required for my granting of this consent.

3. I understand my legal rights as a parent and I understand that I do not have to sign this consent
   and release of my parental rights.  I acknowledge that this consent is being given knowingly,
   freely, and voluntarily.  I further acknowledge that my consent is not given under fraud or
   duress.  I understand that there is a "grace period" in Florida during which I may revoke my
   consent.  If the child to be adopted is older than 6 months at the time of consent, this grace
   period is for 3 days or until the child has been placed with the prospective adoptive parents,
   whichever is later.  I understand that, in signing this consent, I am permanently and forever
   giving up all my parental rights to and interest in this (these) minor child(ren) and that this
   consent may only be withdrawn if the Court finds it was obtained by fraud or duress.  I
   voluntarily, permanently relinquish all my parental rights to this (these) minor child(ren).

4. I consent, release, and give up permanently, of my own free will, my parental rights to this (these) minor child(ren), for the purpose of stepparent adoption.

5. I waive any further notice of the stepparent adoption proceeding.

6. I understand that pursuant to Chapter 63, Florida Statutes, "an action or proceeding of any kind to vacate, set aside, or otherwise nullify a judgment of adoption or an underlying judgment terminating parental rights on any ground may not be filed more than 1 year after entry of the judgment terminating parental rights."

7. I understand I have the right to choose a person who does not have an employment, professional, or personal relationship with the adoption entity or the prospective adoptive parents to be present when this affidavit is executed and to sign it as a witness. The witness I selected is: *{full legal name}* _____.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this consent and waiver and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

Signature of Parent: _____
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____
_____

_____
Signature of Witness
Printed Name: _____
Business Address: _____
Home Address: _____
Driver's License No.: _____
State ID Card No.: _____

_____
Signature of Witness
Printed Name: _____
Business Address: _____
Home Address: _____
Driver's License No.: _____
State ID Card No.: _____

STATE OF FLORIDA
COUNTY OF

Sworn to or affirmed and signed before me on *{date}* _____ .

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or deputy clerk.}*

____ Personally known
____ Produced identification
Type of identification produced

I hereby acknowledge receipt of a copy or duplicate original of this executed **Consent and Waiver**.

_____
Signature of Parent

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Mother (    ) Father
This form was completed with the assistance of:
*{name of individual}*_____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____, *{zip code}*_____*{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.981(a)(2), STEPPARENT ADOPTION: CONSENT OF ADOPTEE (03/15)

## When should this form be used?

This form must be completed and signed by the person being adopted, the adoptee, if he or she is **over 12 years of age**, unless the court, in the best interest of the minor excuses the minor's consent. It must be signed in the presence of a **notary public** or **deputy clerk** and two witnesses other than the notary public or deputy clerk.

This form should be typed or printed in black ink. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where the **Joint Petition for Adoption by Stepparent**, Florida Supreme Court Approved Family Law Form 12.981(b)(1) is filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## Special notes...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.981(a)(2), Stepparent Adoption: Consent of Adoptee (03/15)

- 650 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

IN THE MATTER OF THE ADOPTION OF

_____

*{use name to be given to the child(ren)}* Adoptee(s).

# CONSENT OF ADOPTEE

1.  I, *{full legal name}* _____, being over the age of 12, consent to my adoption by *{name}* _____, to be his/her legal child and heir at law.

2.  I have been told of my right to choose a person who does not have an employment, professional, or personal relationship with the adoption entity or prospective adoptive parents to be present when this affidavit is executed and to sign it as a witness. The witness I selected is: *{full legal name}*_____.

3.  *{Choose only **one]***

    _____ I consent to my name being legally changed to *{specify}* _____.

    _____ I do **not** consent to a name change.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this consent and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Adoptee
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____
_____

_____     _____
Signature of Witness                         Signature of Witness
Printed Name: _____          Printed Name: _____
Business Address: _____          Business Address: _____
Home Address:_____           Home Address:_____
Driver's License No.: _____       Driver's License No.: _____
State ID Card No.: _____          State ID Card No.: _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on *{date}* _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or deputy clerk.}*

_____Personally known
_____Produced identification
     Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the *{choose only **one**}* (  ) adoptee (  ) stepparent
This form was completed with the assistance of:
*{name of individual}*_____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* ____,*{zip code}*_____ *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.981(a)(2), Stepparent Adoption: Consent of Adoptee (03/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.981(a)(3), AFFIDAVIT OF NONPATERNITY (03/15)

## When should this form be used?

This form should be used when a stepfather is adopting his wife's minor child <u>and</u> the mother and father of the minor child(ren) were never married <u>and</u> paternity has not been established by a valid acknowledgment or court order. This Affidavit of Nonpaternity may be used instead of a consent form. This Affidavit may be executed before the birth of the minor child. The person signing the affidavit waives notice to all court proceedings after the date it is signed. After signing this affidavit, it may only be withdrawn if the court finds the affidavit was obtained by fraud or duress.

This form should be typed or printed in black ink. This form must be signed before a **notary public** or **deputy clerk** and two witnesses other than the notary or clerk. You should then **file** the original of this form with the **Joint Petition for Stepparent Adoption,** Florida Supreme Court Approved Family Law Form 12.981(b)(1).

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## Special Notes

Remember--a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

IN THE MATTER OF THE ADOPTION OF

_____,
*{use name to of the minor child(ren)}*Adoptee(s)


# AFFIDAVIT OF NONPATERNITY

I, *{full legal name}* _____, have personal knowledge of the facts stated in this affidavit and certify that the following statements are true:

2.  I have been told that *{name}*_____ has a child. I do not wish to and shall not establish or claim paternity for this child, whose name is _____ and whose date of birth is _____.

3.  The child referenced in this affidavit was not conceived or born while the birth mother was married to me. I AM NOT MARRIED TO THE BIRTH MOTHER, nor do I intend to marry the birth mother.

4.  The child has not been established to be my child in any court proceeding and I have not adopted this child.

5.  I have no interest in assuming the responsibilities of parenthood for this child. I have not acknowledged and will not acknowledge in writing that I am the father of this child or will not institute court proceedings to establish the child as mine.

5.  I do not object to any decision or arrangements the birth mother makes regarding this child, including adoption.

6.  I understand my right to choose a person who does not have an employment, professional, or personal relationship with the adoption entity or the prospective adoptive parents to be present when this affidavit is executed and to sign it as a witness. The witness I selected is *{full legal name}*_____.

7.  I am executing this affidavit freely and voluntarily and I understand that it can only be withdrawn if the court finds it was executed by fraud or duress.


**I WAIVE NOTICE OF ANY AND ALL PROCEEDINGS TO TERMINATE PARENTAL RIGHTS OR FINALIZE AN ADOPTION UNDER CHAPTER 63, FLORIDA STATUTES.**

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Signature

Printed Name: _____

Address: _____

City, State, Zip: _____

Designated E-mail Address(es):_____

Signature of Witness                              Signature of Witness
Printed Name: _____            Printed Name: _____
Business Address: _____            Business Address: _____
Home Address: _____            Home Address: _____
Driver's License or                              Driver's License or
State ID Card No.:_____            State ID Card No.:_____

STATE OF FLORIDA
COUNTY OF

Sworn to or affirmed and signed before me on *{date}* _____ .

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or deputy clerk.]*

____ Personally known
____ Produced identification
____ Type of identification produced

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (   ) parent or (   ) stepparent
This form was completed with the assistance of:
*{name of individual}*_____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* ____, *{zip code}*_____,*{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.981(a)(3), Affidavit of Nonpaternity (03/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.981(a)(4),
## STEPPARENT ADOPTION: AFFIDAVIT OF DILIGENT SEARCH (03/15)

## When should this form be used?

Use this form to obtain __constructive service__ (also called service by publication) in a proceeding for stepparent adoption, **Joint Petition for Adoption by Stepparent,** Florida Supreme Court Approved Family Law Form 12.981(b)(1), when any required consent is unavailable because the address or location of the person whose consent is required is not known and cannot be determined.

This form includes a checklist of places you must look for information on the location of the person whose rights you seek to terminate. You do have to look in all of these places, and the court must believe that you have made a very serious effort to get information about the person's location and that you have followed up on any information you received. Section 63.054, Florida Statutes, requires that in each adoption a search of Florida's Putative Father Registry must be conducted. You will need an order from the judge to do this, which you can request by filing a **Motion for Search of the Putative Father Registry,** Florida Supreme Court Approved Family Law Form 12.981(a)(6).

This form should be typed or printed in black ink. After completing this form, you should __file__ the original with the __clerk of the circuit court__ in the county where your __petition__ was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** For further information, see rule 12.070, Florida Family Law Rules of Procedure and Rule 1.070, Florida Rules of Civil Procedure.

## Special notes...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every

Instructions for Florida Supreme Court Approved Family Law Form 12.981(a)(4), Petition for Stepparent Adoption: Affidavit of Diligent Search (03/15)

- 656 -

form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.981(a)(4), Petition for Stepparent Adoption: Affidavit of Diligent Search (03/15)

- 657 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

IN THE MATTER OF THE ADOPTION OF

_____
*{use name to be given to the minor child(ren)}* Adoptee(s).

# PETITION FOR STEPPARENT ADOPTION:
## AFFIDAVIT OF DILIGENT SEARCH

I, *{full legal name}* _____, being sworn, certify that the
following information is true:

1.      I am the child(ren)'s _____ mother _____ father.

2.      The last known address of the child(ren)'s other parent *{name}* _____,

        as of *{date}* _____, was:

        _____
        Address                          City                State        Zip

        Telephone No. _____         Fax No. _____

        His/her last known employment, as of *{date}* _____, was:

        _____
        Name of Employer

        _____
        Address                          City                State        Zip

        Telephone No. _____         Fax No. _____

3.      The other parent is over the age of 18.

4.      The other parent's current residence is not known and cannot be determined, although I have
        made a diligent search and inquiry to locate him/her through the following:
        **You must search ALL of the following sources of information and state the results.**
        _____United States Post Office inquiry through the Freedom of Information Act for the
        person's current address or any previous address.
        Result of search: _____
        _____Last known employment of the other parent, including name and address of employer.

Florida Supreme Court Approved Family Law Form 12.981(a)(4), Petition for Stepparent Adoption: Affidavit of
Diligent Search (03/15)

Result of search: _____

_____Regulatory agencies, including professional or occupational licensing, in the area where the other parent last resided.

Result of search: _____

_____Names and addresses of relatives to the extent such can be reasonably obtained from the petitioner or other sources, contacts with those relatives and inquiry as to the other parent's last known address. You are to follow up any leads of any addresses where the other parent may have moved.

Result of search: _____

_____ Information about the other parent's possible death and, if dead, the date and location.

Result of search:_____

_____Telephone listings in the area where the other parent last resided.

Result of search: _____

_____Law enforcement agencies in the area where the other parent last resided.

Result of search: _____

_____Highway Patrol records in the state where the other parent last resided.

Result of search: _____

_____Department of Corrections records in the state where the other parent last resided.

Result of search: _____

_____Hospitals in the last known area of the other parent's residence.

Result of search: _____

_____Records of utility companies, which include water, sewer, cable TV, and electric in the last known area of the other parent's residence.

Result of search: _____

_____Records of the Armed Forces of the U.S. and their response as to whether or not there is any information about the other parent. (See Florida Supreme Court Approved Family Law Form 12.912(a), Memorandum for Certificate of Military Service.)

Result of search: _____

_____Records of the tax assessor's and tax collector's office in the area where the other parent last resided.

Result of search: _____

_____ Search of one Internet databank locator service.

Result of search: _____

_____Title IV-D (child support enforcement) agency records in the state of the other parent's last known address.

Result of search: _____

*{if applicable}:*

_____ A search of the Putative Father Registry maintained by the Office of Vital Statistics of the Department of Health has been requested, and if granted, the certificate from the State Registrar will be filed in this action.

Florida Supreme Court Approved Family Law Form 12.981(a)(4), Petition for Stepparent Adoption: Affidavit of Diligent Search (03/15)

- 659 -

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____          _____
                                                         Signature of Petitioner

                                                         Printed Name: _____
                                                         Address: _____
                                                         City, State, Zip: _____
                                                         Telephone Number: _____
                                                         Fax Number: _____
                                                         Designated E-mail Address(es): _____
                                                         _____

STATE OF FLORIDA

COUNTY OF

Sworn to or affirmed and signed before me on _____ by _____.


                                                         _____

                                                         NOTARY PUBLIC or DEPUTY CLERK

                                                         _____

                                                         *[Print, type, or stamp commissioned name of notary deputy clerk.]*

_____ Personally known

_____ Produced identification

              Type of identification produced


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the petitioner.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* ___, *{zip code}*_____, *{telephone number}*_____.


Florida Supreme Court Approved Family Law Form 12.981(a)(4), Petition for Stepparent Adoption: Affidavit of Diligent Search (03/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.981(a)(5), INDIAN CHILD WELFARE ACT AFFIDAVIT (03/15)

## When should this form be used?

This form should be used in cases involving stepparent adoption of a child. This **affidavit** is **required**.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should then **file** the original with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleading or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

A copy of this form must be mailed, e-mailed, or hand delivered to the other party in your case, if it is not served on him or her with your initial papers.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme

Instructions for Florida Supreme Court Approved Family Law Form 12.981(a)(5), Indian Child Welfare Act Affidavit (03/15)

- 661 -

Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there.

## Special notes...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.981(a)(5), Indian Child Welfare Act Affidavit (03/15)

- 662 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

IN THE MATTER OF THE ADOPTION OF

_____,
{use name to be given to the minor child(ren)} Adoptee(s).

# INDIAN CHILD WELFARE ACT AFFIDAVIT

I, {full legal name}_____, being sworn, certify that the following statements are true:

Upon information and belief the child _____ {name} subject to this proceeding: {choose **one** only}

1._____is not an Indian child. The Indian Child Welfare Act does not apply to this proceeding.

2._____is an Indian child within the meaning of the Indian Child Welfare Act of 1978 (25 U.S.C. Section 1901 et seq.).

I certify that a copy of this document was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand-delivered to the person(s) listed below on {date} _____.

Other party or his/her attorney:
Name:_____
Address:_____
City, State, Zip:_____
Fax Number: _____
Designated E-mail Address(es): _____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____

STATE OF FLORIDA
COUNTY OF

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or clerk.}*

_____ Personally known
_____ Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____, *{zip code}*_____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.981(a)(6), MOTION FOR SEARCH OF THE PUTATIVE FATHER REGISTRY (03/15)

## When should this form be used?

This form should be used when a stepparent is adopting his or her **spouse's** child. Section 63.054, Florida Statutes, requires that a search of Florida's Putative Father Registry be conducted in every adoption proceeding. The Office of Vital Statistics of the Department of Health has an application available called Florida Putative Father Registry - Application for Search which should be completed and attached to this form. The Office of Vital Statistics is allowed to charge for searching the registry. You may wish to contact that office in advance to find out what amount and method of payment will be accepted.

This form should be typed or printed in black ink. The name to be given to the adoptee **after** the adoption should be used in the heading of the **petition**. The stepparent is the **petitioner**, because he or she is the one who is asking the court for legal action. You must have your signature witnessed by a **notary public** or **deputy clerk**.

After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where you have filed the **Joint Petition for Adoption by Stepparent,** Florida Supreme Court Approved Family Law Form 12.981(b)(1) and keep a copy for your records. These family law forms contain an **Order Granting Motion for Search of Putative Father Registry,** Florida Supreme Court Approved Family Law Form 12.981(a)(7), which the judge may use. You should check with the clerk, family law intake staff or judicial assistant to see if you need to provide this form order to the judge with your motion. If so, you should type or print the heading, including the circuit, county, case number, division, and the child(ren)'s name, and leave the rest blank for the judge to complete.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

If the judge grants your motion, you will need to take the order, your completed application, and any fee to the Office of Vital Statistics. That office will conduct the search and file the results with the clerk of court. You may call the clerk's office to determine when the results have been filed in order to set a

Instructions for Florida Supreme Court Approved Family Law Form 12.981(a)(6), Motion for Search of Putative Father Registry (03/15)

- 665 -

final hearing.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** See Chapter 63, Florida Statutes, and Florida Family Law Rule 12.200(a)(2) for further information.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

## THIS ADOPTION MAY AFFECT THE ADOPTEE'S INHERITANCE.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.981(a)(6), Motion for Search of Putative Father Registry (03/15)

- 666 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

IN THE MATTER OF THE ADOPTION OF

_____,
*{use name to be given to the minor child}* Adoptee.


# MOTION FOR SEARCH OF THE PUTATIVE FATHER REGISTRY

Petitioner, *{full legal name}* _____, files this Motion for Search of the Putative Father Registry, pursuant to Chapter 63, Florida Statutes, and states:

1.      This is an action for adoption of a minor by the child's stepparent, who is the Petitioner. .

2.      Section 63.054, Florida Statutes, requires that in every adoption, a search of the Putative Father Registry maintained by the Department of Health, Office of Vital Statistics be conducted. Section 63.0541, Florida Statutes, makes information maintained by the Registry confidential and exempt from public disclosure, except that it may be disclosed to adoption entities, registrant unmarried biological fathers, and the court, upon issuance of a court order concerning a petitioner acting pro se.

3.      The Florida Putative Father Registry - Application for Search is completed and attached to this Motion.

WHEREFORE, I request that this Court enter an Order Granting Motion for Search of the Putative Father Registry.

Florida Supreme Court Approved Family Law Form 12.981(a)(6), Motion for Search of Putative Father Registry (03/15)

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated:_____          _____
                                     Signature of Party

                                     Printed Name:_____
                                     Address: _____
                                     City, State, Zip:_____
                                     Telephone Number: _____
                                     Fax Number:
                                     Designated E-mail Address(es): _____

                                     _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on_____by_____.


                                     _____
                                     NOTARY PUBLIC or DEPUTY CLERK


                                     _____
                                     *{Print, type, or stamp commissioned name of notary or clerk.}*
_____ Personally known
_____ Produced identification
        Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the petitioner.
This form was completed with the assistance of:
*{name of individual}*_____,
*{name of business}* _____,

Florida Supreme Court Approved Family Law Form 12.981(a)(6), Motion for Search of Putative Father Registry (03/15)

*{address}* _____,
*{city}*_____,*{state}* ____, *{zip code}*_____, *{telephone number}*_____.

IN THE CIRCUIT COURT OF THE _____JUDICIAL CIRCUIT,
IN AND FOR _____COUNTY, FLORIDA

Case No.:_____
Division: _____

IN THE MATTER OF THE ADOPTION OF

_____,
*{use name to be given to the minor child}* Adoptee.

# ORDER GRANTING MOTION FOR SEARCH OF
# THE PUTATIVE FATHER REGISTRY

Upon consideration of Petitioner's Motion for Search of the Putative Father Registry, this Court finds:

1.      This is an action for adoption of a minor by the child's stepparent, Petitioner, who is proceeding pro se.

2.      Section 63.054, Florida Statutes, requires that in every adoption, a search of the Putative Father Registry maintained by the Department of Health, Office of Vital Statistics be conducted. Section 63.0541, Florida Statutes, makes information maintained by the Registry confidential and exempt, except that it may be disclosed to adoption entities, registrant unmarried biological fathers, the birth mother, and the court, upon issuance of a court order concerning a petitioner acting pro se.

NOW, THEREFORE, IT IS ORDERED THAT:

1.      The Office of Vital Statistics, Department of Health shall conduct a search of the Putative Father Registry upon receipt of a completed application and payment of any authorized fee.

2.      The State Registrar shall issue a certificate indicating the results of such search which shall be filed in this proceeding by transmitting the certificate to the clerk of court.

DONE and ORDERED on: _____in _____, Florida.

_____

Florida Supreme Court Approved Family Law Form 12.981(a)(7), Order Granting Motion for Search of Putative Father Registry (03/15)

Circuit Judge


I certify that a copy of the *{name of document(s)}*_____
was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand-delivered to the parties and to any other persons or entities listed below on *{date}* _____.


_____
By: *Clerk of Court, Designee, or Judicial Assistant*


Petitioner (or his or her attorney)
Other: _____
State Registrar, Office of Vital Statistics

Florida Supreme Court Approved Family Law Form 12.981(a)(7), Order Granting Motion for Search of Putative Father Registry (03/15)

- 671 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.981(b)(1), JOINT PETITION FOR ADOPTION BY STEPPARENT (03/15)

## When should this form be used?

This form should be used when a stepparent is adopting his or her **spouse**'s child. Both the stepparent and his or her spouse must sign this **petition**. You must attach all necessary consents or acknowledgments that apply to your case, as listed under the Special Notes section below. Florida Statutes require that consent to adoption be obtained from:

- The mother of the minor.
- The father of the minor if:
  1. The minor was conceived or born while the father was married to the mother;
  2. The minor is his child by adoption;
  3. The minor has been established by a court proceeding to be his child;
  4. He has filed an affidavit of paternity pursuant to section 382.013(2)(c) Florida Statutes; or
  5. In the case of an unmarried biological father, he has acknowledged in writing, signed in the presence of a competent witness, that he is the father of the minor, has filed such acknowledgment with the Office of Vital Statistics of the Department of Health within the required timeframes, and has complied with the requirements of section 63.062(2), Florida Statutes.

Determining whether someone's consent is required, or when consent may not be required is a complicated issue and you may wish to consult an attorney. For more information about consenting to adoption, you should refer to Chapter 63, Florida Statutes, and sections 63.062-63.082 in particular.

This form should be typed or printed in black ink. The name to be given to the child(ren) **after** the adoption should be used in the heading of the petition. The stepparent is the **petitioner**, because he or she is the one who is asking the court for legal action. After completing this form, you and your spouse must sign it before a **notary public** or **deputy clerk**. You should then **file** the original and 1 copy with the **clerk of the circuit court** in the county where the minor resides unless the court changes the venue.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

Instructions for Florida Supreme Court Approved Family Law Form 12.981(b)(1), Joint Petition for Adoption by Stepparent (03/15)

- 672 -

For your case to proceed, you must have the written consent of the other birth parent and the child, if applicable. The **court** may choose not to require consent to an adoption in some circumstances. For more information about situations where consent may not be required, see section 63.064, Florida Statutes. If you are attempting to proceed without the consent of the other birth parent, you may wish to consult with an attorney. Section 63.054, Florida Statutes, requires that in each adoption proceeding, the Florida Putative Father Registry be searched. You will need an order from the judge to do this, which you can request by filing a **Motion for Search of the Putative Father Registry,** Florida Supreme Court Approved Family Law Form 12.981(a)(6)**.**

When you have filed all of the required forms and met the requirements as outlined above, you are ready to set a **hearing** on your petition. You should check with the clerk of court, **family law intake staff** or the **judicial assistant** to set a **final hearing**. If all persons required to consent have consented and the consents/affidavits of nonpaternity have been filed with the court, the hearing may be held immediately. If not, notice of the hearing must be given as provided by the Rules of Civil Procedure. See Form 1.902, Florida Rules of Civil Procedure. If you know where the other birth parent lives, you should use **personal service.** If you absolutely do not know where he or she lives, you may use **constructive service**. In order to use constructive service you will need to complete and submit to the court **Stepparent Adoption: Affidavit of Diligent Search**, Florida Supreme Court Approved Family Law Form 12.981(a)(4). For more information about personal and constructive service, you should refer to the **"General Instructions for Self-Represented Litigants"** found at the beginning of these forms and the instructions to Florida Family Law Rules of Procedure Forms 12.910(a) and 12.913(b) and Florida Supreme Court Approved Family Law Form 12.913(a). However, the law regarding constructive service is very complex and you may wish to consult an attorney regarding that issue.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** See Chapter 63, Florida Statutes, and Florida Family Law Rule 12.200(a)(2) for further information.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form

Instructions for Florida Supreme Court Approved Family Law Form 12.981(b)(1), Joint Petition for Adoption by Stepparent (03/15)

- 673 -

12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes…

With this petition you must file the following:

- Consent form executed by the birth parent, **Stepparent Adoption**: **Consent and Waiver by Parent,** Florida Supreme Court Approved Family Law Form 12.981(a)(1) or **Stepparent Adoption**: **Affidavit of Nonpaternity,** Florida Supreme Court Approved Family Law Form 12.981(a)(3).
- If any person whose consent is required is deceased, a certified copy of the death certificate must be attached to this Petition.
- Consent form executed by the minor child(ren), if the child(ren) is/are over 12 years of age, **Stepparent Adoption:  Consent of Adoptee,** Florida Supreme Court Approved Family Law Form 12.981(a)(2)**.**  The court can excuse filing of this form under certain circumstances.
- Certified copy of the child(ren)'s birth certificate.
- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d).
- If applicable, **Stepparent Adoption: Motion for Search of the Putative Father Registry,** Florida Supreme Court Approved Family Law Form 12.981(a)(6).

These family law forms contain a **Final Judgment of Stepparent Adoption**, Florida Supreme Court Approved Family Law Form 12.981(b)(2), which the judge may use.  You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring a final judgment form with you to the hearing.  If so, you should type or print the heading, including the circuit, county case number, division, and the child(ren)'s names, and leave the rest blank for the judge to complete at your hearing.  You should decide how many <u>certified copies</u> of the final judgment you will need and be prepared to obtain them after the hearing.  There is a charge for certified copies, and the clerk can tell you how much.  The file will be sealed after the final hearing, and then it will take an order from a judge to open the file and obtain a copy of the final judgment.

**AN ADOPTIVE STEPPARENT WILL CONTINUE TO HAVE PARENTAL RIGHTS, INCLUDING CUSTODY AND TIME-SHARING, WHERE APPROPRIATE, IN THE EVENT OF A LATER DISSOLUTION OF MARRIAGE, AND MAY BE LIABLE FOR CHILD SUPPORT IN THE EVENT OF A LATER DISSOLUTION OF MARRIAGE.  YOU COULD BE LIABLE IN LITIGATION FOR THE ACTIONS OF THE ADOPTEE(S). THIS ADOPTION MAY ALSO AFFECT THE ADOPTEE'S INHERITANCE.**

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.981(b)(1), Joint Petition for Adoption by Stepparent (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

IN THE MATTER OF THE ADOPTION OF

_____,
*{use name to be given to child(ren)}* Adoptee(s).

# JOINT PETITION FOR ADOPTION BY STEPPARENT

Petitioner, *{full legal name}* _____ being sworn,
joined by the above-named child(ren)'s _____ mother _____ father, *{full legal name}* _____
_____, being sworn, files this joint petition for adoption of the above-named
minor child(ren), under chapter 63, Florida Statutes.

1.  This is an action for adoption of a minor child(ren) by his or her (their) stepparent.

2.  I desire to adopt the following child(ren):

    | **Name to be given to child(ren)** | **Birth date** | **Birthplace** |
    | --- | --- | --- |
    | a. | | |
    | b. | | |
    | c. | | |
    | d. | | |
    | e. | | |
    | f. | | |

    A certified copy of the birth certificate(s) is/are attached.

3.  The child(ren) has (have) resided with me since *{date}* _____.
    I wish to adopt the child(ren) because I would like to legally establish the parent-child
    relationship already existing between the child(ren) and me. Since the above date, I have been
    able to provide adequately for the material needs of the child(ren) and am able to continue
    doing so in the future, as well as to provide for the child(ren)'s mental and emotional well-being.
    Other reasons I wish to adopt the children are: _____
    _____
    _____

4.  I am _____ years old, and have resided at *{street address}*, _____
    *{city}* _____ *{county}* _____ *{state}* _____ for _____ years.

5.  I married the _____ father or _____ mother of the child(ren) on *{date}* _____,

Florida Supreme Court Approved Family Law Form 12.981(b)(1), Joint Petition for Adoption by Stepparent
(03/15)

in *{city}* _____, *{county}*_____, *{state}* _____.
The following are the dates and places of my dissolutions of marriage, if any:

Date                 Place

a. _____

b. _____

6. A completed **Uniform Child Custody Jurisdiction and Enforcement Act Affidavit (UCCJEA)**, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.

7. A description and estimate of the value of any property of the adoptee(s) is as follows:

_____
_____
_____
_____.

8. Consent by the adoptee(s):
_____ is attached for: *Name(s)* _____
_____ is not required because the adoptee(s) is/are not 12 years of age: *Name(s)* _____
_____ was excused by the court for: *Name(s)* _____

9. The following person(s) is/are required to consent and the consent form or affidavit of nonpaternity is/are attached _____

10. The following person(s) whose consent is required has not consented. The facts/circumstances that excuse the lack of consent and would justify termination of this person's parental rights are:

Name           Address                  Facts/circumstances

_____
_____
_____
_____

11. A copy of this Petition was served on all known persons whose consent is required but did not waive notice, as well as on all persons whose consent is required but did not provide consent. Proof of service is attached.

*{Indicate if applicable}:*

_____ A search of the Putative Father Registry maintained by the Office of Vital Statistics of the Department of Health has been requested, and if granted, the certificate from the State Registrar will be filed in this action.

WHEREFORE, I request that this Court terminate the parental rights of _____, *{name of parent whose rights are sought to be terminated}*, enter a Final Judgment of Adoption of the

Minor Child(ren) by Petitioner Stepparent and, as requested, change the name of the adoptee(s).

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____          _____
                                                            Signature of Stepparent

                                        Printed Name: _____
                                        Address: _____
                                        City, State, Zip: _____
                                        Telephone Number: _____
                                        Fax Number: _____
                                        Designated E-mail Address(es): _____
                                        _____

STATE OF FLORIDA
COUNTY OF_____

Sworn to or affirmed and signed before me on _____by _____

                                        _____
                                        NOTARY PUBLIC or DEPUTY CLERK


                                        _____
                                        *[Print, type, or stamp commissioned name of notary or deputy clerk.]*

_____ Personally known
_____ Produced identification
        Type of identification produced _____

Florida Supreme Court Approved Family Law Form 12.981(b)(1), Joint Petition for Adoption by Stepparent (03/15)

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated:_____          _____
                                       Signature of _____ Mother _____Father
                                       Printed Name: _____
                                       Address: _____
                                       City, State, Zip: _____
                                       Telephone Number: _____
                                       Fax Number: _____
                                       Designated E-mail Address(es):_____
                                       _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

                                       _____
                                       NOTARY PUBLIC or DEPUTY CLERK

                                       _____
                                       *[Print, type, or stamp commissioned name of notary or deputy clerk.]*

_____ Personally known
_____ Produced identification
        Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: (    ) parent (    ) stepparent (    ) both.
This form was prepared with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}*_____, *{zip code}*_____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.981(b)(1), Joint Petition for Adoption by Stepparent (03/15)

- 679 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

IN THE MATTER OF THE ADOPTION OF

_____ ,
*{use name to be given to child(ren)}* Adoptee(s).

# FINAL JUDGMENT OF STEPPARENT ADOPTION

Upon consideration of the Joint Petition for Adoption by Stepparent and the evidence presented, the Court finds that:

1. The Court has subject matter jurisdiction over the Joint Petition for Adoption by Stepparent.

2. The Court has jurisdiction over the minor child(ren) subject to the Joint Petition for Adoption by Stepparent.

3. Petitioner desires the permanent responsibility of a parent in this adoption.

4. There is no pending litigation regarding the child(ren) in Florida or in any other state, nor is there any other person not a party to these proceedings who has or claims to have physical custody or rights to the minor child(ren).

5. The consent of the birth _____ mother _____ father who is not married to Petitioner is:
   *{Choose only **one**}*
   _____ Attached to the petition
   _____ Not required because he or she is deceased.  A certified copy of the death certificate is attached.
   _____ Waived because:
   *[Indicate all that apply]*
   _____ The parent has deserted the child without means of identification or has abandoned the child.
   _____ The parent's rights have been terminated by a court of competent jurisdiction.
   _____ The parent has been declared incompetent and restoration of competency is medically improbable.
   _____ The legal guardian or lawful custodian of the adoptee(s), other than the birth parent, who has failed to respond in writing to a request for consent for a period of 60 days or the Court has examined the written reasons for withholding consent and has found the withholding of consent to be unreasonable.
   _____ Other: _____.

Florida Supreme Court Approved Family Law Form 12.981(b)(2), Final Judgment of Stepparent Adoption
(03/15)

6. The best interests of the child(ren) will be promoted by this adoption.

7. The minor child(ren) is (are) suitable for adoption by Petitioner.

NOW, THEREFORE, IT IS ORDERED that:

1. The minor child(ren) subject to the Petition is (are) declared to be the legal child(ren) of Petitioner,_____ {name}

2. The minor child(ren) shall be the child(ren) and legal heir(s) at law of Petitioner, _____, {name} and shall be entitled to all rights and privileges, and subject to all obligations, of child(ren) born of Petitioner.

3. All legal relations between the adoptee(s) and the parent whose rights are being terminated and between the adoptee(s) and the relatives of that parent are terminated by this adoption, as are all parental rights and responsibilities of that birth parent.

4. This Final Judgment of Adoption creates a relationship between the adoptee(s) and Petitioner and all relatives of Petitioner that would have existed if the adoptee(s) was (were) a blood descendant of the Petitioner, born within wedlock, entitled to all rights and privileges thereof, and subject to all obligations of a child being born to Petitioner.

5. The minor child(ren) shall hereafter be known as {full legal name(s)}:

_____
_____
_____
_____

DONE AND ORDERED at _____, Florida on _____.

_____
CIRCUIT JUDGE

I certify that a copy of {name of document(s)} _____was
(   ) mailed (    ) faxed and mailed (    ) e-mailed (    ) hand-delivered to the parties and any persons or entities listed below on {date} _____.

_____
By: Clerk of Court, Designee, or Judicial Assistant

Petitioners (or their attorney)
Other: _____

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.981(c)(1), PETITION FOR ADOPTION OF ADULT BY STEPPARENT (03/15)

## When should this form be used?

This form should be used when a stepparent is adopting his or her **spouse's** **adult** child. You must obtain the written consent of the adult child to be adopted, as well as the written consent of his or her spouse (if married).

This form should be typed or printed in black ink. The name to be given to the adoptee **after** the adoption should be used in the heading of the **petition**. The stepparent is the **petitioner**, because he or she is the one who is asking the court for legal action. You must have your signature witnessed by a **notary public** or **deputy clerk**.

After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where either you or the adoptee live and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file a petition or other pleadings electronically; however, they are not required to do so.** If you choose to file your petition, or other pleading or document electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

For your case to proceed, you must have the written consent of the adoptee, and his or her spouse if married. Consent of the birth parent is not required, but written notice of the final hearing on the adoption must be provided to the parents, if any, or proof of service of process must be filed showing notice has been served on the parents. If you know where they live, you must use **personal service**. If you absolutely do not know where they live, you may use **constructive service**. For more information about personal and constructive service, you should refer the **General Instructions for Self-Represented Litigants** found at the beginning of these forms and the instructions to Florida Family Law Rules of Procedure Forms 12.910(a) and 12.913(b) and Florida Supreme Court Approved Family Law Form 12.913(a). However, the law regarding constructive service is very complex and you may wish to consult an attorney regarding that issue.

When you have filed all of the required forms and met the requirements for consent as outlined above, you are ready to set a **hearing** on your petition. You should check with the clerk of court, **family law**

Instructions for Florida Supreme Court Approved Family Law Form 12.981(c)(1), Petition for Adoption of Adult by Stepparent (03/15)

- 683 -

**intake staff**, or **judicial assistant** to set a **final hearing**, and notify the other party(ies) using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** See Chapter 63, Florida Statutes, and Florida Family Law Rule 12.200(a)(2) for further information.

## Special notes...

With this petition you must file the following forms:

**Stepparent Adoption: Consent of Adoptee**, Florida Supreme Court Approved Family Law Form 12.981(a)(2)

**Stepparent Adoption: Consent of Adult Adoptee's Spouse**, Florida Supreme Court Approved Family Law Form 12.981(c)(2), if the adoptee is married

## THIS ADOPTION MAY AFFECT THE ADOPTEE'S INHERITANCE.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules

Instructions for Florida Supreme Court Approved Family Law Form 12.981(c)(1), Petition for Adoption of Adult by Stepparent (03/15)

- 684 -

of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

IN THE MATTER OF THE ADOPTION OF



_____,
*{use name to be given to adult}* Adoptee.

# PETITION FOR ADOPTION OF ADULT BY STEPPARENT

Petitioner, *{full legal name}* _____, files this petition for adoption of the above-named adult, pursuant to Chapter 63, Florida Statutes, and states:

1.      This is an action for adoption of an adult by the adult's stepparent, Petitioner.

2.      I desire to adopt *{adult's full legal name}* _____, who was born on *{date}* _____, at *{city, county, and state}* _____ _____.

3.      I desire to adopt the adult because: _____
_____
_____.

4.      I am _____ years old, and I have resided at *{address}* _____, _____, Florida for _____ years.

5.      The adoptee's name shall be:

6.      The adoptee's birth parents are:
_____
Father's Name                                                    Birth date

_____

Address

| | |
|---|---|
| Mother's Name | Birth date |

Address

7.    **Notice.**  Notice to the birth parents was made by:

8.    **Consent.**
      *{Indicate **all** that apply}*

      a. _____ The consent of the adoptee is attached.
      b. _____ The adoptee is married to *{full legal name of adoptee=s spouse}* _____
      _____, and the consent of the spouse is attached.
      c. _____ The adoptee is not married.

9.    Written notice of this final hearing was provided to the parents or proof of service of process showing notice has been served on the parents is attached.

WHEREFORE, I request that this Court enter a Final Judgment of Adoption of the Adult by Petitioner Stepparent and change the name of the adoptee.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Petitioner
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

STATE OF FLORIDA
COUNTY OF

Sworn to or affirmed and signed before me on _____ by _____.

Florida Supreme Court Approved Family Law Form 12.981(c)(1), Petition for Adoption of Adult by Stepparent (03/15)

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or clerk.]*

_____     Personally known
_____     Produced identification
              Type of identification produced

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
 [fill in **all** blanks] This form was prepared for the petitioner.
This form was completed with the assistance of:
*{name of individual}*_____ _____,
*{name of business}* _____ _____,
*{address}* _____,
*{city}* _____,*{state}* _____, *{zip code}*_____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.981(c)(1), Petition for Adoption of Adult by Stepparent (03/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.981(c)(2), STEPPARENT ADOPTION: CONSENT OF ADULT ADOPTEE'S SPOUSE (03/15)

## When should this form be used?

This form must be completed by the **spouse** of an adult who is being adopted.

This form should be typed or printed in black ink. After completing this form, the spouse of the adoptee should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where the **petition** for adoption of an adult was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleading or other document electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## Special notes...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.981(c)(2), Stepparent Adoption: Consent of Adult Adoptee's Spouse (03/15)

- 688 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

IN RE: THE ADOPTION OF

_____ ,
*{use name to be given to adult}* Adoptee(s).

# STEPPARENT ADOPTION: CONSENT OF ADULT ADOPTEE'S SPOUSE

1.  I, *{full legal name}* _____, am the _____ wife _____ husband of

    *{full legal name}* _____, who Petitioner,

    *{full legal name}* _____ wishes to adopt.

2.  I consent to the adoption of my spouse by Petitioner.

3.  I understand my right to choose a person who does not have an employment, professional, or personal relationship with the adoption entity or the prospective adoptive parents to be present when this affidavit is executed and to sign it as a witness. The witness I selected is:

    *{full legal name}*_____.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this consent and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Spouse
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____

_____

_____          _____
Signature of Witness                                            Signature of Witness
Printed Name: _____          Printed Name: _____
Business Address:_____          Business Address:_____
Home Address: _____          Home Address: _____

Florida Supreme Court Approved Family Law Form 12.981(c)(2), Stepparent Adoption: Consent of Adult Adoptee's Spouse (03/15)

Driver's License or               Driver's License or
State ID Card No.:_____    State ID Card No.:_____

STATE OF FLORIDA
COUNTY OF

Sworn to or affirmed and signed before me on _____ by _____.


_____
NOTARY PUBLIC or DEPUTY CLERK


_____
*{Print, type, or stamp commissioned name of notary or deputy clerk.}*


_____ Personally known
_____ Produced identification
     Type of identification produced

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the (  ) stepparent (  ) adult adoptee's spouse.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____  _____,
*{city}* _____,*{state}* _____, *{zip code}*_____*{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.981(c)(2), Stepparent Adoption: Consent of Adult Adoptee's Spouse (03/15)

- 690 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.981(d)(1), PETITION FOR ADOPTION INFORMATION (03/15)

## When should this form be used?

This form is used to request release of relevant medical or social information on an adoptee. You cannot use this form to find out the identity of birth parent(s).

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where the adoption took place and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## Special notes...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

IN RE: THE ADOPTION OF

_____,
Adoptee(s).

# PETITION FOR ADOPTION INFORMATION

1.    I, *{full legal name}* _____, am interested in this matter as:
    *{choose **one** only}*
    _____adult adoptee (over 18).
    _____adoptive parent.
    _____adult birth sibling.
    _____other: *{specify}* _____.

2.    The adoptee(s), *{name(s)}* _____
    was (were) born on *{date}* _____.

3.    I request nonidentifying information as to family medical history and social history of the adoptee(s) as follows:
    *{indicate **all** that apply}*
    _____If available, to be furnished to adoptive parents before finalization of the adoption.

    _____If available, to be furnished to adoptee upon request after adoptee reaches majority.

4.    The reason I am requesting disclosure of this information is: _____
    _____
    _____.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Petitioner
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____

Florida Supreme Court Approved Family Law Form 12.981(d)(1), Petition for Adoption Information (03/15)

Fax Number: _____

Designated E-mail Address(es): _____

_____

STATE OF FLORIDA

COUNTY OF

Sworn to or affirmed and signed before me on _____ by:

_____

NOTARY PUBLIC or DEPUTY CLERK

_____

*{Print, type, or stamp commissioned name of notary or deputy clerk.}*

_____Personally known

_____Produced identification

Type of identification produced

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the: *{choose only one}* (   ) adult adoptee

(   ) adoptive parent (   ) adult birth sibling (   ) other *{specify}*_____.

This form was completed with the assistance of:

*{name of individual}* _____,

*{name of business}* _____,

*{address}*_____,

*{city}* _____,*{state}* _____, *{zip code}* _____, *{telephone number}* _____.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

IN RE: THE ADOPTION OF

_____,
Adoptee(s).

# ORDER RELEASING ADOPTION INFORMATION

This case came before the Court upon the Petition for Adoption Information, and the Court being fully advised in the premises, it is **ORDERED:**

1. _____The Petitioner shall receive
   _____ a. nonidentifying information as to:
   _____ b. identifying information as to: _____.
   _____ c. all records relating to the adoption proceedings.

2. _____ The petition is denied in whole or in part because: _____
_____.

DONE and ORDERED on _____ in _____, Florida.


_____
CIRCUIT JUDGE


I certify that a copy of the *{name of document(s)}* _____
was (   ) mailed (   ) faxed and mailed (   ) e-mailed (   ) hand-delivered to the parties and to any other persons or entities listed below on *{date}* _____.


_____
By: *Clerk of Court, Designee, or Judicial Assistant*

Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Other:
_____

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.982(a)
# PETITION FOR CHANGE OF NAME (ADULT) (03/15)

## When should this form be used?

This form should be used when an adult wants the court to change his or her name.  This form is **not** to be used in connection with a dissolution of marriage or for adoption of child(ren).  If you want a change of name because of a **dissolution of marriage** or adoption of child(ren) that is not yet final, the change of name should be requested as part of that case.

This form should be typed or printed in black ink and must be signed before a **notary public** or **deputy clerk**.  You should **file** the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## What should I do next?

 **Unless you are seeking to restore a former name, you must have fingerprints submitted for a state and national criminal records check.**  The fingerprints must be taken in a manner approved by the Department of Law Enforcement and must be submitted to the Department for a state and national criminal records check.  **You may not request a hearing on the petition until the clerk of court has received the results of your criminal history records check**.  The clerk of court can instruct you on the process for having the fingerprints taken and submitted, including information on law enforcement agencies or service providers authorized to submit fingerprints electronically to the Department of Law Enforcement.  The process may take several weeks and you will have to pay for the cost of processing the fingerprints and conducting the state and national criminal history records check.

Next, you must obtain a **hearing** date for the court to consider your request. If you are seeking to restore a former name, a hearing on the petition MAY be held immediately after the petition is filed. The final hearing on any other petition for a name change may be held immediately after the clerk of court receives the results of your criminal history records check. You should ask the clerk of court, **family law intake staff**, or **judicial assistant** about the local procedure for setting a hearing.  You may be

required to attend the **final hearing**.  Included in these forms is a **Final Judgment of Change of Name (Adult)**, Florida Supreme Court Approved Family Law Form 12.982(b), which the **judge** may use. You should check with the clerk, family law intake staff, or judicial assistant, to see if you need to bring a **final judgment** form with you. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

If the judge grants your **petition**, he or she will sign this **order**.  This officially changes your name.  The clerk can provide you with **certified copies** of the signed order.  There will be charges for the certified copies, and the clerk can tell you the amount of the charges.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.**  For further information, see Section 68.07, Florida Statutes.

### IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.**  If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Special notes...

The heading of the form calls for the name of the **petitioner**.  Your current legal name should be used, as you are the one who is asking the court for relief.  The judicial circuit, case number, and division may be obtained from the clerk of court's office when you file the petition.

It may be helpful to compile a list of all of the people and/or places that will need a copy of your final judgment.  This list may include the driver's license office, social security office, banks, schools, etc.  A

Instructions for Florida Supreme Court Approved Family Law Form 12.982(a), Petition for Change of Name (Adult) (03/15)

list will help you know how many copies of your order you should get from the clerk of court after your hearing.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____JUDICIAL CIRCUIT,
IN AND FOR_____COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner.

# PETITION FOR CHANGE OF NAME (ADULT)

I, *{full legal name}* _____, being sworn, certify that the following information is true:

1.  My complete present name is: _____.
    I request that my name be changed to: _____.

2.  I live in _____ County, Florida, at *{street address}* _____
    _____.

3.  I was born on *{date}*_____, in *{city}* _____, *{county}* _____,
    *{state}* _____, *{country}* _____.

4.  My father's full legal name : _____.
    My mother's full legal name: _____.
    My mother's maiden name: _____.

5.  I have lived in the following places since birth:
    Dates (to/from)              Address

    _____/_____          _____

    _____/_____          _____

    _____/_____          _____

    _____/_____          _____
    (___ Please indicate here if you are continuing these facts on an attached page.)

6.  **Family**
    *{Indicate **all** that apply}*
    a. _____ I am not married.
    b. _____ I am married.  My spouse's full legal name is: _____
    c. _____ I do not have child(ren).
    d. _____ The name(s), age(s), and address(es) of my child(ren) are as follows (all children, **including**

Florida Supreme Court Approved Family Law Form 12.982(a), Petition for Change of Name (Adult) (03/15)

- 698 -

**those over 18**, must be listed):
**Name** *{last, first, middle initial}*      **Age**      **Address, City, State**

_____
_____
_____
_____
_____
(_____Please indicate here if you are continuing these facts on an attached page.)

7. **Former names**
*{Indicate **all** that apply}*
_____My name has never been changed **by a court**.
_____My name previously was changed **by court order** from _____
to _____ on *{date}*_____,
by *{court, city, and state}* _____.
**A copy of the court order is attached**.


_____My name previously was changed **by marriage** from _____
to _____ on *{date}*_____,
in *{city, county, and state}* _____.
**A copy of the marriage certificate is attached**.


_____I have never been known or called by any other name.
_____I have been known or called by the following other name(s):
*{list name(s) and explain where you were known or called by such name(s)}* _____
_____
_____.

8. **Occupation**
My occupation is: _____.
I am employed at: *{company and address}* _____
_____.
During the past 5 years, I have had the following jobs:

Dates (to/from)        Employer and employer's address
_____/_____      _____
_____/_____      _____
_____/_____      _____
_____/_____      _____
_____/_____      _____
(_____Please indicate here if you are continuing these facts on an attached page.)

9. **Business**

*{Choose **one** only}*

_____ I do not own and operate a business.

_____ I own and operate a business. The name of the business is: _____.

The street address is: _____.

My position with the business is: _____.

I have been involved with the business since: *{date}* _____.

10. **Profession**

*{Choose **one** only}*

_____ I am not in a profession.

_____ I am in a profession. My profession is: _____.

I have practiced this profession:

Dates (to/from)    Place and address

_____/_____  _____

_____/_____  _____

_____/_____  _____

_____/_____  _____

_____/_____  _____

( _____ Please indicate here if you are continuing these facts on an attached page.)

11. **Education**

I have graduated from the following school(s):

Degree  Date of
Received  Graduation   School

_____ _____  _____

_____ _____  _____

_____ _____  _____

(_____ Please indicate here if you are continuing these facts on an attached page.)

12. **Criminal History**

*{Choose **one** only}*

_____ I have never been arrested for or charged with, pled guilty or nolo contendere to, or been found to have committed a criminal offense, regardless of adjudication.

_____ I have a criminal history. In the past I have been arrested for or charged with, pled guilty or nolo contendere to, or been found to have committed a criminal offense, regardless of adjudication. The details of my criminal history are:

Date    City/State    Event (arrest, charge, plea, or adjudication)

_____ _____  _____

_____ _____  _____

_____ _____  _____

( _____ Please indicate here if you are continuing these facts on an attached page.)

13. **Bankruptcy**

*{Choose **one** only}*

_____I have never been adjudicated bankrupt.

_____I was adjudicated bankrupt on *{date}* _____, in *{city}* _____,

*{county}* _____, *{state}* _____.

(____Please indicate here if you have filed additional bankruptcies, and explain on an attached page.)

14. **Creditor(s)' Judgments**

*{Choose **one** only}*

_____I have never had a money judgment entered against me by a creditor.

_____The following creditor(s)' money judgment(s) have been entered against me:

| Date | Amount | Creditor | Court entering judgment and case number | if Paid *{date}* |
|------|--------|----------|------------------------------------------|-------------------|
| _____ | _____ | _____ | _____ | |
| _____ | _____ | _____ | _____ | |
| _____ | _____ | _____ | _____ | |
| _____ | _____ | _____ | _____ | |

(_____ Please indicate here if these facts are continued on an attached page.)

15. **Fingerprints and Criminal History Records Check**

Unless I am seeking to restore a former name, a copy of my fingerprints has been taken in a manner approved by the Department of Law Enforcement and submitted for a state and national criminal history records check. **I understand that I cannot request a hearing on my Petition until the Clerk of Court receives the results of the criminal history records check.**

16. I have no ulterior or illegal purpose for filing this petition, and granting it will not in any manner invade the property rights of others, whether partnership, patent, good will, privacy, trademark, or otherwise.

17. My civil rights have never been suspended, or, if my civil rights have been suspended, they have been fully restored.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____     _____
                                                        Signature of PETITIONER

                                                        Printed Name: _____
                                                        Address: _____
                                                        City, State, Zip: _____
                                                        Telephone Number: _____
                                                        Fax Number: _____
                                                        Designated E-mail Address(es):_____
                                                        _____

Florida Supreme Court Approved Family Law Form 12.982(a), Petition for Change of Name (Adult) (03/15)

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or deputy clerk.]*

_____ Personally known
_____ Produced identification
_____ Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Petitioner.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____,*{ zip code}*_____, *{telephone number}* _____.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

IN RE: THE NAME CHANGE OF



_____,
Petitioner.

# FINAL JUDGMENT OF CHANGE OF NAME (ADULT)

This cause came before the Court on *{date}* _____, for a hearing on Petition for Change of Name (Adult) under section 68.07, Florida Statutes, and it appearing to the Court that:

1.      Petitioner is a bona fide resident of _____ County, Florida;

2.      Petitioner's request is not for any ulterior or illegal purpose; and

3.      Granting this petition will not in any manner invade the property rights of others, whether partnership, patent, good will, privacy, trademark, or otherwise; it is

ORDERED that Petitioner's present name, _____,
is changed to _____,
by which Petitioner shall hereafter be known.

DONE and ORDERED ON _____ in _____, Florida.


_____
CIRCUIT JUDGE


I certify that a copy of the *{name of document(s)}* _____
was (   ) mailed (   ) faxed and mailed (   ) e-mailed (   ) hand-delivered to the party(ies) listed below on *{date}* _____.

Petitioner




Florida Supreme Court Approved Family Law Form 12.982(b), Final Judgment of Change of Name (Adult) (03/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.982(c)
# PETITION FOR CHANGE OF NAME (MINOR CHILD(REN)) (03/15)

## When should this form be used?

This form should be used when a parent or parents want the court to change the name of their minor child(ren).  For the purposes of this proceeding, a person under the age of 18 is a minor.  This form is not to be used in connection with an adoption, dissolution of marriage, or **paternity action**.  If you want a change of name for your child(ren) because of an adoption or paternity action that is not yet final, the change of name should be requested as part of that case.

This form should be typed or printed in black ink and must be signed before a notary public or deputy clerk. You should file the original with the clerk of the circuit court, in the county where you live and keep a copy for your records. The **Petition** should only be completed by one Petitioner for one child.  If you wish to change the name of more than one child or if there is more than one Petitioner, you should complete and file a Supplemental Form for Petition for Change of Name (Minor Child) for each child and/or a Supplemental Form for Petition for Change of Name.  The supplemental form(s) is an attachment to the petition.  **Be sure that the bottom of each page of each supplemental form is initialed by the petitioner(s)**.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

Instructions for Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren) (03/15)

- 704 -

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## What should I do next?

**Unless you are seeking to restore a former name, each adult petitioner(s)'s fingerprints must be submitted for a state and national criminal history records check.** The fingerprints must be taken in a manner approved by the Department of Law Enforcement. The fingerprints must be submitted to the Department of Law Enforcement for a state and national criminal history records check. **The Petitioner(s) may not request a hearing on the Petition until the copy of the fingerprints are filed and the clerk of court has received the results of the criminal history records check.** The clerk of court can instruct you on the process for having the fingerprints taken and submitted, including information on law enforcement agencies or service providers authorized to submit fingerprints electronically to the Department of Law Enforcement. The process may take several weeks and the parent or guardian of the minor must pay the cost of processing the fingerprints and conducting the state and national history records check.

If **both** parents agree to the change of name and live in the county where the change of name is sought, you may both file as **petitioners**. In this situation, **service** is not necessary, and you need only to set a **hearing**. You should ask the clerk of court, **family law intake staff**, or **judicial assistant** about the local procedure for setting a hearing.

If only one parent is a resident of the county where the change of name(s) is sought **or** only one parent asks for the child(ren)'s name(s) to be changed, the other parent must be notified and his or her consent obtained, if possible. If the other parent consents to the change of name, a **Consent for Change of Name (Minor Child(ren))**, Florida Supreme Court Approved Family Law Form 12.982(d), should be filed.

If the other parent does not consent to the change of name, you may still have a hearing on the petition **if** you have properly notified the other parent about your petition and the hearing. If

Instructions for Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren) (03/15)

- 705 -

you know where he or she lives, you must use **personal service**. If you absolutely do not know where he or she lives, you may use **constructive service**. For more information about personal and constructive service, you should refer [to] the **"General Instructions for Self-Represented Litigants"** found at the beginning of these forms and the instructions to Florida Family Law Rules of Procedure Forms 12.910(a) and 12.913(b) and Florida Supreme Court Approved Family Law Form 12.913(a). However, the law regarding constructive service is very complex and you may wish to consult an attorney regarding that issue.

Next, you must obtain a **final hearing** date for the court to consider your request. If you are seeking to restore a former name, a hearing on the petition MAY be held immediately after the petition is filed. The final hearing on any other petition for a name change may be held immediately after the clerk of court receives the results of your criminal history records check. You should ask the clerk of court, family law intake staff, or judicial assistant about the local procedure for setting a hearing. You may be required to attend the hearing. Included in these forms is a **Final Judgment of Change of Name (Minor Child(ren))**, Florida Supreme Court Approved Family Law Form 12.982(e), which may be used when a judge grants a change of name for a minor child(ren). If you attend the hearing, you should take the final judgment with you. You should complete the top part of the form, including the circuit, county, case number, division, and the name(s) of the petitioner(s) and leave the rest blank for the judge to complete. It should be typed or printed in black ink.

If the judge grants your petition, he or she will sign this **order**. This officially changes your child(ren)'s name(s). The clerk can provide you with **certified copies** of the signed order. There will be charges for the certified copies, and the clerk can tell you the amount of the charges.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** For further information, see section 68.07, Florida Statutes.

## Special notes...

The heading of the form calls for the name(s) of the **petitioner(s)**. This means the parent(s) who is (are) requesting the change of their child(ren)'s name(s). The judicial circuit, case number, and division may be obtained from the clerk of court's office when you file the petition.

It may be helpful to compile a list of all of the people and places that will need a copy of the final judgment. This list may include the driver's license office, social security office, banks, schools,

Instructions for Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren) (03/15)

- 706 -

etc.  A list will help you know how many copies of your order you should get from the clerk of court after your hearing.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren) (03/15)

- 707 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

IN RE: THE NAME CHANGE OF

_____ ,
Petitioner/Father,

_____ ,
Petitioner/Mother.

# PETITION FOR CHANGE OF NAME (MINOR CHILD(REN))

I/We, *{full legal name(s)}* _____ , being sworn, certify that the following information is true:

**I am/We are the birth or legal parent(s) or guardian of the minor child(ren) named in this petition.**
*{Choose **only** one}*

    a. _____ There is only one minor child named in this petition.
    b. _____ There are *{enter number of children}* _____ children named in this petition. The information on the first child is entered below. I/We have attached the completed supplemental forms for each other child.

The adult petitioner(s)'s fingerprints have been taken in a manner approved by the Department of Law Enforcement and submitted for a state and national criminal history records check**. I /We understand that I/we cannot request a hearing on my/our Petition until the clerk of court receives the results of the criminal history records check.**

A. **THE FOLLOWING INFORMATION IS TRUE ABOUT CHILD # ___1___ :**

    1. **Minor child's complete present name is:**

        _____

        **I/We request that this minor child's name be changed to:**

        _____

    2. The minor child lives in _____ County, Florida, at *{street address}* _____

    _____

# PETITIONER(S) MUST INITIAL HERE _____

Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren)) (03/15)

3.  The minor child was born on {date} _____, in {city, county, state, country} _____
    _____

4.  The minor child's father's full legal name: _____.
    The minor child's mother's full legal name: _____.
    The minor child's mother's maiden name: _____.

5.  The minor child has lived in the following places since birth:
    Dates (to/from)          Address
    _____/_____        _____
    _____/_____        _____
    _____/_____        _____
    _____/_____        _____
    _____/_____        _____
    (_____ Please indicate here if you are continuing these facts on an attached page.)

6.  *{Choose **one** only}*
    _____   The minor child is not married.
    _____   The minor child is married to: *{full legal name}* _____.

7.  *{Choose **one** only}*
    _____   The minor child has no children.
    _____   The minor child is the parent of the following child(ren): {enter full name(s) and date(s) of birth} _____.

8.  **Former names.**
    *{Indicate **all** that apply}*
    _____   The minor child's name has never been changed by a court.
    _____   The minor child's name previously was changed **by court order** from _____
             to _____ on *{date}*_____,
             by *{court, city, and state}* _____.
    **A copy of the court order is attached.**

    _____   The minor child's name previously was changed **by marriage** from _____
             to _____ on *{date}*_____,
             in *{city, county, and state}* _____.
    **A copy of the marriage certificate is attached.**

    _____   The minor child has never been known or called by any other name.
    _____   The minor child has been known or called by the following other name(s): *{list name(s) and explain where child was known or called by such name(s)}* _____
             _____

# PETITIONER(S) MUST INITIAL HERE _____

Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren)) (03/15)

_____

9. The minor child is not employed in an occupation or profession, does not own and operate a business, and has received no educational degrees. If the minor child has a job, explain: _____

_____

10. **Criminal History.**
    *{Choose **one** only}*
    _____ The minor child has never been arrested for or charged with, pled guilty or nolo contendere to, or been found to have committed a criminal offense, regardless of adjudication.
    _____ The minor child has a criminal history. In the past, the minor child was arrested for or charged with, pled guilty or nolo contendere to, or been found to have committed a criminal offense, regardless of adjudication. The details of the criminal history are:

    Date            City/State            Event (arrest, charge, plea, or adjudication)

    _____
    _____
    _____

    (_____ Please indicate here if you are continuing these facts on an attached page.)

11. **Money Judgments.**
    *{Choose **one** only}*
    _____ The minor child has never been adjudicated bankrupt, and no money judgment has ever been entered against him or her.
    _____ The following money judgment(s) has been entered against him or her:
    Date    Amount    Creditor    Court entering judgment and case number    *{date)* if Paid

    _____  _____  _____  _____  _____
    _____  _____  _____  _____  _____

B. **THE FOLLOWING INFORMATION IS TRUE ABOUT PETITIONER(S):**
   **_____ FATHER _____ MOTHER _____GUARDIAN**
   **_____ A Supplemental Form has been attached for the other parent or petitioner.**

   1. My complete present name is: _____
   _____

   2. I live in _____ County, Florida, at *{street address}* _____
   _____.

   3. I have no ulterior or illegal purpose for filing this petition, and granting it will not in any manner invade the property rights of others, whether partnership, patent, good will, privacy, trademark, or otherwise.

# PETITIONER(S) MUST INITIAL HERE _____

Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren)) (03/15)

4. My civil rights have never been suspended, or, if ever suspended, they have been fully restored.

**PETITIONER(S) MUST INITIAL HERE** _____

Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren)) (03/15)

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

Signature of Petitioner
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es): _____
_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or clerk.}*

_____ Personally known
_____ Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Petitioner(s).
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}*_____,
*{city}* _____,*{state}* ___,*{zip code}*_____, *{telephone number}* _____.

## PETITIONER(S) MUST INITIAL HERE _____

Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren)) (03/15)

- 712 -

**ADULT SUPPLEMENTAL FORM FOR PETITION FOR CHANGE OF NAME (MINOR CHILDREN)**

Case No.: _____

**THE FOLLOWING INFORMATION IS TRUE ABOUT PETITIONER(S):**
**(     ) FATHER  (     ) MOTHER  (     ) GUARDIAN**

1. My complete present name is: _____ _____
   _____

2. I live in _____ County, Florida, at *{street address}* _____
   _____.

3. I have no ulterior or illegal purpose for filing this petition, and granting it will not in any manner invade the property rights of others, whether partnership, patent, good will, privacy, trademark, or otherwise.

4. My civil rights have never been suspended, or, if ever suspended, they have been fully restored.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

Signature of Petitioner
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
[Print, type, or stamp commissioned name of notary or clerk.]

_____ Personally known

**PETITIONER(S) MUST INITIAL HERE _____**

Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren)) (03/15)

- 713 -

_____ Produced identification

Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the Petitioner(s).

This form was completed with the assistance of:

*{name of individual}* _____,

*{name of business}* _____,

*{address}*_____,

*{city}* _____,*{state}* ___,*{zip code}*_____, *{telephone number}* _____.

# PETITIONER(S) MUST INITIAL HERE _____

Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren)) (03/15)

**SUPPLEMENTAL FORM FOR PETITION FOR CHANGE OF NAME (MINOR CHILD(REN))**

Case No.: _____

**THE FOLLOWING INFORMATION IS TRUE ABOUT CHILD #_____:**

1. **Minor child's complete present name is:**

    _____ .

    **I/We request that minor child's name be changed to:**

    _____ .

2. The minor child lives in _____ County, Florida, at *{street address}* _____

    _____ .

3. The minor child was born on *{date}* _____, in *{city, county, state, country}*

    _____ .

4. The minor child's father's full legal name: _____ .
   The minor child's mother's full legal name: _____ .
   The minor child's mother's maiden name: _____ .

5. The minor child has lived in the following places since birth:

    Dates (to/from)          Address
    _____ / _____
    _____ / _____
    _____ / _____
    _____ / _____
    _____ / _____
    _____ / _____
    (_____ Please indicate here if you are continuing these facts on an attached page.)

6. [Choose **one** only]
    ____The minor child is not married.
    ____The minor child is married to: *{full legal name}* _____ .

7. [Choose **one** only]
    ____The minor child has no children.
    ____The minor child is the parent of the following child(ren): *{enter name(s) and date(s) of birth}*

    _____ .

## PETITIONER(S) MUST INITIAL HERE _____

Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren)) (03/15)

8. **Former names**
   [Choose all that apply]
   ___The minor child's name has never been changed **by a court**.
   ___The minor child's name previously was changed **by court order** from _____
   to _____ on *{date}*_____ ,
   by *{court, city, and state}* _____.
   A copy of the court order is attached.
   ___The minor child's name previously was changed **by marriage** from _____
   to _____ on *{date}*_____ ,
   in *{city, county, and state}* _____.
   A copy of the marriage certificate is attached.
   ___The minor child has never been known or called by any other name.
   ___The minor child has been known or called by the following other name(s): *{list name(s) and*
   *explain where child was known or called by such name(s)}* _____
   _____
   _____

9. The minor child is not employed in an occupation or profession, does not own and operate a
   business, and has received no educational degrees. If the minor child has a job, explain: _____
   _____ .

10. **Criminal History**
    [Choose **one** only]
    ___ The minor child has never been arrested for or charged with, pled guilty or nolo contendere
    to or been found to have committed a criminal offense, regardless of adjudication.
    ___ The minor child has a criminal history. In the past, the minor child was arrested for or
    charged with, pled guilty or nolo contendere to, or been found to have committed a
    criminal offense, regardless of adjudication. The details of the criminal history are:

    Date          City/State              Event (arrest, charge, plea, or adjudication)
    _____
    _____
    _____
    (____ Please indicate here if you are continuing these facts on an attached page.)

11. **Money Judgments**
    [Choose **one** only]
    _____ The minor child has never been adjudicated bankrupt, and no money judgment has ever
    been entered against him or her.
    _____ The following money judgment(s) has (have) been entered against him or her:
    Date       Amount     Creditor Court entering judgment and case number   *{date}* if Paid
    _____  _____   _____   _____

# PETITIONER(S) MUST INITIAL HERE _____

Florida Supreme Court Approved Family Law Form 12.982(c), Petition for Change of Name (Minor Child(ren))
(03/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.982(d),
## CONSENT FOR CHANGE OF NAME (MINOR CHILD(REN))(03/15)

## When should this form be used?

This form should be used when one parent consents to the other parent's **petition** to change the name of their minor child(ren).  A parent who is not a **petitioner** in the case but is consenting to the change of name should complete this form and sign it in front of a **notary public** or **deputy clerk**.

This form should be typed or printed in black ink. After this form is signed and notarized, you should **file** it with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for your records.  This form should be attached to the **Petition for Change of Name (Minor Child(ren))**, Florida Supreme Court Approved Family Law Form 12.982(c), **if** obtained prior to the filing of the petition. Otherwise, it may be filed separately after it has been completed.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** For further information see section 68.07, Florida Statutes, and the instructions for **Petition for Change of Name (Minor Child(ren))**, Florida Supreme Court Approved Family Law Form 12.982(c), or **Petition for Change of Name (Family)**, Florida Supreme Court Approved Family Law Form 12.982(f).

## Special notes...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every

 Instructions for Florida Supreme Court Approved Family Law Form 12.982(d), Consent for Change of Name (Minor Child(ren)) (03/15)

- 718 -

form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.982(d), Consent for Change of Name (Minor Child(ren)) (03/15)

- 719 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

IN RE: THE NAME CHANGE OF


_____,
Petitioner.

# CONSENT FOR CHANGE OF NAME (MINOR CHILD(REN))


I, *{full legal name}* _____, being sworn, certify that the following information is true:

I am the birth or legal _____ father _____ mother of the minor child(ren) named in this case, and I give consent for the following name changes:


**Minor child(ren)'s complete present name(s):**

(1) _____

(2) _____

(3) _____

(4) _____

(5) _____

(6) _____


**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this consent and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____          _____
                                Signature of Consenting Parent
                                Printed Name: _____
                                Address: _____
                                City, State, Zip: _____
                                Telephone Number: _____
                                Fax Number: _____
                                Designated E-mail Address(es): _____


Florida Supreme Court Approved Family Law Form 12.982(d), Consent for Change of Name (Minor Child(ren)) (03/15)

- 720 -

STATE OF FLORIDA
COUNTY OF

Sworn to or affirmed and signed before me on _____ by _____ .

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or clerk.}*

_____ Personally known
_____ Produced identification
_____ Type of identification produced

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose one}* (    ) petitioner (    ) consenting parent
This form was completed with the assistance of:
*{name of individual}* _____ ,
*{name of business}* _____ ,
*{address}* _____ ,
*{city}* _____ ,*{state}* _____ ,*{zip code}* _____ , *{telephone number}* _____ .

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT
IN AND FOR _____COUNTY, FLORIDA

Case No.: _____
Division: _____

IN RE: THE NAME CHANGE OF

_____,

Petitioner/Father,

_____,

Petitioner/Mother.

# FINAL JUDGMENT OF CHANGE OF NAME (MINOR CHILD(REN))

This cause came before the Court on *{date}* _____, for a hearing on Petition for Change of Name under section 68.07, Florida Statutes, and it appearing to the Court that:

1.  Petitioner(s) is (are) a bona fide resident(s) of _____ County, Florida;

2.  _____ Petitioners are the parents of the minor child(ren) named in the petition;

3.  _____ Petitioner is the parent of the minor child(ren) named in the petition, and the other parent has been properly notified and has either consented or failed to respond;
    _____ Other: _____
    _____
    _____ ;

4.  Petitioner's request is not for any ulterior or illegal purpose; and

5.  Granting this petition will not in any manner invade the property rights of others, whether partnership, patent, good will, privacy, trademark, or otherwise; it is

**ORDERED** that the minor child(ren)'s
present name(s)                 _____
(1) _____ by which they shall hereafter be known.
(2) _____ be changed to
(3) _____          (1) _____
(4) _____          (2) _____
(5) _____          (3) _____
(6)                                  (4) _____
_____              (5) _____

Florida Supreme Court Approved Family Law Form 12.982(e), Final Judgment of Change of Name (Minor Child(ren)) (03/15)

- 722 -

(6) _____

DONE and ORDERED ON _____ in _____, Florida.


_____

CIRCUIT JUDGE


I certify that a copy of the *{name of documents(s)}* _____ was ( )
mailed ( ) faxed and mailed ( ) e-mailed ( ) hand-delivered to the parties and any other persons or
entities listed below on *{date}* _____.


_____

*Clerk of Court, Designee, or Judicial Assistant*


Petitioner(s) (or his, her, or their attorney)
Other: _____

Florida Supreme Court Approved Family Law Form 12.982(e), Final Judgment of Change of Name (Minor Child(ren)) (03/15)

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.982(f), PETITION FOR CHANGE OF NAME (FAMILY) (03/15)

## When should this form be used?

This form should be used when a family wants the court to change its name. This form is **not** to be used in connection with a **dissolution of marriage**, **paternity**, or adoption action. If you want a change of name because of a dissolution of marriage, paternity, or adoption action that is not yet final, the change of name should be requested as part of that case.

This form should be typed or printed in black ink and must be signed before a **notary public or deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records. The petition should only be completed for one adult. If you wish to change the name(s) of another adult and/or any child(ren), you should complete and file with the clerk of court the attached Supplemental Form(s) for Petition for Change of Name (Family) for each additional family member. **Be sure that the bottom of each page of each supplemental form is initialed.**

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the

**Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

# What should I do next?

**Unless you are seeking to restore a former name, each adult petitioner must have fingerprints submitted for a state and national criminal history records check**. The fingerprints must be taken in a manner approved by the Department of Law Enforcement and must be submitted to the Department for a state and national criminal history records check. **You may not request a hearing on the petition until the clerk of court has received the results of your criminal history records check.** The clerk of court can instruct you on the process for having the fingerprints taken and submitted, including information on law enforcement agencies or service providers authorized to submit finger prints electronically to the Department of Law Enforcement. The process may take several weeks and you will have to pay for the cost of processing the fingerprints and conducting the state and national criminal history records check.

If any of the children for whom you are requesting this change of name are not the legal children of both adults filing this petition, you must obtain the consent of the legal parent(s). A parent not named as a **petitioner** in this action may consent by submitting a **Consent for Change of Name (Minor Child(ren))**, Florida Supreme Court Approved Family Law Form 12.982(d).

If the other parent does not consent to the change of name, you may still have a **hearing** on the **petition if** you have properly notified the other parent about your petition and the hearing. If you know where he or she lives, you must use **personal service**. If you absolutely do not know where he or she lives, you may use **constructive service**. For more information about personal and constructive service, you should refer to the **General Instructions for Self-Represented Litigants** found at the beginning of these forms and the instructions to Florida Family Law Rules of Procedure Forms 12.910(a) and 12.913(b) and Florida Supreme Court Approved Family Law Form 12.913(a). The law on constructive service is very complex and you may wish to consult an attorney regarding constructive service.

Before a **final hearing** on your request may be held, you must obtain a date for the court to consider your request. If you are seeking to restore a former name, the final hearing on the petition MAY be held immediately after the petition is filed. The final hearing on any other petition for a name change may be held immediately after the clerk of court receives the results of your criminal history records check. You should ask the clerk of court, **family law intake staff**, or **judicial assistant** about the local procedure for setting a hearing. You may be required to attend the hearing. Included in these forms is a **Final Judgment of Change of Name (Family)**, Florida Supreme Court Approved Family Law Form 12.982(g), which may be used when a judge grants a change of name for a family. If you attend the hearing, you

Instructions for Florida Supreme Court Approved Family Law Form 12.982(f), Petition for Change of Name (Family) (03/15)

should take the **final judgment** form with you.  You should complete the top part of this form, including the circuit, county, case number, division, the name(s) of the petitioner(s) and leave the rest blank for the judge to complete.  It should be typed or printed in black ink.

If the judge grants your petition, he or she will sign this **order**.  This officially changes your family's name. The clerk can provide you with **certified copies** of the signed order.  There will be charges for the certified copies, and the clerk can tell you the amount of the charges.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.**  For further information, see section 68.07, Florida Statutes.

## Special notes...

The heading of the form calls for the name(s) of the **petitioner(s)**.  This is (are) the parent(s) who is/are requesting the change of their family's name(s).  The judicial circuit, case number, and division may be obtained from the clerk of court's office when you file the petition.

It may be helpful to compile a list of all of the people and places that will need a copy of the final judgment. This list may include the driver's license office, social security office, banks, schools, etc.  A list will help you know how many copies of your order you should get from the clerk of court after your hearing.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

IN RE: THE NAME CHANGE OF

_____,
Petitioner/Father,

_____,
Petitioner/Mother.

# PETITION FOR CHANGE OF NAME (FAMILY)

I/We, *{full legal name(s)}* _, _____being sworn, certify that the following information is true:

**There are** *{enter number}* _____ **adults named in this petition.** A supplemental form is attached for each adult not set out below.

**There are** *{enter number}* _____ **children named in this petition. I am/We are the birth or legal parents or guardian of the minor child(ren) named in this petition.** I/We have attached a completed supplemental form for each minor child.

Unless I am seeking to restore a former name, a copy of the fingerprints of each adult person seeking a name change in this petition has/have been taken in a manner approved by the Department of Law Enforcement, and submitted for a state and national criminal history records check. **I/We understand that I/We cannot request a hearing on my/our Petition until the clerk of court receives the results of the criminal history records check**.

**THE FOLLOWING INFORMATION IS TRUE ABOUT PETITIONER:**
**_____ HUSBAND _____ WIFE _____ GUARDIAN**
**_____ A Supplemental Form has been attached for the other parent or petitioner.**

1. My complete present name is:

   _____.

   I request that my name be changed to:

   _____.

2. I live in _____ County, Florida, at *{street address}* _____

   _____.

3. I was born on *{date}* _____, in *{city}*_____,
   *{county}*_____,*{state}* _____, *{country}* _____.

Florida Supreme Court Approved Family Law Form 12.982(f), Petition for Change of Name (Family) (03/15)

4. My father's full legal name: _____ .
My mother's full legal name: _____ .
My mother's maiden name: _____ .

5. I have lived in the following places since birth:

Dates (to/from)          Address
_____/_____
_____/_____
_____/_____
_____/_____
_____/_____
_____/_____
_____/_____
_____/_____

(____ Please indicate here if you are continuing these facts on an attached page.)

6. **Family**
   *{Indicate **all** that apply}*
   a. ____ I am not married.
   b. ____ I am married. My spouse's full legal name is: _____ .
   c. ____ I do not have child(ren).
   d. ____ The name(s), age(s), and address(es) of my child(ren) are as follows (all children, **including those over 18**, must be listed):

**Name** *{last, first, middle initial}*     **Age**     **Address, City, State**

_____
_____
_____
_____
_____
_____

(____ Please indicate here if you are continuing these facts on an attached page.)

7. **Former names**
   *{Indicate **all** that apply}*
   _____ My name has never been changed **by a court**.

   _____ My name previously was changed **by court order** from _____
   to _____ on *{date}* _____ ,
   by *{court, city, and state}* _____ .
   **A copy of the court order is attached.**

   _____ My name previously was changed **by marriage** from _____
   to _____ on *{date}* _____ ,
   in *{city, county, and state}* _____ .

Florida Supreme Court Approved Family Law Form 12.982(f), Petition for Change of Name (Family) (03/15)

**A copy of the marriage certificate is attached.**

_____ I have never been known or called by any other name.

_____ I have been known or called by the following other name(s): *{list name(s) and explain where you were known or called by such name(s)}*_____.

_____

_____.

8. **Occupation**
My occupation is: _____.
I am employed at: *{company and address}* _____

_____.

During the past 5 years, I have had the following jobs:

Dates (to/from)            Employer and employer's address

_____ / _____

_____ / _____

_____ / _____

_____ / _____

_____ / _____

(____ Please indicate here if you are continuing these facts on an attached page.)

9. **Business**
*{Choose **one** only}*
_____I do not own and operate a business.

_____I own and operate a business.  The name of the business is: _____.
The street address is: _____.
My position with the business is: _____.
I have been involved with the business since: *{date}* _____.

10. **Profession**
*{Choose **one** only}*
_____I am not in a profession.

_____I am in a profession.  My profession is: _____.
I have practiced this profession:

Dates (to/from)                    Place and address

_____/_____        _____

_____/_____        _____

_____/_____        _____

_____/_____        _____

(_____ Please indicate here if you are continuing these facts on an attached page.)

11. **Education**

I have graduated from the following school(s):

| Degree<br>Received | Date of<br>Graduation | School |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(_____ Please indicate here if you are continuing these facts on an attached page.)

12. **Criminal History**

*{Choose **one** only}*

_____ I have never been arrested for or charged with, pled guilty or nolo contendere to, or have been found to have committed a criminal offense, regardless of adjudication.

_____ I have a criminal history. In the past I have been arrested for or charged with, pled guilty or nolo contendere to, or been found to have committed a criminal offense, regardless of adjudication. The details of my criminal history are:

| Date | City/State | Event (arrest, charge, plea, or adjudication) |
|---|---|---|
| | | |
| | | |
| | | |

(_____ Please indicate here if you are continuing these facts on an attached page.)

13. **Bankruptcy**

*{Choose one only}*

_____I have never been adjudicated bankrupt.

_____I was adjudicated bankrupt on *{date}* _____, in *{city}* _____, *{county}* _____, *{state}* _____.

(_____ Please indicate here if you have had additional bankruptcies, and explain on an attached page.)

14. **Creditor(s)' Judgments**

*{Choose **one** only}*

_____I have never had a money judgment entered against me by a creditor.

_____ The following creditor(s)' money judgment(s) have been entered against me:

| Date | Amount | Creditor | Court entering judgment and case number | *{date}* if Paid |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

(_____ Please indicate here if these facts are continued on an attached page.)

15. I have no ulterior or illegal purpose for filing this petition, and granting it will not in any manner invade the property rights of others, whether partnership, patent, good will, privacy, trademark, or otherwise.

16. My civil rights have never been suspended, or, if my civil rights have been suspended, they have been fully restored.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

Signature of Petitioner
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

STATE OF FLORIDA
COUNTY OF _____
Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or clerk.}*

_____ Personally known
_____ Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the Petitioner.

This form was completed with the assistance of:

*{name of individual}* _____,

*{name of business}* _____,

*{address}* _____,

*{city}* _____,*{state}*_____,*{zip code}*_____, *{telephone number}* _____.

**ADULT SUPPLEMENTAL FORM FOR PETITION FOR CHANGE OF NAME (FAMILY)**

Case No.: _____

**THE FOLLOWING INFORMATION IS TRUE ABOUT PETITIONER:**
**(     ) HUSBAND (     ) WIFE (     ) GUARDIAN**

1. My complete present name is:
   _____.
   I request that my name be changed to:
   _____.

2. I live in _____ County, Florida, at *{street address}* _____
   _____.

3. I was born on *{date}* _____, in *{city}*_____,
   *{county}* _____,*{state}* _____, *{country}* _____.

4. My father's full legal name: _____.
   My mother's full legal name: _____.
   My mother's maiden name: _____.

5. I have lived in the following places since birth:

   Dates (to/from)              Address
   _____ / _____
   _____ / _____
   _____ / _____
   _____ / _____
   _____ / _____
   _____ / _____
   _____ / _____
   _____ / _____
   _____ / _____
   (_____ Please indicate here if you are continuing these facts on an attached page.)

6. **Family**{*[Indicate **all** that apply}*
   a. _____ I am not married.

   b. _____ I am married.  My spouse's full legal name is: _____.

   c. _____ I do not have child(ren).

   d. _____ The name(s), age(s), and address(es) of my child(ren) are as follows (all children,
        **including those over 18**, must be listed):

# PETITIONER(S) MUST INITIAL HERE _____

Florida Supreme Court Approved Family Law Form 12.982(f), Supplemental Form for Petition for Change of Name (Family) (03/15)

**Name** *{last, first, middle initial}*      **Age**      **Address, City, State**

(_____ Please indicate here if you are continuing these facts on an attached page.)

7. **Former names**
   *{Indicate **all** that apply}*
   _____My name has never been changed **by a court**.

   _____My name previously was changed **by court** order from_____ ___
      to _____ on *{date}*_____
      by *{court, city, and state}* _____ .
   **A copy of the court order is attached.**

   _____My name previously was changed **by marriage** from _____
      to _____ on *{date}*_____
      in *{city, county, and state}* _____ .
   **A copy of the marriage certificate is attached.**

   _____I have never been known or called by any other name.

   _____I have been known or called by the following other name(s): *{list name(s) and explain*
   *where you were known or called by such name(s)}* _____ ___

8. **Occupation**
   My occupation is: _____ .
   I am employed at: *{company and address}* _____
   _____ .
   During the past 5 years, I have had the following jobs:

   Dates (to/from)       Employer and employer's address
   _____/_____    _____
   _____/_____    _____
   _____/_____    _____
   _____/_____    _____
   _____/_____    _____
   _____/_____    _____
   _____/_____    _____
   (_____ Please indicate here if you are continuing these facts on an attached page.)

9. **Business**
   *{indicate **all** that apply}*
   _____I do not own and operate a business.

# PETITIONER(S) MUST INITIAL HERE _____

Florida Supreme Court Approved Family Law Form 12.982(f), Supplemental Form for Petition for Change of Name (Family) (03/15)

____I own and operate a business.  The name of the business is: _____ .
     The street address is: _____ ___ .
     My position with the business is: _____ .
     I have been involved with the business since: *{date}* _____ .

10. **Profession**
    *{Indicate **all** that apply}*
____I am not in a profession.

____I am in a profession.  My profession is: _____ .
     I have practiced this profession:

Dates (to/from)          Place and address
_____ / _____
_____ / _____
_____ / _____
_____ / _____
(___ Please indicate here if you are continuing these facts on an attached page.)

11. **Education**
    I have graduated from the following school(s):

Degree          Date of
Received        Graduation          School

_____          _____

_____          _____

_____          _____
(___ Please indicate here if you are continuing these facts on an attached page.)

12. **Criminal History**
    *{Choose **one** only}*
____I have never been arrested for or charged with, pled guilty or nolo contendere to, or been
     found to have committed a criminal offense, regardless of adjudication.

____I have a criminal history.  In the past I have been arrested for or charged with, pled guilty or
     nolo contendere to, or been found to have committed a criminal offense, regardless of
     adjudication.  The details of my criminal history are:

Date          City/State               Event (arrest, charge, plea, or adjudication)
_____
_____
_____
(___ Please indicate here if you are continuing these facts on an attached page.)

13. **Bankruptcy**
    {Choose **one** only}

# PETITIONER(S) MUST INITIAL HERE _____

Florida Supreme Court Approved Family Law Form 12.982(f), Supplemental Form for Petition for Change of Name (Family) (03/15)

PETITIONER # _____, continued

_____I have never been adjudicated bankrupt.

_____I was adjudicated bankrupt on *{date}* _____, in *{city}* _____,
*{county}* _____, *{state}* _____.
(___ Please indicate here if you have had additional bankruptcies, and explain on an attached page.)

14. **Creditors' Judgments**
*{Choose **one** only}*
_____ I have never had a money judgment entered against me by a creditor.

_____ The following creditor(s)' money judgment(s) have been entered against me:
Date      Amount      Creditor      Court entering judgment and case number *{date}* **if** Paid

_____

_____

_____

_____

(_____ Please indicate here if these facts are continued on an attached page.)

15. I have no ulterior or illegal purpose for filing this petition, and granting it will not in any manner invade the property rights of others, whether partnership, patent, good will, privacy, trademark, or otherwise.

16. My civil rights have never been suspended, or, if my civil rights have been suspended, they have been fully restored.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____          _____
                                          Signature of Petitioner
                                          Printed Name: _____
                                          Address: _____
                                          City, State, Zip: _____
                                          Telephone Number: _____
                                          Fax Number: _____
                                          Designated E-mail Address(es):_____

STATE OF FLORIDA
COUNTY OF _____
Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

# PETITIONER(S) MUST INITIAL HERE _____

Florida Supreme Court Approved Family Law Form 12.982(f), Supplemental Form for Petition for Change of Name (Family) (03/15)

- 736 -

PETITIONER # _____, continued

_____
[Print, type, or stamp commissioned name of notary or clerk.]

\_\_\_\_\_ Personally known
\_\_\_\_\_ Produced identification
Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the Petitioner.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}*_____,*{zip code}*_____, *{telephone number}* _____.

**PETITIONER(S) MUST INITIAL HERE _____**

Florida Supreme Court Approved Family Law Form 12.982(f), Supplemental Form for Petition for Change of Name (Family) (03/15)

**CHILD SUPPLEMENTAL FORM FOR PETITION FOR CHANGE OF NAME (FAMILY)**

Case No.: _____

**THE FOLLOWING INFORMATION IS TRUE ABOUT MINOR CHILD # _____ :**

1. Minor child's complete present name is:

    _____

    I/We request that minor child's name be changed to: _____

2. The minor child lives in _____ County, Florida, at *{street address}* _____
    _____ .

3. The minor child was born on _____, in *{city, county, state, country}*
    _____ .

4. The minor child's father's full legal name: _____ .
    The minor child's mother's full legal name: _____ .
    The minor child's mother's maiden name: _____ .

5. The minor child has lived in the following places since birth:

    Dates (to/from)                    Address
    _____/_____
    _____/_____
    _____/_____
    _____/_____
    _____/_____
    _____/_____
    _____/_____
    (_____ Please indicate here if continuing these facts on an attached page.)

6. *[Choose **one** only]*
    _____The minor child is not married

    _____The minor child is married to: *{full legal name}* _____ .

    *[Choose **one** only}*
    _____ The minor child has no children.

    _____ The minor child is the parent of the following child(ren): *{enter name(s) and     date(s) of birth}* _____ .

7. **Former names**
    *{Indicate **all** that apply}*
    _____The minor child's name has never been changed **by court order**.

    _____The minor child's name previously was changed **by court order** from:

# PETITIONER(S) MUST INITIAL HERE _____

Florida Supreme Court Approved Family Law Form 12.982(f), Supplemental Form for Petition for Change of Name (Family) (03/15)

- 738 -

_____to_____
on {date}_____ {court, city, and state} _____
_____.

**A copy of the court order is attached.**

_____The minor child's name previously was changed by marriage from _____
to _____ on {date} _____, in {city,
county, and state} _____.
_____The minor child has never been known or called by any other name.

_____The minor child has been known or called by the following other name(s): {list   name(s)
and explain where child was known or called by such name(s)} _____
_____
_____.

8.  The minor child is not employed in an occupation or profession, does not own and operate a
business, and has received no educational degrees.  If the minor child has a job, explain:
_____
_____
_____

9.  **Criminal History**
    *{Choose **one** only}*
    _____The minor child has never been arrested for or charged with, pled guilty or nolo
    contendere to, or been found to have committed a criminal offense, regardless of
    adjudication.

    _____The minor child has a criminal history.  In the past, the minor child was arrested for or
    charged with, pled guilty or nolo contendere to, or been found to have committed a criminal
    offense, regardless of adjudication.  The details of the criminal history are:

    Date          City/State          Event (arrest, charge, plea, or adjudication)
    _____
    _____
    _____

    (_____ Please indicate here if you are continuing these facts on an attached page.)

10. **Money Judgments**
    *{Choose **one** only}*
    _____The minor child has never been adjudicated bankrupt, and no money judgment has ever
    been entered against him or her.

    _____The following money judgment(s) has been entered against him or her:
    Date    Amount      Creditor        Court entering judgment and case number {date} **if** Paid
    _____
    _____
    _____

# PETITIONER(S) MUST INITIAL HERE _____

Florida Supreme Court Approved Family Law Form 12.982(f), Supplemental Form for Petition for Change of Name
(Family) (03/15)

- 739 -

**PETITIONER(S) MUST INITIAL HERE** _____

Florida Supreme Court Approved Family Law Form 12.982(f), Supplemental Form for Petition for Change of Name (Family) (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____

Division: _____

IN RE: THE NAME CHANGE OF

_____,

       Petitioner/Father,

_____,

       Petitioner/Mother.

# FINAL JUDGMENT OF CHANGE OF NAME (FAMILY)

This cause came before the Court on *{date}* _____, for a hearing on Petition for Change of Name under section 68.07, Florida Statutes, and it appearing to the Court that:

1. Petitioners are bona fide residents of _____ County, Florida;

2.   a._____Petitioners are the parents of the minor child(ren) named in the petition;
    b._____Petitioner is the parent of the minor child(ren) named in the petition, and the other parent has been properly notified and has either consented or failed to respond;
    c._____Other: _____
_____ ;

3. Petitioner's request is not for any ulterior or illegal purpose; and

4. Granting this petition will not in any manner invade the property rights of others, whether partnership, patent, good will, privacy, trademark, or otherwise; it is

ORDERED that the:

present          be changed to
name(s)        (1) _____
(1) _____   (2) _____
(2) _____   (3) _____
(3) _____   (4) _____
(4) _____   (5) _____
(5) _____   (6) _____
(6) _____

by which they shall hereafter be known.

DONE AND ORDERED on _____ in _____, Florida.

_____
CIRCUIT JUDGE

I certify that a copy of the *{name of document(s)}* _____
was (  ) mailed (  ) faxed and mailed (  ) e-mailed (  ) hand-delivered to the parties and any
other persons or entities listed below on *{date}* _____.

_____
By: *Clerk of Court, Designee, or Judicial Assistant*

Petitioner(s) (or his/her/their attorney)
Other:_____

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.983(a), PETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF (03/15)

## When should this form be used?

This form should be used by a birth mother or father to ask the court to establish **paternity**, a **time-sharing schedule,** and/or **child support** of a minor child or children. This means that you are trying to legally establish who is the father of the child(ren).

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where you live and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

Instructions for Florida Supreme Court Approved Family Law Form 12.983(a), Petition to Determine Paternity and for Related Relief (03/15)

- 743 -

# What should I do next?

For your case to proceed, you must properly notify the **respondent** of the **petition**. If you know where he or she lives, you should use **personal service**. If you absolutely do not know where he or she lives, you may use **constructive service**. However, if constructive service is used, the court may only grant limited relief. You should seek legal advice on constructive service in a paternity case. For more information see chapter 49, Florida Statutes, or you may contact Child Support Enforcement at the Florida Department of Revenue if you need assistance with your case.

If personal service is used, the **respondent** has 20 days to answer after being served with your petition. Your case will then generally proceed in one of the following three ways:

**DEFAULT...** If after 20 days, no **answer** has been filed, you may file a **Motion for Default**, Florida Supreme Court Approved Family Law Form 12.922(a), with the clerk of court. Then, if you have filed all of the required papers, you may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. You must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**UNCONTESTED...** If the respondent files an answer that agrees with everything in your petition or an answer and waiver, **and** you have complied with **mandatory disclosure** and filed all of the required papers, you may call the clerk, family law intake staff, or judicial assistant to set a final hearing. You must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED...** If the respondent files an answer or an answer and **counterpetition**, which disagrees with or denies anything in your petition, **and** you are unable to settle the disputed issues, you should file a **Notice for Trial**, Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure, completed the **scientific paternity testing**, if necessary, and filed all of the required papers. Then you should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **trial** (final hearing). If the respondent files an answer and counterpetition, you should answer the counterpetition within 20 days using an **Answer to Counterpetition**, Florida Supreme Court Approved Family Law Form 12.983(d).

# Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see chapter 742, Florida Statutes.

Instructions for Florida Supreme Court Approved Family Law Form 12.983(a), Petition to Determine Paternity and for Related Relief (03/15)

- 744 -

# Special notes...

If you do not have the money to pay the filing fee, you may obtain an Application for Determination of Civil Indigent Status, fill it out, and the clerk will determine whether you are eligible to have filing fees deferred.

More than one child of the same alleged father may be listed on a single petition. However, if you are filing a paternity action involving more than one possible father, a separate petition must be filed for each alleged father.

If the respondent files an answer denying that the person named in the petition is the child(ren)'s father, one of you should file a Motion for **Scientific Paternity Testing**, Florida Supreme Court Approved Family Law Form 12.983(e). This is used to ask the court to order a scientific test to determine who is the child(ren)'s father.

If the father signed papers at the hospital acknowledging that he was the father, paternity was established as a matter of law. This should be indicated on page 2, section 9a on this form.

If the paternity of a child who was conceived or born during a marriage is at issue, the court may appoint a **guardian ad litem** to assist the court in this matter and to protect the rights of child.

With this petition, you must file the following and provide a copy to the other party:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d).
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c).
- **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days, if not filed with the petition, unless you and the other party have agreed not to exchange these documents.)
- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e). (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been filed.)
- **Parenting Plan**, Florida Supreme Court Approved Family Law Form, 12.995(a), 12.995(b), or 12.995(c). If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached. If the parents have not reached an agreement, a proposed Parenting Plan **may** be filed.

**Parenting Plan and Time-Sharing.** If the parties are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing based on the child(ren)'s best interests. Regardless of whether there is an agreement between the parties, the court reserves jurisdiction to modify issues relating to minor or dependent child(ren).

The judge may request a **parenting plan recommendation** or appoint a **guardian ad litem** in your case. This means that a neutral person will review your situation and report to the judge concerning parenting

Instructions for Florida Supreme Court Approved Family Law Form 12.983(a), Petition to Determine Paternity and for Related Relief (03/15)

- 745 -

issues.  The purpose of such intervention is to be sure that the best interests of the child(ren) are being served.  For more information, you may consult sections 61.401–61.405, Florida Statutes.

Listed below are some terms with which you should become familiar before completing your petition.  **If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.**

- **Shared Parental Responsibility**
- **Sole Parental Responsibility**
- **Supervised Time-Sharing**
- **No contact**
- **Parenting Plan**
- **Parenting Plan Recommendation**
- **Time-Sharing Schedule**

Many circuits require that parents of a minor or dependent child(ren) who are involved in dissolution or paternity actions attend **mediation** before being allowed to schedule a final hearing.  A **parenting course** must be completed prior to entry of the final judgment. You should check with your local clerk of court's office, family law intake staff, or judicial assistant for more information on the parenting course and mediation requirements in your area.

**Child Support.**  The court may order one parent to pay **child support** to assist the other parent in meeting the child(ren)'s material needs. **Both parents are required to provide financial support**, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent.

Florida has adopted guidelines for determining the amount of child support to be paid.  These guidelines are based on the combined income of **both** parents and take into account the financial contributions of both parents.  You should file a **financial affidavit**, and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid.  Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Final Judgments.**  These family law forms contain a **Final Judgment of Paternity**, Florida Supreme Court Approved Family Law Form 12.983(g), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing.  If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.983(a), Petition to Determine Paternity and for Related Relief (03/15)

- 746 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
                    Petitioner,
And

_____,
                    Respondent.

# PETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF

Petitioner, *{full legal name}*_____, being sworn, certifies that the following information is true:

This is an action for paternity and to determine parental responsibility, time-sharing, and child support under chapter 742, Florida Statutes.

**SECTION I.**

1.  Petitioner is the _____ Mother _____ Father of the following minor child(ren):

    | **Name** | **Birth Date** |
    | --- | --- |
    | 1._____ | _____ |
    | 2. _____ | _____ |
    | 3. _____ | _____ |
    | 4. _____ | _____ |
    | 5. _____ | _____ |
    | 6. _____ | _____ |

2.  Petitioner's current address is: *{street address, city, state}* _____
    _____.

3.  Respondent's current address is: *{street address, city, state}* _____
    _____

4.  Both parties are over the age of 18.

Florida Supreme Court Approved Family Law Form 12.983(a), Petition to Determine Paternity and for Related Relief (03/15)

- 747 -

5. Petitioner *{Choose only **one**}* _____ is _____ is not a member of the military service.
   Respondent *{Choose only **one**}* _____ is _____ is not a member of the military service.

6. Neither Petitioner nor Respondent is mentally incapacitated.

7. A completed **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this petition.

8. A completed **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this petition.

9. A completed **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c), is, or will be, filed.

10. **Paternity Facts.**
    *{Choose only **one**}*
    a. _____Paternity has previously been established as a matter of law.

    b. _____The parties engaged in sexual intercourse with each other in the month(s) of *{list month(s) and year(s)}* _____in *{city and state}* _____
    As a result of the sexual intercourse, _____ Petitioner _____ Respondent conceived and gave birth to the minor child(ren) named in paragraph 1. _____ Petitioner _____Respondent is the natural father of the minor child(ren). The mother _____ was _____ was not married at the time of the conception and/or birth of the minor child(ren) named in paragraph 1. If the mother was married, the name and address of her husband at the time of conception and/or birth is:
    _____
    _____

**SECTION II. PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING**

1. The minor child(ren) currently reside(s) with _____ Mother _____ Father _____ other: *{explain}*
   _____
   _____.

2. **Parental Responsibility.** It is in the child(ren)'s best interests that parental responsibility be:
   *{Choose only **one**}*
   a. _____ shared by both Father and Mother.

   b. ____awarded solely to _____ Father _____ Mother. Shared parental responsibility would be detrimental to the child(ren) because: _____
   _____
   _____
   _____.

3. **Parenting Plan and Time-Sharing**. It is in the best interests of the child(ren) that the family be ordered to comply with a Parenting Plan that _____ includes _____does **not** include parental time-

Florida Supreme Court Approved Family Law Form 12.983(a), Petition to Determine Paternity and for Related Relief (03/15)

- 748 -

sharing with the child(ren).  The Petitioner states that it is in the best interests of the child(ren) that**:** *{Choose only **one**}*

a.  _____The attached proposed Parenting Plan should be adopted by the court.
The parties _____ have _____ have **not** agreed to the Parenting Plan.

b.  _____ The court should establish a Parenting Plan with the following provisions:
1._____	No time-sharing for the	_____ Father	_____ Mother
2._____	Limited time-sharing with the	_____ Father	_____ Mother
3._____	Supervised time-sharing for the	_____ Father	_____ Mother.
4._____	Supervised or third-party exchange of the child(ren).
5._____	Time-sharing schedule as follows:
_____
_____
_____

Explain why this schedule is in the best interests of the child(ren): _____
_____
_____
_____

4.  The minor child(ren) should
*{Choose only **one**}*
a.  _____retain his/her (their) present name(s).

b.  _____receive a change of name as follows:

| present name(s) | be changed to |
|---|---|
| (1). _____ | (1). _____ |
| (2). _____ | (2). _____ |
| (3). _____ | (3). _____ |
| (4). _____ | (4). _____ |
| (5). _____ | (5). _____ |
| (6). _____ | (6). _____ |

c.  The name change would be in the best interest of the child(ren) because:_____
_____

**SECTION III.  CHILD SUPPORT**
*{Indicate all that apply}*
1.  _____Petitioner requests that the Court award child support as determined by Florida's child support guidelines, section 61.30, Florida Statutes. A completed **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), is, or will be, filed.  Such support should be ordered retroactive to:
*{Choose only **one**}*
a.  _____the date when the parents did not reside together in the same household with the child, not to exceed a period of 24 months before the date of filing of this petition.

b.  _____the date of the filing of this petition.

Florida Supreme Court Approved Family Law Form 12.983(a), Petition to Determine Paternity and for Related Relief (03/15)

- 749 -

c. _____other: *{date}*_____ *{Explain}* _____
   _____

2. _____Petitioner requests that the Court award a child support amount that is more than or less than Florida's child support guidelines. Petitioner understands that a **Motion to Deviate from Child Support Guidelines**, Florida Supreme Court Approved Family Law Form 12.943, **must** be completed before the Court will consider this request.

3. _____Petitioner requests that medical/dental insurance for the minor child(ren) be provided by:
   *{Choose only **one**}*
   a. _____Father.

   b. _____Mother.

4. _____Petitioner requests that uninsured medical/dental expenses for the child(ren) be paid by:
   *{Choose only **one**}*
   a. _____Father.
   b. _____Mother.
   c. _____Father and Mother each pay one-half.
   d. _____Father and Mother each pay according to the percentages in the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e).
   e. _____Other *{explain}*: _____
      _____
      _____

5. _____Petitioner requests that life insurance to secure child support be provided by:
   *[Choose only **one**]*
   a. _____Father.
   b. _____Mother.
   c. _____Both

6. _____ Petitioner _____ Respondent _____ Both has (have) incurred medical expenses in the amount of $_____ on behalf of the minor child(ren), including hospital and other expenses incidental to the birth of the minor child(ren). There should be an appropriate allocation or apportionment of these expenses.

7. _____ Petitioner _____ Respondent _____ Both has (have) received past public assistance for this (these) minor child(ren).

**PETITIONER'S REQUEST**

1. Petitioner requests a hearing on this petition and understands that he or she must attend the hearing.

2. Petitioner requests that the Court enter an order that:
   *[Indicate **all** that apply]*
   a. _____establishes paternity of the minor child(ren), ordering proper scientific testing, if necessary;

Florida Supreme Court Approved Family Law Form 12.983(a), Petition to Determine Paternity and for Related Relief (03/15)

b. _____adopts or establishes a Parenting Plan containing provisions for parental responsibility and time-sharing for the minor or dependent child(ren);

c. _____awards child support, including medical/dental insurance coverage for the minor child(ren);

d. _____determines the appropriate allocation or apportionment of all expenses incidental to the birth of the child(ren), including hospital and medical expenses;

e. _____determines the appropriate allocation or apportionment of all other past, present, and         future medical and dental expenses incurred or to be incurred on behalf of the minor         child(ren);

f. _____changes the child(ren)'s name(s);

g. _____other relief as follows: _____
_____
_____
_____ and
grants such other relief as may be appropriate and in the best interests of the minor child(ren).


**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this petition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of PETITIONER

Printed Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

Designated E-mail Address(es):_____

_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or deputy clerk.}*

_____ Personally known
_____Produced identification
_____ Type of identification produced _____

Florida Supreme Court Approved Family Law Form 12.983(a), Petition to Determine Paternity and for Related Relief (03/15)

- 751 -

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks] This form was prepared for the Petitioner.

This form was completed with the assistance of:

*{name of individual}* _____ __ ,

*{name of business}*_____ __ ,

*{address}* _____ _,

*{city}* _____,*{state}* _____,*{zip code}*_____ , *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.983(a), Petition to Determine Paternity and for Related Relief (03/15)

- 752 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.983(b)
# ANSWER TO PETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF (03/15)

## When should this form be used?

This form should be used when you are responding to a **petition** to determine **paternity**. You may use this form to admit or deny the allegations contained in the petition. However, if you wish to ask the court for things not included in the petition, such as, parental responsibility and time-sharing or **child support**, you should file an **Answer to Petition and Counterpetition to Determine Paternity and for Related Relief**, Florida Supreme Court Approved Family Law Form 12.983(c).

This form should be typed or printed in black ink. After completing this form, you should sign this form before a **notary public** or **deputy clerk**. You should then **file** the original with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the

Instructions for Florida Supreme Court Approved Family Law Form 12.983(b), Answer to Petition to Determine Paternity and for Related Relief (03/15)

- 753 -

**Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

# What should I do next?

If you deny that the person named in the petition is the child(ren)'s father, a **Motion for Scientific Paternity Testing**, Florida Supreme Court Approved Family Law Form 12.983(e), should be filed. This is used to ask the court to order a scientific test to determine who is the child(ren)'s father.

You have 20 days to file an answer to the other party's petition. A copy of this form, along with all of the other forms required with this **answer**, must be mailed, e-mailed, **or** hand delivered to the other party in your case. After you file your answer, the case will generally proceed in one of the following two ways:

**UNCONTESTED…** This case is uncontested if you and the petitioner agree on all issues raised in the petition. If this is the case, **and** you and the other party have complied with **mandatory disclosure** and filed all of the required papers, either party may call the clerk, **family law intake staff**, or **judicial assistant** to set a **final hearing**. If you request the hearing, you must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED…** This case is contested if you and the other party disagree on any issues raised in the petition. If you are unable to settle the disputed issues, either party may file a **Notice for Trial** Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **trial** (final hearing).

# Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 742, Florida Statutes.

Instructions for Florida Supreme Court Approved Family Law Form 12.983(b), Answer to Petition to Determine Paternity and for Related Relief (03/15)

- 754 -

# Special notes...

With this answer, you must file the following and provide a copy to the other party:

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit,** Florida Supreme Court Approved Family Law Form 12.902(d).
- **Notice of Social Security Number**, Florida Supreme Court Approved Family Law Form 12.902(j).
    - **Family Law Financial Affidavit,** Florida Family Law Rules of Procedure Form 12.902 (b) or (c).  (This must be filed within 45 days of the **service** of the petition on you, if not filed at the time you file this answer.)
    - **Certificate of Compliance with Mandatory Disclosure**, Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of the **service** of the petition on you, if not filed at the time you file this answer, unless you and the other party have agreed not to exchange these documents.)
    - **Child Support Guidelines Worksheet,** Florida Family Law Rules of Procedure Form 12.902(e).  (If you do not know the other party's income, you may file this form after the other party files his or her financial affidavit.)

Many circuits require completion of **mediation** before being allowed to schedule a final hearing.  A **parenting course** must be completed prior to entry of the final judgment.  You should check with your local clerk, family law intake staff, or judicial assistant for more information on the parenting course and mediation requirements in your area.

**Parenting Plan and Time-Sharing.**  If the parents are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide these issues as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)'s best interests. Regardless of whether there is an agreement between the parties, the court reserves jurisdiction to modify issues relating to minor child(ren).

The judge may request a **parenting plan recommendation** or appoint a **guardian ad litem** in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues.  The purpose of such intervention is to be sure that the best interests of the child(ren) are being served.  For more information, you may consult sections 61.401 and 61.405, Florida Statutes.

Listed below are some terms with which you should become familiar before completing your answer.  **If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.**

- **Shared Parental Responsibility**
- **Sole Parental Responsibility**
- **Supervised Time-Sharing**
- **No contact**

Instructions for Florida Supreme Court Approved Family Law Form 12.983(b), Answer to Petition to Determine Paternity and for Related Relief (03/15)

- 755 -

- **Parenting Plan**
- **Parenting Plan Recommendation**
- **Time-Sharing Schedule**

**Child Support…** The court may order one parent to pay **child support** to assist the other parent in meeting the child(ren)'s material needs. **Both parents are required to provide financial support**, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent. Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of **both** parents and take into account the financial contributions of both parents. You should file a **financial affidavit**, and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid. Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Final Judgments…** These family law forms contain a **Final Judgment of Paternity**, Florida Supreme Court Approved Family Law Form 12.983(g), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from a Nonlawyer,** Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.983(b), Answer to Petition to Determine Paternity and for Related Relief (03/15)

- 756 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# ANSWER TO PETITION TO DETERMINE PATERNITY
# AND FOR RELATED RELIEF

I, *{full legal name}* _____, Respondent, being
sworn, certify that the following information is true:

1. I **agree** with Petitioner as to the allegations raised in the following numbered paragraphs in the
   Petition and, therefore, **admit** those allegations: *{indicate section and paragraph number}* _____
   _____ .

2. I **disagree** with Petitioner as to the allegations raised in the following numbered paragraphs in
   the Petition and, therefore, **deny** those issues: *{indicate section and paragraph number}* _____
   _____ .

3. I currently am unable to admit or deny the following paragraphs due to lack of information:
   *{indicate section and paragraph number}* _____
   _____ .

4. *[I applicable]* A completed **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA)
   Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this answer
   as I disagree with the Affidavit filed by the Petitioner.

5. A completed **Notice of Social Security Number,** Florida Supreme Court Approved Family Law
   Form 12.902(j), is filed with this answer if one has not already been filed in this case.

6. A completed **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form
   12.902(b) or (c), _____ is, or _____ will be, filed.

Florida Supreme Court Approved Family Law Form 12.983(b), Answer to Petition to Determine Paternity and for
Related Relief (03/15)

- 757 -

I certify that a copy of this document was (    ) mailed (    ) faxed and mailed (    ) e-mailed (    ) hand delivered to the person(s) listed below on *{date}* _____.

**Petitioner or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

Florida Supreme Court Approved Family Law Form 12.983(b), Answer to Petition to Determine Paternity and for Related Relief (03/15)

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated:_____          _____

                                       Signature of Respondent

                                       Printed Name: _____

                                       Address: _____

                                       City, State, Zip: _____

                                       Telephone Number: _____

                                       Fax Number: _____

                                       Designated E-mail Address(es):_____

                                       _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.


                                       _____

                                       NOTARY PUBLIC or DEPUTY CLERK


                                       _____

                                       *{Print, type, or stamp commissioned name of notary or clerk.}*

_____ Personally known
_____ Produced identification
       Type of identification produced_____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only one}* (    ) Petitioner (    ) Respondent.
This form was completed with the assistance of:
*{name of individual}*_____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____, *{state}* _____, *{zip code}*_____, *{telephone number}* _____.


Florida Supreme Court Approved Family Law Form 12.983(b), Answer to Petition to Determine Paternity and for Related Relief (03/15)

# INSTRUCTIONS FOR FLORIDA FAMILY LAW FORM 12.983(c), ANSWER TO PETITION AND COUNTERPETITION TO DETERMINE PATERNITY AND FOR RELATED RELIEF (03/15)

## When should this form be used?

This form should be used when you are responding to a **petition** to determine **paternity** and asking the court for something different than what was in the petition, such as parental responsibility, time-sharing, and **child support**. The **answer** is used to admit or deny the allegations contained in the petition, and the **counterpetition** is used to ask for whatever you want the court to do for you. The other party has 20 days to answer your counterpetition after being served with your counterpetition.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should then **file** the original with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears.

Instructions for Florida Supreme Court Approved Family Law Form 12.983(c), Answer to Petition and Counterpetition to Determine Paternity and for Related Relief (03/15)

- 760 -

Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## What should I do next?

You have 20 days to file an answer or answer and counterpetition to the other party's petition. A copy of this form, along with all of the other forms required with this answer and counterpetition, must be mailed **or** hand delivered to the other party in your case.

If you deny that the person named in the petition is the child(ren)'s father, a **Motion for Scientific Paternity Testing** Florida Supreme Court Approved Family Law Form 12.983(e), should be filed. This is used to ask the court to order a scientific test to determine who is the child(ren)'s father.

After you file an answer and counterpetition, the case will then generally proceed as follows:

**UNCONTESTED.** This case is uncontested if you and the other party agree on all issues raised in the petition and the counterpetition. If this is the case, **and** you and the other party have complied with **mandatory disclosure** and filed all of the required papers, either party may call the clerk, **family law intake staff**, or **judicial assistant** to set a final hearing. If you request the hearing, you must notify the other party of the hearing by using a **Notice of Hearing (General)**, Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

**CONTESTED.** This case is contested if you and the other party disagree on any issues raised in the petition or counterpetition. If you are unable to settle the disputed issues, either party may file a **Notice for Trial,** Florida Supreme Court Approved Family Law Form 12.924, after you have complied with mandatory disclosure and filed all of the required papers. Some circuits may require the completion of **mediation** before a final hearing may be set. You should contact the clerk, family law intake staff, or judicial assistant for instructions on how to set your case for **trial** (**final hearing**).

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants@ for some basic information.** The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 742, Florida Statutes.

## Special notes...

If the child(ren)'s father signed papers at the hospital acknowledging that he was the father, paternity was established as a matter of law. This should be indicated on page 2, section 10a of the counterpetition part of this form. With this answer, you must file the following:

Instructions for Florida Supreme Court Approved Family Law Form 12.983(c), Answer to Petition and Counterpetition to Determine Paternity and for Related Relief (03/15)

- **Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit**, Florida Supreme Court Approved Family Law Form 12.902(d).
- **Notice of Social Security Number** Florida Supreme Court Approved Family Law Form 12.902(j).

- **Family Law Financial Affidavit**, Florida Family Law Rules of Procedure Form 12.902(b) or (c).  (This must be filed within 45 days of **service** of the petition on you if not filed with this answer.)

- **Certificate of Compliance with Mandatory Disclosure** Florida Family Law Rules of Procedure Form 12.932. (This must be filed within 45 days of service of the petition on you, if not filed with this answer, unless you and the other party have agreed not to exchange these documents.)

- **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e).  (If you do not know the other party's income, you may file this worksheet after his or her financial affidavit has been filed.)

- **Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(a), 12.995(b), or (c).  If the parents have reached an agreement, a signed and notarized Parenting Plan should be attached.  If the parents have not reached an agreement, a proposed Parenting Plan **may** be filed.

Many jurisdictions may require the completion of **mediation** before a final hearing may be set.  A **parenting course** must be completed prior to entry of the final judgment.  You should contact the office of your local clerk of court, family law intake staff, or the judicial assistant about requirements for parenting courses or mediation where you live.

**Parenting Plan and Time-Sharing.**   If the parties are unable to agree on parenting arrangements and a time-sharing schedule, a judge will decide as part of establishing a Parenting Plan. The judge will decide the parenting arrangements and time-sharing schedule based on the child(ren)'s best interests. Regardless of whether there is an agreement between the parties, the court reserves jurisdiction to modify issues relating to minor child(ren).

The judge may request a **parenting plan recommendation** or appoint a **guardian ad litem** in your case. This means that a neutral person will review your situation and report to the judge concerning parenting issues.  The purpose of such intervention is to be sure that the best interests of the child(ren) is being served.  For more information, you may consult section 61.401 and 61.405, Florida Statutes.

Listed below are some terms with which you should become familiar before completing your answer and counterpetition.  **If you do not fully understand any of the terms below or their implications, you should speak with an attorney before going any further.**

**Shared Parental Responsibility**
**Sole Parental Responsibility**
**Supervised Time-Sharing**
**No contact**
**Parenting Plan**

Instructions for Florida Supreme Court Approved Family Law Form 12.983(c), Answer to Petition and Counterpetition to Determine Paternity and for Related Relief (03/15)

- 762 -

**Parenting Plan Recommendations**
**Time-Sharing Schedule**

**Child Support.** The court may order one parent to pay child support to assist the other parent in meeting the child(ren)'s material needs. **Both parents are required to provide financial support**, but one parent may be ordered to pay a portion of his or her support for the child(ren) to the other parent.

Florida has adopted guidelines for determining the amount of child support to be paid. These guidelines are based on the combined income of **both** parents and take into account the financial contributions of both parents. You should file a **financial affidavit**, and the other parent will be required to do the same. From your financial affidavits, you should be able to calculate the amount of child support that should be paid. Because the child support guidelines take several factors into consideration, change over time, and vary from state to state, your child support obligation may be more or less than that of other people in seemingly similar situations.

**Parenting Plan.** In all cases involving minor or dependent child(ren), a Parenting Plan shall be approved or established by the court. If the parties have reached an agreement, you should file a **Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(a), 12.995(b), or 12.995(c) which addresses the time-sharing schedule for the child(ren). If you have not reached an agreement, a proposed Parenting Plan **may** be filed. **A Parenting Plan will be established by the court.**

**Final Judgments.** These family law forms contain a **Final Judgment of Paternity,** Florida Supreme Court Approved Family Law Form 12.983(g), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing. If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.983(c), Answer to Petition and Counterpetition to Determine Paternity and for Related Relief (03/15)

- 763 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
                    Petitioner,
And

_____,
                    Respondent.

# ANSWER TO PETITION AND COUNTERPETITION
# TO DETERMINE PATERNITY AND FOR RELATED RELIEF

I, {full legal name} _____, Respondent,
being sworn, certify that the following information is true:

**ANSWER TO PETITION**

1. I **agree** with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, **admit** those allegations: {indicate section and paragraph number}
   _____
   _____.

2. I **disagree** with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, **deny** those issues: {indicate section and paragraph number}
   _____
   _____.

3. I currently am unable to admit or deny the following paragraphs due to lack of information: {indicate section and paragraph number} _____
   _____.

**COUNTERPETITION TO DETERMINE PATERNITY
AND FOR RELATED RELIEF**

**SECTION I.  PATERNITY**

1. Respondent is the _____ mother _____ father of the following minor child(ren):
   **Name**                                                    **Birth Date**
   (1).  _____

Florida Supreme Court Approved Family Law Form 12.983(c), Answer to Petition and Counterpetition to Determine Paternity and for Related Relief (03/15)

(2). _____

(3). _____

(4). _____

(5). _____

(6). _____

2. Petitioner's current address is: *{street address, city, state}*

_____

_____.

3. Respondent's current address is: *{street address, city, state}*

_____

_____.

4. Both parties are over the age of 18.

5. Petitioner *{Choose only one}* _____ is _____ is not a member of the military service.

   Respondent *{Choose only one}* _____ is _____ is not a member of the military service.

6. Neither Petitioner nor Respondent is mentally incapacitated.

7. A completed Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, Florida Supreme Court Approved Family Law Form 12.902(d), is filed with this counterpetition.

8. A completed Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902(j), is filed with this counterpetition.

9. A completed Family Law Financial Affidavit, Florida Family Law Rules of Procedure Form 12.902(b) or (c), _____ is, or _____ will be, filed.

10. **Paternity Facts.**
    *{Choose only **one**}*
    a. _____ Paternity has previously been established as a matter of law.

    b. _____ The parties engaged in sexual intercourse with each other in the month(s) of *{list month(s) and year(s)}* _____, in: *{city and state}* _____. As a result of the sexual intercourse, _____ Petitioner _____ Respondent conceived and gave birth to the minor child(ren) named in paragraph 1. _____ Petitioner _____ Respondent is the natural father of the minor child(ren). The mother _____ was _____ was not married at the time of the conception and/or birth of the minor child(ren) named in paragraph l. If the mother was married, the name and address of her husband at the time of conception and/or birth is: _____

Florida Supreme Court Approved Family Law Form 12.983(c), Answer to Petition and Counterpetition to Determine Paternity and for Related Relief (03/15)

- 765 -

_____ .

**SECTION II.  PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING**

1.  The minor child(ren) currently reside(s) with _____Mother _____ Father _____ Other: *{explain}_*
    _____ .

2.  **Parental Responsibility.**  It is in the child(ren)'s best interests that parental responsibility be:
    *{Choose only **one**}*
    a.  _____ shared by both Father and Mother.

    b.  _____ awarded solely to _____ Father _____ Mother.  Shared parental responsibility would be detrimental to the child(ren) because:
    _____
    _____
    _____
    _____ .

3.  **Parenting Plan and Time-Sharing.**  It is in the best interests of the child(ren) that the family be ordered to comply with a Parenting Plan that _____ includes _____ does not include parental time-sharing with the child(ren).  The Respondent  states that it is in the best interests of the child(ren) that:
    *{Choose only **one**}*
    a.  _____The attached proposed Parenting Plan should be adopted by the court.
        The parties (    ) have (    ) have **not** agreed to the Parenting Plan.

    b.  _____The court should establish a Parenting Plan with the following provisions:
        1._____ **No** time-sharing for the             _____ Father _____ Mother.
        2._____ Limited time-sharing with the     _____ Father _____ Mother.
        3._____ Supervised time-sharing for the _____ Father  _____ Mother
        4._____ Supervised or third-party exchange for the child(ren).
        5._____ Time-sharing schedule as follows:
    _____
    _____
    _____ .

4.  **Explain why this request is in the best interest of the child(ren)**:_____
    _____
    _____
    _____
    _____
    _____
    _____ .

5. The minor child(ren) should:

*[Choose only **one**]*

a. \_\_\_\_\_ retain his/her (their) present name(s).

b. \_\_\_\_\_ receive a change of name as follows:

| present name(s) | be changed to: |
|---|---|
| 1._____ | 1._____ |
| 2._____ | 2._____ |
| 3._____ | 3._____ |
| 4._____ | 4._____ |
| 5._____ | 5._____ |
| 6._____ | 6._____ |

**SECTION III.  CHILD SUPPORT**

*[Indicate **all** that apply]*

1. Respondent requests that the court award child support as determined by Florida's child support guidelines, section 61.30, Florida Statutes. A completed **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), is, or will be, filed.  Such support should be ordered retroactive to:

*[Choose only **one**]*

a. \_\_\_\_\_the date when the parents did not reside together in the same household with the child, not to exceed a period of 24 months before the date of filing of this counterpetition.

b. \_\_\_\_\_the date of the filing of this petition.

c. \_\_\_\_\_other: *{date}* _____*{Explain}* _____

_____.

2. _____Respondent requests that the Court award a child support amount that is more than or less than Florida's child support guidelines.  Respondent understands that a **Motion to Deviate from Child Support Guidelines**, Florida Supreme Court Approved Family Law Form 12.943, **must** be completed before the Court will consider this request.

3. _____Respondent requests that medical/dental insurance coverage for the minor child(ren) be provided by:

*[Choose only **one**]*

a. \_\_\_\_\_Father.

Florida Supreme Court Approved Family Law Form 12.983(c), Answer to Petition and Counterpetition to Determine Paternity and for Related Relief (03/15)

- 767 -

b. _____Mother.

    4. _____Respondent requests that uninsured medical/dental expenses for the child(ren) be paid by: *[Choose only **one**]*

a. _____Father.

b. _____Mother.

c. _____Father and Mother each pay one-half.

d. _____Father and Mother each pay according to the percentages in the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e).

e. _____Other *{explain}*: _____
_____
_____

    5. _____Respondent requests that life insurance to secure child support be provided by: *[Choose only **one**]*

a. _____Father.

b. _____Mother.

c. _____Both.

    6. _____ Petitioner _____ Respondent _____ Both has (have) incurred medical expenses in the amount of $_____ on behalf of the minor child(ren), including hospital and other expenses incidental to the birth of the minor child(ren). There should be an appropriate allocation or apportionment of these expenses.

    7. _____ Petitioner _____ Respondent _____ Both has (have) received past public assistance for this (these) minor child(ren).

**RESPONDENT'S REQUEST**

    1. Respondent requests a hearing on this petition and understands that he or she must attend the hearing.

    2. Respondent requests that the Court enter an order that: *[Choose **all** that apply]*

a. _____establishes paternity of the minor child(ren), ordering proper scientific testing, if necessary;

b. _____establishes a Parenting Plan containing provisions for parental responsibility and time-sharing for the minor or dependent child(ren);

c. _____awards child support, including medical/dental insurance coverage, for the minor child(ren);

d. _____determines the appropriate allocation or apportionment of all expenses incidental to the birth of the child(ren), including hospital and medical expenses;

Florida Supreme Court Approved Family Law Form 12.983(c), Answer to Petition and Counterpetition to Determine Paternity and for Related Relief (03/15)

- 768 -

e. \_\_\_\_\_determines the appropriate allocation or apportionment of all other past, present, and future medical and dental expenses incurred or to be incurred on behalf of the minor child(ren);

f. \_\_\_\_\_changes the child(ren)'s name(s); and

g. \_\_\_\_\_other relief as follows:_____

_____ ;

and grants such other relief as may be appropriate and in the best interests of the minor child(ren).

I certify that a copy of this document was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand-delivered to the person(s) listed below on *{date}*_____.

**Petitioner or his/her attorney:**

Name:_____

Address:_____

City, State, Zip:_____

Fax Number:_____

Designated E-mail Address(es):_____

_____

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and counterpetition and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated:_____        _____

Signature of Respondent/Counterpetitioner

Printed Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

Designated E-mail Address(es):_____

_____

STATE OF FLORIDA

COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____

NOTARY PUBLIC or DEPUTY CLERK

Florida Supreme Court Approved Family Law Form 12.983(c), Answer to Petition and Counterpetition to Determine Paternity and for Related Relief (03/15)

- 769 -

_____
*{Print, type, or stamp commissioned name of notary or clerk.}*


\_\_\_\_\_ Personally known
\_\_\_\_\_ Produced identification
         Type of identification produced_____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**

[fill in **all** blanks]This form was prepared for the Respondent/Counterpetitioner.

This form was completed with the assistance of:

*{name of individual}* _____,

*{name of business}* _____,

*{address}* _____,

*{city}* _____,*{state}* \_\_\_\_\_, *{zip code}*_____, *{telephone number}* _____.

Florida Supreme Court Approved Family Law Form 12.983(c), Answer to Petition and Counterpetition to Determine Paternity and for Related Relief (03/15)

- 770 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.983(d), ANSWER TO COUNTERPETITION (03/15)

## When should this form be used?

This form may be used by a **petitioner** to respond to the **respondent's counterpetition** in a **paternity** case. You may use this form to admit or deny the allegations contained in the respondent's counterpetition.

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should then **file** the original with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme

Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## What should I do next?

A copy of this form must be mailed, e-mailed, **or** hand-delivered to the other party in your case.

If the respondent has denied that the person named in the petition is the father of the child(ren) and requested a **scientific paternity test**, you must now wait until the test is complete. You should then proceed according to the instructions in **Petition to Determine Paternity and for Related Relief**, Florida Supreme Court Approved Family Law Form 12.983(a).

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.** The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 742, Florida Statutes.

## Special notes...

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____ ,
Petitioner/Counterrespondent,

and

_____ ,
Respondent/Counterpetitioner.

# ANSWER TO COUNTERPETITION

I, *{full legal name}* _____ ,
Petitioner/Counterrespondent, being sworn, certify that the following information is true:

l.  I **agree** with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, **admit** those allegations: *{indicate section and paragraph number}* _____ .

2.  I **disagree** with Petitioner as to the allegations raised in the following numbered paragraphs in the Petition and, therefore, **deny** those issues: *{indicate section and paragraph number}* _____ .

3.  I currently am unable to admit or deny the following paragraphs due to lack of information: *{indicate section and paragraph number}* _____ .

I certify that a copy of this document was (    ) mailed (    ) faxed and mailed (    ) e-mailed (   ) hand delivered to the person(s) listed below on *{date}* _____ .

**Respondent or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____
Designated E-mail Address(es);_____
_____

Florida Supreme Court Approved Family Law Form 12.983(d), Answer to Counterpetition (03/15)

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this answer and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: _____

_____
Signature of Petitioner/Counterrespondent
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

STATE OF FLORIDA
COUNTY OF

Sworn to or affirmed and signed before me on _____ by _____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or clerk.]*

_____ Personally known
_____ Produced identification
Type of identification produced

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only one}* (    ) Petitioner (    ) Respondent.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____, *{zip code}* _____, *{telephone number}* _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.983(e), MOTION FOR SCIENTIFIC PATERNITY TESTING (03/15)

## When should this form be used?

This form should be used when the mother or alleged father wants the court to order a **scientific paternity test** to determine the **paternity** of a minor child(ren).

This form should be typed or printed in black ink. After completing this form, you should sign the form before a **notary public** or **deputy clerk**. You should **file** the original with the **clerk of the circuit court** in the county where the petition was filed and keep a copy for your records.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida

Instructions for Florida Supreme Court Approved Family Law Form 12.983(e), Motion for Scientific Paternity Testing (03/15)

- 775 -

Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## What should I do next?

When you have filed this motion, you are ready to set a **hearing** on this motion.  You should check with the clerk, **family law intake staff**, or **judicial assistant** for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should file a **Notice of Hearing (General)**,  Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form.

 A copy of this motion and the Notice of Hearing must be mailed, e-mailed **or** hand-delivered to the other party in your case.

## Where can I look for more information?

**Before proceeding, you should read General Information for Self-Represented Litigants found at the beginning of these forms.**  The words that are in **bold underline** in these instructions are defined there. For further information, see chapter 742, Florida Statutes.

## Special notes...

These family law forms contain an **Order on Motion for Scientific Paternity Testing**, Florida Supreme Court Approved Family Law Form 12.983(f), which the judge may use. You should check with the clerk, family law intake staff, or judicial assistant to see if you need to bring it with you to the hearing.  If so, you should type or print the heading, including the circuit, county, case number, division, and the parties' names, and leave the rest blank for the judge to complete at your hearing or trial.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.983(e), Motion for Scientific Paternity Testing (03/15)

- 776 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# MOTION FOR SCIENTIFIC PATERNITY TESTING

I, *{choose only one}* _____ Petitioner _____ Respondent certifies that the following information is true:

1. At this time, other than testimony, very little or no substantial proof of paternity or nonpaternity is available in this action.

2. I request, under section 742.12, Florida Statutes, that the Court enter an order for appropriate scientific testing of the biological samples of Petitioner and Respondent and the minor child(ren) listed below, so that a determination of paternity of the minor child(ren) can be made to a reasonable degree of medical certainty:

| **Name** | **Birth Date** |
|---|---|
| (1) | |
| (2) | |
| (3) | |
| (4) | |
| (5) | |
| (6) | |

3. I request that the costs of the scientific testing initially be borne by (   ) Petitioner (   ) Respondent (   ) both Petitioner and Respondent.

I certify that a copy of this document was (   ) mailed (   ) faxed and mailed (   ) e-mailed (   ) hand delivered to the person(s) listed below on *{date}* _____.

_____ **Petitioner or his/her attorney:**
_____ **Respondent or his/her attorney:**
Name: _____
Address: _____
City, State, Zip: _____
Fax Number: _____

Florida Supreme Court Approved Family Law Form 12.983(e), Motion for Scientific Paternity Testing (03/15)

Designated E-mail Address(es):_____

_____

|  |  |
|--|--|
|  | _____ |
|  | Signature of Party |
|  | Printed Name: _____ |
|  | Address: _____ |
|  | City, State, Zip: _____ |
|  | Telephone Number: _____ |
|  | Fax Number: _____ |
|  | Designated E-mail Address(es):_____ |
|  | _____ |

STATE OF FLORIDA
COUNTY OF

Sworn to or affirmed and signed before me on _____ by _____.

_____

NOTARY PUBLIC or DEPUTY CLERK

_____

*[Print, type, or stamp commissioned name of notary or clerk.]*

_____ Personally known
_____ Produced identification
          Type of identification produced

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: *{choose only **one**}* (    ) Petitioner (    ) Respondent.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____,*{zip code}*_____, *{telephone number}* _____.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# ORDER ON MOTION FOR SCIENTIFIC PATERNITY TESTING

This cause having come to be heard on *{date}* _____, upon a motion/stipulation for scientific paternity testing, and the Court having been fully advised in the premises, it is therefore FOUND:

1. That the Court has jurisdiction over the parties and subject matter of this action.

2. *{choose **one** only}*
   a._____That the natural mother of the dependent child(ren) at issue was not married to any individual at the time of conception or birth of the child(ren).
   b. _____ That the natural mother of the dependent child(ren) at issue was married to an individual other than the alleged father at the time of conception or birth of said child(ren); however, a court order has determined that said individual is not the child(ren)'s father.

It is therefore ORDERED:

3. The above motion is GRANTED.

4. Petitioner, Respondent, and the minor child(ren) shall appear for the purpose of appropriate scientific paternity testing:
   *{choose **one** only}*
   a. _____immediately.
   b. _____at _____ a.m./p.m. on *{date}* _____ at *{location}* _____
   _____.
   c. _____ at a time and place to be specified by the Florida Department of Revenue. Appropriate scientific paternity testing on Petitioner, Respondent, and the minor child(ren) shall be in *{city}* _____
   _____, Florida, with at least 30 days advance written notice. If the Florida Department of Revenue fails to notify the party(ies), the party(ies) shall contact the Florida Department of Revenue for further instructions.

Florida Supreme Court Approved Family Law Form 12.983(f), Order on Motion for Scientific Paternity Testing (03/15)

- 779 -

5. The costs of the scientific paternity testing shall be assessed (   ) at a later date (   ) against Petitioner (   ) against Respondent (   ) Other *{explain}* _____.

6. The test results, together with the opinions and conclusions of the test laboratory, shall be filed with the Court. Any objection to the test results must be made in writing and must be filed with the Court at least 10 days before the hearing. If no objection is filed, the test results shall be admitted into evidence with no further predicate. Nothing in this paragraph prohibits a party from calling an outside expert witness to refute or support the testing procedure or results or the mathematical theory on which they are based.

7. Test results are admissible in evidence and should be weighed along with other evidence of the paternity of the alleged father unless the statistical probability of paternity equals or exceeds 95 percent. A statistical probability of 95 percent or more creates a rebuttable presumption that the alleged father is the biological father of the child(ren). If the party fails to rebut the presumption of paternity, the Court may enter a summary judgment of paternity. If the test results show the alleged father cannot be the biological father, the case shall be dismissed with prejudice.

8. The Court reserves jurisdiction over the parties and the subject matter of this action to enforce the terms and provisions of this and all previous orders as well as to enter such other orders as may be just.

DONE AND ORDERED on _____, in_____, Florida.

_____
CIRCUIT JUDGE

I CERTIFY that a copy of *{name of document(s)}*_____ was (   ) mailed (   ) faxed and mailed (   ) e-mailed (   ) hand-delivered to the parties and any other person(s) or entities listed below on *{date}* _____.

CLERK OF THE CIRCUIT COURT

(SEAL)

By: _____
      Deputy Clerk or Judicial Assistant

Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Other: _____

Florida Supreme Court Approved Family Law Form 12.983(f), Order on Motion for Scientific Paternity Testing (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
　　　　　　　　　　Petitioner,
　　and

_____,
　　　　　　　　　　Respondent.

# FINAL JUDGMENT OF PATERNITY

This cause came before the Court upon a Petition to Determine Paternity and for Related Relief, under chapter 742, Florida Statutes. The Court having reviewed the file and having heard the testimony, makes these findings of fact and reaches these conclusions of law:

1. The Court has jurisdiction of the subject matter and the parties.

2. **Paternity.** *{Choose only one}* _____ By operation of law, _____ The Court finds that *{full legal name}* _____, is the natural and biological father of the minor child(ren), listed below:

   **The parties' dependent or minor child(ren) is (are):**

   | Name | Birth date |
   |------|-----------|
   |      |           |
   |      |           |
   |      |           |
   |      |           |
   |      |           |

**SECTION I. PARENTAL RESPONSIBILITY AND PARENTING PLAN ESTABLISHING TIME-SHARING WITH DEPENDENT OR MINOR CHILD(REN)**

1. **Jurisdiction.** The Court has jurisdiction to determine parental responsibility and to adopt or establish a Parenting Plan with time-sharing with regard to the child(ren) listed in paragraph 2 above.

2. **Parental Responsibility and Parenting Plan for the Minor Child(ren).**
   *{Choose only one}*
   a. _____**Not adjudicated.** Since no request for relief was made in this action, parental

responsibility of and time-sharing with the minor child(ren) is governed by sections 742.031 and 744.301, Florida Statutes.

b. _____**Parenting Plan**. The parties shall comply with the Parenting Plan which is attached hereto and incorporated herein as Exhibit _____.

## SECTION II.   CHILD SUPPORT

1. The Court finds that there is a need for child support and that the _____ Mother _____ Father (hereinafter Obligor) has the present ability to pay child support. The amounts in the **Child Support Guidelines Worksheet**, Florida Family Law Rules of Procedure Form 12.902(e), filed by the _____ Mother _____ Father are correct **OR** the Court makes the following findings:

   The Mother's net monthly income is $_____, (Child Support Guidelines _____%).
   The Father's net monthly income is $_____, (Child Support Guidelines ____%).
   Monthly child care costs are $_____.
   Monthly health/dental insurance costs are $_____.

2. **Amount.**
   Child support established at the rate of $_____per month for the _____children *{total number of parties' minor or dependent children}* shall be paid commencing _____ *{month, day, year}* and terminating _____ *{month, day, year}.* Child support shall be paid in the amount of $_____per _____ *{week, month, other}* which is consistent with the Obligor's current payroll cycle.

   Upon the termination of the obligation of child support for one of the parties' oldest children, child support in the amount of $_____for the remaining _____children *{total number of remaining children}* shall be paid commencing _____ *{month, day, year}* and terminating_____*{month, day, year}.* This child support shall be paid in the amount of $_____ per _____ *{week, month, other}* consistent with Obligor's current payroll cycle.

   ***{Insert schedule for the child support obligation, including the amount, and commencement and termination dates, for the remaining minor or dependent children, which shall be payable as the obligation for each child ceases. Please indicate whether the schedule ____appears below or ____ is attached as part of this form.}***

   _____
   _____
   _____
   _____
   _____
   _____

   The Obligor shall pay child support until all of the minor or dependent children: reach the age of 18; become emancipated, marry, join the armed services, die, or become self-supporting; or until further order of the court or agreement of the parties.  The child support obligation shall continue beyond the age of 18 and until high school graduation for any child who is dependent in fact, between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.
   If the child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are: _____
   _____

3. **Arrearage/Retroactive Child Support.**

   a. _____There is no retroactive child support or arrearage at the time of this Final Judgment.

   b. _____ The _____ Mother _____ Father _____ both has (have) incurred medical expenses in the amount of $ _____ on behalf of the minor child(ren), including hospital and other expenses incidental to the birth of the minor child(ren).  Petitioner shall pay _____%, Respondent shall pay _____%, which shall be paid as follows: _____ added to arrearage in paragraph c below _____ other *{explain}* _____ _____

   c. _____The _____Mother _____ Father shall pay to the other party the child support arrearage of:
      $_____ for retroactive child support, as of *{date}*_____.
      $_____ for previously ordered unpaid child support, as of *{date}* _____.
      $_____ for previously incurred medical expenses.
      The total of $_____ in child support arrearage shall be repaid at the rate of $_____ per month, payable (   ) in accordance with Obligor's employer's payroll cycle, and in any event at least once a month  (   ) other *{explain}* _____ _____, beginning *{date}* _____, until paid in full including statutory interest.

4. **Insurance.**
   *{Indicate **all** that apply}*
   a. _____ **Health/Dental Insurance.** _____ Mother _____ Father shall be required to maintain: _____ health and/or _____ dental insurance for the parties' minor child(ren), so long as it is reasonable  in cost and accessible to the child(ren).  The party providing insurance shall be required to convey insurance cards demonstrating said coverage to the other party;
      **OR**
      _____ health _____ dental insurance is not reasonable in cost or accessible to the child(ren) at this time.

   b. _____ Reasonable and necessary **uninsured medical/dental/prescription drug costs** for the minor child(ren) shall be assessed as follows:
      _____ Shared equally by both parents.
      _____ Prorated according to the child support guideline percentages.
      _____ Other *{explain}*: _____
      _____
      As to these uninsured medical/dental/prescription drug expenses, the party who incurs the expense shall submit request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.

5. **_____Life Insurance (to secure payment of support).**  To secure the child support obligations in

this judgment, _____ Mother _____ Father _____ each party shall maintain life insurance coverage, in an amount of at least $_____, on _____ his life _____ her life _____ his/her life naming the _____ minor child(ren) as the beneficiary(ies) OR naming the _____ Mother _____Father _____other *{name}* _____ as Trustee for the minor child(ren), so long as reasonably available.  The obligation to maintain the life insurance coverage shall continue until the youngest child turns 18, becomes emancipated, marries, joins the armed services, dies, or otherwise becomes self-supporting.

6. **_____IRS Income Tax Exemption(s).**  The assignment of any tax exemption(s) for the child(ren) shall be as follows: _____
_____.
Further, each party shall execute any and all IRS forms necessary to effectuate the provisions of this paragraph.

7. **Other provisions relating to child support:** _____
_____
_____

## SECTION III.  METHOD OF PAYMENT

Obligor shall pay court-ordered child support/alimony and arrears, if any, as follows:

1. **Place of Payment**

    **a.** ____Obligor shall pay court-ordered support directly to either the State Disbursement Unit, or the central depository, as required by statute, along with any fee required by statute.
     **OR**
    b. ____Both parties have requested and the court finds that it is in the best interests of the child(ren) that support payments need not be directed through either the State Disbursement Unit or the central depository at this time; however, either party may subsequently apply, pursuant to section 61.13(1)(d)3, Florida Statutes, to require payments through either the State Disbursement Unit or the central depository.

2. **Income Deduction.**

    a. ____**Immediate.**  Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually responsible for paying this support obligation until all of said support is deducted from Obligor's income.  Until support payments are deducted from Obligor's paycheck, Obligor is responsible for making timely payments directly to the State Disbursement Unit or the Obligee, as previously set forth in this order.

    b. ____**Deferred.**  Income deduction is ordered this day, but it shall not be effective until a delinquency of $_____, or, if not specified, an amount equal to one month's obligation occurs.  Income deduction is not being implemented immediately based on the following findings: Income deduction is **not** in the best interests of the child(ren) because: *{explain}*
    _____
    _____,

**AND**

there is proof of timely payment of a previously ordered obligation without an income deduction order in cases of modification,

**AND**

_____ there is an agreement by the Obligor to advise the Title IV-D agency, the clerk of court, and the Obligee of any change in Payor and/or health insurance

**OR**

_____ there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee and, at the option of the IV-D agency, by the IV-D agency in IV-D cases in which there is an assignment of support rights to the state, reviewed and entered in the record by the court.

3. **Bonus/one-time payments.** _____ All _____% _____ No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment method prescribed above.

4. **Other provisions relating to method of payment.** _____

_____

_____ .

**SECTION IV.  CHILD(REN)'S NAME(S)**

a. _____There shall be **no change** to the child(ren)'s name(s).

b. _____It is in the child(ren)'s best interests that
the child(ren)'s present name(s):                    shall be changed to the following:

(1) _____            (1) _____
(2) _____            (2) _____
(3) _____            (3) _____
(4) _____            (4) _____
(5) _____            (5) _____
(6) _____            (6) _____
by which they shall hereafter be known

c. The name change is in the best interest(s) of the child(ren) because:_____

_____

_____ .

**SECTION V.  ATTORNEY'S FEES, COSTS, AND SUIT MONEY**

1. _____ Petitioner's _____ Respondent's request(s) for attorney's fees, costs, and suit money is (are) denied because _____

_____ .

2. _____The Court finds there is a need for and an ability to pay attorney's fees, costs, and suit money. _____ Petitioner _____ Respondent is hereby ordered to pay to the other party $_____ in attorney's fees, and $_____ in costs.  The Court further finds that the attorney's fees awarded are based on the reasonable rate of $_____ per hour and

_____ reasonable hours.  Other provisions relating to attorney's fees, costs, and suit money are as follows:_____
_____
_____.

    3.  The costs of the scientific paternity testing shall be assessed:
          _____ against Petitioner
          _____ against Respondent
          _____ Other *{explain}* _____.

**SECTION VI.  OTHER PROVISIONS**

    1.  **Other Provisions.** _____
_____
_____
_____
_____
_____
_____

The Court reserves jurisdiction to modify and enforce this Final Judgment.

DONE AND ORDERED at _____, Florida, on _____.


_____
CIRCUIT JUDGE


I CERTIFY that a copy of this *{name of document}*_____ was
(     ) mailed (     ) faxed and mailed (     ) e-mailed (     ) hand-delivered to the parties or entities listed
below on *{date}* _____.


(SEAL)

          By: _____
                *{Clerk of court or designee}*

Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Central depository
State Disbursement Unit
_____ Other: _____

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Husband,

and

_____,
Wife.

# FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE WITH MINOR CHILD(REN) (UNCONTESTED)

This cause came before this Court for a hearing on a Petition for Dissolution of Marriage. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:

1. The Court has jurisdiction over the subject matter and the parties.

2. At least one party has been a resident of the State of Florida for more than 6 months immediately before filing the Petition for Dissolution of Marriage.

3. The marriage between the parties is irretrievably broken. Therefore, the marriage between the parties is dissolved, and the parties are restored to the status of being single.

4. Marital Settlement Agreement. The parties have voluntarily entered into a Marital Settlement Agreement and Parenting Plan, and each party has filed the required Family Law Financial Affidavit. Therefore, the Marital Settlement Agreement and Parenting Plan is filed as Exhibit A in this case and is ratified and made a part of this final judgment. The parties are ordered to obey all of the provisions.

5. The Court finds that the parties have the present ability to pay support as agreed to in the marital settlement agreement as ratified and made part of this final judgment.

6. *{If applicable}* The wife's former name of *{full legal name}* _____ _____is restored.

7. The Court reserves jurisdiction to modify and enforce this final judgment.

Florida Supreme Court Approved Family Law Form 12.990(b)(1), Final Judgment of Dissolution of Marriage with Minor Child(ren) (Uncontested) (03/15)

Florida Supreme Court Approved Family Law Form 12.990(b)(1), Final Judgment of Dissolution of Marriage with Minor Child(ren) (Uncontested) (03/15)

- 790 -

DONE AND ORDERED at _____, Florida, on _____.


_____
CIRCUIT JUDGE


I certify that a copy of the *{name of document(s)}* _____
was (    ) mailed (    ) faxed and mailed (      ) e-mailed (      ) hand-delivered to the parties and any
entities listed below on *{date}*_____.


by_____
*{Clerk of court or designee}*


Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Other: _____

Florida Supreme Court Approved Family Law Form 12.990(b)(1), Final Judgment of Dissolution of Marriage with Minor Child(ren) (Uncontested) (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Husband,

and

_____,
Wife.

# FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN) (UNCONTESTED)

This cause came before this Court for a hearing on a Petition for Dissolution of Marriage. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:

1.  The Court has jurisdiction over the subject matter and the parties.

2.  At least one party has been a resident of the State of Florida for more than 6 months immediately before filing the Petition for Dissolution of Marriage.

3.  The parties have no minor or dependent children in common, and the wife is not pregnant.

4.  The marriage between the parties is irretrievably broken. Therefore, the marriage between the parties is dissolved, and the parties are restored to the status of being single.

5.  Marital Settlement Agreement. The parties have voluntarily entered into a Marital Settlement Agreement, and each has filed the required Family Law Financial Affidavit. Therefore, the Marital Settlement Agreement is filed as Exhibit _____ in this case and is ratified and made a part of this final judgment. The parties are ordered to obey all of its provisions.

6.  The Court finds that the parties have the present ability to pay support as agreed to in the marital settlement agreement as ratified and made part of this final judgment.

7.  *{If applicable}* The wife's former name of *{full legal name}* _____
    _____ is restored.

8.  The Court reserves jurisdiction to enforce this final judgment.

Florida Supreme Court Approved Family Law Form 12.990(b)(2), Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (Uncontested) (03/15)

DONE AND ORDERED in _____, Florida. on _____.


_____
CIRCUIT JUDGE


I certify that a copy of *{name of document(s)}* _____
was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand-delivered to the parties listed below on
*{date}*_____.


by_____
*{Clerk of court or designee}*


Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Other: _____

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____ ,
Husband,

and

_____ ,
Wife.

# FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE WITH
# NO PROPERTY OR DEPENDENT OR MINOR CHILD(REN) (UNCONTESTED)

This cause came before this Court for a hearing on a Petition for Dissolution of Marriage. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:

1.      The Court has jurisdiction over the subject matter and the parties.

2.      At least one party has been a resident of the State of Florida for more than 6 months immediately before filing the Petition for Dissolution of Marriage.

3.      The parties have no minor or dependent children in common, and the wife is not pregnant.

4.      The marriage between the parties is irretrievably broken. Therefore, the marriage between the parties is dissolved, and the parties are restored to the status of being single.

5.      There is no marital property or marital debts to divide, as the parties have previously divided all of their personal property.  Therefore, each is awarded the personal property he or she presently has in his or her possession.  Each party shall be responsible for any debts in his or her own name.

6.      *{If applicable}* The wife's former name of *{full legal name}* _____
is restored.

7.      The Court reserves jurisdiction to enforce this judgment.

DONE AND ORDERED in_____, Florida, on _____ .

_____

Florida Supreme Court Approved Family Law Form 12.990(b)(3), Final Judgment of Dissolution of Marriage with No Property or Minor Child(ren) (Uncontested) (03/15)

CIRCUIT JUDGE

I certify that a copy of *{name of document(s)}* _____
was (    ) mailed (    ) faxed and mailed (     ) e-mailed (     ) hand-delivered to the parties listed below on
*{date}*_____.

by_____
*{Clerk of court or designee}*

Petitioner (or his or her attorney)
Respondent (or his or her attorney)
Other: _____

Florida Supreme Court Approved Family Law Form 12.990(b)(3), Final Judgment of Dissolution of Marriage with No Property or Minor Child(ren) (Uncontested) (03/15)
- 795 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.:_____
Division: _____

In re the Marriage of:

_____,
Husband,

and

_____,
Wife.


# FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE
# WITH DEPENDENT OR MINOR CHILD(REN)

This cause came before this Court for a trial on a Petition for Dissolution of Marriage. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:

1. The Court has jurisdiction over the subject matter and the parties.
2. At least one party has been a resident of the State of Florida for more than 6 months immediately before filing the Petition for Dissolution of Marriage.
3. The marriage between the parties is irretrievably broken. Therefore, the marriage between the parties is dissolved, and the parties are restored to the status of being single.

**SECTION I. MARITAL ASSETS AND LIABILITIES**

A. **Date of Valuation of Property.** The assets and liabilities listed below are divided as indicated. The date of valuation of these assets and liabilities is, unless otherwise indicated:
   a. _____ date of filing petition for dissolution of marriage.
   b. _____ date of separation.
   c. _____ date of final hearing.
   d. _____ other: *{specify date}*_____

B. **Division of Assets.**
   1. **The assets listed below are nonmarital assets.** Each party shall keep, as his or her own, the

Florida Supreme Court Approved Family Law Form 12.990(c)(1), Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

assets found to be nonmarital, and the other party shall have no further rights or responsibilities regarding these assets.

| ASSETS: DESCRIPTION OF ITEM(S) Please describe each item as clearly as possible. You do not need to list account numbers. | Current Fair Market Value | Wife's Non-marital Property | Husband's Non-Marital Property |
|---|---|---|---|
| | $ | $ | $ |
| | | | |
| | | | |
| | | | |
| | | | |
| **Total Nonmarital Assets** | $ | $ | $ |

2. **The assets listed below are marital assets.** Each party shall keep, as his or her own, the assets awarded in this section, and the other party shall have no further rights or responsibilities regarding these assets. **Any personal item(s) not listed below are awarded to the party currently in possession or control of the item(s).**

| ASSETS: DESCRIPTION OF ITEM(S) Please describe each item as clearly as possible. You do not need to list account numbers. | Current Fair Market Value | Wife Shall Receive | Husband Shall Receive |
|---|---|---|---|
| Cash (on hand or in banks/credit unions) | $ | $ | $ |
| | | | |
| | | | |
| Stocks/bonds | | | |
| | | | |
| Notes | | | |
| Business interests | | | |
| | | | |
| Real estate: (Home) | | | |
| | | | |
| Automobiles | | | |
| | | | |
| | | | |

Florida Supreme Court Approved Family Law Form 12.990(c)(1), Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

| ASSETS: DESCRIPTION OF ITEM(S) Please describe each item as clearly as possible. You do not need to list account numbers. | Current Fair Market Value | Wife Shall Receive | Husband Shall Receive |
|---|---|---|---|
| Boats | | | |
| Furniture & furnishings | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| Jewelry | | | |
| | | | |
| Life Insurance (cash surrender value) | | | |
| Retirement Plans (Profit sharing, Pension, IRA, 401(k)(s), etc.) | | | |
| | | | |
| Other assets | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **Total Marital Assets** | $ | $ | $ |

C. **Division of Liabilities/Debts.**
1. **The liabilities listed below are nonmarital liabilities** and, therefore, are owed as indicated. Each party shall owe, as his or her own, the liabilities found to be nonmarital, and the other party shall have no responsibilities regarding these debts.

| LIABILITIES: DESCRIPTION OF DEBTS Please describe each item as clearly as possible. You do not need to list account numbers. | Current Amount Owed | Wife's Non-Marital Liability | Husband's Non-Marital Liability |
|---|---|---|---|

Florida Supreme Court Approved Family Law Form 12.990(c)(1), Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

| LIABILITIES: DESCRIPTION OF DEBTS<br>**Please describe each item as clearly as possible.**<br>**You do not need to list account numbers.** | Current Amount Owed | Wife's Non-Marital Liability | Husband's Non-Marital Liability |
|---|---|---|---|
| | $ | $ | $ |
| | | | |
| | | | |
| | | | |
| | | | |
| **Total Nonmarital Liabilities** | $ | $ | $ |

2. **The liabilities listed below are marital liabilities** and are divided as indicated. Each party shall hold the other party harmless and pay, as his or her own, the marital liabilities awarded below.

| LIABILITIES: DESCRIPTION OF DEBTS<br>**Please describe each item as clearly as possible.**<br>**You do not need to list account numbers.** | Current Amount Owed | Wife Shall Pay | Husband Shall Pay |
|---|---|---|---|
| Mortgages on real estate: (Home) | $ | $ | $ |
| (Other) | | | |
| Charge/Credit card accounts | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| Auto loan | | | |
| Auto loan | | | |
| Bank. Credit Union loans | | | |
| | | | |
| | | | |
| Other | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Florida Supreme Court Approved Family Law Form 12.990(c)(1), Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

| LIABILITIES: DESCRIPTION OF DEBTS<br>**Please describe each item as clearly as possible.**<br>**You do not need to list account numbers.** | Current Amount Owed | Wife Shall Pay | Husband Shall Pay |
|---|---|---|---|
| | | | |
| | | | |
| **Total Marital Liabilities** | | | |
| | $ | $ | $ |

D.  Contingent assets and liabilities will be divided as follows: _____
_____
_____.

E.  The distribution of assets and liabilities in this final judgment is equitable; if each party does not receive approximately one-half, the distribution is based on the following facts and reasoning:

_____
_____
_____
_____

**F.  Beneficiary Designation (By completing this section, the beneficiary designations continue after entry of Final Judgment of Dissolution of Marriage.)**

The designation providing for the payment or transfer at death of an interest in the assets described below to or for the benefit of the deceased party's former spouse is **NOT VOID** as of the date of entry of the Final Judgment of Dissolution of Marriage.

The Final Judgment of Dissolution of Marriage shall provide that the designations set forth below remain in full force and effect:

_____1. The _____Husband _____Wife shall acquire or maintain the following assets for the benefit of the other spouse or child(ren), to be paid upon his/her death outright or in trust.  This provision only applies if other assets fulfilling such requirement for the benefit of the other spouse or child(ren) do not exist upon his/her death and unless precluded by statute. *{Describe the assets with specificity}:*_____

_____
_____
_____.

_____2. The _____Husband _____Wife shall not unilaterally terminate or modify the ownership of the following assets, or their disposition upon his/her death. *{Describe the assets with specificity}:*_____

Florida Supreme Court Approved Family Law Form 12.990(c)(1), Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

- 800 -

_____
_____
_____.

**SECTION II.  EXCLUSIVE USE AND POSSESSION OF HOME**

*{Indicate **all** that apply}*

1.  The_____ Husband _____ Wife, as a condition of support, shall have exclusive use and possession of the dwelling located at the following address:_____

    _____

    until: *{date or event}* _____

    _____

    _____

    _____.

2.  The_____ Husband _____ Wife may make visits to the premises described in the paragraph above for the purpose of obtaining any items awarded in this Final Judgment. These visits shall occur after notice to the person granted exclusive use and possession of the dwelling and at the earliest convenience of both parties or as ordered in paragraph 4 below.

3.  _____Upon the termination of the right of exclusive use and possession, the dwelling shall be sold and the net proceeds divided _____% to Husband and _____% to Wife, with the following credits and/or setoffs being allowed: _____

    _____

    _____

    _____

4.  _____Other: _____

    _____

    _____

**SECTION III.  PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING WITH DEPENDENT OR MINOR CHILD(REN)**

1.  **Jurisdiction.** The Court has jurisdiction to determine parental responsibility, to establish or adopt a Parenting Plan, and a time-sharing schedule with regard to the minor child(ren) listed in paragraph 2 below.

2.  **The parties' dependent or minor child(ren) is (are):**
    **Name**                                                            **Birth date**

    _____

    _____

    _____

    _____

Florida Supreme Court Approved Family Law Form 12.990(c)(1), Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

- 801 -

_____

_____

3. **Parenting Plan.** The parties shall comply with the Parenting Plan which is attached and incorporated herein as Exhibit _____.

## SECTION IV.  ALIMONY

1. _____ The Court denies the request(s) for alimony;

       **OR**

2. _____  The Court finds that _____ Husband  _____ Wife, (hereinafter Obligee), has an actual need for, and that _____ Husband _____ Wife (hereinafter Obligor) has the present ability to pay, alimony as follows: *{Indicate all that apply}*

    a. **Permanent Periodic.**

      1. The Court finds that no other form of alimony is fair and reasonable under the circumstances of the parties.

      2. As a marriage of: *{Choose only one}*

       **_____ Long Duration** (17 years or greater) alimony is appropriate upon consideration of all relevant factors;

       **_____Moderate Duration** (greater than 7 years but less than 17) alimony is appropriate based upon clear and convincing evidence after consideration of all relevant factors; or

       **_____Short Duration** (less than 7 years) alimony is appropriate based upon the following exceptional circumstances:_____
_____
_____
_____.

      3. Obligor shall pay permanent periodic alimony to Obligee in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month _____ other *{explain}*

      _____

      _____
beginning *{date}* _____.  This alimony shall continue until modified by

Florida Supreme Court Approved Family Law Form 12.990(c)(1), Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

- 802 -

court order, the death of either party, or remarriage of Obligee, whichever occurs first. The alimony may be modified or terminated based upon either a substantial change in circumstances, or the existence of a supportive relationship in accordance with section 61.14, Florida Statutes.

b.\_\_\_\_\_ **Bridge-the-Gap.** Obligor shall pay bridge-the-gap alimony to Obligee in the amount of $_____per month, payable \_\_\_\_\_ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month or \_\_\_\_\_ other *{explain}*_____ beginning *{date}*_____and continuing until: *{date}*_____ *{a period not to exceed two (2) years}*; death of either party; or remarriage of the Obligee, whichever occurs first.

c._____**Rehabilitative.** Obligor shall pay rehabilitative alimony to Obligee in the amount of $_____ per month, payable \_\_\_\_\_ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month or \_\_\_\_\_ other *{explain}*_____ beginning *{date}*_____. This rehabilitative alimony shall continue until: modified by court order; the death of either party; or until *{date/event}* _____ _____, whichever occurs first. The rehabilitative plan presented demonstrated the following: _____ _____ _____ _____.

d.\_\_\_\_\_**Durational.** Obligor shall pay durational alimony to Obligee in the amount of $_____ per month payable \_\_\_\_\_ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month \_\_\_\_\_ other *{explain}*_____ beginning *{date}*_____and terminating on *{date}*_____, the death of either party, remarriage of the Obligee, or until modified by court order in accordance with section 61.08(7), Florida Statutes, whichever occurs first.

e.\_\_\_\_\_**Lump Sum.** Obligor shall pay lump sum alimony to Obligee in the amount of $_____, which shall be paid as follows:_____ _____.

f. \_\_\_\_\_**Retroactive.** Obligor shall pay retroactive alimony in the amount of $_____ for the period of *{date}*_____,through *{date}* _____, which shall be paid pursuant to paragraph 4 below.

3. **Reasons for \_\_\_\_\_ Awarding \_\_\_\_\_ Denying Alimony.** The Court has considered all of the following in awarding/denying alimony:
   a. The standard of living established during the marriage;
   b. The duration of the marriage;
   c. The age and the physical and emotional condition of each party;

Florida Supreme Court Approved Family Law Form 12.990(c)(1), Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

- 803 -

d. The financial resources of each party, including the nonmarital and marital assets and liabilities distributed to each;

e. The earning capacities, educational levels, vocational skills, and employability of the parties and, when applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment;

f. The contribution of each party to the marriage, including, but not limited to, services rendered homemaking, child care, education, and career building of the other party;

g. The responsibilities each party will have with regard to any minor or dependent children they have in common;

h. The tax treatment and consequences to both parties of any alimony award, including the designation of all or a portion of the payment as a nontaxable, nondeductible payment;

i. All sources of income available to either party, including income available to either party through investments of any asset held by that party and

j. Any other factor necessary to do equity and justice between the parties: *{explain}*

_____
_____
_____
_____
_____.
_____ Please indicate here if additional pages are attached.


4. **Arrearage/Retroactive Alimony.**

a._____There is no alimony arrearage at the time of this Final Judgment.

      **OR**

b. _____The _____ Husband _____ Wife shall pay to the other spouse the alimony arrearage of:

$_____ for retroactive alimony, as of *{date}*_____;

$_____ for previously ordered unpaid alimony, as of *{date}* _____.

The total of $ _____ in alimony arrearage shall be repaid in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event at least once a month or _____ other *{explain}* _____

_____
_____

beginning *{date}*_____, until paid in full including statutory interest.


5. **____ Life Insurance (to secure payment of support).** To secure the alimony obligations set forth in this judgment, Obligor shall maintain life insurance on his/her life naming Obligee as the sole irrevocable beneficiary, so long as reasonably available. This insurance shall be in the amount of at least $_____ and shall remain in effect until the obligation for alimony terminates.


6. ____**Other provisions relating to alimony, including any tax treatment and consequences:**

a. The award of alimony _____ does not _____ does leave the Obligor with significantly

Florida Supreme Court Approved Family Law Form 12.990(c)(1), Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

less net income than the net income of the recipient/Obligee.  If the award **does** leave the Obligor with significantly less net income than that of the Obligee, the Court finds the following exceptional circumstances:

_____
_____
_____.

b. Other_____
_____
_____.

## SECTION V.  CHILD SUPPORT

1.  _____The Court finds that there is a need for child support and that the _____ Wife _____ Husband (hereinafter Obligor) has the present ability to pay child support. The amounts in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), filed by the _____ Wife _____ Husband are correct;

**OR**

_____The Court makes the following findings:
The Wife's net monthly income is $_____, (Child Support Guidelines ____%).
The Husband's net monthly income is $_____, (Child Support Guidelines ____%).
Monthly child care costs are $_____.
Monthly health/dental insurance costs are $_____.

2.  **Amount.**
Child support established at the rate of $_____per month for the _____children *{total number of parties' minor or dependent children}* shall be paid commencing _____ *{month, day, year}* and terminating _____ *{month, day, year}*. Child support shall be paid in the amount of $_____ per _____ *{week, month, other}* consistent with the Obligor's current payroll cycle.

Upon the termination of the obligation of child support for one of the parties' children, child support in the amount of $_____for the remaining _____children *{total number of remaining children}* shall be paid commencing _____ *{month, day, year}* and terminating_____ *{month, day, year}*. This child support shall be paid in the amount of $_____per _____ *{week, month, other}* consistent with the Obligor's current payroll cycle.

***{Insert schedule for the child support obligation, including the amount, and commencement and termination dates, for the remaining minor or dependent children, which shall be payable as the obligation for each child ceases. Please indicate whether the schedule _____appears below or _____ is attached as part of this form.}***

Florida Supreme Court Approved Family Law Form 12.990(c)(1), Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

_____
_____
_____
_____
_____
_____

The Obligor shall pay child support until all of the minor or dependent children: reach the age of 18; become emancipated, marry, join the armed services, die, or become self-supporting; or until further order of the court or agreement of the parties.  The child support obligation shall continue beyond the age of 18 and until high school graduation for any child who is dependent in fact, between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.

If the child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are: _____
_____
_____

3. **Arrearage/Retroactive Child Support.**
   a. _____There is no child support arrearage at the time of this Final Judgment.

      **OR**

   b. _____The _____ Wife _____ Husband shall pay to the other spouse  the child support arrearage of:
      $_____ for retroactive child support, as of *{date}* _____;
      $_____ for previously ordered unpaid child support, as of *{date}* _____.
      The total of $_____ in child support arrearage shall be repaid in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event at least a month _____ other *{explain}* _____
      _____
      beginning *{date}*_____, until paid in full including statutory interest.

4. **Insurance.**

   a. _____**Health/Dental Insurance.** _____ Wife _____ Husband shall be required to maintain _____health and/or _____ dental insurance for the parties' minor child(ren), so long as reasonable in cost and accessible to the child(ren). The party providing insurance shall be required to convey insurance cards demonstrating said coverage to the other party;
         **OR**
      _____ health and/or _____ dental insurance is not reasonable in cost or accessible to the child(ren) at this time.

b. \_\_\_\_\_Reasonable and necessary **uninsured medical/dental/prescription drug costs** for the minor child(ren) shall be assessed as follows:

\_\_\_\_\_ Shared equally by husband and wife.

\_\_\_\_\_ Prorated according to the child support guideline percentages.

\_\_\_\_\_ Other *{explain}*:

_____

_____

As to these uninsured medical/dental/prescription drug expenses, the party who incurs the expense shall submit request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.

5. _____**Life Insurance (to secure payment of support).** To secure the child support obligations in this judgment, \_\_\_\_\_ Husband \_\_\_\_\_Wife \_\_\_\_\_ Each party shall maintain life insurance, in an amount of at least $_____, on \_\_\_\_\_ his life \_\_\_\_\_ her life \_\_\_\_\_ naming minor child(ren) as the beneficiary(ies) **OR** naming the \_\_\_\_\_ Wife \_\_\_\_\_Husband \_\_\_\_\_other *{name}*_____as Trustee for the minor child(ren), so long as reasonably available. The obligation to maintain the life insurance shall continue until the youngest child turns 18, becomes emancipated, marries, joins the armed services, dies, or becomes self-supporting.

6. **IRS Income Tax Exemption(s).** The assignment of any tax exemption(s) for the child(ren) shall be as follows: _____

_____

_____.

Each party shall execute any and all IRS forms necessary to effectuate the provisions of this paragraph.

7. **Other provisions relating to child support:** _____

_____

_____.

## SECTION VI. METHOD OF PAYMENT

Obligor shall pay court-ordered child support/alimony and arrears, if any, as follows:

3. **Place of Payment.**

c. \_\_\_\_\_Obligor shall pay court-ordered support directly to either the State Disbursement Unit or the central depository, as required by statute, along with any fee required by statute.

d. \_\_\_\_\_Both parties have requested and the court finds that it is in the best interests of

Florida Supreme Court Approved Family Law Form 12.990(c)(1), Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

- 807 -

the child(ren) that support payments need not be directed through either the State Disbursement Unit or the central depository at this time; however, either party may subsequently apply, pursuant to section 61.13(1)(d)3, Florida Statutes, to require payment through either the State Disbursement Unit or the central depository.

4. **Income Deduction.**

   c. **_____Immediate.** Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually responsible for paying this support obligation until all of said support is deducted from Obligor's income. Until support payments are deducted from Obligor's paycheck, Obligor is responsible for making timely payments directly to the State Disbursement Unit or the Obligee, as previously set forth in this order.

   d. **_____Deferred.** Income deduction is ordered this day, but it shall not be effective until a delinquency of $_____, or, if not specified, an amount equal to one month's obligation occurs. Income deduction is not being implemented immediately based on the following findings: Income deduction is **not** in the best interests of the child(ren) because: *{explain}*
   _____
   _____
   _____,
   **AND**
   There is proof of timely payment of a previously ordered obligation without an Income Deduction Order in cases of modification,
   **AND**
   _____There is an agreement by the Obligor to advise the Title IV-D agency, the clerk of court, and the Obligee of any change in Payor and/or health insurance **OR**
   _____there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee and, at the option of the IV-D agency, by the IV-D agency in IV-D cases in which there is an assignment of support rights to the state, reviewed and entered in the record by the court.

5. **Bonus/one-time payments.** _____ All _____% _____ No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment method prescribed above.

6. **Other provisions relating to method of payment.** _____
   _____
   _____.

**SECTION VII.  ATTORNEY'S FEES, COSTS, AND SUIT MONEY**

1. _____ Husband's _____Wife's request(s) for attorney's fees, costs, and suit money is (are) denied

Florida Supreme Court Approved Family Law Form 12.990(c)(1), Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

- 808 -

because: _____
_____.

**OR**

2. _____The Court finds there is a need for and an ability to pay attorney's fees, costs, and suit money. _____ Husband _____ Wife is hereby ordered to pay to the other spouse $_____ in attorney's fees, and $ _____ in costs. The Court further finds that the attorney's fees awarded are based on the reasonable rate of $ _____ per hour and _____ reasonable hours. Other provisions relating to attorney's fees, costs, and suit money are as follows: _____
_____.

**SECTION VIII.  OTHER PROVISIONS**

1. **Former Name.** The wife's former name of *{full name}* _____ is restored.

2. **Other Provisions.**
   _____
   _____
   _____.

3. The Court reserves jurisdiction to modify and enforce this Final Judgment.

DONE AND ORDERED at _____, Florida, on _____.


_____
CIRCUIT JUDGE


Florida Supreme Court Approved Family Law Form 12.990(c)(1), Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

I certify that a copy of this **Final Judgment of Dissolution** was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand delivered to the parties listed below on {*date*} _____.


_____
By {*clerk of court or designee*}

____Husband (or his attorney)
____Wife Respondent (or her attorney)
____Central Depository
____State Disbursement Unit
____Other _____

Florida Supreme Court Approved Family Law Form 12.990(c)(1), Final Judgment of Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

In re the Marriage of:

_____
Husband,

and

_____,
Wife.

# FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE WITH PROPERTY BUT NO DEPENDENT OR MINOR CHILD(REN)

This cause came before this Court for a trial on a Petition for Dissolution of Marriage. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:

1. The Court has jurisdiction over the subject matter and the parties.
2. At least one party has been a resident of the State of Florida for more than 6 months immediately before filing the Petition for Dissolution of Marriage.
3. The parties have no minor children in common, and the wife is not pregnant.
4. The marriage between the parties is irretrievably broken. Therefore, the marriage between the parties is dissolved and the parties are restored to the status of being single.

**SECTION I.  MARITAL ASSETS AND LIABILITIES**

**A.** **Date of Valuation of Property.** The assets and liabilities listed below are divided as indicated.  The date of valuation of these assets and liabilities is, unless otherwise indicated:
1._____ date of filing petition for dissolution of marriage _____.
2._____ date of separation _____.
3. _____ date of final hearing _____.
4. _____ other: *{specify date}*_____.

**B.  Division of Assets.**
1. **The assets listed below are nonmarital assets.** Each party shall keep, as his or her own, the assets found to be nonmarital, and the other party shall have no further rights or responsibilities regarding these assets.

Florida Supreme Court Approved Family Law Form 12.990(c)(2), Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

| ASSETS: DESCRIPTION OF ITEM(S)<br>**Please describe each item as clearly as possible.**<br>**You do not need to list account numbers.** | Current Fair Market Value | Wife's Non marital Property | Husband's Non marital Property |
|---|---|---|---|
| | $ | $ | $ |
| | | | |
| | | | |
| | | | |
| | | | |
| **Total Nonmarital Assets** | $ | $ | $ |

2. **The assets listed below are marital assets.** Each party shall keep, as his or her own, the assets awarded in this section, and the other party shall have no further rights or responsibilities regarding these assets. **Any personal item(s) not listed below are awarded to the party currently in possession or control of the item(s).**

| ASSETS: DESCRIPTION OF ITEM(S)<br>**Please describe each item as clearly as possible.**<br>**You do not need to list account numbers.** | Current Fair Market Value | Wife Shall Receive | Husband Shall Receive |
|---|---|---|---|
| Cash (on hand or in banks/credit unions) | $ | $ | $ |
| | | | |
| | | | |
| Stocks/bonds | | | |
| | | | |
| Notes | | | |
| Business interests | | | |
| | | | |
| Real estate: (Home) | | | |
| | | | |
| Automobiles | | | |
| | | | |
| | | | |

Florida Supreme Court Approved Family Law Form 12.990(c)(2), Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

| | | | |
|---|---|---|---|
| Boats | | | |
| Furniture & furnishings | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| Jewelry | | | |
| | | | |
| Life insurance (cash surrender value) | | | |
| Retirement Plans (Profit sharing, Pension, IRA, 401(k)s, etc.) | | | |
| | | | |
| Other assets | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **Total Marital Assets** | $ | $ | $ |

C. **Division of Liabilities/Debts.**
1. **The liabilities listed below are nonmarital liabilities** and, therefore, are owed as indicated. Each party shall owe, as his or her own, the liabilities found to be nonmarital, and the other party shall have no responsibilities regarding these debts.

Florida Supreme Court Approved Family Law Form 12.990(c)(2), Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

| LIABILITIES: DESCRIPTION OF DEBT(S) Please describe each item as clearly as possible. You do not need to list account numbers) | Current Amount Owed | Wife's Non-marital Liability | Husband's Non-marital Liability |
|---|---|---|---|
|  | $ | $ | $ |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| **Total Nonmarital Liabilities** | $ | $ | $ |

2. **The liabilities listed below are marital liabilities** and are divided as indicated. Each party shall hold the other party harmless and pay, as his or her own, the marital liabilities awarded below.

| LIABILITIES: DESCRIPTION OF DEBT(S) Please describe each item as clearly as possible. You do not need to list account numbers. | Current Amount Owed | Wife Shall Pay | Husband Shall Pay |
|---|---|---|---|
| Mortgages on real estate: (Home) | $ | $ | $ |
| (Other) |  |  |  |
|  |  |  |  |
| Charge/credit card accounts |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
| Auto loan |  |  |  |
| Auto loan |  |  |  |
| Bank/Credit Union loans |  |  |  |
|  |  |  |  |
|  |  |  |  |
| Other |  |  |  |
|  |  |  |  |

Florida Supreme Court Approved Family Law Form 12.990(c)(2), Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **Total Marital Liabilities** | $ | $ | $ |

**D.** Contingent assets and liabilities will be divided as follows:_____
_____
_____
_____

**E.** The distribution of assets and liabilities in this final judgment is equitable; if each party does not receive approximately one-half, the distribution is based on the following facts and reasoning:
_____
_____
_____
_____
_____

**F. Beneficiary Designation (By completing this section, the beneficiary designations continue after Entry of Final Judgment of Dissolution of Marriage.)**

The designation providing for the payment or transfer at death of an interest in the assets described below to or for the benefit of the deceased party's former spouse is **NOT VOID** as of the date of entry of the Final Judgment of Dissolution of Marriage.

The Final Judgment of Dissolution of Marriage shall provide that the designations set forth below remain in full force and effect.

_____ 1. The _____ Husband _____Wife shall acquire or maintain the following assets for the benefit of the other spouse or child(ren) to be paid upon his/her death outright or in trust. This provision only applies if other assets fulfilling such requirement for the benefit of the other spouse or child(ren) do not exist upon his/her death and unless precluded by statute. {*Describe the assets with specificity}*

_____
_____
_____.

_____2. The _____ Husband _____ Wife shall not unilaterally terminate or modify the ownership of

Florida Supreme Court Approved Family Law Form 12.990(c)(2), Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

- 815 -

the following assets, or their disposition upon his/her death. *{Describe the assets with specificity}*

_____

_____

_____

_____.

## SECTION II.  EXCLUSIVE USE AND POSSESSION OF HOME

*{Indicate **all** that apply}*

1. _____ The _____ Husband _____ Wife, as a condition of support, shall have exclusive use and possession of the dwelling located at the following address:

    _____

    until *{date or event}*_____

    _____.

2. _____The_____ Husband _____Wife may make visits to the premises described in the paragraph above for the purpose of obtaining any items awarded in this Final Judgment. These visits shall occur after notice to the person granted exclusive use and possession of the dwelling and at the earliest convenience of both parties or as ordered in paragraph 4 below.

3. _____Upon the termination of the right of exclusive use and possession, the dwelling shall be sold and the net proceeds divided _____% to Husband and _____% to Wife, with the following credits and/or setoffs being allowed:_____

    _____

    _____

    _____.

4. _____Other: _____

    _____

    _____.

## SECTION III.  ALIMONY

1. _____ The Court denies the request(s) for alimony

    **OR**

**2.** _____ The Court finds that there is an actual need for, and that _____ Husband _____ Wife (hereinafter Obligor) has/had the present ability to pay, alimony as follows:

    *{Indicate **all** that apply}*

    a. **_____ Permanent Periodic.**

    1. The Court finds that no other form of alimony is fair and reasonable under the

Florida Supreme Court Approved Family Law Form 12.990(c)(2), Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

circumstances of the parties.

2. As a marriage of: *{Choose only one}*

_____**Long Duration** (17 years or greater) alimony is appropriate upon consideration of all relevant factors;

_____**Moderate Duration** (greater than 7 years but less than 17) alimony is appropriate based upon clear and convincing evidence after consideration of all relevant factors; or

_____**Short Duration** (less than 7 years) alimony is appropriate based upon the following exceptional circumstances:_____
_____
_____.

3. Obligor shall pay permanent periodic alimony to Obligee in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month or _____ other *{explain}*:_____
_____
beginning *{date}* _____. This alimony shall continue until modified by court order, the death of either party, or remarriage of Obligee, whichever occurs first. The alimony may be modified or terminated based upon either a substantial change in circumstances or the existence of a supportive relationship in accordance with section 61.14, Florida Statutes.

b._____**Bridge-the-Gap.** Obligor shall pay bridge-the-gap alimony to Obligee in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month or _____ other *{explain}* _____ beginning *{date}*_____and continuing until *{date}*_____ *{a period not to exceed two years}*, the death of either party, or remarriage of the Obligee, whichever occurs first.

c._____**Rehabilitative.** Obligor shall pay rehabilitative alimony to Obligee in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month or _____other *{explain}*_____ beginning *{date}* _____. This rehabilitative alimony shall continue until modified by court order, the death of either party or until *{date/event}* _____, whichever occurs first. The rehabilitative plan presented demonstrated the following:
_____
_____.

d._____**Durational.** Obligor shall pay durational alimony to Obligee in the amount of $_____ per month _____ payable in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month or _____ *{explain}*_____ beginning *{date}*_____ and terminating on *{date}*_____, the death of either party, remarriage of Obligee, or until modified by court order in accordance with section 61.08(7), Florida Statutes, whichever occurs first.

e._____ **Lump Sum.** Obligor shall pay lump sum alimony to Obligee in the amount of $_____, which shall be paid as follows:_____ _____.

f._____**Retroactive.** Obligor shall pay retroactive alimony in the amount of $_____ for the period of *{date}*_____, through *{date}* _____, which shall be paid pursuant to paragraph 4 below.

3. **Reasons for _____ Awarding _____ Denying Alimony.** The Court has considered all of the following in awarding/denying alimony:
   a. The standard of living established during the marriage;
   b. The duration of the marriage;
   c. The age and the physical and emotional condition of each party;
   d. The financial resources of each party, including, the nonmarital and the marital assets and liabilities distributed to each;
   e. The earning capacities, educational levels, vocational skills, and employability of the parties and, when applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment;
   f. The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party;
   g. The tax treatment and consequences to both parties of any alimony award, including the designation of all or a portion of the payment as a nontaxable, nondeductible payment;
   h. All sources of income available to either party, including income available to either party through investments of any asset held by the party; and
   i. Any other factor necessary to do equity and justice between the parties: *{explain}*_____

   _____
   _____
   _____
   _____
   _____

   _____ Please indicate here if additional pages are attached.

4. **Arrearage/Retroactive Alimony.**

   a. _____ There is no alimony arrearage at the time of this Final Judgment.
   **OR**

Florida Supreme Court Approved Family Law Form 12.990(c)(2), Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

b.\_\_\_\_ The \_\_\_\_ Husband \_\_\_\_ Wife shall pay to the other party the alimony arrearage of:

$_____ for retroactive alimony, as of *{date}* _____;

$_____ for previously ordered unpaid alimony, as of *{date}* _____.

The total of $_____ in alimony arrearage shall be repaid in the amount of $_____ per month, payable ( ) in accordance with Obligor's employer's payroll cycle, and in any event at least once a month ( ) other *{explain}*_____

_____

beginning *{date}* _____, until paid in full including statutory interest.

5. \_\_\_\_\_**Life Insurance (to secure payment of support).** To secure the alimony obligations set forth in this judgment, Obligor shall maintain life insurance coverage on his/her life naming Obligee as the sole irrevocable beneficiary, so long as reasonably available. This insurance shall be in the amount of at least $_____ and shall remain in effect until the obligation for alimony terminates.

6. **\_\_\_\_\_Other provisions relating to alimony, including any tax treatment and consequences:**

   a. The award of alimony \_\_\_\_\_does not \_\_\_\_\_does leave the Obligor with significantly less net income than the net income of the recipient/Obligee. If yes, the court finds the following exceptional circumstances:_____

   _____

   _____.

   b. Other:_____

   _____.

**SECTION IV. METHOD OF PAYMENT**

Obligor shall pay court-ordered alimony and arrears, if any, as follows:

1. **Place of Payment.**

   a. \_\_\_\_\_ Obligor shall pay court-ordered support directly to either the State Disbursement Unit or the central depository, as required by statute, along with any fee required by statute.

   b. \_\_\_\_\_ Both parties have requested and the court finds that support payments need not be directed through either the State Disbursement Unit or the central depository at this time at this time; however, either party may subsequently apply, pursuant to section 61.13(1)(d)3, Florida Statutes, to require payments through either the State Disbursement Unit or the central depository.

2. **Income Deduction.**

   a. \_\_\_\_\_ **Immediate.** Obligor shall pay through income deduction, pursuant to a separate

Florida Supreme Court Approved Family Law Form 12.990(c)(2), Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

- 819 -

Income Deduction Order which shall be effective immediately. Obligor is individually responsible for paying this support obligation until all of said support is deducted from Obligor's income. Until support payments are deducted from Obligor's paycheck, Obligor is responsible for making timely payments directly to the State Disbursement Unit or the Obligee, as previously set forth in this order.

b. _____ **Deferred.** Income Deduction is ordered this day, but it shall not be effective until a delinquency of $_____, or, if not specified, an amount equal to one month's obligation occurs. Income deduction is not being implemented immediately based on the following findings:
There are no minor or dependent child(ren) common to the parties,

**AND**

There is proof of timely payment of a previously ordered obligation without an Income Deduction Order in cases of modification,

**AND**

_____ There is an agreement by the Obligor to advise the Title IV-D agency, the clerk of court, and the Obligee of any change in Payor and/or health insurance **OR** _____ there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee and, at the option of the IV-D agency, by the IV-D agency in IV-D cases in which there is an assignment of support rights to the state, reviewed and entered in the record by the court.

3. **Bonus/one-time payments.** _____ All _____% _____ No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to Obligee pursuant to the payment method prescribed above.

4. **Other provisions relating to method of payment.** _____
_____
_____


**SECTION V.  ATTORNEY'S FEES, COSTS, AND SUIT MONEY**

1. ____ Husband's ____ Wife's request(s) for attorney's fees, costs, and suit money is (are) denied because
_____
_____.

**OR**

2. _____ The Court finds there is a need for and an ability to pay attorney's fees, costs, and suit money. _____ Husband _____ Wife is hereby ordered to pay to the other spouse $_____in attorney's fees, and $_____ in costs. The Court further finds that

Florida Supreme Court Approved Family Law Form 12.990(c)(2), Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

the attorney's fees awarded are based on the reasonable rate of $_____ per hour and _____ reasonable hours. Other provisions relating to attorney's fees, costs, and suit money are as follows:

_____

_____ .

**SECTION VI.  OTHER PROVISIONS**

1. **Former Name.** The wife's former name of *{full name}* _____is restored.

2. **Other Provisions.**

_____

_____

_____ .

3. The Court reserves jurisdiction to modify and enforce this Final Judgment.

DONE AND ORDERED on _____ in _____, Florida.

_____

CIRCUIT JUDGE

I certify that a copy of this **Final Judgment of Dissolution** was (    ) mailed (    ) faxed and mailed (    ) e-mailed (    ) hand-delivered to the parties or entities listed below on *{date}* _____.

_____

By: *{Clerk of court or designee}*

_____Husband (or his attorney)
_____Wife (or her attorney)
_____Central depository
_____State Disbursement Unit
_____Other: _____

Florida Supreme Court Approved Family Law Form 12.990(c)(2), Final Judgment of Dissolution of Marriage with Property but No Dependent or Minor Child(ren) (03/15)

- 821 -

IN THE CIRCUIT COURT OF THE _____JUDICIAL CIRCUIT,
IN AND FOR COUNTY, _____FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# SUPPLEMENTAL FINAL JUDGMENT MODIFYING PARENTAL RESPONSIBILITY, VISITATION, OR PARENTING PLAN/TIME-SHARING SCHEDULE AND OTHER RELIEF

This cause came before this Court on a Supplemental Petition to Modify Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief. The Court, having reviewed the file, having heard the testimony, and being otherwise fully advised, makes these findings of fact and reaches these conclusions of law:

**SECTION I.  FINDINGS**

1.  The Court has jurisdiction over the subject matter and the parties.

2.  The last order establishing or modifying parental responsibility, visitation, a Parenting Plan, or time-sharing was entered on *{date}* _____.

3.  There has been a substantial change in circumstances of the parties since the entry of the last order, specifically: _____
_____
_____
_____
_____
_____
_____.

4.  It is in the best interests of the minor child(ren) that the current parental responsibility, visitation, time-sharing schedule or Parenting Plan be changed because:_____
_____

Florida Supreme Court Approved Family Law Form 12.993(a), Supplemental Final Judgment Modifying Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief (03/15)

_____
_____
_____.

**SECTION II.  PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING WITH DEPENDENT OR MINOR CHILD(REN)**

1. **Jurisdiction.** The Court has jurisdiction to determine parental responsibility, to establish or approve a Parenting Plan, and time-sharing with regard to the parties' minor child(ren) listed in paragraph 2 below.

2. **The parties' dependent or minor child(ren) is (are):**
   **Name**                                                    **Birth date**

   _____
   _____
   _____
   _____
   _____
   _____

3. **Parenting Plan.**  The parties shall comply with the Parenting Plan which is attached and incorporated herein as Exhibit _____.

**SECTION III.  CHILD SUPPORT**

1. **Modification of Child Support.**
   *{Choose **one** only}*
   a. _____The modification of parental responsibility or time-sharing entered above does not necessitate a modification of child support. The previous order or final judgment establishing or modifying child support shall remain in effect.

   b. **_____**The Court finds that there is a need for modification of child support and that the _____ Mother _____ Father (hereinafter Obligor) has the present ability to pay child support. The amounts in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), filed by the _____ Mother _____ Father are correct **OR** the Court makes the following findings:

   The Mother's net monthly income is $_____, (Child Support Guidelines _____%).
   The Father's net monthly income is $_____, (Child Support Guidelines _____%).
    Monthly child care costs are $_____.
   Monthly health/dental insurance costs are $_____.

2. **Amount.**

Florida Supreme Court Approved Family Law Form 12.993(a), Supplemental Final Judgment Modifying Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief (03/15)

- 823 -

Child support established at the rate of $_____ per month for the _____children *{total number of parties' minor or dependent children}* shall be paid commencing _____ *{month, day, year}* and terminating _____ *{month, day, year}*. Child support shall be paid in the amount of $_____per _____ *{week, month, other}* which is consistent with the Obligor's current payroll cycle.

Upon the termination of the obligation of child support for one of the parties' children, child support in the amount of $_____for the remaining _____ children *{total number of remaining children}* shall be paid commencing_____ *{month, day, year}* and terminating_____ *{month, day, year}*. This child support shall be paid in the amount of $_____ per _____ *{week, month, other}* consistent with the Obligor's current payroll cycle.

***{Insert schedule for the child support obligation, including the amount, and commencement and termination dates, for the remaining minor or dependent children, which shall be payable as the obligation for each child ceases. Please indicate whether the schedule _____appears below or _____ is attached as part of this form.}***
_____
_____
_____
_____
_____
_____.

The Obligor shall pay child support until all of the minor or dependent child(ren): reach the age of 18; become emancipated, marry, join the armed services, die, or become self-supporting; or until further order of the court or agreement of the parties. The child support obligation shall continue beyond the age of 18 and until high school graduation for any child who is dependent in fact, between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.

If the child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are: _____
_____
_____

3. **Arrearage/Retroactive Child Support.**
   *{Choose **one** only}*

   a. _____There is no child support arrearage at the time of this Supplemental Final Judgment.
   
                   **OR**
   b. _____The _____ Mother _____ Father shall pay to the other party the child support arrearage of:

$_____ for retroactive child support, as of *{date}*_____.

$_____ for previously ordered unpaid child support, as of *{date}*_____.

The total of $_____ in child support arrearage shall be repaid in the amount of $_____, per month payable _____ in accordance with Obligor's employer's payroll cycle, and in any event at least once a month _____ other *{explain}* _____beginning *{date}* _____ until paid in full including statutory interest.

4. **Insurance.**
   *[Indicate all that apply]*

   a. _____**Health/Dental Insurance.** _____ Mother _____ Father shall be required to maintain _____health and/or _____ dental insurance for the parties' minor child(ren), so long as reasonable in cost and accessible to the child(ren) . The party providing insurance shall be required to convey insurance cards demonstrating said coverage to the other party;

   **OR**

   _____ health and/or _____ dental insurance is not reasonable in cost or accessible to the child(ren) at this time.

   b. _____Reasonable and necessary **uninsured medical/dental/prescription drug costs** for the minor child(ren) shall be assessed as follows:

   _____ Shared equally by both parents.

   _____ Prorated according to the child support guideline percentages.

   _____ Other *{explain}*: _____

   _____

   As to these uninsured medical/dental/prescription drug expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.

5. _____**Life Insurance (to secure payment of support).** To secure the child support obligations in this judgment, _____ Mother _____ Father _____Each parent shall maintain life insurance, in an amount of at least $_____, on _____ his life _____ her life _____ his/her life naming the _____ minor child(ren) as the beneficiary(ies) **OR** naming the _____ Mother _____ Father _____ other *{name}*_____as Trustee for the minor child(ren), so long as reasonably available. The obligation to maintain the life insurance shall continue until the youngest child turns 18, becomes emancipated, marries, joins the armed services, dies, or becomes self-supporting.

6. _____**IRS Income Tax Exemption(s).** The assignment of any tax exemption(s) for the child(ren) shall be as follows: _____

   _____.

Florida Supreme Court Approved Family Law Form 12.993(a), Supplemental Final Judgment Modifying Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief (03/15)

- 825 -

Further, each party shall execute any and all IRS forms necessary to effectuate the provisions of this paragraph.

7. **Other provisions relating to child support**: _____

_____

_____.

**SECTION IV.  METHOD OF PAYMENT**

Obligor shall pay court-ordered child support and arrears, if any, as follows:

1. **Place of Payment.**

    a. _____Obligor shall pay court-ordered support directly to either the State Disbursement Unit or the central depository, as required by statute, along with any fee required by statute.

    b. _____Both parties have requested and the court finds that it is in the best interests of the child(ren) that support payments need not be directed through either the State Disbursement Unit or the central depository at this time; however, either party may subsequently apply, pursuant to section 61.13(1)(d)3, Florida Statutes, to require payments through either the State Disbursement Unit or the central depository.

2. **Income Deduction.**

    a. _____**Immediate.** Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually responsible for paying this support obligation until all of said support is deducted from Obligor᾿s income. Until support payments are deducted from Obligor᾿s paycheck, Obligor is responsible for making timely payments directly to the State Disbursement Unit or the Obligee, as previously set forth in this order.

    b. _____**Deferred.** Income deduction is ordered this day, but it shall not be effective until a delinquency of $_____, or, if not specified, an amount equal to one month's obligation occurs.  Income deduction is not being implemented immediately based on the following findings: Income deduction is **not** in the best interests of the child(ren) because: *{explain}*

    _____

    _____,

    **AND**

    There is proof of timely payment of a previously ordered obligation without an income

Florida Supreme Court Approved Family Law Form 12.993(a), Supplemental Final Judgment Modifying Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief (03/15)

- 826 -

deduction order,

<strong>AND</strong>

_____ There is an agreement by the Obligor to advise the Title IV-D agency, the clerk of court, and the Obligee of any change in Payor and/or health insurance **OR**

_____ there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee and, at the option of the IV-D agency, by the IV-D agency in IV-D cases in which there is an assignment of support rights to the state, reviewed and entered in the record by the court.

3.  **Bonus/one-time payments.** _____All _____% _____No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to the Obligee pursuant to the payment method prescribed above.

4.  **Other provisions relating to method of payment.** _____
    _____
    _____.

## SECTION V.  ATTORNEY'S FEES, COSTS, AND SUIT MONEY

1.  _____ Mother's _____ Father's request(s) for attorney's fees, costs, and suit money is (are) denied because _____
    _____.

2.  _____The Court finds there is a need for and an ability to pay attorney's fees, costs, and suit money. _____ Mother _____ Father is hereby ordered to pay to the other party $_____ in attorney's fees, and $_____ in costs. The Court further finds that the attorney's fees awarded are based on the reasonable rate of $_____ per hour and _____ reasonable hours. Other provisions relating to attorney's fees, costs, and suit money are as follows:
    _____
    _____
    _____.

## SECTION VI.  OTHER

1.  **Other Provisions.** _____
    _____
    _____
    _____.

2.  The Court reserves jurisdiction to modify and enforce this Supplemental Final Judgment.

Florida Supreme Court Approved Family Law Form 12.993(a), Supplemental Final Judgment Modifying Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief (03/15)

3. Unless specifically modified by this Supplemental Final Judgment, the provisions of all final judgments or orders in effect remain the same.

DONE AND ORDERED at _____, Florida, on _____.


_____
CIRCUIT JUDGE


I certify that a copy of the *{name of document(s)}* _____
was: (      ) mailed (      ) faxed and mailed (      ) e-mailed (      ) hand-delivered to the parties and any entities listed below on {*date*}_____.


by_____
*{Clerk of court or designee}*


_____Petitioner (or his or her attorney)
_____Respondent (or his or her attorney)
_____Central Depository
_____State Disbursement Unit
Other:_____


Florida Supreme Court Approved Family Law Form 12.993(a), Supplemental Final Judgment Modifying Parental Responsibility, Visitation, or Parenting Plan/Time-Sharing Schedule and Other Relief (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# SUPPLEMENTAL FINAL JUDGMENT MODIFYING CHILD SUPPORT

This cause came before this Court on a Supplemental Petition for Modification of Child Support. The Court, having heard the testimony and reviewed the file and financial affidavits of the parties and being otherwise fully advised, makes these findings of fact and reaches these conclusions of law:

**SECTION I.  FINDINGS**

1. The Court has jurisdiction over the subject matter and the parties.

2. **The parties' dependent or minor child(ren) is (are):**

   | Name | Birth date |
   |------|-----------|
   |      |           |
   |      |           |
   |      |           |
   |      |           |
   |      |           |

3. The last order awarding or modifying child support was entered on *{date}* _____

4. There has been a substantial change in circumstances of the parties since the entry of the last order, specifically: _____
   _____
   _____
   _____
   _____.

5. It is in the best interests of the minor child(ren) that the current child support order be changed

Florida Supreme Court Approved Family Law Form 12.993(b), Supplemental Final Judgment Modifying Child Support (03/15)

because:

_____

_____
_____
_____
_____
_____.

**SECTION II.  CHILD SUPPORT**

1.  The Court finds that there is a need for modification of child support and that the _____ Mother _____ Father (hereinafter Obligor) has the present ability to pay child support. The amounts in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), filed by the _____ Mother _____ Father are correct **OR** the Court makes the following findings:

    The Mother's net monthly income is $_____, (Child Support Guidelines _____%).
    The Father's net monthly income is $_____, (Child Support Guidelines _____%).
    Monthly child care costs are $_____.
    Monthly health/dental insurance costs are $ _____.

2.  **Amount.**
    Child support established at the rate of $_____ per month for the _____children *{total number of parties' minor or dependent children}* shall be paid commencing_____ *{month, day, year}* and terminating_____ *{month, day, year}.* Child support shall be paid in the amount of $_____ per _____ *{week, month, other}* consistent with the Obligor's current payroll cycle.

    Upon the termination of the obligation of child support for one of the parties' children, child support in the amount of $_____for the remaining _____ children *{total number of remaining children}* shall be paid commencing_____ *{month, day, year}* and terminating _____ *month, day, year}.* This child support shall be paid in the amount of $_____ per _____ *{week, month, other}* consistent with the Obligor's current payroll cycle.

    ***{Insert schedule for the child support obligation, including the amount, and commencement and termination dates, for the remaining minor or dependent children, which shall be payable as the obligation for each child ceases.  Please indicate whether the schedule _____ appears below or _____ is attached as part of this form.}***

    _____

    _____

    _____

_____

_____

_____.

The Obligor shall pay child support until all of the minor or dependent children: reach the age of 18; become emancipated, marry, join the armed services, die, or become self-supporting; or until further order of the court or agreement of the parties. The child support obligation shall continue beyond the age of 18 and until high school graduation for any child who is dependent in fact, between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.

If the child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are: _____

_____

_____.

3. **Arrearage/Retroactive Child Support.**

a. ____There is no child support arrearage at the time of this Supplemental Final Judgment.
   **OR**
b. _____ Mother _____ Father shall pay to the other party the child support arrearage of:
   $_____ for retroactive child support, as of {date} _____.
   $_____ for previously ordered unpaid child support, as of {date} _____.
   The total of $_____ in child support arrearage shall be repaid in the amount of $_____, per month payable _____ in accordance with his or her employer's payroll cycle, and in any event at least once a month _____ other {explain} _____
   beginning {date} _____, until paid in full including statutory interest.

4. **Insurance.**
   {Indicate **all** that apply}

a. _____**Health/Dental Insurance.** _____ Mother _____ Father shall be required to maintain _____ health _____dental insurance for the parties' minor child(ren), so long as it is reasonable in cost and accessible to the child(ren). The party providing insurance shall be required to convey insurance cards demonstrating said coverage to the other party **OR** _____Health _____ Dental insurance is not reasonable in cost or accessible to the child(ren) at this time.

b. _____Reasonable and necessary **uninsured medical/dental/prescription costs** for the minor child(ren) shall be assessed as follows:
   _____ Shared equally by both parents.
   _____ Prorated according to the child support guideline percentages.

Florida Supreme Court Approved Family Law Form 12.993(b), Supplemental Final Judgment Modifying Child Support (03/15)

_____ Other {explain}: _____
_____

As to these uninsured medical/dental/prescription expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.

5. _____**Life Insurance (to secure payment of support).** To secure the child support obligations in this judgment, _____ Mother _____ Father _____ Each party shall maintain life insurance coverage, in an amount of at least $_____, on _____ his life _____ her life _____ his/her life naming the _____ minor child(ren) as the beneficiary(ies) **OR** naming the _____ Mother _____ Father _____ other {name}_____ as Trustee for the minor child(ren), so long as reasonably available. The obligation to maintain the life insurance coverage shall continue until the youngest child turns 18, becomes emancipated, marries, joins the armed services, dies or otherwise becomes self-supporting.

6. **IRS Income Tax Exemption(s).** The assignment of any tax exemption(s) for the child(ren) shall be as follows: _____
_____.
Further, each party shall execute any and all IRS forms necessary to effectuate the provisions of this paragraph.

7. **Other provisions relating to child support:** _____
_____
_____.

## SECTION III.  METHOD OF PAYMENT

1. **Place of Payment.**

   a. _____Obligor shall pay court-ordered support directly to either the State Disbursement Unit or the central depository, as required by statute, along with any fee required by statute.

   b. _____Both parties have requested and the court finds that it is in the best interests of the child(ren) that support payments need not be directed through either the State Disbursement Unit or the central depository at this time; however, either party may subsequently apply, pursuant to section 61.13(1)(d)3, Florida Statutes, to require payments through either the State Disbursement Unit or the central depository.

2. **Income Deduction.**

   a. _____**Immediate.** Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually

responsible for paying this support obligation until all of said support is deducted from Obligor's income. Until support payments are deducted from Obligor's paycheck, Obligor is responsible for making timely payments directly to the State Disbursement Unit or the Obligee, as previously set forth in this order.

b. \_\_\_\_\_**Deferred.** Income deduction is ordered this day, but it shall not be effective until a delinquency of $_____, or, if not specified, an amount equal to one month's obligation occurs. Income deduction is not being implemented immediately based on the following findings:

Income deduction is **not** in the best interests of the child(ren) because: *{explain}* _____

_____

_____,

**AND**

There is proof of timely payment of a previously ordered obligation without an Income Deduction Order,

**AND**

\_\_\_\_\_ There is an agreement by the Obligor to advise the Title IV-D agency, the clerk of court, and the Obligee of any change in Payor and/or health insurance

**OR**

\_\_\_\_\_ there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee and, at the option of the IV-D agency, by the IV-D agency in IV-D cases in which there is an assignment of support rights to the state, reviewed and entered in the record by the court.

3. **Bonus/one-time payments.** \_\_\_\_\_ All \_\_\_\_\_% \_\_\_\_\_ No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to the Obligee pursuant to the payment method prescribed above.

4. **Other provisions relating to method of payment** _____

_____.


## SECTION IV.  ATTORNEY'S FEES, COSTS, AND SUIT MONEY

1. \_\_\_\_\_ Mother's \_\_\_\_\_ Father's request(s) for attorney's fees, costs, and suit money is (are) denied because

_____

_____.

2. \_\_\_\_\_The Court finds there is a need for and an ability to pay attorney's fees, costs, and suit money. \_\_\_\_\_ Mother \_\_\_\_\_ Father is hereby ordered to pay to the other party $ _____ in attorney's fees, and $_____ in costs. The Court further finds

Florida Supreme Court Approved Family Law Form 12.993(b), Supplemental Final Judgment Modifying Child Support (03/15)

that the attorney's fees awarded are based on the reasonable rate of \$_____ per hour and _____reasonable hours. Other provisions relating to attorney's fees, costs, and suit money are as follows:

_____

_____ .

**SECTION V.  OTHER**

    1. **Other Provisions.** _____

       _____

       _____

       _____

       _____ .

    2. The Court reserves jurisdiction to modify and enforce this Supplemental Final Judgment.

    3.  Unless specifically modified by this Supplemental Final Judgment, the provisions of all final judgments or orders in effect remain the same.

DONE AND ORDERED at _____, Florida, on _____.


_____

CIRCUIT JUDGE


I certify that a copy of the *{name of document(s)}* _____ was (    ) mailed (    ) faxed and mailed (    ) e-mailed (    ) hand-delivered to the parties and any entities listed below on {*date*}_____.


_____

By: *{Clerk of court or designee}*


_____Petitioner (or his or her attorney)
_____Respondent (or his or her attorney)
_____Central Depository
_____State Disbursement Unit

Florida Supreme Court Approved Family Law Form 12.993(b), Supplemental Final Judgment Modifying Child Support (03/15)

_____Other:_____

IN THE CIRCUIT COURT OF THE _____JUDICIAL CIRCUIT,
IN AND FOR _____COUNTY, FLORIDA

Case No:_____
Division: _____

_____,
Petitioner,
and
_____,
Respondent.

# SUPPLEMENTAL FINAL JUDGMENT MODIFYING ALIMONY

This cause came before this Court on a Supplemental Petition for Modification of Alimony. The Court, having heard the testimony and reviewed the file and the financial affidavits of the parties and being otherwise fully advised, makes these findings of fact and reaches these conclusions of law:

**SECTION I.        FINDINGS**

1.  The Court has jurisdiction over the subject matter and the parties.

2.  The last order awarding or modifying alimony was entered on *{date}*_____.

3.  There has been a substantial change in circumstances of the parties since entry of the last order, specifically: _____
    _____
    _____
    _____
    _____
    _____.

**SECTION II.        ALIMONY**

1.  _____The Court denies the request(s) for modification of alimony
                                    **OR**
2.  _____ The Court finds that there is a need to modify alimony and that _____ Petitioner
    _____ Respondent  (hereinafter Obligor) has/had the present ability to pay alimony as follows:

    *{Indicate **all** that apply}*
    a.  _____ **Permanent Periodic.**   The permanent periodic alimony is _____ modified
        _____ terminated based upon either _____ a substantial change in circumstances, **OR** _____ the existence of a supportive relationship in accordance with Section 61.14, Florida Statutes. Obligor shall pay modified permanent periodic alimony to Obligee in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month, or _____ other : *{explain}* _____

Florida Supreme Court Approved Family Law Form 12.993(c), Supplemental Final Judgment Modifying Alimony (03/15)

_____
beginning *{date}* _____. This alimony shall continue until further modified by court order, the death of either party, or remarriage of Obligee, whichever occurs first

b. _____**Durational.** The durational alimony is _____ modified _____terminated based upon a substantial change in circumstances in accordance with section 61.08(7), Florida Statutes. If the length of the durational alimony is modified, the court finds that the following exceptional circumstances exist:_____
_____
Obligor shall pay modified durational alimony to Obligee in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month _____ other *{explain}*_____ beginning *{date}* _____, and terminating on *{date}*_____, the death of either party, remarriage of the Obligee, or until further modified by court order, whichever occurs first.

c. _____**Rehabilitative.** The rehabilitative alimony is _____ modified _____ terminated based upon: _____ a substantial change in circumstances, _____ noncompliance with the rehabilitative plan, or _____ completion of the rehabilitative plan. Obligor shall pay modified rehabilitative alimony to Obligee in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month, or _____ other *{explain}* _____ beginning *{date}* _____. This modified rehabilitative alimony shall continue until modified further by court order, the death of either party or until *{date/event}* _____, whichever occurs first. The rehabilitative plan presented demonstrated the following:

_____
_____
_____
_____.

d. _____ **Retroactive.** Obligor shall pay retroactive alimony in the amount of $_____ for the period of *{date}* _____, through *{date}* _____, which shall be paid pursuant to paragraph 4 below.

3. **Reasons for _____ Awarding _____Denying Modification of Alimony.** The Court has considered all of the following in awarding/denying the modification of alimony request:
   a. The standard of living established during the marriage;
   b. The duration of the marriage;
   c. The age and the physical and emotional condition of each party;
   d. The financial resources of each party, including, the nonmarital and the marital assets and liabilities distributed to each;
   e. The earning capacities, educational levels, vocational skills, and employability of the parties and when applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment;
   f. The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party;

g.  The tax treatment and consequences to both parties of any alimony award, including the designation of all or a portion of the payment as nontaxable, nondeductible payment;

h.  All sources of income available to either party, including income available to either party through investments of any assets held by that party, and

i.  \_\_\_\_\_Any other factor necessary to do equity and justice between the parties *{Explain}*
_____
_____
_____
_____
\_\_\_\_ Please indicate here if additional pages are attached.

**4.  Arrearage/Retroactive Alimony.**

a.  \_\_\_\_\_There is no alimony arrearage at the time of this Supplemental Final Judgment.
      OR

b.  \_\_\_\_\_The \_\_\_\_\_ Petitioner \_\_\_\_\_ Respondent shall pay to the other party the alimony arrearage of:
$_____for retroactive alimony, as of *{date}* _____;
$_____for previously ordered unpaid alimony, as of *{date}* _____.
The total of $_____ in alimony arrearage shall be repaid in the amount of $_____per month, payable \_\_\_\_\_ in accordance with Obligor's employer's payroll cycle, and in any event at least once a month \_\_\_\_\_ other *{explain}* _____
_____
beginning *{date}* _____, until paid in full including statutory interest.

**5.  \_\_\_\_\_Life Insurance (to secure payment of support).**
To secure the alimony obligations set forth in this judgment, Obligor shall maintain life insurance coverage on his/her life naming Obligee as the sole irrevocable beneficiary, so long as reasonably available.  This insurance shall be in the amount of at least $_____ and shall remain in effect until the obligation for alimony terminates.

**6.  \_\_\_\_\_Other provisions relating to modification of alimony, including any tax treatment and consequences:** _____
_____
_____
_____
_____.

**SECTION III.  METHOD OF PAYMENT**

1.  **Place of Payment**

a.  \_\_\_\_\_Obligor shall pay court-ordered support directly to either the State Disbursement Unit or the central depository, as required by statute, along with any fee required by statute.

b.  \_\_\_\_\_Both parties have requested that support payments not be directed through either the

State Disbursement Unit or the central depository at this time; however, either party may subsequently apply to the depository pursuant to section 61.08, Florida Statutes, to require payments through either the State Disbursement Unit or the central depository.

2. **Income Deduction.**

a. \_\_\_\_\_**Immediate**. Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually responsible for paying this support obligation until all of said support is deducted from Obligor's income. Until support payments are deducted from Obligor's paycheck, Obligor is responsible for making timely payments directly to the State Disbursement Unit or the Obligee, as previously set forth in this order.

b. \_\_\_\_\_**Deferred.** Income Deduction is ordered this day, but it shall not be effective until a delinquency of $_____, or, if not specified, an amount equal to one month's obligation occurs. Income deduction is not being implemented immediately based on the following findings:
There is (are) no minor or dependent child(ren) common to the parties,
**AND**
There is proof of timely payment of a previously ordered obligation without an Income Deduction Order,
**AND**
\_\_\_\_\_ There is an agreement by the Obligor to advise the Title IV-D agency, the clerk of court, and the Obligee of any change in Payor and/or health insurance
**OR**
\_\_\_\_\_ there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee and, at the option of the IV-D agency, by the IV-D agency in IV-D cases in which there is an assignment of support rights to the state, reviewed and entered in the record by the court.

3. **Bonus/one-time payments.** \_\_\_\_\_ All _____% \_\_\_\_\_ No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage of the remaining balance thereof owed pursuant to this order, shall be forwarded to the Obligee pursuant to the payment method prescribed above.

4. **Other provisions relating to method of payment.** _____
_____
_____
_____.

## SECTION IV.   ATTORNEY'S FEES, COSTS, AND SUIT MONEY

1. \_\_\_\_\_ Petitioner's \_\_\_\_\_ Respondent's request(s) for attorney's fees, costs, and suit money is (are) denied because
_____

_____
_____.

2. _____ The Court finds there is a need for and an ability to pay attorney's fees, costs, and suit money. _____ Petitioner _____ Respondent is hereby ordered to pay to the other party $_____ in attorney's fees, and $_____ in costs. The Court further finds that the attorney's fees awarded are based on the reasonable rate of $_____ per hour and _____ reasonable hours. Other provisions relating to attorney's fees, costs, and suit money are as follows:

_____
_____
_____.

**SECTION V.     OTHER**
1. **Other Provisions:** _____
_____
_____
_____
_____.

2. The Court reserves jurisdiction to modify and enforce this Supplemental Final Judgment.

3. Unless specifically modified by this Supplemental Final Judgment, the provisions of all final judgments or orders in effect remain the same.

DONE AND ORDERED on _____ in _____, Florida.


_____
CIRCUIT JUDGE


I certify that a copy of the *{name of document(s)}* _____
was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand-delivered to the parties and any entities listed below on *{date}*_____.


by_____
*{Clerk of court or designee}*


____Petitioner (or his or her attorney)
____Respondent (or his or her attorney)
____Central Depository

Florida Supreme Court Approved Family Law Form 12.993(c), Supplemental Final Judgment Modifying Alimony (03/15)

_____State Disbursement Unit
_____Other:_____

IN THE CIRCUIT COURT OF THE_____JUDICIAL CIRCUIT,
IN AND FOR _____COUNTY, FLORIDA

Case No.: _____

Division: _____

_____,
Petitioner,

and

_____,
Respondent.

# SUPPLEMENTAL TEMPORARY JUDGMENT MODIFYING PARENTING ISSUES FOR CHILD(REN) OF A PARENT ACTIVATED, DEPLOYED, OR TEMPORARILY ASSIGNED TO MILITARY SERVICE

This cause came before this Court on a Supplemental Petition for Temporary Modification of Custody or Parenting Plan/Time-Sharing Schedule for Child(ren) of a Parent Activated, Deployed, or Temporarily Assigned to Military Service. The Court, having reviewed the file, heard the testimony, and being otherwise fully advised, makes these findings of fact and reaches these conclusions of law:

**SECTION I.  FINDINGS**

1.  The Court has jurisdiction over the subject matter and the parties.

2.  The last order establishing or modifying parental responsibility, visitation, or time-sharing was entered on *{date}* _____.

3.  There is clear and convincing evidence that it is in the best interests of the minor child(ren) that the current order establishing parental responsibility, visitation, and time-sharing be temporarily modified as the _____ Mother _____ Father is activated, deployed, or temporarily assigned to military service. Specifically: _____
_____
_____
_____.

**SECTION II. TEMPORARY PARENTING PLAN ESTABLISHING PARENTAL RESPONSIBILITY AND TIME-SHARING WITH DEPENDENT OR MINOR CHILD(REN)**

Florida Supreme Court Approved Family Law Form 12.993(d), Supplemental Temporary Judgment  Modifying Parenting Issues for Child(ren) of a Parent Activated, Deployed, or Temporary Assigned to Military Service. (03/15)

1. **Jurisdiction.** The Court has jurisdiction to determine parental responsibility, to establish or approve a Parenting Plan, and time-sharing with regards to the parties' minor child(ren) listed in paragraph 2 below.

2. **The parties' dependent or minor child(ren) is (are):**

   **Name**                                                    **Birth date**

   _____
   _____
   _____
   _____
   _____
   _____

3. **Parenting Plan.** The parties shall comply with the temporary Parenting Plan which is attached and incorporated herein as Exhibit \_\_\_\_\_.

## SECTION III. CHILD SUPPORT

1. **Temporary Modification of Child Support.**
   *{Choose **one** only}*

   a.  \_\_\_\_\_The \_\_\_\_\_ Mother's \_\_\_\_\_ Father's current obligation to pay child support is:

   \_\_\_\_\_ Abated
   \_\_\_\_\_ Suspended
   \_\_\_\_\_ Modified to $_____ per _____.

   b.  \_\_\_\_\_The Court finds that there is a need for temporary modification of child support and that the service member \_\_\_\_\_ Mother \_\_\_\_\_ Father (hereinafter Obligor) has the present ability to pay child support. The amounts in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), filed by the \_\_\_\_\_ Mother \_\_\_\_\_ Father are correct
   **OR** the Court makes the following findings:

   The Mother's net monthly income is $_____, (Child Support Guidelines \_\_\_\_ %).
   The Father's net monthly income is $_____, (Child Support Guidelines\_\_\_\_%).
   Monthly child care costs are $_____.
   Monthly health/dental insurance costs are $_____.

2. **Amount.**
   Child support established at the rate of $_____per month for the _____children *{total number of parties' minor or dependent children}* shall be paid commencing _____ *{month, day, year}* and terminating _____

Florida Supreme Court Approved Family Law Form 12.993(d), Supplemental Temporary Judgment Modifying Parenting Issues for Child(ren) of a Parent Activated, Deployed, or Temporary Assigned to Military Service. (03/15)

*{month, day, year}.* Child support shall be paid in the amount of $_____ per _____ *{week, month, other}* which is consistent with the Obligor's current payroll cycle.

Upon the termination of the obligation of child support for one of the parties' children, child support in the amount of $_____for the remaining _____children *{total number of remaining children}* shall be paid commencing _____ *{month, day, year}* and terminating _____ *{month, day, year}.* This child support shall be paid in the amount of $_____ per _____ *{week, month, other}* consistent with the Obligor's current payroll cycle.

***{Insert schedule for the child support obligation, including the amount, and commencement and termination dates, for the remaining minor or dependent children, which shall be payable as the obligation for each child ceases. Please indicate whether the schedule _____ appears below or _____ is attached as part of this form.}***
_____
_____
_____
_____
_____
_____.

The Obligor shall pay child support until all of the minor or dependent children: reach the age of 18; become emancipated, marry, join the armed services, die, or become self-supporting; or until further order of the court or agreement of the parties. The child support obligation shall continue beyond the age of 18 and until high school graduation for any child who is dependent in fact, between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.

If the child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are: _____
_____
_____.

3. **Arrearage/Retroactive Child Support.**
   *{Choose **one** only}*

   a. _____There is no child support arrearage at the time of this Supplemental Temporary Judgment.
      **OR**
   b. _____The _____ Mother _____ Father shall pay to the other party the child support arrearage of:
      $_____ for retroactive child support, as of *{date}* _____.
      $_____ for previously ordered unpaid child support, as of *{date}* _____.
      The total of $_____ in child support arrearage shall be repaid in the amount of

Florida Supreme Court Approved Family Law Form 12.993(d), Supplemental Temporary Judgment  Modifying Parenting Issues for Child(ren) of a Parent Activated, Deployed, or Temporary Assigned to Military Service. (03/15)

- 844 -

$_____, per month payable_____ in accordance with Obligor's employer's payroll cycle, and in any event at least once a month _____ other {explain} _____

_____
beginning {date} _____, until paid in full including statutory interest.


4. **Insurance.**

   a. _____**Health/Dental Insurance.**
   *{Choose **one** only}*
   _____ The service member _____ Mother _____ Father shall enroll the child(ren) as a military dependent(s) with DEERs, TriCare, or other similar benefits available to military dependents as provided by the service member's branch or service and federal regulations;
   
   **OR**
   
   _____The _____ Mother _____ Father shall maintain _____ health and/or _____ dental insurance for the parties' minor child(ren), so long as it is reasonable in cost and accessible to the child(ren). The party providing insurance shall be required to convey insurance cards demonstrating said insurance to the other party;
   
   **OR**
   
   _____ Health _____Dental insurance is not reasonable in cost or accessible to the child(ren) at this time.

   b. _____Reasonable and necessary **uninsured medical/dental/prescription drug costs** for the minor child(ren) shall be assessed as follows:
   _____ Shared equally by both parents.
   _____ Prorated according to the child support guideline percentages.
   _____ Other *{explain}*: _____
   _____
   As to these uninsured medical/dental/prescription drug expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.

5. _____**Life Insurance (to secure payment of support).** To secure the child support obligations in this judgment, _____ Mother _____ Father _____Each party shall maintain life insurance, in an amount of at least $_____, on _____ his life _____ her life _____ his/her life naming the _____ minor child(ren) as the beneficiary(ies) **OR** naming the _____ Mother _____ Father _____ other *{name}* _____ as Trustee for the minor child(ren), so long as reasonably available. The obligation to maintain the life insurance coverage shall continue until the youngest child turns 18, becomes emancipated, marries, joins the armed services, dies, or otherwise becomes self-supporting.

6. _____**IRS Income Tax Exemption(s).** The assignment of any tax exemption(s) for the child(ren) shall

Florida Supreme Court Approved Family Law Form 12.993(d), Supplemental Temporary Judgment  Modifying Parenting Issues for Child(ren) of a Parent Activated, Deployed, or Temporary Assigned to Military Service. (03/15)

be as follows: _____
_____.
Further, each party shall execute any and all IRS forms necessary to effectuate the provisions of this paragraph.

7. **Other provisions relating to child support:** _____
_____
_____.

## SECTION IV.  METHOD OF PAYMENT

Obligor shall pay court-ordered child support and arrears, if any, as follows:

1. **Place of Payment.**

   a. _____Obligor shall pay court-ordered support directly to either the State Disbursement Unit or the central depository, as required by statute, along with any fee required by statute.

   b. _____Both parties have requested and the court finds that it is in the best interests of the child(ren) that support payments need not be directed through either the State Disbursement Unit or the central depository at this time; however, either party may subsequently apply, pursuant to section 61.13(1)(d)3, Florida Statutes, to require payments through the State Disbursement Unit or the central depository.

2. **Income Deduction.**

   a. _____**Immediate.** Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually responsible for paying this support obligation until all of said support is deducted from Obligor's income. Until support payments are deducted from Obligor's paycheck, Obligor is responsible for making timely payments directly to the State Disbursement Unit or the Obligee, as previously set forth in this order.

   b. _____**Deferred.** Income deduction is ordered this day, but it shall not be effective until a delinquency of $_____, or, if not specified, an amount equal to one month's obligation occurs.  Income deduction is not being implemented immediately based on the following findings:
   Income deduction is **not** in the best interests of the child(ren) because: *{explain}*
   _____
   _____
   **AND**
   _____ There is proof of timely payment of a previously ordered obligation without an Income Deduction Order,

Florida Supreme Court Approved Family Law Form 12.993(d), Supplemental Temporary Judgment  Modifying Parenting Issues for Child(ren) of a Parent Activated, Deployed, or Temporary Assigned to Military Service. (03/15)

**AND**

_____ There is an agreement by the Obligor to advise the Title IV-D agency, clerk of court and Obligee of any change in Payor and/or health insurance **OR** _____there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee and, at the option of the IV-D agency, by the IV-D agency in IV-D cases in which there is an assignment of support rights to the state, reviewed and entered in the record by the court.

3. **Bonus/one-time payments.** _____ All _____% _____ No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to the Obligee pursuant to the payment method prescribed above.

4. **Other provisions relating to method of payment.** _____
_____
_____.

## SECTION V.  ATTORNEY'S FEES, COSTS, AND SUIT MONEY

1. _____ Petitioner's _____ Respondent's request(s) for attorney's fees, costs, and suit money is (are) denied because _____
_____.

**OR**

2. _____ The Court finds there is a need for and an ability to pay attorney's fees, costs, and suit money. _____Petitioner _____ Respondent is hereby ordered to pay to the other party $_____ in attorney's fees, and $_____ in costs. The Court further finds that the attorney's fees awarded are based on the reasonable rate of $_____ per hour and _____ reasonable hours. Other provisions relating to attorney's fees, costs, and suit money are as follows: _____
_____
_____.

## SECTION VI.  OTHER

1. **Other Provisions.** _____
_____
_____
_____
_____.

2. The Court reserves jurisdiction to modify and enforce this Supplemental Temporary Judgment.

Florida Supreme Court Approved Family Law Form 12.993(d), Supplemental Temporary Judgment  Modifying Parenting Issues for Child(ren) of a Parent Activated, Deployed, or Temporary Assigned to Military Service. (03/15)

3. Unless specifically modified by this supplemental temporary judgment, the provisions of all final judgments or orders in effect remain the same.

DONE AND ORDERED at _____, Florida, on _____.


_____
CIRCUIT JUDGE


I certify that a copy of the {*name of document(s)*} _____
was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand-delivered to the parties and any entities listed below on {*date*}_____.


_____
by {*clerk of court or designee*}

_____Petitioner (or his or her attorney)
_____Respondent (or his or her attorney)
_____Central Depository
_____State Disbursement Unit
_____Other:_____

Florida Supreme Court Approved Family Law Form 12.993(d), Supplemental Temporary Judgment  Modifying Parenting Issues for Child(ren) of a Parent Activated, Deployed, or Temporary Assigned to Military Service. (03/15)

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No.: _____
Division: _____

_____,
Husband,

and

_____,
Wife.

# FINAL JUDGMENT FOR SUPPORT UNCONNECTED WITH DISSOLUTION OF MARRIAGE WITH DEPENDENT OR MINOR CHILD(REN)

This cause came before this Court on a Petition for Support Unconnected with Dissolution of Marriage under section 61.09, Florida Statutes. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:

1. The Court has jurisdiction over the subject matter and the parties.

2. The following child(ren) are common to the parties:

| Name | Birth date |
|------|-----------|
|      |           |
|      |           |
|      |           |
|      |           |
|      |           |
|      |           |

**SECTION I.  ALIMONY**

1. _____The Court denies the request(s) for alimony.
   **OR**
2. _____The Court finds that there is a need for alimony and that _____Husband _____Wife has/had the ability to support his/her spouse and has failed to do so. _____Husband _____Wife(hereinafter Obligor) has the present ability to pay alimony as follows:
   *{Indicate all that apply}*

   a. _____**Permanent Periodic.**

Florida Supreme Court Approved Family Law Form 12.994(a), Final Judgment for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

1. The court finds that no other form of alimony is fair and reasonable under the circumstances of the parties.
2. As a marriage of *{choose only one}:*

**_____Long Duration** (17 years or greater) alimony is appropriate upon consideration of all relevant factors;

**_____Moderate Duration** (greater than 7 years but less than 17) alimony is appropriate based upon clear and convincing evidence after consideration of all relevant factors; or

**_____Short Duration** (less than 7 years) alimony is appropriate based upon the following exceptional circumstances:_____
_____
_____.

3. Obligor shall pay permanent periodic alimony to Obligee in the amount of $ _____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month or _____ other: *{explain}*_____ beginning *{date}* _____. This alimony shall continue until modified by court order, the death of either party, or remarriage of Obligee, whichever occurs first. The alimony may be modified or terminated based upon either a substantial change in circumstances or the existence of a supportive relationship in accordance with section 61.14, Florida Statutes.

b**._____Bridge-the-Gap.** Obligor shall pay bridge-the-gap alimony to Obligee in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month, or _____ other: *{explain}*_____ beginning *{date}*_____ _____ and continuing until *{date}*_____ _____ *{a period not to exceed two (2) years}*, death of either party or remarriage of Obligee.

c**._____Rehabilitative.** Obligor shall pay rehabilitative alimony to Obligee in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month, or _____ other *{explain}* _____ beginning *{date}* _____. This rehabilitative alimony shall continue until modified by court order, the death of either party or until *{date/event}*_____, whichever occurs first. The rehabilitative plan presented demonstrated the following: _____
_____
_____
_____.

d**._____Durational.** Obligor shall pay durational alimony to Obligee in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event,

Florida Supreme Court Approved Family Law Form 12.994(a), Final Judgment for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

- 850 -

at least once a month, or _____ other: *{explain}*_____ _ beginning *{date}*_____ and terminating on *{date}*_____, the death of either party, remarriage of Obligee or until modified by court order in accordance with section 61.08(7),Florida Statutes; whichever occurs first.

e._____ **Lump Sum.** Obligor shall pay lump sum alimony to Obligee in the amount of $_____ which shall be paid as follows:_____.

f._____ **Retroactive.** Obligor shall pay retroactive alimony in the amount of $ _____ for the period of *{date}* _____, through *{date}* _____, which shall be paid pursuant to paragraph 4 below.

3.  **Reasons for _____ Awarding _____ Denying Alimony.** The Court has considered all of the following in awarding/denying alimony:
    a.  The standard of living established during the marriage;
    b.  The duration of the marriage;
    c.  The age and the physical and emotional condition of each party;
    d.  The financial resources of each party, including the nonmarital and the marital assets and liabilities distributed to each;
    e.  The earning capacities, educational levels, vocational skills, and employability of the parties and, when applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment;
    f.  The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party;
    g.  The responsibilities each party will have with regard to any minor children they have in common;
    h.  The tax treatment and consequences to both parties of any alimony award, including the designation of all or a portion of the payment as a nontaxable, nondeductible payment;
    i.  All sources of income available to either party, including income available to either party through investments of any asset held by that party; and
    j.  Any other factor necessary to do equity and justice between the parties: *{Explain}* _____

    _____
    _____
    _____
    _____

    _____ Please indicate here if additional pages are attached.

4.  **Arrearage/Retroactive Alimony.**

    a.  _____There is no alimony arrearage at the time of this Final Judgment.

    **OR**
    b.  _____ Respondent shall pay to Petitioner the alimony arrearage of:

Florida Supreme Court Approved Family Law Form 12.994(a), Final Judgment for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

- 851 -

$_____ for retroactive alimony, as of *{date}* _____.
$_____ for previously ordered unpaid alimony, as of *{date}* _____.
The total of $_____ in alimony arrearage shall be repaid in the amount of $_____
per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any
event, at least once a month _____ other *{explain}* _____
beginning *{date}* _____, until paid in full including statutory interest.

5. _____**Life Insurance (to secure payment of support).** To secure the alimony obligations set forth in this judgment, Obligor shall maintain life insurance on his/her life naming Obligee as the sole irrevocable beneficiary, so long as reasonably available. This insurance shall be in the amount of at least $_____ and shall remain in effect until the obligation for alimony terminates.

6. _____ **Other provisions relating to alimony including any tax treatment and consequences:**

   a. The award of alimony _____ does not _____ does leave the Obligor with significantly less net income than the net income of the recipient/Obligee. If yes, the court finds the following exceptional circumstances:_____
   _____
   _____.

   b. Other:_____
   _____
   _____
   _____.

**SECTION II.  CHILD SUPPORT**

1. The Court finds that there is a need for child support and that the _____ Mother _____ Father (hereinafter Obligor) has the present ability to pay child support. The amounts in the Child Support Guidelines Worksheet, Florida Family Law Rules of Procedure Form 12.902(e), filed by the _____ Mother _____Father are correct **OR** the Court makes the following findings:

   The Mother's net monthly income is $ _____, (Child Support Guidelines _____%).
   The Father's net monthly income is $_____, (Child Support Guidelines _____%).
   Monthly child care costs are $_____.
   Monthly health/dental insurance costs are $_____.

2. **Amount.**
   Child support established at the rate of $_____ per month for the_____children *{total number of parties' minor or dependent children}* shall be paid commencing _____ *{month, day, year}* and terminating _____ *{month, day, year}.* Child support

shall be paid in the amount of $_____ per _____ *{week, month, other}* which is consistent with the Obligor's current payroll cycle*.*

Upon the termination of the obligation of child support for one of the parties' children, child support in the amount of $_____for the remaining _____ children *{total number of remaining children}* shall be paid commencing _____*{month, day, year}* and terminating_____*{month, day, year}.* This child support shall be paid in the amount of $_____ _per_____ *{week, month, other}* consistent with the Obligor's current payroll cycle.

***{Insert schedule for the child support obligation, including the amount, and commencement and termination dates, for the remaining minor or dependent children, which shall be payable as the obligation for each child ceases. Please indicate whether the schedule _____appears below or _____ is attached as part of this form.}***

_____
_____
_____
_____
_____
_____.

The Obligor shall pay child support until all of the minor or dependent children: reach the age of 18; become emancipated, marry, join the armed services, die, or become self-supporting; or until further order of the court or agreement of the parties. The child support obligation shall continue beyond the age of 18 and until high school graduation for any child who is dependent in fact, between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.

If the child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are: _____

_____

_____.

3. **Arrearage/Retroactive Child Support.**

   a. _____ There is no child support arrearage at the time of this Final Judgment.
      **OR**
   b. _____ The _____ Mother _____ Father shall pay to the other party the child support for previously ordered unpaid child support, as of *{date}* _____.
      The total of $_____of child support arrearage shall be repaid in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month _____ other *{explain}* _____ beginning *{date}* _____, until paid in full including statutory interest.

Florida Supreme Court Approved Family Law Form 12.994(a), Final Judgment for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

4. **Insurance.**
   *{Indicate **all** that apply}*

   a. \_\_\_\_\_ **Health/Dental Insurance.** \_\_\_\_\_ Mother \_\_\_\_\_ Father shall be required to maintain \_\_\_\_\_ health and/or \_\_\_\_\_ dental insurance for the parties՚ minor child(ren), so long as it is reasonable in cost and accessible to the child(ren). The party providing insurance shall be required to convey insurance cards demonstrating said insurance to the other party. **OR**

   \_\_\_\_\_ Health \_\_\_\_\_ Dental insurance is either not reasonable in cost or accessible to the children at this time.

   b. \_\_\_\_\_ Reasonable and necessary uninsured medical/dental/prescription drug costs for the minor child(ren) shall be assessed as follows:
   \_\_\_\_\_ Shared equally by both parents.
   \_\_\_\_\_ Prorated according to the child support guideline percentages.
   \_\_\_\_\_ Other *{explain}*: _____

   _____
   As to these uninsured medical/dental/prescription drug expenses, the party who incurs the expense shall submit a request for reimbursement to the other party within 30 days, and the other party, within 30 days of receipt, shall submit the applicable reimbursement for that expense, according to the schedule of reimbursement set out in this paragraph.

5. \_\_\_\_\_**Life Insurance (to secure payment of support).** To secure the child support obligations in this judgment, \_\_\_\_\_ Mother \_\_\_\_\_ Father \_\_\_\_\_ Each party shall maintain life insurance, in an amount of at least $_____, on \_\_\_\_\_ his life \_\_\_\_\_ her life \_\_\_\_\_ his/her life naming the \_\_\_\_\_ minor child(ren) as the beneficiary(ies) **OR** naming \_\_\_\_\_ Mother \_\_\_\_\_ Father \_\_\_\_\_ other *{name}*_____ as Trustee for the minor child(ren). The obligation to maintain the life insurance coverage shall continue until the youngest child turns 18, becomes emancipated, marries, joins the armed services, dies, or becomes self-supporting.

6. **IRS Income Tax Exemption(s).** The assignment of any tax exemption(s) for the child(ren) shall be as follows: _____

   _____.
   Further, each party shall execute any and all IRS forms necessary to effectuate the provisions of this paragraph.

7. **Other provisions relating to child support:** _____

   _____

   _____

## SECTION III.  METHOD OF PAYMENT

Obligor shall pay court-ordered child support/alimony and arrears, if any, as follows:

1. **Place of Payment.**

   a. _____ Obligor shall pay court-ordered support directly to either the State Disbursement Unit or the central depository, as required by statute, along with any fee required by statute.

   b. _____ Both parties have requested and the court finds that it is in the best interests of the child(ren) that support payments need not be directed through either the State Disbursement Unit or the central depository at this time; however, either party may subsequently apply, pursuant to section 61.08 or 61.13, Florida Statutes, to require payments through either the State Disbursement Unit or the central depository.

2. **Income Deduction.**

   a. _____**Immediate.** Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually responsible for paying this support obligation until all of said support is deducted from Obligor's income. Until support payments are deducted from Obligor's paycheck, Obligor is responsible for making timely payments directly to the State Disbursement Unit or the Obligee, as previously set forth in this order.

   b. _____ **Deferred.** Income deduction is ordered this day, but it shall not be effective until a delinquency of $_____, or, if not specified, an amount equal to one month's obligation occurs. Income deduction is not being implemented immediately based on the following findings: Income deduction is **not** in the best interests of the child(ren) because: *{explain}* _____
   _____,
   **AND**
   _____ there is proof of timely payment of a previously ordered obligation without an Income Deduction Order in cases of modification,
   **AND**
   _____ there is an agreement by the Obligor to advise the Title IV-D agency, clerk of court, and Obligee of any change in Payor and/or health insurance
   **OR**
   _____there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee and, at the option of the IV-D agency, by the IV-D agency in IV-D cases in which there is an assignment of support rights to the state, reviewed and entered in the record by the court.

3. **Bonus/one-time payments.** _____ All _____% _____ No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to the Obligee pursuant to the payment method prescribed above.

Florida Supreme Court Approved Family Law Form 12.994(a), Final Judgment for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

- 855 -

4. **Other provisions relating to method of payment.** _____

_____

_____

**SECTION IV. ATTORNEY'S FEES, COSTS, AND SUIT MONEY**

1. _____ Husband's _____ Wife's request(s) for attorney's fees, costs, and suit money is (are) denied because: _____
_____.

2. _____ The Court finds there is a need for and an ability to pay attorney's fees, costs, and suit money. _____Husband _____ Wife is hereby ordered to pay to the other party $_____ in attorney's fees, and $_____ in costs. The Court further finds that the attorney's fees awarded are based on the reasonable rate of $_____per hour and _____ reasonable hours. Other provisions relating to attorney's fees, costs, and suit money are as follows:
_____
_____
_____.

**SECTION V. OTHER PROVISIONS**

1. **Other Provisions:**

_____

_____
_____
_____
_____
_____.

2. The Court reserves jurisdiction to modify and enforce this Final Judgment.

DONE AND ORDERED at _____, Florida, on _____.

_____
CIRCUIT JUDGE

I certify that a copy of the {*name of document(s)*} _____ was ( ) mailed ( ) faxed and mailed ( ) e-mailed ( ) hand-delivered to the parties and any entities listed below on {*date*}_____.

_____
By: *{Clerk of court or designee}*

_____ Husband (or his attorney)
_____ Wife (or her attorney)
_____ Central Depository
_____ State Disbursement Unit
_____ Other: _____

Florida Supreme Court Approved Family Law Form 12.994(a), Final Judgment for Support Unconnected with Dissolution of Marriage with Dependent or Minor Child(ren) (03/15)

- 857 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND _____ COUNTY, FLORIDA

In re the Marriage of:

|                                          | Case No.: _____ |
|                                          | Division: _____ |

_____,
Husband,

and

_____,
Wife.

# FINAL JUDGMENT FOR SUPPORT
# UNCONNECTED WITH DISSOLUTION OF MARRIAGE
# WITH NO DEPENDENT OR MINOR CHILD(REN)

This cause came before this Court on a Petition for Support Unconnected with Dissolution of Marriage under section 61.09, Florida Statutes. The Court, having reviewed the file and heard the testimony, makes these findings of fact and reaches these conclusions of law:

1. The Court has jurisdiction over the subject matter and the parties.

2. The parties have no minor or dependent children in common, and the wife is not pregnant.

**SECTION I.  ALIMONY**

1. _____The Court denies the request(s) for alimony.
**OR**

2. _____The Court finds that there is a need for alimony and that ____Husband ____Wife has/had the ability to support his/her spouse and has failed to do so. _____Husband _____Wife(hereinafter Obligor) has the present ability to pay alimony as follows: *{Indicate **all** that apply}*

   a. _____ **Permanent Periodic.**

Florida Supreme Court Approved Family Law Form 12.994(b), Final Judgment for Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren) (03/15)

1. The court finds that no other form of alimony is fair and reasonable under the circumstances of the parties.

2. As a marriage of **(choose one only):**

_____**Long Duration** (17 years or greater) alimony is appropriate upon consideration of all relevant factors;

_____**Moderate Duration** (greater than 7 years but less than 17) alimony is appropriate based upon clear and convincing evidence after consideration of all relevant factors; or

_____ **Short Duration** (less than 7 years) alimony is appropriate based upon the following exceptional circumstances:_____
_____
_____
_____.

3. Obligor shall pay permanent periodic alimony to Obligee in the amount of $_____
per month, payable_____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month, or _____ other: *{explain}*_____
beginning *{date}* _____. This alimony shall continue until modified by court order, the death of either party, or remarriage of Obligee, whichever occurs first. The alimony may be modified or terminated based upon either a substantial change in circumstances, or a supportive relationship in accordance with section 61.14, Florida Statutes.

b. _____**Bridge-the-Gap.** Obligor shall pay bridge-the-gap alimony to Obligee in the amount of $_____per month, payable_____ in accordance with Obligor's employer's payroll cycle, beginning *{date}*_____and continuing until *{date}*_____ *{a period not to exceed two years},* remarriage of Obligee, or death of either party, whichever occurs first.

c. _____**Rehabilitative.** Obligor shall pay rehabilitative alimony to Obligee in the amount of $_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle, and in any event, at least once a month _____ other *{explain}*_____.
beginning *{date}* _____.This rehabilitative alimony shall continue until modified by court order, the death of either party or until *{date/event}* _____
_____.
whichever occurs first. The rehabilitative plan presented demonstrated the following: _____
_____.

d. _____**Durational.** Obligor shall pay durational alimony to Obligee in the amount of $_____per month payable _____ in accordance with Obligor's employer's payroll cycle,

Florida Supreme Court Approved Family Law Form 12.994(b), Final Judgment for Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren) (03/15)

and in any event, at least once a month, or _____ other *{explain}*_____
beginning *{date}*_____and terminating on *{date }*_____,
remarriage of the Obligee, death of either party, or until modified by court order in accordance
with section 61.08(7), Florida Statutes; whichever occurs first.

e. _____**Lump Sum.** Obligor shall pay lump sum alimony to Obligee in the amount of
$_____which shall be paid as follows:_____
_____.

f._____**Retroactive.** Obligor shall pay retroactive alimony in the amount of $_____
for the period of *{date}* _____, through *{date}* _____, which
shall be paid pursuant to paragraph 4 below.

3.   **Reasons for _____ Awarding _____ Denying Alimony.** The Court has considered all of the
following in awarding/denying alimony:
a. The standard of living established during the marriage;
b. The duration of the marriage;
c. The age and the physical and emotional condition of each party;
d. The financial resources of each party, including the nonmarital and the marital assets and
liabilities distributed to each;
e. The earning capacities, educational levels, vocational skills, and employability of the parties
and, when applicable, the time necessary for either party to acquire sufficient education or
training to enable such party to find appropriate employment;
f. The contribution of each party to the marriage, including, but not limited to, services rendered
in homemaking, child care, education, and career building of the other party;
g. The tax treatment and consequences to both parties of any alimony award, including the
designation of all or a portion of the payment as nontaxable, nondeductible payment;
h. All sources of income available to either party, including income available to either party
through investments of any asset held by the party; and
i. Any other factor necessary to do equity and justice between the parties *{Explain}*

_____
_____
_____
_____
_____.
_____ Please indicate here if additional pages are attached.

4.   **Arrearage/Retroactive Alimony.**

a. _____There is no alimony arrearage at the time of this Final Judgment.
              **OR**
b._____Respondent shall pay to Petitioner the alimony arrearage of:

Florida Supreme Court Approved Family Law Form 12.994(b), Final Judgment for Support Unconnected with
Dissolution of Marriage with No Dependent or Minor Child(ren) (03/15)

$_____ for retroactive alimony, as of *{date}* _____.
$_____ for previously ordered unpaid alimony, as of *{date}* _____.
The total of $_____ in alimony arrearage shall be repaid in the amount of
$_____ per month, payable _____ in accordance with Obligor's employer's payroll cycle,
and in any event at least once a month, _____ or other: *{explain}*_____

_____
beginning *{date}* _____, until paid in full including statutory interest.

5. _____**Life Insurance (to secure payment of support).** To secure the alimony obligations set forth in this judgment, Obligor shall maintain life insurance coverage on his/her life naming Obligee as the sole irrevocable beneficiary, so long as reasonably available. This insurance shall be in the amount of at least $_____ and shall remain in effect until the obligation for alimony terminates.

6. _____**Other provisions relating to alimony including any tax treatment and consequences:**

  a. The award of alimony _____ does not _____ does leave the Obligor with significantly less net income than the net income of the recipient/Obligee. If yes, the court finds the following exceptional circumstances:_____
_____
_____.

  b. Other _____
_____
_____.

## SECTION II.  METHOD OF PAYMENT

Obligor shall pay court-ordered alimony and arrears, if any, as follows:

1. **Place of Payment**

    a._____Obligor shall pay court-ordered support directly to either the State Disbursement Unit or the central depository, as required by statute, along with any fee required by statute.

    b._____ Both parties have requested and the court finds that support payments need not be directed through either the State Disbursement Unit or the central depository at this time; however, either party may subsequently apply, pursuant to section 61.13(1)(d)3, Florida Statutes, to require payments through either the State Disbursement Unit or the central depository.

Florida Supreme Court Approved Family Law Form 12.994(b), Final Judgment for Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren) (03/15)

2. **Income Deduction.**

  a. \_\_\_\_\_**Immediate.** Obligor shall pay through income deduction, pursuant to a separate Income Deduction Order which shall be effective immediately. Obligor is individually responsible for paying this support obligation until all of said support is deducted from Obligor's income. Until support payments are deducted from Obligor's paycheck, Obligor is responsible for making timely payments directly to the State Disbursement Unit or the Obligee, as previously set forth in this order.

  b.\_\_\_\_\_**Deferred.** Income Deduction is ordered this day, but it shall not be effective until a delinquency of $_____, or, if not specified, an amount equal to one month's obligation occurs. Income deduction is not being implemented immediately based on the following findings:
  There are no minor child(ren) common to the parties,

**AND**

  There is proof of timely payment of a previously ordered obligation without an income deduction order in cases of modification,

**AND**

  \_\_\_\_\_ There is an agreement by the Obligor to advise the Title IV-D agency, clerk of court, and Obligee of any change in Payor and/or health insurance
  **OR**
  \_\_\_\_\_ there is a signed written agreement providing an alternative arrangement between the Obligor and the Obligee and, at the option of the IV-D agency, by the IV-D agency in IV-D cases in which there is an assignment of support rights to the state, reviewed and entered in the record by the court.

3. **Bonus/One-Time Payments.** \_\_\_\_\_ All _____% \_\_\_\_\_ No income paid in the form of a bonus or other similar one-time payment, up to the amount of any arrearage or the remaining balance thereof owed pursuant to this order, shall be forwarded to the Obligee pursuant to the payment method prescribed above.

4. **Other provisions relating to method of payment:** _____
   _____ .

**SECTION III. ATTORNEY'S FEES, COSTS, AND SUIT MONEY**

  1. \_\_\_\_\_ Husband's \_\_\_\_\_ Wife's request(s) for attorney's fees, costs, and suit money is (are) denied because_____
  _____ .

  2. The Court finds there is a need for and an ability to pay attorney's fees, costs, and suit

Florida Supreme Court Approved Family Law Form 12.994(b), Final Judgment for Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren) (03/15)

- 862 -

money. _____Husband _____Wife is hereby ordered to pay to the other party $_____
in attorney's fees, and $_____ in costs. The Court further finds that the attorney's fees
awarded are based on the reasonable rate of $_____ per hour and _____ reasonable
hours. Other provisions relating to attorney's fees, costs, and suit money are as follows: _____

_____

_____ .

**SECTION IV.  OTHER PROVISIONS**

1.    **Other Provisions.** _____

_____

_____

_____

_____ .

2.    The Court reserves jurisdiction to modify and enforce this Final Judgment.

DONE AND ORDERED on _____ in _____, Florida.

_____
CIRCUIT JUDGE

I certify that a copy of the *{name of document(s)}* _____ was
(    ) mailed (    ) faxed and mailed (    ) e-mailed (    ) hand-delivered to the parties and any entities
listed below on *{date}*_____.

by_____
*{Clerk of court or designee}*

_____Husband (or his attorney)
_____Wife (or her attorney)

Florida Supreme Court Approved Family Law Form 12.994(b), Final Judgment for Support Unconnected with
Dissolution of Marriage with No Dependent or Minor Child(ren) (03/15)

_____Central Depository
_____State Disbursement Unit
_____Other: _____

Florida Supreme Court Approved Family Law Form 12.994(b), Final Judgment for Support Unconnected with Dissolution of Marriage with No Dependent or Minor Child(ren) (03/15)

- 864 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.995(a) PARENTING PLAN (03/15)

## When should this form be used?

A **Parenting Plan** is required in all cases involving **time-sharing** with minor child(ren), even when time-sharing is not in dispute. The Parenting Plan must be developed and agreed to by the parents and approved by the court. If the parties cannot agree to a Parenting Plan or if the parents agreed to a plan that is not approved by the court, a Parenting Plan will be established by the court with or without the use of parenting plan recommendations. This form or a similar form should be used in the development of a Parenting Plan. If the case involves **supervised time-sharing**, the **Supervised/Safety Focused Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(b) or a similar form should be used. If the case involves relocation, pursuant to Section 61.13001, Florida Statutes, then a **Relocation/Long Distance Parenting Plan,** Florida Supreme Court Approved Family Law Form 12.995(c) or a similar form should be used.

This form should be typed or printed in black ink. Please either delete or strike-through terms or paragraphs that are inappropriate or inapplicable to your agreement. If an agreement has been reached, **both** parties must sign the Parenting Plan and have their signatures witnessed by a **notary public** or **deputy clerk**. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where the **petition** was filed and keep a copy for your records. You should then refer to the instructions for your petition, **answer**, or answer and **counterpetition** concerning the procedures for setting a hearing or **trial** (**final hearing**). If the parents have not reached an agreement, a proposed Parenting Plan may be filed by either parent at the time of or any time prior to the final hearing. If an agreed Parenting Plan is not filed by the parties, the court shall establish a Plan.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain

circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.

## Special notes...

At a minimum, the **Parenting Plan** must describe in adequate detail:
- How the parties will share and be responsible for the daily tasks associated with the upbringing of the child(ren),
- The **time-sharing schedule** arrangements that specify the time that the minor child(ren) will spend with each parent,
- A designation of who will be responsible for any and all forms of health care, school-related matters, including the address to be used for school-boundary determination and registration, other activities, and
- The methods and technologies that the parents will use to communicate with the child(ren).

The best interests of the child(ren) is the primary consideration in the Parenting Plan. In creating the Parenting Plan, all circumstances between the parents, including their historic relationship, domestic violence, and other factors must be taken into consideration. Determination of the best interests of the child(ren) shall be made by evaluating all of the factors affecting the welfare and interest of the particular minor child(ren) and the circumstances of that family, as listed in section 61.13(3), Florida Statutes, including, but not limited to:

- The demonstrated capacity and disposition of each parent to facilitate and encourage a close and continuing parent-child relationship, to honor the time-sharing schedule, and to be reasonable

when changes are required;

- The anticipated division of parental responsibilities after the litigation, including the extent to which parental responsibilities will be delegated to third parties;
- The demonstrated capacity and disposition of each parent to determine, consider, and act upon the needs of the child(ren) as opposed to the needs or desires of the parent;
- The length of time the child(ren) has lived in a stable, satisfactory environment and the desirability of maintaining continuity;
- The geographic viability of the parenting plan, with special attention paid to the needs of school-age children and the amount of time to be spent traveling to effectuate the parenting plan. This factor does not create a presumption for or against relocation of either parent with a child(ren);
- The moral fitness of the parents;
- The mental and physical health of the parents;
- The home, school, and community record of the child(ren);
- The reasonable preference of the child(ren), if the court deems the child(ren) to be of sufficient intelligence, understanding, and experience to express a preference;
- The demonstrated knowledge, capacity, and disposition of each parent to be informed of the circumstances of the minor child(ren), including, but not limited to, the child(ren)'s friends, teachers, medical care providers, daily activities, and favorite things;
- The demonstrated capacity and disposition of each parent to provide a consistent routine for the child(ren), such as discipline, and daily schedules for homework, meals, and bedtime;
- The demonstrated capacity of each parent to communicate with and keep the other parent informed of issues and activities regarding the minor child(ren), and the willingness of each parent to adopt a unified front on all major issues when dealing with the child(ren);
- Evidence of domestic violence, sexual violence, child abuse, child abandonment, or child neglect, regardless of whether a prior or pending action relating to those issues has been brought. If the court accepts evidence of prior or pending actions regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect, the court must specifically acknowledge in writing that such evidence was considered when evaluating the best interests of the child(ren);
- Evidence that either parent has knowingly provided false information to the court regarding any prior or pending action regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect;
- The particular parenting tasks customarily performed by each parent and the division or parental responsibilities before the institution of litigation and during the pending litigation, including the extent to which parenting responsibilities were undertaken by third parties;
- The demonstrated capacity and disposition of each parent to participate and be involved in the child(ren)'s school and extracurricular activities;
- The demonstrated capacity and disposition of each parent to maintain an environment for the child(ren) which is free from substance abuse;
- The capacity and disposition of each parent to protect the child(ren) from the ongoing litigation as demonstrated by not discussing the litigation with the child(ren), not sharing documents or electronic media related to the litigation with the child(ren), and refraining from disparaging comments about the other parent to the child)ren); and
- The developmental stages and needs of the child(ren) and the demonstrated capacity and

disposition of each parent to meet the child(ren)'s developmental needs.

This standard form does not include every possible issue that may be relevant to the facts of your case. The Parenting Plan should be as detailed as possible to address the time-sharing schedule. Additional provisions should be added to address all of the relevant factors. The parties should give special consideration to the age and needs of each child.

In developing the Parenting Plan, you may wish to consult or review other materials which are available at your local library, law library or through national and state family organizations.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT
IN AND FOR _____ COUNTY, FLORIDA


Case No: _____

Division: _____


_____
                    Mother
        and
_____
                    Father


# PARENTING PLAN

This parenting plan is: *{Choose only **one**}*

_____A Parenting Plan submitted to the court with the agreement of the parties.

_____A proposed Parenting Plan submitted by or on behalf of:

*{Parent's Name}*_____.

_____A Parenting Plan established by the court.


This parenting plan is: *{Choose only **one**}*

_____A final Parenting Plan established by the court.

_____A temporary Parenting Plan established by the court.

_____A modification of a prior final Parenting Plan or prior final order.


**I.       PARENTS**

**Mother**

Name:_____

Address: _____

Telephone Number: _____

E-Mail: _____

_____ Address Unknown: *{Please indicate here if mother's address is unknown}*

_____ Address Confidential: *{Please indicate here if mother's address and phone numbers are confidential pursuant to either a _____ Final Judgment for Protection Against Domestic Violence, or _____ other court order _____}.*


**Father**

Name:_____

Address: _____

Telephone Number: _____

E-Mail: _____


Florida Supreme Court Approved Family Law Form 12.995(a), Parenting Plan (03/15)

_____ Address Unknown: *{Please indicate here if father's address is unknown}*
_____ Address Confidential: *{Please indicate here if father's address and phone numbers are confidential pursuant to either a _____ Final Judgment for Protection Against Domestic Violence or _____ other court order_____.}*

**II.** **CHILDREN**: This parenting plan is for the following child(ren) born to, or adopted by the parties: (*add additional lines as needed*)

Name                                          Date of Birth

_____
_____
_____
_____
_____

**III.** **JURISDICTION**

The United States is the country of habitual residence of the child(ren).

The State of Florida is the child(ren)'s home state for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act.

This Parenting Plan is a child custody determination for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act, the International Child Abduction Remedies Act, 42 U.S.C. Sections 11601 et seq., the Parental Kidnapping Prevention Act, and the Convention on the Civil Aspects of International Child Abduction enacted at the Hague on October 25, 1980, and for all other state and federal laws.

Other: _____.

**IV.** **PARENTAL RESPONSIBILITY AND DECISION MAKING**

4. **Parental Responsibility *{Choose only one}***

_____ **Shared Parental Responsibility.**
It is in the best interests of the child(ren) that the parents confer and **jointly** make all major decisions affecting the welfare of the child(ren). Major decisions include, but are not limited to, decisions about the child(ren)'s education, healthcare, and other responsibilities unique to this family.

**OR**

_____ **Shared Parental Responsibility with Decision Making Authority**

It is in the best interests of the child(ren) that the parents confer and attempt to agree on the major decisions involving the child(ren).  If the parents are unable to agree, the authority for making major decisions regarding the child(ren) shall be as follows:

Education/Academic decisions                          _____ Mother _____ Father
Non-emergency health care                            _____ Mother _____ Father
Other: {Specify}_____                       _____ Mother _____ Father
_____                      _____ Mother _____ Father
_____                      _____ Mother _____ Father

**OR**

_____    **Sole Parental Responsibility:**
It is in the best interests of the child(ren) that the ____ Mother ____ Father shall have sole authority to make major decisions for the child(ren.) It is detrimental to the child(ren) to have shared parental responsibility.

5. **Day-to-Day Decisions**
Unless otherwise specified in this plan, each parent shall make decisions regarding day-to-day care and control of each child while the child is with that parent.  Regardless of the allocation of decision making in the parenting plan, either parent may make emergency decisions affecting the health or safety of the child(ren) when the child is residing with that parent.  A parent who makes an emergency decision shall share the decision with the other parent as soon as reasonably possible.

6. **Extra-curricular Activities** *{Indicate all that apply}*

a._____Either parent may register the child(ren) and allow them to participate in the activity of the child(ren)'s choice.

b._____The parents must mutually agree to all extra-curricular activities.

c._____    The parent with the minor child(ren) shall transport the minor child(ren) to and/or  from all mutually agreed upon extra-curricular activities, providing all necessary uniforms and equipment within the parent's possession.

d._____    The costs of the extra-curricular activities shall be paid by:
Mother _____%         Father _____ %

e._____    The uniforms and equipment required for the extra-curricular activities shall be paid    by: Mother _____ % Father _____%

     f.\_\_\_\_\_        Other:
        *{Specify}*_____

        _____.

**V.**      **INFORMATION SHARING**.  Unless otherwise indicated or ordered by the Court:

Unless otherwise prohibited by law, each parent shall have access to medical and school records and information pertaining to the child(ren) and shall be permitted to independently consult with any and all professionals involved with the child(ren). The parents shall cooperate with each other in sharing information related to the health, education, and welfare of the child(ren) and they shall sign any necessary documentation ensuring that both parents have access to said records.

Each parent shall be responsible for obtaining records and reports directly from the school and health care providers.

Both parents have equal rights to inspect and receive governmental agency and law enforcement records concerning the child(ren).

Both parents shall have equal and independent authority to confer with the child(ren)'s school, day care, health care providers, and other programs with regard to the child(ren)'s educational, emotional, and social progress.

Both parents shall be listed as "emergency contacts" for the child(ren).

Each parent has a continuing responsibility to provide a residential, mailing, and contact address and contact telephone number to the other parent.  Each parent shall notify the other parent in writing within 24 hours of any changes. Each parent shall notify the court in writing within seven (7) days of any changes.

Other: _____

    _____.

**VI.**      **SCHEDULING**

    1.    **School Calendar**
        If necessary, on or before _____ of each year, both parents should obtain a copy of the school calendar for the next school year. The parents shall discuss the calendars and the time-sharing schedule so that any differences or questions can be resolved.

The parents shall follow the school calendar of: *{Indicate all that apply}*
a._____the oldest child
b._____the youngest child
c._____ _____ County
d._____ _____ School

2. **Academic Break Definition**
   When defining academic break periods, the period shall begin at the end of the last scheduled day of classes before the holiday or break and shall end on the first day of regularly scheduled classes after the holiday or break.

3. **Schedule Changes** *{Indicate all that apply}*

   a._____A parent making a request for a schedule change will make the request as soon as possible, but in any event, except in cases of emergency, no less than _____ _____before the change is to occur.

   b._____A parent requesting a change of schedule shall be responsible for any additional child care, or transportation costs caused by the change.

   c._____Other *{Specify}*_____.

**VII.    TIME-SHARING SCHEDULE**

1. **Weekday and Weekend Schedule**
   The following schedule shall apply beginning on _____ with the _____ Mother _____ Father and continue as follows:

   The child(ren) shall spend time with the **Mother** on the following dates and times:
   WEEKENDS: _____ Every _____ Every Other _____ Other *{specify}* _____
   From_____ to _____
   WEEKDAYS: *{Specify days}* _____
   From _____ to _____
   OTHER: *{Specify}* _____
   _____
   _____.

   The child(ren) shall spend time with the **Father** on the following dates and times:
   WEEKENDS: _____ Every _____ Every Other _____ Other *{specify}*_____
   From_____ to _____
   WEEKDAYS: *{Specify days}* _____

From _____ to _____

OTHER: *{Specify}* _____

_____

_____.

**Please indicate if there is a different time sharing schedule for any child. Complete a separate Attachment for each child for whom there is a different time sharing schedule.**

_____ There is a different time-sharing schedule for the following child(ren) in Attachment _____.

_____, and _____.

(Name of Child)                            (Name of Child)

2. **Holiday Schedule** *{Choose only **one**}*

a. _____No holiday time sharing shall apply. The regular time-sharing schedule set forth above shall apply.

b. _____Holiday time-sharing shall be as the parties agree.

c. _____Holiday time-sharing shall be in accordance with the following schedule. The Holiday schedule will take priority over the regular weekday, weekend, and summer schedules. Fill in the blanks with Mother or Father to indicate where the child(ren) will be for the holidays. Provide the beginning and ending times. If a holiday is not specified as even, odd, or every year with one parent, then the child(ren) will remain with the parent in accordance with the regular schedule

| Holidays | Even Years | Odd Years | Every Year | Begin/End Time |
|---|---|---|---|---|
| Mother's Day | _____ | _____ | _____ | _____ |
| Father's Day | _____ | _____ | _____ | _____ |
| President's Day | _____ | _____ | _____ | _____ |
| M. L. King Day | _____ | _____ | _____ | _____ |
| Easter | _____ | _____ | _____ | _____ |
| Passover | _____ | _____ | _____ | _____ |
| Memorial Day Wkd | _____ | _____ | _____ | _____ |
| 4th of July | _____ | _____ | _____ | _____ |
| Labor Day Wkd | _____ | _____ | _____ | _____ |
| Columbus Day Wkd | _____ | _____ | _____ | _____ |
| Halloween | _____ | _____ | _____ | _____ |
| Thanksgiving | _____ | _____ | _____ | _____ |
| Veteran's Day | _____ | _____ | _____ | _____ |
| Hanukkah | _____ | _____ | _____ | _____ |
| Yom Kippur | _____ | _____ | _____ | _____ |

Rosh Hashanah _____     _____     _____     _____
Child(ren)'s
 Birthdays:     _____     _____     _____     _____
_____     _____     _____     _____     _____
_____     _____     _____     _____     _____

This holiday schedule may affect the regular Time-Sharing Schedule. Parents may wish to specify either or both of the following options:

d._____When the parents are using an alternating weekend plan and the holiday schedule would result in one parent having the child(ren) for three weekends in a row, the parents will exchange the following weekend, so that each has two weekends in a row before the regular alternating weekend pattern resumes.

e._____If a parent has the child(ren) on a weekend immediately before or after an unspecified holiday or non-school day, they shall have the child(ren) for the holiday or non-school day.

3**. Winter Break** *{Choose only **one**}*

a. _____The _____ Mother _____ Father shall have the child(ren) from the day and time school is dismissed until December _____ at _____ a.m./p. m in _____odd-numbered years _____ even-numbered years _____ every year. The other parent will have the children for the second portion of the Winter Break. The parties shall alternate the arrangement each year.

b._____The _____ Mother _____ Father shall have the child(ren) for the **entire** Winter Break during _____ odd-numbered years _____ even-numbered years _____ every year.

c._____Other:  _____
_____
_____.

d**. _____Specific Winter Holidays**
If not addressed above, the specific Winter Holidays such as Christmas, New Year's Eve, Hanukkah, Kwanzaa, etc. shall be shared as follows:
_____
_____
_____
_____.

7.   **Spring Break** *{Choose only **one**}*

a._____The parents shall follow the regular schedule.

b.\_\_\_\_\_The parents shall alternate the entire Spring Break with the Mother having the child(ren) during the \_\_\_\_\_odd-numbered years \_\_\_\_\_even numbered years.

c.\_\_\_\_\_The \_\_\_\_\_ Father \_\_\_\_\_ Mother shall have the child(ren) for the entire Spring Break every year.

d.\_\_\_\_\_The Spring Break will be evenly divided.  The first half of the Spring Break will go to the parent whose regularly scheduled weekend falls on the first half and the second half going to the parent whose weekend falls during the second half.

e.\_\_\_\_\_Other: *{Specify}*_____.

8.  **Summer Break** *{Choose only **one**}*

a.\_\_\_\_\_The parents shall follow the regular schedule through the summer.

b.\_\_\_\_\_The \_\_\_\_\_ Mother \_\_\_\_\_ Father shall have the entire Summer Break from _____after school is out until _____ before school starts.

c.\_\_\_\_\_The parents shall equally divide the Summer Break as follows: During \_\_\_\_\_ odd-numbered years\_\_\_\_\_ even numbered years, the \_\_\_\_\_ Mother \_\_\_\_\_ Father shall have the children from _____ \_after school is out until _____. The other parent shall have the child(ren) for the second one-half of the Summer Break.  The parents shall alternate the first and second one-halves each year unless otherwise agreed.  During the extended periods of time-sharing, the other parent shall have the child(ren) _____.

d.\_\_\_\_\_Other: *{Specify}*_____ _____.

6**.  Number of Overnights:**
Based upon the time-sharing schedule, the Mother has a total of \_\_\_\_\_ overnights per  year and the Father has a total of \_\_\_\_\_ overnights per year.
**Note: The two numbers must equal 365.**

7.  \_\_\_\_\_**If not set forth above,** the parties shall have time-sharing in accordance with  the schedule which is attached and incorporated herein.

**VIII.    TRANSPORTATION AND EXCHANGE OF CHILD(REN)**

6.  **Transportation** *{Choose only **one**}*

a.\_\_\_\_The \_\_\_\_ Mother \_\_\_\_ Father shall provide all transportation.

b. _____The parent beginning their time-sharing shall provide transportation for the child(ren).

c._____The parent ending their time-sharing shall provide transportation for the child(ren).

d._____Other: *{Specify}*_____.

2.    **Exchange**

Both parents shall have the child(ren) ready on time with sufficient clothing packed and ready at the agreed upon time of exchange. If a parent is more than _____ minutes late without contacting the other parent to make other arrangements, the parent with the child(ren) may proceed with other plans and activities.
*{Choose only one}:*

a._____Exchanges shall be at Mother's and Father's homes unless both parents agree to a different meeting place.

b._____Exchanges shall occur at _____
_____ unless both parties agree in advance to a different meeting place.

c._____Other: _____.

3.    **Transportation Costs** *{Choose only **one**}*

a._____Transportation costs are included in the Child Support Worksheets and/or the Order for Child Support and should not be included here.

b._____The Mother shall pay _____% and the Father shall pay _____ % of the transportation costs.

c._____Other: _____.

4.    **Foreign and Out-Of-State Travel** *{Indicate all that apply}*

a._____Either parent may travel within the United States with the child(ren) during his/her time-sharing.  The parent traveling with the child(ren) shall give the other parent at least _____ days written notice before traveling out of state unless there is an emergency, and shall provide the other parent with a detailed itinerary, including

locations and telephone numbers where the child(ren) and parent can be reached at least _____ days before traveling.

b._____Either parent may travel out of the country with the child(ren) during his/her time-sharing.  At least ___ days prior to traveling, the parent shall provide a detailed itinerary, including locations, and telephone numbers where the child(ren) and parent may be reached during the trip.  Each parent agrees to provide whatever documentation is necessary for the other parent to take the child(ren) out of the country.

c._____If a parent wishes to travel out of the country with the child(ren), he/she shall provide the following security for the return of the child

_____
_____.

d._____Other _____.

## IX.    EDUCATION

1.    **School designation.**
For purposes of school boundary determination and registration, the _____ Mother's _____ Father's address shall be designated.

2.    _____ *{If Applicable}* The following provisions are made regarding private or home schooling: _____
_____
_____.

3.    **Other.** _____
_____
_____.

## X.    DESIGNATION FOR OTHER LEGAL PURPOSES

The child(ren) named in this Parenting Plan are scheduled to reside the majority of the time with the _____ Mother _____ Father. This majority designation is **SOLELY** for purposes of all other state and federal laws which require such a designation. **This designation does not affect either parent's rights and responsibilities under this Parenting Plan.**

## XI. COMMUNICATION

1.    **Between Parents**

All communications regarding the child(ren) shall be between the parents. The parents shall not use the child(ren) as messengers to convey information, ask questions, or set up schedule changes.

The parents shall communicate with each other: *{Indicate all that apply}*

_____in person
_____by telephone
_____by letter
_____by e-mail
_____Other: *{Specify}*_____.


2. **Between Parent and Child(ren)**

Both parents shall keep contact information current. Telephone or other electronic communication between the child(ren) and the other parent shall not be monitored by or interrupted by the other parent. "Electronic communication" includes telephones, electronic mail or e-mail, webcams, video-conferencing equipment and software or other wired or wireless technologies or other means of communication to supplement face to face contact.

The child(ren) may have _____ telephone _____ e-mail _____ other electronic communication in the form of _____ with the other parent: *{Choose only **one**}*
    a._____Anytime
    b._____Every day during the hours of _____ to _____.
    c._____On the following days_____
    during the hours of _____ to _____.
    d._____Other: _____.

3. Costs of Electronic Communication shall be addressed as follows:
    _____
    _____
    _____.


**XII.**      **CHILD CARE** *{Choose only **one**}*

    a._____Each parent may select appropriate child care providers
    b._____All child care providers must be agreed upon by both parents.
    c._____Each parent must offer the other parent the opportunity to care for the child(ren) before using a child care provider for any period exceeding _____ hours.
    d._____Other: *{Specify}*_____.

**XIII. CHANGES OR MODIFICATIONS OF THE PARENTING PLAN**

Temporary changes to this Parenting Plan may be made informally without a written document; however, if the parties dispute the change, the Parenting Plan shall remain in effect until further order of the court.

Any substantial changes to the Parenting Plan must be sought through the filing of a supplemental petition for modification.

**XIV.        RELOCATION**

Any relocation of the child(ren) is subject to and must be sought in compliance with section 61.13001, Florida Statutes.

**XV.  DISPUTES OR CONFLICT RESOLUTION**

Parents shall attempt to cooperatively resolve any disputes which may arise over the terms of the Parenting Plan. The parents may wish to use mediation or other dispute resolution methods and assistance, such as Parenting Coordinators and Parenting Counselors, before filing a court action.

**XVI.        OTHER PROVISIONS**

_____
_____
_____
_____
_____
_____
_____.

**SIGNATURE OF PARENTS**

**I certify that I have been open and honest in entering into this Parenting Plan. I am satisfied with this Plan and intend to be bound by it.**

Dated: _____          _____
                                       Signature of Mother
                                       Printed Name: _____
                                       Address: _____
                                       City, State, Zip: _____
                                       Telephone Number: _____
                                       Fax Number: _____

Designated E-mail Address(es):_____
_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____ .

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*{Print, type, or stamp commissioned name of notary or clerk.}*

_____  Personally known
_____  Produced identification
        Type of identification produced _____

**I certify that I have been open and honest in entering into this Parenting Plan.  I am satisfied with this Plan and intend to be bound by it.**

Dated:_____          _____
                                             Signature of Father
                                             Printed Name: _____
                                             Address: _____
                                             City, State, Zip: _____
                                             Telephone Number: _____
                                             Fax Number: _____
                                             Designated E-mail Address(es):_____
                                             _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____ .

_____
NOTARY PUBLIC or DEPUTY CLERK

_____

_____Personally known
_____Produced identification
     Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
[fill in **all** blanks] This form was prepared for the: {choose only **one**} (    ) Mother (    ) Father
This form was completed with the assistance of:
{name of individual} _____,
{name of business} _____,
{address} _____,
{city} _____,{state} _____, {zip code} _____, {telephone number} _____.

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.995(b), SUPERVISED/SAFETY-FOCUSED PARENTING PLAN (03/15)

## When should this form be used?

A **Parenting Plan** is required in all cases involving minor child(ren). This form or a similar form should be used in cases when you feel your child(ren) cannot be safely alone with the other parent or if you believe **shared parental responsibility** presents a detriment to the child(ren). In this case, a Parenting Plan must be developed that allows **time-sharing** with any minor child(ren), while providing protection for the child(ren). If safety or supervised time-sharing is not a concern, **Parenting Plan**, Florida Supreme Court Approved Family Law Form 12.995(a) or a similar form should be used. If the case involves relocation, pursuant to Section 61.13001, Florida Statutes, then **Relocation/Long Distance Parenting Plan,** Florida Supreme Court Approved Family Law Form 12.995(c) or a similar form should be used.

This form should be typed or printed in black ink. If an agreement has been reached, **both** parties must sign the Parenting Plan and have their signatures witnessed by a **notary public** or **deputy clerk**. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where the **petition** was filed and keep a copy for your records. You should then refer to the instructions for your petition, **answer**, or answer and **counterpetition** concerning the procedures for setting a hearing or **trial** (**final hearing**). If the parents have not reached an agreement, a proposed Parenting Plan may be filed by either parent at the time of or any time prior to the final hearing. If an agreed Parenting Plan is not filed by the parties, the court shall establish a Plan.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

## IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

Instructions for Florida Supreme Court Family Law Form 12.995(b), Supervised/Safety-Focused Parenting Plan (03/15)

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

# Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case.

# Special notes...

If you fear that disclosing your address would put you in danger, you should complete a Request for Confidential Filing of Address, Florida Supreme Court Approved Form 12.980(h), file it with the clerk of the circuit court and write confidential in the space provided in the Parenting Plan.

At a minimum, the **Parenting Plan** must describe in adequate detail:
- How the parties will share and be responsible for the daily tasks associated with the upbringing of the child(ren),
  - The **time-sharing schedule** arrangements that specify the time that the minor child(ren) will spend with each parent,
  - A designation of who will be responsible for any and all forms of health care, school-related matters, including the address to be used for school-boundary determination and registration, other activities, and
  - The methods and technologies that the parents will use to communicate with the child(ren).

The best interests of the child(ren) is the primary consideration in the Parenting Plan. In creating the Parenting Plan, all circumstances between the parents, including their historic relationship, domestic violence, and other factors must be taken into consideration. Determination of the best interests of the child(ren) shall be made by evaluating all of the factors affecting the welfare and interest of the

particular minor child(ren) and the circumstances of that family, as listed in section 61.13(3), Florida Statutes, including, but not limited to:

- The demonstrated capacity and disposition of each parent to facilitate and encourage a close and continuing parent-child relationship, to honor the time-sharing schedule, and to be reasonable when changes are required;

- The anticipated division of parental responsibilities after the litigation, including the extent to which parental responsibilities will be delegated to third parties;

- The demonstrated capacity and disposition of each parent to determine, consider, and act upon the needs of the child(ren) as opposed to the needs or desires of the parent;

- The length of time the child(ren) has lived in a stable, satisfactory environment and the desirability of maintaining continuity;

- The geographic viability of the parenting plan, with special attention paid to the needs of school-age children and the amount of time to be spent traveling to effectuate the parenting plan. This factor does not create a presumption for or against relocation of either parent with a child(ren);

- The moral fitness of the parents;

- The mental and physical health of the parents;

- The home, school, and community record of the child(ren);

- The reasonable preference of the child(ren), if the court deems the child(ren) to be of sufficient intelligence, understanding, and experience to express a preference;

- The demonstrated knowledge, capacity, and disposition of each parent to be informed of the circumstances of the minor child(ren), including, but not limited to, the child(ren)'s friends, teachers, medical care providers, daily activities, and favorite things;

- The demonstrated capacity and disposition of each parent to provide a consistent routine for the child(ren), such as discipline, and daily schedules for homework, meals, and bedtime;

- The demonstrated capacity of each parent to communicate with and keep the other parent informed of issues and activities regarding the minor child(ren), and the willingness of each parent to adopt a unified front on all major issues when dealing with the child(ren);

- Evidence of domestic violence, sexual violence, child abuse, child abandonment, or child neglect, regardless of whether a prior or pending action relating to those issues has been brought. If the court accepts evidence of prior or pending actions regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect, the court must specifically acknowledge, in writing that such evidence was considered when evaluating the bests interests of the child(ren);

- Evidence that either parent has knowingly provided false information to the court regarding any prior or pending action regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect;

- The particular parenting tasks customarily performed by each parent and the division or parental responsibilities before the institution of litigation and during the pending litigation, including the extent to which parenting responsibilities were undertaken by third parties;

- The demonstrated capacity and disposition of each parent to participate and be involved in the child(ren)'s school and extracurricular activities;

- The demonstrated capacity and disposition of each parent to maintain an environment for the child(ren) which is free from substance abuse;

- The capacity and disposition of each parent to protect the child(ren) from the ongoing litigation as demonstrated by not discussing the litigation with the child(ren), not sharing documents or electronic media related to the litigation with the child(ren), and refraining from disparaging comments about the other parent to the child)ren); and
- The developmental stages and needs of the child(ren) and the demonstrated capacity and disposition of each parent to meet the child(ren)'s developmental needs.

This standard form does not include every possible issue that may be relevant to the facts of your case. The Parenting Plan should be as detailed as possible to address the time-sharing schedule.  Additional provisions should be added to address all of the relevant factors. The parties should give special consideration to the age and needs of each child.

In developing the Parenting Plan, you may wish to consult or review other materials which are available at your local library, law library or through national and state family organizations.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you.  A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____
                Mother,
    and

_____
            Father.

# SUPERVISED/SAFETY-FOCUSED PARENTING PLAN

This parenting plan is: *{Choose only one}*
_____ A Parenting Plan submitted to the court with the agreement of the parties.
_____ A proposed Parenting Plan submitted by or on behalf of:
      *{Parent's Name}*_____.
_____ A Parenting Plan established by the court.

This parenting plan is: *{Choose only one}*
_____ A final Parenting Plan established by the court.
_____ A temporary Parenting Plan established by the court.
_____ A modification of a prior final Parenting Plan or prior final order.

     **I.**    **PARENTS**
        **Mother**
        Name:_____
        Address:_____
        Telephone Number:_____
        E-Mail:_____
        _____ Address Unknown: *{Please indicate if mother's address is unknown}*
        _____ Address Confidential: *{Please indicate if mother's address and phone numbers are*
        *confidential pursuant to either a _____ Final Judgment for Protection Against Domestic Violence*
        *or other court order _____.}*

        **Father**
        Name:_____
        Address:_____
        Telephone Number: _____
        E-Mail: _____
        _____ Address Unknown*: (Please indicate if father's address is unknown}*
        _____ Address Confidential: *(Please indicate if father's address and telephone numbers are*

*confidential pursuant to either a _____ Final Judgment for Protection Against Domestic Violence or _____ other court order _____.)*

**II. CHILDREN**: This parenting plan is for the following child(ren) born to, or adopted by the parties: *(add additional lines as needed)*

Name                                                            Date of Birth

_____

_____

_____

_____

**III. JURISDICTION**

The United States is the country of habitual residence of the child(ren).

The State of Florida is the child(ren)'s home state for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act.

This Parenting Plan is a child custody determination for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act, the International Child Abduction Remedies Act, 42 U.S.C. Section 11601 et seq., the Parental Kidnapping Prevention Act, and the Convention on the Civil Aspects of International Child Abduction enacted at the Hague on October 25, 1980, and for other state and federal laws.

Other: _____.

**IV. PARENTAL RESPONSIBILITY** *{Choose only **one**}*

_____ **Sole** Parental Responsibility
It is in the best interests of the child(ren) that the_____ Mother _____ Father shall have **sole** authority to make major decisions for the child(ren.)  It is detrimental to the child(ren) for the parents to have shared parental responsibility.

_____ **Shared** Parental Responsibility with Decision Making Authority
It is in the best interests of the child(ren) that the parents confer and attempt to agree on the major decisions involving the child(ren).  If the parents are unable to agree, the authority for making major decisions regarding the child(ren) shall be as follows:

| | | |
|---|---|---|
| Education/Academic decisions | _____ Mother | _____ Father |
| Non-emergency health care | _____ Mother | _____ Father |
| _____ | _____ Mother | _____ Father |
| _____ | _____ Mother | _____ Father |

_____     _____ Mother _____ Father

_____ **Other**: *(Explain)* _____.

## V. TIME SHARING SCHEDULE *{Choose only one}*

_____ **No Time-Sharing:** The _____ Mother _____ Father shall have no contact with the child(ren) until further order of the court. All parenting decisions shall be made by the other parent.

1. _____ **Supervised Time-Sharing:** Whenever the child(ren) are with the _____ Mother _____ Father, the supervisor shall be present. The _____ Mother _____ Father has the right to spend time with the child(ren) even though the other parent will be making most, if not all, of the parenting decisions which are made on the child(ren)'s behalf. The time-sharing schedule shall be mutually agreed to between the parents, but not less than the schedule set forth below: *{Choose only one}*

   _____ hours per week. The place(s), and time(s) shall be set by the _____ Mother _____ Father.

   _____ From _____ __m. to _____ __ m., on the following day(s) _____ _____.

2. _____ **Restricted Time-Sharing:** The _____ Mother _____ Father shall have time-sharing with the following restrictions. *{The restrictions should be described in detail such as time-sharing only in public places, no overnight visits, etc.}* The time-sharing schedule shall be mutually agreed upon between the parents, but not less than the schedule set forth below:_____ _____ _____ _____.

3. _____ hours per week. The place(s), and time(s) shall be set by the _____ Mother _____ Father.

4. _____ Other: _____.

## VI. SUPERVISOR AND SUPERVISION *{Choose only one}*

1. **Supervisor.** The person supervising the time-sharing shall: *{Choose only one}*
   _____ Be selected by the _____ Mother _____ Father.

_____ Be selected by the _____ Mother _____ Father, subject to the other parent's approval.

_____ Other: _____.

2. **Restrictions or Level of Supervision**: _____
_____
_____ .

3. **Costs of Supervision**
_____The costs of the supervision shall be paid by the _____ Mother _____ Father

_____Other: _____.

VII. **LOCATION:** *{Choose only one}*

The _____ Mother _____ Father shall spend his/her time-sharing with the child(ren) at the following location(s):

1. _____Supervised visitation center (*name and address of facility)* _____
_____.

2._____ _____ (*location*) or other location designated by the _____ Mother _____ Father

3._____Any location designated by the _____ Mother _____ Father with the approval of the supervisor.

4._____Other: _____ .

VIII. **DESIGNATION FOR OTHER LEGAL PURPOSES**

1. The child(ren) named in this Safety-Focused Parenting Plan are scheduled to reside the majority of the time with the _____ Mother _____Father. This majority designation is **SOLELY** for purposes of all other state and federal statutes which require such a designation. **This designation does not affect either parent's rights and responsibilities under this parenting plan.**

2. For purposes of school boundary determination and registration, the _____ Mother's _____ Father's address shall be designated.

**IX. TRANSPORTATION AND EXCHANGE OF CHILD(REN)**

1. **Transportation**
   The child(ren) shall not be driven in a car unless the driver has a valid driver's license, automobile insurance, seat belts, and child safety seats as required by Florida law.

   The _____ Mother _____ Father or mutually agreed upon person shall be responsible for transporting the child(ren) to the exchange point.  The child(ren) shall be picked up and/or returned to the exchange point by *{Choose only one}*

   _____ The _____ Mother _____ Father with the supervisor present.

   _____ The supervisor alone.

   _____ Other: _____.

2. **Exchange**

   The exchange of the child(ren) shall occur at: *{Indicate all that apply}*

   a._____ The site of the supervised visit.

   b._____ A monitored exchange location *{specify name and address of facility}*_____
   _____.

   c._____ Other: _____.

   d._____ The _____ Mother _____ Father is prohibited from coming to the exchange point.

**X.  COMMUNICATION**

1. **Between Parents**
   All communications regarding the child(ren) shall be between the parents.  The parents shall not use the child(ren) as messengers to convey information, ask questions, or set up schedule changes.

   _____The parents shall communicate with each other: *{Indicate all that apply}*
   _____in person
   _____by telephone
   _____by letter
   _____by e-mail
   _____Other: *{Specify]* _____.

_____ **No Communication**. Unless otherwise prohibited by court order, all information and communication regarding the child(ren) shall be exchanged via or through

_____.

2. **Between Parent and Child(ren)**

The _____ Mother _____ Father *{Indicate all that apply}*

a._____Shall not telephone, write, or e-mail the child(ren) unless the contact is agreed to in advance by the other parent.

b._____May write or e-mail the child(ren) at any time. Each parent shall provide a contact address (and e-mail address if appropriate) to the other parent, unless other prohibited by court order.

c._____May call the child(ren) on the telephone _____ times per week. The call shall last no more than _____ minutes and shall take place between _____ __m. and _____ __ m. Each parent shall provide a telephone number to the other parent, unless otherwise prohibited by court order or law.

d._____ Long distance telephone calls made by the child(ren) to a parent shall be paid by _____. Each parent shall provide a telephone number to the other parent, unless otherwise prohibited by court order or law.

e._____Other: _____.

3. **Costs of Electronic Communication**

"Electronic communication" includes telephones, electronic mail or e-mail, webcams, video-conferencing equipment and software or other wired or wireless technologies or other means of communication to supplement face-to face contact.

The costs of electronic communication shall be addressed as follows:
_____
_____
_____.

**XI. ACCESS TO ACTIVITIES AND EVENTS**

The _____ Mother _____ Father *{Choose only one}*

1.\_\_\_\_\_Shall not attend the child(ren)'s activities and events, including but not limited to, school, athletic, and extra-curricular activities and events.

2.\_\_\_\_\_May attend the child(ren)'s school, athletic, and extra-curricular activities and events.

3.\_\_\_\_\_The \_\_\_\_\_ Mother \_\_\_\_\_ Father must stay \_\_\_\_\_ feet from the other parent and \_\_\_\_\_ feet from the child.

4.\_\_\_\_\_ Other _____.

## XII.  CHILD(REN)'S  SAFETY

The \_\_\_\_\_ Mother \_\_\_\_\_ Father shall follow the safety rules checked below.
*(Indicate all that apply*)

1.\_\_\_\_\_There shall be no firearms in the home, car, or in the child(ren)'s presence during time-sharing.

2. \_\_\_\_\_No alcoholic beverages shall be consumed from twenty-four (24) hours before the child(ren) arrive until they are returned to the other parent.

3.\_\_\_\_\_The child(ren) shall not be disciplined by corporal punishment.

4.\_\_\_\_\_The following person(s) present a danger to the child(ren) and shall not be present during time-sharing: _____ _____.

5.\_\_\_\_\_Other: _____.

## XIII.  CHANGES OR MODIFICATIONS OF THE PARENTING PLAN

All changes to the Safety-Focused Parenting Plan must be pursuant to a court order.

## XIV.  OTHER PROVISIONS

_____ _____ _____ _____ _____ _____.

**SIGNATURES OF PARENTS**

**I certify that I have been open and honest in entering into this Parenting Plan. I am satisfied with this Plan and intend to be bound by it.**

Dated: _____      _____

Signature of Mother

Printed Name: _____

Address: _____

City, State, Zip: _____

Telephone Number: _____

Fax Number: _____

Designated E-mail Address(es):_____

_____

STATE OF FLORIDA

COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.

_____

NOTARY PUBLIC or DEPUTY CLERK

_____

*{Print, type, or stamp commissioned name of notary or clerk}*

_____ Personally known

_____ Produced identification
    Type of identification produced _____

**I certify that I have been open and honest in entering into this Parenting Plan.  I am satisfied with this Plan and intend to be bound by it.**

Dated: _____     _____
                                         Signature of Father

                                         Printed Name: _____

                                         Address: _____

                                         City, State, Zip: _____

                                         Telephone Number: _____

                                         Fax Number: _____

                                         Designated E-mail Address(es):_____

                                         _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by _____.


                                         _____

                                         NOTARY PUBLIC or DEPUTY CLERK


                                         _____

                                         *{Print, type, or stamp commissioned name of notary or clerk.}*

_____ Personally known
_____ Produced identification
Type of identification produced _____


**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:**
 [fill in **all** blanks] This form was prepared for the: *{choose only one}* (   ) Mother (   ) Father.
This form was completed with the assistance of:
*{name of individual}* _____,
*{name of business}* _____,
*{address}* _____,
*{city}* _____,*{state}* _____, *{zip code}*_____,*{telephone number}* _____.

Florida Supreme Court Family Law Form 12.995(b), Supervised/Safety-Focused Parenting Plan  (03/15)
- 895 -

# INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.995(c)
# RELOCATION/LONG DISTANCE PARENTING PLAN (03/15)

## When should this form be used?

A **Parenting Plan** is required in all cases involving **time-sharing** with minor child(ren), even when time-sharing is not in dispute. The Parenting Plan must be developed and agreed to by the parents and every other person entitled to access or time-sharing with the child(ren) and approved by the court. "Other Person" means an individual who is not the parent, but with whom the child resides pursuant to court order, or who has the right of access to, time-sharing with or visitation with the child(ren). If the parties cannot agree to a Parenting Plan or if the parents agreed to a Plan that is not approved by the court, a Parenting Plan will be established by the court with or without the use of Parenting Plan Recommendations.

This form or a similar form should be used in the development of a Parenting Plan when you are planning to relocate your or the child(ren)'s principal residence more than 50 miles from the principal place of residence:

- at the time of the last order either establishing or modifying time-sharing, or
- at the time of filing the pending action to either establish or modify time-sharing

This form should be typed or printed in black ink. If an agreement has been reached, **both** parties must sign the Parenting Plan and have their signatures witnessed by a **notary public** or **deputy clerk**. After completing this form, you should **file** the original with the **clerk of the circuit court** in the county where the **petition** was filed and keep a copy for your records. You should then refer to the instructions for your petition, **answer**, or answer and **counterpetition** concerning the procedures for setting a hearing or **trial** (**final hearing**). If an agreed Parenting Plan is not filed by the parties, the Court shall establish a Plan.

## IMPORTANT INFORMATION REGARDING E-FILING

The Florida Rules of Judicial Administration now require that all petitions, pleadings, and documents be filed electronically except in certain circumstances. **Self-represented litigants may file petitions or other pleadings or documents electronically; however, they are not required to do so.** If you choose to file your pleadings or other documents electronically, you must do so in accordance with Florida Rule of Judicial Administration 2.525, and you must follow the procedures of the judicial circuit in which you file. **The rules and procedures should be carefully read and followed.**

Instructions for Florida Supreme Court Approved Family Law Form 12.995(c), Relocation/Long Distance Parenting Plan (03/15)

# IMPORTANT INFORMATION REGARDING E-SERVICE ELECTION

After the initial service of process of the petition or supplemental petition by the Sheriff or certified process server, the Florida Rules of Judicial Administration now require that all documents required or permitted to be served on the other party must be served by electronic mail (e-mail) except in certain circumstances. **You must strictly comply with the format requirements set forth in the Rules of Judicial Administration.**

**SELF-REPRESENTED LITIGANTS MAY SERVE DOCUMENTS BY E-MAIL; HOWEVER, THEY ARE NOT REQUIRED TO DO SO.** If a self-represented litigant elects to serve and receive documents by e-mail, the procedures must always be followed once the initial election is made.

To serve and receive documents by e-mail, you must designate your e-mail addresses by using the **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915, and you must provide your e-mail address on each form on which your signature appears. Please **CAREFULLY** read the rules and instructions for: **Certificate of Service (General),** Florida Supreme Court Approved Family Law Form 12.914; **Designation of Current Mailing and E-mail Address**, Florida Supreme Court Approved Family Law Form 12.915; and Florida Rule of Judicial Administration 2.516.

## Where can I look for more information?

**Before proceeding, you should read "General Information for Self-Represented Litigants" found at the beginning of these forms.** The words that are in **"bold underline"** in these instructions are defined there. For further information, see chapter 61, Florida Statutes, and the instructions for the petition and/or answer that were filed in this case

## Special notes...

At a minimum, the **Relocation/Long Distance Parenting Plan** must describe in adequate detail:
- How the parties will share and be responsible for the daily tasks associated with the upbringing of the child(ren),
- The **time-sharing schedule** that specifies the time that the minor child(ren) will spend with each parent and every other person entitled to access or time-sharing,
- A designation of who will be responsible for any and all forms of health care, school-related matters, including the address to be used for school-boundary determination and registration, other activities,
- The methods and technologies that the parties will use to communicate with the child(ren), and
- Any transportation arrangements related to access or time-sharing.

Instructions for Florida Supreme Court Approved Family Law Form 12.995(c), Relocation/Long Distance Parenting Plan (03/15)

The best interests of the child(ren) is the primary consideration in the Parenting Plan. In creating the Parenting Plan, all circumstances between the parties, including the parties' historic relationship, domestic violence, and other factors must be taken into consideration.  Determination of the best interests of the child(ren) shall be made by evaluating all of the factors affecting the welfare and interest of the particular minor child(ren) and the circumstances of the family as listed in section 61.13(3), Florida Statutes, including, but not limited to:

- The demonstrated capacity and disposition of each party to facilitate and encourage a close and continuing parent-child relationship, to honor the time-sharing schedule, and to be reasonable when changes are required;
- The anticipated division of parental responsibilities after the litigation, including the extent to which parental responsibilities will be delegated to third parties;
- The demonstrated capacity and disposition of each party to determine, consider, and act upon the needs of the child(ren) as opposed to the needs or desires of the parent;
- The length of time the child(ren) has lived in a stable, satisfactory environment and the desirability of maintaining continuity;
- The geographic viability of the parenting plan, with special attention paid to the needs of school-age children and the amount of time to be spent traveling to effectuate the parenting plan.  This factor does not create a presumption for or against relocation of either party with a child(ren);
- The moral fitness of the parties;
- The mental and physical health of the parties;
- The home, school, and community record of the child(ren);
- The reasonable preference of the child(ren), if the court deems the child(ren) to be of sufficient intelligence, understanding, and experience to express a preference;
- The demonstrated knowledge, capacity, and disposition of each party to be informed of the circumstances of the minor child(ren), including, but not limited to, the child(ren)'s friends, teachers, medical care providers, daily activities, and favorite things;
- The demonstrated capacity and disposition of each party to provide a consistent routine for the child(ren), such as discipline, and daily schedules for homework, meals, and bedtime;
- The demonstrated capacity of each party to communicate with and keep the other part(y)ies informed of issues and activities regarding the minor child(ren), and the willingness of each party to adopt a unified front on all major issues when dealing with the child(ren);
- Evidence of domestic violence, sexual violence, child abuse, child abandonment, or child neglect, regardless of whether a prior or pending action relating to those issues has been brought. If the court accepts evidence of prior or pending actions regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect, the court must specifically acknowledge in writing that such evidence was considered when evaluating the best interests of the child(ren);
- Evidence that any party has knowingly provided false information to the court regarding any prior or pending action regarding domestic violence, sexual violence, child abuse, child abandonment, or child neglect;

Instructions for Florida Supreme Court Approved Family Law Form 12.995(c), Relocation/Long Distance Parenting Plan (03/15)

- 898 -

- The particular parenting tasks customarily performed by each patty and the division of parental responsibilities before the institution of litigation and during the pending litigation, including the extent to which parenting responsibilities were undertaken by third parties;
- The demonstrated capacity and disposition of each party to participate and be involved in the child(ren)'s school and extracurricular activities;
- The demonstrated capacity and disposition of each party to maintain an environment for the child(ren) which is free from substance abuse;
- The capacity and disposition of each party to protect the child(ren) from the ongoing litigation as demonstrated by not discussing the litigation with the child(ren), not sharing documents or electronic media related to the litigation with the child(ren), and refraining from disparaging comments about any other party to the child)ren); and
- The developmental stages and needs of the child(ren) and the demonstrated capacity and disposition of each party to meet the child(ren)'s developmental needs.

This standard form does not include every possible issue that may be relevant to the facts of your case. The Parenting Plan should be as detailed as possible to address the time-sharing schedule. Additional provisions should be added to address all of the relevant factors. The parties should give special consideration to the age and needs of each child.

In developing the Parenting Plan, you may wish to consult or review other materials which are available at your local library, law library or through national and state family organizations.

Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of a **Disclosure from Nonlawyer**, Florida Family Law Rules of Procedure Form 12.900 (a), before he or she helps you. A nonlawyer helping you fill out these forms also **must** put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.

Instructions for Florida Supreme Court Approved Family Law Form 12.995(c), Relocation/Long Distance Parenting Plan (03/15)

- 899 -

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

Case No: _____
Division: _____

_____,
                    Petitioner,

And

_____,
                    Respondent.

# RELOCATION/LONG-DISTANCE PARENTING PLAN

This parenting plan is: *{Choose only **one**}*

_____ A Parenting Plan submitted to the court with the agreement of the parties.

_____ A proposed Parenting Plan submitted by or on behalf of:
*{Name of Parent or Other Person}*_____.

_____ A Parenting Plan established by the court.

This parenting plan is: *{Choose only **one**}*

_____ A final Parenting Plan established by the court.

_____ A temporary Parenting Plan established by the court.

_____ A modification of a prior final Parenting Plan or prior final order.

**I. PARTIES**

**Mother**

Name:_____

Address: _____

Telephone Number: _____

E-Mail: _____

**Father**

Name:_____

Address: _____

Telephone Number: _____

E-Mail: _____

**Other Person *{If Applicable}***

Name:_____

Address:_____

Telephone Number_____

E-mail:_____

**II**.    **CHILDREN**: This parenting plan is for the following child(ren):
   *{Add additional lines as needed}*

| Name(s) | Birth Date(s) |
|---|---|

_____
_____
_____
_____
_____

**III.**   **JURISDICTION**

The United States is the country of habitual residence of the child(ren).

The State of Florida is the child(ren)'s home state for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act.

This Parenting Plan is a child custody determination for the purposes of the Uniform Child Custody Jurisdiction and Enforcement Act, the International Child Abduction Remedies Act, 42 U.S.C. Sections 11601 et seq., the Parental Kidnapping Prevention Act, and the Convention on the Civil Aspects of International Child Abduction enacted at the Hague on October 25, 1980, and for all other state and federal laws.

Other: _____.

**IV**.   **PARENTAL RESPONSIBILITY AND DECISION MAKING**

   1.  **Parental Responsibility** *{Choose only one}*

   _____   **Shared** Parental Responsibility.
        It is in the best interests of the child(ren) that the parties confer and **jointly** make all major decisions affecting the welfare of the child(ren). Major decisions include, but are not limited to, decisions about the child(ren)'s education, healthcare, and other responsibilities unique to this family.

   _____   **Shared Parental** Responsibility with Decision Making Authority
        It is in the best interests of the child(ren) that the parties confer and attempt to agree on the major decisions involving the child(ren).  If the parties are unable to agree, the authority for making major decisions regarding the child(ren) shall be as follows:

        Education/Academic decisions    ____ Mother ____ Father ____ Other Person
        Non-emergency health care       ____ Mother   ____ Father ____ Other Person
        _____ _____ Mother ____ Father ____ Other Person
        _____ ____ Mother   ____ Father ____ Other Person

_____ _____ Mother _____ Father _____ Other Person

_____　　　**Sole** Parental Responsibility:
　　　　　It is in the best interests of the child(ren) that the _____ Mother _____ Father _____ Other Person shall have sole authority to make major decisions for the child(ren.) It is detrimental to the child(ren) for the parties to share decision making.

2.　**Day-to-Day Decisions**
　　Unless otherwise specified in this plan, each party shall make decisions regarding day-to-day care and control of each child, including the performance of daily tasks, while the child is with that party.  Regardless of the allocation of decision making in the Parenting Plan, any party may make emergency decisions affecting the health or safety of the child(ren) when the child is residing with that party.  A party who makes an emergency decision shall share the decision with the other party as soon as reasonably possible.

3.　**Extracurricular Activities** *(Indicate all that apply)*

　i._____　Any party may register the child(ren) and allow them to participate in the activity of the child(ren)'s choice.

　ii.　　_____　The parties must mutually agree to all extracurricular activities.

　c. _____　　The party with the minor child(ren) shall transport the minor child(ren) to and/or from all mutually agreed upon extra-curricular activities, providing all necessary uniforms and equipment within the party's possession.

　d. _____　　The costs of the extracurricular activities shall be paid by:
　　　　Mother _____%  Father _____ %

　e. _____　　The uniforms and equipment required for the extracurricular activities shall be paid by:
　　　　Mother _____ %　　Father _____%

　f. _____　　Other: _____ .

**V.　　INFORMATION SHARING**.  **Unless Otherwise Indicated or Ordered by the Court**:

　1.  Unless otherwise prohibited by law, the parties shall have access to medical and school records, and information pertaining to the child(ren), and shall be permitted to independently consult with any and all professionals involved with the child(ren). The parties shall cooperate with each other in sharing information related to the health, education, and welfare of the child(ren) and they shall sign any necessary documentation ensuring that all parties have access to said records.

　2. Each party shall be responsible for obtaining records and reports directly from the school and health care providers.

Florida Supreme Court Approved Family Law Form 12.995(c), Relocation/Long Distance Parenting Plan (03/15)

3. The parties have equal rights to inspect and receive governmental agency and law enforcement records concerning the child(ren).

4. The parties shall have equal and independent authority to confer with the child(ren)'s school, day care, health care providers, and other programs with regard to the child(ren)'s educational, emotional, and social progress.

5. The parties shall be listed as "emergency contacts" for the child(ren).

6. Each party has a continuing responsibility to provide a residential and mailing address, and contact telephone number (s) to the other parties. Each party shall notify the other parties in writing within 24 hours of any changes. Each party shall notify the court in writing within seven (7) days of any changes.

7. Other: _____
_____.

## VI.    SCHEDULING

1. **School Calendar**
a.  If necessary, on or before _____ of each year, the parties should obtain a copy of the school calendar for the next school year. The parties shall discuss the calendars and the time-sharing schedule so that any differences or questions can be resolved.

b.  The parties shall follow the school calendar of: *{Indicate **all** that apply}*
_____    the oldest child
_____    the youngest child
_____    _____ County
_____    _____ School

2. **Academic Break Definition**
When defining academic break periods, the period shall begin at the end of the last scheduled day of classes before the holiday or break and shall end on the first day of regularly scheduled classes after the holiday or break.

3. **Schedule Changes** *{Indicate **all** that apply}*

    1.  _____    A party making a request for a schedule change will make the request as soon as possible, but in any event, except in cases of emergency, no less than _____ before the change is to occur.

    2.  _____    A party requesting a change of schedule shall be responsible for any additional child care, or transportation costs caused by the change.

    3.  _____    Other _____.

**VII. TIME-SHARING SCHEDULE**

1. **Weekday and Weekend Schedule**
   The following schedule shall apply beginning on _____ with the
   _____ Mother _____ Father _____ *{If Applicable}* Other Person and continue as follows:

   The child(ren) shall spend time with the **Mother** on the following dates and   times:
   **WEEKENDS**: _____ Every _____ Every Other _____ Other *{Specify}* :
   _____
   From _____ to _____
   WEEKDAYS: *{Specify days}* _____
   From _____ to _____
   **OTHER**: *{Specify}* _____
   _____
   _____

   The child(ren) shall spend time with the **Father** on the following dates and times:
   **WEEKENDS**: _____ Every _____ Every Other _____ Other *{Specify}***:**
   _____
   From_____ to _____
   **WEEKDAYS**: *{Specify days}* _____
   From _____ to _____
   **OTHER:** *{Specify}* _____
   _____
   _____

   The child(ren) shall spend time with the **Other Person** *{If Applicable}* on the following
   dates and times:
   **WEEKENDS:** _____ Every _____ Every Other _____ Other *{Specify}* :
   _____
   From _____to _____
   **WEEKDAYS:** *{Specify Days}*_____
   From _____to _____
   **OTHER:** *{Specify}* _____
   _____
   _____

   **Please indicate if there is a different time sharing schedule for any child. Complete a
   separate Attachment for each child for whom there is a different time sharing schedule.**

   _____ There is a different time-sharing schedule for the following child(ren) in
   Attachment _____.
   _____, and _____.
           *{Name of* Child*}*                            *{Name of Child}*

2. **Holiday Schedule** *{Choose only **one**}*

a. _____No holiday time sharing shall apply. The regular time-sharing schedule set forth above shall apply.

b. _____Holiday time-sharing shall be as the parties agree.

c. _____Holiday time-sharing shall be in accordance with the following schedule. The Holiday schedule will take priority over the regular weekday, weekend, and summer schedules. Fill in the blanks with Mother, Father, or *{If Applicable}* Other Person to indicate where the child(ren) will be for the holidays. Provide the beginning and ending times. If a holiday is not specified as even, odd, or every year with one party, then the child(ren) will remain with the other party in accordance with the regular schedule

| Holidays | Even Years | Odd Years | Every Year | Begin/End Time |
|---|---|---|---|---|
| Mother's Day | _____ | _____ | _____ | _____ |
| Father's Day | _____ | _____ | _____ | _____ |
| President's Day | _____ | _____ | _____ | _____ |
| Martin Luther King Day | _____ | _____ | _____ | _____ |
| Easter | _____ | _____ | _____ | _____ |
| Passover | _____ | _____ | _____ | _____ |
| Memorial Day Weekend | _____ | _____ | _____ | _____ |
| 4th of July | _____ | _____ | _____ | _____ |
| Labor Day Weekend | _____ | _____ | _____ | _____ |
| Columbus Day Weekend | _____ | _____ | _____ | _____ |
| Halloween | _____ | _____ | _____ | _____ |
| Thanksgiving | _____ | _____ | _____ | _____ |
| Veteran's Day | _____ | _____ | _____ | _____ |
| Hanukkah | _____ | _____ | _____ | _____ |
| Yom Kippur | _____ | _____ | _____ | _____ |
| Rosh Hashanah | _____ | _____ | _____ | _____ |
| Child(ren)'s Birthdays | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ |

This holiday schedule may affect the regular time-sharing schedule. Parties may wish to specify one or more of the following options:

d_____ When the parties are using an alternating weekend plan and the holiday schedule would result in one party having the child(ren) for three weekends in a row, the parties will exchange the following weekend, so that each has two weekends in a row before the regular alternating weekend pattern resumes.

e. _____ If a party has the child(ren) on a weekend immediately before or after an unspecified holiday or non-school day, they shall have the child(ren) for the holiday or non-school day.

3. **Winter Break** *{choose only one}*

a. _____ The _____ Mother _____ Father _____ *{If Applicable}* Other Person shall have the child(ren) from the day and time school is dismissed until December _____ at _____ a.m./p. m in _____odd-numbered years _____ even-numbered years _____ every year. The other party will have the child(ren) for the second portion of the Winter Break. The parties shall alternate the arrangement each year.

b._____ The _____ Mother _____ Father _____ *{If Applicable}* Other Person shall have the child(ren) for the entire Winter Break during _____ odd-numbered years _____ even-numbered years _____ every year

c._____ Other:_____
_____
_____

4. **Specific Winter Holidays**
If not addressed above, the specific Winter Holidays such as Christmas, New Year's Eve, Hanukkah, Kwanzaa, etc. shall be shared as follows:
_____
_____
_____
_____.

5. **Spring Break** *{Choose only **one**}*

a. _____The parties shall follow the regular schedule.

b. _____The parties shall alternate the entire Spring Break with the _____ Mother _____ Father _____ *{If Applicable}* Other Person having the child(ren) during the _____ odd-numbered _____ even-numbered years

c. _____The _____ Father _____ Mother _____ *{If Applicable}* Other Person shall have the child(ren) for the entire Spring Break every year.

d. _____The Spring Break will be evenly divided. The first half of the Spring Break will go to the party whose regularly scheduled weekend falls on the first half and the second half going to the party whose weekend falls during the second half.

e. _____Other: _____.

Florida Supreme Court Approved Family Law Form 12.995(c), Relocation/Long Distance Parenting Plan (03/15)

6. **Summer Break** *{Choose only **one**}*

a. \_\_\_\_\_ The parents shall follow the regular schedule through the summer.

b. \_\_\_\_\_ The \_\_\_\_\_ Mother \_\_\_\_\_ Father \_\_\_\_\_ *{If Applicable}* Other Person shall have the entire Summer Break from _____after school is out until _____ before school starts.

c. \_\_\_\_\_ The parties shall equally divide the Summer Break as follows:
_____
_____
_____
_____

d. \_\_\_\_\_ Other:
_____
_____.

7. **Number of Overnights:**

Based upon the time-sharing schedule, the Mother has a total of \_\_\_\_\_ overnights per year, the Father has a total of \_\_\_\_ overnights per year and *{If Applicable}* the Other Person has a total of \_\_\_\_\_ overnights per year. **Note: The total of these numbers must equal 365.**

8. **Attached Time-Sharing Schedule:**

\_\_\_\_\_**If not set forth above,** the parties shall have time-sharing in accordance with the schedule which is attached as Attachment _____and incorporated herein.

**VIII.    TRANSPORTATION AND EXCHANGE OF CHILD(REN)**

1. The parties shall have the child(ren) ready on time with sufficient clothing packed and ready at the agreed upon time of exchange. All necessary information and medicines will accompany the child(ren).

2. The parties shall exchange travel information and finalize travel plans at least _____days in advance of the date of travel. Except in cases of emergency, any party requesting a change of travel plans after the date of finalization shall be solely responsible for any additional costs.

3. **Automobile Transportation and Exchange** *{Choose only one}*
If a party is more than \_\_\_\_\_minutes late without contacting the other party to make other arrangements, the party with the child(ren) may proceed with other plans and activities.

a._____ The _____ Mother _____ Father _____ *{If Applicable}* Other Person shall provide all transportation.

b. _____ The _____ Mother _____ Father _____ *{If Applicable}* Other Person shall pick up the child(ren) at the beginning of the visit and the other party shall pick up the child(ren) at the end of the visit. The exchange shall take place:
_____ At the parties' homes unless otherwise agreed
_____ At the following location unless the parties agree in advance to a different location:*{specify}*_____.
_____ The parties shall meet at the following central location:
*{specify}*_____
_____.

c. _____Other:_____.

4. **Airplane and Other Public Transportation and Exchange**

Airline regulations govern the age at which a child may fly unescorted. An older child or children may fly under such regulations as each airline may establish.

a._____ Until a child reaches the age of _____, the parties agree that the child(ren) shall take a direct flight and/or fly accompanied by:
_____.

b._____ Once a child reaches the age of _____, the child shall be permitted to fly accompanied by an airline employee.

c._____ Once a child reaches the age of _____, the child shall be permitted to fly unescorted.

d._____ Other:
_____.

Airline reservations should be made well in advance and preferably, non-stop or direct.

All flight information shall be sent to the other party(ies) at least _____days in advance of the flight by the party purchasing the tickets.

If the child(ren) are flying accompanied by a party, the party picking up the child(ren) shall exchange the child(ren) with the other party at_____ and the party returning the child(ren) shall exchange the children at _____.
If the exchange is to be made at the airport, the party flying in to pick up or drop off the child(ren) from/to the airport must notify the other party of any flight delays.

Unless otherwise agreed in advance, the party taking the child(ren) to the airport must call the other party(ies) immediately upon departure to notify the other party(ies) that the child(ren) is/are arriving, and the party who meets the child(ren) must immediately notify the other party(ies) upon the child(ren)'s arrival.

5. **Costs of Airline and Other Public Transportation** *{Indicate all that apply}*

    a. _____Ticket Purchase *{If Applicable}*:
    The parties shall work together to purchase the most convenient and least expensive tickets.

    After consultation among the parties, it shall be the responsibility of _____ to purchase the tickets by *{date}* _____.
    All parties entitled to access to, or time-sharing with the child(ren) shall be notified of the purchase by *{date}*_____.

    Proof of the purchase and a copy of the itinerary (choose only **one**) [   ] shall be provided to all parties by *{date}*_____[   ] shall not be provided.

    Unless otherwise agreed or in the case of an unavoidable emergency, any costs incurred by a missed travel connection shall be the sole responsibility of the party who failed to timely deliver the child(ren) to the missed connection.

    b. _____Transportation costs are included in the Child Support Worksheets and/or the Order for Child Support and should not be included here.

    c. _____Mother shall pay _____%  Father shall pay _____% of the transportation costs.

    d. _____Mother shall pay _____% Father shall pay _____% of the transportation costs for an adult to accompany the child(ren) during travel.

    e. _____If the parties are sharing travel costs, the non-purchasing party shall reimburse the other party within _____days of receipt of documentation establishing the travel costs.

    f. _____Other:_____.

6. **Foreign and Out-Of-State Travel** *{Indicate **all** that apply}*

    a. _____          The parties may travel within the United States with the child(ren) during his/her time-sharing.  The party traveling with the child(ren) shall give the other party(ies) at least _____ days written notice before traveling out of state unless there is an emergency, and shall provide the other party(ies) with a detailed

itinerary, including locations and telephone numbers where the child(ren) and party can be reached at least _____ days in advance of the date of travel.

b. _____A party may travel out of the country with the child(ren) during his/her time-sharing. At least _____ days in advance of the date of travel, the party shall provide a detailed itinerary, including locations, and telephone numbers where the child(ren) and party may be reached during the trip. Each party agrees to provide whatever documentation is necessary for the other party(ies) to take the child(ren) out of the country.

c. _____If a party wishes to travel out of the country with the child(ren), he/she shall provide the following security for the return of the child _____ _____.

d. _____Other_____.

7. **Other Travel and Exchange Arrangements:** _____
_____
_____

## IX. EDUCATION

4. **School designation.** For purposes of school boundary determination and registration, the _____ Mother's _____ Father's _____ *{If Applicable}* Other Person's address shall be designated.

5. *{If Applicable}* The following provisions are made regarding private or home schooling:
_____
_____
_____.

6. **Other.** _____
_____
_____.

## X. DESIGNATION FOR OTHER LEGAL PURPOSES

The child(ren) named in this Parenting Plan are scheduled to reside the majority of the time with the _____ Mother _____ Father _____ *{If Applicable}* Other Person. This majority designation is **SOLELY** for purposes of all other state and federal laws which require such a designation. **This designation does not affect the rights or responsibilities of any party under this Parenting Plan.**

## XI. COMMUNICATION

4. **Between Parties**

All communications regarding the child(ren) shall be between the parties. The parties shall not use the child(ren) as messengers to convey information, ask questions, or set up schedule changes.

The parties shall communicate with each other by: {Indicate **all** that apply}
_____ in person
_____ by telephone
_____ by letter
_____ by e-mail
_____ Other:_____.

5. **Between Parties and Child(ren)**

The parties shall keep contact information current. Telephone or other electronic communication between the child(ren) and another party shall not be monitored by or interrupted by the other party. "Electronic communication" includes telephones, electronic mail or e-mail, webcams, video-conferencing equipment and software or other wired or wireless technologies or other means of communication to supplement face to face contact.

The child(ren) may have _____ telephone _____ e-mail _____ other electronic communication in the form of _____ with the other party: {Choose only **one**}
_____ Anytime
_____ Every day during the hours of _____ to _____
_____ On the following days_____
        during the hours of _____ to _____
_____ Other: _____

6. **Costs of Electronic Communication** shall be addressed as follows:
_____
_____
_____

**XII. CHILD CARE** {Choose only **one**}

1. _____ Each party may select appropriate child care providers
2. _____ All child care providers must be agreed upon by the parties.
3. _____ Each party must offer the other party the opportunity to care for the child(ren)
                              before using a child care provider for any period
   exceeding _____ hours.
4. _____ Other _____.

**XIII. CHANGES TO OR MODIFICATIONS OF THE PARENTING PLAN**

Temporary changes may be made informally without a written document. When the parties do not agree, this Parenting Plan remains in effect until further order of the court.

Any substantial changes to the Parenting Plan must be sought through the filing of a supplemental petition for modification.

## XIV.    RELOCATION

Any relocation of the child(ren) is subject to and must be sought in compliance with Section 61.13001, Florida Statutes.

## XV. DISPUTES OR CONFLICT RESOLUTION

The parties shall attempt to cooperatively resolve any disputes which may arise over the terms of the Parenting Plan. The parties may wish to use mediation or other dispute resolution methods and assistance, such as Parenting Coordinators and Parenting Counselors, before filing a court action.

## XVI.    OTHER PROVISIONS

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

**SIGNATURES OF PARTIES**

**I certify that I have been open and honest in entering into this Parenting Plan. I am satisfied with this plan and intend to be bound by it.**

Dated: _____          _____
                                                                Signature of Mother

                                                                Printed Name: _____
                                                                Address: _____
                                                                City, State, Zip: _____
                                                                Telephone Number: _____
                                                                Fax Number: _____
                                                                Designated E-mail Address(es):_____

                                                                _____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

                                                                _____
                                                                NOTARY PUBLIC or DEPUTY CLERK

                                                                _____
                                                                *[Print, type, or stamp commissioned name of notary or deputy clerk.]*

_____    Personally known
_____    Produced identification
_____    Type of identification produced _____

**I certify that I have been open and honest in entering into this Parenting Plan. I am satisfied with this plan and intend to be bound by it.**

Dated: _____          _____
                                        Signature of Father

                                        Printed Name: _____
                                        Address: _____
                                        City, State, Zip: _____
                                        Telephone Number: _____
                                        Fax Number: _____
                                        Designated E-mail Address(es):_____
                                        _____


STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.


                                        _____
                                        NOTARY PUBLIC or DEPUTY CLERK


                                        _____
                                        *[Print, type, or stamp commissioned name of notary or deputy clerk.]*

_____ Personally known
_____ Produced identification
_____ Type of identification produced _____


**I certify that I have been open and honest in entering into this Parenting Plan.  I am satisfied with this plan and intend to be bound by it.**


Florida Supreme Court Approved Family Law Form 12.995(c), Relocation/Long Distance Parenting Plan (03/15)

Dated: _____ 

_____
Signature of Other Person

Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Fax Number: _____
Designated E-mail Address(es):_____
_____

STATE OF FLORIDA
COUNTY OF _____

Sworn to or affirmed and signed before me on _____ by_____.

_____
NOTARY PUBLIC or DEPUTY CLERK

_____
*[Print, type, or stamp commissioned name of notary or deputy clerk.]*

_____   Personally known
_____   Produced identification
_____   Type of identification produced _____

**IF A NONLAWYER HELPED YOU FILL OUT THIS FORM, HE/SHE MUST FILL IN THE BLANKS BELOW:** [fill in **all** blanks] This form was prepared for the: *{choose only one}* (    ) Mother (    ) Father (    ) Other Person. This form was completed with the assistance of:
 *{name of individual}* _____,
*{name of business}*_____,
*{address}* _____,
*{city}* _____, *{state}* _____,*{zip code}*_____,*{telephone number}* _____.